ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant. | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1441 AND 1446**<br><br>**(Federal Question Jurisdiction)**<br><br>Judge Dale A. Kimball<br>DECK TYPE: Civil<br>DATE STAMP: 02/06/2004 @ 14:49:53<br>CASE NUMBER: 2:04CV00139 DAK |

Defendant Novell submits this Notice of Removal of this action to the United States District Court for the District of Utah, Central Division, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this removal, Novell states the following:

1. On January 20, 2004, an action was commenced in the Third Judicial District Court, in and for Salt Lake County, State of Utah, entitled *The SCO Group, Inc. v. Novell, Inc.*, Civil Case No. 040900936. A true and correct copy of the Summons, Complaint, and all other

process, pleadings, and orders served upon Novell are attached hereto as Exhibit A as provided in 28 U.S.C. § 1446(a).

2. On January 20, 2004, The SCO Group, Inc. ("SCO") served Novell with a copy of the Summons and Complaint. Aside from the material in Exhibit A, Novell is not aware of any other process, pleadings or orders served upon Novell in this action.

3. Novell files this Notice of Removal within one year of the date the action was originally filed and within thirty days of receipt of the Complaint by Novell. Removal is accordingly timely.

4. Promptly after filing this Notice of Removal, Novell shall give written notice of the removal to SCO by and through its designated counsel, and to the Clerk of the Third Judicial District Court in and for Salt Lake County, State of Utah as provided in 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Plaintiff and to Clerk of Court of Removal of Civil Action to Federal Court (without exhibits) is attached hereto as Exhibit B.

## JURISDICTION

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (federal question) in that SCO's cause of action arises under the federal Copyright Act, 17 U.S.C. § 101 *et. seq.*

## FEDERAL QUESTION JURISDICTION

6. A district court has original jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331.

7. A case arises under federal law if it requires interpretation of the Copyright Act. *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964) ("an action 'arises under' the

Copyright Act . . . if the complaint . . . assert a claim requiring construction of the Act."); *Gerig v. Krause Publ'n., Inc.*, 58 F. Supp. 2d 1261, 1267, 1267 n.5 (D. Kan. 1999) (stating that the Tenth Circuit has adopted this test).

8. In its Complaint, SCO sets forth a cause of action for slander of title based upon its alleged ownership of certain copyrights by transfer from Novell. SCO alleges that it has become the sole and exclusive owner of certain copyrights by virtue of the Asset Purchase Agreement and Amendment No. 2 thereto. (Ex. A, Compl. ¶ 17.)

9. SCO further alleges that Novell has made false claims of ownership of the UNIX and UnixWare copyrights. (Ex. A, Compl. ¶ 24.)

10. One of the elements of a slander of title claim under Utah law is that "the [allegedly slanderous] statement was false." *First Security Bank of Utah v. Banberry Crossing*, 780 P.2d 1253, 1256-57 (Utah 1989). SCO has alleged that Novell's statements asserting ownership of the UNIX and UnixWare copyrights are false.

11. Accordingly, SCO's cause of action for slander of title requires that it prove Novell's statements asserting ownership of the UNIX and UnixWare copyrights are false; that is, that SCO owns the UNIX and UnixWare copyrights.

12. According to SCO's Complaint, Novell's statements asserting ownership of the UNIX and UnixWare copyrights are false because the Asset Purchase Agreement and Amendment No. 2 constitute a transfer of copyright ownership to SCO.

13. The Copyright Act exclusively governs all transfers of copyright and states that "[a] transfer of copyright ownership . . . is not valid unless an instrument of conveyance or a note or memorandum of the transfer, is in writing . . . ." 17 U.S.C. § 204(a).

3

14. Therefore, SCO will need to establish that the Asset Purchase Agreement and/or Amendment No. 2 constitutes an "instrument of conveyance" or "note or memorandum of [ ] transfer" under the Copyright Act sufficient to transfer copyright ownership to SCO. 17 U.S.C. § 204(a).

15. The Asset Purchase Agreement and/or Amendment No. 2 does not constitute a "instrument of conveyance" or "note or memorandum of [ ] transfer" under the Copyright Act sufficient to transfer copyright ownership. 17 U.S.C. § 204(a).

16. The question of whether a purported copyright assignment constitutes an "instrument of conveyance" or "note or memorandum of [ ] transfer" under the Copyright Act requires interpretation of the Copyright Act and is sufficient to render this action within the original jurisdiction of the federal courts. *Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46-47 (2d Cir. 2002).

17. Therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

## VENUE

18. Removal to the United States District Court for the District of Utah, Central Division, is proper because the Complaint was filed in Salt Lake County, Utah. 28 U.S.C. § 1441(a).

WHEREFORE, Defendant Novell gives notice that the above-described action pending against it in the Third Judicial District Court, in and for Salt Lake County, State of Utah, is removed to this Court.

DATED: February 6, 2004.

ANDERSON & KARRENBERG

_____
Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
**Attorneys for Defendant Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of February, 2004, I caused to be mailed a true and correct copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1441 AND 1446**, via first class U.S. mail, postage prepaid, to the following:

> Brent O. Hatch
> Mark R. Clements
> HATCH JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

> Kevin P. McBride
> 1299 Ocean Avenue, Suite 900
> Santa Monica, California 90401

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

*/s/ Amber M. Snedden*

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.