Brent O. Hatch (5715)
Mark R. Clements (7172)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (pro hac vice)
Mark J. Heise (pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Attorneys for Plaintiff The SCO Group, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> NOVELL, INC., a Delaware corporation, <br><br> Defendant. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND** <br><br> Civil No.: 2:04CV00139 <br><br> Judge Dale A. Kimball <br> Magistrate Judge Brooke C. Wells |

Plaintiff The SCO Group ("SCO") respectfully submits this Memorandum in Support of Motion to Remand.[1]

---

[1] Novell has filed a Motion to Dismiss SCO's Compliant. This Court should not address Novell's Motion until it has addressed and ruled on SCO's Motion to Remand. *See In re Bear River Drainage District,* 267 F.2d 849 (10th Cir. 1959) (when a district court is faced with a motion to remand and a motion to dismiss, the court should "rule first on the motion to remand" and if granted send "the motion to dismiss back to state court").

## INTRODUCTION

While SCO may prefer to have its claim heard in federal court, it is obligated to raise the following legal issues which SCO believes preclude this Court from exercising subject matter jurisdiction over this case. Novell has improperly removed this case, claiming that SCO's claim arises under the Copyright Act. As explained below, this is a Utah common law tort action for slander of title. It involves the interpretation of a contract. The well-established rule is that such cases, even where the transfer of copyrights is a subject of the contract, present state law issues which should be determined in state court absent jurisdiction based on diversity grounds. Because both parties are Delaware corporations, there is no basis for diversity jurisdiction in this case. Novell has failed to meet its burden of establishing federal jurisdiction on federal question grounds under 28 U.S.C. § 1331, and this case should be remanded.

## BACKGROUND

Through an Asset Purchase Agreement dated September 19, 1995, as amended, SCO, through its predecessor in interest, paid Novell 6.1 million shares of SCO common stock, valued at the time at over $100 million, to acquire from Novell all right, title and interest in and to the UNIX and Unixware business, operating system, source code, and all copyrights related thereto, as well as all claims arising after the closing date against any parties relating to any right, property, or asset included in the business. Although several years have past since this transaction, in a recent and bad faith effort to interfere with SCO's exercise of its rights, and in concert with IBM who is in litigation with SCO in this Court, Novell has publicly and falsely represented that it owns the UNIX and Unixware copyrights. Novell has made its false representations with the specific intent to cause customers and potential customers of SCO to not do business with SCO and to slander and impugn the ownership rights of SCO in UNIX and Unixware and to attempt to hinder SCO's

2

ability to protect the valuable copyrights it paid Novell so much to obtain. SCO has filed its claim for slander of title against Novell seeking, among other remedies, to prevent Novell from further representing in any forum that it has any ownership whatsoever in the UNIX and Unixware copyrights it sold to SCO in 1995.

## STANDARD OF REVIEW

The burden of establishing federal jurisdiction lies with the removing defendant, who must establish jurisdiction based on a preponderance of the evidence. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). "This Court must deny jurisdiction in all cases where jurisdiction does not affirmatively appear in the record and . . . any ambiguities or doubts are to be resolved against removal." *Harris v. Nationwide Ins. Co.*, 78 F.Supp.2d 1215, 1217 (D. Utah 1999).

## ARGUMENT

In its removal papers, Novell claims that for the Court to determine the falsity of Novell's claims of purported ownership of the UNIX and Unixware copyrights, the Court must consider the parties' 1995 Asset Purchase Agreement. Novell claims that because Section 204(a) of the Copyright Act provides that copyrights may only be transferred by a written instrument, note or memorandum, SCO's claim arises under the Copyright Act because the Court must determine whether the 1995 Asset Purchase Agreement is a written instrument, note or memorandum. Numerous courts have considered and rejected the precise argument Novell makes in this case.

It is well-settled that "an action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the [Copyright] Act, e.g. a suit for infringement or for the statutory royalties for record reproduction . . ." *T.B. Harms Co. v. Eliscu*, 339 F.2d. 823, 828 (2d Cir. 1964) (affirming dismissal of copyright contract dispute for lack of federal question

3

jurisdiction) (citations omitted). "[I]f the case concerns a dispute as to ownership of a copyright, and the issue of ownership turns on the interpretation of a contract, the case presents only a state law issue, and unless the complaint asserts a remedy expressly granted by the Copyright Act, federal jurisdiction is lacking." *Jasper v. Bovina Music, Inc.* 314 F.3d 42, 46 (2d Cir. 2002). *See also Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 835 (9th Cir. 1996) ("We have indicated that state law determines the rights and obligations arising under a publishing contract that assigns a copyright."); *Dolch v. United California Bank*, 702 F.2d 178, 180 (9th Cir. 1983) (affirming dismissal of a contract claim for lack of federal question jurisdiction even though it involved copyrights, as "federal courts have consistently dismissed complaints in copyright cases that present only questions of contract law"); *Noble v. Great Brands of Europe*, 949 F. Supp. 183, 185 (S.D.N.Y. 1999) (finding "federal jurisdiction does not attach to a claim involving only ... ownership of a copyright, because such a claim does not 'arise under' the Copyright Act.").

In an attempt to avoid the clear application of the general rule, Novell cites the Second Circuit's opinion in *Jasper* where the court determined that federal subject matter jurisdiction was appropriate. As the Second Circuit went out of its way to make clear, *Jasper* "is the *rare* contract interpretation case that does present a substantial issue" under the Copyright Act. *Id.* at 47. "In most cases, there will be no doubt that the contract is a Section 204(a) writing, and the only substantial issue will be contract interpretation." *Id.* As set forth below, *Jasper* is clearly distinguishable from this case.[2]

---

[2] As an initial matter, it should be noted that the issue of federal court jurisdiction in *Jasper* was first raised by plaintiff on appeal following a full bench trial on the merits of the case. Certainly, the procedural posture of the case weighed heavily on the Second Circuit's determination that *Jasper* was the "rare" exception to the well-established rule against federal court jurisdiction over claims involving contract interpretation.

4

First, the ***plaintiff*** in *Jasper* alleged its claim under the Copyright Act and sought remedies under federal law. *Id.* at 46-47 (outlining the issues creating federal jurisdiction "as [plaintiffs] see the case"). As the Tenth Circuit has held in determining questions of subject matter jurisdiction

> It is for the plaintiffs to design their case as one arising under federal law or not, and it is not within the power of the defendants to change the character of plaintiffs' case by inserting allegations in the petition for removal. It is fundamental that the action is not one arising under federal law where the federal question is supplied by way of defense.

*Warner Bros. Records, Inc. v. R.A. Ridges Dist. Co., Inc.*, 475 F.2d 262, 264 (1973); *see also Cardtoons, L.C. v. Major League Baseball Players* Ass'n, 95 F.3d 959, 964 (10th Cir. 1996) (holding that it is the character of the complaint and not the defenses that "determines whether there is federal question jurisdiction"). Unlike the plaintiff in *Jasper*, SCO has specifically alleged its slander of title claim under state law and is not seeking a remedy under federal law. Novell's attempt to recharacterize SCO's common law claim as a claim raising substantial issues under the Copyright Act should be rejected. *See Jasper*, 314 F.3d at 47 (stating that "[t]he difficulty is that almost every case involving contract interpretation . . . could be recharacterized as a case appropriate for a federal court simply by framing the issue to be whether the disputed contract qualified as a writing . . . However, the line drawn in *T.B. Harms* cannot be obliterated by such gymnastics.").

Second, the "rare" issue in *Jasper* was whether an assignment of copyrights made separately from the contract by defendants to a third party and signed only after the fact by the copyright owner, was a "writing" under the Copyright Act. 314 F.3d at 46-47. The plaintiff in *Jasper* raised questions involving the Copyright Act beyond merely asserting title to a copyright. Here, there is only the language of the 1995 Asset Purchase Agreement as amended. There are only two parties in interest, and no third parties or assignees to complicate the matter. SCO's

slander of title claim presents a simple contract question regarding whether Novell's claim of ownership of the UNIX and Unixware copyrights is contrary to the 1995 Asset Purchase Agreement as amended. Contrary to Novell's assertion, *Jasper* does not support removal in this case.

## CONCLUSION

While SCO believes this Court can fully and properly address the issues raised in SCO's Complaint, this Court lacks subject matter jurisdiction to do so. This is a Utah common law tort action for slander of title and involves the interpretation of a contract. Novell has failed to meet its burden of establishing jurisdiction on federal question grounds under 28 U.S.C. § 1331, and this case should be remanded to the Third Judicial District Court for the State of Utah where it may proceed forward on the merits.

DATED this 5th day of March, 2004.

By: _____
HATCH JAMES & DODGE
Brent O. Hatch
Mark R. Clements

BOIES, SCHILLER & FLEXNER LLP
Stephen N. Zack
Mark J. Heise

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of March 2004, I caused to be mailed a true and correct copy of the foregoing to the following by the method described below:

*By Hand Delivery:*

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

*BY U.S. Mail, postage prepaid:*

Paul Goldstein
559 Nathan Abbot Way
Stanford, CA 94305

Michael A. Jacobs
Matthew I. Kreeger
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482