Brent O. Hatch (5715)
Mark R. Clements (7172)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (pro hac vice)
Mark J. Heise (pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Attorneys for Plaintiff The SCO Group, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant. | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND**<br><br><br>Civil No.: 2:04CV00139<br>Judge Dale A. Kimball |

Plaintiff The SCO Group ("SCO") respectfully submits this Reply Memorandum in Support of Motion to Remand.

### INTRODUCTION

As set forth in SCO's Opening Memorandum, SCO is not opposed to having its claim heard in federal court. SCO filed its Motion to Remand because Defendant Novell, Inc.

("Novell") has improperly removed this case, claiming that SCO's slander of title claim raises a "substantial issue of interpretation of the Copyright Act because the Court will be required to consider the parties' Asset Purchase Agreement as amended to determine the extent of the copyrights transferred from Novell to SCO. Contrary to Novell's claim, however, no such "substantial issue" is presented here. Instead, it is well-established that cases involving the interpretation of contracts that transfer copyrights present state law issues to be determined in state court. Novell has failed to meet its burden of establishing federal jurisdiction on federal question grounds under 28 U.S.C. § 1331. This case should be remanded.

## ARGUMENT

In its Opposition Memorandum, Novell claims this case "arises under" the Copyright Act because Section 204(a) of the Copyright Act provides that copyrights may only be transferred by a written instrument, note or memorandum signed by both parties, and this Court must therefore consider the Copyright Act in determining whether the parties' Asset Purchase Agreement as amended is a written instrument, note or memorandum signed by both parties. Novell's position on removal is contrary to well-established law and the facts of this case.

SCO has asserted a state law slander of title claim against Novell. SCO alleges in its Complaint that it is the sole owner of copyrights to UNIX System V source code and related materials and that Novell, contrary to its prior public statements, has engaged in a slanderous campaign to damage SCO's title to its copyrights by claiming that it and not SCO owns the UNIX copyrights. The fact that Novell now claims in defense that the Asset Purchase Agreement as amended is somehow unclear does not make this a copyright case and does not change the fact that SCO owns the UNIX copyrights.

I.  **NOVELL'S PURPORTED BASIS FOR REMOVAL CONTRADICTS WELL-ESTABLISHED LAW.**

As set forth in SCO's Opening Memorandum, courts have repeatedly rejected the very same claim for removal Novell makes in this case. *See, e.g., Dolch v. United California Bank*, 702 F.2d 178, 180 (9th Cir. 1983) (affirming dismissal of a contract claim for lack of federal question jurisdiction even though it involved copyrights, as "federal courts have ***consistently dismissed*** complaints in copyright cases that present only questions of contract law") (emphasis added).[1] In *Jasper v. Bovina Music, Inc.* 314 F.3d 42, 46 (2d Cir. 2002), the principal case upon which Novell relies to support removal under section 204(a) of the Copyright Act, the Second Circuit made clear that where a "case concerns a dispute as to ownership of a copyright, and the issue of ownership turns on the interpretation of a contract, the case presents only a state law issue, and unless the complaint asserts a remedy expressly granted by the Copyright Act, federal jurisdiction is lacking."

SCO's Complaint alleges a state law claim for slander of title and seeks a remedy under state law. Although Novell's purported defense requests that the Court consider the Asset Purchase Agreement as amended, SCO does not seek a remedy expressly granted by the Copyright Act. The Asset Purchase Agreement as amended clearly transferred the copyrights at issue to SCO, as Novell has previously and repeatedly admitted. This case requires a court to determine whether Novell has slandered SCO's ownership of its intellectual property under state law. The case should be remanded to state court.

---

[1] In its Opposition Memorandum, Novell quickly brushes off the numerous cases SCO cites in its Opening Memorandum that follow the general rule on jurisdiction, declaring that the cases did not raise a "substantial" enough question under section 204(a) to justify federal court jurisdiction. [*See* Def.'s Opp. Mem. at 8.] To the contrary, the cases SCO cites directly address and dismiss the same basis for removal Novell asserts in this case.

3

## II.   NOVELL'S RELIANCE ON THE HOLDING IN *JASPER* IS MISPLACED.

As stated, Novell, in its attempt to ignore well-established law and draw the Court into an analysis of the Asset Purchase Agreement as opposed to SCO's allegations of Novell's slanderous conduct, relies extensively on the holding in *Jasper* to support its claim for removal.[2] But as the Second Circuit specifically held, *Jasper* "is the ***rare*** contract interpretation case that does present a substantial issue" under the Copyright Act. *Id.* at 47. The substantial issue in *Jasper* was whether an agreement among two parties assigning copyrights from one to the other was valid where a ***third party*** owned some of the previously assigned copyrights and only agreed to the assignment by an addendum executed after the fact. *Id.*[3] In holding that the after the fact addendum complied with section 204(a), the court noted that the third party had signed the agreement and "there is no risk whatever that an unsuspecting copyright owner has been induced to sign a document that does not clearly indicate an assignment of copyright interests." *Id. See also Imperial Residential Design, Inc. v. The Palms Development Group, Inc.*, 70 F.3d 96, 99 (11th Cir. 1995) (holding that "the chief purpose" of section 204(a) is to "resolve disputes between copyright holders and transferees and protect copyright holders from persons mistakenly or fraudulently claiming oral licenses or copyright ownership").

---

[2] Novell claims in its Opposition Memorandum that *Jasper* is the "***leading case*** on federal jurisdiction in copyright ownership disputes." [Def.'s Opp. Mem. at 1 (emphasis added).] Novell, however, fails to cite a single case following the holding in *Jasper*. The fact is, there are none. For the reasons set forth in SCO's Opening Memorandum and the additional reasons set forth below, the "rare" holding in *Jasper* does not apply in this case to defeat the well-accepted rule that disputes involving a contract for the transfer of copyrights involve state law issues to be litigated in state court absent a separate basis for federal jurisdiction.

[3] Novell, consistent with its overall briefing style, simply declares in its Opposition Memorandum that "the existence of the third party, however, played no part in the court's analysis." [Def.'s Opp. Mem. at 6.] That is simply untrue. The existence of the third party was the entire basis of the court's analysis and the only significant factor the court addressed in its opinion.

4

In this case there are only two parties to the agreement and it is undisputed that both parties negotiated and signed the Asset Purchase Agreement and the addendum thereto. Novell does not and cannot in good faith claim that the Asset Purchase Agreement as amended was the product of fraud. It does not raise a "rare" or even significant issue under section 204(a). The fact that Novell now claims (for the first time after nearly eight years) that the Asset Purchase Agreement as amended is somehow unclear as to exactly which copyrights were transferred to SCO clearly does not raise a question as to whether the transfer was fraudulent.

In its Opposition Memorandum, Novell distorts section 204(a)'s writing requirement in an attempt to create a "federal law question" in this case. But as the Ninth Circuit has held in a leading case on the subject, "[t]he [§204(a)] rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do." *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (1990). "No magic words must be included in a document to satisfy § 204(a)." *Radio Television Espanola S.A. v. New World Entertainment, LTD.*, 183 F.3d 922, 927 (9th Cir. 1999). Courts have held that the document need not even include the word "copyright" to constitute a valid transfer. *See, e.g., Schiller & Schmidt v. Nordisco Corporation*, 969 F.2d 410, 413 (7th Cir. 1992). "When reviewing the transfer of copyright ownership, courts interpret instruments of conveyance liberally, especially when no innocent third parties will be harmed." *The Philadelphia Eagles Football Club, Inc. v. City of Philadelphia*, 823 A.2d 108, 125 n. 25 (Pa. 2003), citing Paul Goldstein, *Copyright* § 4.5.1 (2d ed. 2000 & 2002 Supp.). For this reason, the Second Circuit stated in *Jasper* that "[i]n most cases,

there will be ***no doubt*** that the contract is a section 204(a) writing, and the only substantial issue will be contract interpretation." 314 F.3d at 47 (emphasis added).[4]

Not only is there "no doubt" that the Asset Purchase Agreement as amended is a "writing," but before this litigation was commenced, Novell acknowledged to the world that SCO owns the UNIX copyrights. On June 6, 2003, Novell issued a press release officially acknowledging that Amendment 2 to the Asset Purchase Agreement transferred UNIX copyrights to SCO in 1996:

> In a May 28th letter to SCO, Novell challenged SCO's claims to UNIX patent and copyright ownership.... Amendment #2 was sent to Novell last night by SCO. To Novell's knowledge, this amendment is not present in Novell's files. The amendment appears to ***support SCO's claim that ownership of certain copyrights for UNIX did transfer to SCO in 1996.***

[Exhibit 1, Novell Press Release dated June 6, 2003 (emphasis added).][5] Subsequently for purpose of this litigation, Novell has completely changed position and made its new lawyer generated claim in an attempt to change the focus of the lawsuit and seek federal court jurisdiction. Contrary to what Novell now claims before this court, its June 6th press release confirms that Amendment 2, in fact, transferred copyrights to SCO. Nothing further needed to be done. Amendment 2 was not a mere agreement to transfer the copyrights in the future upon some unstated and unknown requirement for SCO to prove that it needed the copyrights. Novell's change of position in its court papers and more recent misrepresentations to the public that the Asset Purchase Agreement as amended did not transfer copyrights to SCO is wrong as a matter of law and fact. A change in

---

[4] As the holding in *Jasper* makes clear, the fact that a contract involves the transfer of copyrights and thus may touch on section 204(a) of the Copyright Act does not raise a substantial copyright issue and does not lead to federal question jurisdiction. Indeed, state court's routinely consider section 204(a) of the Copyright Act in addressing contracts transferring copyrights. *See, e.g., Bernstein v. Glavin*, 725 N.E.2d 455 (Ind. Ct. App. 2000) (addressing section 204(a) of the Copyright Act); *Krapp v. McCarthy*, 698 N.E.2d 1049 (Ohio Ct. App. 1997) (same); *The Philadelphia Eagles Football Club, Inc. v. City of Philadelphia*, 823 A.2d 108, 125 n. 25 (Pa. 2003) (same).

[5] Novell has not withdrawn this press release or publicly stated that the release is incorrect.

position and strategy during litigation cannot be the basis for creating "a substantial issue" under section 204(a) of the Copyright Act.

Finally, as set forth in SCO's Opening Memorandum, *Jasper* is further distinguishable from this case because the ***plaintiff*** in *Jasper* brought its claim under the Copyright Act. *Id.* at 46-47. As the Tenth Circuit has held "[i]t is for the plaintiffs to design their case as one arising under federal law or not, and it is not within the power of the defendants to change the character of plaintiffs' case." *Warner Bros. Records, Inc. v. R.A. Ridges Dist. Co., Inc.*, 475 F.2d 262, 264 (1973). The Second Circuit in *Jasper* emphasized this point with respect to section 204(a) of the Copyright Act, stating that while "almost every case involving contract interpretation . . . could be recharacterized as a case appropriate for a federal court simply by framing the issue to be whether the disputed contract qualified as a writing" as Novell has attempted to do here, the general rule that such cases belong in state court "cannot be obliterated by such gymnastics." 314 F.3d at 47. SCO alleges its slander of title claim under state law and seeks state law remedies. This case is nothing like the "rare" holding in *Jasper* and should be remanded to state court consistent with well-established law.

## CONCLUSION

While SCO believes this Court can fully and properly address the issues raised in SCO's Complaint, this Court lacks subject matter jurisdiction to do so. Novell has failed to meet its burden of establishing jurisdiction on federal question grounds under 28 U.S.C. § 1331, and this case should be remanded to the Third Judicial District Court for the State of Utah where it may proceed forward on the merits.

DATED this 7th day of April, 2004.

By: _____
HATCH JAMES & DODGE
Brent O. Hatch
Mark R. Clements

BOIES, SCHILLER & FLEXNER LLP
Stephen N. Zack
Mark J. Heise

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of April 2004, I caused to be mailed a true and correct copy of the foregoing via first class U.S. Mail, postage prepaid, to the following:

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

Paul Goldstein
559 Nathan Abbot Way
Stanford, CA 94305

Michael A. Jacobs
Matthew I. Kreeger
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482

_____