Brent O. Hatch (5715)
Mark R. Clements (7172)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver, Esq. (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Attorneys for Plaintiff The SCO Group, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> NOVELL, INC., a Delaware corporation, <br><br> Defendant. | **AMENDED COMPLAINT** <br><br> **(Jury Trial Demanded)** <br><br><br> Civil No.: 2:04CV00139 <br><br> Judge: Dale A. Kimball |

Plaintiff, The SCO Group, Inc. ("SCO") sues Defendant Novell, Inc. ("Novell") and alleges as follows:

## I. NATURE OF THIS ACTION

1. Through an Asset Purchase Agreement dated September 19, 1995, as amended, wherein Novell received 6.1 million shares of SCO common stock, valued at the time at over $100 million in consideration, SCO, through its predecessor in interest, acquired from Novell all right, title, and interest in and to the UNIX and UnixWare business, operating system, source code, and all copyrights related thereto, as well as all claims arising after the closing date against any parties relating to any right, property, or asset included in the business.

2. In Attachment E of Novell's Disclosure Schedule to the Asset Purchase Agreement, Novell provided a list of approximately 106 copyright registrations (encompassing 8 pages) covering products relating to the business transferred to SCO.

3. In the course of exercising its rights with respect to UNIX and UnixWare, SCO has filed for copyright protection with the United States Copyright Office.

4. In an effort to interfere with SCO's exercise of its rights with respect to the UNIX and UnixWare technologies, Novell has, in disregard of its obligations under the Asset Purchase Agreement, and subsequent to the Asset Purchase Agreement, filed for copyright protection in the same UNIX technology covered by SCO's copyrights.

5. Recently, Novell has repeatedly claimed publicly in press releases and otherwise that it, and not SCO, owns the UNIX and UnixWare copyrights.

6. Novell has made such statements with the intent to cause customers and potential customers of SCO to not do business with SCO and to slander and impugn the ownership

rights of SCO in UNIX and UnixWare, and to attempt, in bad faith, to block SCO's ability to enforce its copyrights therein.

7. Novell's false and misleading representations that it owns the UNIX and UnixWare copyrights has directly caused and is continuing to cause SCO to incur significant irreparable harm to its valuable UNIX and UnixWare copyrights, its business, and its reputation and has caused several third parties to refuse to enter into license agreements with SCO relating to SCO's UNIX and UnixWare business.

8. Through this action against Novell, SCO seeks the following:

   a) a preliminary and permanent injunction: (i) requiring Novell to assign to SCO all copyrights Novell has improperly registered in UNIX and UnixWare following Novell's transfer of all right, title, and interest in and to the UNIX and UnixWare business, operating system, source code, and all copyrights related thereto to SCO pursuant to the Asset Purchase Agreement; (ii) preventing Novell from representing in any forum that it has any ownership interest whatsoever in the UNIX and UnixWare copyrights; and (iii) requiring Novell to retract or withdraw all representations it has made regarding its purported ownership of the UNIX and UnixWare copyrights; and

   b) actual, special, and punitive damages in an amount to be proven at trial based on Novell's slander of SCO's title and interest in the UNIX and UnixWare copyrights.

## II. PARTIES, JURISDICTION AND VENUE

9. Plaintiff SCO is a Delaware corporation with its principal place of business in Utah County, State of Utah.

10. Defendant Novell is a Delaware corporation with its executive offices and headquarters in Waltham, Massachusetts that does business in the State of Utah.

11. This Court has found that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1338(a).

12. This Court has personal jurisdiction over Novell because Novell transacts substantial business in the State of Utah.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.   FACTUAL BACKGROUND

14. Schedule 1.1(a) to the Asset Purchase Agreement provides that SCO, through its predecessor in interest, acquired from Novell:

> I. All rights and ownership of UNIX and UnixWare, including but not limited to all versions of UNIX and UnixWare and copies of UNIX and UnixWare (including revisions and updates in process), and all technical, design, development, installation, operation and maintenance information concerning UNIX and UnixWare, including source code, source documentation, source listings and annotations, appropriate engineering notebooks, test data and test results, as well as all reference manuals and support materials normally distributed by [Novell] to end-users and potential end-users in connection with the distribution of UNIX and UnixWare…
>
> II. All of [Novell's] claims arising after the Closing Date against any parties relating to any right, property or asset included in the Business.

15. In Amendment No. 2 to the Asset Purchase Agreement, Novell and SCO made clear that SCO owned all "copyrights and trademarks owned by Novell as of the date of the [Asset Purchase Agreement] required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies," and that Novell would no longer be liable should any third party bring a claim against SCO "pertaining to said copyrights and trademarks."

16. Software technology is valuable only insofar as the intellectual property contained therein is protected from unlawful misappropriation. Copyrights provide critical protection against misappropriation as established by the United States Congress under the Copyright Act. SCO requires the full copyright protection it purchased from Novell to enforce its rights in its proprietary UNIX and UnixWare source code and related technology against infringing third parties.

17. Based on the clear and unambiguous terms of the Asset Purchase Agreement and Amendment No. 2 thereto, SCO is the sole and exclusive owner of all copyrights related to the UNIX and UnixWare source code and all documentation and peripheral code and systems related thereto.

18. Novell, with full knowledge of SCO's exclusive ownership of the copyrights related to UNIX and UnixWare, has embarked on a malicious campaign to damage SCO's ability to protect its valuable copyrights in UNIX and UnixWare. In particular, Novell has wrongfully asserted ownership over UNIX and UnixWare technologies by filing for copyright protection in its own name, and has made numerous false and misleading public representations disparaging SCO's ownership of the UNIX and UnixWare copyrights and claiming that it, and not SCO, owns the Unix and UnixWare copyrights.

19. Novell's false oaths and misleading public representations and wrongful assertions of ownership rights in UNIX and/or UnixWare include, but are not limited to, the following:

    a) Despite the clear language of the Asset Purchase Agreement and Amendment No. 2 thereto, on May 28, 2003, Novell's Chairman, President, and CEO Jack Messman ("Messman") based at Novell's headquarters in Waltham, Massachusetts, publicly claimed that Novell did not transfer the UNIX and UnixWare copyrights to SCO

        and that "SCO is not the owner of the UNIX copyrights." Messman's statement was published in several newspapers and other publications and was timed by Messman to be released on the eve of the release of SCO's quarterly statements.

b)   In a letter dated June 6, 2003, directed from SCO to Novell, SCO brought to Novell's attention Amendment 2 to the Asset Purchase Agreement which clearly evidences that the UNIX copyrights were in fact transferred from Novell to SCO.

c)   Following Novell's receipt of SCO's June 6, 2003, letter, Novell issued a press release dated that same date which recanted Messman's prior statement claiming Novell owned UNIX copyrights stating "[t]he amendment [to the Asset Purchase Agreement] appears to support SCO's claim that ownership of certain copyrights for UNIX did transfer to SCO in 1996."

d)   In a letter of the same day, June 6, 2003, directed to SCO, Joseph Lasala, Novell's General Counsel, continued to call SCO's claims of copyright ownership "absurd" and "unsubstantiated."

e)   In a letter to SCO on June 26, 2003, Joseph Lasala, Novell acknowledged that Amendment No. 2 "appears to support a claim" by SCO to "some copyrights", but at the same time, Novell called SCO's claims of ownership of UNIX and UnixWare "simply wrong" and declared "that we do not agree with SCO's public statements on this matter."

f)   In a letter from Joseph Lasala dated August 4, 2003, Novell responded to SCO's registration of UNIX System V copyrights with the United States Copyright Office, and explicitly "dispute[d] SCO's claim to ownership of the copyrights."

g) Despite Amendment 2 of the Asset Purchase Agreement that clearly established SCO's ownership of the copyrights, Novell continued with its unfounded and malicious campaign to slander SCO's ownership of the copyrights. In fact, Novell, again falsely asserted ownership of UNIX copyrights by submitting twelve certifications beginning on September 22, 2003 through October 14, 2003, to the United States Copyright Office. In these certifications, Novell publicly claimed to be the copyright owner of several versions of UNIX, including the following: (1) UNIX System V/386 Release 4 Version 3; (2) UNIX System V/386 Release 4 2; (3) UNIX System V/386 Release 4 Version 4; (4) UNIX System V/386 Release 3 2; (5) UNIX System V/386 Release 3 0; (6) UNIX System V/386 Release 4 0; (7) UNIX System V/386 Release 4 1ES; (8) UNIX System V Release 3 2/386; (9) UNIX System V Release 3/386; (10) UNIX System V Release 4 2MP; (11) UNIX System V Release 2; and (12) UNIX System V Release 4 1ES/386. Novell published its false certifications to the world by placing them online at Novell's website.

h) Also on October 10, 2003, Novell publicly filed under oath with the United States Copyright Office four different iterations of a "Declaration Regarding Ownership" of UNIX copyrights TXU-510-028, TXU-511-236, TXU-516-704, and TXU-516-705. In each of these sworn documents, Novell declared "that it retains all or substantially all of the ownership of the copyrights in UNIX, including the U.S. Copyright Registration referenced above."

i) In a press release dated December 22, 2003, Novell, despite its June 2003 statement that SCO owns the copyrights, stated that "it owns the copyrights in UNIX, and has

7

        applied for and received copyright registrations pertaining to UNIX consistent with that position."

j)     In a press release dated January 13, 2004, Novell again knowingly and wrongfully made the false claim that "it retained ownership of [UNIX] copyrights."

k)    At the March 2004 Open Source Business Conference in San Francisco, Novell's Vice Chairman Chris Stone proclaimed during his keynote address that Novell "still own[s] UNIX."

20.    Novell's false oaths and wrongful claims of copyrights and ownership in UNIX and UnixWare are made in bad faith and constitute a knowing and intentional disregard for the truth.

21.    Novell's wrongful claims of copyrights and ownership in UNIX and UnixWare have caused and continue to cause damage SCO in the following particulars:

a)    Customers and potential customers of SCO are unable to ascertain the truth of ownership in UNIX and UnixWare, and make decisions based thereon;

b)    Potential customers of have informed SCO that they will not enter into agreements to license SCO's UNIX technologies at this time because of the cloud surrounding SCO's ownership of UNIX created by Novell's false public representations that it and not SCO owns UNIX.

c)    SCO's efforts to protect its ownership of UNIX and UnixWare, and copyrights therein, are subject to a false cloud of ownership created by Novell. At the present time SCO is pursuing claims against third parties for infringement of SCO's intellectual property and contractual rights in UNIX. Defendants in those cases have relied on Novell's claims of ownership in UNIX as a defense to SCO's

claims, thereby hindering SCO's ability to protect its copyrights and causing SCO to incur significant additional attorneys' fees and costs litigating in other forums issues resulting from the cloud Novell has placed on SCO's title to UNIX and UnixWare.

### IV.   CLAIM FOR RELIEF
### (Slander of Title)

22. SCO realleges and incorporates all prior paragraphs by this reference as if fully set forth herein.

23. SCO is the sole and exclusive owner of all copyrights related to UNIX and UnixWare source code and all documentation and peripheral code and systems related thereto.

24. Novell has slandered SCO's title and rights to its UNIX and UnixWare copyrights and damaged SCO's business reputation and potential contractual relationships with potential customers by making false oaths of ownership to public officials, and by repeatedly representing both to the public in general and directly to several of SCO's customers and potential customers that Novell, and not SCO, owns UNIX and the UNIX and UnixWare copyrights.

25. Novell's representations regarding its purported ownership of UNIX and UnixWare are patently false, and Novell made such representations intentionally, maliciously, and with the utter disregard for the truthfulness thereof.

26. As a consequence of Novell's conduct as alleged herein, SCO has incurred actual and special damages in an amount to be proven at trial.

27. SCO has also incurred significant attorneys' fees and costs in its attempt to remove the cloud Novell has placed on SCO's title to UNIX and UnixWare, including but not limited

to attorneys' fees incurred in researching and reviewing Novell's improper copyright registrations, attempting to mitigate damages by correcting and responding to Novell's false representations made to third parties, and in prosecuting this and other actions to protect SCO's title to UNIX and UnixWare.

28. Novell's conduct as alleged herein was intentionally and maliciously designed to destroy SCO's valuable rights to the UNIX and UnixWare copyrights and further destroy SCO's business livelihood. As such, this Court should impose an award of punitive damages against Novell in an amount to be proven at trial.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff SCO prays this Court grant relief against Defendant Novell in favor of SCO as follows:

1. For actual and special damages in an amount to be proven at trial for Novell's slander of SCO's title to the UNIX and UnixWare copyrights;

2. For punitive damages in an amount to be proven at trial for Novell's malicious and willful conduct as alleged herein.

3. For a preliminary and permanent injunction (a) requiring Novell to assign to SCO any and all copyrights Novell improperly registered in UNIX and UnixWare following the Asset Purchase Agreement; (b) preventing Novell from representing in any forum that it has any ownership interest whatsoever in the UNIX and UnixWare copyrights; and (c) requiring Novell to retract or withdraw all representations it has made regarding its purported ownership of the UNIX and UnixWare copyrights.

4. For attorneys' fees, costs, pre- and post-judgment interest, and all other legal and equitable relief deemed just and proper by this Court.

## VI.  JURY TRIAL DEMAND

SCO demands trial by jury on all issues so triable.

DATED this 9TH day of July, 2004.

            By: _____
                  HATCH JAMES & DODGE
                  Brent O. Hatch
                  Mark R. Clements

                  BOIES, SCHILLER & FLEXNER LLP
                  Robert Silver
                  Stephen N. Zack
                  Mark J. Heise

                  *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9 day of July 2004, I caused to be mailed a true and correct copy of the foregoing via first class U.S. Mail, postage prepaid, to the following:

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

Paul Goldstein
559 Nathan Abbot Way
Stanford, CA 94305

Michael A. Jacobs
Matthew I. Kreeger
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482

*Nediha Hadahadumic*