MORRISON & FOERSTER, LLP
Michael A. Jacobs (pro hac vice)
Matthew I. Kreeger (pro hac vice)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant Novell, Inc.**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant. | **NOVELL INC.'S *EX PARTE* MOTION FOR LEAVE TO FILE AN OVERLENGTH MEMORANDUM**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Defendant Novell, Inc., by and through its attorneys of record, pursuant to DuCivR 7-1(e), hereby moves the Court for an order granting it leave to file a Memorandum in Support of its Motion to Dismiss that exceeds the page limitations of DuCivR 7-1(b)(3). Novell requests

**36**

Dockets.Justia.com

that it be allowed to file a memorandum that does not exceed fourteen pages, exclusive of face sheet, table of contents, statement of issues and facts, and summary of argument.

To support its slander of title action against Novell, SCO alleges in its Amended Complaint that Novell made at least ten "false oaths," "misleading public representations" and "wrongful assertions" concerning Novell's ownership of UNIX copyrights. (Amend. Compl. ¶ 19.) Tellingly, SCO quotes selectively and misleadingly from Novell's press releases and letters to drum up any basis for these specious allegations. For Novell to properly oppose these allegations and place the full record before the Court on its Motion to Dismiss, Novell must describe and explain the ten statements, the context in which they were made, and the public controversy surrounding the statements and the ownership of UNIX copyrights.

Further, the circumstances under which Novell made the ten statements form the backdrop for Novell's Motion to Dismiss; namely, that (1) Novell has a privilege to publicly assert a rival claim to the UNIX copyrights; (2) Novell has a privilege to publish its rival claim to parties with a common interest in the UNIX copyrights; and (3) SCO cannot allege malice sufficient to ground a claim for slander of title given the Court's June 9, 2004 Order. Novell has endeavored to be as concise as possible in drafting its arguments contained in the Memorandum in Support of its Motion to Dismiss, but to adequately apprise the Court of the appropriate pleading standards applicable to SCO, the relevant case law supporting Novell's arguments, and the impact of the Court's June 9 Order on the sufficiency of SCO's Amended Complaint, a memorandum consisting of approximately fourteen pages, exclusive of face sheet, table of contents, statement of issues and facts, and summary of argument, is necessary.

For the foregoing reasons, Novell respectfully requests that the Court enter the accompanying Order granting it leave to file an overlength Memorandum in Support of Motion to Dismiss.

DATED: August 6, 2004.

ANDERSON & KARRENBERG

*[signature]*

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
**Attorneys for Defendant Novell, Inc.**