FILED
CLERK, U.S. DISTRICT COURT
2004 NOV -8 P 4: 20
DISTRICT OF UTAH
BY:
DEPUTY CLERK

**MORRISON & FOERSTER, LLP**
Michael A. Jacobs (pro hac vice)
David E. Melaugh (pro hac vice)
Maame A.F. Ewusi-Mensah (pro hac vice)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

**ANDERSON & KARRENBERG**
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant Novell, Inc.**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant. | **NOVELL INC.'S *EX PARTE* MOTION FOR LEAVE TO FILE AN OVERLENGTH REPLY MEMORANDUM**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Defendant Novell, Inc., by and through its attorneys of record, pursuant to DuCivR 7-1(e), hereby moves the Court for an order granting it leave to file a Reply in Support of its Motion to Dismiss Amended Complaint that exceeds the page limitations of DuCivR 7-1(b)(3).

Novell requests that it be allowed to file a reply memorandum that does not exceed twenty-three pages, exclusive of face sheet, table of contents, statement of issues and summary of argument.

Novell requires an extension of the page limitations specified in DuCivR 7-1(b)(3) due to the length and breadth of the opposition memorandum filed by SCO in response to Novell's motion to dismiss. SCO's opposition memorandum is forty-one pages long, consisting of a five-page preliminary statement, approximately fifteen pages of background information (including legal authority), and twenty-one pages of argument. Further, SCO attached a significant amount of evidence outside of the pleadings as exhibits to its memorandum in an attempt to overcome the Court's earlier findings on the merits of Novell's ownership position. Under well-settled law, SCO has thereby invited the Court to convert Novell's motion to a motion for summary judgment.

Accordingly, for Novell to show that SCO has not identified any genuine issue of material fact as to whether Novell is protected by the rival claimant and common interest privileges, or whether Novell has acted with malice or excessively published its statements, Novell must address all of the evidentiary material outside of the pleadings that SCO has identified. Novell has endeavored to be as concise as possible in drafting its arguments contained in the Reply in Support of Novell's Motion to Dismiss Amended Complaint, but to adequately apprise the Court of the appropriate standard applicable to its motion, the relevant case law supporting Novell's arguments, and SCO's failure to show any triable issue of fact, a memorandum consisting of approximately twenty-three pages, exclusive of face sheet, table of contents, statement of issues and summary of argument, is necessary.

For the foregoing reasons, Novell respectfully requests that it be granted leave to file the overlength reply memorandum requested.

DATED:   November  8 , 2004.

                          ANDERSON & KARRENBERG

                          */s/ Heather M. Sneddon*
                          Thomas R. Karrenberg
                          John P. Mullen
                          Heather M. Sneddon
                          **Attorneys for Defendant Novell, Inc.**