FILED
CLERK, U.S. DISTRICT COURT
2004 NOV -8 P 4: 19
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

**MORRISON & FOERSTER LLP**
Michael A. Jacobs (pro hac vice)
David E. Melaugh (pro hac vice)
Maame A.F. Ewusi-Mensah (pro hac vice)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

**ANDERSON & KARRENBERG**
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant. | **DECLARATION OF KELLIE CARLTON IN SUPPORT OF NOVELL, INC.'S MOTION TO DISMISS**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |



Kellie Carlton, under penalty of perjury, declares the following:

1. I am responsible for maintaining the records of the meeting minutes of Novell's Board of Directors. I submit this declaration in support of Novell's Motion to Dismiss. The statements made herein are based on my personal knowledge and investigation.

2. Attached as Exhibit A is a true and correct copy of the September 18, 1995 Minutes of the Meeting of the Board of Directors of Novell, Inc. A blue box has been added on page 2 to identify the text referenced in Novell's motion papers.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 5 day of November, 2004 in Provo, Utah.

_____
Kellie Carlton

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2004, I caused a true and correct copy of the foregoing **DECLARATION OF KELLIE CARLTON IN SUPPORT OF NOVELL, INC.'S MOTION TO DISMISS** to be served via first class mail, postage prepaid, to the following:

>Brent O. Hatch
>Mark F. James
>Mark R. Clements
>HATCH JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101

>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

>Robert Silver
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, New York 10504

*[signature]*

# MINUTES OF THE MEETING
# OF THE BOARD OF DIRECTORS
# OF NOVELL, INC.
# MONDAY, SEPTEMBER 18, 1995

A meeting of the Novell, Inc. Board of Directors was held on Monday, September 18, 1995 commencing at noon Mountain Time. The meeting was held pursuant to a telephone conference call. Seven of the eight Directors were present for the meeting namely: Bob Frankenberg, Jack Messman, Elaine Bond, Larry Sonsini, Alan Ashton, Ian Wilson, and John Young. Also present by invitation were David Bradford, Ty Mattingly, and Jeff Turner of Novell.

Mr. Frankenberg chaired the meeting and David Bradford served as secretary for the meeting.

## PROPOSED SALE OF UNIXWARE BUSINESS
## AND EQUITY INVESTMENT IN SCO

Mr. Bradford and Mr. Frankenberg first confirmed that the Directors present on the call had received the materials regarding several proposed transactions.

Mr. Frankenberg then provided an overview of several business transactions the Company was negotiating with Santa Cruz Operation, Inc. (SCO) and Hewlett-Packard for the purpose of strengthening UNIX on the Intel Platform. He described one of the key steps in this process as the sale of a portion of Novell's UNIXWare business to SCO. He then described a proposed structure under which Hewlett-Packard would take a leadership position in the development of 64-bit UNIX technology and, under which, Hewlett-Packard would license Novell networking services as a core component of future 64-bit UNIX.

Mr. Frankenberg next described changes in the current competitive landscape which prompted these transactions. Ty Mattingly next outlined the financial impact of Novell's sale of its UNIXWare binary business to SCO. He discussed the impact on employees of Novell's Florham Park facility and the plans to transition a portion of this headcount to SCO and Hewlett-Packard. He then described the shares of SCO stock Novell would be getting in exchange for its UNIXWare business and the future royalty arrangements.

Various questions were then posed by the Directors concerning: possible analyst reactions; impact on employees; impact on Novell's relationship with Microsoft; the ongoing viability of SCO; the impact on Novell's operating expenses; service on the SCO Board; and due diligence that had been conducted to date. Mr. Frankenberg, Mr. Mattingly, and Mr. Bradford responded to the questions and a discussion ensued.

The Directors next discussed various competitive alternatives and concluded that the transaction as structured was justifiable both from a strategic perspective as well as from a financial one.

Mr. Bradford and Mr. Sonsini then reviewed the terms of the Asset Purchase Agreement between SCO and Novell. Both the financial terms of the transaction were reviewed as well as the non-financial terms including issues of Standstill, Registration rights, Board seats, Rights of First Refusal, employee severance, and what happens in the event of a change of control of either SCO or Novell. The Directors asked a variety of questions concerning the contract terms and suggestions were made to improve the terms of royalty collection from SCO.

Then, upon motion duly made, seconded, and unanimously carried, the following recitations, and resolutions were adopted:

**RESOLVED**: That the Board of Directors of this corporation (*Novell*) hereby determines that it is in the best interests of this corporation and its shareholders to enter into an Asset Purchase Agreement with The Santa Cruz Operation, Inc. (*SCO*).

Pursuant to the Asset Purchase Agreement, Novell will transfer to SCO its UNIX and UnixWare technology assets, a portion of the employee base in New Jersey (approximately 100 of 400 employees), equipment used in UnixWare business, and certain assumed liabilities thereto. Pursuant to the Asset Purchase Agreement, SCO will issue 6.1 million new shares of common stock to Novell. SCO will also collect and pass through to Novell 95% of the SVRX Royalties. Further, SCO will pay to Novell ongoing royalties associated with their future sale of the UNIXWARE technology as more fully set forth in the Asset Purchase Agreement.

Novell will retain all of its patents, copyrights and trademarks (except for the trademarks UNIX and UnixWare), a royalty-free, perpetual, worldwide license back to UNIX and UnixWare for internal use and resale in bundled products, Tuxedo and other miscellaneous, unrelated technology.

**RESOLVED FURTHER**: That the following additional terms will be part of the Asset Purchase Agreement between Novell and SCO. Novell will select an individual to be nominated for election to the Board of Directors of SCO. Novell will have the right to maintain its percentage ownership in SCO if SCO issues or sells new shares. Novell will also have a right of first refusal on the sale of SCO to any one of the following companies, or their affiliates, which are: Sun Microsystems; Microsoft, Hewlett-Packard; IBM; Digital; and Fujitsu. Novell will have demand registration rights on SCO shares purchased.

However, Novell will bear the costs of employee severance and will contribute 50% of direct Eiger development cost until such contribution reaches an aggregate of $2.5 million. SCO is committed to shipping the new *merged product* in 1997, and SCO will support Hewlett-Packard's *white box* version of UNIX.

**RESOLVED FURTHER**: That the terms and conditions of the Asset Purchase Agreement as set forth therein are hereby approved, subject to such changes and modifications of a non-material nature as the proper officers of Novell may consider appropriate or necessary.

**RESOLVED**: That the Board of Directors of this corporation (*Novell*) hereby determines that it is in the best interests of this corporation and its shareholders to enter into a Memorandum of Understanding (*MOU*) with Hewlett-Packard Company (*HP*). The purpose of the MOU is to set forth the current mutual intent of Novell and HP regarding the following: HP handling the development of the 64-bit UNIX and giving the source code to SCO in two years for a shrink-wrapped version; and HP receiving license fees for the 64-bit UNIX once Novell's System V licenses its NetWare Directory Services (NDS) and MiddleWare to HP and SCO.

## AMERICA ON LINE BOARD MEMBERSHIP

Mr. Frankenberg then outlined a proposal he received from Steve Case and Alexander Haig from America On Line to join their Board of Directors. Mr. Frankenberg reviewed the pros and cons of such service with the members of the Board. A discussion ensued. It was concluded that Mr. Frankenberg's service on the America On Line Board would have a net positive affect on Novell.

## STOCK OPTION GRANT

The Board then considered the grant of stock options to various Novell employees. Then, upon motion duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED: That Novell, Inc. grant to the employees listed on Exhibit "A" non-qualified stock options of __470,100__ shares vesting 25 percent after one year and vesting quarterly thereafter at the rate of 6.25 percent per quarter at an option price of $19.00 per share representing the closing price of the stock as of the last trading date (September 15, 1995) before the date of the Board Meeting; the term of said option is to be 10 years. With all of said options to be issued in accordance with the Novell, Inc. 1991 Stock Plan as amended.

## ADJOURNMENT

There being no further business to come before the Board, the meeting was declared adjourned by Mr. Frankenberg at 1:30 p.m. Mountain Time.

Signed: *[signature]*
David R. Bradford - Secretary