FILED
CLERK, U.S. ...
2005 FEB 28  A 11: 05

MORRISON & FOERSTER, LLP
Michael A. Jacobs (pro hac vice)
David E. Melaugh (pro hac vice)
Maame A.F. Ewusi-Mensah (pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>        Defendant. | **NOVELL, INC.'S MOTION FOR CONTINUANCE**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Defendant Novell, Inc. ("Novell"), by and through its counsel of record, respectfully moves this Court for a continuance of the hearing on Novell's Motion to Dismiss Amended Complaint, currently scheduled for March 8, 2005, due to an unforeseen scheduling conflict that has developed for Novell's lead counsel, Michael A. Jacobs.

## **FACTUAL BACKGROUND**

The parties in this matter and their respective counsel have been cooperative and accommodating with regard to filing deadlines and scheduling matters. On several different occasions, each party has accommodated the busy schedules and workloads of the other party and its lead counsel, recognizing the complexity of the issues involved in this litigation, resulting in seven joint stipulations to extend the filing deadlines for briefs. (See Stipulations, on file with the Court.) Indeed, nearly every brief submitted by the parties in this matter was filed *after* the initial filing deadline upon the consent of the opposing party and its counsel, and a corresponding Order from the Court.

The same holds true for hearings. Indeed, at SCO's request, Novell previously stipulated to continue the hearing on its pending Motion to Dismiss from February 1, 2005, to its currently scheduled date, March 8, 2005, to accommodate the schedule of SCO's counsel, Edward J. Normand of SCO's lead law firm Boies, Schiller & Flexner LLP, whom SCO chose to present oral argument at the hearing on its behalf. (See Declaration of Heather M. Sneddon ("Sneddon Decl."), attached hereto as Exhibit "A", ¶¶ 3-6; SCO's Notice of Amended Hearing Date, attached hereto as Exhibit "B".)

However, Novell's lead counsel, Michael A. Jacobs of Morrison & Foerster LLP, is currently engaged in a trial in San Jose, California, which due to unanticipated circumstances, will continue through the current hearing date of March 8. (See Declaration of Michael A. Jacobs ("Jacobs Decl."), attached hereto as Exhibit "C", ¶ 4.) The San Jose trial was originally scheduled for February 7 through March 1, 2005, allowing Mr. Jacobs to appear at the March 8 hearing. (See id.) However, the trial is going longer than anticipated, and the trial court's

schedule has resulted in about a week of days on which trial could not occur. As a result, Mr. Jacobs anticipates that the trial will continue until March 23, 2005. (See id.)

As soon as Mr. Jacobs learned of this situation, he contacted Novell's local counsel, Heather M. Sneddon, asking that she request that SCO stipulate to a two-week continuance of the hearing date. (See id. ¶ 5.) Ms. Sneddon then contacted SCO's counsel, Mr. Normand, requesting that SCO stipulate to a two-week continuance to accommodate the conflict that developed with Mr. Jacobs' schedule. (See Sneddon Decl., Ex. A hereto, ¶ 8.) After a few discussions between Ms. Sneddon and Mr. Normand, and following Ms. Sneddon's inquiry to Judge Kimball's case manager regarding the availability of other dates to reschedule the hearing, Mr. Normand informed Ms. Sneddon that SCO was unwilling to stipulate to a continuance that, due to the Court's calendar, would amount to a two-month delay. (See id. ¶¶ 9-10.) On February 23, 2005, Ms. Sneddon sent a letter to Mr. Normand to confirm the conversation. (See id. ¶ 11 & Ex. 1 thereto).) Mr. Normand responded the next morning by email, clarifying that SCO's unwillingness to stipulate to the continuance was due to the fact that the Court does not have any available dates to reschedule the hearing until the week of April 25 at the earliest, and Mr. Normand is not available that week because he is scheduled to be in trial in the Southern District of New York during that time. (See id. ¶ 12 & Ex. 2 thereto).

## ARGUMENT

### THE COURT SHOULD GRANT NOVELL'S MOTION FOR CONTINUANCE AND RESCHEDULE THE HEARING ON NOVELL'S PENDING MOTION TO DISMISS FOR THE EARLIEST AVAILABLE DATE AFTER MARCH 23.

It is well-established that "[m]otions for continuance are addressed to the sound discretion of the trial court." Robinson v. United States, 718 F.2d 336, 338 n.1 (10th Cir. 1983).

The circumstances surrounding Novell's Motion for Continuance are such that the motion should be granted.

First, Novell's need for a continuance is not the result of dilatory or bad faith conduct. Rather, the conflict with Novell's lead counsel's schedule -- giving rise to the instant motion -- only surfaced after Novell accommodated the schedule of SCO's counsel in stipulating to a continuance of the hearing. Indeed, prior to indulging SCO's request for a stipulation to continue the hearing until March 8, Mr. Jacobs was prepared to argue Novell's Motion to Dismiss on the scheduled date of February 1. As soon as Mr. Jacobs determined that his current trial would extend beyond its allotted time and impede upon the March 8 hearing date, Novell sought SCO's cooperation in continuing the hearing date. When SCO indicated an unwillingness to stipulate to a continuance that would require a two-month delay due to the Court's busy calendar, Novell brought the present motion. Thus, Novell's actions have been exceedingly reasonable, diligent and timely.

Second, Novell will be prejudiced if the Court does not grant a continuance of the hearing, because Novell will not be able have its counsel of choice appear at the hearing on its behalf and present oral argument. Mr. Jacobs has acted as Novell's principal counsel in this matter from the beginning. In his Application for Pro Hac Vice Admission, which was granted by the Court on February 10, 2004, Mr. Jacobs marked that he would be serving as "lead counsel" for Novell in this matter. (See Michael A. Jacobs' Application for Pro Hac Vice Admission, on file with the Court.) He appeared before the Court on behalf of Novell to argue Novell's first Motion to Dismiss, and he has overseen the preparation and filing of every pleading submitted by Novell in this matter. (See Jacobs Decl., Ex. C hereto, ¶ 3.) Of Novell's

counsel, Mr. Jacobs has the most comprehensive knowledge of the underlying material facts in this case, and the best understanding of the legal issues raised by Novell's pending Motion to Dismiss. Accordingly, Novell should be entitled to have Mr. Jacobs appear on its behalf at the hearing. See Wainwright v. Kraftco Corp., 58 F.R.D. 9, 14 (N.D. Ga. 1973) ("[A] client who has given a court ample notice of its desire to be represented by a specific attorney ought to be assured of such representation if at all possible.")

Third, the interests of justice weigh in favor of granting the continuance. In a case such as this, involving complicated legal questions, the interests of justice require that both parties be represented by able counsel, well-informed on the facts and the pertinent law. See Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co., 423 F.2d 842, 844 (5th Cir. 1970). Mr. Jacobs' unexpected inability to appear at the scheduled hearing on behalf of Novell due to his involvement in a long-running trial, combined with local counsel's relative unfamiliarity with the pertinent legal issues, "tip[s] the scales so heavily in favor of the plaintiff [SCO] as to effectually deprive the defendant [Novell] of its rightful day in court." Id. This is particularly true when Novell previously stipulated to a continuance of the hearing to allow SCO the opportunity to use its counsel of choice, Mr. Normand. Novell should be afforded the same opportunity.

Lastly, SCO will suffer no prejudice as a result of the continuance. Novell has only requested a continuance of approximately two weeks, and even if the Court is unable to reschedule the hearing for two months, such a delay will have no effect on the underlying litigation. This is particularly true when the continuance is sought for a motion hearing, not a trial.

## CONCLUSION

While Novell and its counsel understand SCO's reluctance to delay this matter for two months, the present conflict with Novell's lead counsel's schedule only surfaced after Novell indulged SCO's request for a stipulation to continue the hearing until March 8, even though Mr. Jacobs was prepared to argue Novell's Motion to Dismiss on the scheduled date of February 1. Novell has acted in a diligent and timely manner in filing the present motion, and Novell will be prejudiced if the Court does not grant a continuance of the hearing date. SCO will not be prejudiced by a continuance. Accordingly, Novell requests that the Court reschedule the hearing on its pending Motion to Dismiss for the earliest date that the Court has available following March 23, on which the parties and their respective lead counsel, Mr. Normand and Mr. Jacobs, are available.

DATED:        February 28, 2005.

ANDERSON & KARRENBERG

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
**Attorneys for Defendant Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2005, I caused a true and correct copy of the foregoing **NOVELL, INC.'S MOTION FOR CONTINUANCE,** to be served as indicated below:

### *Via Hand-delivery, upon:*

Brent O. Hatch
Mark R. Clements
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

### *Via Facsimile and U.S. Mail, postage prepaid, upon:*

Kevin P. McBride
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

Robert Silver
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

7

MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
David E. Melaugh (pro hac vice)
Maame F. Ewusi-Mensah (pro hac vice)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>     Defendant. | **DECLARATION OF HEATHER M. SNEDDON IN SUPPORT OF NOVELL, INC.'S MOTION FOR CONTINUANCE**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Heather M. Sneddon, under penalty of perjury, declares the following:

1.    I submit this declaration in support of Novell, Inc.'s Motion for Continuance. The statements made herein are based on my personal knowledge.

2.    I am an attorney duly licensed to practice law in the State of Utah and an associate in the law firm of Anderson & Karrenberg, P.C., local counsel of record for defendant Novell, Inc. ("Novell") in this action.

3.    On approximately January 13, 2005, I received a call from Edward J. Normand of Boies, Schiller & Flexner LLP, counsel for The SCO Group, Inc. ("SCO") in this action. Mr. Normand informed me that he would be appearing on behalf of SCO to present oral argument at the hearing on Novell's Motion to Dismiss Amended Complaint, which was scheduled for February 1, 2005.

4.    Mr. Normand asked me whether Novell would be willing to stipulate to a two or three-week extension of the February 1 hearing date. He informed me that he was not involved in earlier discussions between counsel to set the February 1 date, and that his wife was due to give birth only a few days following February 1. Mr. Normand also indicated that his firm was busy trying to complete discovery in another matter involving SCO.

5.    On approximately January 18, 2005, I telephoned Mr. Normand to inform him that Novell was willing to stipulate to such a continuance.

6.    After consultation with Judge Kimball's case manager, the hearing was subsequently rescheduled for March 8, 2005, consistent with the availability of Mr. Normand and Novell's lead counsel, Michael A. Jacobs, at that time.

7.    On approximately February 18, 2005, however, Mr. Jacobs informed me that due to a long-running trial in which he was currently involved, he would no longer be available for the March 8 hearing. He asked that I contact SCO's counsel to request a stipulation to continue the hearing for approximately two weeks to accommodate Mr. Jacobs' schedule.

8.    Accordingly, I contacted Mr. Normand on approximately February 18, 2005, requesting that SCO stipulate to a two-week continuance of the March 8 hearing date. I informed Mr. Normand of Mr. Jacobs' ongoing trial, and of Mr. Jacobs' anticipation that it would continue past the March 8 hearing date.

2

9. Upon consulting Judge Kimball's case manager regarding the Court's available dates to reschedule the March 8 hearing, I learned that the earliest dates available for the Court to reschedule the hearing would be April 25-28. I also relayed this information to Mr. Normand.

10. Mr. Normand subsequently contacted me and informed me that SCO was unwilling to stipulate to a continuance of the March 8 hearing date because, given the Court's availability, the continuance would amount to a delay of approximately two months.

11. On February 23, 2005, I sent a letter to Mr. Normand confirming our conversation regarding the continuance. A true and correct copy of my February 23 letter is attached hereto as Exhibit "1".

12. On February 24, 2005, I received an email from Mr. Normand, clarifying SCO's position with regard to the continuance. A true and correct copy of Mr. Normand's email is attached hereto as Exhibit "2".

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _28th_ day of February, 2005, in Salt Lake City, Utah.

_Heather M. Sneddon_
Heather M. Sneddon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2005, I caused a true and correct copy of the

foregoing **DECLARATION OF HEATHER M. SNEDDON IN SUPPORT OF NOVELL,**

**INC.'S MOTION FOR CONTINUANCE,** to be served as indicated below:

*Via Hand-delivery, upon:*

Brent O. Hatch
Mark R. Clements
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

*Via Facsimile and U.S. Mail, postage prepaid, upon:*

Kevin P. McBride
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

Robert Silver
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

4

LAW OFFICES

# ANDERSON & KARRENBERG

A PROFESSIONAL CORPORATION

THOMAS R. KARRENBERG
FRANCIS J. CARNEY
STEVEN W. DOUGHERTY
SCOTT A. CALL
JOHN P. MULLEN
JON V. HARPER
NATHAN B. WILCOX
STEPHEN P. HORVAT
SHAYNE R. KOHLER
JENNIFER R. ESHELMAN
HEATHER M. SNEDDON
JOHN A. BLUTH

700 BANK ONE TOWER
50 WEST BROADWAY
SALT LAKE CITY, UTAH 84101-2006
––––––––
TELEPHONE (801) 534-1700
TELECOPIER (801) 364-7697
www.aklawfirm.com
––––––––
JOHN T. ANDERSON
Of Counsel

February 23, 2005

*Via Facsimile No. 914-749-8300*
*and U.S. Mail*

Edward J. Normand
Boies, Schiller & Flexner, LLP
333 Main Street
Armonk, New York  10504

**Re:    The SCO Group, Inc. v. Novell, Inc.**

Dear Ted:

This letter shall confirm our conversation this afternoon, wherein you informed me that SCO is unwilling to stipulate to a continuance of the hearing date on Novell's Motion to Dismiss, due to the fact that the Court does not have any available dates to reschedule the hearing until the end of April.

Accordingly, Novell will be filing an appropriate motion with the Court.

Very truly yours,

*Heather M. Sneddon*

Heather M. Sneddon

cc:    Novell, Inc.
       Michael A. Jacobs, Esq.

**TRANSACTION REPORT**

FEB/23/2005/WED 05:32 PM

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | FEB/23 | 05:31PM | 19147498300 | 0:00:49 | 2 | OK | ECM | 6268 |

Law Offices

## ANDERSON & KARRENBERG

A PROFESSIONAL CORPORATION

THOMAS R. KARRENBERG
JOHN T. ANDERSON
FRANCIS J. CARNEY
STEVEN W. DOUGHERTY
SCOTT A. CALL
JOHN P. MULLEN
JON V. HARPER
NATHAN B. WILCOX
STEPHEN P. HORVAT
SHAYNE R. KOHLER
JENNIFER R. ESHELMAN
HEATHER M. SNEDDON
JOHN A. BLUTH

700 BANK ONE TOWER
50 West Broadway
Salt Lake City, Utah 84101-2006

Telephone: (801) 534-1700
Telecopier: (801) 364-7697

## FAX TRANSMITTAL SHEET

TO:             Edward J. Normand

FAX NO.:        914-749-8300

FROM:           Nathan B. Wilcox

DATE:           February 23, 2005

CLIENT:         Novell (90068.31)

PAGES:          2, including cover page

Message:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL
INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF
THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT
RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS DOCUMENT IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE
IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETURN OF THE DOCUMENTS TO US AT NO
COST TO YOU.

SENT BY:    Michelle Rizzuto

## Heather Sneddon

**From:** Ted Normand [TNormand@BSFLLP.com]

**Sent:** Thursday, February 24, 2005 7:18 AM

**To:**   Heather Sneddon

Heather – I received your letter.  The basis for SCO's unwillingness to stipulate to a continuance of the hearing date on Novell's second Motion to Dismiss not only is that the Court did not propose any available dates to reschedule the hearing until April 25-28, but also because on those dates counsel for SCO is scheduled to be in trial in Bankruptcy Court in the Southern District of New York, and therefore (given the current schedule) could not argue the motion on those dates.  As a consequence, although Novell wants and has asked for no more than a 10- or 14-day extension of the hearing date, the stipulation apparently would require SCO to agree to an extension of approximately two months.  If you file a motion, as you and I discussed yesterday, we will explain those circumstances to the Court.

Ted Normand

RECEIVED

JAN 26 2005

DOCKETED
llm

COPY



Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br>A Delaware corporation,<br><br>    Plaintiff<br><br>vs.<br><br>NOVELL, INC.,<br>A Delaware corporation,<br><br>    Defendant | **NOTICE OF AMENDED HEARING DATE**<br><br>Civil No. 2:04CV00139<br><br>Honorable Dale A. Kimball |

Pursuant to consultations with the Court, and all parties being in agreement,

Novell, Inc.'s Motion to Dismiss, formerly scheduled to be heard February 1, 2005, will now be

heard by Judge Kimball on March 8, 2005 at 3 p.m.

DATED this 5th day of January, 2005.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stephen N. Zack
Edward Normand
Sean Eskovitz

By

*Counsel for The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

Plaintiff The SCO Group, Inc., hereby certifies that a true and correct copy of the

foregoing Notice of Amended Hearing Date was served by mail on Defendant Novell on the ___th

day of January, 2005, by placing the same in U.S. Mail, postage prepaid to:

> Thomas R. Karrenberg, Esq.
> John P. Mullen, Esq.
> Heather M. Sneddon, Esq.
> ANDERSON & KARRENBERG
> 700 Bank One Tower
> 50 West Broadway
> Salt Lake City, UT 84101
>
> Michael A. Jacobs, Esq.
> Matthew I. Kreeger, Esq.
> MORRISON & FOERSTER LLP
> 425 Market Street
> San Francisco, CA 94105-2482
>
> *Counsel for Novell, Inc.*

*Laura K. Chaves*.

MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
David E. Melaugh (pro hac vice)
Maame F. Ewusi-Mensah (pro hac vice)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>      Defendant. | **DECLARATION OF MICHAEL A. JACOBS IN SUPPORT OF NOVELL, INC.'S MOTION FOR CONTINUANCE**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Michael A. Jacobs, under penalty of perjury, declares the following:

1.    I submit this declaration in support of Novell, Inc.'s Motion for Continuance. The statements made herein are based on my personal knowledge.

2.    I am an attorney duly licensed to practice law in the State of California and a partner in the law firm of Morrison & Foerster LLP, counsel of record for defendant Novell, Inc. ("Novell") in this action. I was admitted as lead counsel to practice before this Court *pro hac vice* by this Court's February 10, 2004 Order.

3.    Since the engagement of Morrison & Foerster LLP as Novell's counsel in this action, I have served as Novell's lead counsel. To that end, I have overseen the preparation and filing of every pleading submitted by Novell in this matter, and I appeared before the Court on behalf of Novell to argue Novell's first Motion to Dismiss on May 11, 2004.

4.    I am presently engaged as lead defense counsel in a civil case currently being tried in San Jose, California, *Lexar Media, Inc. v. Toshiba Corporation*, Santa Clara Superior Court No. CV812458. The trial was originally scheduled for February 7 through March 1, 2005. However, the trial is going longer than anticipated and the trial court's schedule has resulted in about a week of days on which trial could not occur. At this juncture, I anticipate that the trial will continue until March 23, 2005, and as a result, I will be unavailable for the scheduled March 8, 2005 hearing on Novell's Motion to Dismiss Amended Complaint in this action.

5.    Upon determining that the trial in the San Jose case would be continuing beyond the scheduled hearing date on Novell's Motion to Dismiss Amended Complaint, I immediately contacted Novell's local counsel, Heather M. Sneddon, asking that she seek a stipulation from The SCO Group, Inc. to continue the hearing date.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2\_\_ day of February, 2005, in San Jose, California.

Michael A. Jacobs

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2005, I caused a true and correct copy of the

foregoing **DECLARATION OF MICHAEL A. JACOBS IN SUPPORT OF NOVELL,**

**INC.'S MOTION FOR CONTINUANCE,** to be served as indicated below:

***Via Hand-delivery, upon:***

Brent O. Hatch
Mark R. Clements
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101

***Via Facsimile and U.S. Mail, postage prepaid, upon:***

Kevin P. McBride
1299 Ocean Avenue, Suite 900
Santa Monica, California  90401

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida  33131

Robert Silver
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York  10504

3