MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
David E. Melaugh (pro hac vice)
Maame F. Ewusi-Mensah (pro hac vice)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant. | **DECLARATION OF HEATHER M. SNEDDON IN SUPPORT OF NOVELL, INC.'S MOTION FOR CONTINUANCE**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Heather M. Sneddon, under penalty of perjury, declares the following:

1. I submit this declaration in support of Novell, Inc.'s Motion for Continuance. The statements made herein are based on my personal knowledge.



2. I am an attorney duly licensed to practice law in the State of Utah and an associate in the law firm of Anderson & Karrenberg, P.C., local counsel of record for defendant Novell, Inc. ("Novell") in this action.

3. On approximately January 13, 2005, I received a call from Edward J. Normand of Boies, Schiller & Flexner LLP, counsel for The SCO Group, Inc. ("SCO") in this action. Mr. Normand informed me that he would be appearing on behalf of SCO to present oral argument at the hearing on Novell's Motion to Dismiss Amended Complaint, which was scheduled for February 1, 2005.

4. Mr. Normand asked me whether Novell would be willing to stipulate to a two or three-week extension of the February 1 hearing date. He informed me that he was not involved in earlier discussions between counsel to set the February 1 date, and that his wife was due to give birth only a few days following February 1. Mr. Normand also indicated that his firm was busy trying to complete discovery in another matter involving SCO.

5. On approximately January 18, 2005, I telephoned Mr. Normand to inform him that Novell was willing to stipulate to such a continuance.

6. After consultation with Judge Kimball's case manager, the hearing was subsequently rescheduled for March 8, 2005, consistent with the availability of Mr. Normand and Novell's lead counsel, Michael A. Jacobs, at that time.

7. On approximately February 18, 2005, however, Mr. Jacobs informed me that due to a long-running trial in which he was currently involved, he would no longer be available for the March 8 hearing. He asked that I contact SCO's counsel to request a stipulation to continue the hearing for approximately two weeks to accommodate Mr. Jacobs' schedule.

8. Accordingly, I contacted Mr. Normand on approximately February 18, 2005, requesting that SCO stipulate to a two-week continuance of the March 8 hearing date. I informed Mr. Normand of Mr. Jacobs' ongoing trial, and of Mr. Jacobs' anticipation that it would continue past the March 8 hearing date.

2

9. Upon consulting Judge Kimball's case manager regarding the Court's available dates to reschedule the March 8 hearing, I learned that the earliest dates available for the Court to reschedule the hearing would be April 25-28. I also relayed this information to Mr. Normand.

10. Mr. Normand subsequently contacted me and informed me that SCO was unwilling to stipulate to a continuance of the March 8 hearing date because, given the Court's availability, the continuance would amount to a delay of approximately two months.

11. On February 23, 2005, I sent a letter to Mr. Normand confirming our conversation regarding the continuance. A true and correct copy of my February 23 letter is attached hereto as Exhibit "1".

12. On February 24, 2005, I received an email from Mr. Normand, clarifying SCO's position with regard to the continuance. A true and correct copy of Mr. Normand's email is attached hereto as Exhibit "2".

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of February, 2005, in Salt Lake City, Utah.

_____
Heather M. Sneddon

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2005, I caused a true and correct copy of the foregoing **DECLARATION OF HEATHER M. SNEDDON IN SUPPORT OF NOVELL, INC.'S MOTION FOR CONTINUANCE,** to be served as indicated below:

*Via Hand-delivery, upon:*

> Brent O. Hatch
> Mark R. Clements
> HATCH JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

*Via Facsimile and U.S. Mail, postage prepaid, upon:*

> Kevin P. McBride
> 1299 Ocean Avenue, Suite 900
> Santa Monica, California 90401

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

> Robert Silver
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504

*[signature]*

LAW OFFICES
# ANDERSON & KARRENBERG
A PROFESSIONAL CORPORATION

THOMAS R. KARRENBERG
FRANCIS J. CARNEY
STEVEN W. DOUGHERTY
SCOTT A. CALL
JOHN P. MULLEN
JON V. HARPER
NATHAN B. WILCOX
STEPHEN P. HORVAT
SHAYNE R. KOHLER
JENNIFER R. ESHELMAN
HEATHER M. SNEDDON
JOHN A. BLUTH

700 BANK ONE TOWER
50 WEST BROADWAY
SALT LAKE CITY, UTAH 84101-2006

TELEPHONE (801) 534-1700
TELECOPIER (801) 364-7697
www.aklawfirm.com

JOHN T. ANDERSON
Of Counsel

February 23, 2005

*Via Facsimile No. 914-749-8300*
*and U.S. Mail*

Edward J. Normand
Boies, Schiller & Flexner, LLP
333 Main Street
Armonk, New York 10504

  Re: **The SCO Group, Inc. v. Novell, Inc.**

Dear Ted:

  This letter shall confirm our conversation this afternoon, wherein you informed me that SCO is unwilling to stipulate to a continuance of the hearing date on Novell's Motion to Dismiss, due to the fact that the Court does not have any available dates to reschedule the hearing until the end of April.

  Accordingly, Novell will be filing an appropriate motion with the Court.

       Very truly yours,

       */s/ Heather M. Sneddon*
       Heather M. Sneddon

cc: Novell, Inc.
   Michael A. Jacobs, Esq.

```
                    TRANSACTION REPORT
                    FEB/23/2005/WED 05:32 PM
FAX(TX)
| #   | DATE   | START T. | RECEIVER     | COM.TIME | PAGE | TYPE/NOTE |     | FILE |
| 001 | FEB/23 | 05:31PM  | 19147498300  | 0:00:49  | 2    | OK        | ECM | 6268 |
```

Law Offices

# ANDERSON & KARRENBERG
A PROFESSIONAL CORPORATION

THOMAS R. KARRENBERG
JOHN T. ANDERSON
FRANCIS J. CARNEY
STEVEN W. DOUGHERTY
SCOTT A. CALL
JOHN P. MULLEN
JON V. HARPER
NATHAN B. WILCOX
STEPHEN P. HORVAT
SHAYNE R. KOHLER
JENNIFER R. ESHELMAN
HEATHER M. SNEDDON
JOHN A. BLUTH

700 BANK ONE TOWER
50 West Broadway
Salt Lake City, Utah 84101-2006

Telephone: (801) 534-1700
Telecopier: (801) 364-7697

## FAX TRANSMITTAL SHEET

TO:        Edward J. Normand

FAX NO.:   914-749-8300

FROM:      Nathan B. Wilcox

DATE:      February 23, 2005

CLIENT:    Novell (90068.31)

PAGES:     2, including cover page

Message:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS DOCUMENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETURN OF THE DOCUMENTS TO US AT NO COST TO YOU.

SENT BY:   Michelle Rizzuto

## Heather Sneddon

**From:** Ted Normand [TNormand@BSFLLP.com]
**Sent:** Thursday, February 24, 2005 7:18 AM
**To:** Heather Sneddon

Heather – I received your letter. The basis for SCO's unwillingness to stipulate to a continuance of the hearing date on Novell's second Motion to Dismiss not only is that the Court did not propose any available dates to reschedule the hearing until April 25-28, but also because on those dates counsel for SCO is scheduled to be in trial in Bankruptcy Court in the Southern District of New York, and therefore (given the current schedule) could not argue the motion on those dates. As a consequence, although Novell wants and has asked for no more than a 10- or 14-day extension of the hearing date, the stipulation apparently would require SCO to agree to an extension of approximately two months. If you file a motion, as you and I discussed yesterday, we will explain those circumstances to the Court.

Ted Normand