FILED
U.S. DISTRICT COURT
2006 APR 10 P 4: 18
DISTRICT OF UTAH
BY:
DEPUTY CLERK

MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
David E. Melaugh (pro hac vice)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant and Counterclaim-Plaintiff. | **MEMORANDUM IN SUPPORT OF NOVELL, INC.'S MOTION FOR A MORE DEFINITE STATEMENT OF SCO'S UNFAIR COMPETITION CAUSE OF ACTION**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Defendant and Counterclaimant Novell, Inc. ("Novell") respectfully submits this Memorandum in Support of Novell, Inc.'s Motion for a More Definite Statement of SCO'S Unfair Competition Cause of Action in the Second Amended Complaint.

## PRELIMINARY STATEMENT

SCO's Second Amended Complaint ("Complaint"), the third complaint it has filed in this nearly two-year litigation, asserts an unfair competition cause of action, but fails to provide Novell with proper notice of the unfair competition laws asserted against it. Because SCO's Complaint recites actions spanning the country, the Complaint potentially implicates numerous state unfair competition laws, as well as the Federal unfair competition law, each with its own array of elements and defenses. Yet the Complaint does not provide Novell with information on what laws Novell allegedly has violated. Instead, SCO makes the vague and ambiguous statement that it seeks all remedies "available under the applicable unfair-competition law." (Declaration of Kenneth W. Brakebill in Support of Novell, Inc.'s Motion for a More Definite Statement ("Brakebill Decl. ") Ex. 1, Compl., ¶ 126.) Without specifying what the "applicable" law might be, Novell cannot reasonably frame a response to SCO's allegations.

Despite Novell's requests for clarification, SCO refuses to take a position on what unfair competition law it is asserting against Novell. Novell therefore asks this Court to require SCO to amend its Complaint to provide Novell with proper notice of the unfair competition laws that Novell has allegedly violated.

## STATEMENT OF FACTS

As the Court is aware, this case arises from an Asset Purchase Agreement ("APA") entered into on September 19, 1995 between Novell, a Delaware corporation with a principal place of business in Massachusetts, and a company called The Santa Cruz Operation, Inc. ("Santa Cruz"), a California corporation. SCO, a Delaware corporation with a principal place of business in Utah, allegedly acquired all rights under the APA through a subsequent acquisition of Santa Cruz assets. (Brakebill Decl. Ex. 1, Compl., at ¶ 1.) The language of the APA specifically

1

excluded all copyrights from the assets transferred to Santa Cruz. Nevertheless, SCO's Second Amended Complaint alleges that SCO "acquired all rights, title and interest in and to the Unix and UnixWare business, operating system, source code, license agreements, and copyrights." (*Id.*) Novell denies that any copyright transfer has taken place. (Novell, Inc.'s Answer and Countercls., filed concurrently herewith, at ¶ 1.)

SCO requested leave to file its Second Amended Complaint on December 30, 2005. (Pl.'s Motion for Leave to File Second Am. Compl.) At that time, the litigation between the parties had been ongoing for nearly two years. SCO's Complaint was ultimately filed on February 3, 2006.

SCO's Fifth Claim for Relief (the Unfair Competition Claim) alleges that SCO is entitled to remedies under "the applicable unfair-competition law." (Brakebill Decl. Ex. 1, Compl., at ¶ 126.) In support of this claim for relief, SCO alleges that Novell has engaged in unfair competition by making false claims of ownership over Unix and UnixWare copyrights. (*Id.*, at ¶¶ 37 & 122.) These allegedly disparaging statements were published "in several newspapers and other publications" and over the internet. (*Id.*) SCO further alleges that Novell made false or disparaging statements at a business conference held in San Francisco and to the U.S. Copyright office. (*Id.*) SCO has not limited itself to the statements identified in its Complaint. (*Id.*) As a result, SCO's claims could involve additional statements made through various media across the country.

SCO also bases its Fifth Claim for Relief on allegations that its technology was misappropriated, that it was forced to compete in the marketplace against its own technology, and that there was confusion in the marketplace. (*Id.*, at ¶¶ 122-23.) Given the national (and international) scope of Novell's business, the actionable conduct underlying these portions of SCO's Fifth Claim for Relief may have taken place in numerous states. SCO's allegations fail to provide necessary information to give Novell notice of what unfair competition law applies. For instance, SCO does not state where and when the alleged misappropriation took place or what

2

law applies to this part of its Unfair Competition claim. SCO also does not identify who has been confused by Novell's purported conduct, and when and where this confusion has taken place.

As a result of these ambiguities, there are numerous potentially "applicable" unfair competition laws, each with their own set of elements, rules, standards and affirmative defenses. Yet SCO's Complaint provides no clue as to what the "applicable" law is.

After SCO filed its motion to amend its Complaint, Novell requested SCO's clarification of the applicable law. (Brakebill Decl. Ex. 2, Letter from Kenneth Brakebill to Edward Normand dated Jan. 24, 2006.) When SCO ignored this request, Novell again asked for clarification. (Brakebill Decl. Ex. 3, Letter from Kenneth Brakebill to Edward Normand dated Feb. 8, 2006.) Two weeks later, SCO responded with an evasive answer: Although SCO "generally" "had in mind" Utah law, SCO had not "taken a position on the issue" of "choice of law" and the question of "which jurisdiction's law of unfair competition SCO believes 'should' apply to the claim" should be addressed "in any briefing in which the issue arises." (Brakebill Decl. Ex. 4, E-mail message from Edward Normand to Kenneth Brakebill dated Feb. 19, 2006.) This circuitous response leaves Novell in the same position as no response at all. SCO has had several months to provide Novell with adequate notice of the laws it is seeking to use against Novell. By all appearances, SCO would like Novell to guess what unfair competition laws it has violated and to frame a response accordingly. As a result, Novell is left with no choice but to ask this court for an order requiring a more definite statement.

## LEGAL STANDARD

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Thus, even under the notice-pleading standard of the Federal Rules, a complaint must reasonably allow a defendant to adequately frame a responsive pleading. *Venta, Inc. v. Frontier Oil & Ref.*

*Co.*, 827 F. Supp. 1526, 1530 (D. Colo. 1993) ("if an opposing party cannot formulate a response because the factual allegations are so sparse, it is entitled to a more definite statement") (granting Rule 12(e) motion); *MTV Networks v. Curry*, 867 F. Supp. 202, 208 (S.D.N.Y. 1994) (although some courts disfavor Rule 12(e) motions, "the opposing party must be given sufficient notice to frame a responsive pleading").

## ARGUMENT

SCO's Complaint does not provide Novell with a sufficiently definite statement of its unfair competition claims. The Complaint seeks all remedies available under "applicable unfair-competition law" (*see* Brakebill Decl. Ex. 1, Compl., at ¶ 126), but does not specify which of the many unfair competition laws Novell has allegedly violated. Specifically, SCO has failed to allege whether Novell has violated Federal statutory law, such as the Lanham Act, or state law. SCO has also failed to state whether, if Novell has allegedly violated state law, whether that law is the unfair competition law of Utah, California, Massachusetts, Delaware or some other state where actionable conduct may have occurred. SCO also has not stated whether its allegations are based on state common law or state statutory law.

Without knowing the answer to these questions, Novell cannot determine whether SCO's Complaint fails to state a claim upon which relief can be granted, whether SCO's claim is untimely, what facts support or oppose SCO's claims, or what affirmative defenses Novell can assert. Courts faced with similarly deficient complaints, including cases where unfair competition claims are asserted, have required complainants to specify the applicable law. *See MTV Networks*, 867 F. Supp. at 208 (motion for more definite statement granted for unfair competition claim); *Kveragas v. Scottish Inns, Inc.*, 96 F.R.D. 425 (E.D. Tenn. 1983) (Rule 12(e) motion granted when plaintiff claimed that defendant had violated "the provisions of the applicable Statute of the State of Tennessee.").

In *MTV Networks*, for instance, the court recognized the "amorphous" nature of unfair competition law in New York and held that MTV was entitled to a clarification of defendant's

4

unfair competition counter-claim because of "the broad range of defenses involved in opposing these claims and the potential for unexpected claims at trial." *MTV Networks*, 867 F. Supp. at 208. There, it was clear that New York unfair competition law applied. Here, numerous unfair competition laws from several jurisdictions might be brought to bear, and they are significantly different from one another. *Compare* UTAH CODE ANN. § 13-5a-102(4)(ii) (defining unfair competition as one of the following: cyber-terrorism; patent, trademark and trade name infringement; software license violation; predatory hiring practices) *to* CAL. BUS. & PROF. CODE § 17200 (defining unfair competition as: "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [BUS. & PROF. CODE § 17500 *et seq.* (False Advertising)]"). Compared to the counterclaims in *MTV Networks*, SCO's claims involve an even broader range of defenses and greater potential for unexpected claims. Yet SCO refuses to identify what law it is claiming Novell infringed or where and when the unfair competition took place. Thus, there is even more reason here to grant a motion for a more definitive statement.

SCO would not be burdened by having to provide this information. Courts have denied motions seeking more definite statements when they amounted to mere fishing expeditions for additional facts. *See United States v. Gustin-Bacon Div., Certainteed Prods. Corp.*, 426 F.2d 539, 543 (10th Cir. 1970) ("Under the circumstances of this case, appellee's motion for more definite statement is in reality but an attempt to discover evidentiary matters.") ("*Gustin-Bacon*"); *but see, Marshall v. Elec. Hose & Rubber Co.*, 65 F.R.D. 599, 605 (D. Del. 1974) (distinguishing *Gustin-Bacon* and granting a Rule 12(e) motion because the defendant had not alleged what acts and practices constituted discrimination). In *Gustin-Bacon*, the court found that, under the applicable Federal discrimination statute, it would be overly burdensome to require plaintiff to advance factual details reflecting a pattern and practice of racial discrimination at an early stage in the proceedings.

Here, SCO has not identified what the applicable law is. Novell is not asking to discover evidentiary matters but simply wants SCO to identify what unfair competition law applies. It should not be hard for SCO to provide Novell with notice of the unfair competition laws that SCO believes Novell has violated.

## CONCLUSION

For the foregoing reasons, Novell respectfully requests this Court to require SCO to amend its Complaint to state the specific unfair competition laws that SCO alleges Novell has violated.

DATED:     April 10, 2006

ANDERSON & KARRENBERG

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon

- and -

MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)

**Attorneys for Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April, 2006, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF NOVELL, INC.'S MOTION FOR A MORE DEFINITE STATEMENT OF SCO'S UNFAIR COMPETITION CAUSE OF ACTION** to be served via first class mail, postage prepaid, to the following:

Brent O. Hatch
Mark F. James
Mark R. Clements
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101


Kevin P. McBride
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401


Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131


Robert Silver
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504