MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT  84101
Telephone:  (801) 534-1700
Facsimile:  (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff & Counterclaim-<br>    Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant & Counterclaim-<br>    Plaintiff. | **NOVELL, INC.'S NOTICE OF THIRD PARTY SUBPOENA**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

TO THE SCO GROUP, INC. AND ITS COUNSEL OF RECORD:

Please take notice that, in accordance with Rule 45 of the Federal Rules of Civil

Procedure, Novell, Inc. intends to serve a document subpoena on Recall.  A copy of the

subpoena is attached to this notice.

1

sf-2102369

Dockets.Justia.com

The subpoena will be served April 19, 2006.


DATED: April 17, 2006

               MORRISON & FOERSTER LLP


               By:    /s/ Kenneth W. Brakebill
                                    Kenneth W. Brakebill

2

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

<u>Northern</u>    DISTRICT OF <u>California</u>

THE SCO GROUP, INC.

## SUBPOENA IN A CIVIL CASE

v.

NOVELL, INC.

Case Number:[1] C-04-0139 (DAK)
(pending in D. Utah)

TO: Recall, c/o Mr. Jim Wruck
    10901 Bigge Street
    San Leandro, California 94577

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California 94105 | 10 a.m., May 3, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | April 17, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
David E. Melaugh, Morrison & Foerster LLP
425 Market Street, San Francisco, California, 415/268-7000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## INSTRUCTIONS & DEFINITIONS

This subpoena requires you to produce all responsive documents in your custody or control.  Please produce such documents in their entirety, as they are kept in the ordinary course of business.

As used below, "concerning" means, without limitation:  comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

"Documents" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001.  Notwithstanding this definition, these Requests seek only documents from the material abandoned by Brobeck Phleger & Harrison and its former clients.  We do not request that Recall search for material beyond those archives.

You are instructed to produce the following documents at the time and place specified in the subpoena:

## DOCUMENTS TO BE PRODUCED

## REQUEST NO. 1:

All documents concerning the Santa Cruz Operation, Inc.'s ("Santa Cruz") acquisition of any assets from Novell, Inc. ("Novell").

## REQUEST NO. 2:

All documents concerning the restructuring of Santa Cruz's business during its fiscal year 2000.

## REQUEST NO. 3:

All documents concerning the sale or transfer of Santa Cruz assets to Caldera Systems ("Caldera"), including all transactional, due diligence, and negotiation documents, and other communications concerning the sale or transfer.

## REQUEST NO. 4:

All documents concerning the formation of Caldera International, including its ownership of assets acquired from Santa Cruz.

**REQUEST NO. 5:**

      All documents concerning Santa Cruz's Board of Directors meetings regarding Santa Cruz's acquisition of any assets from Novell, the restructuring of Santa Cruz's business, or Santa Cruz's sale or transfer of assets to Caldera.