MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, <br><br>      Plaintiff & Counterclaim-Defendant, <br><br> vs. <br><br> NOVELL, INC., a Delaware corporation, <br><br>      Defendant & Counterclaim-Plaintiff. | **NOVELL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO THE SCO GROUP, INC.** <br><br> Case No. 2:04CV00139 <br><br> Judge Dale A. Kimball |

TO THE SCO GROUP, INC. AND ITS COUNSEL OF RECORD:

     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counter-

Plaintiff Novell, Inc. ("Novell") hereby requests that Plaintiff and Counter-Defendant The SCO

Group, Inc. ("SCO") produce the identified documents and materials for copying and inspection

1

Dockets.Justia.com

at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105, within thirty (30) days after the service of this request.

## DEFINITIONS

As used herein, the following terms have the following meanings:

1.  "SCO" means Plaintiff and Counter-Defendant The SCO Group, Inc. and (i) its present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors and successors in interest, and any parent, subsidiary, and affiliated entities; (ii) any other person or entity acting on its behalf or on whose behalf it acted or has acted; (iii) any other person or entity otherwise subject to its control, or which controls or controlled it, or with which it was or is under common control; and (iv) any person or entity otherwise in the corporate family of The SCO Group, Inc., including any predecessor or successor in interest or any parent, subsidiary, or affiliated entity, no matter how far removed from The SCO Group, Inc.

2.  "You" and "your" refers to SCO, as defined immediately above.

3.  "Person" means any individual, firm, entity, association, partnership, joint venture, organization, or entity.

4.  "APA" means the Asset Purchase Agreement By and Between The Santa Cruz Operation, Inc. and Novell, Inc., dated as of September 19, 1995, and any amendments and schedules thereto.

5.  The "IBM Litigation" means *The SCO Group, Inc. v. International Business Machines Corp.*, Case No. 03-CV-0294, United States District Court for the District of Utah.

6.  "Documents" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001. "Document" shall include materials stored electronically or electromagnetically

2

(such as electronic mail or any other electronic files) and all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing. A "document" also shall include all attachments and enclosures, all drafts or copies that differ in any respect from the original, and all handwritten notations or notes attached on the front or back via adhesive or the like. (If copies are made of documents with notes attached on the front or back via adhesive, they shall be produced both with and without the attached adhesive notes.)

7.    "Communication" means any transmission, conveyance, or exchange of information, whether by written, oral, or other means. It includes, without limitation: any meeting, discussion, contact, conference, telephone conversation, letter, e-mail transmission, Internet posting, memorandum, document, message, telegram, telefax, mailgram, billing statement, any electronic recording, or other form of written or oral information transmission or exchange.

8.    "Concerning" means, without limitation: comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

9.    "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

10.    All nouns, whether single or plural herein, should be construed in both the singular and plural form.

## DOCUMENT REQUESTS

<u>REQUEST FOR PRODUCTION NO. 1:</u>

Please produce the following documents from the IBM Litigation:

    (a)    All SCO document productions concerning claims and defenses at issue in this case;

    (b)    SCO's production log;

(c)    The depositions of all SCO witnesses deposed on subjects concerning claims and defenses at issue in this case;

(d)    The depositions of all former Novell employees deposed on subjects concerning claims and defenses at issue in this case;

(e)    All exhibits or other documents used in the depositions in (c) and (d) above;

(f)    All under-seal papers filed by SCO in opposition to IBM's Motion for Partial Summary Judgment on Breach of Contract Claims (items 346-350 on the official Pacer docket);

(g)    SCO's privilege log filed on March 18, 2005 (item 418 on the official Pacer docket);

(h)    SCO's "Interim Disclosure of Material Misused by IBM" filed on October 28, 2005 (items 544-545 of the official Pacer docket);

(i)    SCO's written responses to IBM's Requests for Production;

(j)    SCO's written responses to IBM's Interrogatories; and

(k)    SCO's written responses to IBM's Requests for Admission.

REQUEST FOR PRODUCTION NO. 2:

Please produce all documents concerning the Declaration of Jim Wilt, executed November 23, 2004 and filed in the IBM Litigation, including but not limited to, the declaration and any drafts thereof; all communications between SCO and Mr. Wilt concerning this declaration and any drafts thereof; any depositions by Mr. Wilt in the IBM Litigation, and accompanying exhibits or other documents used in these depositions; all statements and communications by Mr. Wilt concerning the APA; and Mr. Wilt's files concerning the APA.

REQUEST FOR PRODUCTION NO. 3:

Please produce all documents concerning the Declaration of Steven Sabbath, executed November 19, 2004 and filed in the IBM Litigation, including but not limited to, the declaration and any drafts thereof; all communications between SCO and Mr. Sabbath concerning this

declaration and any drafts thereof; any depositions by Mr. Sabbath in the IBM Litigation, and accompanying exhibits or other documents used in these depositions; all statements and communications by Mr. Sabbath concerning the APA; and Mr. Sabbath's files concerning the APA.

REQUEST FOR PRODUCTION NO. 4:

Please produce all documents concerning the Declaration of Ed Chatlos, executed October 1, 2004 and filed in the IBM Litigation and in this case, including but not limited to, the declaration and any drafts thereof; all communications between SCO and Mr. Chatlos concerning this declaration and any drafts thereof; any depositions by Mr. Chatlos in the IBM Litigation, and accompanying exhibits or other documents used in these depositions; all statements and communications by Mr. Chatlos concerning the APA; and Mr. Chatlos's files concerning the APA.

REQUEST FOR PRODUCTION NO. 5:

Please produce all documents concerning the Declaration of William Broderick, executed October 21, 2005 and filed in the IBM Litigation, including but not limited to, the declaration and any drafts thereof; all communications between SCO and Mr. Broderick concerning this declaration and any drafts thereof; any depositions by Mr. Broderick in the IBM Litigation, and accompanying exhibits or other documents used in these depositions; all statements and communications by Mr. Broderick concerning the APA and/or the transfer of UNIX assets; and Mr. Broderick's files concerning the APA and/or the transfer of UNIX assets.

DATED:        December 6, 2005

MORRISON & FOERSTER LLP

By: _____
        Kenneth W. Brakebill

MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>　　　Plaintiff & Counter-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>　　　Defendant & Counter-Plaintiff. | **NOVELL, INC.'S FIRST SET OF INTERROGATORIES TO THE SCO GROUP, INC.**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

TO THE SCO GROUP, INC. AND ITS COUNSEL OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant and Counter-Plaintiff Novell, Inc. ("Novell") hereby requests that Plaintiff and Counter-Defendant The SCO Group, Inc. ("SCO") respond to the following interrogatories within thirty (30) days after the service of this request.

1

## DEFINITIONS

As used herein, the following terms have the following meanings:

1.   "SCO" means Plaintiff and Counter-Defendant The SCO Group, Inc. and (i) its present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors and successors in interest, and any parent, subsidiary, and affiliated entities; (ii) any other person or entity acting on its behalf or on whose behalf it acted or has acted; (iii) any other person or entity otherwise subject to its control, or which controls or controlled it, or with which it was or is under common control; and (iv) any person or entity otherwise in the corporate family of The SCO Group, Inc., including any predecessor or successor in interest or any parent, subsidiary, or affiliated entity, no matter how far removed from The SCO Group, Inc.

2.   "You" and "your" refers to SCO, as defined immediately above.

3.   "APA" means the Asset Purchase Agreement By and Between The Santa Cruz Operation, Inc. and Novell, Inc., dated as of September 19, 1995, and any amendments and schedules thereto.

4.   "Concerning" or "concerns" means, without limitation:  comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

5.   "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

6.   "UNIX License" refers to: (i) any license or agreement concerning UNIX or UnixWare entered into, renewed, or amended by SCO since the execution of the APA on September 19, 1995; (ii) any of SCO's licenses or agreements with Sun Microsystems, Inc. or Microsoft Corporation, referred to in Paragraphs 50-51 or 59 of SCO's Answer to Novell's

2

Counterclaims; (iii) any of SCO's licenses or agreements resulting from or concerning SCO's "SCOsource Licensing," the "SCO Intellectual Property License Program," the "SCO IP Protection Program," or the "Linux End-User Intellectual Property License Initiative" (*see, e.g.*, SCO Oct. 31, 2004 Form 10-K; http://www.caldera.com/scosource/); (iv) SCO's licenses or agreements with IBM and Sequent, referred to in Paragraphs 85 and 86 of SCO's Answer to Novell's Counterclaims; and (v) any license or agreement that conveys or concerns any right to those items listed in Section VI of Schedule 1.1(a) of the APA or Attachment A to APA Amendment No. 1.

7.    All nouns, whether single or plural herein, should be construed in both the singular and plural form.

## INTERROGATORIES

INTERROGATORY NO. 1:

Please identify all UNIX Licenses, including on a license-by-license basis the identities of each party to the UNIX License in question, the title (or other identifying information) and execution date of that UNIX License, the amount of SCO revenue attributable to each UNIX License during each year since execution of the License, the revenue formula or expected future revenues under each UNIX License, and information sufficient to locate the UNIX Licenses in SCO's document production (*e.g.*, the Bates range or filename).

INTERROGATORY NO. 2:

If you contend that any of the UNIX Licenses identified in response to Interrogatory No. 1 are not "SVRX Licenses" under sections 1.2 or 4.16 of APA or that the revenues therefrom are not "SVRX Royalties" under sections 1.2 or 4.16 of APA, please state in detail all bases and evidence in support of that contention, on a license-by-license basis.

INTERROGATORY NO. 3:

State all bases and evidence in support of your contention in paragraphs 74 and 90 of your Answer to Novell's Counterclaims that the term "SVRX Licenses" as used in the APA

3

refers only to "then-existing SVRX licensees for their distribution of binary-code versions of

System V products pursuant to sublicensing agreements."


DATED:        December 30, 2005

MORRISON & FOERSTER LLP


By:    _Kenneth W. Brakebill_ /ME
        Kenneth W. Brakebill

4

MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff & Counter-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant & Counter-Plaintiff. | **NOVELL, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION TO THE SCO GROUP, INC.**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

TO THE SCO GROUP, INC. AND ITS COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counter-Plaintiff Novell, Inc. ("Novell") hereby requests that Plaintiff and Counter-Defendant The SCO Group, Inc. ("SCO") produce the identified documents and materials for copying and inspection at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105, within thirty (30) days after the service of this request.

1

## DEFINITIONS

As used herein, the following terms have the following meanings:

1.    "SCO" means Plaintiff and Counter-Defendant The SCO Group, Inc. and (i) its present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors and successors in interest, and any parent, subsidiary, and affiliated entities; (ii) any other person or entity acting on its behalf or on whose behalf it acted or has acted; (iii) any other person or entity otherwise subject to its control, or which controls or controlled it, or with which it was or is under common control; and (iv) any person or entity otherwise in the corporate family of The SCO Group, Inc., including any predecessor or successor in interest or any parent, subsidiary, or affiliated entity, no matter how far removed from The SCO Group, Inc.

2.    "You" and "your" refers to SCO, as defined immediately above.

3.    "Person" means any individual, firm, entity, association, partnership, joint venture, organization, or entity.

4.    "APA" means the Asset Purchase Agreement By and Between The Santa Cruz Operation, Inc. and Novell, Inc., dated as of September 19, 1995, and any amendments and schedules thereto.

5.    The "IBM Litigation" means *The SCO Group, Inc. v. International Business Machines Corp.*, Case No. 03-CV-0294, United States District Court for the District of Utah.

6.    "Documents" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001. "Document" shall include materials stored electronically or electromagnetically (such as electronic mail or any other electronic files) and all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.  A "document" also shall

2

include all attachments and enclosures, all drafts or copies that differ in any respect from the original, and all handwritten notations or notes attached on the front or back via adhesive or the like. (If copies are made of documents with notes attached on the front or back via adhesive, they shall be produced both with and without the attached adhesive notes.)

7.   "Communication" means any transmission, conveyance, or exchange of information, whether by written, oral, or other means. It includes, without limitation: any meeting, discussion, contact, conference, telephone conversation, letter, e-mail transmission, Internet posting, memorandum, document, message, telegram, telefax, mailgram, billing statement, any electronic recording, or other form of written or oral information transmission or exchange.

8.   "Concerning" means, without limitation: comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

9.   "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

10.   All nouns, whether single or plural herein, should be construed in both the singular and plural form.

## DOCUMENT REQUESTS

REQUEST FOR PRODUCTION NO. 6:

Please produce the agreement between SCO and Sun Microsystems, Inc. ("Sun"), referenced in your Answer to Paragraphs 50 - 51 of Novell's Counterclaims, and any other agreements between SCO and Sun concerning UNIX or UnixWare.

REQUEST FOR PRODUCTION NO. 7:

Please produce all documents concerning the agreements between SCO and Sun referenced in Request for Production No. 6, including, but not limited to, your communications

and negotiations with Sun relating to these agreements and SCO's revenue attributable to each agreement.

REQUEST FOR PRODUCTION NO. 8:

Please produce the agreement between SCO and Microsoft Corporation, referenced in your Answer to Paragraphs 50 - 51 of Novell's Counterclaims, and any other agreements between SCO and Microsoft concerning UNIX or UnixWare.

REQUEST FOR PRODUCTION NO. 9:

Please produce all documents concerning the agreements between SCO and Microsoft referenced in Request for Production No. 8, including, but not limited to, your communications and negotiations with Microsoft relating to these agreements and SCO's revenue attributable to each agreement.

REQUEST FOR PRODUCTION NO. 10:

Please produce the intellectual property agreements "SCO has negotiated and continues to negotiate" with Linux end-users, referenced in your Answer to Paragraph 59 of Novell's Counterclaims, and any other agreements between SCO and Linux end-users resulting from SCO's Linux End-User Intellectual Property License Initiative, referenced in SCO's Form 10-K for the fiscal year ended October 31, 2003.

REQUEST FOR PRODUCTION NO. 11:

Please produce all documents concerning the agreements between SCO and the Linux end-users referenced in Request for Production No. 10, including, but not limited to, your communications and negotiations with Linux end-users relating to these agreements and SCO's revenue attributable to each agreement.

REQUEST FOR PRODUCTION NO. 12:

Please produce all agreements between SCO and UNIX vendors resulting from SCO's SCOsource business, as referenced in SCO's Form 10-K for the fiscal year ended October 31, 2004.

REQUEST FOR PRODUCTION NO. 13:

Please produce all documents concerning the agreements between SCO and UNIX vendors referenced in Request for Production No. 12, including, but not limited to, your communications and negotiations with UNIX vendors relating to these agreements and SCO's revenue attributable to each agreement.

REQUEST FOR PRODUCTION NO. 14:

Please produce all documents concerning SCO's intellectual property licensing programs referred to as "SCOsource Licensing," the "SCO Intellectual Property License Program," and the "SCO IP Protection Program" (see, e.g., http://www.caldera.com/scosource/), including, but not limited to, all documents concerning any license or agreement considered or made thereunder, the negotiations relating to each license or agreement, and all SCO revenue attributable to each license or agreement.

REQUEST FOR PRODUCTION NO. 15:

Please produce all documents concerning your denial in paragraphs 78 and 91 of your Answer to Novell's Counterclaims that SCO's agreements with Sun, Microsoft, Linux end-users, or UNIX vendors "are 'SVRX Licenses.'"

REQUEST FOR PRODUCTION NO. 16:

Please produce all documents concerning your denial in paragraphs 85 and 86 of your Answer to Novell's Counterclaims that SCO's agreements with IBM and Sequent "were 'SVRX Licenses.'"

REQUEST FOR PRODUCTION NO. 17:

Please produce all documents concerning the allegations in paragraphs 74 and 90 of your Answer to Novell's Counterclaims that the term "SVRX Licenses" as used in the APA refers only to "then-existing SVRX licensees for their distribution of binary-code versions of System V products pursuant to sublicensing agreements."

REQUEST FOR PRODUCTION NO. 18:

Please produce all documents concerning your Answer to Paragraph 15 of Novell's Counterclaims.

REQUEST FOR PRODUCTION NO. 19:

Please produce all documents concerning your Answer to Paragraph 74 of Novell's Counterclaims.

REQUEST FOR PRODUCTION NO. 20:

Please produce all documents concerning the contention at page 111 of your Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Breach-of-Contract Claims, filed November 30, 2004, in the IBM Litigation, that "SVRX Licenses" "refer[s] just to the SVRX product Schedules that, unlike the software agreements themselves, identify all such amounts," including, but not limited to, all SVRX Product Schedules.

REQUEST FOR PRODUCTION NO. 21:

Please produce all documents concerning any licenses or agreements relating to UNIX, UnixWare, or the Merged Product (or future versions of the Merged Product) that SCO has negotiated, entered into, renewed, or amended since the execution of the APA, including, but not limited to, the licenses, agreements, renewals, or amendments, SCO revenue attributable thereto, and all communications by and between SCO and Novell relating thereto.

REQUEST FOR PRODUCTION NO. 22:

Please produce all contracts or licenses that convey or concern any right to those items listed in Section VI of Schedule 1.1(a) of the APA.

REQUEST FOR PRODUCTION NO. 23:

Please produce all contracts or licenses that convey or concern any right to those items listed in Attachment A to APA Amendment No. 1.

REQUEST FOR PRODUCTION NO. 24:

Please produce all documents concerning the drafting or negotiation of the APA.

REQUEST FOR PRODUCTION NO. 25:

Please produce all SCO Board of Director meeting minutes and presentation materials concerning the APA, including, but not limited to, all communications by and between Board members or other attendees relating to these meetings.

REQUEST FOR PRODUCTION NO. 26:

Please produce all documents concerning any communication between you and Novell concerning the APA.

REQUEST FOR PRODUCTION NO. 27:

Please produce all documents concerning any communication between you and any third parties concerning the APA.

REQUEST FOR PRODUCTION NO. 28:

Please produce all documents concerning any communication between you and Novell concerning UNIX or UnixWare copyrights.

REQUEST FOR PRODUCTION NO. 29:

Please produce all documents concerning any communication between you and any third parties concerning UNIX or UnixWare copyrights.

REQUEST FOR PRODUCTION NO. 30:

Please produce all documents concerning your Answer to Paragraph 38 of Novell's Counterclaims, including, but not limited to, all referenced communications between SCO and Novell.

REQUEST FOR PRODUCTION NO. 31:

Please produce all documents concerning your Answer to Paragraph 39 of Novell's Counterclaims, including, but not limited to, all referenced communications between SCO and Novell.

REQUEST FOR PRODUCTION NO. 32:

Please produce all your public statements, written or oral, concerning the ownership rights or intellectual property rights in UNIX or UnixWare.

REQUEST FOR PRODUCTION NO. 33:

Please produce all documents concerning your allegation in paragraph 17 of your Amended Complaint that "SCO is the sole and exclusive owner of all copyrights related to UNIX and UnixWare source code and all documentation and peripheral code and systems related thereto."

REQUEST FOR PRODUCTION NO. 34:

Please produce all SCO Board of Director meeting minutes and presentation materials concerning UNIX or UnixWare copyrights, including, but not limited to, all communications by and between Board members or other attendees relating to these subjects.

REQUEST FOR PRODUCTION NO. 35:

Please produce all documents relating to SCO's purchase price allocation for the APA, including, but not limited to, the final purchase price allocation and all drafts thereof, all reports, presentations and workpapers relating to any allocation undertaken, and all communications by or between SCO, its auditors, other third parties, and/or Novell on this subject.

REQUEST FOR PRODUCTION NO. 36:

Please produce all documents concerning SCO's general ledger transactions (and supporting documentation) for SCO's intangible assets for the period January 1, 1995 to present.

REQUEST FOR PRODUCTION NO. 37:

Please produce all documents relating to SCO's financial valuation of the APA, including, but not limited to, the final valuation and all drafts thereof, all reports, presentations and workpapers relating to any valuation performed, and all communications by or between SCO, its investment bankers, any valuation firms or other third parties, and/or Novell on this subject.

REQUEST FOR PRODUCTION NO. 38:

Please produce all documents concerning your claim that Novell is without authority or right to effect the waivers of the IBM and Sequent agreements that Novell describes in Paragraphs 86 - 88 of its Counterclaims, including, but are not limited to, all documents concerning or cited in pages 41 - 47 and 107 - 119 of your Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Breach-of-Contract Claims, filed November 30, 2004, in the IBM Litigation.

REQUEST FOR PRODUCTION NO. 39:

Please produce all documents concerning any statement made by Novell that you claim constitutes slander of title.

REQUEST FOR PRODUCTION NO. 40:

Please produce all documents concerning any claim that statements made by Novell concerning its ownership of UNIX or UnixWare copyrights were made with malice.

REQUEST FOR PRODUCTION NO. 41:

Please produce all documents concerning any claim that statements made by Novell concerning its ownership of UNIX or UnixWare copyrights were not privileged.

REQUEST FOR PRODUCTION NO. 42:

Please produce all documents concerning any claim that statements made by SCO concerning its purported ownership of UNIX or UnixWare copyrights were made without malice.

REQUEST FOR PRODUCTION NO. 43:

Please produce all documents concerning any claim that statements made by SCO concerning its purported ownership of UNIX or UnixWare copyrights were privileged.

<u>REQUEST FOR PRODUCTION NO. 44:</u>

Please produce all documents concerning SCO's efforts after the execution of the APA to market, sell, or promote its UNIX platforms and/or its products relating to UNIX or UnixWare, or to complete the Merged Product.

<u>REQUEST FOR PRODUCTION NO. 45:</u>

Please produce all documents concerning the transfer of any UNIX or UnixWare assets from the Santa Cruz Operation, Inc., to or between Caldera, Inc., Caldera Systems, Inc., Caldera International Inc., and/or SCO.

DATED:        December 14, 2005

MORRISON & FOERSTER LLP

By: _____

Kenneth W. Brakebill

10

MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff & Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant & Counterclaim-Plaintiff. | **NOVELL, INC.'S NOTICE OF THIRD PARTY SUBPOENA**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

TO THE SCO GROUP, INC. AND ITS COUNSEL OF RECORD:

Please take notice that, in accordance with Rule 45 of the Federal Rules of Civil

Procedure, Novell, Inc. intends to serve a document subpoena on DataSafe, Inc. A copy of the

subpoena is attached to this notice.

1

The subpoena will be served February 2, 2006.

DATED: January 31, 2006

MORRISON & FOERSTER LLP

By: _____
            Kenneth W. Brakebill

2

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_____ Northern ____ DISTRICT OF California _____

THE SCO GROUP, INC.

v.

NOVELL, INC.

## SUBPOENA IN A CIVIL CASE

Case Number:[1] C-04-0139 (DAK)
(pending in D. Utah)

TO: DATASAFE, INC. (Attn: Frank Cornejo, Manager of Client Services)
3160 West Bayshore
Palo Alto, California 94303

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Exhibit A.

| PLACE Morrison & Foerster LLP 425 Market Street San Francisco, California 94105 | DATE AND TIME 10 a.m., February 15, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 1/31/2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
David E. Melaugh, Morrison & Foerster LLP
425 Market Street, San Francisco, California, 415/268-7000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## INSTRUCTIONS & DEFINITIONS

This subpoena requires you to produce all responsive documents in your custody or control. Please produce such documents in their entirety, as they are kept in the ordinary course of business.

As used below, "concerning" means, without limitation: comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

"Documents" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001. Notwithstanding this definition, these Requests seek only documents from the material abandoned by Brobeck Phleger & Harrison and its former clients. We do not request that DataSafe search for material beyond those archives.

You are instructed to produce the following documents at the time and place specified in the subpoena:

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

All documents concerning the Santa Cruz Operation, Inc.'s ("Santa Cruz") acquisition of any assets from Novell, Inc. ("Novell").

**REQUEST NO. 2:**

All documents concerning the restructuring of Santa Cruz's business during its fiscal year 2000.

**REQUEST NO. 3:**

All documents concerning the sale or transfer of Santa Cruz assets to Caldera Systems ("Caldera"), including all transactional, due diligence, and negotiation documents, and other communications concerning the sale or transfer.

**REQUEST NO. 4:**

All documents concerning the formation of Caldera International, including its ownership of assets acquired from Santa Cruz.

**REQUEST NO. 5:**

All documents concerning Santa Cruz's Board of Directors meetings regarding Santa Cruz's acquisition of any assets from Novell, the restructuring of Santa Cruz's business, or Santa Cruz's sale or transfer of assets to Caldera.

MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, <br><br> Plaintiff & Counterclaim-Defendant, <br><br> vs. <br><br> NOVELL, INC., a Delaware corporation, <br><br> Defendant & Counterclaim-Plaintiff. | **NOVELL, INC.'S NOTICE OF THIRD PARTY SUBPOENA** <br><br> Case No. 2:04CV00139 <br><br> Judge Dale A. Kimball |

TO THE SCO GROUP, INC. AND ITS COUNSEL OF RECORD:

Please take notice that, in accordance with Rule 45 of the Federal Rules of Civil

Procedure, Novell, Inc. intends to serve a document subpoena on Recall. A copy of the

subpoena is attached to this notice.

1

sf-2102369

The subpoena will be served April 19, 2006.


DATED: April 17, 2006

MORRISON & FOERSTER LLP


By:   /s/  Kenneth W. Brakebill
              Kenneth W. Brakebill

2

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__Northern__ DISTRICT OF __California__

THE SCO GROUP, INC.

## SUBPOENA IN A CIVIL CASE

v.

NOVELL, INC.

Case Number:[1] C-04-0139 (DAK)

(pending in D. Utah)

TO: Recall, c/o Mr. Jim Wruck
10901 Bigge Street
San Leandro, California 94577

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Morrison & Foerster LLP 425 Market Street San Francisco, California 94105 | 10 a.m., May 3, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | April 17, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
David E. Melaugh, Morrison & Foerster LLP
425 Market Street, San Francisco, California, 415/268-7000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                DATE          SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## INSTRUCTIONS & DEFINITIONS

This subpoena requires you to produce all responsive documents in your custody or control. Please produce such documents in their entirety, as they are kept in the ordinary course of business.

As used below, "concerning" means, without limitation: comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

"Documents" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001. Notwithstanding this definition, these Requests seek only documents from the material abandoned by Brobeck Phleger & Harrison and its former clients. We do not request that Recall search for material beyond those archives.

You are instructed to produce the following documents at the time and place specified in the subpoena:

## DOCUMENTS TO BE PRODUCED

## REQUEST NO. 1:

All documents concerning the Santa Cruz Operation, Inc.'s ("Santa Cruz") acquisition of any assets from Novell, Inc. ("Novell").

## REQUEST NO. 2:

All documents concerning the restructuring of Santa Cruz's business during its fiscal year 2000.

## REQUEST NO. 3:

All documents concerning the sale or transfer of Santa Cruz assets to Caldera Systems ("Caldera"), including all transactional, due diligence, and negotiation documents, and other communications concerning the sale or transfer.

## REQUEST NO. 4:

All documents concerning the formation of Caldera International, including its ownership of assets acquired from Santa Cruz.

**REQUEST NO. 5:**

All documents concerning Santa Cruz's Board of Directors meetings regarding Santa Cruz's acquisition of any assets from Novell, the restructuring of Santa Cruz's business, or Santa Cruz's sale or transfer of assets to Caldera.