# Rebecca Borowitz

| | |
|---|---|
| **From:** | Ted Normand |
| **Sent:** | Thursday, May 25, 2006 4:26 PM |
| **To:** | Rebecca Borowitz |
| **Cc:** | Jason Cyrulnik |
| **Subject:** | FW: Finalizing Protective Order |

-----Original Message-----
From: Brakebill, Ken W. [mailto:KBrakebill@mofo.com]
Sent: Wednesday, May 17, 2006 5:08 PM
To: Ted Normand
Subject: RE: Finalizing Protective Order

Ted: We are planning on doing a significant production to you next week; it's already in process. David Melaugh of our office informed Sashi of your office about this impending production earlier this month. (We have been delayed because we encountered some technical problems in processing.) So, let's go ahead and get to the substance of the matter in the interim: what, if any, edits do you have regarding my proposed sentence at the end of Paragraph 4 (the sole outstanding issue) so that we can finally put this PO to rest and get it executed? I don't see the additional sentence as being very controversial.

Thanks.
-Ken

-----Original Message-----
From: Ted Normand [mailto:TNormand@BSFLLP.com]
Sent: May 09, 2006 5:59 AM
To: Brakebill, Ken W.
Subject: RE:Finalizing Protective Order

Ken --

I cannot evaluate whether SCO will agree to the new language unless and until SCO receives a significant production of documents from Novell. Regards,

Ted

_____

From: Brakebill, Ken W. [mailto:KBrakebill@mofo.com]
Sent: Friday, April 21, 2006 3:42 PM
To: Ted Normand
Subject: RE: Finalizing Protective Order

Ted: I'm looping back with you to bring closure on the Protective Order. Thanks for your response below. Per your request, I'm attaching a final, non-redlined version. Note that I have proposed one additional sentence at the very end of paragraph 4 relating to use and disclosure of Confidential materials in the arbitration. I think it's a non-controversial sentence; it is aimed at making this an efficient process for all of us, while of course making sure that confidentiality protections are preserved. Please confirm and we can get this signed, sealed, and submitted to the Court.

1

-Ken

<< File: 2117274v1.DOC >>
-----Original Message-----
From:  Ted Normand [mailto:TNormand@BSFLLP.com]
Sent:    April 01, 2006 11:06 AM
To:      Brakebill, Ken W.
Subject:          RE:Finalizing Protective Order

Ken --

Reviewing your e-mail and the redline, I can agree to your proposed version.  I would like to see the final, non-redlined proposed version, to make sure you and I are on the same page.  Thanks,

Ted


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 disclosure:  !%R\*&
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law.  If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived.  If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.

_____

From: Brakebill, Ken W. [mailto:KBrakebill@mofo.com]
Sent: Monday, March 13, 2006 11:13 PM
To: Ted Normand
Subject: Finalizing Protective Order

Ted:

I'm looping back with you on our prior conversations on the Protective Order in this case to try to button this up with finality.  I think the bottom line is that we've already agreed to most everything in the PO (including that confidential-labeled materials will be kept confidential under the agreed-upon terms in the PO).  Last we communicated on the subject, there was only one issue to be excised off: what to do about experts/consultants.

To make sure we're on the same page, however, let me summarize where I think we are:

1.  I've taken your last redline draft and have accepted all of your proposed changes, except for the changes relating to Paragraphs 7(a) and 7(b) (which related to experts/consultants).  See the attached document.  As to your 7(a) and (b) edits, I left them in redline form so that you can see each side's language; I address further in #4 below.

<< File: PO_v1.DOC >>

2.  Last we spoke, we had an action item relating to Paragraph 4(b). I had pointed out to you that the provision in Paragraph 4(b) for disclosure to a very limited universe of in-house employees includes the objection procedure that had been contemplated for experts/consultants in Novell's version of Paragraph 7. Recall that your proposed elimination of the objection procedure under Paragraph 7 left a hole regarding the approval procedure for the group of in-house employees in Paragraph 4(b). You and I agreed that we could resolve this issue separate from how we resolved Paragraph 7, by simply adding in a short phrase at the end of Para. 4(b) noting an objection procedure. I have done so; thus please note my redlining at the end of Para. 4(b).

3.  In your last redline to me, you had proposed to eliminate the limitation in the first sentence of Paragraph 4 that confidential information "shall be used only for the litigation of this Action, and any appeal therefrom, and no other action or proceeding." You explained that your only intent in deleting this phrase was that SCO would like to be able to use Novell materials in the IBM case (as opposed to for some general purpose or for some other SCO litigation). Given that explanation, we don't have a problem with that so long as we memorialize that SCO's use in that case complies with the terms of our protective order. So, I added some language to make this point clear and, in addition, to similarly memorialize the point that Novell can use the SCO confidential from the IBM case in this matter. (See the last paragraph of Para. 4.) I don't believe there's anything controversial about this.

4.  Finally, our one point of disagreement was whether there should be an objection procedure for experts/consultants -- Paragraphs 7(a) and 7(b). As you'll recall, we included a notice/objection provision for experts/consultants so that a party seeking to disclose the other's confidential information must provide formal written notice, along with the proposed expert's CV with various information, business title, and professional relationships with known competitors of the adverse party. That party would then have a short window to object and raise with the court, if necessary. I understand, last we spoke, that SCO wants to eliminate such a notice provision. We cannot agree to this, however. A significant effect of eliminating the notice provision would be that the expert/consultant for one party can see the confidential info of the other party after mere execution of an acknowledgement form, notwithstanding the fact that the other might object if it knew about the proposed disclosure. You mentioned that the expert's signing of an undertaking might give Novell contractual protection against disclosure. But we see multiple problems with this, including (1) there would be no way for Novell to enforce/police the agreement if it doesn't know or won't know who the expert is/was and (2) this misses the point because Novell should be able to make an assessment up front as opposed to (possibly) having a remedy only after confidentiality has been breached. I understand that you think advance disclosure of experts might hinder SCO's ability to get an expert to work with it, but a party's confidentiality interest (especially in a technical case such as this) will trump this. Please reconsider your position on this. Absent your agreement, we will need to raise this issue with the Court.

Thanks. I look forward to hearing back from you soon.
-Ken

*****************************************************************************************

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*****************************************************************************************

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

================================================================================
=========

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230.html

================================================================================
=========

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
================================================================================
=========