## Rebecca Borowitz

**From:** Ted Normand
**Sent:** Thursday, May 25, 2006 4:25 PM
**To:** Rebecca Borowitz
**Cc:** Jason Cyrulnik
**Subject:** FW: Finalizing Protective Order

**From:** Brakebill, Ken W. [mailto:KBrakebill@mofo.com]
**Sent:** Friday, April 21, 2006 3:42 PM
**To:** Ted Normand
**Subject:** RE: Finalizing Protective Order

Ted:  I'm looping back with you to bring closure on the Protective Order.  Thanks for your response below.  Per your request, I'm attaching a final, non-redlined version.  Note that I have proposed one additional sentence at the very end of paragraph 4 relating to use and disclosure of Confidential materials in the arbitration.  I think it's a non-controversial sentence; it is aimed at making this an efficient process for all of us, while of course making sure that confidentiality protections are preserved.  Please confirm and we can get this signed, sealed, and submitted to the Court.

-Ken



2117274v1.DOC
(105 KB)

-----Original Message-----
**From:** Ted Normand [mailto:TNormand@BSFLLP.com]
**Sent:** April 01, 2006 11:06 AM
**To:** Brakebill, Ken W.
**Subject:** RE:Finalizing Protective Order

Ken --

Reviewing your e-mail and the redline, I can agree to your proposed version.  I would like to see the final, non-redlined proposed version, to make sure you and I are on the same page.  Thanks,

Ted

**************************************************************************
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
**************************************************************************
The information contained in this electronic message is confidential information intended only for the use of the named recipient (s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law.  If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived.  If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.

Dockets.Justia.com

**From:** Brakebill, Ken W. [mailto:KBrakebill@mofo.com]
**Sent:** Monday, March 13, 2006 11:13 PM
**To:** Ted Normand
**Subject:** Finalizing Protective Order

Ted:

I'm looping back with you on our prior conversations on the Protective Order in this case to try to button this up with finality. I think the bottom line is that we've already agreed to most everything in the PO (including that confidential-labeled materials will be kept confidential under the agreed-upon terms in the PO). Last we communicated on the subject, there was only one issue to be excised off: what to do about experts/consultants.

To make sure we're on the same page, however, let me summarize where I think we are:

1. I've taken your last redline draft and have accepted all of your proposed changes, except for the changes relating to Paragraphs 7(a) and 7(b) (which related to experts/consultants). See the attached document. As to your 7(a) and (b) edits, I left them in redline form so that you can see each side's language; I address further in #4 below.

   << File: PO_v1.DOC >>
2. Last we spoke, we had an action item relating to Paragraph 4(b). I had pointed out to you that the provision in Paragraph 4(b) for disclosure to a very limited universe of in-house employees includes the objection procedure that had been contemplated for experts/consultants in Novell's version of Paragraph 7. Recall that your proposed elimination of the objection procedure under Paragraph 7 left a hole regarding the approval procedure for the group of in-house employees in Paragraph 4(b). You and I agreed that we could resolve this issue separate from how we resolved Paragraph 7, by simply adding in a short phrase at the end of Para. 4(b) noting an objection procedure. I have done so; thus please note my redlining at the end of Para. 4(b).

3. In your last redline to me, you had proposed to eliminate the limitation in the first sentence of Paragraph 4 that confidential information "shall be used only for the litigation of this Action, and any appeal therefrom, and no other action or proceeding." You explained that your only intent in deleting this phrase was that SCO would like to be able to use Novell materials in the IBM case (as opposed to for some general purpose or for some other SCO litigation). Given that explanation, we don't have a problem with that so long as we memorialize that SCO's use in that case complies with the terms of our protective order. So, I added some language to make this point clear and, in addition, to similarly memorialize the point that Novell can use the SCO confidential from the IBM case in this matter. (See the last paragraph of Para. 4.) I don't believe there's anything controversial about this.

4. Finally, our one point of disagreement was whether there should be an objection procedure for experts/consultants -- Paragraphs 7(a) and 7(b). As you'll recall, we included a notice/objection provision for experts/consultants so that a party seeking to disclose the other's confidential information must provide formal written notice, along with the proposed expert's CV with various information, business title, and professional relationships with known competitors of the adverse party. That party would then have a short window to object and raise with the court, if necessary. I understand, last we spoke, that SCO wants to eliminate such a notice provision. We cannot agree to this, however. A significant effect of eliminating the notice provision would be that the expert/consultant for one party can see the confidential info of the other party after mere execution of an acknowledgement form, notwithstanding the fact that the other might object if it knew about the proposed disclosure. You mentioned that the expert's signing of an undertaking might give Novell contractual protection against disclosure. But we see multiple problems with this, including (1) there would be no way for Novell to enforce/police the agreement if it doesn't know or won't know who the expert is/was and (2) this misses the point because Novell should be able to make an assessment up front as opposed to (possibly) having a remedy only after confidentiality has been breached. I understand that you think advance disclosure of experts might hinder SCO's ability to get an expert to work with it, but a party's confidentiality interest (especially in a technical case such as this) will trump this. Please reconsider your position on this. Absent your agreement, we will need to raise this issue with the Court.

Thanks. I look forward to hearing back from you soon.
-Ken

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>      Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>      Defendant/Counterclaim-Plaintiff. | **STIPULATED PROTECTIVE ORDER**<br><br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff/Counterclaim-Defendant The SCO Group, Inc. and Defendant/Counterclaim-Plaintiff Novell, Inc. that, in view of the fact that this action may involve disclosure of trade secret, proprietary, technical, scientific, business, or financial information regarded as confidential, the following Protective Order be entered pursuant to Federal Rule of Civil Procedure 26(c), subject to the approval of the Court.

**IT IS HEREBY AGREED AND ORDERED THAT:**

1. **"Confidential" Information.**

    a.    A party may designate as **"Confidential"** those materials that it, as the designating party, in good faith believes contain information that is (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests, (b) not generally known,

1

and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

        b.    For purposes of this Stipulated Protective Order, **Confidential** information may include any writings, drawings, graphs, charts, photographs, phone records, records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, databases, version control systems, communications, letters, electronic and hard-copy correspondence, e-mails and attachments thereto, source code and object code, answers to interrogatories, responses to requests for admissions, or motions, and/or any other document or thing which may be delivered from or on behalf of a designating party to another in connection with the Action including, without limitation, copies, or information stored on any storage device or computer.

    **2.**    **Effect of Designation.**

    The designation of information as **Confidential** shall constitute a representation that an attorney believes that there is a valid basis for such designation. The designation or failure to designate information as **Confidential** may not be used against the producing party, however, as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive.

    **3.**    **Scope of Order.**

        a.    Information to be covered by this Stipulated Protective Order shall include **Confidential** information, as defined above, that is set forth, revealed, or provided: (a) in response to discovery requests made under Federal Rule of Civil Procedure 31, 33, or 36; (b) in any documents, things, or premises made available for inspection or produced to the discovering party pursuant to Federal Rule of Civil Procedure 26, 33, or 34 or in response to a subpoena

under Federal Rule of Civil Procedure 45; (c) during depositions upon oral or written

examination under Federal Rule of Civil Procedure 30 or 31; (d) in connection with any other

discovery taken in this action, whether pursuant to the Federal Rules of Civil Procedure,

informally, or by agreement; (e) in or accompanying correspondence to the receiving party; (f) in

submissions to or before the Court, including testimony, briefs, exhibits, and declarations; and

(g) in response to any Order of the Court.

        b.      Information to be covered by this Stipulated Protective Order also shall

include privileged information, as discussed below.

    **4.**    **Disclosure and Use of Confidential Information.**

    Subject to Paragraphs 5, 16, 18-19, 21, and 23 below, **Confidential** information shall be

disclosed only to the following persons:

        a.      **Counsel:** In-house counsel and outside counsel of record for the

parties to this Action, together with those attorneys' stenographic,

clerical, secretarial, paralegal and other employees whose duties and

responsibilities are to assist counsel in this Action and who require

access to **Confidential** information to complete these job duties;

        b.      **In-House Employees:** In-house employees of the parties requiring

access to the **Confidential** information for purposes of maintaining or

defending the Action and specifically assigned to support counsel in

this regard, so long as those employees complete and sign a

Declaration and Acknowledgement in the form attached hereto as

Exhibit A, a copy of which shall be provided to counsel for the parties

prior to any disclosure of any **Confidential** information, subject to the

3

disclosing party's right to object in writing and in good faith and on reasonable grounds within five (5) business days of receiving the Declaration and Acknowledgement and raise and resolve said objection with the Court;

c. **Litigation Support Services**: Outside litigation support services retained by the outside counsel of record, to the extent necessary to assist such counsel in this litigation, including copy services, document production services, exhibit-making and legal graphics services, translation services, coding services, database services, scanning services, computer animation and video services, jury consultants and their support, administrative, and clerical staff, and mock jurors.

d. **Court Personnel:** Officers of this Court (including the jury) and their supporting personnel, or officers of any appellate court to which any appeal may be taken or in which review is sought and their supporting personnel;

e. **Court Reporters:** Stenographers and videographers who take, record or transcribe testimony in this Action, at deposition, a hearing, or trial, to the extent necessary to carry out their services;

f. **Outside Experts or Consultants:** Subject to the conditions set forth in paragraph 7, outside experts or outside consultants, including their administrative and clerical staff retained by the parties for purposes of this litigation;

4

g.  **Drafters or Recipients:**  Any person having written or received such document during the course of his or her employment or consultancy, but disclosure shall be limited only to the specific document(s) which the person in question wrote or received.

h.  **Others Specifically Authorized:**  Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the designating party; and other persons whom the designating party specifically and in writing allows disclosure.

When, in this action, SCO produces information that it marked **Confidential** in The SCO Group Inc. v. International Business Machines Corp., Case No. 2:03CV294 DAK, D. Utah ("SCO v. IBM case"), such information may be used for purposes of this action and disclosed to those persons identified in Paragraph 4 of this Order, provided that such use and disclosure is in compliance with the terms and conditions of the Protective Order entered in the SCO v. IBM case.  **Confidential** information produced by Novell in this action may be used and disclosed in the SCO v. IBM case, provided that such information is used and disclosed in compliance with the terms and conditions of this Order.  Further, any **Confidential** information produced by Novell and SCO in this action may be used in the matter of SUSE Linux GMBH v. SCO, International Court of Arbitration of the International Chamber of Commerce, Case No. 14320/FM ("the Arbitration"), provided that said **Confidential** information is disclosed only to the specific categories of persons identified in Paragraph 4 of this Order, or the equivalent thereof in the Arbitration, and that such use and disclosure does not violate the terms and conditions of this Order and complies with the International Chamber of Commerce Rules of

5

Arbitration and the terms of any Protective Order or confidentiality agreement entered into between the parties in the Arbitration.

**5.      Use During Examination or Cross-Examination.**

Nothing herein shall limit a party's ability to use **Confidential** information to examine or cross-examine deposition or trial witnesses (a) who are current officers, employees, experts, or attorneys of a party from which the **Confidential** information originated or was received, (b) who are former officers, agents, employees, experts, or attorneys of a party from which the **Confidential** information originated or was received and that originated or was created during or prior to the period or periods of employment or retention for such individuals, and (c) whom the producing party has designated under Federal Rule of Civil Procedure 30(b)(6), if the **Confidential** information at issue originated or was created during or prior to the designees' employment with the producing party.  A party desiring to use **Confidential** information to examine or cross-examine deposition or trial witnesses other than those persons identified in (a) through (c) of this Paragraph, or other than those persons specifically authorized under Paragraph 4, may only do so provided that these witnesses are advised at the time of questioning that the subject information is **Confidential**, that this **Confidential** information is subject to a protective order, and that they are required to keep the information confidential by the terms of this Protective Order.

**6.      Handling of Confidential Materials.**

Any person in possession of **Confidential** materials shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained.

7.    **Outside Experts or Consultants.**

a.    A party desiring to disclose **Confidential** information to an outside expert or consultant under Paragraph 4(f) first shall give written notice to the designating party whose information it desires to disclose, who shall have five (5) business days after such notice is received to object in writing. The notice shall contain the following information about the proposed expert or consultant: (a) business address; (b) business title; (c) business or profession; (d) any and all professional relationship(s) with any of the parties, or any known competitors of the adverse party, or any of their related entities, either currently or in the past; and (e) a curriculum vitae showing employment/consulting history, publications, and prior testimony. The notice also shall include a Declaration and Acknowledgement form attached hereto as Exhibit A, completed and signed by the proposed expert or consultant.

b.    Any objection under this paragraph shall be made in good faith and on reasonable grounds. Should the parties be unable to resolve the objection, the objecting party shall raise this matter with the Court and request an Order restricting such individual's access to the objecting party's **Confidential** information. Failure to object within five (5) business days of receiving notice, or failure to raise this matter with the Court within ten business days after service of the objection, shall be deemed approval, and such person shall thereafter be qualified to have access to the objecting party's **Confidential** information pursuant to the terms and conditions of this Protective Order;

c.    The proposing party shall not disclose any **Confidential** information of the objecting party to the proposed expert or consultant during the period for objection, nor during the pendency of any request made to the Court in accordance with this paragraph. Consent to the disclosure of information shall not unreasonably be withheld.

**Formatted:** Bullets and Numbering

7

d.     The administrative and clerical staff of an outside consultant or expert under Paragraph 4(f) shall be deemed to have signed the Declaration and Acknowledgement form of Exhibit A when the outside expert or consultant supervising such individuals has executed the form.

**8.     Designating Confidential Information.**

a.     If, in the course of this Action, a party discloses information that it in good faith contends is **Confidential** information, this party (the "designating party") may designate such information as such by marking each page of each document so designated:

**"Confidential - Subject to Protective Order, *SCO v. Novell*,<br>Civil Case No. 2:04CV00139 DAK"**

b.     If any **Confidential** Information cannot be labeled with the aforementioned marking, it shall be placed in a sealed envelope or other container that is in turn marked "**Confidential**" in a manner agreed upon by the disclosing and requesting parties.

c.     When files and records are produced for inspection, no marking need be made in advance of the inspection. For purposes of the initial inspection, all documents in any produced files shall be considered marked as **Confidential**. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the inspecting party.

d.     If a party believes in good faith that the inspection, measuring, testing, sampling, or photographing of its processes, products, equipment, premises, or other property, pursuant to Federal Rule of Civil Procedure 34, will reveal or disclose **Confidential** information, then that party shall advise the requesting party that the inspection, measuring, testing, sampling,

or photographing will be permitted only on a **Confidential** information basis. In such an event, the inspection, measuring, testing, sampling, or photographing may only be performed by those permitted to have access to **Confidential** information, under this Order, and information derived from such activities shall be treated as **Confidential** information.

        e.      An exhibit to a deposition shall be treated in accordance with the confidentiality designation already given to it or, if the exhibit has not been previously produced, given to it on the record at the time of the deposition. The designation of a deposition as **Confidential** information or the de-designation of a deposition as **Confidential** information shall not affect the confidentiality status of exhibits presented at the deposition.

    **9.**      **Deposition, Trial, or Other Testimony.**

        a.      If information to be treated in confidence is contained in deposition, trial, or other testimony, the transcript may be designated as containing **Confidential** information by so notifying the other parties on the record, at the time of the testimony, or by notifying the other parties in writing, within fourteen (14) days of receipt of the transcript of the specific pages and lines of the transcript which contain such **Confidential** information. After such fourteen (14) day period has expired and in the absence of any written notice concerning the specific portions of the transcript that the producing party believes contain **Confidential** information, the transcript of testimony shall be treated as designated on the record at the time of testimony, or if no designations were made, then the transcript of testimony shall be treated as a public document.

        b.      Unless otherwise agreed to by the parties in writing or on the record, no individual not qualified hereunder to receive **Confidential** information shall be in attendance at that portion of a deposition during which **Confidential** information of another party is being

testified to.  The designating party shall have the right to exclude from attendance at said

deposition, during such time as **Confidential** information is to be disclosed, any person other

than the deponent, Counsel, court reporter, videographer (if any), and other individuals

authorized to receive such information as otherwise provided by this order.  Persons shall not be

excluded from attendance at said deposition from those portions during which information is

disclosed to which they are otherwise authorized access under this Order.

      **10.**      **Sealing Procedures.**

      Any information designated as **Confidential** information that is included with, or its

contents are in any way disclosed in, any pleading, motion, deposition transcript, or other papers

filed with the Clerk of the Court shall be filed in sealed envelopes, or other appropriately sealed

containers, prominently marked with the following notations:

      (i)      The case number (Civil Case No. 2:04CV00139 DAK);

      (ii)      The name of the filing party;

      (iii)      An indication of the filing's contents, such as the title of the filing; and

      (iv)      A statement substantially similar to the following:

**FILED UNDER SEAL**
**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

      **11.**      **Disclosure During Trial or Hearings in Open Court.**

      Should the need arise during the trial or any hearing for the parties to disclose

**Confidential** information, such disclosure may only be made after the designating party has had

the opportunity to request *in camera* review or other safeguards from the Court.  The party

seeking to make such disclosure shall provide reasonable notice of its intent to the designating

party, and shall not object to reasonable requests for such safeguards.  At trial, no party, witness

10

or attorney shall refer in the presence of the jury to this Protective Order or to any confidentiality

designation made pursuant to this Order, unless the Court first provides the jury with a brief

explanation of the nature and purpose of the Order.  In no event shall any party, witness or

attorney argue or suggest in the presence of the jury that a designating party acted wrongfully in

designating material as **Confidential**.

12. **Inadvertent or Unintentional Disclosure of Confidential Information by Producing Party.**

      a.     If a party to this Order inadvertently fails to designate information as

**Confidential** information, such failure shall not constitute a waiver of the producing party's right

to so designate such information.  In the event that such an inadvertent failure occurs, the

producing party shall upon discovery of the failure promptly notify in writing all parties known

to have received the information in question, and provide them with appropriately marked

substitute copies of the affected information.  Until a receiving party receives such notification,

any disclosure made by that party of the information to those not permitted by this Order to have

access to the information shall not constitute a violation of this Order.  Moreover, no person or

party shall incur liability with respect to any disclosure by the receiving party of **Confidential**

information that was inadvertently disclosed without proper designation by the producing party,

provided the disclosure by the receiving party occurred prior to the receipt by the receiving party

of a notice of the inadvertent disclosure without proper designation.  However, upon receiving

such notification, the receiving party shall request all parties to whom the information was

disclosed by the receiving party, but who are not permitted to have access to such information

under the terms of this Order, to return the information to the receiving party.  The receiving

11

party shall also destroy all copies of the incorrectly labeled information and replace them with the substitute copies provided by the producing party.

        b.      The inadvertent or unintentional disclosure by the producing party of **Confidential** information, either by way of document production or deposition testimony, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter so long as such inadvertent or unintentional disclosure was not the result of recklessness or gross negligence on the part of the producing party. Any such inadvertently or unintentionally disclosed **Confidential** information not designated as such pursuant to Paragraph 8(a) shall be so designated, by giving written notice to all parties, as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure. Within fourteen (14) days of such notice and receipt of substitute copies bearing the appropriate confidentiality marking, the receiving party shall return said documents and things and not retain copies thereof, destroy said documents and things, or raise this matter with the Court and request an Order permitting the receiving party to retain the originally disclosed information. Unless the receiving party is opposing the return or destruction of such information, the receiving party also shall use good faith efforts to arrange for the return or destruction of said documents and things from parties and individuals to whom it may have distributed the documents or things but who were not authorized to receive **Confidential** documents under this Protective Order. If the receiving party opposes the return or destruction of such information, it shall, after receiving notice from the producing party, nonetheless use good faith efforts to avoid any further distribution of such information to unauthorized parties or individuals, pending resolution of the issue by the Court. The receiving party's disclosures, prior to the receipt of notice from the

12

producing party of a new designation, of **Confidential** information to unauthorized parties or individuals shall not be deemed a violation of this Protective Order. If the receiving party is unable to arrange for the return or destruction of such documents and things from such unauthorized parties or individuals, the receiving party shall notify the producing party within fourteen (14) days of notice from the producing party of the identity of such unauthorized parties or individuals and the efforts made to secure the return or destruction of such documents and things. Upon the redesignation of information under this paragraph, upon agreement of the parties, or by Court order, said information shall thereafter be treated as **Confidential**, as designated by the producing party.

13. **Inadvertent or Unintentional Disclosure of Confidential Information by Receiving Party.**

Should any information already designated **Confidential** be disclosed inadvertently or unintentionally by the receiving party to any person not authorized under this Stipulated Protective Order, the receiving party shall use its best efforts to bind such person to the terms of this Order; and the receiving party shall: (a) promptly inform such person of all the provisions of this Order; (b) immediately identify such person and the **Confidential** information disclosed to the party or non-party that designated the document as containing **Confidential** information; (c) request such person to sign a Declaration and Acknowledgement in the form attached as Exhibit A; and (d) retrieve all copies of documents containing the inadvertently disclosed information. The executed Declaration and Acknowledgement shall be provided promptly to the party or non-party that designated the document or information as **Confidential**.

14.    **Inadvertent or Unintentional Disclosure of Privileged Information.**

      a.    In the event that a producing party inadvertently or unintentionally produces materials that otherwise are not discoverable for reasons of the attorney-client privilege, work product immunity, or other privilege, doctrine, or immunity, such party shall upon discovering such inadvertent disclosure promptly give written notice to the receiving party. Immediately upon receiving such notice, outside counsel for the receiving party shall sequester in its offices all identified information, including any and all copies made, and return it to the producing party, which need not demonstrate that the production was inadvertent or unintentional.

      b.    Nothing herein shall preclude the receiving party from challenging the privilege or immunity claimed by the producing party regarding the inadvertently produced document or information, so long as the receiving party seeks relief from the Court within fourteen (14) days of its receipt of written notice of inadvertent disclosure. The receiving party may use the inadvertently produced document or information that is claimed to be privileged or work product in a submission to the Court when challenging the privilege or immunity claimed by the producing party.

15.    **Challenges to Designation.**

    A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. A party may apply to the Court for an order that information labeled **Confidential** is not, in fact, confidential. Prior to so applying, the party seeking to reclassify **Confidential** information shall seek the producing party's agreement. If the parties cannot agree on the appropriate classification of the information in question, the party seeking reclassification may request the

14

Court for such reclassification. In any request, the producing party shall ultimately have the burden of establishing the need for classification as **Confidential**. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order.

16.    **Third Party Subpoenas or Demands.**

If any receiving party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a party to this action, seeking information which was produced or designated as **Confidential** by someone other than the receiving party, the receiving party shall transmit a copy of such subpoena, demand, or legal process, by hand or facsimile transmission, within five (5) business days of receipt of such subpoena, demand or legal process, to those who produced or designated the material **Confidential** and shall reasonably cooperate with the producing party in preparing timely objections to its production. Should the person seeking access to the **Confidential** information take action against the receiving party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the receiving party shall respond by setting forth the existence of this Order. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of **Confidential** information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

17.    **Confidentiality Interests of Third Parties.**

A party may temporarily withhold production of otherwise discoverable information pursuant to a subpoena, deposition question, or discovery request, if the party is under an

15

obligation to a third party not to disclose such information.  In such an event, the objecting party shall:

        a.    Promptly provide to the person or entity whose confidentiality interests are implicated (1) notice of its intention to disclose the information in question and (2) a copy of this Order; and

        b.    Within thirty (30) business days of the notice sent pursuant to subparagraph (a) above, produce the requested information in question in compliance with this Order, unless the request is otherwise objectionable, or the person or entity whose confidentiality interests are implicated moves for or obtains a protective order precluding such disclosure from this Court within that time.

**18.    Use of Independently Obtained, Unrestricted, Public, or Produced Information.**

    This Stipulated Protective Order shall not impose any restrictions on the use or disclosure by a party of information or material properly obtained by such party independently of discovery in the Action, whether or not such material is also obtained through discovery in this Action, or from disclosing its own **Confidential** information as it deems appropriate.  Further, this Stipulated Protective Order shall not apply to information which (a) was properly known to the receiving party before disclosure hereunder, (b) is or becomes part of public knowledge through no breach of the provisions of this Stipulated Protective Order, (c) is independently developed by the receiving party without access to the **Confidential** information disclosed hereunder, or (d) is disclosed to the receiving party by a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

16

19.    **Disclosure of a Party's Own Information.**

The terms of this Stipulated Protective Order shall in no way restrict a designating party's right to reveal or disclose to anyone any materials designated by that party as **Confidential** information so long as such disclosure does not violate a designation by another party of information as **Confidential**.

20.    **No Waiver of Rights.**

This Stipulated Protective Order shall not be deemed a waiver of (a) any party's or producing entity's right to object to any discovery requests on any ground; (b) any party's right to seek an order compelling discovery with respect to any discovery requests; (c) any party's right to object to the admission of evidence on any ground; (d) any party's or producing entity's right to use its own documents, testimony, transcripts, and/or other materials or things within its own discretion; (e) the attorney-client privilege or protection of the work product doctrine; or (f) any party's right to seek additional protection for certain materials or information.  In the event that a party seeks such additional protection, that party shall first confer with the opposing party to reach agreement with respect to such additional protection before filing a motion with the Court.

21.    **Disclosure Beyond the Terms of this Order.**

Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as **Confidential** information consents to such disclosure in writing or on the record, or if the Court, after notice to all affected parties, orders such disclosure.

22.    **Designation by Non-Parties.**

A non-party to this Action that produces information to a party in connection with this Action, whether or not pursuant to a subpoena, may avail itself of the protections afforded by this

17

Order to the parties, by placing the **Confidential** marking identified in paragraph 8(a) on such information.

### 23. No Summaries.

**Confidential** information shall not be disclosed or summarized, in writing or orally, to anyone other than persons permitted to have access to such information under this Order. Notwithstanding the foregoing, nothing in this Order prohibits counsel for either party from advising their respective clients of the presence or absence of evidence supporting or refuting the claims or defenses in this Action.

### 24. Return or Destruction Upon Termination of Action.

Unless counsel agree otherwise in writing, within ninety (90) calendar days of the final disposition of this Action, the attorneys for the parties and experts and consultants shall destroy or return to the designating party all materials, other than attorney work product, that have been designated **Confidential** information and certify in writing that they have destroyed or deleted the same, including all copies provided by a receiving party to any other person and all copies made thereof.  Notwithstanding the foregoing, outside counsel for the parties shall be permitted to retain: (a) attorney work product created during the course of the Action; (b) work product of non-testifying consultants/experts; (c) materials made part of the Court record, or which have been filed under seal with the Clerk of the Court; and (d) file copies of all depositions and Court transcripts, including exhibits.  Such file copies must be maintained subject to the terms of this Order.

25. **Survival of Litigation.**

This Stipulated Protective Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to this Order as may be appropriate.

26. **Modifications to Protective Order.**

Any party may, on motion or other request to the Court and for good cause shown, seek a modification of this Stipulated Protective Order, and, by its agreement to this Order, no party shall be deemed to have waived the right to modifications later sought by such party. No modification in this Stipulated Protective Order that adversely affects the protection of any document produced or given by a non-party in this case shall be made without giving to that nonparty appropriate notice and opportunity to be heard by the Court.

## STIPULATION

Dated: _____          HATCH, JAMES & DODGE, P.C.


By: _____
      A member of the Firm

      Attorneys for The SCO Group
      10 West Broadway, Suite 400
      Salt Lake City, UT  84101



ANDERSON & KARRENBERG


By: _____
      A member of the Firm

19

Attorneys for Novell, Inc.
700 Chase Tower
50 West Broadway
Salt Lake City, UT  84101

**ORDER**

DATED: _____    _____

Hon. Dale A. Kimball
United States District Court Judge

20

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, | Civil No. 2:04CV-00139 DAK |
|    Plaintiff/Counterclaim-Defendant, | **DECLARATION AND ACKNOWLEDGMENT OF** |
| vs. | _____ |
| NOVELL, INC., a Delaware corporation, | |
|    Defendant/Counterclaim-Plaintiff. | |

I, _____ , state that:

1.  My address is _____

_____ .

2.  My current employer is and the address of my present employment is

_____ .

3.  My current occupation or job description is _____

_____ .

4.  I have received a copy of the Stipulated Protective Order in the above-captioned action.  I have carefully read and understand the provisions of the Stipulated Protective Order.

5.  I will comply with all of the provisions of the Stipulated Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulated

A-1

Protective Order, and will use only for purposes of this action any information marked **Confidential** that is disclosed to me.

      6.      Promptly upon termination of this action, I will return or destroy all materials containing information marked **Confidential** that came into my possession, and all documents and things that I have prepared relating thereto, to the outside attorneys for the party by whom I am employed or retained, or who noticed my deposition.

      7.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

      I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Date:_____      _____

Place:_____

A-2