

Not Reported in F.Supp.                                                                   Page 1
Not Reported in F.Supp., 1991 WL 246520 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern
Division.
Ronald W. KAFKA, Plaintiff,
v.
BELLEVUE CORPORATION, John M. Bellevue,
and Robert R. Bellevue, Defendants.
**No. 90 C 6709.**

Nov. 13, 1991.

*MEMORANDUM OPINION AND ORDER*
CONLON, District Judge.
**\*1** Plaintiff Ronald W. Kafka ("Kafka") seeks
damages allegedly sustained in investment
transactions with defendants San Francisco
Condominium, Ltd. ("the California partnership"),
Bellevue Corporation, John Bellevue, and Robert
Bellevue (collectively, "defendants"). Kafka's
second amended complaint contains three counts. In
Count II, Kafka seeks judgment on an installment
note against the California partnership, as well as its
general partners Robert Bellevue and Bellevue
Corporation. Robert Bellevue now moves to stay
this proceeding pending arbitration of Kafka's Count
II claims, pursuant to the Federal Arbitration Act, 9
U.S.C. § 3 ("section 3").

*BACKGROUND*

Kafka alleges the following facts relevant to the
determination of this motion. On January 3, 1984,
the California partnership signed an installment note
in the amount of $420,000 ("the partnership note") in
favor of a group of investors ("the investors"),
including Kafka. Kafka has a 32% interest in the
partnership note. Second amended complaint at ¶
10. At that time, Robert Bellevue and Bellevue
Corporation were the general partners of the
California partnership. *Id.* at ¶ 9. Kafka never
received any of the required payments on the
partnership note. *Id.* at ¶ 11.

Robert Bellevue alleges the following facts. Kafka,
as one of the investors, was a limited partner in the
California partnership. Robert Bellevue's motion at
¶ 4. On June 29, 1984, a partnership agreement and

certificate of limited partnership ("the partnership
agreement") were executed for the California
partnership. *Id.* at exhibit A, p. 1. The partnership
agreement is signed only by Robert Bellevue and
Bellevue Corporation as the general partners, and by
Bellevue Corporation as the original limited partner.
*Id.* at exhibit A, p. 22. Nevertheless, Robert
Bellevue alleges that Kafka was a party to this
partnership agreement as a limited partner and thus is
bound by its arbitration clause ("the arbitration
clause").[FN1] *Id.* at ¶ 4. Robert Bellevue further
alleges that Kafka's Count II claims are related to the
partnership agreement, and thus fall under the
arbitration clause. Accordingly, Robert Bellevue
moves to stay this action pending arbitration of
Kafka's Count II claims pursuant to section 3.

*DISCUSSION*

Section 3 states as follows:

If any suit or proceeding be brought in any of the
courts of the United States upon any issue referable
to arbitration under an agreement in writing for such
arbitration, the court in which such suit is pending,
upon being satisfied that the issue involved ... is
referable to arbitration under such an agreement,
shall on application of one of the parties stay the trial
of the action until such arbitration has been had in
accordance with the terms of the agreement,
providing the applicant for the stay is not in default in
proceeding with such arbitration.

42 U.S.C. § 3. In order to stay proceedings pursuant
to section 3, the movant must satisfy two conditions:
(1) the issue must be referable to arbitration under a
written arbitration agreement; and (2) the movant
must not be in default in proceeding with arbitration.
As the movant, Robert Bellevue has the burden of
showing that both conditions have been met. *Merit
Ins. Co. v. Leatherby Ins. Co.,* 581 F.2d 137, 142 (7th
Cir.1978); *C. Itoh & Co. v. Jordan International Co.,*
552 F.2d 1228, 1231 (7th Cir.1977). Both
conditions are examined in turn.

I. Written agreement for arbitration

**\*2** In considering a motion under section 3, the court
must first determine whether the parties actually

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                    Page 2
Not Reported in F.Supp., 1991 WL 246520 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

*agreed* to arbitrate in writing. A party who has not so agreed cannot be forced to arbitrate. *Shaffer v. Stratton Oakmont, Inc., 756 F.Supp. 365, 367 (N.D.Ill.1991).* In making this determination, the court must look to contract law. Thus, there must be clear evidence of a mutual meeting of the minds. *Id.*

Robert Bellevue claims that the arbitration clause in the partnership agreement constitutes a written agreement between the parties to arbitrate. Kafka has admitted that he was a limited partner in the California partnership to the extent that he contributed money to it.[FN2] However, Kafka is suing on a partnership note dated January 3, 1984. The partnership agreement was executed on June 29, 1984, over six months later. Furthermore, the partnership agreement specifically states that it binds only the general partners, Robert Bellevue and Bellevue Corporation, and the persons whose names are subscribed in the partnership agreement as "limited partners." The only person whose name is subscribed as a limited partner is Bellevue Corporation. Neither Kafka's name nor his signature appears anywhere in the partnership agreement. Thus, although the partnership agreement is in writing, there is simply no evidence that Kafka was ever a party to this agreement. Consequently, Robert Bellevue has failed to establish that there is a written agreement to arbitrate as required by section 3. Accordingly, Robert Bellevue's motion to stay pending arbitration must be denied.

## II. Default

Even if Robert Bellevue could demonstrate that the parties agreed to arbitrate, his motion must still be denied as untimely. Section 3 provides that a stay will not be granted if the movant is in default in proceeding with arbitration. *9 U.S.C. § 3.* This provision means that a party effectively waives any right to arbitrate by acting inconsistently with that right. A party acts inconsistently with the right to arbitrate when the party actually participates in the litigation before moving to stay the proceedings. *Reid Burton Construction, Inc. v. Carpenters District Council, 614 F.2d 698, 702-703 (10th Cir.), cert. denied, 449 U.S. 824 (1980); Cornell & Co. v. Barber & Ross Co., 360 F.2d 512, 513 (D.C.Cir.1966).*

There is no set rule as to what constitutes a waiver of an arbitration agreement. *Reid Burton, 614 F.2d at 702.* Instead, the court must look to the totality of the circumstances to determine whether a party to an

arbitration agreement, usually a defendant, has acted inconsistently with the arbitration right by participating in the litigation. *Dickinson v. Heinold Securities, Inc., 661 F.2d 638, 641 (7th Cir.1981).* A defendant clearly waives his right to arbitrate when he fails to communicate an intention to arbitrate until the parties are well into the preparation of a lawsuit. *Reid Burton, 614 F.2d at 702; Cornell, 360 F.2d at 513.* Thus, a motion to stay that is delayed until trial is near shall not be granted. *Id.*

**\*3** This case was filed in November 1990. The defendants appeared in February 1991. Trial shall commence on December 20, 1991. In the last nine months, the defendants have presented two motions to transfer venue, a motion to dismiss for failure to join indispensable parties, and a motion for summary judgment, as well as answered the complaint. The parties have conducted discovery and are currently preparing a final pretrial order. During all this time, no defendant ever indicated an intent to arbitrate until this motion was presented on October 15, 1991. In view of the defendants' extensive participation in this litigation, any right to arbitration that Robert Bellevue might have possessed has been waived. *Reid Burton, 614 F.2d at 703; E.C. Ernst, Inc. v. Manhattan Construction Co., 551 F.2d 1026, 1040-1041 (5th Cir.1977), cert. denied, 434 U.S. 1067 (1977). See also Galion Iron Works & Mfg. Co. v. J.D. Adams Mfg. Co., 128 F.2d 411, 413 (7th Cir.1942)* (defendant who answers on the merits waives right to arbitrate).

This litigation has progressed too far, presumably at some expense to Kafka, to shift part of the responsibility for resolution elsewhere. Robert Bellevue, after a tardy change of tactics, may not further complicate and delay the controversy by partially changing the forum and the rules. *Midwest Window Systems, Inc. v. Amcor Industries, Inc., 630 F.2d 535, 537 (7th Cir.1980).*

## CONCLUSION

For the reasons stated above, defendant Robert Bellevue's motion to stay proceedings pending arbitration is denied.

FN1. The arbitration clause states as follows:
19. *ARBITRATION*
19.A. *Claims.* All claims, disputes and other matters in question arising out of, or

Not Reported in F.Supp.                                                                                    Page 3
Not Reported in F.Supp., 1991 WL 246520 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

      relating to, this Agreement or breach
thereof, including all matters relating to the
negotiations leading to and the execution of
this agreement shall be decided by
arbitration in accordance with the provisions
of this paragraph.    This agreement to
arbitrate shall be specifically enforceable
under the prevailing arbitration law.
Robert Bellevue's motion at exhibit A, p. 20.

    FN2. *See* Kafka's Rule 12(n) statement, filed
August 6, 1991, at ¶¶ 4, 21-22.

N.D.Ill.,1991.
Kafka v. Bellevue Corp.
Not Reported in F.Supp., 1991 WL 246520 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 1:90CV06709 (Docket) (Nov. 16, 1990)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.