Westlaw.

Not Reported in F.Supp.                                                                                              Page 1
Not Reported in F.Supp., 1997 WL 638521 (N.D.Ill.)
**(Cite as: 1997 WL 638521 (N.D.Ill.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois.
GARY TURNER and A.T. Kearney, Inc., Plaintiffs,
v.
BAIN & COMPANY, INC., Defendant.
**No. 97 C 4755.**

Oct. 8, 1997.

### MEMORANDUM OPINION AND ORDER

ANDERSEN, J.

**\*1** This matter is before the Court on three motions: (1) plaintiffs' motion for preliminary injunction pursuant to Fed.R.Civ.P. 65(a); (2) defendant's motion to stay the proceedings pending arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq,* and; (3) plaintiffs' motion for partial summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, plaintiffs' motion for preliminary injunction is denied, defendant's motion for stay of the proceedings is granted in part and denied in part, and plaintiffs' motion for partial summary judgment is denied.

### BACKGROUND

Plaintiff Gary Turner ("Turner") is a citizen of Britain and a current and permanent resident of Australia. Turner is a management consultant. Plaintiff A.T. Kearney, Inc. ("A.T.Kearney") is a Delaware corporation with its principal place of business in Chicago, Illinois. A.T. Kearney provides its clients with management consulting services worldwide. Defendant Bain & Company, Inc. ("Bain") is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. Bain provides strategic consulting services for clients worldwide.

In 1990, Turner began working for Bain in its London, England office. In June, 1990, Bain transferred Turner to its Sydney, Australia office. In December, 1995, Bain promoted Turner to Vice President and transferred him to Bain's Chicago, Illinois office in April, 1996.

As a new officer, Turner signed a Confidentiality and Non-Competition Agreement ("Non-Competition Agreement") with Bain on December 15, 1995. Pursuant to the Non-Competition Agreement, subject to various conditions precedent, Turner is prohibited from rendering consulting services to any Bain clients, competitors of Bain clients, or prospective Bain clients for a two-year period after leaving Bain. (Non-Competition Agreement § § 4, 5). The Non-Competition Agreement also prohibits Turner from having any business relationship with specified Bain competitors, including A.T. Kearney. (Non-Competition Agreement § 5, Schedule B).

The Non-Competition Agreement also contains a disgorgement provision which requires that Turner provide an accounting to Bain and repay Bain, "all of my profits, compensation, commissions, remunerations, or other benefits that I directly or indirectly realize or may realize as a result of [a violation of Section 4 or 5]." (Non-Competition Agreement § 7.1).

In addition, section 7.2 of the Non-Competition Agreement provides that any dispute between the parties arising out of or relating to the agreement will be settled by arbitration. Further, in lieu of arbitration, Bain may choose to submit any dispute arising out of or relating to the Non-Competition Agreement to a court with proper jurisdiction. (Non-Competition Agreement § 7.3). Moreover, only Bain may obtain injunctive relief to enforce the terms of the Non-Competition Agreement. (Non-Competition § 7.3).

**\*2** On March 28, 1997, A.T. Kearney offered Turner a position in its Sydney, Australia office as Vice President of its Financial Institutions Group in Australia and South East Asia. Turner accepted the offer and intended to begin working for A.T. Kearney on July 15, 1997. Turner announced his resignation from Bain on May 2, 1997 and tendered his formal letter of resignation on May 3, 1997. Turner's resignation from Bain was effective May 30, 1997.

After Turner's resignation, Turner and Bain attempted to negotiate mutually acceptable terms regarding Turner's new employment in light of the Non-Competition Agreement. The negotiations,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

dockets.Justia.com

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 638521 (N.D.Ill.)  
**(Cite as: 1997 WL 638521 (N.D.Ill.))**

Page 2

however, were unsuccessful and, on June 12, 1997, Bain filed a demand for arbitration with the American Arbitration Association. Bain seeks an order that Turner comply with the Non-Competition Agreement and damages including all monies Turner received from A.T. Kearney.

On July 3, 1997, Turner and A.T. Kearney filed a five-count complaint in this Court. Count I seeks: (1) a declaration that the arbitration clause of the Non-Competition Agreement is unenforceable because it lacks mutuality of obligation; (2) an injunction enjoining Bain from compelling arbitration, and; (3) an order staying the arbitration proceedings pending final resolution of the enforceability of the arbitration clause. Counts II and III seek declarations that the disgorgement provision and certain covenants in the Non-Competition Agreement are unenforceable. Count IV requests a declaration that A.T. Kearney has not tortiously interfered with the Non-Competition Agreement. Count V alleges that Bain violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.,* by failing to pay Turner bonuses for 1996 and 1997.

Also on July 3, 1997, Turner and A.T. Kearney moved this Court to issue a preliminary injunction enjoining Bain from enforcing the arbitration clause of the Non-Competition Agreement. On July 29, 1997, Bain filed a motion to stay this action pending the completion of the arbitration proceedings between Bain and Turner pursuant to section 3 of the FAA, 9 U.S.C. § 3. On September 2, 1997, Turner and A.T. Kearney moved for partial summary judgment on Count I of the complaint.

### DISCUSSION
**A. Plaintiffs' Motion for Preliminary Injunction**

In order to grant a preliminary injunction, the court must find as a threshold matter that plaintiffs have some likelihood of success on the merits, lack an adequate remedy at law, and will be irreparably harmed if an injunction is not granted. *Vencor, Inc. v.. Webb,* 33 F.3d 840, 845 (7th Cir.1994). Once these criteria are satisfied, the court must determine whether (1) the threatened harm to plaintiffs outweighs any harm the injunction may impose on defendant and (2) the public interest will be harmed by granting or denying the injunction. *Id.* Plaintiffs bear the burden of establishing that a preliminary injunction is warranted. *Id.*

**1. Likelihood of Success on the Merits**

**\*3** The FAA governs the enforcement, interpretation and validity of arbitration clauses in commercial contracts. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Snyder v. Smith,* 736 F.2d 409, 417 (7th Cir.1984), *cert. denied,* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984). The FAA also provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." 9 U.S.C. § 2. Courts look to state contract law to determine whether an arbitration agreement is enforceable. *Perry v. Thomas,* 482 U.S. 483, 492 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987).

The parties contest which state law applies to this dispute. We apply the choice of law rules of Illinois, our forum state. Illinois choice of law rules require that the court follow a contractual choice of law clause. *Gramercy Mills, Inc. v. Wolens,* 63 F.3d 569, 572 (7th Cir.1995); *Restatement (Second) Conflict of Law* § 188(2) (1977). The Non-Competition Agreement specifically provides that Massachusetts law governs the agreement. (Non-Competition Agreement § 10). Accordingly, we apply Massachusetts law to determine whether the arbitration clause is enforceable.

Turner and A.T. Kearney claim that they will successfully prove that the arbitration clause is unenforceable because the clause lacks mutuality. Bain contends mutuality is not required because the Non-Competition Agreement as a whole is supported by sufficient consideration. We agree with Bain.

Under Massachusetts law, a contract is enforceable without mutuality of obligation. *Hancock Bank & Trust Co. v. Shell Oil Co.,* 365 Mass. 629, 309 N.E.2d 482, 483 (Mass.1974). Indeed, the Massachusetts Supreme Court specifically upheld a unilateral arbitration clause and found that such clauses are not unconscionable. *Eg. Hannon v. Original Gunite Aquatech Pools, Inc.,* 385 Mass. 813, 434 N.E.2d 611, 618 (Mass.1982). Under Massachusetts law, therefore, the instant arbitration clause is enforceable. Moreover, Illinois law does not require mutuality of obligation to enforce an arbitration clause where the entire contract is otherwise supported by consideration. *Design Benefit Plans, Inc. v. Enright,* 940 F.Supp. 200, 205-06 (N.D.Ill.1996).

Turner and A.T. Kearney also rely on the doctrine of

Case 2:04-cv-00139-DAK-BCW   Document 122-14   Filed 05/26/2006   Page 3 of 4

Not Reported in F.Supp.   Page 3
Not Reported in F.Supp., 1997 WL 638521 (N.D.Ill.)
**(Cite as: 1997 WL 638521 (N.D.Ill.))**

separability articulated by the Supreme Court in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), to assert that the arbitration clause is unenforceable without independent consideration. We disagree.

***4** Under *Prima Paint,* if the validity of the whole contract is in dispute, the arbitrator determines whether the contract as a whole is valid and the court decides whether the arbitration clause itself is valid. *Prima Paint Corp.,* 388 U.S. at 403-404; *Accord Flender Corp. v. Techna-Quip Co.,* 953 F.2d 273, 277 (7th Cir.1992). *Prima Paint* does not hold, as plaintiffs suggest, that an arbitration clause must be supported by consideration independent of the entire contract.

Because we find that the arbitration clause is enforceable, plaintiffs have failed to establish any likelihood of success on the merits. Thus, plaintiffs cannot establish the elements required for a preliminary injunction. Plaintiffs' motion for preliminary injunction is denied.

**B. Defendant's Motion to Stay Pending Arbitration**

Bain contends that the arbitration clause is valid. Bain also claims that it has properly instituted arbitration proceedings under section 7.2 of the Non-Competition Agreement and that it has complied with all the requirements necessary for entry of a stay. Accordingly, Bain now moves this Court to stay the suit pending resolution of the arbitration proceedings.

Section 3 of the FAA provides,
> If any suit ... be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit ... is referable to arbitration under such any agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement....
> 9 U.S.C. § 3.

We have already determined that the arbitration clause of the Non-Competition Agreement is enforceable. Therefore, we must determine which of plaintiffs' claims are arbitrable.

The duty to arbitrate is one imposed by contract and parties are not compelled to arbitrate a dispute unless they have agreed to do so. *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l. Ltd.,* 1 F.3d 639, 641 (7th Cir.1993). Arbitration clauses are construed broadly and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp.,* 460 U.S. at 24-25. In this case, the arbitration clause specifically provides that "any claim or controversy *arising out of* ... this Agreement shall be settled by arbitration." (Non-Competition Agreement § 7.2) (emphasis added). The "arising out of" language reaches "all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." *Sweet Dreams,* 1 F.3d at 642. A court may use its discretion to stay an entire suit if any issues in the case are arbitrable, even if some are not. *Pryner v. Tractor Supply Co.,* 109 F.3d 354, 361 (7th Cir.1997).

***5** Counts I, II and III are brought by both plaintiffs. These claims challenge the enforceability of various provisions of the Non-Competition Agreement. Counts I, II, and III, therefore, concern the subject matter of the Non-Competition Agreement and have their origin in the agreement itself.

Plaintiffs, however, contend that A.T. Kearney's claims should not be stayed because A.T. Kearney is not a party to the Non-Competition Agreement. The court may stay a case pending arbitration between parties not in privity to the arbitration agreement. *IDS Life Ins. Co. v. SunAmerica, Inc.,* 103 F.3d 524, 529-530 (7th Cir.1996); *Contracting Northwest, Inc. v. City of Fredericksburg, IA.,* 713 F.2d 382, 386-387 (8th Cir.1983). Here, A.T. Kearney's claims depend on the validity of the Non-Competition Agreement, an issue which will be decided in arbitration. Accordingly, Counts I, II and III as to both plaintiffs are stayed pending arbitration.

Count IV seeks a declaration that A.T. Kearney has not tortiously interfered with the Non-Competition Agreement or with Bain's business interests. To sustain a claim of tortious interference with a contractual relationship, the following elements must be established under Massachusetts and Illinois law: (1) a valid contract existed between Bain and Turner; (2) A.T. Kearney knowingly induced a breach of the contract, and; (3) Bain was harmed by A.T. Kearney's actions. *United Truck Leasing Corp. v. Geltman,* 406 Mass. 811, 551 N.E.2d 20, 21 (Mass.1990); *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.,* 131 Ill.2d 145, 154-55, 137 Ill.Dec. 19, 545 N.E.2d 672, 676 (1989). The

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 638521 (N.D.Ill.)  
**(Cite as: 1997 WL 638521 (N.D.Ill.))**

Page 4

arbitrator will determine whether the Non-Competition Agreement is a valid contract, an element of Count IV. Thus, because the arbitration clearly influences this claim, Count IV is also stayed pending resolution of the arbitration.

Turner's claim under the Illinois Wage Payment and Collection Act (Count V), however, is unrelated to the arbitrator's determination of the enforceability of the Non-Competition Agreement. The Non-Competition Agreement concerns issues of confidentiality and competition, not Turner's compensation. Thus, Count V is not stayed and discovery may proceed on this claim.

### C. Plaintiffs' Motion for Partial Summary Judgment

In their motion for partial summary judgment, plaintiffs again contend that Bain cannot enforce the arbitration clause due to its lack of mutuality. Because the Court has already determined that the arbitration clause is enforceable, plaintiffs' motion for partial summary judgment is denied.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion for preliminary injunction is denied. Defendant's motion to stay these proceedings pending arbitration is granted in part and denied in part. Counts I, II, III, and IV are stayed pending arbitration. Count V may proceed in this Court. Plaintiffs' motion for partial summary judgment is denied.

**\*6** It is so ordered.

Not Reported in F.Supp., 1997 WL 638521 (N.D.Ill.)

**Motions, Pleadings and Filings (Back to top)**

• 1:97cv04755 (Docket) (Jul. 03, 1997)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.