Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NOVELL, INC.,<br><br>    Defendant. | **SCO'S MEMORANDUM IN OPPOSITION TO NOVELL'S MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Civil No.: 2:04CV00139<br>Judge Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................. 1

APPLICABLE LEGAL STANDARDS ............................................................................... 2

ARGUMENT ...................................................................................................................... 4

I.   NOVELL'S MOTION WOULD IMPROPERLY REQUIRE SCO TO
     SET FORTH SPECIFIC STATUTES OR A LEGAL THEORY IN
     SUPPORT OF THE CLAIM ...................................................................................... 4

     A.   Rule 12(e) Does Not Require SCO to Specify Statutes ............................ 4

     B.   Rule 12(e) Does Not Require SCO to Advance a Particular Legal Theory ............. 5

II.  SCO's COMPLAINT SATISFIES RULE 8 OF THE FEDERAL RULES ........................ 6

CONCLUSION ................................................................................................................... 9

## TABLE OF AUTHORITIES

### CASES

Page(s)

Beard v. Cameronics Techs. Corp.,
    120 F.R.D. 40 (E.D. Tex. 1988).................................................................9

Bryson v. Bank of N.Y.,
    584 F. Supp. 1306 (S.D.N.Y. 1983)......................................................4, 7

Dethmers Mfg. Co., Inc. v. Automatic Equip. Mfg. Co.,
    23 F. Supp. 2d 974 (N.D. Iowa 1998)..........................................2, 4, 5, 6

Feldman v. Pioneer Petroleum, Inc.,
    76 F.R.D. 83 (W.D. Okla. 1977)............................................................9

Goodroad v. Tharaldson Lodging II, Inc.,
    No. 1:05CV110, 2005 WL 3557411, at *2 (D.N.D. Dec. 22, 2005) ...............................2, 5

Jackson v. Iasis Healthcare Corp.,
    92 F. App'x 763 (10th Cir. 2004) ..........................................................3

JP Morgan Trust Co. Nat. Ass'n v. Mid-Am. Pipeline Co.,
    413 F. Supp. 2d 1244 (D. Kan. 2006)...................................................4, 9

Kvargas v. Scottish Inns, Inc.,
    96 F.R.D. 425 (E.D. Tenn. 1983)..........................................................7

McClanahan v. Mathews,
    292 F. Supp. 737 (E.D. Ky. 1968) ........................................................3

Montagriff v. Adams County School Dist. 14,
    128 F.R.D. 117 (D. Colo. 1989) ...........................................................7

Mountain View Pharmacy v. Abbott Labs.,
    630 F.2d 1383 (10th Cir 1980) .............................................................6

MTV Networks v. Curry,
    867 F. Supp. 202 (S.D.N.Y. 1994) ....................................................7, 8

New Home Appliance Ctr., Inc. v. Thompson,
    250 F.2d 881 (10th Cir. 1957) ..............................................................6

NL Indus., Inc. v. Commercial Union Ins. Co.,
       65 F.3d 314 (3d Cir. 1995)..................................................................5

Parsons v. Burns,
       846 F. Supp. 1372 (W.D. Ark. 1993).............................................3, 8

Proctor & Gamble Co. v. Haugen,
       947 F. Supp. 1551 (D. Utah 1996)...................................................7

Proctor & Gamble Co. v. Haugen,
       222 F.3d 1262 (10th Cir. 2000) .......................................................7

Radisson Hotels Intern., Inc. v. Westin Hotel Co.,
       931 F. Supp. 638 (D. Minn. 1996)....................................................3

Shaffer v. Eden,
       209 F.R.D. 460 (D. Kan. 2002).........................................................2

Swierkiewicz v. Sorema N.A.,
       534 U.S. 506 (2002)...........................................................................3

United Steelworkers of Am. v. Or. Steel Mills, Inc.,
       322 F.3d 1222 (10th Cir. 2003) .......................................................6

## STATUTES

                                                                                   **Page(s)**
5A Charles Alan Wright & Arthur R. Miller,
       Federal Practice and Procedure § 1377 (2d ed. 1990) ......................2

5C Charles Alan Wright & Arthur R. Miller,
       Federal Practice and Procedure § 1377 (3d ed. 2004) ......................5

Fed. R. Civ. P. 8.........................................................................................3

2A Moore's Federal Practice.......................................................................7

Plaintiff, The SCO Group, Inc. ("SCO"), respectfully submits this Memorandum in Opposition to the Motion of Novell, Inc. ("Novell") for a More Definite Statement, dated April 10, 2006.

## PRELIMINARY STATEMENT

Novell's motion for a more definite statement is unavailing for two reasons. First, SCO is not required under the Federal Rules of Civil Procedure to specify statutory provisions or advance a particular legal theory for its unfair-competition claim. Second, SCO has met the requirements for pleading a claim under Federal Rule 8(a). Discovery is the appropriate means for Novell to probe SCO's claim. The Court should deny Novell's Rule 12(e) motion.

## BACKGROUND

SCO filed its second amended complaint on February 3, 2006. SCO's fifth claim for relief alleges Novell engaged in unfair competition. (2d Am. Compl. at ¶¶ 121-26.) Specifically, SCO alleges that Novell "knowingly, intentionally and in bad faith" (1)"falsely claimed ownership of SCO's copyrights;" (2) "misappropriated SCO's Unix technology in Linux and forced SCO to compete in the marketplace against its own intellectual property;"[1] and (3) "wrongfully attempted to thwart SCO's rights and efforts to bring legal claims in defense of its UNIX intellectual property." (Id. at ¶ 122.) These actions have "resulted in confusion in the marketplace" (id. at ¶ 123), and directly resulted in "damage to [SCO's] business, reputation, and goodwill" (id. at ¶ 124).

---

[1] Contrary to Novell's assertion (at 2) that SCO has not alleged "where and when the alleged misappropriation took place," SCO has clearly alleged that the misappropriation took place "worldwide" when Novell "began distributing" Linux. (2d Am. Compl. ¶ 46.)

The second amended complaint lists dozens of examples of SCO's copyrights and intellectual property. (See, e.g., id. at Exs. A, B.) It sets forth eleven specific ways in which Novell asserted false claims of ownership of those copyrights (id. at ¶ 37(a)-(k)), and specifically alleges Novell's unauthorized use of that intellectual property (id. at ¶¶ 40-52). The second amended complaint also specifically alleges that this conduct has caused confusion on the part of current SCO customers, driven potential customers away from SCO, and cast a "false cloud of ownership" over SCO's attempts to enforce its intellectual-property rights against third parties. (Id. at ¶ 39(a)-(c).)

Despite these specific allegations, Novell asks the Court to require SCO to provide a "more definite statement" of its unfair-competition claim. Novell claims (at 4) that SCO "does not specify which of the many unfair-competition laws Novell has allegedly violated." Novell asks the Court (at 6) to order SCO "to identify what unfair competition law applies." For several reasons – including that the notice-pleading system of the Federal Rules does not require a plaintiff to identify the statutes upon which it intends to rely – Novell's motion for a more definite statement should be denied.

## APPLICABLE LEGAL STANDARDS

It is "well established" that motions for a more definite statement made pursuant to Federal Rule 12(e) are "generally disfavored" by the courts. Goodroad v. Tharaldson Lodging II, Inc., No. 1:05CV110, 2005 WL 3557411, at *2 (D.N.D. Dec. 22, 2005) (Ex. A); accord Shaffer v. Eden, 209 F.R.D. 460, 464 (D. Kan. 2002). The "situations in which a Rule 12(e) motion is appropriate are very limited." Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co., 23 F. Supp. 2d 974, 1007 (N.D. Iowa 1998) (citing 5A Charles Alan Wright & Arthur R. Miller,

2

Federal Practice and Procedure § 1377 (2d ed. 1990)). Although such motions are addressed to the discretion of the court, they are "disfavored" because of the minimal requirements of notice pleading and the availability of extensive discovery. See Radisson Hotels Intern., Inc. v. Westin Hotel Co., 931 F. Supp. 638, 644 (D. Minn. 1996).

The only part of Rule 8 that Novell contests is the "short and plain statement of the claim" provision of Rule 8(a)(2). That is, a complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "simple requirements" of Rule 8(a) are the only necessary elements for a claim under the notice-pleading system of the Federal Rules. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002); Jackson v. Iasis Healthcare Corp., 92 Fed Appx. 763, 765 (10th Cir. 2004) (Ex. B).

A party seeking a more definite statement "must point out the defects complained of and the details desired." Fed. R. Civ. P. 8(e). The burden is on the movant to show the allegations of the complaint are so vague or ambiguous "that they cannot respond, even with a simple denial, in good faith or without prejudice to them." Parsons v. Burns, 846 F. Supp. 1372, 1382 (W.D. Ark. 1993) (emphasis added). It is well established that a motion for a more definite statement should be denied when the complaint "gives the defendant fair notice of the nature and basis of the claim and a general indication of the type of litigation involved." McClanahan v. Mathews, 292 F. Supp. 737, 738 (E.D. Ky. 1968).

## ARGUMENT

### I. NOVELL'S MOTION WOULD IMPROPERLY REQUIRE SCO TO SET FORTH SPECIFIC STATUTES OR A LEGAL THEORY IN SUPPORT OF THE CLAIM

#### A. Rule 12(e) Does Not Require SCO to Specify Statutes

Novell alleges only that SCO did not identify a specific statutory provision in support of its unfair-competition claim. But this assertion is insufficient to support its motion. More definite statements under Rule 12(e) "generally cannot be used to require the plaintiff to set forth the specific statutes upon which the plaintiff intends to rely." JP Morgan Trust Co. Nat'l Ass'n v. Mid-Am. Pipeline Co., 413 F. Supp. 2d 1244, 1270 (D. Kan. 2006). Applying this construction of the pleading requirement, courts have refused to require more definite statements in a variety of circumstances. See id. (complaint did not specify whether state or federal law applied); Dethmers, 23 F. Supp. 2d at 1007 (complaint alleged "statutory" violation without identifying specific statute); see also Bryson v. Bank of N.Y., 584 F. Supp. 1306, 1319 (S.D.N.Y. 1984) (granting Rule 12(e) motion with respect to the facts upon which a cause of action was based, but noting that on repleading, "plaintiffs are not required to submit a statement detailing exactly what sections or subsections" of New York law were violated). In short, claims not specifying a statutory provision are not among the "very limited" situations in which a more definite statement is appropriate.

Another court within the Tenth Circuit recently considered a scenario nearly identical to the one presented in this case. JP Morgan, 413 F. Supp. 2d 1244. In that case, the plaintiff alleged a violation of antitrust law, but did not "identify the federal or state antitrust statute" the defendant violated. Id. at 1270. The court noted that a reference to a specific statute was "desirable," but "a motion for a more definite statement generally cannot be used to require the

4

plaintiff to set forth the statutes upon which the plaintiff intends to rely." Id. (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1377 (3d ed. 2004). The court also noted "the procedural vehicle" for obtaining such additional details is "to elicit information through the discovery process" rather than by bringing a motion for a more definite statement. Id. As in JP Morgan, the discovery process, rather than the pleadings, is the correct "procedural vehicle" for Novell to elicit further information about SCO's unfair-competition claim. SCO's assertion of a claim for unfair competition without reference to a specific statute is consistent with notice pleading and the Federal Rules. Novell's assertion that a more definite statement is required is incorrect.

B.    Rule 12(e) Does Not Require SCO to Advance a Particular Legal Theory

Just as plaintiffs are not required to plead statutory provisions, the Federal Rules do not require a plaintiff to assert a particular legal theory. Attempts to use a Rule 12(e) motion to "tie the pleader down to a particular legal theory will be rejected as contrary to the philosophy of the federal rules." Goodroad, 2005 WL 3557411, at *2. Choice of law is a "purely legal question." NL Indus., Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 319 (3d Cir. 1995). If SCO is required to assert a position on the exact law of unfair competition for its claim at this stage of the pleadings, it necessarily will be forced prematurely to select a legal theory regarding choice of law in contravention of the philosophy of the Federal Rules.

In Dethmers, 23 F. Supp. 2d 974, for example, the plaintiff included a cause of action that claimed "statutory" misappropriation of a trade secret, without identifying a particular statute. Id. at 1007. When the defendant moved for a more definite statement, the plaintiff argued that the legal question of "what state's law is applicable to the claim" was a "threshold question" that

5

required resolution by the court prior to any discussion of repleading.  Id.  Only after the court resolved the "threshold question" of choice of law did it conclude that a more definite statement of the claim was necessary.  Id. at 1008.  Like the plaintiff in Dethmers, SCO pleaded a claim of unfair competition under applicable state law.  SCO is willing to address the issue of choice of law at a more appropriate time,[2] and understands that once the "threshold question" of choice of law is resolved, it may need to amend its unfair-competition claim.

## II.   SCO'S COMPLAINT SATISFIES RULE 8 OF THE FEDERAL RULES

The "short and plain statement" requirement of rule 8(a) is not an arduous one.  It is well established within the Tenth Circuit that it is "sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  New Home Appliance Ctr., Inc. v. Thompson, 250 F.2d 881, 883 (10th Cir. 1957); accord Mountain View Pharmacy v. Abbott Labs., 630 F.2d 1383, 1386 (10th Cir. 1980).  This pleading requirement is "de minimus."  United Steelworkers of Am. v. Or. Steel Mills, Inc., 322 F.3d 1222, 1228 (10th Cir. 2003).  SCO's complaint specifically alleges how Novell competed unfairly with SCO by (among other things) falsely claming ownership of SCO's copyrights and making unauthorized use of SCO's proprietary technologies.  These facts alone are sufficient to support an unfair-competition claim.

As SCO represented to Novell, SCO modeled its claim on Utah's unfair-competition law. (See e-mail from E. Normand to K. Brakebill (Feb. 19, 2006) (Ex. 4 to Decl. of Kenneth W. Brakebill in Supp. of Novell, Inc.'s Mot. for a More Definite Statement).)  The "gravemen" of a

---

[2] As Novell says (at 2-3), the choice-of-law question could be a difficult one, and therefore would require briefing beyond the scope of the immediate motion.

6

misappropriation claim, one of two common-law unfair-competition torts recognized in Utah, is

"that a defendant has seized for his own benefit something of value that the plaintiff had built up

through time, money, or effort, which is then generally used to compete against the plaintiff."

Proctor & Gamble Co. v. Haugen, 947 F. Supp. 1551, 1554 (D. Utah 1996) (Winder, C.J.); see

also Proctor & Gamble Co. v. Haugen, 222 F.3d 1262, 1280 (10th Cir. 2000) (affirming district

court's construction of unfair-competition claim). SCO has stated facts sufficient to obtain relief

under Utah's construction of the common-law tort of unfair competition and has therefore, again,

met the pleading requirements of the Federal Rules.

Novell is correct when it contends that a Rule 12(e) motion can be appropriate when the

pleader fails sufficiently to describe the factual elements of his claim. See, e.g., MTV Networks

v. Curry, 867 F. Supp. 202, 207-08 (S.D.N.Y. 1994); Bryson, 584 F. Supp. 1319; Kveragas v.

Scottish Inns, Inc., 96 F.R.D. 425, 426 (E.D. Tenn. 1983).[3] As demonstrated above, the second

amended complaint does not suffer from any dearth of factual allegations. Additionally, the

remedy of a more definite statement is "designed to strike at unintelligibility rather than want of

detail." Montagriff v. Adams County Sch. Dist. 14, 128 F.R.D. 117, 117-18 (D. Colo. 1989)

(quoting 2A Moore's Federal Practice ¶ 12.18).

---

[3]  In Kveragas, another case relied upon by Novell, the plaintiff (represented by counsel unfamiliar with
Tennessee law) filed the complaint using a format that was "a bit unusual," because it charged
"negligence," "assumpsit" and a cryptic charge of violations of "the provisions of the applicable Statute
of the State of Tennessee." Id. at 426. The court found that Rule 12(e) motions have become "the
exception rather than the rule." Id. It also found that under the notice-pleading standard the plaintiff has
advised defendants "of everything they need to know to frame a responsive pleading" with respect to the
negligence and assumpsit claims, and denied the motion for a more definite statement with respect to
these claims. Id. If the plaintiffs wished to plead any additional violations of state law, the court gave
them 20 days to do so. Id. In this case, SCO has pleaded the facts that support its charge of unfair
competition, and therefore the holding of Kveragas is inapposite.

7

The case that Novell primarily relies on to support its request, <u>MTV Networks</u>, 867 F. Supp. 202, illustrates only that an "unintelligible" complaint requires a more definite statement. In that case, defendant Curry raised unfair competition as a counterclaim by charging MTV Networks ("MTVN") only with misappropriating "the fruits of Curry's labors and expenditures." <u>Id.</u> at 207. Holding that this ambiguous pleading required further clarification, the court noted "[i]n particular, MTVN deserves amplification of the phrase in paragraph 33 that charges MTVN with misappropriation of 'the fruits of Curry's labors and expenditures.'" <u>Id.</u> at 208. The court then tellingly suggested specific "amplification": "These fruits might involve trademark issues, such as the use of the Internet address 'mtv.com,' or theft of Curry's idea, or perhaps theft of Curry's mtv.com audience." <u>Id.</u> Unlike Mr. Curry's allegations, SCO's are sufficient under the minimal requirements of notice pleading to permit Novell adequately to respond to SCO's complaint. No "amplification" of SCO's unfair-competition claim is necessary.

Because SCO alleges specific facts, it is clear that Novell has the ability to respond to SCO's cause of action with a general denial. For example, Novell can deny that it asserted claims of ownership over SCO's copyrights in some or all of the eleven ways the second amended complaint alleges on paragraph 37(a)-(k). In order to prevail on its motion, Novell must show that SCO's claim is so vague and ambiguous that Novell cannot respond to the second amended complaint with a simple denial. <u>See</u> <u>Parsons</u>, 846 F. Supp. at 1382. The availability of such denial necessarily defeats Novell's Rule 12(e) motion.

Since SCO has met the pleading requirements of the Federal Rules, it is discovery, and not a Rule 12(e) motion, that is the appropriate method for Novell to secure additional information regarding SCO's claim. When a claim has alleged sufficient detail to meet the

minimal pleading requirements of Rule 8(a), further information is "properly left to the many

devices of discovery," including interrogatories and requests for admissions. Beard v.

Cameronics Techs. Corp., 120 F.R.D. 40, 41 (E.D. Tex. 1988); see also JP Morgan, 413 F. Supp.

2d at 1270. A Rule 12(e) motion "may not be used as a substitute for the discovery and

deposition procedures made available by the Federal Rules of Civil Procedure." Feldman v.

Pioneer Petroleum, Inc., 76 F.R.D. 83, 84 (W.D. Okla. 1977). Novell is free to avail itself of the

full range of discovery procedures to learn more about SCO's claim. But a motion for a more

definite statement is clearly not the appropriate vehicle for further inquiry.

## CONCLUSION

For the foregoing reasons, SCO respectfully submits that the Court should deny Novell's

Motion for a More Definite Statement.

DATED this 26th day of May, 2006.


By:  /s/ Brent O. Hatch

HATCH JAMES & DODGE
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Stuart H. Singer
Robert Silver
Edward Normand

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May, 2006, I caused to be served a true

and correct copy of the foregoing by CM/ECF to the following:

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

Michael A. Jacobs
Matthew I. Kreeger
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482


/s/ Brent O. Hatch
_____