

92 Fed.Appx. 763  Page 1
92 Fed.Appx. 763, 2004 WL 551467 (C.A.10 (Utah)), 27 NDLR P 283
**(Cite as: 92 Fed.Appx. 763)**

Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,Tenth Circuit.
Thomas JACKSON, an individual, Plaintiff-Appellant,
v.
IASIS HEALTHCARE CORPORATION, a Tennessee corporation; David R. White, CEO, IASIS Healthcare Corporation, an individual; Keith Tintle, former CEO, Pioneer Valley Hospital, individually; Ty Berrett, Director of Physical Therapy, Pioneer Valley Hospital, an individual; and Dawn Booth, Administrator, Pioneer Valley Hospital, an individual, Defendants-Appellees.
Center For Legal Advocacy, doing business as The Legal Center for People with Disabilities and Older People; Colorado Cross-Disability Coalition, Amici Curiae.
No. 03-4050.

March 22, 2004.

**Background:** Hospital volunteer, who suffered from multiple sclerosis, and her spouse brought action against hospital and employees to recover for violation of the Americans with Disabilities Act (ADA) arising out of failure to accommodate volunteer's electric scooter. After volunteer's death, hospital moved to dismiss all claims, and spouse filed motion to amend complaint to allege retaliation and coercion. The United States District Court for the District of Utah dismissed claims and denied motion to amend. Spouse appealed.

**Holdings:** The Court of Appeals, Tacha, Chief Judge, held that:

1(1) the spouse did not need to plead a prima facie case of violation of the ADA to survive a motion to dismiss for failure to state a claim, and

2(2) District Court should have granted motion to amend since it erroneously dismissed complaint.

Reversed and remanded.

West Headnotes

**[1] Civil Rights 78 ⚷1395(1)**

78 Civil Rights
    78III Federal Remedies in General
        78k1392 Pleading
            78k1395 Particular Causes of Action
                78k1395(1) k. In General. Most Cited Cases
Plaintiff did not need to plead a prima facie case of violation of the Americans with Disabilities Act (ADA) to survive a motion to dismiss for failure to state a claim; the prima facie case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A ⚷1838**

170A Federal Civil Procedure
    170AXI Dismissal
        170AXI(B) Involuntary Dismissal
           170AXI(B)5 Proceedings
              170Ak1837 Effect
                170Ak1838 k. Pleading Over. Most Cited Cases
District court which erroneously dismissed the underlying complaint abused its discretion in denying plaintiff's motion for leave to amend on the ground that no parties remained before the court. Fed.Rules Civ.Proc.Rule 15, 28 U.S.C.A.(a).

**\*763** Richard F. Armknecht, III,Armknecht & Cowdell, Lindon, UT, for Plaintiff-Appellant.
David W. Slagle, Robert Randolph Harrison, Maralyn M. Reger, Snow, Christensen & Martineau, Salt Lake City, UT, for Defendants-Appellees.

Before TACHA, Chief Circuit Judge, BRORBY, Senior Circuit Judge, and KELLY, Circuit Judge.

**\*764 ORDER AND JUDGMENT**[FN*]

    FN* This order and judgment is not binding precedent, except under the doctrines of law

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

dockets.Justia.com

of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.TACHA, Chief Circuit Judge.

**\*\*1** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Thomas Jackson's appeal presents two issues. First, he argues that the district court erred in dismissing his claims based on an incorrect interpretation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* Second, he contends that the district court erred in refusing to allow him to amend his pleadings. We take jurisdiction under 28 U.S.C. § 1291, REVERSE the dismissal and denial of leave to amend, and REMAND.

### I. BACKGROUND

This case comes to us from a motion to dismiss. The facts as stated in the complaint follow. Mr. Jackson's wife, Sherrie Jackson, was a regular volunteer at Pioneer Valley Hospital ("the hospital"), which IASIS Healthcare Corporation ("IASIS") owns and operates. Mrs. Jackson suffered from Multiple Sclerosis and used an electric scooter for mobility. She had difficulty accessing various parts of the hospital that were not conducive to her scooter. Mr. Jackson repeatedly brought these impediments to the hospital's attention, but it failed to correct the problems fully.

In an effort to document his complaints, on December 31, 2001, Mr. Jackson took several digital photographs of the hospital. After taking these photographs, a hospital security guard "stood over [him] in a manner which confined [him] to a chair, ... offensively took [his] digital camera, ... [and] deleted [his] pictures." Despite this incident, Mr. Jackson and his wife continued their efforts to force the hospital to make itself accessible, and, in response, the hospital ended Mrs. Jackson's volunteer work.

On March 21, 2002, the Jacksons filed suit against IASIS and several of its employees, alleging various violations of the ADA. Mrs. Jackson subsequently passed away, after which IASIS filed a motion to dismiss all claims. Mr. Jackson then filed a motion opposing dismissal, to which IASIS responded. Before the district court ruled on IASIS's motion to dismiss, Mr. Jackson filed a motion to amend in an effort to clarify his initial complaint.[FN1] After ordering supplemental briefing and hearing oral argument, the district court dismissed Mr. Jackson's claims solely because it believed that the ADA "does not contemplate retaliation claims for [p]laintiffs with no formal relationship with the employer."[FN2]

> FN1. Specifically, Mr. Jackson's motion sought leave to remove his wife's claims from the suit following her death, clarify that his complaint brought both retaliation and coercion claims, drop several defendants, add the Disabled Rights Action Committee as a plaintiff, and add ADA claims relating to a different IASIS-owned facility.

> FN2. In light of her passing, the district court also dismissed Mrs. Jackson's claims. No party challenges that dismissal on appeal.

After this dismissal, IASIS filed a brief opposing Mr. Jackson's motion to amend. The district court then denied Mr. Jackson's**\*765** motion to amend, relying primarily on the fact that, in light of its earlier order dismissing Mr. Jackson's claims, there were no parties or claims before it. This appeal followed.

### II. DISCUSSION

**A. Dismissal Pursuant to Rule 12(b)(6)**

**1. Standard of Review**

**\*\*2** We review de novo the district court's grant of IASIS's 12(b)(6) motion. *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist., 353 F.3d 832, 837 (10th Cir.2003).* In so doing, "[w]e accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to [Mr. Jackson]." *Id.* Moreover, our function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether [Mr. Jackson's] complaint alone is legally sufficient to state a claim for which

relief may be granted." *Id.* (quotation omitted).

### 2. Merits

The district court granted IASIS's motion to dismiss Mr. Jackson's claims because it concluded that the ADA "does not contemplate retaliation claims for [p]laintiffs with no formal relationship to the employer." Thus, after noting that Mr. Jackson had no formal relationship with IASIS, the district court dismissed Mr. Jackson's claims, concluding that he "ha[d] suffered no damages because there is nothing the Defendants can take away, or retaliate against."

On appeal, IASIS concedes that the district court incorrectly concluded that a claim of retaliation under the ADA requires that the plaintiff have a formal relationship (i.e., employment) with the defendant.[FN3] Because IASIS abandons this point on appeal, we need not address it today. *See United States v. Seminole Nation of Okla.,* 321 F.3d 939, 946 n. 5 (10th Cir.2002) (refusing to address a matter that a party had abandoned on appeal).

> FN3. Although we label Mr. Jackson's argument a retaliation claim, we note that he insists that he makes both a retaliation claim (i.e., 42 U.S.C. § 12203(a)) and a coercion claim (i.e., 42 U.S.C. § 12203(b)). We need not decide today the exact nature of his claims because our ruling applies equally to claims under both sections.

[1] Despite this concession, IASIS urges us to affirm the district court's dismissal, contending that Mr. Jackson "never argues the prima facie case he has to make if his personal claim of retaliation is to survive a motion to dismiss." In response, citing to *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-13, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), Mr. Jackson argues that he need not plead a prima facie case to survive a Rule 12(b)(6) motion. We agree.

As the Court noted in *Swierkiewicz,* the prima facie case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which we apply to ADA claims, "is an evidentiary standard, not a pleading requirement." *Swierkiewicz,* 534 U.S. at 510, 122 S.Ct. 992. Indeed, a plaintiff need "satisfy only the simple requirements of Rule 8(a)" to escape a 12(b)(6) motion.[FN4] *Id.* at 513, **\*766**122 S.Ct. 992. Finding that Mr. Jackson's pleadings satisfy this standard, we reverse the district court's dismissal.

> FN4. Federal Rule of Civil Procedure 8 adopts notice pleading. As the Court has often instructed, "the Rule mean[s] what it sa[ys].... [A]ll the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

### B. Denial of Leave to Amend

### 1. Standard of Review

We review for abuse of discretion the district court's decision to deny Mr. Jackson's motion to amend. *Hom v. Squire,* 81 F.3d 969, 973 (10th Cir.1996). Under this standard, we will only reverse the district court's decision if it was "arbitrary, capricious, or whimsical" or "based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Amoco Oil Co. v. United States Env't Protection Agency,* 231 F.3d 694, 697 (10th Cir.2000) (quotations omitted).

### 2. Merits

**\*\*3** "Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend the pleadings after [the opposing party has responded] only by leave of court or by written consent of the adverse party; and leave shall be *freely given* when justice so requires." *Hom,* 81 F.3d at 973 (emphasis added) (citations omitted). In explaining this Rule, the Supreme Court has stated:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

92 Fed.Appx. 763 Page 4
92 Fed.Appx. 763, 2004 WL 551467 (C.A.10 (Utah)), 27 NDLR P 283
**(Cite as: 92 Fed.Appx. 763)**

[2] Although the district court seemed to base its order denying Mr. Jackson's motion to amend on several grounds, we read the order to deny leave primarily because, after granting IASIS's motion to dismiss all claims, no parties remained before the court. As such, the district court ruled that "[i]f [Mr. Jackson] wants to pursue further claims in this matter, [he] will have to start over."

In light of the fact that it erroneously dismissed the underlying complaint, we find that the district court abused its discretion in denying leave to amend on that ground. Thus, we reverse the denial of leave to amend.

### III. CONCLUSION

For the foregoing reasons, we REVERSE the district court's dismissal and denial of leave to amend. On REMAND, Mr. Jackson may refile a motion to amend, and the district court should reconsider that motion in light of this decision.

C.A.10 (Utah),2004.
Jackson v. Iasis Healthcare Corp.
92 Fed.Appx. 763, 2004 WL 551467 (C.A.10 (Utah)), 27 NDLR P 283

Briefs and Other Related Documents (Back to top)

• 2003 WL 23715251 (Appellate Brief) Reply Brief of Appellant Thomas Jackson (Sep. 02, 2003) Original Image of this Document (PDF)
• 2003 WL 23715252 (Appellate Brief) Brief of Iasis Healthcare Corporation Appellees (Aug. 18, 2003) Original Image of this Document (PDF)
• 2003 WL 23713583 (Appellate Brief) Brief of Amici Curiae Center for Legal Advocacy d/b/a the Legal Center for People with Disabilities and Older People and the Colorado Cross-Disability Coalition in Support of Appellant, Urging Reversal (Jul. 21, 2003) Original Image of this Document (PDF)
• 2003 WL 23713584 (Appellate Brief) Opening Brief of Appellant Thomas Jackson (Jul. 16, 2003) Original Image of this Document (PDF)
• 03-4050 (Docket) (Mar. 07, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.