MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
Maame A.F. Ewusi-Mensah (pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>      Plaintiff and Counterclaim-<br>      Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>      Defendant and Counterclaim-<br>      Plaintiff. | **REPLY IN SUPPORT OF NOVELL'S MOTION TO STAY CLAIMS RAISING ISSUES SUBJECT TO ARBITRATION**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Dockets.Justia.com

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ....................................................................... ii

STATEMENT OF THE ISSUES.................................................................1

SUMMARY OF THE ARGUMENT .........................................................1

ARGUMENT .............................................................................................3

I.      SCO CONCEDES THAT ITS CLAIMS RAISE ARBITRABLE ISSUES.......................3

II.     WHETHER SCO'S CLAIMS IN THIS LITIGATION ARE
        ARBITRABLE IS IRRELEVANT TO THIS MOTION. ...................................6

III.    BECAUSE ISSUES AT THE HEART OF FOUR OF SCO'S CLAIMS
        WILL BE RESOLVED BY THE ARBITRATION, THE COURT
        SHOULD EXERCISE ITS DISCRETION TO STAY THE REMAINING
        CLAIM...........................................................................................8

        A.    SCO Has Applied The Wrong Standard To The Question Of
              Whether This Court Should Stay The One Claim That Does Not
              Raise Arbitrable Issues. ..........................................................8

        B.    This Court Should Stay The One Claim In SCO's Second
              Amended Complaint That Does Not Raise Arbitrable Issues. ................9

IV.     NOVELL BROUGHT THIS MOTION AT THE EARLIEST
        OPPORTUNITY AND SCO'S CONTENTION THAT IT SOMEHOW
        WAIVED ITS RIGHT TO A STAY IS ERRONEOUS. ..................................10

        A.    Novell Did Not Delay The Filing Of This Motion; Hence, It Has
              Not Waived Its Right To A Stay. ..............................................11

        B.    Novell Has Also Not Waived Its Right To A Stay Because It Has
              Not Caused SCO Substantial Prejudice. ....................................13

CONCLUSION.......................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Adams v. Merrill Lynch Pierce Fenner & Smith*,
   888 F.2d 696 (10th Cir. 1989) ................................................................... 11-12, 13

*American Recovery Corp. v. Computerized Thermal Imaging, Inc.*,
   96 F.3d 88 (4th Cir. 1996) .................................................................................8

*B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*,
   439 F.3d 653 (10th Cir. 2006) ...........................................................................7

*Britton v. Co-op Banking Group*,
   916 F.2d 1405 (9th Cir. 1990) .........................................................................11

*Comanche Indian Tribe v. 49, L.L.C.*,
   391 F.3d 1129 (10th Cir. 2004) .......................................................................13

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985)............................................................................................8

*Foman v. Davis*,
   371 U.S. 178 (1962)..........................................................................................12

*Gibson v. Wal-Mart Stores, Inc.*,
   181 F.3d 1163 (10th Cir. 1999) .........................................................................5

*Howsam v. Dean Witter Reynolds, Inc.*,
   537 U.S. 79 (2002)..............................................................................................6

*Leadertex v. Morganton Dyeing & Finishing Corp.*,
   67 F.3d 20 (2d Cir. 1995) ................................................................................12

*Mediterranean Enter., Inc. v. Ssangyong Corp.*,
   708 F.2d 1458 (9th Cir. 1983) ...........................................................................8

*MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Express*,
   886 F.2d 1249 (10th Cir. 1989) .......................................................................12

*Miller Brewing Co. v. Ft. Worth Distrib. Co.*,
   781 F.2d 494 (5th Cir. 1986) ...........................................................................12

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*,
    460 U.S. 1 (1983)........................................................................................................3, 8, 9, 15

*Radiator Specialty Co. v. Cannon Mills, Inc.*,
    97 F.2d 318 (4th Cir. 1938) ..................................................................................................12

*Rain v. The Donning Co.*,
    964 F.2d 1455 (4th Cir. 1992) ................................................................................................9

*Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo.*,
    614 F.2d 698 (10th Cir. 1980) ..............................................................................................12

*Riley Mfg. Co. v. Anchor Glass Container Corp.*,
    157 F.3d 775 (10th Cir. 1998) .......................................................................................3, 9, 10

*Robinson v. Food Serv. of Belton*,
    415 F. Supp. 2d 1221 (D. Kan. 2005)....................................................................................12

*Shearson Lehman Hutton, Inc. v. Wagoner*,
    944 F.2d 114 (2d Cir. 1991) ..................................................................................................11

*Thies v. Lifeminders, Inc.*,
    No. 02-2119-KHV, 2002 U.S. Dist. LEXIS 22284 (D. Kan. Nov. 6, 2002) .............................9

*Thyssen, Inc. v. Calypso Shipping Corp., S.A.*,
    310 F.3d 102 (2d Cir. 2002) ..................................................................................................15

*Waste Mgmt. v. Residuos Industriales Multiquim, S.A.*,
    372 F.3d 339 (5th Cir. 2004) ..........................................................................................5, 7, 9

## STATUTES, RULES, AND REGULATIONS

9 U.S.C.
    § 3    ..............................................................................................................................3, 5, 6, 7
    § 4    ....................................................................................................................................6

Fed. R. Civ. P. 15(a) ......................................................................................................................12

## OTHER AUTHORITIES

IBA RULES ON THE TAKING OF EVIDENCE IN INTERNATIONAL COMMERCIAL ARBITRATION
    (adopted June 1, 1999)..........................................................................................................14

## STATEMENT OF THE ISSUES

The central issue in Novell's motion is whether the Court should stay proceedings on SCO's claims in its Second Amended Complaint because these claims raise issues that are being arbitrated before the ICC in Switzerland.

## SUMMARY OF THE ARGUMENT

Federal law is clear that arbitration is favored and duplicative litigation with potentially conflicting results is to be stayed. Thus, SCO agrees, as it must, that under the plain language of the Federal Arbitration Act ("FAA"), claims brought on arbitrable *issues* are subject to a stay of litigation. Confusing the issue and the relevant legal standard, SCO then disputes that a stay is appropriate here on the grounds that its *claims* in this litigation are not arbitrable. But the FAA refers to "issues" not "claims." Four of SCO's five claims raise issues that are currently being arbitrated in Switzerland, as SCO itself concedes. Therefore, all four claims should be stayed.

SCO's remaining claim, an alternative claim for specific performance, should be stayed under this Court's discretionary authority because resolution of the other claims will likely preclude this claim, and the four other claims predominate in the litigation. Contrary to SCO's contention, there is no "heavy presumption" against staying litigation of claims that do not raise arbitrable issues when staying claims that do. Under Tenth Circuit precedent, this decision is left entirely to the Court's discretion.

SCO's assertion that Novell delayed filing this motion and therefore waived a stay is absurd. Novell's motion to stay was its *first responsive pleading* to SCO's Second Amended Complaint. SCO's Second Amended Complaint added four new claims alleging, for the first time, that Novell's distribution of "SUSE Linux" constituted copyright infringement, unfair competition, and a breach of contract. SCO's injection of these new "SUSE Linux" claims led

1

directly both to SuSE's filing of the ICC arbitration (which seeks a declaration that the UnitedLinux contracts preclude any claims against SuSE), and to Novell's filing of this motion to stay.  Thus, SCO has no one to blame other than itself for any alleged "delay."  Moreover, SCO has cited no authority for denying a stay based on an alleged "waiver" where issues are incontestably arbitrable, nor can it show substantial prejudice from the timing of Novell's motion, given that discovery has only recently commenced and the trial is still a year away.

**ARGUMENT**

**I.      SCO CONCEDES THAT ITS CLAIMS RAISE ARBITRABLE ISSUES.**

SCO concedes, acknowledges, or fails to dispute the key factors Novell cites in favor of

staying four claims in SCO's Amended Complaint.   First, SCO concedes that the Federal

Arbitration Act expresses a "liberal federal policy favoring arbitration agreements," *Moses H.*

*Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24 (1983), and hence a corresponding

*presumption* in favor of arbitration.   (Opp'n 20.)   Second, SCO acknowledges that Section 3 of

the Federal Arbitration Act, 9 U.S.C. § 3, dictates that a stay of litigation *shall* be imposed

whenever suit is brought upon "any *issue* referable to arbitration."   (*See* Opp'n 17; *see, e.g.,*

*Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998) (directing

the district court to stay litigation on a claim because a portion of the claim was arbitrable).)

Third, SCO concedes that its UnitedLinux agreements with SuSE contain arbitration clauses, and

that these agreements are still in force and effect.   (*See* Opp'n 7 n.2.)   Fourth, SCO does not

dispute that the claims SuSE raised in the ICC arbitration are referable to arbitration under the

UnitedLinux agreements.

Most importantly, SCO agrees that arbitration of SuSE's claims against SCO in the ICC

arbitration may dispose of substantial portions of four of SCO's claims in this litigation.   (Opp'n

25-26 (setting forth the *portions* of claims that will remain if SuSE prevails in the ICC

arbitration).)   Indeed, as Novell set forth in its motion, there are several reasons why the ongoing

ICC arbitration may dispose of four of SCO's claims in this litigation.   Synthesizing both parties'

positions:

*(1)*     ***The UnitedLinux License Bars SCO's Claims Against SuSE.***

- <u>Novell's Position:</u>  Novell contends that the broad license in the "UnitedLinux" contracts between SCO and SuSE (Novell's subsidiary and licensor) precludes SCO's claims that Novell's distribution of SUSE Linux constitutes copyright infringement, unfair competition, and a breach of contract.  Thus, if SuSE's UnitedLinux license claim in the arbitration is decided in SuSE's favor, it will dispose of SCO's "SUSE Linux" claims in this litigation.  (Mot. 12-13, 15-16.)

- <u>SCO's Position:</u>  SCO acknowledges that such a ruling in the arbitration will dispose of its SUSE Linux claims with respect to any allegedly infringing code included in UnitedLinux 1.0.  (Opp'n 25.)

- <u>Undisputed Result:</u>  At the very least, then, a ruling for SuSE in the arbitration will dispose of this large segment of SCO's SUSE Linux claims.[1]

*(2)*     ***The General Public License Bars SCO's Claims Against SuSE.***

- <u>Novell's Position:</u>  Novell contends that SCO's SUSE Linux claims in this litigation are barred by the "General Public License," which is incorporated by reference into the UnitedLinux contracts.  If SuSE prevails on this issue in the arbitration, it will dispose of SCO's SUSE Linux claims in this litigation.  (Mot. 13, 15-16.)

- <u>SCO's Position:</u>  SCO acknowledges that such a ruling in the arbitration will dispose of its copyright infringement claim with respect to any allegedly infringing code included in UnitedLinux 1.0.  (Opp'n 25.)

- <u>Undisputed Result:</u>  Even under SCO's view, a ruling for SuSE in the arbitration will dispose of a substantial portion of its central claim.

---

[1]  SCO asserts that its copyright infringement claim is based, in part, on code that was allegedly added to Linux after UnitedLinux 1.0, but provides no specifics.  In fact, although SCO's infringement allegations are vague, all or virtually all of the allegedly infringing items identified in SCO's Second Amended Complaint appear to have been included in UnitedLinux.  Moreover, the scope of the license conferred by the UnitedLinux contracts should be decided in the ICC arbitration, and not in this litigation.

4

(3)    **The UnitedLinux Contracts Divested SCO of Ownership of Copyrights Related to United Linux.**

- Novell's Position:    Novell contends that the UnitedLinux contracts divested SCO of ownership of any copyrights for code included in UnitedLinux.  If the Arbitral Tribunal rules in SuSE's favor on this issue, this will dispose of both SCO's "SUSE Linux" claims, and its slander of title claim—if SCO does not own the copyrights, there has been neither copyright infringement, unfair competition, breach of contract, nor slander of title.  (Mot. 12, 14-16.)

- SCO's Position:    SCO acknowledges that such a ruling in the arbitration will dispose of its "SUSE Linux" and slander of title claims with respect to any allegedly infringing code included in UnitedLinux 1.0.  (Opp'n 25.)

- Undisputed Result:    At a minimum, then, resolution of the arbitration will dispose of these substantial portions of SCO's claims.

The four claims in SCO's Second Amended Complaint thus raise issues to be resolved through arbitration.  If SuSE prevails in the arbitration, several of SCO's allegations in its Second Amended Complaint fail, including the central copyright infringement claim.  SCO sidesteps this central issue altogether and tries to avoid application of the federal policy in favor of arbitration.  Section 3 of the Federal Arbitration Act, a codification of that policy, requires that this Court impose a stay on litigation of these four claims.[2]

---

[2] In a footnote, SCO suggests that Novell may not have "standing" to bring this motion because it is not a third party beneficiary of the UnitedLinux contracts.  (Opp'n 9 n.4.)  Standing is not at issue in this case or in any of the cases SCO cites.  Moreover, SCO ignores recent authority which holds that a nonsignatory, such as Novell, can prevail on a motion to stay, in accordance with the plain language of the statute.  *See* 9 U.S.C. § 3; *Waste Mgmt. v. Residuos Industriales Multiquim, S.A.*, 372 F.3d 339, 342 (5th Cir. 2004) ("[N]onsignatories do have the right to ask the court for a *mandatory* stay of litigation, in favor of pending arbitration to which they are not a party." (emphasis in original)).  Furthermore, SCO's suggestion that to be a third party beneficiary Novell would have to be named in the agreement or conferred the right to sue is false.  *See Gibson v. Wal-Mart Stores, Inc.*, 181 F.3d 1163 (10th Cir. 1999) (permitting co-employee, nonsignatory to waiver agreement between employee and employer containing
(Footnote continues on next page.)

## II.   WHETHER SCO'S CLAIMS IN THIS LITIGATION ARE ARBITRABLE IS IRRELEVANT TO THIS MOTION.

SCO's core argument—that its claims in its Second Amended Complaint are not arbitrable—confuses a motion to *stay* claims pending arbitration with a motion to *compel* arbitration of certain claims.  Whether or not SCO's claims in this litigation are arbitrable is relevant only to a motion to compel arbitration, which Novell did not file.  Rather, Novell seeks to stay litigation on SCO's claims because four of them raise issues that are *already* being arbitrated before the ICC in Switzerland.  SCO argues that the question to be answered is whether its claims "arise from" the UnitedLinux Agreements.  Again, this question only applies to a motion to compel arbitration.[3]  9 U.S.C. § 4 (setting forth the standard for compelling arbitration).  Under Section 3 of the FAA, the governing statutory provision for purposes of this motion, the question is *whether SCO has brought suit on issues referable to arbitration*.  If it has, the litigation must be stayed to permit the arbitration to run its course in accordance with the liberal federal policy in favor of arbitration.  As discussed in Section I, that is precisely the circumstance here.[4]

_____

(Footnote continued from previous page.)

arbitration clause, to assert arbitration clause against employee, even though co-employee was not named in the agreement and not given a right to sue).

[3] For this reason, SCO's lengthy discussion of "broad" versus "narrow" arbitration clauses is irrelevant to this motion.  To the extent SCO believes that SuSE's claims in the ICC arbitration are not arbitrable, disputes the factual allegations SuSE has made in support of those claims, or believes SuSE unduly delayed the filing of the arbitration, these should be raised in the ICC arbitration.  *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002) ("[T]he presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability." (quotations and citations omitted)).

[4] SCO states that it is "far from certain that any arbitral ruling from the ICC will have [collateral estoppel] effect."  (Opp'n 24.)  Section 3, however, does not require that it be certain that the ruling on the arbitrable issues have collateral estoppel effect; it requires that a stay be

(Footnote continues on next page.)

SCO also mischaracterizes the arbitrable issues identified by Novell as "secondary defenses." These arbitrable issues are far from "secondary defenses"—they go to the heart of SCO's claims for relief.[5] For example, as Novell has pointed out, whether SCO assigned the copyrights at issue to the UnitedLinux entity will be resolved by the arbitration and bears on the question of whether SCO owns the copyrights it is suing on. Proving ownership of the copyrights it is asserting is one of the elements of SCO's copyright infringement claim. Thus, it is not a mere affirmative defense of Novell's, much less a "secondary" one, but an element of SCO's prima facie case. Similarly, proving that SuSE and Novell copied SCO's copyrights without authorization is an element SCO must prove in support of its new copyright infringement claim. Resolution of this claim depends, in part, on whether SCO gave SuSE and Novell the necessary authorization through the UnitedLinux agreements and the General Public License. The issues presented in the arbitration go to the essential elements SCO must prove in order to prevail on four of its claims in this case.

---

(Footnote continued from previous page.)

imposed whenever litigation raises arbitrable issues. In any event, it is highly likely that the ICC's ruling will have collateral estoppel effect on this litigation. *See B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 439 F.3d 653 (10th Cir. 2006) (finding that prior arbitration between plaintiff and one defendant had collateral estoppel effect on litigation between plaintiff and remaining defendants because the issues were "identical"). SCO cites no authority to the contrary.

[5] For the proposition that defenses cannot be the basis for a Section 3 stay, SCO cites only to *Waste Management* (Opp'n 20), but *Waste Management* does not so hold; the court merely found that the defenses at issue in that case did not affect the stay analysis where the overlap between the parties' claims was established on the basis of common operative facts. *See Waste Mgmt.*, 372 F.3d at 345.

7

III.    **BECAUSE ISSUES AT THE HEART OF FOUR OF SCO'S CLAIMS
WILL BE RESOLVED BY THE ARBITRATION, THE COURT SHOULD
EXERCISE ITS DISCRETION TO STAY THE REMAINING CLAIM.**

A.    **SCO Has Applied The Wrong Standard To The Question Of Whether
This Court Should Stay The One Claim That Does Not Raise
Arbitrable Issues.**

The principal issue raised by SCO's Opposition is whether the Court should stay

litigation of the one claim in SCO's Second Amended Complaint that does not directly raise

arbitrable issues—SCO's alternative claim for specific performance. (Second Am. Compl. ¶¶

25-26). Where a court has found that a party's lawsuit consists of some claims that raise

arbitrable issues and others that do not, the court may, at its discretion, stay the claims that do not

raise arbitrable issues. *Moses H. Cone*, 460 U.S. at 20 n.23. Contrary to SCO's assertions, this

discretion is not to be circumscribed by a "heavy presumption" against staying the claims that do

not raise arbitrable issues. (Opp'n 22-23 (quoting concurring opinion in *Dean Witter Reynolds,

Inc. v. Byrd*, 470 U.S. 213, 225 (1985) where Justice White opines that "the heavy presumption

should be that the arbitration and the lawsuit will each proceed in its normal course.").)

Rather, the Supreme Court has declared that the "decision [whether to stay claims that do

not raise arbitrable issues] is one left to the district court . . . as a matter of its discretion to

control its docket." *Moses H. Cone*, 460 U.S. at 20 n.23.[6] Moreover, the Tenth Circuit has held

that district courts considering a broad stay should determine "whether resolution of [the]

_____

[6] This is widely accepted among the lower courts. *See, e.g., American Recovery Corp. v.
Computerized Thermal Imaging, Inc.*, 96 F.3d 88 (4th Cir. 1996) (the decision whether to stay
non-arbitrable claims is within the court's discretion); *Mediterranean Enter., Inc. v. Ssangyong
Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (discussing district court's broad discretion to
fashion a stay, which does not even require that the issues in the separate arbitration proceeding
are controlling of those in the litigation). Moreover, Justice White's concurring opinion in *Dean
Witter* is inapplicable. Not only was it merely a concurring opinion, but the issue of a stay was
never raised as neither party had sought a stay. *See Dean Witter*, 470 U.S. at 224.

arbitrable claims will have a preclusive effect on the nonarbitrable claims that remain subject to litigation." *Riley Mfg. Co.*, 157 F.3d at 785. This is so "especially if the arbitrable claims predominate." *Id.* at 785.[7] SCO cites to no more recent Tenth Circuit case to the contrary. Here, if the resolution of the arbitrable issues will dispose of the single claim not raising arbitrable issues, the arbitrable issues have the required "preclusive effect." *See Thies v. Lifeminders, Inc.*, No. 02-2119-KHV, 2002 U.S. Dist. LEXIS 22284 at *33 (D. Kan. Nov. 6, 2002) (attached as Ex. A hereto).

**B.      This Court Should Stay The One Claim In SCO's Second Amended Complaint That Does Not Raise Arbitrable Issues.**

Applying the standard in *Moses H. Cone* and *Riley*, this Court should exercise its discretion to stay litigation of SCO's alternative claim for specific performance. First, SCO has styled its claim for specific performance as an "alternative" claim that this Court will reach only if it considers and rejects SCO's position (set forth in its other claims) that SCO is already the owner of the UNIX copyrights. (Second Am. Compl. ¶¶ 25-26.) But if, for example, the arbitration panel determines that SCO assigned any copyrighted UNIX code that was allegedly included in Linux to the UnitedLinux LLC, which SuSE contends is the legal effect of the UnitedLinux agreements, then SCO's claim for specific performance will likely be mooted. Whether or not it had a prior claim to ownership of UNIX copyrights will be irrelevant to whether it can proceed with its SCOSource campaign against Linux. Accordingly, the resolution

---

[7] Courts in other circuits agree. *See, e.g., Waste Mgmt.*, 372 F.3d at 345 (broad stay should be imposed where there is a "valid concern . . . about the integrity of the arbitration," and "[a]llowing the . . . litigation to proceed would risk inconsistent results, and 'substantially impact' the arbitration"); *Rain v. The Donning Co.*, 964 F.2d 1455 (4th Cir. 1992) (stay is appropriate if a decision on the arbitrable issues may eliminate the need for the court to decide the nonarbitrable issues).

in the arbitration of issues SCO concedes are raised by its four claims could, for all practical purposes, have a preclusive effect on this one claim that does not raise arbitrable issues.

In addition, the arbitrable issues raised in SCO's Second Amended Complaint predominate: the primary focus of SCO's anti-Linux litigation campaign, and its Second Amended Complaint, is that Linux infringes its copyrights in UNIX. In keeping with this, SCO's allegations that SuSE improperly copied UNIX into SUSE Linux form the basis of its copyright infringement claim and run throughout its breach of contract, unfair competition, and slander of title claims. Thus, these four claims raising arbitrable issues predominate over the one claim not raising arbitrable issues. Accordingly, this case meets the *Riley* test and all of SCO's claims should be stayed.

## IV.    NOVELL BROUGHT THIS MOTION AT THE EARLIEST OPPORTUNITY AND SCO'S CONTENTION THAT IT SOMEHOW WAIVED ITS RIGHT TO A STAY IS ERRONEOUS.

SCO's assertion that Novell delayed bringing this motion is frivolous. It was SCO that, two years into the litigation, decided to add entirely new claims alleging that Novell's distribution of SUSE Linux infringed SCO's copyrights (and also constituted "unfair competition" and a breach of contract). These new claims triggered SuSE's filing of the UnitedLinux arbitration, which in turn triggered this motion to stay. Neither SCO's original Complaint, nor its First Amended Complaint, asserted any claims regarding SuSE or SUSE Linux or made any factual allegations whatsoever regarding SuSE or SUSE Linux.

Moreover, SCO's emphasis on delay evidences yet further confusion about the applicable legal principles. (Opp'n 3-6, 9-16.) SCO's delay argument depends on authority addressing whether a party has waived its *right to arbitrate*, which arises in the context of a petition to compel arbitration. That is not the issue here; SCO has not contested Novell's right to arbitrate.

SCO has not cited a single case where a party to an uncontested arbitration waived its right to seek a stay of related litigation based on delay.

In any case, delay does not trigger waiver unless there has been substantial prejudice to the other party. There has been no prejudice to SCO, and therefore no waiver by Novell.

### A.  Novell Did Not Delay The Filing Of This Motion; Hence, It Has Not Waived Its Right To A Stay.

What SCO conveniently neglects to mention in its misleading chronology of this litigation is that nearly all of the events in this chronology took place before SCO filed its Second Amended Complaint in which it finally put Novell on notice that SuSE, and therefore, the UnitedLinux agreements, were in play. (*See* Opp'n 12-13.) Shortly after SCO filed its Second Amended Complaint, SuSE filed its arbitration demand, and Novell simultaneously filed this motion. Therefore, there is no question that its motion was timely with respect to the four *brand-new* claims raised by SCO in its Second Amended Complaint. Prior to the filing of the Second Amended Complaint, SCO had filed no claims against SuSE and no claims against Novell even referring to SuSE or SUSE Linux.

With respect to the other claim in SCO's Second Amended Complaint—the slander of title claim pled in its original complaint—even taking the view that Novell should have sought a stay of this claim when SCO filed its initial complaint, there is also no waiver. First, under the law, Novell did not "delay" long enough to effectuate a waiver. Courts have routinely granted motions to stay and refused to find waiver under similar or longer periods of "delay." *See, e.g., Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 122 (2d Cir. 1991) (refusing to find waiver despite delay of three years); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1413 (9th Cir. 1990) (finding delay of two years was insufficient for waiver finding); *Adams v. Merrill*

*Lynch Pierce Fenner & Smith*, 888 F.2d 696 (10th Cir. 1989) (delay of one year did not constitute waiver).

Particularly because this litigation is far from trial, any "delay" by Novell is legally insignificant.  Accordingly, the cases SCO cites in support of its contention that the period of Novell's "delay" compels a finding of waiver are inapposite.  In those cases, the motion to compel at issue was brought on the eve of trial, at the beginning of trial, or after the trial.[8]  Under the current schedule in this case, the trial will not take place for another year, and the proposed trial date may be further postponed.  Attorneys' Planning Meeting Report (Declaration of David E. Melaugh ("Melaugh Decl."), Ex. 4 at 4) (filed prior to SCO's Second Amended Complaint and setting forth the parties' reservation of the right to amend the case schedule if the pleadings were amended); (*Id.* at 5-6) (setting forth the current trial date proposals).

SCO spills much ink on Novell's decision not to oppose its filing of the Second Amended Complaint, but this is merely more evidence of confusion over the applicable law.  SCO does not demonstrate that Novell could or should have sought to prevent SCO from *filing* its complaint, particularly given the liberal standard applicable to amendment of complaints. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15 (a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").  Similarly, as

---

[8] *See, e.g., Leadertex v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 26 (2d Cir. 1995) (two months before trial); *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Express*, 886 F.2d 1249 (10th Cir. 1989) (after trial and post-trial motions); *Miller Brewing Co. v. Ft. Worth Distrib. Co.*, 781 F.2d 494, 497-98 (5th Cir. 1986) (after final judgment); *Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo.*, 614 F.2d 698, 703 (10th Cir. 1980) (first day of trial); *Radiator Specialty Co. v. Cannon Mills, Inc.*, 97 F.2d 318 (4th Cir. 1938) (first day of trial); *Robinson v. Food Serv. of Belton*, 415 F. Supp. 2d 1221, 1224 (D. Kan. 2005) (three weeks after final pretrial conference).

there may be issues still for the Court to decide depending on the outcome of the arbitration, SCO does not demonstrate how Novell could or should have sought *dismissal* of SCO's Second Amended Complaint. *See, e.g.*, *Comanche Indian Tribe v. 49, L.L.C.*, 391 F.3d 1129, 1132-33 (10th Cir. 2004) (district court appropriately stayed litigation pending arbitration rather than dismissing as it was not disposing of the entire case on the merits).

### B.    Novell Has Also Not Waived Its Right To A Stay Because It Has Not Caused SCO Substantial Prejudice.

Even if Novell had "delayed," delay alone is insufficient for waiver. For a party to waive its rights relating to arbitration, there must be substantial prejudice to the other party. *Adams*, 888 F.2d at 701 ("Parties seeking to prove waiver of arbitration obligations bear a heavy burden; they must show substantial prejudice."). To make a finding of substantial prejudice, this Court would have to find that SCO had spent a great deal of effort litigating this case—effort that would have been unnecessary had Novell brought its motion earlier. *See Adams*, 888 F.2d at 701-02. SCO has not. Besides the initial jurisdictional motions and motions to dismiss directed to the pleadings, there have been no motions of any significance filed with respect to discovery or any other matter. Not a single deposition has been noticed or taken. And it was only a few months ago that the parties even met to discuss the schedule for discovery, dispositive motions, and trial in the case. (Melaugh Decl. ¶ 16.)

SCO's attempts to show prejudice by asserting that it has produced hundreds of thousands of documents and "substantially all of the documents in its possession relevant to the claims and defenses in this litigation" (Opp'n 4, 14) are disingenuous. The vast majority of documents produced by SCO appear to be merely copies of CD-ROMs it produced to IBM in the *SCO v. IBM* litigation, together with pleadings and deposition transcripts from the IBM litigation

13

(which is further advanced than this case).  (Melaugh Decl. ¶¶ 3-12.)  Even SCO admits that its

production in this case consists of "almost all of SCO's production in the IBM case."  (Opp'n 4.)

It is notable that SCO does not allege that it has had to conduct any searches for or reviews of

documents in order to respond to Novell's requests for production, aside from whatever it may

have done in the *SCO v. IBM* case.  (*See* Opp'n 4.)  Furthermore, neither SCO nor Novell has

taken *any* discovery on SCO's new copyright infringement claim against SuSE, which is the core

claim that triggered SuSE's arbitration request and Novell's motion to stay.  (Melaugh Decl.

¶¶ 14-15.)  That SCO may have incidentally produced some documents relevant to this claim

(and not relevant to the original claim or counterclaims) in the course of providing Novell with

copies of the documents it produced in the *SCO v. IBM* litigation hardly gives rise to a claim of

prejudice.

       SCO is also wrong when it argues that it has suffered prejudice because Novell has

obtained documents and information in the litigation that it would not have received in the

arbitration.  Again, SCO evinces confusion:  the arbitration is proceeding, and SCO's papers

before the Court do not seek to stop that from happening.  Any benefit Novell or SuSE obtains

from discovery in the litigation will be unaffected by the grant of a stay of SCO's claims.

       Moreover, SCO has cited no authority that Novell or SuSE could not have obtained these

documents in the arbitration.  To the contrary, the International Bar Association guidelines

routinely applied by ICC arbitrators contemplate the production of documents as a normal part of

arbitration proceedings.  (*See* IBA RULES ON THE TAKING OF EVIDENCE IN INTERNATIONAL

COMMERCIAL ARBITRATION (adopted June 1, 1999), available at http://www.ibanet.org/ images/

downloads/ IBA%20rules%20on%20the%20taking%20of%20Evidence.pdf (attached as Ex. B

hereto).)  SuSE will likely be able to obtain all relevant documents through discovery in the ICC Arbitration.[9]

In any event, waiver is highly disfavored in the context of rights relating to arbitration. *See Moses H. Cone*, 460 U.S. at 24-25 ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an *allegation of waiver*, delay, or a like defense to arbitrability."); *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104-05 (2d Cir. 2002) ("[W]aiver of the right to arbitration is not to be lightly inferred." (quotations and citations omitted)).  This is because of the liberal federal policy in favor of arbitration.  It is a matter of federal policy that courts should not create the situation SCO has called for, namely, potentially duplicative and inconsistent litigation proceeding alongside arbitration of the same issues.  This would be to the detriment of both proceedings.

Waiver is disfavored; Novell did not delay; and SCO suffered no substantial prejudice. Against this factual and legal background, a finding that Novell has waived its right to a stay by filing this motion shortly after the filing of SCO's Second Amended Complaint would be unjustified.

---

[9] SCO claims that Novell is improperly seeking to use documents produced in this litigation in the ICC arbitration via the protective order in this case.  (Opp'n 14-15.)  This is an issue for this Court to decide on a motion for protective order, and it is irrelevant to the question of whether SCO has suffered prejudice from the timing of Novell's motion to stay.

**CONCLUSION**

For the foregoing reasons, Novell requests that this Court stay all proceedings on the claims asserted by SCO in its Second Amended Complaint.

DATED:        June 19, 2006

ANDERSON & KARRENBERG

_____/s/  Heather M. Sneddon_____
Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon

-and-

MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
David E. Melaugh (pro hac vice)

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of June, 2006, I caused a true and correct

copy of the foregoing **REPLY IN SUPPORT OF NOVELL'S MOTION TO STAY CLAIMS**

**RAISING ISSUES SUBJECT TO ARBITRATION** to be served via CM/ECF to the

following:

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101


Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida  33131



_____*/s/  Heather M. Sneddon*_____