SCO Grp v. Novell Inc                                                                           Doc. 132

MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
Maame A.F. Ewusi-Mensah (pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **DECLARATION OF DAVID E. MELAUGH IN SUPPORT OF NOVELL'S MOTION TO STAY**<br><br>Case No. 2:04-CV-00139<br><br>Judge Dale A. Kimball |

I, David E. Melaugh, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and an associate in the law firm of Morrison & Foerster LLP, counsel of record for Defendant and Counterclaim-Plaintiff Novell, Inc. ("Novell") in this action. I was admitted to practice before this Court *pro hac vice* by this Court's Order of July 29, 2004.

2. I submit this declaration in support of Novell's Motion to Stay. The statements made herein are based on my personal knowledge.

3. Attached hereto are true and correct copies of the following documents:

(a) Exhibit 1 is a true and correct copy of the SCO Source Log listing documents SCO has produced to Novell in this litigation. This log was provided to me on Monday, June 12, 2006, by Katherine O'Brien, paralegal for counsel for SCO, via electronic mail.

(b) Exhibit 2 is a true and correct copy of the SCO Source Log listing documents SCO has produced to IBM in *The SCO Group, Inc. v. International Business Machines Corp*, Case No. 2:03-CV-0294, United States District Court for the District of Utah ("*SCO v. IBM* case"). This log was attached as Exhibit 1 to the Notice of Filing of Plaintiff's Exhibits, filed on February 4, 2006, by Plaintiff SCO in the *SCO v. IBM* case.

(c) Exhibit 3 is a true and correct copy of the Plaintiff's First Request for Production of Documents and First Set of Interrogatories, served by SCO on Novell in this action on January 11, 2006. These are the only discovery requests that have been served by SCO in this litigation.

(d) Exhibit 4 is a true and correct copy of the Attorneys' Planning Meeting Report, jointly filed on December 1, 2005, by SCO and Novell in this action (Pacer Docket No. 84.).

1

4. The Source Logs produced by SCO in this case and in the *SCO v. IBM* case are both organized by bates range and contain the following fields of information: "CD No.," "Production," "Geographic Location," and "Office." For each range: "CD No." refers to the CD volume number on which the range may be found; "Production" contains a very general description of the source of the documents, such as "General Files" or the name of an individual; "Geographic Location" appears to refer to the city where the documents were located; and "Office" appears to refer to the SCO office from which the documents were obtained such as "File Room" or the name of an individual.

5. According to the *SCO v. Novell* Source Log, SCO has produced to Novell five categories of documents: (a) approximately 865,000 pages of documents with the Bates number prefix "SCO"; (b) approximately 11,500 pages of documents with the Bates number prefix "SCOR"; (c) approximately 25,000 pages of documents with the Bates number prefix "SCON"; (d) approximately 7,500 pages of documents with the Bates number prefix "SCOF"; and (e) one document with the Bates number prefix "SCOX."

6. **Documents with the Bates Number Prefix "SCO":** A sampling of entries on the Source Logs indicates that each "SCO"-prefix Bates range on the *SCO v. Novell* Source Log has the identical Geographic Location and Office information as the same "SCO"-prefix Bates range on the *SCO v. IBM* Source Log. This indicates that SCO has maintained the same Bates number on each document produced to IBM in *SCO v. IBM* that was subsequently produced to Novell in *SCO v. Novell*. Therefore, it appears from the two Source Logs that SCO had previously produced to IBM all of the documents it later produced to Novell in *SCO v. Novell* with Bates number prefix "SCO."

7. **Documents with the Bates Number Prefix "SCOR":** The documents produced to Novell with the prefix "SCOR" consist of approximately 11,500 pages of documents that have been redacted by SCO. Review suggests that these documents, like the "SCO"-prefix documents, were previously produced to IBM (many are not responsive to any Novell Request for Production), though it is not possible to be certain without full review of SCO's production to IBM.

8. **Documents with the Bates Number Prefix "SCON":** The documents produced to Novell with the prefix "SCON" consist solely of pleadings and deposition transcripts from the *SCO v. IBM* litigation.

9. **Documents with the Bates Number Prefix "SCOF":** The documents produced to Novell with the prefix "SCOF" consist solely of public SEC filings.

10. **Documents with the Bates Number Prefix "SCOX":** SCO produced one document to Novell with the prefix "SCOX." This document comprises a large ledger spreadsheet.

11. SCO has not produced any other documents Novell in the *SCO v. Novell* litigation besides the five categories of documents described above.

12. Besides the SCO Source Log provided to Novell in this case by SCO, counsel for SCO has given no other indication of the nature of the documents produced or the requests to which they are responsive.

13. Novell has not been served with any discovery requests by SCO since the filing of SCO's Second Amended Complaint. As a review of SCO's Discovery Requests (Ex. 3) reveals, none of the discovery requests served by SCO prior to the filing of its Second Amended

Complaint were directed to its copyright infringement claim set forth in the Second Amended Complaint.

14. Novell has not served on SCO any discovery requests directed to the copyright infringement claim pled by SCO in its Second Amended Complaint.

15. The parties met via telephone to discuss the issues to be discussed at the Attorneys' Planning Meeting on November 17, 2005. On December 1, 2005, the parties filed the Attorneys' Planning Meeting Report attached hereto as Exhibit 4.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on this 19th day of June, 2006.

                                                                            */s/ David E. Melaugh*
                                                                               David E. Melaugh

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of June, 2006, I caused a true and correct copy of the foregoing **DECLARATION OF DAVID E. MELAUGH IN SUPPORT OF NOVELL'S MOTION TO STAY** to be served via CM/ECF to the following:

>Brent O. Hatch
>Mark F. James
>HATCH JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah  84101

>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida  33131

　　　　　　　　　　　　　　　　　　　　　　／s／ Heather M. Sneddon