Brent O. Hatch (5715)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Attorneys for Plaintiff-Counterclaim
Defendant, The SCO Group, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff-Counterclaim Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant-Counterclaim Plaintiff. | **ATTORNEYS' PLANNING MEETING REPORT**<br><br>Civil No.: 2:04CV00139<br><br>Judge: Dale A. Kimball |

**ORIGINAL**

Plaintiff-Counterclaim Defendant, The SCO Group, Inc. ("SCO"), and Defendant-Counterclaim Plaintiff, Novell, Inc. ("Novell"), hereby jointly submit this Attorneys' Planning Report, pursuant to Federal Rule of Civil Procedure 26(f).

1. **ATTORNEYS' MEETING:** Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held by telephone conference on November 17, 2005, between the parties to discuss the schedule in this matter.

    a.  Counsel for SCO, Edward Normand, and counsel for Novell, Ken W. Brakebill, were in attendance. Counsel also engaged in further discussions, after November 17, 2005, in an effort to agree to a discovery plan and case schedule in this matter.

    b.  The parties have discussed the nature and basis of their claims and defenses.

2. **INITIAL DISCLOSURES:** The parties will exchange the information required by Rule 26(a)(1) by February 28, 2005.

3. **DISCOVERY PLAN:** Based on the claims and defenses currently pled, the parties propose to the Court the following discovery plan:

    (a) Discovery is necessary on all of the claims, defenses and counterclaims raised in this suit, both directly or indirectly, and on the damages the parties assert.

    (b) The parties expect to utilize interrogatories, requests for production, requests for admission and oral depositions in conducting discovery. The parties agree that the Federal Rules of Civil Procedure should control the timing and scope of discovery except as provided below.

    (c) The parties agree to no more than twenty-five (25) non-expert depositions per party. For purposes of calculating the number of depositions a side has taken, Rule 30(b)(6) depositions shall be counted based on the total time of the deposition(s) (where every seven (7) hours of 30(b)(6) testimony constitutes one deposition), not the number of notices or subpoenas,

2

the number of categories within a notice or subpoena, or the number of designees offered in response thereto. The parties shall be allowed to exceed the time limitations for depositions for two witnesses of the opposing party; this enlargement would allow depositions to last up to two days. The parties agree to no more than twenty-five (25) interrogatories per party.

(d) The parties agree that all fact discovery will be completed no later than November 1, 2006.

(e) The parties agree that the parties bearing the burden of proof on issues will designate and submit the reports of its expert witnesses on these issues, if any, by November 17, 2006. The deadline for submitting any opposing expert reports will be December 8, 2006. Any rebuttal expert reports must be served by December 22, 2006. The parties shall make their respective experts available for deposition by January 12, 2007. Expert depositions will be taken where the expert resides unless otherwise agreed. The parties agree that there will be no discovery of drafts of expert reports or other communications with experts.

(f) The parties agree that expert discovery in this matter will be completed no later than January 12, 2007.

(g) The parties may serve papers upon designated counsel for each party, either by hand, by overnight mail, by facsimile, or by e-mail with a PDF attachment. When service is effectuated by any method other than by hand delivery, three additional calendar days shall be added to the response time, if any, pursuant to Rule 6(e).

(h) All deposition exhibits will be numbered sequentially, regardless of the identity of the deponent or the side introducing the exhibit. The same numbers will be used in pretrial motions and at trial.

3

(i) Where practicable, the parties will produce documents electronically or via CD to avoid unnecessary expense and effort. Where possible, originals will be made available for inspection upon request.

(j) The parties anticipate that documents produced in this case may contain confidential information. The parties agree promptly to enter into an appropriate confidentiality agreement and submit a proposed protective order before the exchange of such documents.

(k) The parties recognize that efficient resolution of this case will be aided by permitting Novell access to certain materials in *The SCO Group Inc. v. International Business Machines Corp.*, Case No. 2:03CV294 DAK, D. Utah ("*SCO v. IBM* case"). Pending the execution of an appropriate protective order, SCO authorizes Novell to have attorneys-eyes only access to those confidential materials in the *SCO v. IBM* case, including document productions, depositions, under-seal briefings, and discovery responses, that reasonably relate to a claim or defense in this litigation.

(l) Documents that a party claims as privileged, including all copies made, will be returned immediately upon the request of the disclosing party without the need to show the production was inadvertent.

(m) The parties reserve their rights to stipulate (subject to the Court's power to approve such stipulation), to amendments to, and to seek to amend, this discovery plan, in the event that the pleadings are amended to add new claims and/or defenses.

4. **OTHER ITEMS:**

(a) The parties believe that a conference with the Court is necessary prior to entry of this Attorneys' Planning Report and a Scheduling Order, at least with respect to the issue of the timing of the trial in this case, as discussed in subparagraph (h) below. Counsel for Novell

4

requests that the Court permit telephone appearances by counsel since counsel for Novell would otherwise be traveling a substantial distance (principal counsel for SCO is scheduled to argue a motion in the District of Utah, in the *SCO v. IBM* case, on the same day as the currently scheduled pretrial conference).

      (b)    The parties agree and stipulate that the cutoff date for joining additional parties is March 7, 2006.

      (c)    The parties agree and stipulate that the cutoff date for amending pleadings is March 7, 2006.

      (d)    The parties agree and stipulate that the cutoff date for filing dispositive motions is January 26, 2007.

      (e)    The parties believe that the potential for settlement is low.

      (f)    The potential for resolution of this matter through the Court's alternative dispute resolution program is poor.

      (g)    Final lists of witnesses, exhibits and objections thereto pursuant to Federal Rule of Civil Procedure 26(a)(3) are due on the dates specified by that rule.

      (h)    The parties agree that the pretrial conference in this case should be held approximately one month before trial. However, as discussed below, the parties differ with respect to the timing of the trial in this case.

      **SCO's Position**: SCO believes that this case should be scheduled for trial beginning June 1, 2007, in consideration of the currently scheduled, multi-week trial in the *SCO v. IBM* case that currently is scheduled to begin on February 26, 2007.

      **Novell's Position**: It is Novell's position that this case will be ready for trial a few months before June 1, 2007. In addition, Novell believes that an earlier trial date in this case is

5

appropriate so as to reflect the fact that certain claims and defenses in this case relate to, and could affect, resolution of certain claims and defenses currently being litigated in the *SCO v. IBM* case.

(i) The estimated length of the trial is twenty-one (21) days. Trial will be to a jury.

Dated this 1st day of December, 2005.

By: _____
ANDERSON & KARRENBERG
Thomas R. Karrenberg

MORRISON & FOERSTER
Michael A. Jacobs
Ken W. Brakebill

*Attorneys for Defendant-Counterclaim Plaintiff*

Dated this 1st day of December, 2005.

By: _____
HATCH JAMES & DODGE
Brent O. Hatch

BOIES, SCHILLER & FLEXNER LLP
Stephen N. Zack
Robert Silver
Stuart Singer
Edward Normand

*Attorneys for Plaintiff-Counterclaim Defendant*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December, 2005, I caused to be mailed a true and correct copy of the foregoing via first class U.S. Mail, postage prepaid, to the following:

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

Michael A. Jacobs
Ken W. Brakebill
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482

7