MORRISON & FOERSTER LLP
Michael A. Jacobs (Pro Hac Vice)
Ken W. Brakebill (Pro Hac Vice)
David E. Melaugh (Pro Hac Vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **REPLY IN SUPPORT OF NOVELL, INC.'S MOTION FOR A MORE DEFINITE STATEMENT OF SCO'S UNFAIR COMPETITION CAUSE OF ACTION**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

## INTRODUCTION

SCO's opposition brief misconstrues the purpose of Novell's motion. Contrary to SCO's contention, Novell is not seeking to compel SCO to "select" or "advance a particular legal theory." Nor is Novell seeking to "learn more" about the factual basis for SCO's unfair competition claim. Rather, Novell is simply seeking notice of the body or bodies of law that SCO is *alleging* against Novell, so that Novell may properly answer and assert applicable affirmative defenses to SCO's Second Amended Complaint.

SCO's opposition underscores the fundamental need for this Court to exercise its discretion to direct SCO to amend its unfair competition claim. SCO acknowledges that its new unfair competition claim is predicated on allegations that "misappropriation took place '*worldwide*.'" (Opp'n 1 n.1 (emphasis added).) SCO also claims that Novell's misconduct, which it alleges to have occurred *across several states and over the Internet*, has resulted in confusion across the *global* "marketplace concerning UNIX, Linux, and other products." (Second Am. Compl. ¶ 123.) The sheer breadth of these factual allegations demands that SCO restate its vague and ambiguous assertion that Novell violated the "applicable unfair-competition law." As SCO's own cases demonstrate, more definite statements are the appropriate way to narrow the body of applicable law, especially where, as here, a general claim of unfair competition is based on misconduct spanning multiple jurisdictions.

## ARGUMENT

### A. The Rule 12(e) Inquiry is Fact-Specific and SCO's Cases Fail to Address the Factual Circumstances Presented By SCO's Unfair Competition Claim.

SCO acknowledges, as it must, that this Court has the discretion to grant a Rule 12(e) motion. (Opp'n 4.) Moreover, SCO recognizes, as its cases make clear, that the decision to grant a Rule 12(e) motion depends entirely on the particular facts alleged in a complaint. *Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.*, 23 F. Supp. 2d 974, 1008 (N.D. Iowa 1998) (citing *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)). What constitutes sufficient

1

notice under the notice-pleading standard of Federal Rules "to enable a defendant to formulate a responsive pleading does change from case to case" and varies depending upon the complexity of the case. *Mountain View Pharm. v. Abbott Labs.*, 630 F.2d 1383, 1386-87 (10th Cir. 1980) (finding Rule 8(a) not satisfied).

      Even though the Rule 12(e) inquiry is fact specific, SCO does not cite a single case that considered a situation analogous to the one here.  SCO fails to present a case where a Rule 12(e) motion was denied where the plaintiff alleged misconduct spanning multiple jurisdictions (as SCO has done), and also failed to specify the body of law allegedly violated by the defendant (as SCO has failed to do).  Instead, SCO cites cases where the plaintiffs nearly always identified by statute the body of law that applied to their claims.  (Opp'n 4.)  For this reason, SCO's heavy reliance on the *JP Morgan* case is particularly unfounded.

      In *JP Morgan*, the plaintiff specifically identified the law that applied to the case: "Farmland further clarifies in its response brief that it is bringing its antitrust claim pursuant to Kansas antitrust law." *JP Morgan Trust Co. v. Mid-Am. Pipeline Co.,* 413 F. Supp. 2d 1244, 1270 (D. Kan. 2006).  Moreover, the significant operative facts underlying the plaintiff's claims occurred in a single jurisdiction, Kansas. *Id.*  Thus, contrary to SCO's assertion, *JP Morgan* is not "nearly identical" to this case, but is, instead, inapposite.

      The *Bryson* case is similarly not analogous.  First, in *Bryson*, the plaintiff's complaint specifically stated what law the defendant allegedly violated, citing New York law as well as two specific federal statutes. *Bryson v. Bank of N.Y.,* 584 F. Supp. 1306, 1319 (S.D.N.Y. 1994).  Unlike the plaintiff in *Bryson*, SCO provides no indication as to which body of state and Federal laws Novell is alleged to have violated.  In addition, in *Bryson*, as noted by the court there, the Rule 12(e) motion was "partially mooted by the submissions in Opposition to this motion." During the Rule 12(e) briefing in that case (unlike here), the plaintiff identified many of the specific statutes and rules allegedly violated by the defendant. *Id.*

Instead of pointing to analogous cases, SCO instead relies on the supposedly "disfavored" status of Rule 12(e) motions. However, Rule 12(e) motions are disfavored where defendants are seeking to discover additional detailed facts. *McClanahan v. Mathews*, 292 F. Supp. 737, 738 (D. Ky. 1968) ("Rule 12(e) cannot be used as a means of discovery"). That is not the case here. SCO's Second Amended Complaint fails to give Novell fair notice of the nature and basis of SCO's unfair competition claim -- *not* because of inadequate factual allegations, but because it does not provide adequate notice of the law or laws that Novell has violated.

Nor is this a situation where a Rule 12(e) grant is unnecessary because it is simple to determine what law applies to the plaintiff's allegations. Quite to the contrary, SCO's allegations implicate "worldwide" misconduct. Where a defendant is seeking to narrow the boundless universe of potentially applicable law, as here, Rule 12(e) motions are appropriate. Indeed, in a primary case cited by SCO in its opposition, the court "concluded" that repleading may be appropriate where a complaint implicates a "universe of potentially applicable statutes" because a defendant may have to affirmatively plead statutory defenses. *Dethmers,* 23 F. Supp. 2d at 1008. Such is the situation here. In the absence of such repleading by SCO of its unfair competition claim, Novell lacks the guidance necessary to plead relevant statutory defenses. The "appropriate time" to seek such guidance is not, as SCO advocates, at a later time, but rather right now, when the offending allegations are made and when the defendant's answers are due. Fed. R. Civ. P. 12(e) ("the party may move for a more definite statement *before interposing a responsive pleading*.") (emphasis added).

Moreover, Rule 12(e) motions are granted where the underlying complaint contains general assertions of violation of some unidentified or amorphous body of law. *MTV Networks v. Curry*, 867 F. Supp. 202, 207-08 (S.D.N.Y. 1994); *Kverargas v. Scottish Inns, Inc.*, 96 F.R.D. 425, 426 (E.D. Tenn. 1983), *rev'd on other grounds by*, 733 F.2d 409 (6th Cir. 1984); *see also Coexist, LLP v. Cafepress.com,* No. 1:05-CV-0673RLY/WJL, 2006 U.S. Dist. LEXIS 3949 at *8 (D. Ind. 2006) (granting Rule 12(e) motion because there was a general allegation of unfair

competition but the complaint did not identify the state statutory basis, if any, of the claim; denying motion as to common law basis for claim because plaintiff identified Indiana common law in responsive brief) (attached as Ex. A hereto).

Finally, SCO's contention that Novell's Rule 12(e) motion should be denied because SCO's Second Amended Complaint satisfies the notice-pleading requirements of Federal Rule of Civil Procedure Rule 8(a) is short-sighted. As SCO's case law points out, notwithstanding Rule 8, courts have discretion to order more definite statements. *Dethmers*, 23 F. Supp. 2d at 1008; *see also MTV Networks*, 867 F. Supp. at 207-08 (even though Rule 8 requires a short, plain statement, under Rule 12(e) "the opposing party must be given sufficient notice to frame a responsive pleading."). Thus, even though Rule 8 "only" requires "notice pleading," courts recognize that Rule 12(e) may nevertheless be granted so as to require a plaintiff to cite the statutes on which it relies. *Kverargas*, 96 F.R.D. at 426.

### B. More Definite Statements Are Appropriate Where a Plaintiff's Claims Involve Factual Allegations Spanning Multiple Jurisdictions and the Plaintiff Fails to Allege the Laws Violated.

SCO's reliance on the supposedly disfavored status of Rule 12(e) motions misses the point. SCO's allegations of "worldwide" unfair competition implicate an unlimited universe of state and federal statutory and common law, each with its unique elements and defenses. Aside from SCO's suggestion that it may seek a remedy under Utah law,[1] Novell is without any notice of which laws it need consider to frame a responsive pleading and to assert affirmative defenses.

Significantly, courts have required plaintiffs to provide more definite statements of statutory violations in less compelling circumstances than here -- namely, where the actionable

---

[1] SCO's opposition brief states that its allegations are "modeled" on Utah law. (Opp'n 6-7.) However, like SCO's convoluted response earlier this year to Novell's multiple requests for clarification concerning the "applicable unfair-competition law" being asserted against Novell, SCO in no way limits the bodies of law that it is asserting through its unfair competition allegations. (Opp'n 6.) If SCO is only asserting Utah law, then it should say so, rather than equivocate.

4

conduct is alleged to have occurred in just *one* jurisdiction, as opposed to multiple or "worldwide" jurisdictions. *See, e.g.*, *Kverargas*, 96 F.R.D. at 426.

In *Kveragas*, for example, the district court directed the complainant to provide a more definite statement concerning the alleged statutory violation, even when it was *clear* that a single state's law applied to the complaint. "If plaintiffs are going to claim defendants are liable under some statutory provision, defendants must surely be told now – not in later discovery – the accusation they are defending against." *Id.* The court concluded: "I don't see how defendants can plead to the accusation that they disobeyed 'the provisions of the *applicable* Statutes of the State of Tennessee. Defendants are entitled to know what statute they supposedly violated.'" *Id.*[2] SCO's Second Amended Complaint likewise seeks remedies under "*applicable* unfair-competition laws." (Second Am. Compl. ¶ 126 (emphasis added).) Because SCO's complaint implicates an expansive universe of potentially applicable law extending beyond the single jurisdiction at issue in *Kverargas*, the need for a more definite statement in this case is even more compelling.

This need is underscored by the *Dethmers* case cited by SCO in its opposition. As the court in *Dethmers* found, repleading may be necessary where "there may be statutory defenses that must be pleaded in answer to a statutory [] claim under the law of the appropriate state." *Dethmers*, 23 F. Supp. 2d at 1008 (repleading not necessary because the court already had determined what law would apply to the complaint and "the universe of potentially applicable statutes upon which Count IV of [the] complaint could be based has considerably contracted," thus making it a simple matter for defendants to answer the complaint). Failure to replead can cause substantial prejudice to the defendant, who "cannot be expected to guess" the particular

---

[2] SCO's attempt to distinguish *Kveragas* is confusing in light of the clear rule and obvious result in that case. The court there *granted* the defendants' 12(e) motion with respect to plaintiffs' statutory claims. That motion also was granted even though, as here, the *Kveragas* complaint provided the factual basis of the suit. *Id.* at 425.

statutory basis for a plaintiff's claim.  *Cf. Holmes Group, Inc. v. RPS Prods., Inc.*, 424 F. Supp. 2d 271, 295-96 (D. Mass. 2006) (barring plaintiff's claim for "unfair competition" under specific Massachusetts statute because defendant did not have "adequate notice" that plaintiff would rely on a state statute and was prejudiced in that it otherwise could have raised numerous substantive and procedural defenses).

The fact that SCO's unfair competition claim spans the globe may require Novell to plead affirmative defenses particular to the laws of multiple jurisdictions.  Novell cannot properly answer a complaint, or frame its affirmative defenses, without knowing which jurisdiction's laws SCO alleges Novell violated.

### C. Resolution of Novell's 12(e) Motion Need Not, and Should Not, Be Deferred Until If and When Choice-of Law Issues Are Raised and Resolved.

SCO's suggestion that a Rule 12(e) motion seeking a more definite statement of the laws *alleged* to be violated is premature until the court first resolves the "threshold" choice-of-law question as to which jurisdiction's law *will be applied*, is inaccurate.  (Opp'n 5-6 (citing *Dethmers*).)  First, the court in *Dethmers* did not conclude that the choice-of-law issue was a predicate to deciding the Rule 12(e) motion.  A correct reading of that case reveals that the court there merely referred to the choice-of-law issue as "*what [plaintiff] described* as the 'threshold question.'"  23 F. Supp. 2d at 1008 (emphasis added).

In addition, *Dethmers* involved a procedural posture not present in this case.  There, the court reached the choice-of-law issue because the defendant had simultaneously filed a Rule 12(b)(6) motion to dismiss for failure to state a claim and several summary judgment motions.  In the context of those motions, *not the Rule 12(e) motion*, the court decided that a particular state's law applied to the complaint.  Consequently, at oral argument the plaintiff agreed to replead its claim under that particular law.  As such, the Rule 12(e) motion was mooted.  *Id.* at 1008.  It is inaccurate to extrapolate from these specific facts that choice-of-law issues must be briefed and decided before Novell's Rule 12(e) motion.  That reading contradicts the clear

6

language in Rule 12(e), which allows a party to bring a motion for more definite statement *before* interposing a responsive pleading. Fed. R. Civ. P. 12(e). It also contradicts the court's conclusion in *Dethmers* that repleading is proper where defendants may have to assert specific statutory affirmative defenses.

Regardless, what law is *alleged* to be violated and what law *will be applied* are two distinct questions. The former does not depend on the latter. The former can and should be decided now given the procedural posture of this case. SCO has been litigating this case for two-and-a-half years. This is SCO's second amended complaint, and SCO has had ample time to decide what body or bodies of law it believes Novell may have violated.

## CONCLUSION

If SCO believes that Novell has violated Utah law (or New York, or California, and/or any other jurisdiction's laws), then it should be required to so state. Novell is entitled to know what law is being alleged so that it may properly answer the complaint and plead any affirmative defenses. As a result, this Court can and should grant Novell's Rule 12(e) motion.

DATED:   June 19, 2006

ANDERSON & KARRENBERG

 */s/  Heather M. Sneddon*
Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon

-and-

MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
David E. Melaugh (pro hac vice)

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of June, 2006, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF NOVELL, INC.'S MOTION FOR A MORE DEFINITE STATEMENT OF SCO'S UNFAIR COMPETITION CAUSE OF ACTION** to be served via CM/ECF to the following:

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

                                                                    */s/ Heather M. Sneddon*