1 of 1 DOCUMENT

**COEXIST, LLP, Plaintiff, vs. CAFEPRESS.COM, TEES.COM LLC, ATHEISTS-ONLINE.COM, THIERRY MIRAMBEAU, Defendants.**

**1:05-cv-0673RLY/WTL**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION**

*2006 U.S. Dist. LEXIS 3949*

**January 17, 2006, Decided**
**January 17, 2006, Filed**

**SUBSEQUENT HISTORY:** Motion denied by *Coexist, LLP v. CafePress.com, 2006 U.S. Dist. LEXIS 30100 (S.D. Ind., May 12, 2006)*

**COUNSEL:** [*1] For COEXIST, LLP, Plaintiff: Alastair J. Warr, Angela L. Hamm, KRIEG DEVAULT, Indianapolis, IN; David Allen Lundy, KRIEG DEVAULT LUNDY LLP, Fort Wayne, IN.

For CAFEPRESS.COM, Plaintiff: Gregory Forrest Hahn, Linda H. Havel, TABBERT HAHN EARNEST & WEDDLE LLP, Indianapolis, IN; Jill M. Pietrini, Raphael A. Gutierrez, MANATT PHELPS & PHILLIPS LLP, Los Angeles, CA.

For ALTHEISTSONLILNE.COM, Defendant: Stephen Lewis Vaughan, INDIANO VAUGHAN ROBERTS & FILOMENA, Indianapolis, IN.

**JUDGES:** RICHARD L. YOUNG, JUDGE.

**OPINIONBY:** RICHARD L. YOUNG

**OPINION:**

**ENTRY ON DEFENDANT CAFEPRESS.COM'S AMENDED MOTION TO DISMISS PURSUANT TO *RULE 12(b)(6)*, OR IN THE ALTERNATIVE FOR MORE DEFINITIVE STATEMENT PURSUANT TO *RULE 12(e)***

This matter is before the court on Defendant Cafepress.com's Amended Motion to Dismiss Pursuant to *Rule 12(b)(6)*, or in the Alternative for More Definite Statement Pursuant to *Rule 12(e)*. The instant Motion has been joined in relevant part by Defendant Atheists-Online.com. For the following reasons, Cafepress' Motion to Dismiss is **denied in part** and **granted in part**, and Cafepress' Motion for More Definite Statement is

**denied in part** and **granted in part**.

**[*2] I. Background**

The case at bar is a trademark dispute concerning a graphic design of the word "coexist" that incorporates three monotheistic symbols. (Amended Complaint P 8). Plaintiff Coexist, LLP's First Amended Complaint contains three counts: (1) trademark infringement; (2) unfair competition; and (3) dilution of mark and injury to business reputation. Cafepress argues that its Motion should be granted on the grounds that the Amended Complaint does not comply with notice pleading standards. According to Cafepress, it cannot adequately prepare its defense and the court cannot determine the validity of the claims.

**II. Standards for Dismissal and More Definite Statement**

**A. Motion to Dismiss Standard**

When considering a motion to dismiss pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, the court examines the sufficiency of the complaint, not the merits of the lawsuit. *Fed. R. Civ. P. 12(b)(6)*; *United States v. Clark County, Ind., 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000)*. The court will dismiss a complaint for failure to state a claim only if it "'appears beyond [*3] doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg, 95 F.3d 580, 583 (7th Cir. 1996)* (quoting *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957))*. In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation, 130 F.3d 1245, 1248 (7th Cir. 1997)*; *Porter v. DiBlasio, 93 F.3d 301, 305 (7th*

*Cir. 1996)*.

### B. Motion for More Definite Statement Standard

When considering a motion for a more definite statement pursuant to *Federal Rule of Civil Procedure 12(e)*, the court examines whether the complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . ." *Fed. R. Civ. P. 12(e)*. "[I]f the claim is unclear, the court should require a plaintiff to prepare a more definite statement under *Rule 12(e)* instead of lavishing attention on the complaint until the plaintiff gets **[*4]** it just right.'" *Scott v. City of Chicago, 195 F.3d 950, 952 (7th Cir. 1999)* (citing *Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir.1998))*.

### III. Analysis

Preliminarily, the court notes that Coexist did not defend its claim for dilution (Count III) in its response brief. As such, the court finds that Coexist has conceded to the dismissal of Count III. *See Federal Rule of Civil Procedure 8(d)* ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."); *see also, e.g., Shakman v. Democratic Organization of Cook County, 533 F.2d 344, 352 (7th Cir. 1976)*.

In support of its Motion to Dismiss, Cafepress argues that the complaint is insufficiently specific because it refers to Defendants collectively throughout, instead of specifying which Defendant is accused of what. That lack of specificity is not fatal to Coexist's claim; rather, a reasonable inference in favor of Coexist is that the complaint accuses multiple Defendants of similar acts. (*See* Amended Complaint PP 4-7 (identifying **[*5]** the four Defendants)).

Cafepress' other argument in favor of dismissal is that insufficient facts are alleged to support the trademark and unfair competition claims. This argument fails because "all that's required to state a claim in a complaint filed in federal court is a short statement, in plain (that is, ordinary, nonlegalistic) English of the legal claim." *Veazey v. Communications & Cable, Inc., 194 F.3d 850, 854 (7th Cir. 1999)*; *see also Payton v. Rush-Presbyterian-St. Lukes Medical Ctr., 184 F.3d 623, 626-27 (7th Cir. 1999)* ("Plaintiffs need not allege all, or any of the facts logically entailed by the claim. . . . A plaintiff does not have to plead evidence. . . . [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing" (citations omitted)).

Count I, for trademark infringement, is brought under Section 43(a) of the Lanham Act, *15 U.S.C. § 1125(a)*. (Amended Complaint PP 24-27). Coexist alleges that Cafepress' actions have falsely represented that their products are legitimately connected with Coexist. (*Id.* P 26). Together **[*6]** with the general allegations in the Amended Complaint, (*e.g., id.*, PP 13-14), Count I is sufficient to meet the lenient standard for notice pleading of a trademark infringement claim.

In Count II, Coexist alleges that Cafepress has engaged in the "sale of products bearing Coexist's registered trademark or a colorable variation thereof" and has thus engaged in unfair competition. (*Id.*, PP 31-32). This is enough to state a claim for unfair competition and survive dismissal.

Count II does have problematic ambiguities, though, which are properly subject to a Motion for More Definite Statement. *See Scott, 195 F.3d 950*. In some areas of its filings, Coexist appears to be bringing Count II pursuant to federal trademark laws, an unidentified state's common law, and an unidentified state statute. (*E.g.*, Response at 9; Amended Complaint PP 31-32). In others, Coexist appears to be bringing its claim pursuant to federal law and state common law, but not state statute. (*E.g.*, Response at 12-13). The ambiguity over whether Coexist is bringing a claim for unfair competition that has a state statutory basis and, if so, what that statutory basis is, needs to be clarified. **[*7]** Thus, Cafepress' Motion for a More Definite Statement will be granted, insofar as it pertains to clarifying the legal basis or bases for the unfair competition claim.

Cafepress also objects that Coexist "fails to identify the state from which its alleged common law rights emanate." (Reply at 5). Coexist's Response relies on Indiana common law, however, which does recognize a common law cause of action for unfair competition. *See, e.g., Felsher v. University of Evansville, 755 N.E.2d 589, 598 (Ind. 2001)* (discussing the Indiana courts' creation of the cause of action). As such, there is no need for a more definite statement to clarify that aspect of the disputed pleading

Finally, Cafepress argues that Coexist should be required to "identify the allegedly infringing products and which defendant sold them and where." (Memorandum in Support at 16). But unearthing those specifics is a matter for discovery, and to require such specifics at this stage would exceed the bounds of notice pleading requirements. Thus, the Motion for More Definite Statement will be denied insofar as it pertains to identifying such information.

### III. Conclusion

For the foregoing reasons, **[*8]** Cafepress.com's Motion to Dismiss Pursuant to *Rule 12(b)(6)* is **granted**

**as to Count III** and **denied as to Counts I and II**. Cafepress.com's Motion for More Definite Statement Pursuant to *Rule 12(e)* is **granted in part.** Coexist is hereby **ordered** to submit a more definite statement of Count II within ten (10) days or the claim for unfair competition will be stricken from the pleadings. *See Fed. R. Civ. P. 12(e)*.

Dated: January 17, 2006.

RICHARD L. YOUNG, JUDGE

United States District Court

Southern District of Indiana

Case 2:04-cv-00139-DAK-BCW   Document 133-2   Filed 06/19/2006   Page 3 of 3