IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **THE SCO GROUP, INC.,**<br><br>    Plaintiff,<br><br>vs.<br><br>**NOVELL, INC.,**<br><br>    Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Civil Case No. 2:04CV139DAK |

This matter is before the court on Defendant Novell, Inc.'s Motion to Stay Claims Raising Issues Subject to Arbitration. The court held a hearing on the motion on July 17, 2006.[1] At the hearing, Defendant was represented by Michael A. Jacobs and Thomas R. Karrenberg, and Plaintiff was represented by Stuart H. Singer, William Dzurilla, and Brent O. Hatch. The court took the motion under advisement. The court has considered the memoranda submitted by the parties as well as the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

In January 2004, this case originated in state court as a single claim for slander of title. Novell removed SCO's state court action to this court. After this court's ruling on SCO's

---

[1] Novell's Motion for a More Definite Statement was also scheduled to be heard at the court's hearing. But the parties informed the court at the hearing that they had reached an agreement that had resolved the motion. Therefore, the motion is moot.

1

motion to remand and Novell's motion to dismiss, SCO filed its First Amended Complaint. Novell filed a second motion to dismiss, which was denied in June, 2005.

In July 2005, Novell filed its Answer to SCO's First Amended Complaint, which included eight affirmative defenses and a Counterclaim including seven causes of action. Novell asserted counterclaims for various breaches of the Asset Purchase Agreement ("APA") between Novell and SCO, declaratory relief under the APA, restitution/unjust enrichment, and an accounting pursuant to the audit provisions of the APA.

After SCO answered Novell's Counterclaims and the parties proceeded to conduct some discovery, the parties stipulated to SCO's filing of a Second Amended Complaint. The Second Amended Complaint asserts several new causes of action, including claims for breach of the APA and the Technology License Agreement ("TLA"), copyright infringement, and unfair competition.

SCO's Second Amended Complaint also claims for the first time that Novell's distribution of SuSE Linux infringes SCO's alleged UNIX copyrights, constitutes unfair competition, and a breach of contract. SuSE Linux is a version of the Linux operating system developed by SuSE Linux, GmbH, a wholly-owned subsidiary of Novell. SCO, SuSe, and two other Linux vendors (Turbolinux and Conectiva) jointly developed a standard form of the Linux operating system, referred to as "UnitedLinux." In connection with developing UnitedLinux, the parties entered two contracts: the Master Transaction Agreement ("MTA"), and the UnitedLinux Joint Development Contract ("JDC"). These two contracts are collectively referred to as the UnitedLinux contracts.

The UnitedLinux members agreed that each member would have a broad license to use

the technology included in the UnitedLinux Software, including any related intellectual property rights of the other members.  The contracts provided that "All intellectual property rights related to the UnitedLinux Software (with the exception of certain "Pre-existing Technology" and "Enhancements" thereto) shall be assigned by the members to a new company, UnitedLinux, LLC.  In addition, the contracts provided that "[e]ach member shall have a broad, royalty-free license to all intellectual property rights in the UnitedLinux Software, entitling each member to "use, copy, modify, distribute, market, advertise, sell, offer for sale, sublicense . . . in any manner the Software, including the rights to make derivative works of the Software, to provide access to the Source Code and/or Object Code to any third party, to incorporate the Software into other products or bundle the Software with other products for its own business purposes and any other unlimited right of exploitation."  The contracts further state that the UnitedLinux Software shall be subject to any existing "open source" licenses.

Significant to the present motion before the court, the UnitedLinux contracts require any disputes arising under the contracts to be "finally and exclusively settled under the Rules of Arbitration of the International Chamber of Commerce then in force (Rules) by three arbitrators appointed in accordance with said Rules."  After SCO asserted claims relating to SuSE in its Second Amended Complaint, on April 10, 2006, SuSE submitted a Request for Arbitration against SCO pursuant to the terms of the arbitration clause in the UnitedLinux contracts.  SuSE contends in the arbitration that the UnitedLinux contracts preclude SCO from asserting that SuSE Linux infringes any copyrights of SCO because they divested SCO of ownership of any copyrights in technology included in UnitedLinux, they conferred a broad license on SuSE to use the technology included in UnitedLinux, and they contained an agreement by SCO that any open

source code included in UnitedLinux would remain subject to the terms of any open source license.  Therefore, SuSE has requested a declaration in the arbitration that (1) SCO is precluded from asserting copyright infringement claims against SuSe and that (2) the UnitedLinux contracts divested SCO of ownership of any copyrights related to technology included in UnitedLInux, except for pre-existing technology and enhancements.

## DISCUSSION

Novell contends that the entire case should be stayed in this court pending the arbitration between SuSE and SCO because, with the exception of SCO's claim for specific performance, all of the claims in SCO's Second Amended Complaint are impacted by the determination of the parties' respective rights and obligations under the UnitedLinux contracts.  SCO argues that Novell has waived its right to arbitrate based upon the course of proceedings in this litigation and, in any event, its claims are not arbitrable or brought upon any issue referable to arbitration.

Novell brings its motion under Section 3 of the Federal Arbitration Act, which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action, until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

SCO first opposes Novell's motion to stay on the grounds that Novell's prior actions in this litigation constitute a default in proceeding with the arbitration.  The Tenth Circuit has set forth a six-part test for determining whether a party has waived the right to arbitrate:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening step had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

*Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1489 (10th Cir. 1994).

SCO asserts that this test should be applied to the present motion because the case is over two years old and Novell has owned and controlled SuSE since the commencement of this litigation. However, neither of SCO's prior complaints asserted any claims regarding SuSE or made any factual allegations regarding SuSE. Before SuSe was mentioned in the Second Amended Complaint, SuSe would have had no basis for instituting arbitration proceedings pursuant to the UnitedLinux contracts and Novell would have had no basis for seeking a stay of the litigation in this court. Even though Novell stipulated to SCO's filing of the Second Amended Complaint, there are liberal standards applicable to the amendment of complaints under the Federal Rules of Civil Procedure and such conduct is not, in itself, inconsistent with the right to arbitrate. *See* Fed. R. Civ. P. 15(a). Furthermore, there has been little discovery conducted in this case and none relating to the SuSe claims. Therefore, the court finds that there is no basis for finding an inappropriate delay in this case.

Next, SCO contends that none of its claims are within the scope of the arbitration clauses. The parties disagree on the appropriate standards under this issue. SCO asserts that the court must determine the scope of the arbitration clause, determine whether the dispute falls

within the scope of the clause, and then determine if any collateral issues are arbitrable. *See Cummings v. Fedex Ground Package Sys., Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005). However, Novell argues that *Cummings* is a case under Section 4 of the FAA, not Section 3, and the only issue under Section 3 of the FAA is whether there are issues referable to arbitration.

The court agrees with Novell that there is a policy distinction between Section 3 and Section 4 of the FAA. Besides the difference in the language of the two sections, there is a relevant distinction between a party seeking to compel an entire dispute to be resolved through arbitration and a party seeking a stay for purposes of allowing a proper order of decision to occur. The present motion is not a motion to compel arbitration and it does not require the court to determine whether SCO must arbitrate its claims regarding SuSE. The SuSE litigation has been instituted and will proceed regardless of this court's decision on the present motion. Thus, the only issue before this court is what claims, or portions of claims, should properly be stayed in this court pending that ongoing arbitration. In making that determination, however, the court finds the analysis in cases brought under Section 4 of the FAA to be instructive and helpful to the court's decision under Section 3 to the extent that the analysis overlaps.

There is "a liberal federal policy favoring arbitration agreements," and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp.*, 460 U.S. 1, 24-25 (1983). While courts have broad discretion in staying litigation of arbitrable issues, courts recognize that arbitration is "a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Cummings v. Fedex Ground Package Sys., Inc.*, 404 F.3d 1258, 1262 (10th Cir. 2005).

SCO argues that none of the claims are arbitrable because none of them fall under the

narrow scope of the arbitration clauses contained in the UnitedLinux contracts.  SCO contends that, at most, Novell can claim only a partial, secondary defense to parts of SCO's claims on the basis of provisions in the United Linux contracts.  The court, however, has found no case law stating that under Section 3, the plaintiff's claims, rather than the defendant's defenses, must form the basis for the arbitration.  The language of Section 3 states only that a case has been brought "on issues referable to arbitration."  9 U.S.C. § 3.  The court finds that SCO's claims regarding SuSE, and Novell's defenses to those claims under the UnitedLinux contracts clearly raise issues referable to arbitration.

      Where a court has found that a party's lawsuit contains some claims that raise arbitrable issues and others that do not, the court has discretion as to whether it stays the claims that do not raise arbitrable issues.  *See Moses H. Cone*, 460 U.S. at 20 n.23.  The Tenth Circuit has stated that district courts considering a broad stay should determine "whether resolution of [the] arbitrable claims will have a preclusive effect on the nonarbitrable claims that remain subject to litigation."  *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998).  This is so "especially if the arbitrable issues predominate."  *Id.*

      Novell claims that the arbitrable issues predominate.  Novell also asserts that it is highly likely that the arbitrator's ruling will have collateral estoppel effect on this litigation.  It is true that the arbitrator's determination of whether SCO assigned the copyrights at issue to the UnitedLinux entity bears on the question of whether SCO owns the copyrights it is suing upon. It is also true, however, that a significant portion of SCO's claims and Novell's defenses are based upon the agreements between SCO and Novell—the Asset Purchase Agreement, as amended ("APA"), and the Technology License Agreement ("TLA").  Determinations on these

agreements in this court could have a similarly preclusive effect on the arbitration. Although Novell attempts to argue that there is an overlap between its defense of the claims relating to SuSE and SCO's claims relating to the APA and TLA, they are distinct in time and based on entirely separate agreements. Both require an underlying finding that SCO did, in fact, have ownership of the copyrights. But they appear to be factually and legally distinct. The court, therefore, cannot conclude that the arbitrable issues predominate.

The Tenth Circuit has also recognized that "the mere fact that piecemeal litigation results from the combination or arbitrable and nonarbitrable issues is not reason enough to stay [the] entire case." *Riley Mfg.*, 157 F.3d at 785. The "litigation must proceed in a 'piecemeal' fashion if the parties intended that some matters, but not others, be arbitrated." *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1517 (10th Cir. 1995). Because it is possible that the arbitrator's ruling could have little effect on the nonarbitrable claims in this case, the court concludes that only the portions of the claims relating to SuSE should be stayed in this court pending SuSE's arbitration. The claims asserted in relation to the APA and TLA should go forward. The claims are distinct enough that it would not be too great of a burden on the parties to proceed with the litigation and arbitration at the same time. The case has been on this court's docket for over two years. The case should proceed so that it is ready for trial regardless of the arbitrator's ruling on the claims relating to SuSE. If the arbitration concludes before the parties are ready for trial in this matter, then the court will address the preclusive effect of the arbitrator's ruling on the claims in this case. If this case is ready for trial before the arbitration concludes, the court will revisit the issue of whether to stay the trial on the APA and TLA claims pending the conclusion of the arbitration.

**CONCLUSION**

For the reasons stated above, Novell's Motion to Stay is GRANTED IN PART AND DENIED IN PART. The portions of the claims relating to SuSE are stayed pending arbitration. The parties shall proceed to litigate the remaining claims.

DATED this 21st day of August, 2006.

BY THE COURT:

DALE A. KIMBALL
United States District Judge