Brent O. Hatch (5715)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Attorneys for Plaintiff, The SCO Group, Inc.*

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

_____

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant. | **SCO'S MOTION FOR EXPEDITED STAY OR CONTINUANCE TO RESPOND TO NOVELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT OR PRELIMINARY INJUNCTION, AND TO EXTEND FACT DISCOVERY**<br><br>Civil No.: 2:04CV00139<br><br>Judge: Dale A. Kimball |

dockets.Justia.com

Plaintiff, The SCO Group, Inc. ("SCO"), respectfully moves the Court to act, on an expedited basis, to stay, or for a continuance to respond to, Novell's Motion for Partial Summary Judgment or Preliminary Injunction dated September 29, 2006, and to extend fact discovery.

SCO asks the Court: (1) to stay any briefing or hearing on Novell's Motion until after the end of the trial in the <u>SCO v. IBM</u> litigation (scheduled to begin in February 2007), or in the alternative, to grant SCO an extension of ninety (90) days to file its opposition to Novell's Motion; (2) to extend the period of fact discovery in this case for six (6) months, from November 1, 2006; and (3) to grant SCO an extension of ninety (90) days to respond to numerous recent discovery requests promulgated on SCO by Novell.  The principal grounds for the foregoing requests for relief are as follows.

<u>First</u>, Novell moves for summary judgment in significant part on the basis of causes of action that Novell has just added as amendments to its counterclaims.  (<u>See</u> Novell, Inc.'s Amended Counterclaims dated Sept. 25, 2006.)  There has been no discovery specific to those causes of action, or even a responsive pleading served by SCO.  Instead, in conjunction with the filing of its Motion (as addressed further below), Novell has served numerous discovery requests on SCO relating to issues raised in the Motion.  SCO submits that it would be plainly premature for the Court to consider Novell's summary judgment motion under the circumstances.

<u>Second</u>, Novell moves in the alternative for a preliminary injunction on grounds that Novell could have raised in this litigation any time in the last two years.  The two agreements at issue in Novell's Motion date from 2003, and Novell acknowledges (as at paragraphs 44 & 45 of Novell's memorandum in support of its Motion) that the agreements were a subject raised between the parties that same year.  This litigation has been pending since January 2004.  If Novell believed at any time in the long previous course of this litigation that it had a basis for a claim

2

against SCO on these grounds, Novell could have acted during that time. By Novell's own admission, moreover, it had copies of the documents over eight months ago, since February 7, 2006. Indeed, Novell filed counterclaims on July 29, 2005, in which Novell specifically asserted the right to revenues from the agreements at issue. (See Novell, Inc.'s Answer and Counterclaims, dated July 29, 2005.) Novell amended those counterclaims on April 10, 2006. (See Novell, Inc.'s Answer to SCO's Second Amended Complaint and Counterclaims, dated April 10, 2006.) In the face of these undisputed facts, Novell's long delay in seeking the preliminary injunction it now seeks is fatal to that request for relief, and therefore further grounds for staying the Motion.

Third, having received and had the opportunity to review the agreements at issue and file counterclaims about them, rather than move for summary judgment or seek a preliminary injunction, Novell instead chose to move on April 10, 2006, to stay this litigation altogether. (See Novell, Inc.'s Motion to Stay Claims Raising Issues Subject to Arbitration, dated Apr. 10, 2006.) Novell based that motion on the grounds that a stay would allow the arbitration filed by Novell's wholly owned subsidiary SuSE to proceed and thereby permit this Court to address the issues remaining after that arbitration. Novell, of course, made no mention of any intent to seek a preliminary injunction. Instead, Novell argued how judicial economy should lead the Court to exercise its discretion to enter a stay so that the arbitration could proceed first and then this Court could determine what issues remained to be decided. Now Novell asks the Court to proceed in a diametrically opposite direction. Novell's motion for preliminary injunction requires consideration of issues that Novell sought to have stayed and that were in fact stayed. That is, in evaluating the likelihood of success of the Novell counterclaims at issue and in assessing the balance of equities, the Court should consider issues such as whether Novell has been in breach of the Assert Purchase Agreement (APA) at issue in Novell's Motion through its Linux-related

activities, and whether Novell has infringed SCO's copyrights, concerning issues that the Court has stayed in favor of the SuSE arbitration.

Fourth, in furtherance of its admitted cooperation and joint-defense agreement with IBM in litigating against SCO (which is itself a subject of SCO's claims against IBM), Novell has evidently timed its Motion to interfere with SCO's response to the six (6) motions for summary judgment that IBM filed against SCO on September 25, 2006.  The IBM summary judgment motions comprise more than 400 pages of briefs and more than 600 exhibits, totaling over 50,000 pages of documents.  SCO's response is due on October 25, 2006.  Novell's motion, which concerns agreements entered in 2003, and which Novell asserted in counterclaims in July 2005 and again in April 2006, is seemingly timed to interfere with SCO's ability to respond to these IBM motions, and to prepare for trial in the IBM action.  The stay SCO seeks would permit SCO properly to respond to IBM's multiple, voluminous and document-intensive motions for summary judgment.  The additional time would not remotely prejudice Novell, which waited years to file its instant Motion, and therefore should not be heard to argue that its Motion warrants immediate resolution.

In addition – and putting aside the numerous serious defects in its argument on the merits on this score – Novell's alternative request for relief in the form of a preliminary injunction concerns SCO's predicted financial status well in the future, as of the middle of next year.  SCO submits that there are no fair grounds on which to require SCO to respond to Novell's Motion at the same time it responds to IBM's multiple motions.

Fifth, Novell moved to stay this litigation (as noted above) after the parties had agreed in late 2005 to a proposed period of fact discovery ending on November 1, 2006.  During the pendency of Novell's Motion to Stay, from April 10, 2006, until August 21, 2006, the parties

4

undertook very little fact discovery.  Neither party has, for example, taken a single deposition.  The parties' tacit agreement to follow that course was sensible, considering that if the Court were to grant Novell's motion to stay, such discovery would have been obviated in substantial part.

Last week, Novell served eleven (11) new interrogatories and thirty-nine (39) new document requests.  On the same date that it filed its Motion, Novell served one additional interrogatory, two additional document requests, and thirty-four (34) requests for admission.  SCO believes an extension of time of six months to complete discovery, especially in light of the impending IBM trial and the new amendments made by Novell to its counterclaims in the last week, is appropriate.

<u>Sixth</u>, Novell's purported concern with SCO's financial condition as grounds for its instant Motion is a transparent fiction.  The relief Novell seeks would bind SCO's hands just when SCO needs the flexibility and resources to devote to the <u>SCO v. IBM</u> litigation.  In addition, if Novell were actually concerned about any forfeiture of its rights as a result of any deterioration in SCO's financial condition, then Novell's decision to have SuSE file its arbitration against SCO in Europe is inexplicable.  The arbitration plainly imposes substantial additional expense on SCO, and Novell had SuSE file the arbitration years after Novell first identified its concerns arising out of the agreements at issue in Novell's instant Motion and many months after Novell had received physical copies of those agreements in discovery.  Contrary to Novell's suggestion, moreover, SCO's financial condition gives Novell no more basis to file its instant Motion now than it did over a year ago.  As Novell's own memorandum shows (at paragraphs 50 & 51), SCO had less cash reserves a year ago than it does now.

SCO has sought to resolve these issues by agreement with Novell.  Counsel for the parties have initiated such discussions but to date have not reached agreement.  Considering the time-

sensitive nature of SCO's Motion, SCO respectfully submits this Motion at this time and asks the Court to direct an expedited response from Novell and to decide the Motion on an expedited basis, as it concerns the timing of a response to Novell's Motion that would otherwise be due in less than thirty days.

Respectfully submitted,

Dated this 4th day of October, 2006.

By:   /s/ Brent O. Hatch

HATCH JAMES & DODGE
Brent O. Hatch

BOIES, SCHILLER & FLEXNER LLP
Stephen N. Zack
Robert Silver
Stuart Singer
Edward Normand

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October, 2006, I caused to be mailed a true and correct copy of the foregoing via the Court's CM/ECF system or first class mail to the following:

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

Michael A. Jacobs
Ken W. Brakebill
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482

                                                    /s/ Brent O. Hatch