MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff & Counter-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant & Counter-Plaintiff. | **NOVELL, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION TO THE SCO GROUP, INC.**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

TO THE SCO GROUP, INC. AND ITS COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counter-Plaintiff Novell, Inc. ("Novell") hereby requests that Plaintiff and Counter-Defendant The SCO Group, Inc. ("SCO") produce the identified documents and materials for copying and inspection at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105, within thirty (30) days after the service of this request.

1

include all attachments and enclosures, all drafts or copies that differ in any respect from the original, and all handwritten notations or notes attached on the front or back via adhesive or the like. (If copies are made of documents with notes attached on the front or back via adhesive, they shall be produced both with and without the attached adhesive notes.)

7. "Communication" means any transmission, conveyance, or exchange of information, whether by written, oral, or other means. It includes, without limitation: any meeting, discussion, contact, conference, telephone conversation, letter, e-mail transmission, Internet posting, memorandum, document, message, telegram, telefax, mailgram, billing statement, any electronic recording, or other form of written or oral information transmission or exchange.

8. "Concerning" means, without limitation: comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

9. "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

10. All nouns, whether single or plural herein, should be construed in both the singular and plural form.

## DOCUMENT REQUESTS

REQUEST FOR PRODUCTION NO. 6:

Please produce the agreement between SCO and Sun Microsystems, Inc. ("Sun"), referenced in your Answer to Paragraphs 50 - 51 of Novell's Counterclaims, and any other agreements between SCO and Sun concerning UNIX or UnixWare.

REQUEST FOR PRODUCTION NO. 7:

Please produce all documents concerning the agreements between SCO and Sun referenced in Request for Production No. 6, including, but not limited to, your communications

and negotiations with Sun relating to these agreements and SCO's revenue attributable to each agreement.

REQUEST FOR PRODUCTION NO. 8:

Please produce the agreement between SCO and Microsoft Corporation, referenced in your Answer to Paragraphs 50 - 51 of Novell's Counterclaims, and any other agreements between SCO and Microsoft concerning UNIX or UnixWare.

REQUEST FOR PRODUCTION NO. 9:

Please produce all documents concerning the agreements between SCO and Microsoft referenced in Request for Production No. 8, including, but not limited to, your communications and negotiations with Microsoft relating to these agreements and SCO's revenue attributable to each agreement.

REQUEST FOR PRODUCTION NO. 10:

Please produce the intellectual property agreements "SCO has negotiated and continues to negotiate" with Linux end-users, referenced in your Answer to Paragraph 59 of Novell's Counterclaims, and any other agreements between SCO and Linux end-users resulting from SCO's Linux End-User Intellectual Property License Initiative, referenced in SCO's Form 10-K for the fiscal year ended October 31, 2003.

REQUEST FOR PRODUCTION NO. 11:

Please produce all documents concerning the agreements between SCO and the Linux end-users referenced in Request for Production No. 10, including, but not limited to, your communications and negotiations with Linux end-users relating to these agreements and SCO's revenue attributable to each agreement.

REQUEST FOR PRODUCTION NO. 12:

Please produce all agreements between SCO and UNIX vendors resulting from SCO's SCOsource business, as referenced in SCO's Form 10-K for the fiscal year ended October 31, 2004.

REQUEST FOR PRODUCTION NO. 13:

Please produce all documents concerning the agreements between SCO and UNIX vendors referenced in Request for Production No. 12, including, but not limited to, your communications and negotiations with UNIX vendors relating to these agreements and SCO's revenue attributable to each agreement.

REQUEST FOR PRODUCTION NO. 14:

Please produce all documents concerning SCO's intellectual property licensing programs referred to as "SCOsource Licensing," the "SCO Intellectual Property License Program," and the "SCO IP Protection Program" (*see, e.g.*, http://www.caldera.com/scosource/), including, but not limited to, all documents concerning any license or agreement considered or made thereunder, the negotiations relating to each license or agreement, and all SCO revenue attributable to each license or agreement.

REQUEST FOR PRODUCTION NO. 15:

Please produce all documents concerning your denial in paragraphs 78 and 91 of your Answer to Novell's Counterclaims that SCO's agreements with Sun, Microsoft, Linux end-users, or UNIX vendors "are 'SVRX Licenses.'"

REQUEST FOR PRODUCTION NO. 16:

Please produce all documents concerning your denial in paragraphs 85 and 86 of your Answer to Novell's Counterclaims that SCO's agreements with IBM and Sequent "were 'SVRX Licenses.'"

REQUEST FOR PRODUCTION NO. 17:

Please produce all documents concerning the allegations in paragraphs 74 and 90 of your Answer to Novell's Counterclaims that the term "SVRX Licenses" as used in the APA refers only to "then-existing SVRX licensees for their distribution of binary-code versions of System V products pursuant to sublicensing agreements."

REQUEST FOR PRODUCTION NO. 44:

Please produce all documents concerning SCO's efforts after the execution of the APA to market, sell, or promote its UNIX platforms and/or its products relating to UNIX or UnixWare, or to complete the Merged Product.

REQUEST FOR PRODUCTION NO. 45:

Please produce all documents concerning the transfer of any UNIX or UnixWare assets from the Santa Cruz Operation, Inc., to or between Caldera, Inc., Caldera Systems, Inc., Caldera International Inc., and/or SCO.

DATED:  December 14, 2005

MORRISON & FOERSTER LLP

By: _____
Kenneth W. Brakebill