# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

**THE SCO GROUP, INC.,**

        **Plaintiff,**

vs.

**NOVELL, INC.,**

        **Defendant.**

**ORDER**

Civil Case No. 2:04CV139DAK

      This matter is before the court on The SCO Group, Inc.'s Motion for Expedited Stay or Continuance to Respond to Novell's Motion for Partial Summary Judgment or Preliminary Injunction and to Extend Fact Discovery. Defendant Novell, Inc., filed an opposition to the motion and SCO informed the court that the motion could be submitted on the parties' written submissions.

      SCO's motion asks the court to stay any briefing or hearing on Novell's Motion for Partial Summary Judgment or Preliminary Injunction until after the end of the trial in the *SCO v. IBM* litigation or, in the alternative, to grant SCO an extension of ninety days to file its opposition to Novell's motion. SCO's motion also asks the court to grant it ninety days to respond to recent requests promulgated by Novell and to extend the fact discovery deadline currently set for November 1, 2006, for six months.

      With respect to Novell's pending Motion for Partial Summary Judgment or Preliminary Injunction, the court believes that the motion should be considered with little delay. Although

Novell's counterclaims were recently added, at least some discovery relevant to the motion has already occurred. SCO does not identify the specific discovery it needs to respond to the motion and has not filed a formal motion under Federal Rule of Civil Procedure 56(f). SCO asserts that Novell is not entitled to a preliminary injunction on the claims because they have delayed in asserting them. Whether there has been a delay in asserting the claim, however, goes more to the propriety of granting the motion, not to whether it should be briefed and decided.

Furthermore, SCO's argument that it should not have to respond to Novell's motion while it is responding to the summary judgment motions and preparing for trial in the *SCO v. IBM* case is without merit. SCO chose to bring both actions and plaintiffs are under an obligation to move their cases forward. There is no basis for staying or continuing this case because of SCO's own litigation strategy. And, in fact, the legal claims asserted in each case actually suggest that this case should be decided before the IBM case. The court concludes, therefore, that there is no basis for significantly delaying the briefing or decision on Novell's pending motion.

The court does, however, recognize that SCO's response to Novell's motion has been delayed as a result of this motion to stay. The court, therefore, grants SCO an extension to oppose Novell's motion until December 11, 2006. Novell will then have until January 8, 2007 to file a reply in support of its motion, and the court will hold oral argument on the motion on January 23, 2007, at 3:00 p.m.

With respect to SCO's request for an extension of time for it to respond to Novell's recently propounded discovery and an extension of the fact discovery deadline, the court concludes that an extension is appropriate. Novell claims that it will be prejudiced by an

extension of the fact discovery period. But answering additional discovery does not constitute prejudice. Although the deadline has been in place for a year, both parties undoubtedly delayed their discovery efforts during the pendency of Novell's motion to stay pending the SuSE arbitration. Therefore, the court grants SCO sixty days from the date of this Order to respond to Novell's current discovery requests and extends the fact discovery deadline to February 1, 2007.

Because the extension of the fact discovery deadline will impact the remaining pre-trial and trial deadlines in this case, the existing deadlines and trial date are vacated. The court requests that the parties submit a new scheduling order including pre-trial deadlines that are consistent with a new dispositive motion deadline of March 14, 2007, and a new trial date of September 17, 2007.

DATED this 24th day of October, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge