MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Novell, Inc.**

---

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>     Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>     Defendant and Counterclaim-Plaintiff. | **NOVELL'S MEMORANDUM IN SUPPORT OF ITS EXPEDITED MOTION TO COMPEL PRODUCTION OF DEPOSITION TRANSCRIPTS AND EXHIBITS FROM *SCO V. IBM***<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

## INTRODUCTION

Over a year ago, SCO agreed to give Novell access to the depositions from the *SCO v. IBM* litigation.  (Decl. of Kenneth Brakebill, filed herewith, Ex. A.)  IBM subsequently provided its authorization, too, so that SCO could include any IBM confidential materials in its production of depositions and exhibits to Novell.  (*Id*. Ex. B.)

Eleven months ago, the Court incorporated SCO's agreement to give Novell access to the *SCO v. IBM* depositions in the original Scheduling Order in this case.  (*Id*. Ex. C, at 2.)  As noted in that order, there are considerable efficiencies to be gained by sharing discovery from the *SCO v. IBM* litigation.  For example, access to the deposition material from the *IBM* case may reduce the need for certain discovery in this litigation, including depositions.

Eleven months ago, Novell served a formal Request for Production seeking SCO's production of deposition transcripts and exhibits from the *IBM* case.  (*Id.* Ex. D.)  SCO never raised any objection.

In derogation of SCO's explicit agreement with Novell, the Court's December 6, 2005 Scheduling Order, and SCO's document production responsibilities under Federal Rule of Civil Procedure 34, SCO has produced transcripts (and *partial*, in some cases) from <u>only five</u> of the approximately eight-two *SCO v. IBM* deponents.  (*Id.* ¶ 8.)  With the discovery deadline quickly approaching, it is essential that Novell have complete and immediate access to the *SCO v. IBM* transcripts and exhibits.  SCO's recent "commitment" during meet and confer — to "<u>begin</u>" a "rolling" production "as soon as practicable" of "those transcripts . . . or portions of transcripts" that "reasonably relate[]" to the *SCO v. Novell* case (*id.* ¶¶ 9-10 & Exs. E-F) — is no more than a vague promise to execute on some portion of the obligations SCO has had for the last year.  Accordingly, Novell brings this motion to compel SCO's prompt and full production.

## ARGUMENT

### I.    SCO HAS ALREADY AGREED TO PRODUCE THE *SCO v. IBM* DEPOSITIONS.

Nearly thirteen months ago, Novell inquired of SCO to obtain access to various materials from *The SCO Group, Inc. v. International Business Machines Corp.*, Case No. 03-CV-0294 ("*SCO v. IBM*").  On October 14, 2005, counsel for SCO responded, stating:  "[W]e are fine with Novell having attorneys' eyes only access to the documents produced in the SCO-IBM litigation."  (Brakebill Decl. Ex. A.)  Novell counsel sought specific clarification that this agreement extended to deposition transcripts and exhibits, which SCO's counsel confirmed on October 17, 2005.  (*Id*.)  IBM has likewise confirmed that it has no objection to such production. (*Id.* Ex. B.)

SCO should therefore be compelled to live up to its own agreement to produce the *SCO v. IBM* transcripts and exhibits.

### II.    THIS COURT'S DECEMBER 6, 2005 SCHEDULING ORDER GRANTS NOVELL ACCESS TO RELEVANT DEPOSITION TRANSCRIPTS.

On December 6, 2005, this Court entered a scheduling order permitting Novell access to relevant deposition transcripts and exhibits from the *SCO v. IBM* matter:

> The parties recognize that efficient resolution of this case will be aided by permitting Novell access to certain materials in the *SCO v. IBM* case.  Pending the execution of an appropriate protective order, **SCO authorizes Novell to have attorneys eyes only access to those confidential materials in the *SCO v. IBM* case, including** document productions, **depositions**, under-seal briefings, and discovery responses, **that reasonably relate to a claim or defense in this litigation**.

(Dec. 6, 2005 Scheduling Order at 2.1 (emphasis added).)[1]

SCO's refusal to produce all relevant transcripts and exhibits is therefore in direct violation of a Court order.  On this independent basis, SCO should be compelled to make such production.

## III.   SCO HAS WAIVED ANY OBJECTION TO THE NOVELL REQUEST FOR PRODUCTION THAT SEEKS THESE TRANSCRIPTS.

In Request for Production No. 1, Novell seeks production of transcripts and exhibits from the depositions of all SCO witnesses and all former Novell employees deposed in *SCO v. IBM* on subjects concerning claims and defenses at issue in this case.  (Brakebill Decl. Ex. D, Request No. 1(c)-(e).)[2]  Novell served these Requests by hand on December 5, 2005.  Almost a year later, SCO has not served any formal response or objections to these Requests.  (*Id.* ¶ 7.)

SCO has therefore waived any objection to Request No. 1.  *See, e.g., Lash v. City of Trinidad*, No. 05-cv-01429-PSF-BNB, 2006 U.S. Dist. LEXIS 66033, *2 (D. Colo. Sept. 14, 2006) ("The plaintiff has neither objected to nor responded to the discovery. . . .  The plaintiff waived any objections he may have to the discovery by failing to assert them within the time

---

[1] The fact that the Stipulated Protective Order was not entered in this case until August 1, 2006 (*see* PACER Docket No. 138) did not impede SCO's production of any confidential materials in this case, including any confidential deposition transcripts from the *SCO v. IBM* case.  Prior to the formal issuance of the protective order, the parties agreed that production of confidential information could go forward based on an agreement between counsel to keep confidential-labeled information confidential.  (*See, e.g.,* Brakebill Decl. Ex. G at 3, item 7 (SCO's Responses and Objections to Defendant's First Set of Interrogatories and Second Set of Requests for Production (reciting agreement)).)

[2] Novell has served many other document requests to which the *SCO v. IBM* deposition transcripts might be responsive.  For example, to the extent testimony concerns the APA, it is responsive to Request No. 24.  (Brakebill Decl. Ex. H at 6 (Novell's Second Set of Requests for Production).)  To the extent testimony concerns contracts with IBM or Sequent, it is responsive to Request No. 38.  (*Id.* at 9.)

required by the Federal Rules of Civil Procedure.") (attached as Ex. 1 hereto); *Lucero v. Martinez*, No. CIV 03-1128 JB/DJS, 2006 U.S. Dist. LEXIS 29160, *6 (D. N.M. Mar. 11, 2006) ("[B]y not timely responding to the . . . Request for Production, Lucero has waived her objections to all those requests that do not appear to 'far exceed[] the bounds of fair discovery.'") (attached as Ex. 2 hereto).

On this basis alone, SCO should be compelled to respond completely to Request No. 1.

## IV.    SCO HAS PRODUCED JUST A SMALL PORTION OF RELEVANT *SCO v. IBM* DEPOSITION TRANSCRIPTS AND EXHIBITS.

To date, SCO has produced only ten deposition transcripts from just five witnesses in the *SCO v. IBM* case. (Brakebill Decl. ¶ 8.) Novell understands that at least eighty-two witnesses have been deposed in that litigation, generating approximately 130 transcripts. (*Id.*) Moreover, upon reading the exhibit lists for IBM's recent motions for summary judgment, Novell has determined that, even for the five witnesses from whom SCO has produced testimony, SCO has apparently withheld some deposition transcripts, without explanation. (*Id.*)

SCO has not provided a competent explanation for its failure to comply with its own agreement, the Court's Scheduling Order, and its Rule 34 obligations. What is clear, though, is that the testimony of the remaining witnesses does not fall outside the broad scope of discoverable material — *i.e.*, anything that reasonably relates to a claim or defense in this litigation. This is evident from even a cursory review of the persons deposed in the *IBM* case. For example, SCO has failed to produce the transcripts and exhibits concerning the depositions of the following persons:

- A former SCO employee disclosed by SCO under Federal Rule of Civil Procedure 26(a)(1)(A) as "likely to have discoverable information that SCO may use to

support its claims or defenses" in this litigation, at least with respect to "[t]he IBM buyout" (John Maciaszek);

- The author of correspondence from SCO to Novell in which SCO asserts that it owns the UNIX copyrights and that SCO is entitled to terminate SVRX licenses (Ryan Tibbitts);

- SCO's Director of Communications, the corporate source of many of the SCO statements slandering Novell's title to the UNIX copyrights (Blake Stowell);

- The Chairman of SCO's Board of Directors at the time of the APA's execution (Ralph Yarro);

- SCO's former CFO, who was involved in the 2003 audit of SCO's compliance with its royalty collection obligations under the APA (Robert Bench);

- SCO's Controller, who was also involved in various audits of SCO's royalty collection compliance (Michael Olson);

- SCO's world-wide head of marketing, responsible in part for rolling out the SCOSource program (Jeff Hunsaker);

- SCO's head of its "SCOSource" program, through which SCO has improperly diverted licensing revenue belonging to Novell (Chris Sontag);[3]

- A SCO Contract Manager and former Novell employee who has testified as to the meaning of the APA (William Broderick);[4]

---

[3] SCO has produced some Sontag transcripts, but has withheld others without explanation. (Brakebill Decl. ¶ 8.)

5

- Former Novell employees who were involved in the UNIX business at the time of the APA (Michael DeFazio and Burt Levine);

- An outside consultant responsible for arranging the SCO-Microsoft license, revenues from which SCO has improperly diverted for its own gain (Michael Anderer);

- The CEO of IBM, to whom Darl McBride sent a letter terminating the rights IBM secured by way of, *inter alia*, Amendment X with Novell (Samuel Palmisano); and

- Eight of the nine witnesses whose deposition testimony IBM cites in support of its motion for summary judgment on SCO's breach of contract claims — breaches that SCO claims Novell helped instigate.[5]

It is impossible to dispute that the aforementioned testimony is "reasonably relate[d] to a claim or defense in this litigation" and that SCO is therefore under an obligation to produce it under Federal Rule of Civil Procedure 34, this Court's December 6, 2005 Scheduling Order, and its own October 14, 2005 agreement to do so. SCO should therefore be compelled to produce the transcripts of all relevant *SCO v. IBM* depositions.

Finally, given SCO's apparent overly narrow view of what is relevant among the *SCO v. IBM* deposition transcripts (as evidenced by SCO's failure to date to produce the testimony of

---

(Footnote continued from previous page.)

[4] SCO has produced some Broderick transcripts, but has withheld others without explanation. (*Id.*)

[5] In total, IBM cites sixty deposition transcripts from forty-two witnesses in support of IBM's October 2006 motions for summary judgment. SCO has produced only eight of these transcripts, from four witnesses, often without accompanying exhibits.

the witnesses listed above), there are likely many <u>other</u> witnesses whose testimony SCO is improperly withholding. Because Novell, of course, cannot verify relevance for certain without access to the transcripts, and in order to ensure that SCO does not continue to apply an overly narrow view of "relevant," SCO should also be compelled to describe, on a transcript by transcript basis, why any withheld transcripts do not reasonably relate to a claim or defense in this litigation.

## CONCLUSION

For the reasons stated above, Novell respectfully requests that this Court compel SCO to produce all relevant transcripts and exhibits from the *SCO v. IBM* litigation.

DATED:        November 7, 2006

ANDERSON & KARRENBERG


_____/s/  Heather M. Sneddon_____
Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon


-and-

MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)

**Attorneys for Novell, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of November, 2006, I caused a true and correct

copy of **NOVELL'S MEMORANDUM IN SUPPORT OF ITS EXPEDITED MOTION**

**TO COMPEL PRODUCTION OF DEPOSITION TRANSCRIPTS AND EXHIBITS**

**FROM *SCO V. IBM*** to be served to the following:


*Via CM/ECF*:

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101

*Via e-mail*:

Stuart H. Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301

Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York  10504

_/s/  Heather M. Sneddon_

8
