# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

Central Division for the District of Utah

| | |
|---|---|
| THE SCO GROUP, INC., | **SCHEDULING ORDER AND ORDER VACATING HEARING** |
| Plaintiff, | Case No. 2:04-CV-139 DAK |
| vs. | **District Judge Dale A. Kimball** |
| NOVELL, INC., | |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 16(b), the Magistrate Judge[1] received the Attorneys' Planning Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

IT IS ORDERED that the Initial Pretrial Hearing set for <u>December 20, 2005</u>, at <u>1:30 p.m.</u> is VACATED.

Counsel are directed to contact the district judge to discuss trial scheduling relative to *The SCO Group Inc. v. International Business Machines Corp.*, Case No. 2:03CV294 DAK, D. Utah (*"SCO* v. *IBM* case").

## **ALL TIMES 4:30 PM UNLESS INDICATED**

| 1. | PRELIMINARY MATTERS | | **DATE** |
|---|---|---|---|
| | Nature of claim(s) and any affirmative defenses: | | |
| | a. | Was Rule 26(f)(1) Conference held? | <u>Yes</u> |
| | b. | Has Attorney Planning Meeting Form been submitted? | <u>Yes</u> |
| | c. | Was 26(a)(1) initial disclosure completed? | <u>2/28/05</u> |
| 2. | DISCOVERY LIMITATIONS | | **NUMBER** |
| | a. | Maximum Number of Depositions by Plaintiff(s) | <u>25</u> |
| | b. | Maximum Number of Depositions by Defendant(s) | <u>25</u> |
| | c. | Maximum Number of Hours for Each Deposition<br>(except for two depositions per party which may extend to 14 hours and as otherwise extended by agreement of parties) | <u>7</u> |

| | | |
|---|---|---|
| d. | Maximum Interrogatories by any Party to any Party | <u>25</u> |
| e. | Maximum requests for admissions by any Party to any Party | |
| f. | Maximum requests for production by any Party to any Party | |

g. For purposes of calculating the number of depositions a side has taken, Rule 30(b)(6) depositions shall be counted based on the total time of the deposition(s) (where every seven (7) hours of 30(b)(6) testimony constitutes one deposition), not the number of notices or subpoenas, the number of categories within a notice or subpoena, or the number of designees offered in response thereto.

h. All deposition exhibits will be numbered sequentially, regardless of the identity of the deponent or the side introducing the exhibit. The same numbers will be used in pretrial motions and at trial.

i. The parties agree that there will be no discovery of drafts of expert reports or other communications with experts.

j. Where practicable, the parties will produce documents electronically or via CD to avoid unnecessary expense and effort. Where possible, originals will be made available for inspection upon request.

k. The parties anticipate that documents produced in this case may contain confidential information. The parties agree promptly to enter into an appropriate confidentiality agreement and submit a proposed protective order before the exchange of such documents.

l. The parties recognize that efficient resolution of this case will be aided by permitting Novell access to certain materials in the *SCO* v. *IBM* case. Pending the execution of an appropriate protective order, SCO authorizes Novell to have attorneys-eyes only access to those confidential materials in the *SCO v. IBM* case, including document productions, depositions, under-seal briefings, and discovery responses, that reasonably relate to a claim or defense in this litigation.

m. Documents that a party claims as privileged, including all copies made, will be returned immediately upon the request of the disclosing party without the need to show the production was inadvertent.

|     |                                                                                                          | DATE      |
| --- | -------------------------------------------------------------------------------------------------------- | --------- |
| 3.  | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[2]                                                             |           |
|     | a.  Last Day to File Motion to Amend Pleadings                                                           | *3/7/06*  |
|     | b.  Last Day to File Motion to Add Parties                                                               | *3/7/06*  |
| 4.  | **RULE 26(a)(2) REPORTS FROM EXPERTS**[3]                                                                |           |
|     | a.  Party with Burden of Proof                                                                           | *11/17/06*|
|     | b.  Opposing Reports                                                                                     | *12/8/06* |
|     | c.  Rebuttal Reports                                                                                     | *12/22/06*|
| 5.  | **OTHER DEADLINES**                                                                                      |           |
|     | a.  Discovery to be completed by:                                                                        |           |
|     | Fact discovery                                                                                           | *11/1/06* |
|     | **Expert discovery** (Expert depositions will be taken where expert resides unless otherwise agreed.)    | *1/12/07* |
|     | b.  *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e)           |           |
|     | c.  Deadline for filing dispositive or potentially dispositive motions                                   | *1/26/07* |
| 6.  | **SETTLEMENT/ ALTERNATIVE DISPUTE RESOLUTION**                                                           |           |
|     | a.  Referral to Court-Annexed Mediation                                                                  | *N*       |
|     | b.  Referral to Court-Annexed Arbitration                                                                | *N*       |
|     | c.  Evaluate case for Settlement/ADR on                                                                  |           |
|     | d.  Settlement probability:                                                                              |           |
| 7.  | **TRIAL AND PREPARATION FOR TRIAL:**                                                                     |           |
|     | a.  **Rule 26(a)(3) Pretrial Disclosures**[4]                                                            |           |
|     | Plaintiffs                                                                                               | 4/27/07   |
|     | Defendants                                                                                               | 5/11/07   |
|     | b.  **Objections to Rule 26(a)(3) Disclosures** (if different than 14 days provided in Rule)             |           |
|     | c.  **Special Attorney Conference**[5] on or before                                                      | 5/25/07   |
|     | d.  **Settlement Conference**[6] on or before                                                            | 5/25/07   |

|   |   |   |   |   |
|---|---|---|---|---|
| e. | Final Pretrial Conference |   | 2:30 p.m. | 6/6/07 |
| f. | Trial | **Length** | **Time** | **Date** |
|   | i. Bench Trial |   |   |   |
|   | ii. Jury Trial | *21 days* | *8:30 a.m.* | *6/25/07* |

8. **OTHER MATTERS:**

    **Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.**

    **The parties may serve papers upon designated counsel for each party, either by hand, by overnight mail, by facsimile, or by e-mail with a PDF attachment. When service is effectuated by any method other than by hand delivery, three additional calendar days shall be added to the response time, if any, pursuant to Rule 6(e).**

    **The parties have reserves their rights to stipulate (subject to the Court's power to approve such stipulation), to amendments to their discovery plan, and to seek to amend this Scheduling Order, in the event that the pleadings are amended to add new claims and/or defenses.**

**Dated this 6th day of December, 2005.**

                                             **BY THE COURT:**

                                             _____
                                             **David Nuffer**
                                             **U.S. Magistrate Judge**

1.     The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5). The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately referred to that Magistrate Judge. A separate order may refer this case to a Magistrate Judge under DUCivR 72-2 (b) and 28 USC 636 (b)(1)(A) or DUCivR 72-2 (c) and 28 USC 636 (b)(1)(B). The name of any Magistrate Judge to whom the matter is referred under DUCivR 72-2 (b) or (c) should appear on the caption as required under DUCivR10-1(a).

2.     Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

3.  The identity of experts and the subject of their testimony shall be disclosed as soon as an expert is retained or, in the case of an employee-expert, as soon as directed to prepare a report.

4.  Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

5.  The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. Witnesses will be scheduled to avoid gaps and disruptions. Exhibits will be marked in a way that does not result in duplication of documents. Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

6.  Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

I:\LAW\IPT\2005\SCO v Novell 2 04 cv 139 DAK.wpd