# EXHIBIT D

MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff & Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant & Counterclaim-Plaintiff. | **NOVELL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO THE SCO GROUP, INC.**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

TO THE SCO GROUP, INC. AND ITS COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counter-Plaintiff Novell, Inc. ("Novell") hereby requests that Plaintiff and Counter-Defendant The SCO Group, Inc. ("SCO") produce the identified documents and materials for copying and inspection

1

at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105, within thirty (30) days after the service of this request.

## DEFINITIONS

As used herein, the following terms have the following meanings:

1. "SCO" means Plaintiff and Counter-Defendant The SCO Group, Inc. and (i) its present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors and successors in interest, and any parent, subsidiary, and affiliated entities; (ii) any other person or entity acting on its behalf or on whose behalf it acted or has acted; (iii) any other person or entity otherwise subject to its control, or which controls or controlled it, or with which it was or is under common control; and (iv) any person or entity otherwise in the corporate family of The SCO Group, Inc., including any predecessor or successor in interest or any parent, subsidiary, or affiliated entity, no matter how far removed from The SCO Group, Inc.

2. "You" and "your" refers to SCO, as defined immediately above.

3. "Person" means any individual, firm, entity, association, partnership, joint venture, organization, or entity.

4. "APA" means the Asset Purchase Agreement By and Between The Santa Cruz Operation, Inc. and Novell, Inc., dated as of September 19, 1995, and any amendments and schedules thereto.

5. The "IBM Litigation" means *The SCO Group, Inc. v. International Business Machines Corp.*, Case No. 03-CV-0294, United States District Court for the District of Utah.

6. "Documents" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001. "Document" shall include materials stored electronically or electromagnetically

(such as electronic mail or any other electronic files) and all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing. A "document" also shall include all attachments and enclosures, all drafts or copies that differ in any respect from the original, and all handwritten notations or notes attached on the front or back via adhesive or the like. (If copies are made of documents with notes attached on the front or back via adhesive, they shall be produced both with and without the attached adhesive notes.)

7.  "Communication" means any transmission, conveyance, or exchange of information, whether by written, oral, or other means. It includes, without limitation: any meeting, discussion, contact, conference, telephone conversation, letter, e-mail transmission, Internet posting, memorandum, document, message, telegram, telefax, mailgram, billing statement, any electronic recording, or other form of written or oral information transmission or exchange.

8.  "Concerning" means, without limitation: comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

9.  "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

10. All nouns, whether single or plural herein, should be construed in both the singular and plural form.

## DOCUMENT REQUESTS

REQUEST FOR PRODUCTION NO. 1:

Please produce the following documents from the IBM Litigation:

(a) All SCO document productions concerning claims and defenses at issue in this case;

(b) SCO's production log;

(c) The depositions of all SCO witnesses deposed on subjects concerning claims and defenses at issue in this case;

(d) The depositions of all former Novell employees deposed on subjects concerning claims and defenses at issue in this case;

(e) All exhibits or other documents used in the depositions in (c) and (d) above;

(f) All under-seal papers filed by SCO in opposition to IBM's Motion for Partial Summary Judgment on Breach of Contract Claims (items 346-350 on the official Pacer docket);

(g) SCO's privilege log filed on March 18, 2005 (item 418 on the official Pacer docket);

(h) SCO's "Interim Disclosure of Material Misused by IBM" filed on October 28, 2005 (items 544-545 of the official Pacer docket);

(i) SCO's written responses to IBM's Requests for Production;

(j) SCO's written responses to IBM's Interrogatories; and

(k) SCO's written responses to IBM's Requests for Admission.

REQUEST FOR PRODUCTION NO. 2:

Please produce all documents concerning the Declaration of Jim Wilt, executed November 23, 2004 and filed in the IBM Litigation, including but not limited to, the declaration and any drafts thereof; all communications between SCO and Mr. Wilt concerning this declaration and any drafts thereof; any depositions by Mr. Wilt in the IBM Litigation, and accompanying exhibits or other documents used in these depositions; all statements and communications by Mr. Wilt concerning the APA; and Mr. Wilt's files concerning the APA.

REQUEST FOR PRODUCTION NO. 3:

Please produce all documents concerning the Declaration of Steven Sabbath, executed November 19, 2004 and filed in the IBM Litigation, including but not limited to, the declaration and any drafts thereof; all communications between SCO and Mr. Sabbath concerning this

declaration and any drafts thereof; any depositions by Mr. Sabbath in the IBM Litigation, and accompanying exhibits or other documents used in these depositions; all statements and communications by Mr. Sabbath concerning the APA; and Mr. Sabbath's files concerning the APA.

REQUEST FOR PRODUCTION NO. 4:

Please produce all documents concerning the Declaration of Ed Chatlos, executed October 1, 2004 and filed in the IBM Litigation and in this case, including but not limited to, the declaration and any drafts thereof; all communications between SCO and Mr. Chatlos concerning this declaration and any drafts thereof; any depositions by Mr. Chatlos in the IBM Litigation, and accompanying exhibits or other documents used in these depositions; all statements and communications by Mr. Chatlos concerning the APA; and Mr. Chatlos's files concerning the APA.

REQUEST FOR PRODUCTION NO. 5:

Please produce all documents concerning the Declaration of William Broderick, executed October 21, 2005 and filed in the IBM Litigation, including but not limited to, the declaration and any drafts thereof; all communications between SCO and Mr. Broderick concerning this declaration and any drafts thereof; any depositions by Mr. Broderick in the IBM Litigation, and accompanying exhibits or other documents used in these depositions; all statements and communications by Mr. Broderick concerning the APA and/or the transfer of UNIX assets; and Mr. Broderick's files concerning the APA and/or the transfer of UNIX assets.

DATED:    December 6, 2005

MORRISON & FOERSTER LLP

By: _____
Kenneth W. Brakebill