# EXHIBIT G

Dockets.Justia.com

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> NOVELL, INC., <br><br> Defendant. | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND SECOND SET OF REQUESTS FOR PRODUCTION** <br><br> Case No. 2:04CV00139 <br> Honorable Dale A. Kimball |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Utah, Plaintiff, The SCO Group, Inc. ("SCO"), hereby responds and objects to Defendant Novell, Inc.'s ("Novell") First Set of Interrogatories, as follows:

## GENERAL OBJECTIONS

1. SCO objects to Novell's definitions, instructions, interrogatories, and document requests to the extent that they purport to require searches of files and the production of documents in the possession, custody, or control of third parties.

2. SCO objects to Novell's definitions, instructions, interrogatories and document requests to the extent that they seek to impose a burden or obligations beyond the scope permitted or authorized by the Federal Rules of Civil Procedure.

3. SCO objects to Novell's definitions, instructions, interrogatories and document requests to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, as provided by the Federal Rules of Civil Procedure.

4. SCO objects to the requests and the interrogatories insofar as they seek documents or information equally accessible to Novell and/or are in Novell's exclusive possession, custody, or control.

5. SCO objects to Novell's interrogatories and document requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, seek irrelevant information, or are not calculated to lead to the discovery of admissible evidence.

6. SCO objects to Novell's definitions, instructions, interrogatories, and document requests to the extent that the information sought is protected from disclosure by the work-product

2

doctrine, the attorney-client privilege, or any other privilege, doctrine, exemption or immunity, on the ground that such information is not properly discoverable under the Federal Rules of Civil Procedure. Inadvertent disclosure or production of any privileged or protected documents or information shall not constitute a waiver of any privilege, work-product protection, or immunity, or any other ground for objecting to discovery of the documents or information. SCO reserves the right to demand and obtain the return of any privileged documents it may produce, and all copies thereof. If the production of any document is deemed to be a waiver of any right or privilege, the waiver shall be a limited waiver pertaining to that document or information only.

7. SCO has produced and will produce SCO confidential documents and information (including, but not limited to, confidential business information, trade secrets, or information subject to any confidentiality agreement, order, and/or obligation) pursuant to an agreement by and between SCO and Novell that documents and information labeled confidential by the producing party will be kept confidential by the requesting party.

8. SCO objects to Novell's definitions, instructions, interrogatories, and document requests insofar as they seek documents or information subject to a confidentiality obligation owed to a non-party to this case. SCO will attempt to obtain permission of such non-party to provide the requested information. For any non-party that does not provide permission to provide such information, SCO will provide to Novell the identity of such non-party and a sufficient description of the information in SCO's custody, control, or possession to allow Novell to request the information directly from such non-party. SCO will withhold production of all non-party confidential documents and information until and unless permission has been granted by the non-party to produce such documents and information.

3

DATED this 27th day of January, 2006.

                        HATCH, JAMES & DODGE, P.C.
                        Brent O. Hatch
                        Mark F. James

                        BOIES, SCHILLER & FLEXNER LLP
                        Robert Silver
                        Stuart H. Singer
                        Stephen N. Zack
                        Edward Normand

                        By _____

                        *Counsel for The SCO Group, Inc.*