Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>NOVELL, INC.,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S MEMORANDUM IN OPPOSITION TO NOVELL'S EXPEDITED MOTION TO COMPEL PRODUCTION OF DEPOSITION TRANSCRIPTS AND EXHIBITS FROM** *SCO V. IBM*<br><br>Case No. 2:04CV00139<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff, The SCO Group, Inc. ("SCO"), respectfully submits this memorandum in opposition to Novell's Expedited Motion to Compel the Production of Transcripts and Exhibits from *SCO v. IBM*.

## INTRODUCTION

Novell's Motion is based on the unfounded and incorrect suspicion that SCO would not produce certain documents in discovery. Novell seeks deposition transcripts and exhibits from the IBM Litigation that are reasonably related to the claims and defenses in this case. Novell filed the Motion despite SCO's assurances that it would produce the documents in time for Novell to use them in fact depositions. SCO has done just that: SCO produced the documents over two months before the discovery deadline and before the parties have even <u>scheduled</u> any depositions. Indeed, SCO has exceeded its obligations by producing the documents in their entirety, without redacting the vast portions of unresponsive testimony or withholding or redacting the corresponding exhibits. If not withdrawn, as it should be, the Motion should be denied for lack of anything to compel.

## STATEMENT OF FACTS

On December 6, 2005, the parties entered into a Scheduling Order and Order Vacating Hearing in which SCO authorized "Novell to have attorneys-eyes only access to those confidential materials in the *SCO v. IBM* case, including document productions, depositions, under-seal briefings, and discovery responses, that reasonably relate to a claim or defense in this litigation." (Ex. 1 ¶ 2.l.) Later that month, Novell served upon SCO forty-five (45) document requests, including a request seeking relevant materials from the IBM Litigation.

In January 2006, SCO produced over half a million pages of materials responsive to those requests. On February 8 and 9, SCO resent those materials to Novell in a different format, per Novell's request, along with additional supplemental materials SCO had produced to IBM in the interim. Also on February 8, counsel for IBM consented to the production to Novell of confidential transcripts and other documents from the IBM Litigation. Shortly thereafter, SCO started review of responsive deposition transcripts, and by March 30, had produced to Novell at least nine transcripts containing the most extensive responsive testimony.

On April 10, Novell filed its motion to stay SCO's claims. On August 21, the Court granted and denied that motion in part. On September 29, Novell filed its pending motion for summary judgment or preliminary injunction. On October 4, SCO moved for an extension of the time to respond to that motion and for an extension of the discovery deadline. On October 24, the Court extended the discovery deadline to February 1, 2007, based in part on the finding that "both parties undoubtedly delayed their discovery efforts during the pendency of Novell's motion to stay pending the SuSE arbitration."

On October 11, while SCO's October 4 motion was pending, counsel for Novell complained to counsel for SCO that "SCO has produced just five depositions from the IBM case and Novell is prepared to compel, if necessary." (Ex. 2.) On November 2, having explained SCO's continuing efforts to respond to IBM's six pending motions for summary judgment, SCO informed Novell that "SCO will produce those transcripts, or where appropriate portions of transcripts, from the SCO v. IBM case containing testimony that reasonably relates to claims or defenses in the SCO v. Novell case." (Ex. 3.) Counsel for SCO further assured counsel for Novell that SCO "will begin a rolling production of such transcripts or portions of transcripts as

2

soon as practicable, and in time to permit the use of the material for fact depositions in this matter." (Id.) Despite these assurances, Novell filed this Motion on November 7.

On November 11, having obtained two weeks of additional time to respond, SCO filed its memoranda in opposition to IBM's six motions for summary judgment in the IBM Litigation. SCO's filing comprised over 900 pages of briefing and almost 400 exhibits[1] comprising more than 10,000 pages. On November 16, SCO produced that filing in its entirety to Novell, including thirty-five (35) additional deposition transcripts responsive to Novell's request for such materials. On November 21, SCO produced twenty-two (22) additional deposition transcripts. On November 22, SCO produced the exhibits for all the responsive transcripts, a total of 1,047 exhibits of the approximately 1,950 deposition exhibits in the IBM Litigation.

In all, after a detailed, thorough, and reasonable review of deposition testimony from the IBM Litigation, SCO has produced sixty-six (66) deposition transcripts and the 1,047 associated exhibits. Even though many of the transcripts consist almost entirely of unresponsive testimony, SCO has produced all sixty-six transcripts in un-redacted form and has not withheld or redacted any exhibits corresponding to unresponsive testimony.[2] Although SCO will undertake an even more detailed review in the next two weeks, the other transcripts do not appear to contain any material that relates to any claim or defense in this case. Novell made its most recent production to SCO on November 18, 2006.

---

[1]   These exhibits were in addition to the 600 exhibits that IBM submitted with its motions, many of which SCO referenced in its opposition papers.

[2]   SCO has produced the documents expressly without conceding that all of the material produced relates to any claim or defense in this case. See, e.g., Letter from E. Normand to K. Brakebill, dated November 16, 2006; Letter from S. Bach to K. Brakebill, dated November 21, 2006; Letter from E. Normand to K. Brakebill, dated November 22, 2006. (Exs. 4-6.)

**ARGUMENT**

The Court should deny Novell's Motion, if not withdrawn, because SCO has timely produced the documents that Novell seeks through the Motion.

**I.      SCO HAS PRODUCED ALL RESPONSIVE MATERIALS.**

As of November 22, 2006, SCO has identified and produced all the deposition transcripts from the IBM Litigation containing testimony reasonably related to the claims and defenses in this case. As of the same date, SCO has also produced all the exhibits associated with those transcripts. SCO has never refused to produce such documents and, in the event that SCO has inadvertently overlooked any responsive document, notwithstanding its detailed review to date, SCO will promptly supplement its production. There is nothing for the Court to compel.

Novell argues (at 1) that it anticipates that SCO will not produce all the documents because of the timing of its production. This argument fails for at least two reasons.

First, SCO did not delay in producing the documents. In February 2006, SCO promptly produced over half a million pages of materials, comprising most of the materials it had produced in the IBM Litigation to that point. SCO then started to review and produce deposition transcripts, and by March 30, had produced at least nine transcripts containing the most extensive responsive testimony. These transcripts include, for example, the deposition of Ed Chatlos, who was the lead negotiator for Novell in the 1995 transaction reflected in the APA, and who confirmed in his deposition that Novell sold its entire UNIX business, including the copyrights, to the Santa Cruz Operation. As the Court found in its Order extending the discovery deadline, the parties then delayed discovery during the pendency of Novell's motion to stay. Subsequently, during the meet and confer that preceded this Motion, counsel for SCO assured

counsel for Novell that SCO would produce the documents in time for their use in fact depositions – that is, well before that end of discovery. Indeed, while SCO has produced all the documents, the parties have not even scheduled any fact depositions.

Second, even if SCO had delayed, there is no connection between the timing and the sufficiency of the production. Novell argues (at 1) that SCO's offer to begin producing the documents on a rolling basis as soon as practicable is "no more than a vague promise to execute on some portion" of SCO's obligations – even though the offer included the assurance that the documents would be produced in time for fact depositions. SCO voluntarily agreed to produce the documents, has never backed down from that agreement, and has now produced them. Novell cannot impute any insufficiency to the production due to timing.

## II.   NOVELL ALSO SEEKS UNREASONABLE AND UNNECESSARY RELIEF.

Novell also contends (at 6-7) that SCO should be compelled to explain "on a transcript by transcript basis" the reasons it has not produced deposition transcripts and exhibits from the IBM Litigation. Novell believes that relief is necessary "given SCO's apparent overly narrow view of what is relevant" and "in order to ensure that SCO does not continue to apply an overly narrow view of 'relevant.'" Novell's argument fails for at least the following reasons.

First, SCO has not adopted a narrow view of relevance. On the contrary, SCO has:

- voluntarily agreed to produce the documents, as Novell underscores in its brief;

- not objected to IBM's request for documents in the IBM litigation reasonably relating to claims and defenses in this case;

- never refused to produce the documents or otherwise suggested that it would withhold them;

- in fact produced the sixty-six (66) responsive transcripts and the associated exhibits after a reasonable review of the deposition testimony from the IBM Litigation; and

5

- produced all sixty-six transcripts without redacting unresponsive testimony or withholding or redacting the exhibits corresponding to that testimony, even though many of those transcripts consist almost entirely of unresponsive testimony.

SCO's production, moreover, includes nineteen (19) of the twenty-four (24) transcripts of the deponents Novell identifies (at 4-6) by name.[3] Other than Novell's unfounded suspicion that the timing of SCO's production somehow reveals its view of relevance, there is no basis whatsoever for Novell's supposition that SCO has adopted a narrow view. In light of SCO's extensive production, and its representation that it has produced all the documents after a reasonable review, the relief Novell seeks is simply unnecessary.[4]

Second, Novell does not cite any authority for the relief it seeks. Nothing in the Federal Rules requires a litigant who has produced documents without objection, and in addition represents that its production is responsive and complete, to explain why it did not produce each of the documents it withheld. Implicit in those representations is the representation that withheld documents are not responsive.

---

[3]     SCO has not produced the transcripts for a Rule 30(b)(6) deposition of each William Broderick, Jeff Hunsaker, and Chris Sontag, because the transcripts do not contain responsive testimony. For the same reason, SCO also has not produced the transcript of the May 12, 2004, deposition of Michael Olson and the transcript of the deposition of Blake Stowell. On the other hand, with respect to these deponents, SCO has produced the transcripts of three depositions of Mr. Broderick, two depositions of Mr. Hunsaker, two depositions of Mr. Olson, and four depositions of Mr. Sontag.

[4]     It is Novell that has by its own words adopted a narrow view of relevance in this case. For example, SCO's Document Requests Nos. 23-26 seek documents concerning rights under Section 4.16 of the APA with respect to UNIX license agreements. Though the parties' respective treatment of such agreements would clearly evidence their respective rights under that provision, Novell has objected "to this Request as irrelevant to the extent that it seeks documents not related to the specific UNIX license agreements at issue in the specific claims and defenses in this lawsuit." (Novell's Responses and Objections to SCO's First Set of Requests for Production, dated Feb. 10, 2006, at 14-16 (Ex. 7).) SCO is conferring with Novell on this and several other similar issues.

6

## **CONCLUSION**

SCO respectfully submits, for the foregoing reasons, that if the Motion is not withdrawn, the Court should deny Novell's Expedited Motion to Compel Production of Deposition Transcripts and Exhibits from *SCO v. IBM*.

DATED this 27th day of November, 2006.

> HATCH, JAMES & DODGE, P.C.
> Brent O. Hatch
> Mark F. James
>
> BOIES, SCHILLER & FLEXNER LLP
> Robert Silver
> Stuart H. Singer
> Stephen N. Zack
> Edward Normand
>
> *Counsel for The SCO Group, Inc.*
>
> By:_____/s/ Brent O. Hatch_____

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing SCO's Memorandum in Opposition to Novell's Expedited Motion to Compel Production of Deposition Transcripts and Exhibits from *SCO v. IBM* was served on Defendant, Novell, Inc., on the 27th day of November, 2006, by CM/ECF to the following:

    Thomas R. Karrenberg
    John P. Mullen
    Heather M. Sneddon
    ANDERSON & KARRENBERG
    700 Bank One Tower
    50 West Broadway
    Salt Lake City, UT 84101

    Michael A. Jacobs
    Matthew I. Kreeger
    MORRISON & FOERSTER
    425 Market Street
    San Francisco, CA 94105-2482

                              /s/ Brent O. Hatch
                             _____