# EXHIBIT 1

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

Central Division for the District of Utah

---

| | |
|---|---|
| THE SCO GROUP, INC., | **SCHEDULING ORDER AND** |
| | **ORDER VACATING HEARING** |
| **Plaintiff,** | **Case No.** 2:04-CV-139 DAK |
| vs. | **District Judge Dale A. Kimball** |
| NOVELL, INC., | |
| **Defendant**. | |

---

Pursuant to Fed. R. Civ. P. 16(b), the Magistrate Judge[1] received the Attorneys' Planning Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

**IT IS ORDERED** that the Initial Pretrial Hearing set for *December 20, 2005*, at *1:30 p.m.* is VACATED.

Counsel are directed to contact the district judge to discuss trial scheduling relative to *The SCO Group Inc. v. International Business Machines Corp.*, Case No. 2:03CV294 DAK, D. Utah *("SCO* v. *IBM* case")*.

## **\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| 1. | **PRELIMINARY MATTERS** | | | **DATE** |
|---|---|---|---|---|
| | **Nature of claim(s) and any affirmative defenses:** | | | |
| | a. | **Was Rule 26(f)(1) Conference held?** | | *Yes* |
| | b. | **Has Attorney Planning Meeting Form been submitted?** | | *Yes* |
| | c. | **Was 26(a)(1) initial disclosure completed?** | | *2/28/05* |

| 2. | **DISCOVERY LIMITATIONS** | | **NUMBER** |
|---|---|---|---|
| | a. | **Maximum Number of Depositions by Plaintiff(s)** | *25* |
| | b. | **Maximum Number of Depositions by Defendant(s)** | *25* |
| | c. | **Maximum Number of Hours for Each Deposition** | *7* |
| | | (except for two depositions per party which may extend to 14 hours and as otherwise extended by agreement of parties) | |

d.    Maximum Interrogatories by any Party to any Party        <u>25</u>

e.    Maximum requests for admissions by any Party to any Party

f.    Maximum requests for production by any Party to any Party

g.    For purposes of calculating the number of depositions a side
has taken, Rule 30(b)(6) depositions shall be counted based on
the total time of the deposition(s) (where every seven (7) hours
of 30(b)(6) testimony constitutes one deposition), not the
number of notices or subpoenas, the number of categories
within a notice or subpoena, or the number of designees
offered in response thereto.

h.    All deposition exhibits will be numbered sequentially,
regardless of the identity of the deponent or the side
introducing the exhibit. The same numbers will be used in
pretrial motions and at trial.

i.    The parties agree that there will be no discovery of drafts of
expert reports or other communications with experts.

j.    Where practicable, the parties will produce documents
electronically or via CD to avoid unnecessary expense and
effort. Where possible, originals will be made available for
inspection upon request.

k.    The parties anticipate that documents produced in this case
may contain confidential information. The parties agree
promptly to enter into an appropriate confidentiality
agreement and submit a proposed protective order before the
exchange of such documents.

l.    The parties recognize that efficient resolution of this case will
be aided by permitting Novell access to certain materials in
the *SCO* v. *IBM* case. Pending the execution of an appropriate
protective order, SCO authorizes Novell to have attorneys-
eyes only access to those confidential materials in the *SCO v.*
*IBM* case, including document productions, depositions,
under-seal briefings, and discovery responses, that reasonably
relate to a claim or defense in this litigation.

m.    Documents that a party claims as privileged, including all
copies made, will be returned immediately upon the request
of the disclosing party without the need to show the
production was inadvertent.

|  |  |  | **DATE** |
|---|---|---|---|
| 3. | **AMENDMENT OF PLEADINGS/ADDING PARTIES[2]** | | |
| | a. | **Last Day to File Motion to Amend Pleadings** | _3/7/06_ |
| | b. | **Last Day to File  Motion to Add Parties** | _3/7/06_ |
| 4. | **RULE 26(a)(2) REPORTS FROM EXPERTS[3]** | | |
| | a. | **Party with Burden of Proof** | _11/17/06_ |
| | b. | **Opposing Reports** | _12/8/06_ |
| | c. | **Rebuttal Reports** | _12/22/06_ |
| 5. | **OTHER DEADLINES** | | |
| | a. | **Discovery to be completed by:** | |
| | | **Fact discovery** | _11/1/06_ |
| | | **Expert discovery** (Expert depositions will be taken where expert resides unless otherwise agreed.) | _1/12/07_ |
| | b. | *(optional)* **Final date for supplementation of disclosures and discovery under Rule 26 (e)** | |
| | c. | **Deadline for filing dispositive or potentially dispositive motions** | _1/26/07_ |
| 6. | **SETTLEMENT/ ALTERNATIVE DISPUTE RESOLUTION** | | |
| | a. | **Referral to Court-Annexed Mediation** | _N_ |
| | b. | **Referral to Court-Annexed Arbitration** | _N_ |
| | c. | **Evaluate case for Settlement/ADR on** | |
| | d. | **Settlement probability:** | |
| 7. | **TRIAL AND PREPARATION FOR TRIAL:** | | |
| | a. | **Rule 26(a)(3) Pretrial Disclosures[4]** | |
| | | **Plaintiffs** | **4/27/07** |
| | | **Defendants** | **5/11/07** |
| | b. | **Objections to Rule 26(a)(3) Disclosures** (if different than 14 days provided in Rule) | |
| | c. | **Special Attorney Conference[5] on or before** | **5/25/07** |
| | d. | **Settlement Conference[6] on or before** | **5/25/07** |

| | | Length | Time | Date |
|---|---|---|---|---|
| e. | **Final Pretrial Conference** | | **2:30 p.m.** | **6/6/07** |
| f. | **Trial** | **Length** | **Time** | **Date** |
| | **i. Bench Trial** | | | |
| | **ii. Jury Trial** | *21 days* | *8:30 a.m.* | *6/25/07* |

8.    **OTHER MATTERS:**

        **Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.**

        **The parties may serve papers upon designated counsel for each party, either by hand, by overnight mail, by facsimile, or by e-mail with a PDF attachment. When service is effectuated by any method other than by hand delivery, three additional calendar days shall be added to the response time, if any, pursuant to Rule 6(e).**

        **The parties have reserves their rights to stipulate (subject to the Court's power to approve such stipulation), to amendments to their discovery plan, and to seek to amend this Scheduling Order, in the event that the pleadings are amended to add new claims and/or defenses.**

**Dated this 6th day of December, 2005.**

**BY THE COURT:**

_____
**David Nuffer**
**U.S. Magistrate Judge**

1.    The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5). The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately referred to that Magistrate Judge. A separate order may refer this case to a Magistrate Judge under DUCivR 72-2 (b) and 28 USC 636 (b)(1)(A) or DUCivR 72-2 (c) and 28 USC 636 (b)(1)(B). The name of any Magistrate Judge to whom the matter is referred under DUCivR 72-2 (b) or (c) should appear on the caption as required under DUCivR10-1(a).

2.    Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

3.      The identity of experts and the subject of their testimony shall be disclosed as soon as an expert is retained or, in the case of an employee-expert, as soon as directed to prepare a report.

4.      Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

5.      The Special Attorneys Conference does not involve the Court.  Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case.  Witnesses will be scheduled to avoid gaps and disruptions.  Exhibits will be marked in a way that does not result in duplication of documents.  Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

6.      Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

I:\LAW\IPT\2005\SCO v Novell 2 04 cv 139 DAK.wpd

# EXHIBIT 2

**Ted Normand**

| | |
|---|---|
| **From:** | Brakebill, Ken W. [KBrakebill@mofo.com] |
| **Sent:** | Wednesday, October 11, 2006 8:00 PM |
| **To:** | Ted Normand |
| **Subject:** | Depositions |


Document.pdf (36 KB)


Document.pdf (38 KB)

Ted:

Per our second conversation this afternoon, here's your e-mail from last year confirming that SCO was "fine" with Novell having attorney's eyes only access to the SCO v. IBM depositions (as well as the document productions and under-seal briefings). As you know, IBM also authorized production of the depositions and deposition exhibits from the SCO v. IBM case (also attached).

Please overnight the depositions to me on CD this week. We will treat those depositions with confidentiality markings as subject to our protective order. SCO has produced just five depositions from the IBM case and Novell is prepared to move to compel, if necessary.

Thank you.
-Ken


===================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230.html

===================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
===================================================================

1

# EXHIBIT 3

**Ted Normand**

**From:** Ted Normand

**Sent:** Thursday, November 02, 2006 7:22 PM

**To:** Brakebill, Ken W.

**Subject:** Fact Discovery

Ken --

Pursuant to the confidentiality order, SCO will produce those transcripts, or where
appropriate portions of transcripts, from the SCO v. IBM case containing testimony
that reasonably relates to claims or defenses in the SCO v. Novell case.  We will
begin a rolling production of such transcripts or portions of transcripts as soon
as practicable, and in time to permit the use of the material for fact depositions
in this matter.  If you have particular transcripts in mind, let us know, and we
will aim to start with those.

In making the foregoing commitment, however, SCO is concerned that, from what SCO
can gather from Novell's productions in and objections to discovery to date and
from our conversations, Novell is employing a different standard of relevance for
its production than it now asks SCO to apply with respect to the transcripts.  SCO
reserves all rights with respect to Novell's standards of production to date.
Regards,

Ted Normand

# EXHIBIT 4

## BOIES, SCHILLER & FLEXNER LLP

MAIN STREET • ARMONK NY 10504 • PH 914 749 8200 • FAX 914 749 8300

November 16, 2006

**Via Federal Express**

Kenneth W. Brakebill
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105

Re: The SCO Group, Inc. v. Novell, Inc., Case No. 2:04CV-00139DAK

Dear Ken:

Attached please find two CDs (Volumes 130 & 131) containing the briefs and exhibits SCO filed in opposition to IBM's motions for summary judgment last week. (The only exception is SCO's December 2005 Submission, which SCO has previously produced to Novell, in appropriately redacted format.)

SCO has not undertaken to redact any portion of the briefs or exhibits included in the CDs. SCO makes the production without conceding that all of the material produced relates to any claim or defense in the Novell litigation. SCO makes the production as a courtesy to Novell and in consideration of and reliance on Novell's agreement to treat all of the produced material under the Confidentiality Order in this case.

As you will note, rather than including a Bates number on each page of the produced exhibits, SCO has instead given Bates number SCON0026807 to the CD labeled as Volume 131. A corresponding source log is also attached. Please call with any questions.

Regards,

*Edward Normand /l.S.*

Ted Normand

Attachment

# EXHIBIT 5

# BOIES, SCHILLER & FLEXNER LLP

401 EAST LAS OLAS BOULEVARD • SUITE 1200 • FORT LAUDERDALE, FL 33301-2211 • PH. 954.356.0011 • FAX 954.356.0022

Sashi Bach Boruchow, Esq.
E-mail: sboruchow@bsfllp.com
Direct Dial: (954) 377-4213

November 21, 2006

**Via Federal Express**

Kenneth W. Brakebill
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482

      Re:  The SCO Group, Inc. v. Novell, Inc., Case No. 2:04CV-00139DAK

Dear Ken:

      Enclosed are three compact disks, Volumes 132-134, containing production documents and the corresponding source log.

      Volume 132 (SCO1842141-1842301) contains the remaining supplemental SCO production documents from the IBM Litigation. Volume 133 (SCON0026808-37268) contains the exhibits that SCO filed with its responses to IBM's motions for summary judgment on November 11, 2006, including thirty-five (35) additional deposition transcripts from the IBM Litigation that are responsive to Novell's Document Request No. 1. SCO previously produced those exhibits to Novell in Volume 131, under the single Bates No. SCON0026807. Volume 134 (SCON0037269-39015) contains twenty-two (22) additional deposition transcripts from the IBM Litigation that are also responsive to Novell's Document Request No. 1.

      SCO has not undertaken to redact any portion of the documents included in the CDs. SCO makes the production without conceding that all of the material produced relates to any claim or defense in the Novell litigation. SCO makes the production as a courtesy to Novell and in consideration of and reliance on Novell's agreement to treat all of the produced materials under the Confidentiality Order in this case.

      Sincerely,

      *Sashi Bach Boruchow/kas*

      Sashi Bach Boruchow

Enclosures

# EXHIBIT 6

# BOIES, SCHILLER & FLEXNER LLP

... MA.. STREET • ARMONK  NY 10504 • PH  914.749.8200 • FAX  914 749 8300

November 22, 2006

**Via Federal Express**

Kenneth W. Brakebill
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105

   Re:  The SCO Group, Inc. v. Novell, Inc., Case No. 2:04CV-00139DAK

Dear Ken:

   Attached please find one DVD (Volume 135) containing the exhibits to the sixty-
six depositions that SCO has produced to Novell from the IBM Litigation.

   SCO has not undertaken to redact any portion of the exhibits included on the
DVD.  SCO makes the production without conceding that all of the material produced
relates to any claim or defense in the Novell litigation.  SCO makes the production as a
courtesy to Novell and in consideration of and reliance on Novell's agreement to treat all
of the produced material under the Confidentiality Order in this case.

   A corresponding source log is also attached.  Please call with any questions.

       Regards,

       Ted Normand

Attachment

# EXHIBIT 7



MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT  84101
Telephone:  (801) 534-1700
Facsimile:  (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>        Plaintiff & Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>        Defendant & Counterclaim-Plaintiff. | **NOVELL, INC.'S RESPONSE TO SCO GROUP, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

TO THE SCO GROUP, INC. AND ITS COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counter-Plaintiff Novell, Inc. ("Novell") hereby responds to Plaintiff's First Request for Production of Documents as follows:

## GENERAL OBJECTIONS

1.      Novell has not completed its investigation of the facts pertaining to this lawsuit or its preparation for trial. All responses are made to the best of its present knowledge, information, and belief. Accordingly, Novell reserves the right to supplement, amend, or modify these responses based on any information that is learned or discovered subsequently, or to present additional evidence in any filing or proceeding including, but not limited to, at trial.

2.      Novell objects to these Requests insofar as they seek documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Inadvertent disclosure by Novell of privileged information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information during this litigation or otherwise. Novell reserves the right to demand and obtain the return of any privileged documents it may produce.

3.      Novell objects to these Requests to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence, is not relevant to the specific claims and defenses in this litigation, or violates any Court limitations on discovery

4.      Novell and SCO are negotiating an appropriate protective order in this case. They have reached an agreement obligating the parties to keep in confidence all information labeled CONFIDENTIAL because it is (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests, (b) not generally known, and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence. The parties have not, however, reached agreement concerning at least two remaining issues: (1) disclosure of CONFIDENTIAL information to consultants or experts, and (2) disclosure or use of such information for purposes other than this litigation. Therefore, Novell will agree to produce CONFIDENTIAL materials provided that they are not

2

disclosed to SCO experts or consultants and are not used for any purpose other than this litigation, pending entry of a protective order on these subjects.

     5.      Novell objects to the definitions of corporate entities other than Novell (*e.g.*, Dell, SCO), to the extent such definitions purport to encompass the entities' "parents, subsidiaries, divisions, affiliates, and any corporate predecessor or successor of them, and, in addition, all of its attorneys and accountants, and all of its respective current or former agents, servants, associates, employees, representatives, investigators, officers, and directors." This definition encompasses a wide scope of potential entities and individuals beyond the knowledge of Novell. No specific response below should be read as a commitment to produce documents concerning any such entity or individual.

     6.      Novell objects to these Requests as burdensome and oppressive to the extent that they seek documents that are in the possession or control or custody of SCO and its employees and agents or are equally available to SCO through public sources or records.

     7.      Novell's responses and objections are made without in any way waiving or intending to waive: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility for any purpose of the responses or subject matter thereof in this litigation or any other action; (b) the right to object on any ground to the use of Novell's responses, or the subject matter thereof, in any subsequent proceeding in the trial of this or any other action; or (c) Novell's right to object on any ground at any time to other discovery procedures involving or relating to the subject matter of these requests.

     8.      Novell objects to the term "concerning" to the extent it renders a Request overbroad and/or unduly burdensome.

## SPECIFIC OBJECTIONS AND RESPONSES

### Ownership of UNIX Copyrights

## REQUEST FOR PRODUCTION NO. 1:

All documents concerning the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request as vague, unduly burdensome, and irrelevant to the extent that "concerning the APA" contemplates the discovery of documents that do not relate to the specific APA claims and defenses at issue in this lawsuit. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in *The SCO Group Inc. v. International Business Machines Corp.*, Case No. 2:03CV294 DAK, D. Utah ("SCO v. IBM litigation"). Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning the transaction set forth in the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request as duplicative of Request No. 1. Novell objects to "concerning the transaction set forth in the APA" as vague and ambiguous. Novell objects to this Request as vague, unduly burdensome, and irrelevant to the extent that "concerning the transaction set forth in the APA" contemplates the discovery of documents that do not relate to the specific APA claims and defenses at issue in this lawsuit. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its

4

possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 3:**

All documents (not included in the document requests above) concerning the transfer of copyrights from Novell to Santa Cruz as part of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request to the extent it assumes that Novell transferred copyrights to Santa Cruz; Novell did not. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning Santa Cruz's transfer of its Server Software Division and Professional Services Division to SCO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request as vague, unduly burdensome, and irrelevant to the extent that it contemplates the discovery of documents that do not relate to the claims and defenses at issue in this lawsuit. Subject to its objections, Novell shall make a reasonable search and produce responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 5:**

All documents (not included in the document requests above) concerning the transfer of copyrights from Santa Cruz to SCO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request to the extent it assumes that Novell transferred copyrights to Santa Cruz (Novell did not) or that Santa Cruz transferred or purported to transfer copyrights to SCO. Novell objects to this Request to the extent it assumes that Santa Cruz or SCO owns or transferred the copyrights at issue in this lawsuit. Subject to its objections, Novell shall make a reasonable search and produce responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning any statement by SCO that it owns copyrights in UNIX and/or UnixWare.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 7:**

All documents (not included in the requests above) concerning SCO's registration of copyrights in UNIX and/or UnixWare with the United States Copyright Office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Subject to its objections, Novell shall make a reasonable search and produce responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning any alleged injury or damage to Novell as a result of any statement by SCO that it owns copyrights in UNIX and/or UnixWare.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any statement by Novell that it owns or does not own copyrights in UNIX and/or UnixWare.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

       Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.  Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 10:**

       All documents (not included in the document requests above) concerning Novell's registration of copyrights in UNIX and/or UnixWare with the United States Copyright Office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

       Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.  Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 11:**

       All documents (not included in the document requests above) concerning Novell's press release of June 6, 2003, stating in part that Amendment No. 2 to the APA "appears to support SCO's claim that ownership of certain copyrights for UNIX did transfer to SCO in 1996."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

       Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege, immunity, or bar to disclosure or discovery.   Novell has produced

documents responsive to this Request to SCO in response to subpoenas served on Novell in the

SCO v. IBM litigation.   Subject to its objections, Novell shall make a reasonable search and

produce any additional responsive non-privileged documents in its possession, custody or

control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning the communications between Novell and SCO referenced at

Paragraphs 38-39 of Novell's Counterclaims and Paragraphs 38-39 of SCO's Answer to Novell's

Counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or

discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege, immunity, or bar to disclosure or discovery.   Subject to its objections,

Novell shall make a reasonable search and produce responsive non-privileged documents in its

possession, custody or control, pursuant to the parties' agreement identified in General Objection

No. 4.

**REQUEST FOR PRODUCTION NO. 13:**

All documents (not included in the document requests above) concerning the ownership

of copyrights in UNIX and/or UnixWare.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or

discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege, immunity, or bar to disclosure or discovery.   Novell objects to this Request

as vague, unduly burdensome, and irrelevant to the extent that "concerning the ownership of

copyrights in UNIX and/or UnixWare" contemplates the discovery of documents other than

those concerning Novell's ownership of copyrights in UNIX and/or UnixWare or SCO's

9

purported ownership of copyrights in UNIX and/or UnixWare. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 14:**

All documents (not included in the document requests above) concerning the copyrights in UNIX and/or UnixWare.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Novell objects to these Requests insofar as they seek documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request as vague, unduly burdensome, and irrelevant to the extent that "concerning the copyrights in UNIX and/or UnixWare" contemplates the discovery of documents other than those concerning Novell's ownership of copyrights in UNIX and/or UnixWare or SCO's purported ownership of copyrights in UNIX and/or UnixWare. Subject to its objections, Novell shall make a reasonable search and produce responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

### Novell's Audit Rights

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning any audit by Novell of SCO pursuant to Section 1.2 of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning Novell's audit rights under Section 1.2 of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning Novell's right to royalties under Sections 1.2 and 4.16 of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning SCO's obligations under Sections 1.2 and 4.16 of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Subject to its objections, Novell shall make a reasonable search and produce responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning SCO's compliance with its obligations under Sections 1.2 and 4.16 of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning SCO's remittance of royalties to Novell pursuant Sections 1.2 and 4.16 of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege, immunity, or bar to disclosure or discovery.  Novell has produced

documents responsive to this Request to SCO in response to subpoenas served on Novell in the

SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and

produce any additional responsive non-privileged documents in its possession, custody or

control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 21:**

All documents concerning SCO's administration of royalties referenced in Sections 1.2

and 4.16 of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or

discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege, immunity, or bar to disclosure or discovery.  Novell has produced

documents responsive to this Request to SCO in response to subpoenas served on Novell in the

SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and

produce any additional responsive non-privileged documents in its possession, custody or

control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 22:**

All documents concerning Novell's requests for "information and documentation"

referenced in Paragraphs 67-73 of its Counterclaims, including but not limited to all

communications leading to or relating to such requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or

discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege, immunity, or bar to disclosure or discovery.  Novell has produced

documents responsive to this Request to SCO in response to subpoenas served on Novell in the

SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and

produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

### UNIX License Agreements and Other Agreements

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning SCO's rights or claims under any UNIX license agreement, including but not limited to SCO's alleged right to terminate its UNIX license agreements with IBM, Sequent, or any other licensee, and SCO's alleged right to revoke any licensee's rights under its UNIX license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request to the extent that it assumes SCO has the rights mentioned. Novell objects to the extent that this Request assumes that Novell has knowledge of the full scope of rights and claims that SCO purports to have under "any UNIX license agreement," including any UNIX license agreements that are not in Novell's possession, custody or control. Novell objects to this Request as irrelevant to the extent that it seeks discovery of documents not related to the specific UNIX license agreements at issue in the specific claims and defenses in this lawsuit. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning SCO's alleged termination of any UNIX license agreement.

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request to the extent that it assumes that Novell has knowledge of each occasion where SCO has purported to terminate "any UNIX license agreement." Novell objects to this Request as irrelevant to the extent that it seeks discovery of documents not related to the specific UNIX license agreements at issue in the specific claims and defenses in this lawsuit. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning SCO's alleged revocation of any licensee's rights under its UNIX license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request to the extent that it assumes that Novell has knowledge of each occasion where SCO has purported to revoke "any licensee's rights under its UNIX license agreements." Novell objects to this Request as irrelevant to the extent that it seeks discovery of documents not related to the specific UNIX license agreements at issue in the specific claims and defenses in this lawsuit. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its

15

possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 26:**

All documents concerning Novell's purported rights under Section 4.16 of the APA, including but not limited to Novell's purported "prior approval" and "veto" rights and right to waive, or to direct SCO to waive, any of SCO's rights or claims under any UNIX license agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request as irrelevant to the extent that it seeks discovery of documents not related to the specific UNIX license agreements at issue in the specific claims and defenses in this lawsuit. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning SCO's agreements with Sun and Microsoft referenced in Paragraph 50 of Novell's Counterclaims and Paragraph 50 of SCO's Answer to Novell's Counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the

16

SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning the SCO source program, including but not limited to documents concerning SCO's intellectual property licenses with Linux end-users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.   Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 29:**

All documents (not included in the document requests above) concerning Novell's rights and obligations under Section 4.16 of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.   Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 30:**

All documents (not included in the document request above) concerning SCO's rights and obligations under Section 4.16 of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 31:**

All documents (not included in the document requests above) concerning Section 4.16 of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 32:**

All documents concerning the "Linux Indemnification Program" identified in Paragraph 19(j) of Novell's Answer dated July 29, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.   Subject to its objections, Novell shall make a reasonable search and produce responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

## APA Amendments, Amendment No. X, TLA

**REQUEST FOR PRODUCTION NO. 33:**

All documents (not included in Document Request No. 1 above) concerning Amendment No. 1 to the APA, including but not limited to all communications concerning that Amendment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.   Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 34:**

All documents (not included in Document Request No. 1 above) concerning Amendment No. 2 to the APA, including but not limited to all communications concerning that Amendment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.   Novell has produced

documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 35:**

All documents concerning the "Amendment" executed by Novell and IBM on April 26, 1996, related to IBM's UNIX Software Agreement and related agreements, including but not limited to all communications concerning that "Amendment."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.   Subject to its objections, Novell shall make a reasonable search and produce responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 36:**

All documents concerning the transaction set forth in the "Amendment" referenced in Document Request 35 above, including but not limited to all communications concerning that transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.   Subject to its objections, Novell shall make a reasonable search and produce responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 37:**

All documents concerning Amendment No. X, including all communications concerning that Amendment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 38:**

All documents concerning the transaction set forth in Amendment No. X, including all communications concerning that transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request as duplicative of Request No. 37. Novell objects to "concerning the transaction set forth in Amendment No. X" as vague and ambiguous. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

## REQUEST FOR PRODUCTION NO. 39:

All documents concerning any buyout granted to any UNIX licensee after April 26, 1996, of its royalty obligations under its UNIX license agreements, including but not limited to all documents concerning any such buyout granted to Hewlett-Packard Company, Silicon Graphics, Inc., or Cray Computers.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request to the extent that it is duplicative of Request Nos. 37 and 38 and Novell already has agreed to produce responsive non-privileged documents in its possession, custody or control on those topics. Novell further objects to this Request as irrelevant and unduly burdensome in that it seeks documents that do not pertain to the specific claims or defenses in this lawsuit.

## REQUEST FOR PRODUCTION NO. 40:

All documents concerning the Technology License Agreement between Novell and Santa Cruz executed on December 6, 1995 (the "TLA").

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

## REQUEST FOR PRODUCTION NO. 41:

All documents concerning the transaction set forth in the TLA.

22

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.   Novell objects to this Request as duplicative of Request No. 40.  Novell objects to "concerning the transaction set forth in the TLA" as vague and ambiguous.  Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

<b>Other Topics</b>

## REQUEST FOR PRODUCTION NO. 42:

All communications concerning the IBM litigation and/or this litigation, including but not limited to all communications involving Novell and any one or more of the following parties: Computer Associates International, Inc., Dell, Inc., Hewlett-Packard Company, Intel Corporation, IBM, Oracle Corporation, and Silicon Graphics, Inc.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.   Novell objects to "concerning the IBM litigation and/or this litigation" as vague and ambiguous.  Novell further objects to this Request as irrelevant, overbroad, and unduly burdensome in that it seeks documents that do not pertain to the specific claims or defenses in this lawsuit.

## REQUEST FOR PRODUCTION NO. 43:

All communications concerning copyrights in UNIX and/or UnixWare subsequent to the execution of the APA, including but not limited to all communications involving Novell and any

23

one or more of the following parties: Computer Associates International, Inc., Dell, Inc., Hewlett-Packard Company, Intel Corporation, IBM, Oracle Corporation, and Silicon Graphics, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to "concerning copyrights in UNIX and/or UnixWare" as vague and ambiguous. Novell objects to this Request as irrelevant and unduly burdensome to the extent that "concerning copyrights in UNIX and/or UnixWare" contemplates the discovery of documents other than those concerning Novell's ownership of copyrights in UNIX and/or UnixWare or SCO's purported ownership of copyrights in UNIX and/or UnixWare. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4

**REQUEST FOR PRODUCTION NO. 44:**

All communications involving Novell and any one or more of the following parties concerning Novell's alleged rights to waive, or direct SCO to waive, SCO's rights or claims under any UNIX license agreement: Computer Associates International, Inc., Dell, Inc., Hewlett-Packard Company, Intel Corporation, IBM, Oracle Corporation, and Silicon Graphics, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request to the extent that it seeks discovery of documents not related to the specific UNIX license

24

agreements at issue in the specific claims and defenses in this lawsuit. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents that relate to the specific claims or defenses in this lawsuit, in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 45:**

All communications involving Novell and any one or more of the following parties concerning Novell's alleged right to amend, supplement, modify, or waive rights under any UNIX license agreement, or Novell's alleged right to direct SCO to amend, supplement, modify, or waive rights under any UNIX license agreement: Computer Associates International, Inc., Dell, Inc., Hewlett-Packard Company, Intel Corporation, IBM, Oracle Corporation, and Silicon Graphics, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request to the extent that it seeks discovery of documents not related to the specific UNIX license agreements at issue in the specific claims and defenses in this lawsuit. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents that relate to the specific claims or defenses in this lawsuit, in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 46:**

All communications involving Novell and any one or more of the following parties concerning SCO, Linux, AIX or Dynix: Computer Associates International, Inc., Dell, Inc., Hewlett-Packard Company, Intel Corporation, IBM, Oracle Corporation, and Silicon Graphics, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request as irrelevant, overbroad, and unduly burdensome to the extent it seeks documents that do not pertain to the specific claims or defenses in this lawsuit. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents that relate to the specific claims or defenses in this lawsuit, in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 47:**

All communications involving Novell and one or more of the following parties concerning the APA: Computer Associates International, Inc., Dell, Inc., Hewlett-Packard Company, Intel Corporation, IBM, Oracle Corporation, and Silicon Graphics, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request as irrelevant, overbroad, and unduly burdensome to the extent it seeks documents that do not pertain to the specific claims or defenses in this lawsuit. Novell has produced documents

responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM

litigation. Subject to its objections, Novell shall make a reasonable search and produce any

additional responsive non-privileged documents that relate to the specific claims or defenses in

this lawsuit, in its possession, custody or control, pursuant to the parties' agreement identified in

General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 48:**

All documents (not included in the document requests above) concerning the IBM

litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or

discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to "concerning

the IBM litigation" as vague and ambiguous to the extent that it contemplates discovery of any

documents beyond those already specifically requested above. Novell objects to this Request as

irrelevant, overbroad, and unduly burdensome to the extent that it seeks documents that do not

pertain to the specific claims or defenses in this lawsuit.

**REQUEST FOR PRODUCTION NO. 49:**

All documents (not included in the document requests above) concerning this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or

discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to "concerning

this litigation" as vague and ambiguous to the extent that it contemplates discovery of any

documents beyond those already specifically requested above. Novell objects to this Request as

irrelevant, overbroad, and unduly burdensome to the extent it seeks documents that do not

pertain to the specific claims or defenses in this lawsuit.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning any investment by IBM in Novell's Linux business, including IBM's $50 million investment in Novell's purchase of SuSE Linux.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 51:**

All documents concerning both Novell's acquisition of SuSE Linux and any one or more of the following: UNIX, UnixWare, the copyrights in UNIX and/or UnixWare, the APA (including without limitation its Amendments and the rights and obligations under Section 1.2 or Section 4.16 of the APA), the "Amendment" referenced in Document Request No. 35 above, Amendment No. X, the TLA, SCO, IBM, the IBM litigation, and this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery. Novell objects to this Request as duplicative of prior SCO document requests. Novell objects to this Request as vague, unduly burdensome, and irrelevant to the extent that "the copyrights in UNIX and/or UnixWare" contemplates the discovery of documents other than those concerning Novell's ownership of copyrights in UNIX and/or UnixWare or SCO's purported ownership of copyrights in UNIX and/or UnixWare. Novell objects to the extent it seeks information concerning "both Novell's

28

acquisition of SuSE Linux and . . . UNIX," as this portion of the Request could potentially be read to seek all documents concerning Novell's acquisition of SuSE, a field of documents beyond the permissible scope of relevance.  Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 52:**

All documents concerning any one or more of Novell's Affirmative Defenses set forth in its Answer dated July 29, 2005 (Privilege, Estoppel, Unclean Hands, Laches, Comparative Fault, Failure to Mitigate, Absence of Causation, and the First Amendment).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.   Novell has produced documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation.  Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

**REQUEST FOR PRODUCTION NO. 53:**

All documents used, referred to, identified, and/or relied upon in responding to SCO's First Set of Interrogatories (below).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Novell objects to this Request insofar as it seeks documents protected from disclosure or discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or bar to disclosure or discovery.   Novell has produced

29

documents responsive to this Request to SCO in response to subpoenas served on Novell in the SCO v. IBM litigation. Subject to its objections, Novell shall make a reasonable search and produce any additional responsive non-privileged documents that relate to the specific claims or defenses in this lawsuit, in its possession, custody or control, pursuant to the parties' agreement identified in General Objection No. 4.

DATED: February 10, 2006

MORRISON & FOERSTER LLP

By: _____
        Kenneth W. Brakebill

30