SCO Grp v. Novell Inc                                                                                          Doc. 171

MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

Attorneys for Novell, Inc.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **NOVELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS FOURTH CLAIM FOR RELIEF**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Novell, Inc. ("Novell") moves the Court for partial summary judgment as to its Fourth Claim for Relief for declaratory relief. Specifically, Novell asks the Court to declare that Novell has the authority pursuant to Section 4.16(b) of the 1995 Asset Purchase Agreement ("APA") to take the following actions: (1) to direct The SCO Group, Inc. ("SCO") to waive its purported claims against IBM under the SVRX license agreements between IBM Corporation ("IBM") and AT&T and between Sequent Computer Systems, Inc. ("Sequent") and AT&T, and (2) because SCO refused (and still refuses) to follow that direction, to waive those claims on SCO's behalf. In addition, Novell respectfully requests that this Court declare that SCO is obligated to recognize Novell's waiver of SCO's purported claims against IBM and Sequent.

Federal Rule of Civil Procedure 56(c) permits the Court to grant partial summary judgment if the pleadings, discovery, and affidavits show that there is no genuine issue of material fact and that Novell is entitled to judgment as a matter of law. Here, the undisputed facts establish that:

1. The APA gives Novell the authority, at its sole discretion, to direct SCO to waive rights under any SVRX License;

2. The IBM and Sequent Licenses are SVRX Licenses because they license rights to the UNIX System V software listed in Item VI to Schedule 1.1(a);

3. Novell directed SCO to waive its purported rights under the IBM and Sequent SVRX Licenses;

4. SCO refused to follow Novell's direction as to both the IBM and Sequent SVRX Licenses;

5. The APA authorizes Novell to take any action on SCO's behalf when SCO fails to take action directed by Novell;

6. Upon SCO's refusal, Novell properly took action on behalf of SCO by waiving SCO's purported claims against IBM and Sequent; and

   7.  SCO improperly refused, and still refuses, to recognize Novell's authority and to abide by Novell's waiver.

Section 4.16(b) of the APA is a broad and unambiguous grant of authority to Novell. It states in plain language that Novell may, at its "sole discretion and direction," direct The Santa Cruz Operation, Inc. ("Santa Cruz") to "amend, supplement, modify or waive any rights under . . . any SVRX License . . . in any manner or respect." If Santa Cruz refuses to follow that direction, Novell is "authorized, and hereby is granted, the rights to take any action on [Santa Cruz's] own behalf." When SCO began to advance claims of SVRX License breach against IBM and Sequent, Novell subsequently directed SCO — the admitted successor-in-interest to Santa Cruz's rights and obligations under the APA — to waive those claims. When SCO refused to follow that direction, Novell waived the claims on SCO's behalf. SCO has ignored Novell's waiver, however, and in its co-pending lawsuit with IBM, continues to advance claims of SVRX License breach. Accordingly, Novell asks the Court to accord Novell's actions the legal effect they deserve by granting this motion.

DATED:  December 1, 2006

               ANDERSON & KARRENBERG

                 /s/ Heather M. Sneddon
               Thomas R. Karrenberg
               John P. Mullen
               Heather M. Sneddon

               -and-

               MORRISON & FOERSTER LLP
               Michael A. Jacobs (*pro hac vice*)
               Kenneth W. Brakebill (*pro hac vice*)

               Attorneys for Novell, Inc.

sf-2221754

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of December, 2006, I caused a true and correct copy of **NOVELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS FOURTH CLAIM FOR RELIEF** to be served to the following:

*Via CM/ECF*:

> Brent O. Hatch
> Mark F. James
> HATCH JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah  84101

*Via E-mail*:

> Stuart H. Singer
> BOIES, SCHILLER & FLEXNER LLP
> 401 East Las Olas Blvd., Suite 1200
> Fort Lauderdale, Florida  33301

> Edward J. Normand
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York  10504

/s/  Heather M. Sneddon

sf-2221754