MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **REPLY IN SUPPORT OF NOVELL'S EXPEDITED MOTION TO COMPEL PRODUCTION OF DEPOSITION TRANSCRIPTS AND EXHIBITS FROM** *SCO V. IBM*<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

## INTRODUCTION

SCO's eleventh-hour production of *SCO v. IBM* deposition transcripts and exhibits stands as an affirmation of the merits of Novell's motion to compel. During the *year* between the time SCO explicitly agreed to give Novell access to the deposition transcripts generated in the *SCO v. IBM* litigation and the filing of Novell's motion, SCO produced only 10 transcripts, and typically omitted production of the deposition exhibits. Miraculously, in the *two business days* before SCO's opposition to this motion was due, SCO produced an additional 56 transcripts and hundreds of deposition exhibits. SCO's untimely production does not, however, moot Novell's motion, as SCO suggests.

SCO does not dispute that, fourteen months ago, it agreed to give Novell access to the depositions from the *SCO v. IBM* litigation. Nor does SCO dispute that, a year ago, this Court ordered SCO to do so. SCO also makes no mention at all of its obligation to produce *SCO v. IBM* transcripts in response to Novell Request for Production No. 1. SCO even declines to address the fact that it never served any objections to that request and therefore waived any objections it now raises.

SCO's only defense to this motion appears to be that it is (*now*) purportedly in compliance with the obligations imposed by its year-old agreement, this Court's order affirming that agreement, and Novell's Requests for Production. On the contrary, SCO has not made a complete production or complied with its obligations. SCO has produced *only half* of the approximately 130 *SCO v. IBM* transcripts. Given the considerable overlap between this litigation and *SCO v. IBM*, it strains credulity to argue that the remaining half of the depositions have no relevance here. With discovery set to close on February 1, 2007, the fairest solution is

1

to give Novell access to all *SCO v. IBM* deposition transcripts and exhibits — access that IBM approves.[1] SCO has offered no serious explanation for failing to do so.

Failing full production of the *SCO v. IBM* transcripts and exhibits, SCO should be compelled to produce at least transcripts discussed below and should provide an adequate explanation, on a transcript by transcript basis, why any remaining testimony is withheld.

## ARGUMENT

**I.   SCO DOES NOT DISPUTE NOVELL'S ENTITLEMENT TO ALL RELEVANT *SCO v. IBM* TRANSCRIPTS AND EXHIBITS.**

SCO does not dispute that, on October 14, 2005, its counsel agreed to give Novell "access to the documents produced in the SCO-IBM litigation," including deposition transcripts and exhibits. (Brakebill Decl. Ex. A.) Nor does SCO dispute that, on December 6, 2005, based on the parties' joint submission, this Court entered a scheduling order permitting Novell access to relevant deposition transcripts and exhibits from the *SCO v. IBM* matter. (Dec. 6, 2005 Scheduling Order at 2.l, PACER No. 138.) There is therefore no dispute as to Novell's entitlement to all relevant *SCO v. IBM* transcripts and exhibits.

The significant overlap between the *SCO v. IBM* litigation and this suit is undeniable. Indeed, Judge Kimball recently decided that this matter should proceed in advance of the *IBM* litigation for precisely that reason. (*The SCO Group, Inc. v. IBM Corp.*, No. 2:03CV294 (D. Utah 2005), hereinafter "*SCO v. IBM*," PACER No. 884 (Order Affirming Magistrate Judge's Order of June 28, 2006) at 4-5.) Because of this overlap, it is likely that the majority (if not all)

---

[1] IBM has no objection to production of all deposition transcripts and exhibits from the *SCO v. IBM* litigation. (Decl. of Kenneth Brakebill, PACER No. 173 ("Brakebill Decl."), Ex. B.)

of the depositions taken in the *IBM* litigation have some relevance to this dispute. SCO nevertheless makes *no* effort to explain why any of the withheld transcripts are not relevant. Nor does SCO claim that this production is in any way burdensome — production here is as simple as copying the transcripts and exhibits to CD. SCO therefore should be compelled to make a full production of transcripts and exhibits.

II.  **SCO DOES NOT ADDRESS, AND THEREFORE CONCEDES, THE WAIVER OF ITS OBJECTIONS TO NOVELL'S REQUEST FOR PRODUCTION NO. 1.**

Over a year ago, Novell properly sought production of transcripts and exhibits from the depositions of all SCO witnesses and all former Novell employees deposed in *SCO v. IBM*. (Brakebill Decl. Ex. D, Request No. 1(c)-(e).) SCO never served any objections to these Requests, and its Opposition offers no excuse for that omission. (*Id.* ¶ 7.)

SCO has therefore waived any objection to Request No. 1, and its failure to even address this argument concedes as much. *See, e.g., Lash v. City of Trinidad*, No. 05-cv-01429-PSF-BNB, 2006 U.S. Dist. LEXIS 66033, *2 (D. Colo. Sept. 14, 2006) ("The plaintiff has neither objected to nor responded to the discovery. . . . The plaintiff waived any objections he may have to the discovery by failing to assert them within the time required by the Federal Rules of Civil Procedure.").

On this basis alone, SCO should be compelled to respond completely to Request No. 1.

III.  **SCO STILL HAS NOT PRODUCED ALL RELEVANT *SCO v. IBM* DEPOSITION TRANSCRIPTS AND EXHIBITS.**

Including SCO's eleventh-hour production, SCO has produced only 66 of the approximately 130 deposition transcripts generated in the *SCO v. IBM* litigation. SCO's Opposition claims that it has "identified and produced all the deposition transcripts from the IBM

3

Litigation containing testimony reasonably related to the claims and defenses in this case," and that therefore "[t]here is nothing for the Court to compel." (SCO's Memorandum in Opposition to Novell's Expedited Motion to Compel Production of Deposition Transcripts and Exhibits from *SCO v. IBM*, PACER Docket No. 170 ("Opp."), at 4.)

It is impossible for Novell to gauge the accuracy of such assertions without access to the unproduced transcripts. Certainly SCO's failure to produce any significant amount of testimony until Novell brought this motion casts doubt on SCO's commitment to a full production. Moreover, an examination of the roster of still-unproduced testimony further undercuts SCO's claims of complete compliance with its obligations. The currently withheld transcripts include:

- One transcript from William Broderick, a SCO Contract Manager and former Novell employee who has testified as to the meaning of the APA (*SCO v. IBM*, Decl. of Brent O. Hatch, PACER No. 876, Ex. 333 (Decl. of William Broderick), ¶¶ 7-8);

- One transcript from Chris Sontag, SCO's head of its "SCOSource" program, through which Novell contends SCO has improperly diverted licensing revenue belonging to Novell;

- One transcript from Blake Stowell, SCO's Director of Communications, the corporate source of many of the SCO statements Novell contends slander its title to the UNIX copyrights;

- Three transcripts from Erik Hughes, Senior Director of Product Management, who offers a declaration concerning the value of UNIX intellectual property purportedly held by SCO (*id.*, Ex. 1 (Decl. of Erik Hughes), ¶ 10);

4

- One transcript from Jeff Hunsaker, a SCO Senior Vice President and world-wide head of marketing, who is responsible in part for rolling out the SCOSource program and who also offers a declaration concerning the value of UNIX intellectual property purportedly held by SCO (*id.*, Ex. 356 (Decl. of Jeff Hunsaker), ¶ 13);

- One transcript from Michael Olson, SCO's Controller, who offers a declaration concerning the purported transfer of UNIX assets between various SCO entities (*id.*, Ex. 215 (Decl. of Michael Olson), ¶¶ 3-4);

- One transcript from David Prosser, a former Novell employee involved in the post-APA transition efforts;

- At least six transcripts from experts offering testimony concerning the damages purportedly suffered by SCO, including valuation of the UNIX assets — Christine Botosan, Timothy Bresnahan, Avner Kalay, James Kearl, Gary Pisano, and Jonathan Putnam;

- 24 of the 60 transcripts relied on by IBM in support of its Motions for Summary Judgment, including five of the 10 transcripts IBM cites in support of its motion on SCO's breach of contract claims — breaches that SCO claims Novell helped instigate (PACER Docket No. 96 (SCO Second Amended Complaint) ¶¶ 19, 61).

5

SCO attempts to dismiss a few of these transcripts in a footnote in its Opposition, but there states only, without explanation, that "the transcripts do not contain responsive testimony." (Opp. at 6 n.3.)[2]  That is insufficient.

SCO should be compelled to produce all *SCO v. IBM* deposition transcripts and exhibits. Absent a full production, SCO should be compelled to produce at least the transcripts discussed above and to adduce its justification for withholding any unproduced testimony, transcript by transcript.

## CONCLUSION

For the reasons stated above, Novell respectfully requests that this Court compel SCO to produce all remaining deposition transcripts and exhibits from the *SCO v. IBM* litigation.

DATED:  December 11, 2006

                ANDERSON & KARRENBERG

                 */s/ Heather M. Sneddon*
                Thomas R. Karrenberg
                John P. Mullen
                Heather M. Sneddon

                -and-

                MORRISON & FOERSTER LLP
                Michael A. Jacobs (*pro hac vice*)
                Kenneth W. Brakebill (*pro hac vice*)

                **Attorneys for Novell, Inc.**

---

[2] SCO also suggests, in a footnote, that its failure to comply with its discovery obligations should be excused because Novell has also purportedly withheld relevant material. (Opp. at 6 n.4.)  Even were this true, which it is not, SCO cites no case law supporting such a proposition. Regardless, Novell has invited SCO to clarify any issues SCO has with Novell's production and SCO has made no response. (Brakebill Decl. Ex. E.)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December, 2006, I caused a true and correct copy of the **REPLY IN SUPPORT OF NOVELL'S EXPEDITED MOTION TO COMPEL PRODUCTION OF DEPOSITION TRANSCRIPTS AND EXHIBITS FROM** *SCO V. IBM* to be served to the following:

*Via CM/ECF:*

> Brent O. Hatch
> Mark F. James
> HATCH JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah  84101

*Via E-mail:*

> Stuart H. Singer
> BOIES, SCHILLER & FLEXNER LLP
> 401 East Las Olas Blvd., Suite 1200
> Fort Lauderdale, Florida  33301

> Edward J. Normand
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York  10504

 /s/  Heather M. Sneddon