Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> NOVELL, INC., <br><br> Defendant/Counterclaim-Plaintiff. | **REPLY MEMORANDUM IN SUPPORT OF SCO'S MOTION FOR EXTENSION OF TIME TO RESPOND TO NOVELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS FOURTH COUNTERCLAIM FOR RELIEF** <br><br><br> Case No. 2:04CV00139 <br> Honorable Dale A. Kimball <br> Magistrate Judge Brooke C. Wells |

Plaintiff and Counterclaim-Defendant, SCO Group, Inc. ("SCO"), through counsel, has moved the Court for an extension of time to respond to the Motion for Partial Summary Judgment on its Fourth Counterclaim for Relief filed by Defendant and Counterclaim-Plaintiff, Novell, Inc. ("Novell").

SCO has respectfully requested that it be granted an extension of time, to and including January 17, 2007, within which to file a response to Novell's motion. Novell's opposition to the Motion fails for the following principal reasons:

First, Novell fails to identify any prejudice as a result of the modest extension SCO seeks. Instead, Novell inexplicably presupposes the propriety of having its Motion for Partial Summary Judgment on its Fourth Counterclaim "heard either parallel or prior to IBM's motion" in the SCO v. IBM case. The Court has not scheduled Novell's Motion for oral argument and there is no basis for denying SCO's Motion on the grounds of Novell's new and sudden request that its Motion be scheduled on a particular date, and in conjunction with the extremely voluminous motions for summary judgment in the IBM case, for which the Court has allotted the parties specific times and dates. In addition, the extension SCO seeks would not even interfere with the hearing schedule that Novell has proposed. The extension would leave Novell's motion fully briefed well before March 2007.

Second, the fact that the parties had previously agreed to a modest extension is no grounds for denying SCO's instant Motion. Indeed, the Court recently granted IBM's motion for an extension of time to file reply briefs even though the parties had twice previously stipulated to extensions of the due dates for the motions at issue. It is true that Novell agreed to a courtesy extension of SCO's opposition date, where the work on the opposition would have fallen during

the holidays, and SCO agreed to a commensurate extension of Novell's reply date, notwithstanding that the work on the reply brief would not fall during any holidays. Novell presents no grounds, as noted above, for declining to afford the same courtesy now, other than an apparent hope of prejudicing SCO's ability to oppose Novell's Motion.

<u>Third</u>, Novell badly mischaracterizes the communication between counsel regarding SCO's Motion by completely omitting central communications between counsel, obviously because those communications undercut Novell's opposition. Counsel for SCO asked Novell to agree to an extension of time, of five days, at the very beginning of the day on January 8. The request for an extension was not made, as Novell suggests in its Opposition Memorandum, less than two hours before SCO filed its Motion. Instead, several hours after its morning request, SCO received the following response from counsel for Novell: "I will have to get back to you."

Novell also omits from its Opposition its utter failure to respond to the following communication from counsel for SCO in response to the foregoing non-answer from counsel for Novell: "Absent agreement from Novell, SCO will need to file its motion for the extension by about 4:30 p.m. Utah time in order to have the issue resolved prior to the due date. This current timing is a result of the fact that SCO waited as long as it reasonably could to seek the extension." That is, SCO seeks an extension not as the result of Novell's sharp assertion of "SCO's apparent inability to plan," but as a result of its continuing efforts to address multiple issues on multiple fronts in what Novell concedes to be cases whose issues and schedules the Court should consider together. Such circumstances, especially where there is no prejudice presented to the other side, are precisely those that warrant modest extensions of time such as the one SCO seeks here. The Court should grant SCO's Motion.

DATED this 9th day of January, 2007.

        BOIES, SCHILLER & FLEXNER LLP

        By: /s/ Edward Normand
        Robert Silver
        Stuart H. Singer
        Stephen N. Zack
        Edward Normand

        HATCH, JAMES & DODGE, P.C.
        Brent O. Hatch
        Mark F. James

        *Counsel for Plaintiff/Counterclaim-Defendant*
        *The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 9th day of January, 2007 a true and correct copy of the foregoing was electronically filed with the Clerk of Court and delivered by CM/ECF to the following:

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

Michael A. Jacobs
Matthew I. Kreeger
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482

/s/ Edward Normand
Edward Normand