MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
Grant L. Kim (pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaimant Novell, Inc.**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **NOVELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE COPYRIGHT OWNERSHIP PORTIONS OF SCO'S SECOND CLAIM FOR BREACH OF CONTRACT AND FIFTH CLAIM FOR UNFAIR COMPETITION**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Novell, Inc. ("Novell") moves the Court for partial summary judgment as to the copyright ownership portions of The SCO Group, Inc.'s ("SCO's") Second Claim for breach of contract and Fifth Claim for unfair competition.

Federal Rule of Civil Procedure 56 permits the Court to grant partial summary judgment if the pleadings, discovery, and affidavits show that there is no genuine issue of material fact and that Novell is entitled to judgment as a matter of law. Here, SCO has claimed that Novell slandered SCO's alleged title to UNIX and UnixWare copyrights by falsely asserting that SCO does not own these copyrights. In addition, SCO has asserted duplicative claims for unfair competition and breach of the implied covenant of good faith and fair dealing, which are based on the same allegation that Novell has wrongfully denied SCO's copyright ownership.

Novell is entitled to summary judgment on the "copyright ownership" portions of SCO's claims for unfair competition and breach of the implied covenant of good faith because:

1.  As a matter of law, Novell's assertion that SCO does not own the UNIX and UnixWare copyrights does not state a claim for unfair competition under Utah common law or Utah statutory law. Statements about property ownership do not fit within the categories of "unfair competition" that have been recognized by the Utah courts, and the Tenth Circuit has rejected a similar attempt to extend these categories to encompass allegedly false statements. The Utah Unfair Competition Act does not apply because Novell's statements were made before the Act became effective in May 2004, and making statements about property ownership does not fit within the statutory definition of "unfair competition."

2.  As a matter of law, Novell's assertion that SCO does not own the UNIX and UnixWare copyrights does not state a claim for breach of the implied covenant of good faith under the governing California law. California courts have generally applied the implied

1

covenant to fill gaps in the express contractual provisions to effectuate the purpose of those provisions. Here, there is no contractual provision that even suggests that the parties are prohibited from making statements regarding their interpretation of the contract. Moreover, the California Supreme Court has held that alleged bad faith denial of the existence of contractual obligations does not support a tort claim.

   3. By its own admission, SCO's claims require it to prove that Novell's assertion that SCO does not own the UNIX and UnixWare copyrights is false. SCO cannot establish the required falsity for the reasons set forth in Novell's concurrent Motion for Summary Judgment on SCO's First Claim for Slander of Title and Third Claim for Specific Performance.

   Accordingly, Novell respectfully requests that its motion for partial summary judgment on the copyright ownership portions of SCO's Second Claim for breach of contract and Fifth Claim for unfair competition be granted.

DATED: April 20, 2007

            ANDERSON & KARRENBERG

            By:  /s/ Heather M. Sneddon

              Thomas R. Karrenberg
              John P. Mullen
              Heather M. Sneddon

              -and-

              MORRISON & FOERSTER LLP
              Michael A. Jacobs (pro hac vice)
              Kenneth W. Brakebill (pro hac vice)
              Grant L. Kim (pro hac vice)

              **Attorneys for Defendant and**
              **Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April, 2007, I caused a true and correct copy of **NOVELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE COPYRIGHT OWNERSHIP PORTIONS OF SCO'S SECOND CLAIM FOR BREACH OF CONTRACT AND FIFTH CLAIM FOR UNFAIR COMPETITION** to be served to the following:

*Via CM/ECF*:  Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York  10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55401

*Via U.S. Mail, postage prepaid*:

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida  33131

_/s/  Heather M. Sneddon_

3