MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
Grant L. Kim (pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **MEMORANDUM IN SUPPORT OF NOVELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE COPYRIGHT OWNERSHIP PORTIONS OF SCO'S SECOND CLAIM FOR BREACH OF CONTRACT AND FIFTH CLAIM FOR UNFAIR COMPETITION**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.   STATEMENT OF ISSUES ..................................................................................... 1

II.   INTRODUCTION ..................................................................................................... 1

III.   STATEMENT OF UNDISPUTED FACTS ............................................................ 3

IV.   ARGUMENT ............................................................................................................. 4

    A.   Novell's Statements Regarding Copyright Ownership Do Not Constitute Unfair Competition Under Utah Law. ....................................... 4

        1.   Utah Common Law Does Not Recognize an Unfair Competition Claim Based on Allegedly Defamatory Statements. ............................................................................................ 4

        2.   The Utah Unfair Competition Act Does Not Apply to Novell's Statements Regarding Copyright Ownership. ............................... 6

    B.   Novell's Denial of SCO's Copyright Ownership Does Not State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. ....................................................................................................... 7

    C.   SCO Cannot Establish that Novell's Statements Were False. ................ 9

CONCLUSION .................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allisen v. Am. Legion Post No. 134*,
   763 P.2d 806 (Utah 1988)..................................................................................................6

*Am. Airlines v. Platinum World Travel*,
   769 F. Supp. 1203 (D. Utah 1990)....................................................................................5

*Budget Sys., Inc.. v. Budget Loan & Fin. Plan*,
   361 P.2d 512 (Utah 1961)..................................................................................................5

*Cal. Lettuce Growers, Inc. v. Union Sugar Co.*,
   45 Cal. 2d 474 (1955) .......................................................................................................8

*Carma Dev. Inc. v. Marathon Dev., Inc.*,
   2 Cal. 4th 342 (1992) ........................................................................................................8

*Foley v. Interactive Data Corp.*,
   47 Cal. 3d 654 (1988) .......................................................................................................8

*Freeman & Mills, Inc. v. Belcher Oil Co.*,
   11 Cal. 4th 85 (1995) ........................................................................................................9

*Perdue v. Crocker Nat'l Bank*,
   38 Cal. 3d 913 (1985) .......................................................................................................8

*Proctor & Gamble Co. v. Haugen*,
   222 F.3d 1262 (10th Cir. 2000) .....................................................................................5, 6

*Proctor & Gamble Co. v. Haugen*,
   947 F. Supp. 1551 (D. Utah 1996),
   *aff'd in part*, *rev'd in part*, 222 F.3d 1262 (10th Cir. 2000)..........................................4, 5, 6, 9

*Reynolds & Reynolds Co. v. Norick*,
   114 F.2d 278 (10th Cir.1940) ...........................................................................................5

*Third Story Music, Inc. v. Tom Waits*,
   41 Cal. App. 4th 798 (1995) .............................................................................................8

*Union Pac. R.R. Co. v. Trustees, Inc.*,
   329 P.2d 398 (Utah 1958)..................................................................................................6

**STATUTES**

Utah Code Ann. 1953
  § 13-5a-102(4) .................................................................................................................7

**OTHER AUTHORITIES**

Steven J. Burton,
  *Breach of Contract and the Common Law Duty to Perform in Good Faith*,
  94 Harv. L. Rev. 369 (1980) ...........................................................................................8

I.  **STATEMENT OF ISSUES**

SCO claims that Novell slandered SCO's alleged title to UNIX and UnixWare copyrights by falsely asserting that SCO does not own these copyrights. In addition, SCO asserts duplicative claims for unfair competition and breach of the implied covenant of good faith and fair dealing, which are based on the same allegation that Novell has wrongfully denied SCO's copyright ownership.

Novell has filed a separate motion for summary judgment on SCO's slander of title claim. This motion raises three issues related to the "copyright ownership" portions of SCO's unfair competition and good faith covenant claims:

1. Is Novell entitled to summary judgment on the copyright ownership portion of SCO's unfair competition claim because it is duplicative of SCO's slander of title claim and it cannot support an independent claim for unfair competition?

2. Is Novell entitled to summary judgment on the copyright ownership portion of SCO's claim for breach of the implied covenant of good faith because it is duplicative of SCO's slander of title claim and it cannot support an independent claim for breach of the implied covenant of good faith?

3. Is Novell entitled to summary judgment on the copyright ownership portion of SCO's unfair competition and implied covenant of good faith claims because SCO cannot establish that Novell's assertion that SCO does not own the UNIX and UnixWare copyrights is false?

II.  **INTRODUCTION**

This case began as a dispute about copyright ownership. Both SCO's original Complaint and its Amended Complaint were limited to a single claim for slander of title, based on Novell's

1

assertion that the Asset Purchase Agreement ("APA") did not transfer the UNIX and UnixWare copyrights to SCO's predecessor, the Santa Cruz Operation, Inc.. However, on February 3, 2006, SCO filed its Second Amended Complaint, adding claims for unfair competition and breach of contract, as well as for copyright infringement and specific performance. SCO's unfair competition and breach of contract claims are based, in part, on allegations that are almost identical to its slander of title claim.[1]

SCO's unfair competition claim alleges that "Novell has falsely claimed ownership of SCO's copyrights in UNIX and UnixWare…." (Declaration of Kenneth Brakebill, filed herewith ("Brakebill Decl."), Ex. 1, Second Amended Complaint, ¶ 122.)[2] Similarly, SCO's breach of contract claim alleges that Novell "breached the covenant of good faith and fair dealing under the APA and TLA" by "numerous acts of bad faith," including "making false and misleading statements denying SCO's ownership of the copyrights in UNIX and UnixWare." (*Id.*, ¶ 99.) These are the same allegations at the heart of SCO's slander of title claim.

---

[1] SCO's unfair competition and breach of contract claims also include other allegations related to "misappropriation," breach of the alleged "non-compete" clause of the Technology License Agreement, and "waiver" of SCO's rights and claims against IBM. (Brakebill Decl., Ex. 1, ¶¶ 122, 97-99.) The "misappropriation" portions of SCO's claims relate to Novell's distribution of SUSE Linux and have been stayed by this Court's August 21, 2006 stay order. Issues related to SCO's "non-compete" and "IBM waiver" claims are addressed in Novell's Motion for Summary Judgment on SCO's Non-Compete Claim, filed concurrently herewith, and in Novell's Motion for Partial Summary Judgment on its Fourth Claim for Relief, filed December 1, 2006.

[2] Novell submits the Brakebill Declaration, and the exhibits cited therein, in support of this motion, as well as three other concurrently-filed summary judgment motions: (1) Novell's Motion for Summary Judgment on SCO's First Claim for Slander of Title and Third Claim for Specific Performance; (2) Novell's Motion for Partial Summary Judgment on SCO's Non-Compete Claim in Its Second Claim for Breach of Contract and Fifth Claim for Unfair Competition; and (3) Novell's Motion for Summary Judgment on SCO's First Claim for Slander of Title Based on Failure to Establish Special Damages.

As demonstrated below, Novell is entitled to summary judgment on the "copyright ownership" portions of SCO's unfair competition and good faith covenant claims because:

1. As a matter of law, Novell's assertion that SCO does not own the UNIX and UnixWare copyrights does not constitute "unfair competition" and hence cannot support a claim based on this theory.

2. As a matter of law, Novell's assertion that SCO does not own the UNIX and UnixWare copyrights does not breach the implied covenant of good faith, and hence cannot support a claim based on this theory.

3. SCO cannot establish that Novell's assertion that SCO does not own the UNIX and UnixWare copyrights is false for the reasons set forth in Novell's concurrently-filed Motion for Summary Judgment on SCO's First Claim for Slander of Title and Third Claim for Specific Performance ("Novell's Summary Judgment Motion on SCO's First and Third Claims"). Therefore, Novell's assertion cannot support a claim for unfair competition or breach of the implied covenant of good faith.

## III.  STATEMENT OF UNDISPUTED FACTS

This motion is based primarily on the ground that, as a matter of law, the copyright ownership portions of SCO's unfair competition and breach of contract claims do not state valid claims for relief, even if SCO's allegations were assumed to be correct. There are no "facts" relevant to this ground, other than the undisputed contents of SCO's Second Amended Complaint.

Novell also contends that it is entitled to summary judgment because SCO cannot establish that Novell's assertion was false, as demonstrated in Novell's Summary Judgment

Motion on SCO's First and Third Claims. The "Undisputed Facts" set forth in that motion are hereby incorporated by reference.

## IV. ARGUMENT

### A. Novell's Statements Regarding Copyright Ownership Do Not Constitute Unfair Competition Under Utah Law.

SCO's unfair competition claim alleges that "Novell has falsely claimed ownership of SCO's copyrights in UNIX and UnixWare…." (Brakebill Decl., Ex. 1, Second Amended Complaint, ¶ 122.) In response to a motion for a more definite statement that Novell filed in 2006 in this action, SCO stipulated that its unfair competition claim is based on "Utah statutory and/or common law." (Stipulation Re SCO's Fifth Claim for Relief, filed March 20, 2007, PACER No. 252, at 2.)

As demonstrated below, making statements about copyright ownership does not state a claim for unfair competition under either Utah common law or Utah statutory law.

#### 1. Utah Common Law Does Not Recognize an Unfair Competition Claim Based on Allegedly Defamatory Statements.

Controlling Tenth Circuit precedent, affirming a decision by Judge Winder of this Court, entitles Novell to summary judgment on SCO's attempt to plead a slander of title claim in the guise of a Utah common law claim for unfair competition. *See Proctor & Gamble Co. v. Haugen*, 947 F. Supp. 1551 (D. Utah 1996), *aff'd in part*, *rev'd in part*, *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262 (10th Cir. 2000). Plaintiff P&G had asserted claims for unfair competition, defamation, and other theories based on defendants' public statement that P&G is associated with satanism. *Proctor & Gamble,* 947 F. Supp. at 1553-54.

The Utah district court dismissed the unfair competition claim because it did not fit within the two types of unfair competition recognized by Utah common law: "passing off or

4

palming-off," and "misappropriation." *Id.* at 1554. The court described these two types as follows:

> A passing-off claim alleges that a defendant engaged in a scheme to have his goods or services "pass" in the marketplace as those of the plaintiff. *Reynolds & Reynolds Co. v. Norick,* 114 F.2d 278, 281 (10th Cir. 1940) (passing off forms used by car dealers). The gravamen of a misappropriation claim is that a defendant has seized for his own benefit something of value that the plaintiff had built up through time, money, or effort, which is then generally used to compete against the plaintiff. *See Am. Airlines v. Platinum World Travel,* 769 F. Supp. 1203, 1207 (D. Utah 1990) (misappropriation of information and services); *Budget Sys., Inc.. v. Budget Loan & Fin. Plan,* 361 P.2d 512, 514 (Utah 1961) (misappropriation of goodwill).

*Id.* The court emphasized that "no Utah court has extended unfair competition beyond the two established branches to include defamation in the marketplace." *Proctor & Gamble,* 947 F. Supp. at 1554. Therefore, the court declined to "create a new cause of action under the umbrella of unfair competition which would essentially be identical to an already well-established cause of action and would offer no further protection of commercial values." *Id.*

The Tenth Circuit affirmed the district court's dismissal of the unfair competition claim on the ground that it did not involve either "palming off" or "misappropriation." *Proctor & Gamble,* 222 F.3d at 1280. The Tenth Circuit noted that "[b]oth 'palming off' and 'misappropriation of goodwill' involve situations in which a company attempts to profit from the reputation of its competitor by selling one of its own products as that of its competitor or misappropriating a trademark belonging to its competitor." *Id.* (citing *Allen's Prods. Co. v. Glover*, 414 P.2d 93, 95 (Utah 1966)). The Tenth Circuit concluded that "it is not our place to expand Utah state law beyond the bounds set by the Utah Supreme Court or, in the absence of Utah Supreme Court precedent, by the lower Utah courts." *Id.* (citations omitted).

Here, too, SCO's allegation that Novell "falsely claimed ownership" of UNIX and UnixWare copyrights does not state a common law claim for unfair competition as either "palming off" or "misappropriation." Here, too, SCO's claim is duplicative of its slander of title claim. Therefore, this Court should decline SCO's invitation to "create a new cause of action under the umbrella of unfair competition which would essentially be identical to an already well-established cause of action and would offer no further protection of commercial values." *Proctor & Gamble,* 947 F. Supp. at 1554.

### 2. The Utah Unfair Competition Act Does Not Apply to Novell's Statements Regarding Copyright Ownership.

The Utah Unfair Competition Act (the "Act") was newly enacted as Chapter 5A of the Title 13 of the Utah Code, effective as of May 3, 2004. This Act does not apply here for two independent reasons.

First, all of Novell's allegedly false statements identified in SCO's Second Amended Complaint took place between May 28, 2003 and March 2004, *before* the Act became effective on May 3, 2004. (Brakebill Decl., Ex. 1, Second Amended Complaint, ¶ 37.) Under Utah law, a statute cannot be applied retroactively absent "express authorization." *Union Pac. R.R. Co. v. Trustees, Inc.*, 329 P.2d 398, 399 (Utah 1958); *Allisen v. Am. Legion Post No. 134*, 763 P.2d 806, 808-809 (Utah 1988) (applying statute in effect at the time of incident rather than the time of ruling).

Second, even if the Act were retroactive, Novell's allegedly false statements do not meet the statutory definition of "unfair competition." The Unfair Competition Act defines "unfair competition" as "an intentional business act or practice" that, *inter alia*, falls within one of the following categories:

(A) cyber-terrorism;

6

>    (B) infringement of a patent, trademark, or trade name;
>
>    (C) a software license violation; or
>
>    (D) predatory hiring practices.

Utah Code Ann. 1953 § 13-5a-102(4)(ii) (2006).

Novell's statements regarding copyright ownership do not constitute "cyber-terrorism," "infringement of a patent, trademark, or trade name," a "software license violation," or "predatory hiring practices." Therefore, as a matter of law, these statements cannot support a claim for violation of the Utah Unfair Competition Act.

    **B.    Novell's Denial of SCO's Copyright Ownership Does Not State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.**

SCO's breach of contract claim alleges that Novell "breached the covenant of good faith and fair dealing under the APA and TLA" by "numerous acts of bad faith," including "making false and misleading statements denying SCO's ownership of the copyrights in UNIX and UnixWare." (Brakebill Decl., Ex. 1, Second Amended Complaint, ¶ 99.) This allegation fails to state a claim under the governing California law for several reasons.[3]

First, Novell has found no reported California decision that holds that the implied duty of good faith prohibits a party to a contract from making statements related to its understanding of the rights that are conferred (or not conferred) by the contract.

Second, the implied covenant has generally been used as a "gap-filler" to "qualify or limit rights and duties otherwise arising under rules of law and specific contract language," or "to effectuate the intentions of parties, or to protect their reasonable expectations." *Foley v.*

---

[3] California law applies under the governing law clause of both the APA and the TLA. (Brakebill Decl., Ex. 2, APA, Section 9.8; Ex. 5, TLA, Section X.)

7

*Interactive Data Corp.*, 47 Cal. 3d 654, 684 (1988) (citing cases and law review articles). In California, "[t]he covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another." *Carma Dev. Inc. v. Marathon Dev., Inc.*, 2 Cal. 4th 342, 372 (1992) (good faith obligation in landlord's discretion to exercise contract termination provision); *Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 924 (1985) (good faith obligation in bank's discretion to set fees for withdrawing from accounts with insufficient funds); *Cal. Lettuce Growers, Inc. v. Union Sugar Co.*, 45 Cal. 2d 474, 483-84 (1955) (good faith obligation in contracting party's discretion to set indeterminate price term in a sales contract); *see also* Steven J. Burton, *Breach of Contract and the Common Law Duty to Perform in Good Faith*, 94 Harv. L. Rev. 369, 394 (1980) (enumerating the typical types of contracts in which courts imply a good faith covenant to fill gaps).

"The implication [of a good faith covenant] must arise from the language used or it must be indispensable to effectuate the intention of the parties." *Third Story Music, Inc. v. Tom Waits*, 41 Cal. App. 4th 798, 804 (1995). Here, nothing in the APA suggests that it restricts the parties' ability to make statements about their understanding of the scope of their respective rights and obligations under the contract. Thus, SCO is attempting to use the implied covenant to do far more than "filling gaps" or effectuating the purpose of the express provisions of the contract. Rather, SCO is attempting to impose a prohibition against making statements that is not even hinted at by the APA.

California law does *not* recognize a claim for "bad faith denial of the existence of a contract between the parties." *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 88 (1995) (overruling a prior California Supreme Court decision that recognized a tort claim for bad faith denial of contractual obligations, in view of widespread criticism of this holding by scholars

8

and courts). This holding is highly relevant here, because SCO is attempting to assert a similar claim for "bad faith denial" of SCO's ownership of the UNIX and UnixWare copyrights, which were allegedly acquired as a result of the rights conferred by the APA.

Finally, there is no cogent reason for this Court to extend the implied duty of good faith to prohibit statements about rights conferred by a contract, given that SCO has asserted a slander of title claim based on the same statements. As the Utah district court noted in rejecting a similar attempt to extend unfair competition law to a defamation claim, there is no need to "create a new cause of action under the umbrella of unfair competition which would essentially be identical to an already well-established cause of action and would offer no further protection of commercial values." *Proctor & Gamble,* 947 F. Supp. at 1554.

### C.  SCO Cannot Establish that Novell's Statements Were False.

By SCO's own admission, falsity is a required element of SCO's claim that Novell's assertion that SCO does not own the copyrights constitutes unfair competition and a breach of the implied covenant of good faith. SCO bases its unfair competition claim on the allegation that "Novell has *falsely* claimed ownership of SCO's copyrights in UNIX and UnixWare…." (Brakebill Decl., Ex. 1, Second Amended Complaint, ¶ 122 (emphasis added).) Similarly, SCO's claim for breach of the good faith covenant relies on Novell's "*false and misleading* statements denying SCO's ownership of the copyrights in UNIX and UnixWare." (*Id.*, ¶ 99 (emphasis added).) Falsity is a required element of these claims because making *truthful* statements cannot possibly be "unfair competition" or a breach of the covenant of good faith.

As demonstrated in Novell's Summary Judgment Motion on SCO's First and Third Claims, SCO cannot prove that it acquired ownership of the UNIX and UnixWare copyrights as a successor to the Santa Cruz Operation because (1) the APA excluded "all copyrights" from the

9

assets transferred by the Bill of Sale; and (2) Amendment No. 2 also did not transfer the UNIX and UnixWare copyrights to Santa Cruz. Therefore, Novell is entitled to summary judgment on the copyright ownership portions of SCO's unfair competition and good faith covenant claims, because SCO cannot establish that Novell's statements were false.

## CONCLUSION

SCO has improperly attempted to plead its slander of title claim under the guise of duplicative claims for unfair competition and breach of the implied covenant of good faith and fair dealing. Novell is entitled to summary judgment on these duplicative claims because SCO has failed to state these claims under the applicable law, and because SCO cannot demonstrate that Novell's statements about copyright ownership were false.

DATED: April 20, 2007

                        ANDERSON & KARRENBERG

                        By:   */s/ Heather M. Sneddon*

                            Thomas R. Karrenberg
                            John P. Mullen
                            Heather M. Sneddon

                            -and-

                            MORRISON & FOERSTER LLP
                            Michael A. Jacobs (pro hac vice)
                            Kenneth W. Brakebill (pro hac vice)
                            Grant L. Kim (pro hac vice)

                            **Attorneys for Defendant and**
                            **Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April, 2007, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF NOVELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE COPYRIGHT OWNERSHIP PORTIONS OF SCO'S SECOND CLAIM FOR BREACH OF CONTRACT AND FIFTH CLAIM FOR UNFAIR COMPETITION** to be served to the following:

*Via CM/ECF*:

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York  10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55401

*Via U.S. Mail, postage prepaid*:

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida  33131

　　　　　　　　　　　　　　　　　　　*/s/  Heather M. Sneddon*

11