MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
Grant L. Kim (pro hac vice)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaimant Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, <br><br>       Plaintiff and Counterclaim-Defendant, <br><br> vs. <br><br> NOVELL, INC., a Delaware corporation, <br><br>       Defendant and Counterclaim-Plaintiff. | **NOVELL'S MOTION FOR SUMMARY JUDGMENT ON SCO'S FIRST CLAIM FOR SLANDER OF TITLE AND THIRD CLAIM FOR SPECIFIC PERFORMANCE** <br><br> Case No. 2:04CV00139 <br><br> Judge Dale A. Kimball |

Novell, Inc. ("Novell") moves the Court for partial summary judgment as to The SCO Group, Inc.'s ("SCO's") First and Third Claims for Relief for slander of title and specific performance, respectively.

Federal Rule of Civil Procedure 56 permits the Court to grant partial summary judgment if the pleadings, discovery, and affidavits show that there is no genuine issue of material fact and that Novell is entitled to judgment as a matter of law. SCO's First and Third Causes of Action for slander of title and specific performance are based on SCO's assertion that Novell sold the UNIX and UnixWare copyrights to SCO's alleged predecessor, the Santa Cruz Operation ("Santa Cruz"), as part of the Asset Purchase Agreement ("APA").

Here, the undisputed facts show that the list of "Excluded Assets" in Schedule 1.1(b) of the APA explicitly excluded "all copyrights" from the assets to be transferred by Novell to Santa Cruz. This exclusion is reinforced by express language in the contract providing that the Assets purchased "shall not include those assets . . . set forth on Schedule 1.1(b)." SCO's attempt to overcome this exclusion by citing extrinsic evidence that "all copyrights" means "some copyrights" is unavailing. The plain meaning of "all" is all. The parol evidence rule precludes SCO from relying on parol evidence in support of an interpretation to which the APA is not reasonably susceptible. Moreover, the admissible extrinsic evidence confirms that the exclusion of all copyrights from the transferred assets was deliberate and consistent with the APA's objectives.

The APA as amended by Amendment No. 2 also did not transfer the UNIX and UnixWare copyrights to Santa Cruz. The Copyright Act, 35 U.S.C. § 204, requires a written instrument, signed by the copyright owner, to transfer copyrights. Amendment No. 2 does not constitute such a written instrument because it did not purport to transfer any copyrights or other

1

assets, nor did it retroactively amend the Bill of Sale that was executed ten months earlier. Moreover, although Amendment No. 2 revised the Schedule 1.1(b) list of Excluded Assets to create an exception for copyrights "required" for Santa Cruz to pursue its UNIX business, it did not specify which copyrights were required, and Santa Cruz did not require ownership of any UNIX copyrights because it already had a license to use the copyrights as needed to implement the APA.

Because neither the APA nor Amendment No. 2 transferred copyright ownership to Santa Cruz, Novell is entitled to summary judgment on SCO's slander of title claim on the ground that SCO cannot establish that Novell's statement that SCO did not own the copyrights was false. Novell is also entitled to summary judgment on SCO's claim for an order requiring Novell to transfer the copyrights to SCO, because neither the APA nor Amendment No. 2 required Novell to transfer the copyrights.

For all of these reasons, Novell requests that summary judgment be entered that neither the APA nor Amendment No. 2 transferred ownership of the copyrights to Santa Cruz, and that SCO's slander of title and specific performance claims fail as a matter of law.

DATED:   April 20, 2007

ANDERSON & KARRENBERG

By: _____*/s/  Heather M. Sneddon*_____

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon

-and-

MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
Grant L. Kim (pro hac vice)

**Attorneys for Defendant and
Counterclaim-Plaintiff Novell, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of April, 2007, I caused a true and correct copy of **NOVELL'S MOTION FOR SUMMARY JUDGMENT ON SCO'S FIRST CLAIM FOR SLANDER OF TITLE AND THIRD CLAIM FOR SPECIFIC PERFORMANCE** to be served to the following:

*Via CM/ECF*:

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York  10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55401

*Via U.S. Mail, postage prepaid*:

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida  33131

_/s/  Heather M. Sneddon_

4