MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
Grant L. Kim (pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaimant Novell, Inc.**

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **NOVELL'S MOTION FOR SUMMARY JUDGMENT ON SCO'S FIRST CLAIM FOR SLANDER OF TITLE BASED ON FAILURE TO ESTABLISH SPECIAL DAMAGES**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Novell, Inc. ("Novell") moves the Court for partial summary judgment as to The SCO Group, Inc.'s ("SCO's") First Claim for Relief for slander of title, on the grounds that SCO cannot prove special damages.

Federal Rule of Civil Procedure 56 permits the Court to grant partial summary judgment if the pleadings, discovery, and affidavits show that there is no genuine issue of material fact and that Novell is entitled to judgment as a matter of law. Here, SCO's claim for slander of title alleges that SCO suffered harm as a result of Novell's statements that SCO does not own the UNIX copyrights. Special damages are a required element to prove a slander of title claim.

Special damages are "out-of-pocket losses" that must be the "direct and immediate" result of the slander of title. Special damages must also consist of "a realized or liquidated" pecuniary loss. SCO cannot meet its burden of establishing special damages on the following grounds:

First, SCO's allegation that its SCOsource licensing program was harmed by Novell's assertion of rights does not support a claim for special damages as a matter of law. Given the evidence SCO has put forward demonstrating public skepticism regarding its infringement claim, SCO cannot establish that any failure of its licensing program "resulted from" the alleged slander and not some other cause. Moreover, SCO cannot establish that it was harmed by Novell's assertion of ownership because if the alleged "cloud" on its title is removed, SCO will remain in possession of the copyrights and will be able to pursue any legitimate claim to royalties. SCO cannot support a claim for special damages based on the present failure of its licensing program as a matter of law.

Second, SCO's allegation that Novell's statements hurt SCO's stock price states a claim that has been repeatedly rejected as the basis for a claim for special damages. Harm to a

1

plaintiff's stock price is not the "direct and immediate" result of a slander, and it is not a "realized or liquidated" pecuniary loss and cannot support a claim for special damages as a matter of law.

Third, SCO's assertion that it is entitled to attorneys fees to clear its title in this action is a claim that has been rejected in this Court and others around the country, and cannot be sustained as a matter of law.

Fourth, SCO has not produced any evidence of any pecuniary loss based on its efforts to research and pursue copyright registration, or to counter Novell's statements with its customers. SCO cannot support its burden of showing special damages because it has failed to meet its evidentiary burden.

For all of the above reasons, Novell is entitled to summary judgment on SCO's slander of title claim on the grounds that SCO cannot establish special damages.

In the alternative, if SCO is able to adduce evidence on the fourth point, the Court should enter an order under FRCP 56(d), specifying that SCO will be limited to recovery of special damages based solely on the realized and liquidated costs associated with clearing title to its copyrights through corrective measures such as copyright registration costs.

DATED: April 20, 2007

                        ANDERSON & KARRENBERG

                        By:    /s/ Heather M. Sneddon

                            Thomas R. Karrenberg
                            John P. Mullen
                            Heather M. Sneddon

                            -and-

                            MORRISON & FOERSTER LLP
                            Michael A. Jacobs (pro hac vice)
                            Kenneth W. Brakebill (pro hac vice)
                            Grant L. Kim (pro hac vice)

                            **Attorneys for Defendant and**
                            **Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April, 2007, I caused a true and correct copy of **NOVELL'S MOTION FOR SUMMARY JUDGMENT ON SCO'S FIRST CLAIM FOR SLANDER OF TITLE BASED ON FAILURE TO ESTABLISH SPECIAL DAMAGES** to be served to the following:

*Via CM/ECF*:

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid*:

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

                                              /s/ Heather M. Sneddon