Telephone
(415) 493-9300

FAX
(415) 493-6811

Senders' Direct Fax:
(415) 496-4086

# WILSON SONSINI GOODRICH & ROSATI
### PROFESSIONAL CORPORATION
### 650 PAGE MILL ROAD
### PALO ALTO, CALIFORNIA 94304-1050

ORIGINAL:

X Will Not Follow
__ Follows Via Mail
__ Follows Via Courier

## TELECOPY COVER SHEET

**TO:** Jeffrey P. Higgins, Esq.     **ON:** September 18, 1995    at    8:57
                                          (Date)                    (Time)

**FIRM:** BROBECK PHLEGER & HARRISON     **CLIENT NO.:** 9062.NEWMAT

**CITY/STATE:** PALO ALTO, CA     **CLIENT NAME:** Novell, Inc.

**OFFICE PHONE:** 415/496-2932     **WSGR OPERATOR:**

**TELECOPY #:** 415/496-2921     **ATTENTION:** NOTIFY RECIPIENT BEFORE
 **ATTENTION: USE THIS FAX NO. ONLY**                    SENDING

**FROM:** AARON J. ALTER     **EXT.:** 4693     **LOCATION:** FH1-1

**TOTAL NUMBER OF PAGES** *INCLUDING THIS COVER SHEET:* 1

### *IF YOU DO NOT RECEIVE THE ENTIRE DOCUMENT*
### *PLEASE CONTACT THE WSGR OPERATOR AT (415) 493-9300, Ext. 7255*

**MESSAGE:** Jeff. See you tomorrow.

Regards, Aaron

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN INFORMATION FROM WILSON, SONSINI, GOODRICH & ROSATI
AND ARE FOR THE SOLE USE OF THE ABOVE INDIVIDUAL OR ENTITY, AND MAY BE PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM
DISCLOSURE UNDER LAW. ANY OTHER DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE IF YOU ARE NOT THE INTENDED RECIPIENT AND RETURN THE ORIGINAL MESSAGE TO US AT
THE ABOVE ADDRESS: WE WILL REIMBURSE YOUR REASONABLE PHONE AND POSTAGE EXPENSES FOR DOING SO.
1993 C-WILSON, SONSINI, GOODRICH & ROSATI  [ALL RIGHTS RESERVED].

NOV 000041922

TRANSMISSION REPORT

TIME        :  SEP 18 '96 19:03
TEL NUMBER  :  415-493-6811
NAME        :  WILSON SONSINI

| NBR | CARD# | FILE | DATE | TIME | DURATION | PGS | TO | MODE | STATUS |
|-----|-------|------|------|------|----------|-----|----|------|--------|
| 993 | | | SEP 18 | 18:57 | 0:05'02" | 7 | | EC | 08 OK    00 |

NOV 000041923

Rider to Section 1.2(a) replacing first sentence

Buyer agrees to collect and pass through to Seller one hundred percent (100%) of the SVRX

Royalties as defined and described in Section 4.16 hereof. Seller agrees to pay Buyer an

administrative fee of five percent (5%) of SVRX Royalties. Seller and Buyer further acknowledge

and agree that Seller is retaining all rights to the SVRX Royalties notwithstanding the transfer of the

SVRX licenses to Buyer pursuant hereto, and that Buyer only has legal title and not an equitable

interest in such royalties within the meaning of Section 541(d) of the Bankruptcy Code. For purposes

of administering the collection of such royalties, the parties acknowledge that the royalties shall

continue to be recognized as royalties by Novell on an ongoing basis and the parties shall take such

commercially reasonable steps as may be necessary to effectuate the foregoing for financial,

accounting and tax purposes.

NOV 000041924



*except for Sales Taxe if any, which are the responsibility of Buyer pursuant to Section 1.2(d) hereof*

Date and (ii) all Taxes attributable to, levied or imposed upon, or incurred in connection with the Seller's business operations, other than the Business, following the Closing Date.

4.15   Bulk Sales.  Buyer hereby agrees to waive the requirement, if any, that Seller comply with any bulk transfer law which may be applicable to the transactions contemplated by this Agreement; provided, that Seller agrees to indemnify and hold harmless Buyer with respect to any noncompliance with such laws and Buyer's waiver with respect thereto.

[4.16   SVRX Licenses.]

{4.16 SVRX Licenses.} [(i)] Following the Closing, Buyer shall administer the collection of all royalties, fees and other amounts due under all SVRX Licenses (as listed in detail under item VI of Schedule 1.1(a) hereof and {such amounts hereafter called} [referred to herein as] "SVRX Royalties"). Within 45 days of the end of each fiscal quarter of Buyer, Buyer shall deliver to Seller or Seller's assignee 95% [100%] of any SVRX Royalties collected in the immediately preceding quarter. Buyer shall diligently seek to collect all such royalties, funds and other amounts when due [(and shall investigate and perform appropriate auditing and enforcement under such agreements at Buyer's cost)].

[(ii)] Buyer shall not and shall not have the authority to amend, modify or waive any right under or assign any {SVRX} [SVRx] License without the prior written consent of Seller. {[]In addition, at Seller's sole discretion, and at Seller's direction, Buyer shall amend, [supplement,] modify or waive any rights under, or shall assign any rights to, any such SVRX License to the extent so directed {by Seller.}

Rider 24A

}[in any manner or respect by Seller.  Buyer shall not, and shall have no right to, enter into future licenses or amendments of the SVRX technologies, except as may be incidently involved through its rights to sell and license UnixWare, Eiger or the Merger Product or future versions thereof.

[(iii)]   Seller further covenants that neither it, nor any of its officers, directors or employees shall {(i)} [(a)] take any [material] action [designed] to promote the sale of SVRX products or {(ii)}[(b)] provide {any} [material] compensation to any employee designed {to incentize} [and intended to incentivize] such employee to promote the sale of SVRX products[, except for actions incidental to unrelated business activities of Seller].

4.17   Audited Financials.  {Seller shall deliver to Buyer within days of this Agreement audited, for the periods ended with respect to the Business.} [The parties shall work diligently together to prepare audited financial statements relating to the Business as may be required for Buyer's financial reporting requirements under the

NOV 000041925

Rider 24A

In consideration of such activities described in the preceding sentence, Seller shall pay to Buyer within 45 days of the end of each fiscal quarter of Buyer an administrative fee equal to 5% of the SVRX Royalties collected in the immediately preceding quarter.

NOV 000041926



~~with the next sentence). If the Indemnifying Party, within 60 days after the mailing of notice by the Indemnified Party, shall not give written notice to the Indemnified Party announcing its intent to contest such assertion of the Indemnified Party, such assertion shall be deemed accepted and the amount of claim shall be deemed a valid claim. In the event, however, that the Indemnifying Party contests the assertion of a claim by giving such written notice to the Indemnified Party within said period, then the parties shall act in good faith to reach agreement regarding such claim. In the event that litigation shall arise with respect to any such claim, the prevailing party shall be entitled to reimbursement of costs and expenses incurred in connection with such litigation including attorney fees, if the parties hereto, acting in good faith, cannot reach agreement with respect to such claim within ten days after such notice.]~~

## ARTICLE IX

### GENERAL PROVISIONS

9.1    Notices.  All notices and other communications hereunder shall be in writing and shall be deemed given if delivered personally or by commercial delivery service, or mailed by registered or certified mail (return receipt requested) or sent via telecopy (with acknowledgment of complete transmission) to the parties at the following addresses (or at such other address for a party as shall be specified by like notice):

      (a)    if to Buyer, to:
           The Santa Cruz Operation, Inc.
           400 Encinal Street
           P.O. Box 1900
           Santa Cruz, CA  95061-1900
           Attention: Legal Department
           Telecopy No.: (408) 427-5474

           with a copy to:

           Brobeck, Phleger & Harrison
           Two Embarcadero Place
           2200 Geng Road
           Palo Alto, CA  94303
           Attention:  Edward M. Leonard
           Telecopy No.: (415) 496-2921

      (b)    if to Seller, to:

           Novell, Inc.
            ~~1555~~ 122 East 1700 South
           Provo, Utah 84606

47.

NOV 000041927



Attention: David R. Bradford, Esq.
Telecopy No.: (801) 228-7077

with a copy to:

Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304
Attention: Larry W. Sonsini
Telecopy No.: (415) 496-4084

  9.2 Survival. The representations and warranties contained in Section 2 and Section 3 hereof except for the representation of Seller set forth in Section 2.10 shall not survive the closing of the sale of assets and issuance of stock contemplated by this Agreement; provided, however, that the foregoing provision shall not eliminate the rights and remedies of the parties hereto in the case of a willful fraud by the other party provided that the agreed party shall establish all elements of the existence of such fraud by clear and convincing evidence.

  9.3 Interpretation. When a reference is made in this Agreement to Schedules or Exhibits, such reference shall be to a Schedule or Exhibit to this Agreement unless otherwise indicated. The words "include," "includes" and "including" when used herein shall be deemed in each case to be followed by the words "without limitation." The table of contents and headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

  9.4 Counterparts. This Agreement may be executed in one or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, it being understood that all parties need not sign the same counterpart.

  9.5 Entire Agreement. This Agreement, and the Schedules and Exhibits hereto: (a) constitute the entire agreement among the parties with respect to the subject matter hereof and supersede all prior agreements and understandings, both written and oral, among the parties with respect to the subject matter hereof; (b) are not intended to confer upon any other person any rights or remedies hereunder, unless expressly provided otherwise; and (c) shall not be assigned by operation of law or otherwise except as otherwise specifically provided.

BPHPA1\RB\C147981.04
09/16/95

        48.

NOV 000041928

*for SELLER DISCLOSURE STATEMENT*

Seller is presently a party to a May 10, 1994 Trademark Relicensing Agreement with X/Open Company Ltd. Under this Agreement, Seller granted to X/Open Ltd. an exclusive and, subject to the condition stated below, perpetual right to grant to third parties the right to use the trademark UNIX on products. The grant is subject to a reservation of a license by Seller to continue to use the mark UNIX (alone or as part of the designation "UNIX WARE") in the Business under certain circumstances, including the payment of royalties for the mark UNIX (not UNIX WARE) after an initial three year period. The rights granted to X/Open are subject to termination for material breach unless and until X/Open exercises an option granted under the Agreement (for no additional fee) to acquire ownership of the trademark UNIX. Such option is exercisable after a three year initial period of the Agreement.



*Additional Schedule of Exceptions disclosure*

NOV 000041929