MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
Grant L. Kim (pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaimant Novell, Inc.**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **NOVELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SCO'S NON-COMPETE CLAIM IN ITS SECOND CLAIM FOR BREACH OF CONTRACT AND FIFTH CLAIM FOR UNFAIR COMPETITION**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Novell, Inc. ("Novell") moves the Court for partial summary judgment as to The SCO Group, Inc.'s ("SCO's") non-compete claim in its Second Claim for breach of contract and Fifth Claim for unfair competition.

Federal Rule of Civil Procedure 56 permits the Court to grant partial summary judgment if the pleadings, discovery, and affidavits show that there is no genuine issue of material fact and that Novell is entitled to judgment as a matter of law.

SCO's non-compete claim is based on the assertion that the Asset Purchase Agreement ("APA") and Technology License Agreement ("TLA") each contained a non-compete clause that prohibited Novell from using Licensed Technology to compete with SCO's core operating-system products. SCO has asserted essentially the same non-compete claim as part of both its Second Claim for breach of contract, and its Fifth Claim for unfair competition.

Novell is entitled to summary judgment on SCO's non-compete claim for three independent reasons. First, the plain language of the TLA and the APA demonstrates that the clause cited by SCO is merely a limitation on the scope of Novell's retained license, and not an affirmative covenant not to compete. As a matter of law, SCO may not use this limitation on the scope of Novell's license as a "sword" to bring a claim for breach of an affirmative covenant that simply does not exist.

Second, the contracts expressly provide that the limitation on the scope of Novell's license shall "cease to exist" upon Santa Cruz's sale of substantially all of its assets. The undisputed facts establish that Santa Cruz sold substantially all of its assets to SCO's predecessor, Caldera, in 2001. This sale terminated the contractual limitation on which SCO relies.

Finally, under controlling California law, a covenant not to sell competing products is void except in narrow circumstances that do not apply here. Therefore, even if the TLA imposed an affirmative non-compete obligation that was not automatically terminated by the Change of Control, this obligation would be void as a matter of law.

Accordingly, Novell respectfully requests that its motion for partial summary judgment be granted.

DATED:   April 20, 2007

                        ANDERSON & KARRENBERG

By:   /s/  Heather M. Sneddon

        Thomas R. Karrenberg
        John P. Mullen
        Heather M. Sneddon

        -and-

        MORRISON & FOERSTER LLP
        Michael A. Jacobs (pro hac vice)
        Kenneth W. Brakebill (pro hac vice)
        Grant L. Kim (pro hac vice)

        **Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April, 2007, I caused a true and correct copy of **NOVELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SCO'S NON-COMPETE CLAIM IN ITS SECOND CLAIM FOR BREACH OF CONTRACT AND FIFTH CLAIM FOR UNFAIR COMPETITION** to be served to the following:

*Via CM/ECF*:

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York  10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55401

*Via U.S. Mail, postage prepaid*:

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida  33131

        /s/  Heather M. Sneddon