LEXSEE 2003 U.S. DIST. LEXIS 9230

**LEWIS F. GEER, Plaintiff, v. WILLIAM D. COX, et al., Defendants.**

Case No. 01-2583-JAR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

2003 U.S. Dist. LEXIS 9230

May 21, 2003, Decided

**SUBSEQUENT HISTORY:** Motions ruled upon by Geer v. Cox, 2003 U.S. Dist. LEXIS 14885 (D. Kan., Aug. 20, 2003)

**PRIOR HISTORY:** Geer v. Cox, 2003 U.S. Dist. LEXIS 2737 (D. Kan., Feb. 19, 2003)

**DISPOSITION:** [*1] TransFinancial's Motion to Compel Discovery from Plaintiff granted in part and denied in part.

**COUNSEL:** For Lewis F Geer, Plaintiff: James M. Crabtree, Lenexa, KS, LEAD ATTORNEY. James G. Flynn, New York, NY, LEAD ATTORNEY.

For William D Cox, Roy R Laborde, Timothy P O'Neil, Harold C Hill, Jr, Clark D Stewart, Defendants: Erik P. Klinkenborg, Stinson Morrison Hecker LLP, Kansas City, MO, LEAD ATTORNEY. Matthew J. Salzman, Stinson Morrison Hecker LLP, Kansas City, MO, LEAD ATTORNEY.

For Transfinancial Holdings, Inc., Defendant: Cheryl L. Reinhardt, Shook, Hardy & Bacon L.L.P., Overland Park, KS, LEAD ATTORNEY. Timothy M. O'Brien, Shook, Hardy & Bacon L.L.P., Overland Park, KS, LEAD ATTORNEY.

For R&L Transfer Inc, RLR Investments LLC, Defendants: David R. Buchanan, Brown & James, P.C., Kansas City, MO, LEAD ATTORNEY. Scott A. Hunter, Brown & James, P.C., Kansas City, MO, LEAD ATTORNEY.

For R&L Transfer Inc, RLR Investments LLC, Third Party Plaintiffs: David R. Buchanan, Brown & James, P.C., Kansas City, MO, LEAD ATTORNEY. Scott A. Hunter, Brown & James, P.C., Kansas City, MO, LEAD ATTORNEY.

**JUDGES:** David J. Waxse, United States Magistrate Judge.

**OPINION BY:** David J. Waxse

**OPINION:** [*2]

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion to Compel Discovery from Plaintiff (doc. 127) filed by nominal defendant TransFinancial Holdings, Inc. ("TransFinancial"). Pursuant to Fed. R. Civ. P. 37(a), TransFinancial requests that the Court compel Plaintiff to respond to its First and Second Set of Interrogatories and First Set of Requests for Admissions and to produce documents responsive to its First and Second Set of Requests for Production of Documents. Plaintiff opposes the motion, arguing that because TransFinancial is no longer a "party" to this litigation, it is therefore not entitled to responses to its discovery requests. Plaintiff also argues that, even if TransFinancial was entitled to full and fair responses, TransFinancial's requests for discovery are premature. For the reasons stated below, TransFinancial's Motion to Compel Discovery from Plaintiff (doc. 127) will be granted in part and denied in part.

**I. Background**

This case involves Plaintiff, as a shareholder of TransFinancial, seeking to assert derivative causes of action concerning the liquidation sale of the assets of Crouse Cartage Company ("Crouse"), a subsidiary of TransFinancial, [*3] to RLR Investments and R & L Transfer ("the R&L defendants"). While TransFinancial's Motion to Dismiss was pending, on October 21, 2002, TransFinancial served its First Set of Interrogatories and Requests for Production of Documents on Plaintiff. On November 20, 2002, Plaintiff served his Objections and Responses to TransFinancial's First Set of Interrogatories and Requests for Production of Documents. TransFinancial then served its Second Set of Interrogatories and

Case 2:04-cv-00139-DAK-BCW   Document 291-3   Filed 04/25/2007   Page 2 of 4

Page 2
2003 U.S. Dist. LEXIS 9230, *

Requests for Production of Documents and First Set of Requests for Admissions on Plaintiff on November 27, 2002. Plaintiff served his Objections and Responses to these discovery requests on December 30, 2002. In his response, Plaintiff objected to all of TransFinancial's Second Set of Interrogatories and Requests for Production of Documents on the grounds that responding to the discovery requests would be premature because expert testimony is likely to be required and that discovery has not yet been completed. Plaintiff similarly refused to admit or deny two of TransFinancial's First Requests for Admissions based upon his prematurity objection.

After attempting to confer with Plaintiff to resolve the issue without court [*4] action, as required by Fed. R. Civ. P. 37(a)(2)(A) and D. Kan. Rule 37.2, TransFinancial filed the instant motion to compel discovery responses from Plaintiff on February 3, 2003.

**II. Timeliness of TransFinancial's Motion to Compel**

As a preliminary matter, the Court notes that TransFinancial's Motion to Compel Discovery from Plaintiff, as it relates to TransFinancial's First Set of Interrogatories and Requests for Production, appears untimely. District of Kansas local rule 37.1 requires that "any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection, which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown. Otherwise the objection to the default, response, answer, or objection shall be waived."

Plaintiff served TransFinancial with his Objections and Responses to TransFinancial's First Set of Interrogatories and Requests for Production of Documents on November 20, 2002. Thus, any motion to compel discovery by TransFinancial should have been filed and served within 30 days of the November 20, 2002 date [*5] Plaintiff's Objection and Responses were served. TransFinancial filed its Motion to Compel Discovery from Plaintiff on February 3, 2003, outside the 30-day deadline for filing motions to compel. The Court will therefore deem the portions of TransFinancial's Motion to Compel Discovery from Plaintiff that relate to its *First* Set of Interrogatories and Requests for Production of Documents not timely and accordingly will deny those portions of the motion to compel. As TransFinancial's Motion to Compel is timely as to Plaintiff's Objections and Responses to its *Second* Set of Interrogatories and Requests for Production and First Set of Requests for Admissions, the Court will address the portions of the motion relating to those discovery requests only.

**III. Plaintiff's general objections to TransFinancial's discovery requests**

**A. "Party" status objection**

In his response in opposition to the Motion to Compel, Plaintiff contends that TransFinancial is no longer entitled to interrogatory responses because it is no longer a "party" under the discovery rules in this case. TransFinancial responds by asserting that, despite dismissal of Plaintiff's direct claims against [*6] it, it remains a "party" in this case in two respects: first, as a nominal party defendant, and second, as a cross-claim defendant named by the R&L defendants in their cross-claim for indemnification.

Federal Rules of Civil Procedure 33(a) and 36(a) specifically limit the availability of interrogatories and requests for admission, respectively, to a "party" to the action. Plaintiff asserts that TransFinancial, as a mere nominal defendant, is not a "party" within the meaning of these discovery rules, and therefore is not entitled to discovery responses from Plaintiff. TransFinancial asserts that it is a "party" and entitled to discovery responses because it continues to be a nominal defendant as the corporation on whose behalf the plaintiff shareholders are bringing this derivative action.

In the context of shareholder derivative actions, the corporation, on whose behalf the shareholders are asserting the derivative claim, is a necessary and indispensable party to the action. n1 This is because shareholder derivative actions are brought to enforce a corporate cause of action against officers, directors and third parties, n2 and the plaintiff shareholders, standing in the shoes of [*7] the corporation, have no rights greater than those of the corporation, nor can those they choose to sue be deprived of defenses they could assert against the corporation's claims. n3 As the claim asserted by the plaintiff shareholder against officers, directors, or third parties is not the shareholder's but belongs to the corporation, the corporation is in reality the real party plaintiff n4 and any finding of liability would redound to its benefit, not to its detriment. n5 Thus, the corporation is a necessary and indispensable party to the action and without it the case cannot proceed. n6 Hence, it is joined as a defendant. But the corporation is only joined as a nominal defendant, since any judgment obtained against the real defendants runs in its favor. Even though a corporation in a shareholders' derivative suit brought against third parties is the direct beneficiary of a successful suit, the corporation is deemed hostile to the champion of its cause because "the corporation has become through its managers hostile and antagonistic to the enforcement of the claim." n7 When a shareholder's derivative suit is in federal court under diversity jurisdiction, the corporation must be joined [*8] as a nominal defendant if the pleadings make clear that the corporation opposes the suit. n8

n1 13 William Meade Fletcher et al., *Fletcher Cyclopedia of the Law of Private Corporations* § 5997 (perm. ed., rev. vol. 1995).

n2 *Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 95, 114 L. Ed. 2d 152, 111 S. Ct. 1711 (1991) (quoting *Ross v. Bernhard*, 396 U.S. 531, 534, 24 L. Ed. 2d 729, 90 S. Ct. 733 (1970)).

n3 *In re Salomon Inc. S'holders' Derivative Litig.*, 1994 U.S. Dist. LEXIS 13874, No. 91 CIV. 5500 (RPP), 1994 WL 533595, at *4 (S.D.N.Y. Sept. 30, 1994) (citations omitted).

n4 14 Harry G. Henn & John R. Alexander, *Laws of Corporations* § 369 (3d ed. 1983).

n5 *Clark v. Lomas & Nettleton Fin. Corp.*, 79 F.R.D. 658, 659 (N.D. Tex. 1978).

n6 *Ross v. Bernhard*, 396 U.S. at 538 (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 522, 91 L. Ed. 1067, 67 S. Ct. 828 (1947)); *see also Meyer v. Fleming*, 327 U.S. 161, 167, 90 L. Ed. 595, 66 S. Ct. 382 (1946).

n7 *Smith v. Sperling*, 354 U.S. 91, 97, 1 L. Ed. 2d 1205, 77 S. Ct. 1112 (1957).

[*9]

n8 *PVI, Inc. v. Ratiopharm GmbH*, 253 F.3d 320, 327 (8th Cir. 2001) (citing *Sperling*, 354 U.S. at 96-97).

Participation in discovery is a problem arising from the corporation's unique position as a nominal party defendant and real party plaintiff. n9 Courts holding nominal parties to be "parties" within the meaning of the discovery rules generally have been very careful to recognize the unique role that the affected nominal parties occupy and have made special rulings to protect their interests. n10

n9 14 Henn, *supra* note 4, § 369.

N10 J. Friedenthal, M. Kane & A. Miller, *Civil Procedure* § 7.14 (3d ed. 1985).

Given its unique role as a nominal defendant, as well as the real party plaintiff in this derivative action, the Court holds that TransFinancial is a "party" within the meaning of Federal Rules of Civil Procedure 33and 36 and is thus entitled to responses to its discovery [*10] requests from Plaintiff.

Even if the Court had not held TransFinancial to be included in the definition of a "party" within the meaning of Rules 33and 36, TransFinancial would still be a "party" because the R&L defendants have named it as cross-claim defendant for indemnification. Plaintiff's general objection on the grounds that TransFinancial is not a "party" for purposes of obtaining responses to its discovery requests is therefore overruled.

**B. Prematurity objections**

Plaintiff also objects to many of TransFinancial's Second Set of Interrogatories and Requests for Production and First Requests for Admission as being premature because discovery is not yet complete. Plaintiff argues that these discovery requests seek information on the issue of damages and therefore are premature because expert testimony is likely to be required and that discovery has not yet been completed. Plaintiff points out the Scheduling Order deadline for designating an expert and submitting a report under Fed. R. Civ. P. 26(a)(2) is April 3, 2003.

Prematurity objections to damages discovery requests are generally disfavored in this District. n11 Even if complete answers to discovery requests may [*11] require the answering party to consult with experts, such considerations do not transform permissible factual discovery into "expert discovery." n12 It is no answer for a plaintiff to assert that he will need discovery or to consult with an expert to determine his losses. n13 He should have answered the interrogatories with such information as he then possessed, and pursuant to Fed. R. Civ. P. 26(e) supplemented his answers to these interrogatories to reflect refinements or corrections to the factual representations as to the asserted losses up to the time of the final pretrial conference. n14

n11 *See Bradley v. Val-Mejias*, 2001 U.S. Dist. LEXIS 25278, No. 00-2395-GTV, 2001 WL 1249339, at *3 (D. Kan. Oct. 9, 2001) (it is not sufficient for Plaintiff to respond to an interrogatory by stating that his expert will provide the requested damages information at a later date); *Bohannon v. Honda Motor Co. Ltd.*, 127 F.R.D. 536, 538 (D. Kan. 1989) (party has duty to answer interrogatory with whatever information he possesses; Fed. R. Civ. P. 26(e) provides procedure for supplementing response).

Case 2:04-cv-00139-DAK-BCW  Document 291-3  Filed 04/25/2007  Page 4 of 4

Page 4
2003 U.S. Dist. LEXIS 9230, *

n12 *Bohannon*, 127 F.R.D. at 538; *King v. E.F. Hutton & Co., Inc.*, 117 F.R.D. 2, 5-6 (D.D.C. 1987).

[*12]

n13 *King*, 117 F.R.D. at 5.

n14 *Id.* at 5-6.

Here, TransFinancial's requests seek to discover the factual bases and documents relevant to Plaintiff's allegations of damages. Although Plaintiff may need to consult his experts before responding to the Requests, this does not excuse him from responding to the Requests with the information he possesses. He may later supplement his responses under Fed. R. Civ. P. 26(e).

In addition, as TransFinancial correctly points out, Plaintiff is required by Fed. R. Civ. P. 26(a)(1)(C) to provide damages calculations by category in his initial disclosures. Plaintiff cannot assert prematurity objections to TransFinancial's discovery requests seeking information on damages he should have disclosed as part of his initial Rule 26(a)(1)(C) disclosures. Plaintiff's prematurity objections to TransFinancial's discovery requests are therefore overruled.

**IV. Sufficiency of discovery responses already provided**

In its Motion to Compel Discovery from Plaintiff, TransFinancial requests that the Court compel Plaintiff to explain [*13] his objections to its discovery requests and provide "assurances that Plaintiff's answers provided are full and complete." TransFinancial has failed to provide sufficient legal authority for its request for assurances that Plaintiff's answers are full and complete. The Court will therefore deny TransFinancial's request for "assurances that Plaintiff's answers provided are full and complete."

**IT IS THEREFORE ORDERED** that TransFinancial's Motion to Compel Discovery from Plaintiff (doc. 127) is granted in part and denied in part. TransFinancial's Motion to Compel Discovery from Plaintiff is granted as to the portions that seek to compel Plaintiff to respond to TransFinancial's *Second* Set of Interrogatories and First Set of Requests for Admissions and to produce documents responsive to TransFinancial's *Second* Set of Requests for the Production of Documents. TransFinancial's Motion to Compel Discovery from Plaintiff is denied as to the portions that seek to compel responses to TransFinancial's *First* Set of Interrogatories and Requests for Production of Documents.

**IT IS FURTHER ORDERED** that within **twenty (20) days** of the date of filing of this Order, Plaintiff [*14] shall serve his responses to TransFinancial's Second Set of Interrogatories and First Set of Requests for Admissions and produce documents responsive to TransFinancial's Second Set of Requests for the Production of Documents.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas on this 21st day of May 2003.

David J. Waxse

United States Magistrate Judge