LEXSEE 1995 U.S. DIST. LEXIS 6436

SAUL ZAPATA, et al., Plaintiffs, v. IBP, INC., Defendant.

CIVIL ACTION No: 93-2366-EEO

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

1995 U.S. Dist. LEXIS 6436

May 10, 1995, Decided
May 10, 1995, FILED, ENTERED

**COUNSEL:** [*1] For SAUL ZAPATA, individually and on behalf of others similarly situated, GUSTAVO ADOLFO VASQUEZ, individually and on behalf of others similarly situated, FRANCISCO PONCE, individually and on behalf of others similarly situated, ANTONIO MARTINEZ, individually and on behalf of others similarly situated, MANUEL SIGALA, individually and on behalf of others similarly situated, GRACIELA GARCIA, individually and on behalf of others similarly situated, ANTONIO PONCE, individually and on behalf of others similarly situated, ENRIQUE MOLINA, JR, individually and on behalf of others similarly situated, BALTAZAR BETRAN, individually and on behalf of others similarly situated, PEDRO LIRA, individually and on behalf of others similarly situated, MARCO INTERIAL, individually and on behalf of others similarly situated, JOSE LUIS VELASQUEZ, individually and on behalf of others similarly situated, OLGA CABRAL, individually and on behalf of others similarly situated, plaintiffs: John L. Hampton, David W. Hauber, Glenn B Brown, Boddington & Brown, Chtd., Kansas City, KS. P. John Brady, R Lawrence Ward, Shughart, Thomson & Kilroy, Kansas City, MO. For JUAN RUCKER, Individually and on behalf of others similarly [*2] situated, plaintiff: John L. Hampton, David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS. P. John Brady, R Lawrence Ward, Shughart, Thomson & Kilroy, Kansas City, MO.

For IBP INC, defendant: Nancy M. Landis, Jack L Whitacre, Spencer, Fane, Britt & Browne, Kansas City, MO. John N. Badgerow, Michaela M. Warden, Spencer, Fane, Britt & Browne, Overland Park, KS. Russell P. Wright, Dakota City, KS.

**JUDGES:** Gerald L. Rushfelt, U.S. Magistrate Judge, Senior Judge Earl E. O'Connor

**OPINION BY:** Gerald L. Rushfelt

**OPINION:**

MEMORANDUM AND ORDER

The court has before it Defendant's Motion to Compel Answers to Interrogatories (doc. 202). It asks the court to order plaintiffs to answer Defendants First Interrogatories numbers 4, 6, 7, 8, 10, 11, 12, 14, 15, 16, 17, and 18. Defendant has since withdrawn the motion as to number 4. Plaintiffs otherwise oppose the motion upon several grounds.

For the reasons herein stated, the court will sustain the motion as to interrogatories 6, 7, 8, 12, 14, 16, 17, and 18. Conversely, it overrules the various objections which have been asserted in the responses to those interrogatories. Except as to questions which ask for their identities, the court overrules [*3] the objections that the request for information about class members is premature. In this respect the interrogatories ask only for what the plaintiffs themselves now know or contend about job discrimination which they contend affects the proposed class. This may include their knowledge of discriminatory misconduct against persons other than themselves. The court finds that such information may be relevant to the issues of class certification and the composition of any. certified class. The interrogatories do not impose upon plaintiffs any duty to assert individual answers on behalf of any potential class member not a party.

Plaintiffs have substantially answered some of the interrogatories. They have conditioned their answers in most instances, however, upon reserved objections. This creates uncertainty as to whether the answer provides all responsive information within the possession, custody and control of the responding party. Accordingly, plaintiffs shall answer the interrogatories free of objections.

Plaintiffs have not adequately answered some interrogatories they purport to answer. The court will refer to the answers of plaintiff Saul Zapata as to interrogatories

6, 7, 8, [*4] 10, 11, 14, and 15; inasmuch as defendant has exhibited only his responses as to them. His answer to interrogatory 6 provides neither an adequate description of the "position in knives" to which he refers nor the precise dates for the application and denial of that position and of the packaging job to which he refers. If he has no additional knowledge, he should say so in his answer. His reservation of a "right to supplement" merely reflects an already existing duty, pursuant to Fed. R. Civ. P. 26(e). Such a reservation, however, does not clarify whether he already has additional information to completely answer the interrogatory.

For similar reasons the court finds the answer to interrogatory 8 incomplete. It does not include the dates of the described denials. The court will not require plaintiff, however, to provide at this time the name of any affected class member. Without speculating, plaintiffs do not yet know who, if anyone, will be class members.

The court will sustain the objections that interrogatories 10, 11 and 15 are premature. They ask respectively for the identities of specific class members and the details of their damages. Until the court has ruled on the motion [*5] for class certification, plaintiffs can only speculate who may be class members or what damages they may claim. The court does not otherwise view such speculative information as relevant to the ability of defendant to respond to the pending motion to certify.

Interrogatory 14 seeks a list and description of damages which plaintiff himself claims. It also asks him to describe the method for calculating the amount. In response, plaintiff merely reserves a supposed right to answer the interrogatory "after the appropriate discovery has been completed" and "appropriate experts have had the opportunity to arrive at their respective opinions." The court knows of no such right to defer the answer. Fed. R. Civ. P. 33(b)(3) requires a party either to answer or object to an interrogatory within 30 days of its service. If he needs more time to answer, he may file a motion to extend the deadline. He otherwise answers with whatever information he then has. Rule 26 anticipates that responses to discovery may not provide all the information which the responding party will finally have. The rule provides for supplementation. Subsection 26(a)(1)(C), moreover, specifically requires the very early disclosure [*6] of detailed information about damages and how they are calculated. Plaintiff shall answer interrogatory 14.

Interrogatories 12, 16, 17, and 18 constitute contention interrogatories. Plaintiffs have answered them in part. They reserve their responses, however, with an objection that the interrogatory is premature. For the reasons already stated, the court has declined to treat answers to interrogatories as adequate, if they are qualified by reserved objections. Such responses create ambiguity as to whether the responding party has provided all the responsive information he then has. Accordingly, plaintiffs shall fully answer the interrogatories without references to objections.

Defendant also suggests the answers to interrogatories 16, 17, and 18 do not adequately state the factual bases for the contentions contained respectively in paragraphs 33, 34, and 44 of the complaint. In each instance the answer simply advised, "See Answer to Interrogatory No. 12." The answer to 12 does "list and describe" the "practice, policy or procedure" and how it "caused discrimination," as the interrogatory requests. The court assumes that the answer provides all the information which plaintiffs [*7] would include in their answers to 33, 34, and 44. It remains unclear, nevertheless, whether plaintiffs intend to incorporate into the latter answers all or simply an undisclosed part of the answer to interrogatory 12. Accordingly, plaintiffs shall supplement their answers to 16, 17, and 18 to clarify which parts of the answer to 12 are included.

In summary, the court sustains in part and overrules in part Defendant's Motion to Compel Answers to Interrogatories (doc. 202). It deems the motion withdrawn as to interrogatory 4. It sustains the motion to compel further answers to interrogatories 6, 7, 8, 12, 14, 16, 17, and 18. Within twenty days of the date of this order plaintiffs shall supplement their answers to these interrogatories, as herein directed. The court otherwise overrules the motion.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 10th day of May, 1995.

Gerald L. Rushfelt

U.S. Magistrate Judge