# EXHIBIT 113

Dockets.Justia.com

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Attorneys for Plaintiff, The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, Plaintiff/Counterclaim-Defendant, vs. NOVELL, INC., a Delaware corporation, Defendant/Counterclaim-Plaintiff. | **DECLARATION OF LEE JOHNSON** Civil No.: 2:04CV00139 Judge Dale A. Kimball Magistrate Judge Brooke C. Wells |

I, Leland Eric Johnson, declare as follows:

1. I submit this declaration in connection with The SCO Group v. Novell, Inc., Civil Action No. 2:04CV00139 DAK (D. Utah 2004), and The SCO Group, Inc. v. International Business Machines Corporation, Civil Action No. 2:03CV-0294 DAK (D. Utah 2003). I make this declaration based upon personal knowledge.

2. I reside in Alpine, Utah, and have lived in Utah periodically since 1980 when I moved to Utah from Texas to attend BrighamYoung University. I received a Business Administration degree from BYU in 1985.

3. I have known David R. Bradford since 1987 and have spent considerable time with him and his family over the years and consider him to be a personal friend.

4. I am a businessman and investor and follow businesses and companies around the world, but I have a special interest in Utah companies and the economy in Utah. I live, work, and raise my family here. I have been a shareholder of both Novell and The SCO Group off an on over the years and would like to see both companies succeed and continue to provide jobs and opportunities in Utah. I have friends and acquaintances who work for Novell and SCO.

5. I have followed with interest the dispute between SCO and Novell over the ownership of the UNIX copyrights as a result of the transaction between Novell and SCO's predecessor, The Santa Cruz Operation, in 1995.

6. Since the dispute between Novell and SCO arose in 2003, I have had several or more conversations with David Bradford about that dispute and whether he had a view one way or the other of the issues. Without exception he has told to me that he was not significantly

involved in that transaction and did not know much about it. On various occasions he has said that he was "too busy on much larger matters for Novell," that "he had other people handle that transaction," or that he was only "somewhat involved" in that transaction.

7. On more than one occasion, I have asked David directly whether Novell kept the UNIX copyrights from Santa Cruz in the 1995 transaction. In response to those questions from me, David repeatedly stated that he did not know the answer to that question because, again, he "was not really that involved in that transaction and was busy on more important matters." I even pressed him on the issue on one or more occasions and specifically recall asking, "How could you not know who owns the copyrights given your position at Novell at the time?" David's response was consistent with what he had repeatedly told me before: "I was busy on more important things and was not involved in that level of detail in the Santa Cruz transaction."

8. I recently learned that David Bradford has stated that he was directly involved in the 1995 Novell/Santa Cruz transaction and oversaw the drafting of the terms of the agreements and has personal knowledge and memory of the transaction and, surprisingly, that he directed Novell's attorneys to retain the UNIX copyrights.

9. Because I believed this was not and could not be true based on what David had repeatedly and forcefully told me on several prior occasions, I called David and sent him messages asking him if he could explain the discrepancy. In response, he left me a voice message where he specifically stated that he did not remember any of this but he had gone back and read the agreements a few times and concluded that this must have been what happened. In other words, he does not remember this at all but has now convinced himself that this is

3

what happened—even though he has repeatedly told me he was not substantially involved in the transaction and had no information or involvement with the copyright ownership issue.

10. I have now reviewed David's declaration, and given that he has firmly assured me on more than one occasion (that he has no memory or personal knowledge of the details about the copyrights), it seems he is just making an assumption or guess. At a minimum, his declaration is directly at odds with what he has told me on several occasions.

11. Even after David signed his declaration, he confirmed to me in a conversation that his recent change of position was because he had reread the documents and concluded that his explanation as is set forth in his declaration must have been what happened. Nevertheless, the statements in his declaration addressing the copyright ownership issue are inconsistent with his repeated prior statements to me that he had no information about that issue because he had not been involved in those details in the 1995 transaction.

I declare under penalty of perjury that the foregoing is true and correct.

May 17, 2007

_____
Lee Johnson

4