# EXHIBIT 114

Dockets.Justia.com

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Attorneys for Plaintiff, The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, <br><br> Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> NOVELL, INC., a Delaware corporation, <br><br> Defendant/Counterclaim-Plaintiff. | **DECLARATION OF JAY PETERSEN** <br><br> Civil No.: 2:04CV00139 <br><br> Judge Dale A. Kimball <br> Magistrate Brooke C. Wells |

I, Jay Petersen, declare as follows:

1. I submit this Declaration in connection with <u>The SCO Group, Inc. v. Novell, Inc.</u>, Case No. 2:04CV00139DAK (D. Utah). I make this declaration based upon personal knowledge.

2. I have been employed at The SCO Group, Inc. and its predecessor entities ("SCO") since 1986 in various different engineering positions. In my capacity as a Director at SCO during the years 1998 through 2001, I was intimately involved in the operation of SCO. In my tenure at SCO, I have become familiar with the process by which SCO has added its copyright notices to its source code products and the rationale for that process.

3. In executing a previous declaration in connection with <u>The SCO Group, Inc. v. International Business Machines Corporation</u>, Civil Action No. 2:03CV-0294 DAK (D. Utah 2003), I explained that I had examined the source of UnixWare Version 7, which first shipped in 1998, and found that the source code throughout the product contains this repeated reservation of rights: "Copyright (c) 1998 The Santa Cruz Operation, Inc. All Rights Reserved."

4. Counsel for SCO has now asked me to read the Declaration of James McKenna in Support of Novell's Opposition to SCO's Motion for Partial Summary Judgment on SCO's First, Second, and Fifth Causes of Action and for Summary Judgment on Novell's First Counterclaim and to comment on that declaration.

5. In his declaration, Mr. McKenna describes certain copyright notices that he found in the source code on three CDs containing SCO UnixWare Release 2.1, SCO UnixWare Release 2.1.3 Installation CD, and SCO UnixWare Release 2.1.3. Mr. McKenna concludes that several copyright notices alluding to "Novell, Inc." appear in the source code that he has examined. I

assume for purposes of this declaration that Mr. McKenna has accurately described the location and language of the copyright-related language described in his declaration. (I have no reason to doubt the accuracy of Mr. McKenna's conclusions.)

6. When SCO obtained the UnixWare source code from Novell as a result of the parties' 1995 transaction, SCO did not remove any copyright notices. In my experience at SCO, with the exception noted below, I do not recall that the company ever removed any copyright notice from any source code product. SCO did not add any "Novell" copyright notices to any of its source code products; those notices were in the UnixWare source code that SCO received from Novell.

7. SCO's foregoing practice and conduct reflects SCO's view that the purpose of the copyright notice in the source code is to reflect the current owner of the copyrights in the source code, and that it was not necessary (for any legal or other reason) to remove the preexisting copyright notices. Novell itself added Santa Cruz copyright notices in UnixWare 2.1, and Santa Cruz also added such notices in subsequent versions of UnixWare.

8. Mr. McKenna offers no view on the reasons for the Novell copyright notices, but I can comment on that issue. UnixWare 2.1 contained Novell NetWare source code (which was not transferred to SCO under the 1995 transaction) that SCO agreed to ship as part of UnixWare as part of the 1995 transaction. SCO's understanding was that the presence of such code in UnixWare required Novell's copyright notice. The date range of the Novell copyright notices ("1984-1995") reflects that the notices pertain to NetWare, where it is undisputed that Novell did not acquire the UNIX and UnixWare source code until the early 1990s but had begun developing the NetWare source code in the mid-1980s. Indeed, the current version of UnixWare, Version

7.1.4, does not contain the Novell copyright notices to which Mr. McKenna alludes (that is, the installation copyright notices). I believe that is because, per an agreement with Novell, SCO removed the explicit NetWare source code from UnixWare Version 7.

9. I declare under penalty of perjury that the foregoing is true and correct.

May 18, 2007

Jay Petersen