Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>     Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC.,<br><br>     Defendant/Counterclaim-Plaintiff. | **SCO'S RESPONSES AND OBJECTIONS TO NOVELL'S SECOND AND THIRD SETS OF INTERROGATORIES**<br><br>Case No. 2:04CV00139<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

RESPONSE:

SCO specifically objects to this interrogatory on the grounds that it is premature in that fact discovery ends on February 1, 2007, Novell has produced new documents as recently as December 22, 2006, and the parties have not taken any depositions to date in this case. SCO further specifically objects to this request to the extent it seeks information that is properly the subject of expert discovery. Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO responds as follows.

SCO relies on the plain language of the TLA, particularly Section II.A.(2). SCO believes that the following witnesses have knowledge of facts supporting that specific contention and of the general subject matter of the rights and obligations under the TLA: Ed Chatlos, Steven Sabbath, Jim Wilt, Kim Madsen, Duff Thompson, Robert Frankenberg, and Alok Mohan. SCO also believes that the other witnesses identified in its response to Interrogatory No. 5 herein may have that same knowledge.

INTERROGATORY NO. 9:

Please state all facts, evidence, and bases in support of SCO's allegations in Paragraphs 32 and 74 of its Second Amended Complaint that, at the time of the APA closing date and at the time of the execution of Amendment No. 2 thereto, Novell and SCO "shared the understanding that the APA intended to and did transfer the [UNIX] copyrights to Santa Cruz" and that Amendment No. 2 was simply meant to "further clarify the APA by reiterating the transfer of the copyrights," including but not limited to the identification of all witnesses whom SCO believes have knowledge of such facts and bases (including the alleged "executives of both parties who

15

negotiated and closed the transaction"), the subject matter of their knowledge, and all documents that SCO believes support these allegations.

RESPONSE:

SCO specifically objects to this interrogatory on the grounds that it is premature in that fact discovery ends on February 1, 2007, Novell has produced new documents as recently as December 22, 2006, and the parties have not taken any depositions to date in this case. SCO further specifically objects to this interrogatory to the extent it seeks information in Novell's, and not SCO's, possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, SCO responds as follows.

The language of the APA and Amendment No. 2 support the referenced allegations. For example, the first provision of the APA, Recital A, defined the business that Novell transferred to Santa Cruz:

> Seller is engaged in the business of developing a line of software products currently known as UNIX and UnixWare, the sale of binary and source code licenses to various versions of UNIX and UnixWare, the support of such products and the sale of other products ("Auxiliary Products") which are directly related to UNIX and UnixWare (collectively, the "Business").

Section 1.1(a) of the APA described the assets pertaining to the transferred Business as:

> [A]ll of Seller's right, title, and interest in and to the assets and properties of Seller relating to the Business (collectively the "Assets") identified on Schedule 1.1(a) hereto.

Schedule 1.1(a), in turn, identified "All rights and ownership of UNIX, UnixWare and Auxiliary Products," including source code, as part of the transferred assets and properties. Paragraph A of Amendment No. 2 clarified any language in the excluded asset schedule of the APA that

16

contradicted the foregoing provisions of the APA. That paragraph made clear that the copyrights

"required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare

technologies" were not intended to be and were not a part of the assets excluded from Novell's

transfer to Santa Cruz of the "Business" or "All rights and ownership" of UNIX and UnixWare.

As explained in response to Interrogatory No. 5 above, the copyrights so "required" included all

the copyrights in UNIX and UnixWare.

The extrinsic evidence in support of SCO's contention includes the relevant portions of

the following declarations and deposition transcripts that SCO has provided to Novell from the

IBM Litigation or this litigation: The declaration of Lawrence Bouffard, dated November 8,

2006; the declaration of William Broderick, dated December 11, 2006; the declaration of John

Maciaszek, dated December 11, 2006; the declaration of Kim Madsen, dated December 11,

2006; the declaration of R. Duff Thompson, dated November 9, 2006; the declarations of Jim

Wilt, dated November 23, 2004 and December 11, 2006; the declaration of Alok Mohan dated

November 9. 2006; the transcript of the deposition of Edward Chatlos, dated February 15, 2006;

the declaration of Doug Michels dated November 9, 2006; the transcript of the deposition of Darl

McBride, dated December 2, 2005; the transcripts of the depositions of William Broderick, dated

May 11, 2004, November 30, 2005, and March 10, 2006; the transcript of the deposition of John

Maciaszek, dated December 5, 2005; the transcript of the deposition of Steven Sabbath, dated

January 19, 2006; and the transcript of the deposition of Christopher Sontag, dated December 21,

2005.

The foregoing list of names and SCO's Rule 26 Disclosure identify the witnesses who

SCO has confirmed have knowledge of facts supporting the foregoing allegation and of the

17

general subject matter of the transfer of the UNIX and UnixWare copyrights from Novell to Santa Cruz. SCO also believes that Ty Mattingly, Robert Frankenberg, and Geoff Seabrook may have some of that knowledge. The executives who negotiated and closed the transaction include Jim Wilt, Steven Sabbath, and Edward Chatlos. The executives responsible for overseeing the negotiations and the transaction included Duff Thompson.

The documents that support the referenced allegations include the foregoing declarations and transcripts, and the following documents identified by beginning Bates numbers: Recall 0007097, 1710141078, SCO1579298, NOV000015787, Recall0005691, SCO1228502, SCO1298058, SCO1299938, NOV000001944, Recall 0005386, NOV000016011, NOV000008813, SCO1234265, SCO1290675, SCO1298086, SCO1298084, SCO1298082, SCO1296213, SCO1501628, SCO1501630, SCO1501631, NOV000004707, SCO1641437, and SCO1268486.

<u>INTERROGATORY NO. 10</u>:

Please state all facts, evidence, and bases in support of SCO's contention in Paragraph 72 of its Second Amended Complaint that "the parties' dealings and course of conduct evidenced their understanding that the APA had transferred the...copyrights," including but not limited to identification of the specific dealings between the parties (including the dates and locations thereof), the precise course of conduct (including the party undertaking the conduct and the dates and locations thereof), identification of all witnesses whom SCO believes have knowledge of such facts and bases, the subject matter of their knowledge, and all documents that SCO believes support these allegations.

RESPONSE:

SCO specifically objects to this interrogatory to the extent it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. SCO further specifically objects to this interrogatory on the grounds that it is premature in that fact discovery ends on February 1, 2007, Novell has produced new documents as recently as December 22, 2006, and the parties have not taken any depositions to date in this case. Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO responds as follows.

SCO refers Novell to Paragraphs 72-82 of SCO's Second Amended Complaint, which set forth specific examples of the referenced dealings and conduct. In addition, SCO identifies the following additional examples it has discovered to date:

- The parties' issuance of a joint press release on the date of the APA, stating that SCO had acquired the UNIX and UnixWare business from Novell, including the "UNIX intellectual property."

- Santa Cruz's statements in its 10-Q of December 31, 1996, stating that it had acquired that "core intellectual property."

- Between approximately April and October 1996, Santa Cruz's objections to Novell's attempt to grant IBM a buyout and expanded source code rights through a purported amendment of its UNIX license agreements, and Novell's response to those objections, culminating in Amendment No. X, as set forth in detail in Paragraphs 53-71 of SCO's Second Amended Complaint.

19

- Novell's communications with SCO between approximately October 2002 and June 2003, during which Novell acknowledged that the APA had transferred the copyrights to Santa Cruz. These communications are described in detail in Paragraphs 65-77 of SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Interference Claims, dated November 11, 2006. SCO believes that at least the following witnesses have knowledge of these facts: Jack Messman, Greg Jones, Joseph LaSala, Darl McBride, and Christopher Sontag.

- Novell's public statement on June 6, 2003, acknowledging that Amendment No. 2 "appears to support SCO's claim that ownership of certain copyrights for UNIX did transfer to SCO in 1996." SCO believes that at least Jack Messman and Joseph LaSala have knowledge of the facts pertaining to the preparation and issuance of this public statement.

Unless specified otherwise above, SCO believes that the witnesses identified in SCO's response to Interrogatory No. 5 herein have knowledge of the facts pertaining to one or more of the foregoing examples.

The documents supporting the referenced contention include the TLA; Amendment No. X; the agreement between Novell and IBM dated April 26, 1996, purporting to amend IBM's UNIX license agreements; the declaration of Chris Sontag dated November 4, 2006; the declaration of Darl McBride dated November 11, 2006; Exhibit 1694 to the Jack Messman Deposition of April 14, 2006, in the IBM Litigation; and the following documents here identified by beginning Bates number: Recall 0007097, 1710141078, SCO1579298, NOV000015787, Recall0005691, SCO1228502, SCO1298058, SCO1299938, NOV000001944, Recall 0005386,

NOV000016011, NOV000008813, SCO1234265, SCO1290675, SCO1298086, SCO1298084,

SCO1298082, SCO1296213, SCO1501628, SCO1501630, SCO1501631, NOV000004707,

SCO1641437, and SCO1268486.

INTERROGATORY NO. 11:

Please identify with specificity all instances since September 19, 1995 for which SCO has

entered into amendments of contracts relating to UNIX System V technology that (i) are

incidentally involved through SCO's rights to sell and license UnixWare software or the Merged

Product (as defined by the APA's Operating Agreement) or future versions of the Merged

Product or (ii) to allow a licensee of Unix System V technology to use the source code of the

relevant SVRX product(s) on additional CPU's or to receive an additional distribution, from

SCO, of such source code. For each instance, please include the dates of the amendment and the

prior contract, the parties to the amendment and the prior contracts, the amount of any revenues

received by SCO from the amendment and the dates of receipt, the particular UNIX and/or

UnixWare rights that were licensed, the amount of revenue attributable to each of these licensed

rights (*e.g.*, source, binary or other rights), SCO's bases for its contention that the amendment

falls within (i) and/or (ii) above, all witnesses whom SCO believes have knowledge of these

facts, the subject matter of their knowledge, all documents that SCO believes support its

contention, and information sufficient to locate these amendments and revenue amounts in

SCO's document production (*e.g.*, the Bates range or filename).

RESPONSE:

SCO specifically objects to this interrogatory on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably

INTERROGATORY NO. 15:

Identify all facts, bases, and evidence in support of SCO's claims for damages in its Second Amended Complaint, including but not limited to identification of the amount, the corresponding Claim for Relief for which SCO is claiming said amount, the factual justification for such amount (including how Novell caused such damage), all documents that SCO contends support the bases for its damages claims, and all persons with knowledge of the related facts.

RESPONSE:

SCO specifically objects to this request on the grounds that the information it seeks is properly the subject of expert discovery.

DATED this 28th day of December, 2006.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By: *Edward Normand / N.S.*

*Counsel for The SCO Group, Inc.*

29

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that a true and

correct copy of the foregoing SCO's Responses and Objections to Novell's Second and Third

Sets of Interrogatories was served on Defendant/Counterclaim-Plaintiff, Novell, Inc., on this

28th day of December, 2006, by U. S. Mail to the following:

> Thomas R. Karrenberg
> John P. Mullen
> Heather M. Sneddon
> ANDERSON & KARRENBERG
> 700 Bank One Tower
> 50 West Broadway
> Salt Lake City, UT 84101
>
> Kenneth W. Brakebill
> Michael A. Jacobs
> Matthew I. Kreeger
> MORRISON & FOERSTER
> 425 Market Street
> San Francisco, CA 94105-2482

_Thomas G. Strong_