Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> NOVELL, INC., <br><br> Defendant. | SCO'S RULE 26 INITIAL DISCLOSURES <br><br> Case No. 2:04CV00139 <br><br> Honorable Dale A. Kimball |

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff, The SCO Group, Inc. ("SCO"), hereby provides to Defendant, Novell, Inc. ("Novell"), SCO's Initial Disclosures. SCO reserves the right to supplement or otherwise amend these disclosures based on its ongoing investigation of the facts supporting its claims and defenses.

1. **Rule 26(a)(1)(A) – PERSONS LIKELY TO HAVE INFORMATION**

The following individuals are likely to have discoverable information that SCO may use to support its claims and defenses. In identifying an attorney who may have such information, SCO does not intend to waive, and indeed reserves, any applicable privilege, protection, or immunity.

| PERSON | SUBJECT(S) OF THE INFORMATION | CONTACT INFORMATION |
|---|---|---|
| Acheson, Jean | Novell's audits of SCO pursuant to the APA; SCO's defenses. | Should be contacted only through Boies, Schiller & Flexner LLP.<br><br>The SCO Group, Inc.<br>355 South 520 West<br>Suite 100<br>Lindon, Utah 84042 |
| Chatlos, Ed | The APA; the TLA; the attempted and consummated buyouts of SVRX royalties; Amendment No. X; SCO's defenses. | Should be contacted through Goodwin Procter LLP<br>Albert J. Solecki, Jr.<br><br>7 Forest View Drive<br>Chester, NJ 07930 |
| Frankenberg, Robert | The APA; the TLA; the attempted and consummated buyouts of SVRX royalties; Amendment No. X; SCO's defenses. | Known to Novell. |

2

| Jones, Greg | Novell's slanderous statements; Novell's communications with SCO regarding the APA and ownership of the UNIX copyrights. | Known to Novell. |
|---|---|---|
| LaSala, Joseph | Novell's slanderous statements; Novell's communications with SCO regarding the APA and ownership of UNIX copyrights. | Known to Novell. |
| Maciaszek, John | The IBM buyout. | Should be contacted only through Boies, Schiller & Flexner.<br><br>The SCO Group, Inc.<br>430 Mountain Avenue<br>PO Box 4<br>Murray Hill, NJ 07974-0004 |
| Madsen, Kimberly | The APA; the TLA; attempted and consummated buyouts of SVRX royalties; Amendment No. X; SCO's defenses. | 344 Laurent Street<br>Santa Cruz, CA 95060 |
| Mattingly, Ty | The APA. | 22 West 620 South<br>Orem, Utah 84058 |
| McBride, Darl | Communications with Novell regarding the APA and ownership of the UNIX copyrights; SCO's defenses. | Should be contacted only through Boies, Schiller & Flexner LLP.<br><br>The SCO Group, Inc.<br>355 South 520 West<br>Suite 100<br>Lindon, Utah 84042 |
| Messman, Jack | Novell's slanderous statements; Novell's communications with SCO regarding the APA and | Known to Novell. |

|  | ownership of the UNIX copyrights. |  |
| --- | --- | --- |
| Mohan, Alok | The APA; the TLA; the attempted and consummated buyouts of SVRX royalties; Amendment No. X; SCO's defenses. | 4706 Eagles Nest Circle Kettering, OH 45429 |
| Sabbath, Steve | The APA; the TLA; the attempted and consummated buyouts of SVRX royalties; Amendment No. X; SCO's defenses. | Should be contacted only through Boies, Schiller & Flexner LLP.<br><br>333 Blackstone Drive Boulder Creek, CA 95006 |
| Sontag, Christopher | Communications with Novell regarding the APA and ownership of the UNIX copyrights; SCO's defenses. | Should be contacted only through Boies, Schiller & Flexner LLP.<br><br>The SCO Group, Inc. 355 South 520 West Suite 100 Lindon, Utah 84042 |
| Stone, Chris | Novell's slanderous statements; Novell's communications with SCO regarding the APA and ownership of the UNIX copyrights. | Known to Novell. |
| Thompson, Duff | The APA; the TLA. | Should be contacted only through Boies, Schiller & Flexner LLP.<br><br>The SCO Group, Inc. 355 South 520 West Suite 100 Lindon, Utah 84042 |
| Wilt, Jim | The APA; the TLA; the attempted and consummated buyouts of SVRX royalties; | Should be contacted only through Boies, Schiller & Flexner LLP. |

4

|  | Amendment No. X ; SCO's defenses. | P.O. 681908<br>Franklin, TN 37068 |
|---|---|---|

In addition, SCO believes other persons, including current and former employees of SCO, Novell, and/or The Santa Cruz Operation ("Santa Cruz"), may also have discoverable information that SCO may use in support of its claims and defenses. SCO reserves the right to rely on the testimony of such persons. SCO will promptly supplement this disclosure with the names of any additional persons that SCO identifies.

2.  Rule 26(a)(1)(B) – CATEGORIES OF DOCUMENTS

SCO identifies the following categories of documents within its possession, custody, or control that SCO may use to support its claims and defenses:

- The APA and documents related to the APA;

- The Operating Agreement between Santa Cruz and Novell and its exhibits;

- The Technology License Agreement between Santa Cruz and Novell;

- The purported amendment referenced on Paragraph 63 of SCO's Second Amended Complaint;

- Amendment No. X;

- The UnitedLinux agreements and their schedules and exhibits;

- Documents concerning the negotiations, drafting history, or interpretation of the foregoing documents;

- Documents concerning Novell's slanderous statements referenced in Paragraph 37 of SCO's Second Amended Complaint;

5

- Documents concerning Novell's assertions referenced in Paragraph 19 of SCO's Second Amended Complaint;

- Documents concerning communications between SCO and Novell referenced in Paragraphs 38-39 of Novell's Counterclaims;

- Documents concerning Novell's audits pursuant to Sections 1.2 and 4.16 of the APA;

- Statements made by Novell and Santa Cruz;

- "Licensed Technology" referenced in Section 1.6 of the APA; and

- Copyright registrations concerning UNIX and UnixWare.

To the extent they have not been produced, SCO promptly will produce documents within these categories.

### 3. Rule 26(a)(1)(C) – DAMAGES

As recited in SCO's Second Amended Complaint, SCO is entitled to actual, special, statutory, enhanced, and punitive damages; Novell's profits resulting from its infringement of SCO's copyrights; preliminary and permanent injunctive relief; an order directing specific performance; attorney's fees, costs, and pre- and post-judgment interest; and any other legal and equitable relief deemed just and proper by the Court.

At this time, SCO lacks the information necessary to calculate damages, including information in Novell's (and not SCO's) possession, custody, or control. In addition, SCO expects that the calculation of damages will be the subject of expert analysis and testimony following fact discovery.

### 4. Rule 26(a)(1)(D) – INSURANCE

SCO is investigating the applicability of its insurance to Novell's counterclaims and will supplement this disclosure promptly upon completing that investigation.

DATED this 21st day of March, 2006.

                                        HATCH, JAMES & DODGE, P.C.
                                      Brent O. Hatch
                                      Mark F. James

                                      BOIES, SCHILLER & FLEXNER LLP
                                      Robert Silver
                                      Stuart H. Singer
                                      Stephen N. Zack
                                      Edward Normand

                                      By _____

                                      *Counsel for The SCO Group, Inc.*