MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone:  (801) 534-1700
Facsimile:  (801) 364-7697

**Attorneys for Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant and Counterclaim-Plaintiff. | **MEMORANDUM IN SUPPORT OF NOVELL'S MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF MARK F. JAMES ATTACHING EXPERT REPORTS AND DECLARATIONS**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

## ARGUMENT

The Court will hear argument on Novell's four motions for summary judgment tomorrow. The motions have been fully briefed. SCO's opposition materials were due on May 18, 2007, and Novell's reply materials were due on May 25, 2007.

Nevertheless, at the close of business today, May 30, 2007 – and on the eve of the scheduled hearing – SCO submitted a Supplemental Declaration of Mark F. James (filed under seal on 5/30/07, *see* PACER NO. 351) (the "James Declaration") in support of its oppositions to Novell's motions. The James Declaration attaches over 60 pages of expert reports from Christine Botosan and Gary Pisano to which Novell has not had any opportunity to respond. SCO provided no warning to Novell that it would be submitting this new evidence on the eve of the hearing, and has not provided any excuse for why the expert reports were not filed along with its May 18th opposition papers. Indeed, SCO did submit conclusory declarations from Drs. Pisano and Botosan with its original opposition papers. SCO's new and belated expert reports should now be stricken as untimely under the Federal Rules of Civil Procedure and the Local Rules of this Court.

Under Rule 6(b) of the Federal Rules, a party making a late filing must move for permission to make that filing and demonstrate that its earlier "failure to act was the result of excusable neglect." Evidence submitted after a court-imposed filing deadline must not be considered absent a showing of good cause. In *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871 (1990), for example, the district court refused to consider affidavits submitted in opposition to a summary judgment motion where no cause for the late submission was shown. The D.C. Circuit reversed and denied summary judgment, relying on those affidavits. The Supreme

1

Court reversed the D.C. Circuit, reinstating the district court's refusal to consider the affidavits, on the ground that the party opposing summary judgment had failed to move for permission to submit the late affidavits and had made no showing that its failure to file the affidavits earlier was the result of excusable neglect.  *Id.* at 895-97.

District courts in the Tenth Circuit have specifically applied this rule to exclude belated expert declarations from consideration in a motion for summary judgment.  In *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, No. CIV 04-0424 JB/LFG, 2007 WL 1306759 (D.N.M. Apr. 20, 2007) (Exhibit A hereto), the party opposing summary judgment submitted a belated expert declaration after its response to summary judgment was due.  The court found that the declaration was "untimely" and held that it would "not consider the Supplemental Declaration when it assesses the Defendants' summary judgment motion."  *Id.* at *8.  The court noted that the party seeking to submit the belated declaration had not moved for permission to submit it late and had not made any showing of "excusable neglect."  *Id.*  The court refused to allow the belated declaration, holding that allowing the declaration would be tantamount to allowing the summary judgment opponent belatedly "to amend its response to the summary judgment motion."  *Id.*  The same logic applies here.

SCO's late filing also violates this Court's Local Rules.  Specifically, DUCiv R. 5-1(c) requires that all filings be made a minimum of two days before any scheduled proceeding.  Further, had the parties followed a normal briefing schedule on Novell's April 20, 2007 motions (as opposed to an expedited one), all of SCO's opposition materials would have been due on May 23, 2007, at the very latest, under DUCivR 56-1(b).  Thus, the James Declaration

2

is untimely not only under the parties' agreed-upon expedited briefing schedule, but also under the normal briefing schedule dictated by the Local Rules.

## CONCLUSION

For the reasons set forth herein as well as in Novell's May 29, 2007 Evidentiary Objections (at 7, 29-30, 37-38), the belated James Declaration, and the Pisano and Botosan reports attached to it, should be stricken.

DATED: May 30, 2007

                                         ANDERSON & KARRENBERG

                                         */s/ Heather M. Sneddon*
                                         Thomas R. Karrenberg
                                         John P. Mullen
                                         Heather M. Sneddon

                                         -and-

                                         MORRISON & FOERSTER LLP
                                         Michael A. Jacobs (*pro hac vice*)
                                         Kenneth W. Brakebill (*pro hac vice*)

                                         **Attorneys for Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May, 2007, I caused a true and correct copy of the **MEMORANDUM IN SUPPORT OF NOVELL'S MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF MARK F. JAMES ATTACHING EXPERT REPORTS AND DECLARATIONS** to be served to the following:

*Via CM/ECF*:

> Brent O. Hatch
> Mark F. James
> HATCH JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah  84101
>
> Stuart H. Singer
> William T. Dzurilla
> Sashi Bach Boruchow
> BOIES, SCHILLER & FLEXNER LLP
> 401 East Las Olas Blvd., Suite 1200
> Fort Lauderdale, Florida  33301
>
> David Boies
> Edward J. Normand
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York  10504
>
> Devan V. Padmanabhan
> John J. Brogan
> DORSEY & WHITNEY, LLP
> 50 South Sixth Street, Suite 1500
> Minneapolis, Minnesota  55401

*Via U.S. Mail, postage prepaid*:

> Stephen Neal Zack
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida  33131

　　　　　　　　　　　　　　　　　　　　　　/s/  Heather M. Sneddon