LEXSEE 2003 TEX. APP. LEXIS 1443

**TERRY JONES, Appellant v. RABSON & BROOCKS, L.L.C.; PELICAN CONNECTION MANAGEMENT, L.L.C.; AND BROOCKS, BAKER & LANGE, L.L.P., Appellees**

NO. 01-01-01210-CV

COURT OF APPEALS OF TEXAS, FIRST DISTRICT, HOUSTON

*2003 Tex. App. LEXIS 1443*

**February 13, 2003, Filed**

**PRIOR HISTORY:** [*1] On Appeal from the 129th District Court. Harris County, Texas. Trial Court Cause No. 00-28899.

**DISPOSITION:** Affirmed.

**JUDGES:** Panel consists of Justices Taft, Keyes, and Higley.

**OPINION BY:** Evelyn V. Keyes

**OPINION**

    **MEMORANDUM OPINION**

    This is an appeal of summary judgment rendered for appellees/defendants Rabson & Broocks, L.L.C.; Pelican Connection Management, L.L.C.; and Broocks, Baker & Lange, L.L.P (the Rabson defendants) against appellant, Terry Jones. In eight issues presented for review, Jones challenges the rendition of summary judgment, contending that (1) the Rabson defendants were not entitled to summary judgment on his causes of action for theft, civil conspiracy, slander of title, and tortious interference with contract; (2) he suffered recoverable damages; (3) he has a viable claim for attorney's fees; (4) the trial court abused its discretion by not granting him leave to file his third and fourth amended petitions; and (5) summary judgment was improperly rendered because there was an unresolved counterclaim. We affirm.

    **Factual & Procedural Background**

    The parties [*2] do not dispute the essential facts of the underlying dispute; however, the parties' interpretation of those facts is greatly disparate. The events leading to this lawsuit unfolded in the following sequence. The Rabson defendants obtained a $ 360,000 judgment against Gladys Goffney in an unrelated lawsuit. In the spring of 1999, as part of their efforts to collect the judgment, the Rabson defendants searched the Harris County real property records and identified roughly 17 pieces of property that Goffney owned, including an unimproved lot at 5206 Wayne Street in Houston. After a writ of execution was issued on the judgment in May 1999, the Rabson defendants requested a constable's sale of the properties. On July 6, 1999, the constable's sale was completed. The Rabson defendants received the deeds from the sale on August 11, 1999 and recorded them in October 1999. The Wayne Street property, however, had been sold six years earlier to Noah Murchison. It is not clear from the record whether the deed records were incomplete or the person who searched the records overlooked the deed conveying the property from Goffney to Murchison.

    After the writ of execution was issued in the unrelated [*3] lawsuit against Goffney, but before the constable's sale took place, Murchison sold the property to Jones for $ 12,500. Jones recorded his deed on July 27, 1999. Only after Jones began negotiating with the Fifth Ward Community Redevelopment Corporation to sell it the property for $ 25,000 did he learn there was a cloud on his title; he was unable to complete the sale of the property in November 1999 as planned. Just after the first of the year 2000, Jones contacted the Rabson defendants to attempt to resolve the question of ownership. He originally sent an unsigned, unrecorded deed to the

Rabson defendants' counsel that was not accepted as proof of ownership; on March 30, 2000, Jones supplied a signed, recorded deed conveying the property from Goffney to Murchison.

Upon receiving this deed, the Rabson defendants conceded that Jones was the rightful owner of the property. Jones asked the Rabson defendants to supply him with a general warranty deed but, because their title was void from inception, the Rabson defendants refused to execute such a deed. Instead, they provided Jones with a deed without warranty.

The Rabson defendants characterize their inclusion of the Wayne Street [*4] property in the constable's sale as an innocent mistake--one they rectified as soon as they obtained legal proof that Jones owned the property. Jones, in contrast, characterizes the entire series of transactions as a malicious, fraudulent scheme to deprive him of his property. When he did not obtain the general warranty deed he asked for, Jones filed suit to quiet title. He sought to recover compensatory damages, exemplary damages, and attorney's fees. The Rabson defendants answered with a general denial.

On October 13, 2000, despite Jones's earlier refusal to accept an identical deed, the Rabson defendants delivered to Jones an executed deed without warranty in which it conveyed any and all of their interests in the Wayne street property to Jones. Evidently, Jones has never recorded this deed. In November 2000, the Fifth Ward Community Redevelopment Corporation renewed its offer to purchase the property for $ 25,000. Jones refused the sale, in part because he believed that the cloud on the property was not removed, in part because of the pending litigation, and in part because he was no longer interested in selling for that price.

Jones filed a second amended petition in [*5] December 2000, setting out causes of action for conversion, theft, civil conspiracy to commit theft, and slander of title. [1] Broocks, Baker & Lange filed a second, separate answer to this amended petition, repeating the general denials and pleading the affirmative defenses of failure to mitigate damages and tender of performance. The firm also added a counterclaim for Rule 13 violations, seeking attorney's fees. In January, the Rabson defendants filed a no-evidence motion for summary judgment in which they identified elements of each cause of action for which there was no evidence and challenged all causes of action based on an absence of proof of damages. In his response to the motion, Jones filed an affidavit setting out the facts in detail. The motion was heard on March 26, 2001. Before the trial court ruled on the motion, Jones filed a third amended petition, three days after the summary judgment hearing, adding a cause of action for tortious interference with contract and seeking additional damages for mental anguish. The Rabson defendants supplemented their motion for summary judgment to raise a no-evidence challenge to this additional cause of action. Jones filed a fourth amended [*6] petition on August 14, 2001 adding a cause of action for wrongful execution.

> 1  Although the second amended petition is not included in the clerk's record, the parties both refer to these causes of action in their pleadings and motions; accordingly, we accept these as having been pleaded.

The trial court rendered summary judgment on September 10, 2001, basing it on the March hearing. The judgment did not address the counterclaim for sanctions but included a "Mother Hubbard" clause. Jones's motion for new trial was overruled by operation of law and this appeal ensued. On appeal, Jones does not address the cause of action for conversion; thus he has waived any complaint regarding this issue.

**Finality of Judgment**

As a threshold matter, we address Jones's eighth issue on review to determine whether this appeal is, as he claims, interlocutory because there is an outstanding counterclaim for sanctions. The Rabson defendants argue that a counterclaim for sanctions is not a cause of action that the trial [*7] court was obligated to address in its judgment. They also contend that the trial court orally denied the motion for sanctions, but that the order was apparently not reduced to writing. Jones does not address whether the trial court ruled on the motion for sanctions and speaks only to the language of the judgment itself.

Jones argues that the judgment was interlocutory because there is no language in the trial court's judgment that "with unmistakable clarity informs that it was a final judgment." We disagree. The order is entitled "FINAL SUMMARY JUDGMENT" and the last sentence of the judgment states, "All relief requested and not expressly granted is denied." The Rabson defendants have not contested the finality of the appeal, nor appealed the trial court's denial of their claim for sanctions. Jones treated

the judgment as final by filing a motion for new trial, in which he does not mention the counterclaim, and by filing a notice of appeal. Based on the record and the language of the judgment, we conclude that the judgment was final for purposes of appeal. *See Lehman v. Har-Con Corp., 39 S.W.3d 191, 205, 44 Tex. Sup. Ct. J. 364 (Tex. 2001).* Accordingly, we overrule issue eight and [*8] address the merits of the appeal.

**Amended Pleadings**

In issue seven, Jones contends the trial court abused its discretion by not granting him leave to file his third and fourth amended petitions. He argues that because the Rabson defendants did not move to strike the pleadings or show they were prejudiced by the untimely amended petitions, the trial court abused its discretion by not considering these later petitions. It is evident from the judgment that the trial court did not consider the third or fourth petitions because the judgment was based on the motions and the summary judgment hearing held on March 26, 2001, before either amended petition was filed. The record does not contain a motion for leave to late-file either petition, a motion to strike the amended pleadings, or an order striking them.

Rule 63 of the Texas Rules of Civil Procedure provides that amended pleadings shall not be filed within seven days of trial without obtaining leave of court. TEX. R. CIV. P. 63. A summary judgment hearing is a "trial" governed by Rule 63. *See Goswami v. Metropolitan Sav. & Loan Ass'n, 751 S.W.2d 487, 490, 31 Tex. Sup. Ct. J. 399 (Tex. 1988).* It is well-settled summary judgment [*9] law that if a nonmovant for summary judgment (1) files an amended pleading after the summary judgment hearing and (2) the amended pleading raises an additional claim not mentioned in the summary judgment motion, then the trial court does not err in granting the summary judgment motion because the trial court may consider only the pleadings on file at the time of the hearing, or filed after the hearing (but before judgment) with permission of the court. *Automaker, Inc. v. C.C.R.T. Co., Ltd., 976 S.W.2d 744, 746 (Tex. App.--Houston [1st Dist.] 1998, no pet.).* Jones did not seek the trial court's permission to file his amended pleadings. Although the Rabson defendants did not file a motion to strike the amended pleadings, they filed a letter with the trial court objecting to the amendments. The trial court did not err in refusing to consider these late-filed pleadings.

We overrule issue seven. Therefore, we will not address Jones's causes of action for tortious interference with contract or wrongful execution, nor his claim for damages based on mental anguish. We also overrule issue five, in which Jones contends that summary judgment on the tortious interference [*10] with contract claim was improper.

**Theft, Civil Conspiracy, and Slander of Title**

In issues one, two, and three, Jones contends the trial court erred in rendering summary judgment for the Rabson defendants on Jones's claims for theft, civil conspiracy, and slander of title. We review a "no-evidence" summary judgment motion in the light most favorable to the nonmovant; here, we assume Jones's evidence to be true and resolve any doubts in his favor, while disregarding all evidence and inferences to the contrary. *Jones v. Bank United of Texas, FSB, 51 S.W.3d 341, 343* (Tex. App.--Houston [1st Dist.] 2001, pet. denied).

*Theft & Civil Conspiracy*

To defeat the no-evidence motion under 166a(i), Jones had to raise a fact issue showing that the Rabson defendants (1) unlawfully (2) appropriated his property (3) with the intent to deprive him of it. *TEX. PEN. CODE ANN. § 31.03* (Vernon 2000). Intent to deprive is the accused's intent at the time of the taking. *Thomas v. State, 753 S.W.2d 688, 694 (Tex. Crim. App. 1988).* Intent may be inferred from a failure to return the property. *Rowland v. State, 744 S.W.2d 610, 613 (Tex. Crim. App. 1988).* [*11]

Although Jones argues that his affidavit provides ample evidence of theft, we cannot agree. He has globally stated facts to support his conclusions as he sees them, but has not connected any of these facts to each challenged element of his claims, such as whether the Rabson defendants committed an *unlawful* act. The constable's sale was held pursuant to a lawful writ of execution. Nor does Jones provide evidence of intent. The Rabson defendants argue there is no evidence of intent to deprive Jones of the property because the constable's deed transferred only Gladys Goffney's interest in the property, not Jones's. The Rabson defendants provided Jones with a deed disclaiming any interest in the property, albeit a deed Jones apparently believes does not remove the cloud on the title, thus refuting any inference of theft. While the inclusion of the

Wayne Street property in the constable's sale was unfortunate, we hold Jones provided no evidence to show that it was tantamount to theft.

A civil conspiracy claim is not actionable unless there is an overt, unlawful act. *American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 438, 40 Tex. Sup. Ct. J. 658 (Tex. 1997)*. Because we have held [*12] there was no theft, and Jones has not alleged any other unlawful act, we further hold that there was no overt, unlawful act upon which a conspiracy could have rested. The trial court did not err in rendering summary judgment on Jones's claims for theft and civil conspiracy.

We overrule issues one and two.

*Slander of Title*

To recover in an action for slander of title, a party must plead and prove: (1) the uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; (5) possession of an estate or interest in the property disparaged; and (6) the loss of a specific sale. *See Williams v. Jennings, 755 S.W.2d 874, 879* (Tex. App.--Houston [14th Dist.] 1988, writ denied). Jones cannot prevail because he has provided no evidence of legal malice or of special damages.

Legal malice is defined as wrongful conduct that is intentional and without just cause or excuse. *Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 452, 40 Tex. Sup. Ct. J. 172 (Tex. 1996)*. Because the Rabson defendants had a lawful writ of execution and the property records contained Gladys Goffney's deed to the Wayne Street property, the inclusion [*13] of the property in the constable's sale, although incorrect, was based on reasonable cause. Thus, there is no evidence of legal malice. Moreover, although Jones proved the loss of a specific sale, he did not offer any evidence of special damages. A plaintiff may recover the amount he would have realized from the lost sale minus the amount for which he could have sold the land at the time of trial with the cloud removed. *A.H. Belo Corp. v. Sanders, 632 S.W.2d 145, 146, 25 Tex. Sup. Ct. J. 257 (Tex. 1982)*. The time of trial here was March 26, 2001--the date of the summary judgment hearing. *See Goswami, 751 S.W.2d at 490*. Although Jones provided evidence that he was unable to complete the sale for $ 25,000, he provided no evidence of the market value of the property at the time of trial. Without such evidence, the trial court could not calculate special damages, even if it determined the Rabson defendants had slandered Jones's title. Accordingly, we hold the trial court did not err in rendering summary judgment on this claim.

We overrule issue three.

**Attorney's Fees**

In issue six, Jones contends that he is entitled to attorney's fees because his suit is one for [*14] declaratory judgment. The Rabson defendants argue that the true nature of the suit is to remove a cloud on Jones's title, thus attorney's fees are not recoverable. Because we have overruled all of appellant's other issues on appeal, the issue of attorney's fees is moot.

We affirm the trial court's judgment.

Evelyn V. Keyes, Justice