MORRISON & FOERSTER LLP
Michael A. Jacobs (pro hac vice)
Kenneth W. Brakebill (pro hac vice)
Grant L. Kim (pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant and Counterclaim-Plaintiff. | **RESPONSE TO SCO'S OPPOSITION TO NOVELL'S EVIDENTIARY OBJECTIONS TO SCO'S EXHIBITS SUBMITTED IN CONNECTION WITH SUMMARY JUDGMENT MOTIONS**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

# INTRODUCTION

Two weeks after the summary judgment hearings on May 31 and June 4, 2007, SCO submitted a lengthy opposition to evidentiary objections that Novell filed before the hearings. (SCO's Memorandum In Opposition to Novell's Evidentiary Objections to SCO's Exhibits, filed June 18, 2007, PACER No. 362 ("SCO's Opposition").) Novell submits this response to address the following points: (1) Novell's evidentiary objections are properly before the Court; (2) SCO's opposition is untimely; and (3) SCO's opposition is without merit for the reasons stated previously and as further noted below.

# ARGUMENT

## I. NOVELL'S EVIDENTIARY OBJECTIONS ARE PROPERLY BEFORE THE COURT.

Two sets of evidentiary objections are at issue. On May 15, 2007, Novell filed objections to exhibits that SCO had submitted in connection with two summary judgment motions argued at the May 31 and June 4 hearings. Those motions related to Novell's Fourth Claim for Relief (specifically, to Section 4.16 of the APA), and to SCO's First, Second, and Fifth Causes of Action. (Novell's Evidentiary Objections to SCO's Summary Judgment Exhibits, filed May 15, 2007, PACER No. 298 ("Novell's May 15 Objections").)

On May 29, 2007, Novell filed objections to evidence that SCO had submitted with its summary judgment opposition on May 18, 2007. (Novell's Evidentiary Objections to SCO's Exhibits Submitted in Support of its Summary Judgment Opposition, filed May 29, 2007, PACER No. 350 ("Novell's May 29 Objections").)

SCO contends that at the oral argument on the summary judgment motions, SCO asked the Court to "disregard" Novell's evidentiary objections as "improper." (SCO's Opposition, at 1.) In fact, SCO made no such request.

1

At the May 31 hearing, the Court stated — without objection from either party — that it would decide the evidentiary objections on the briefs:

> THE COURT: There are motions to strike objections to evidence. I assume you would not really spend a lot of time arguing those.
>
> MR. JACOBS: That's correct.
>
> THE COURT: But I should decide those on the briefs as part of the decision with respect to the motions.
>
> MR. JACOBS: I'm sorry, Your Honor?
>
> THE COURT: I would decide them on the briefs as I'm deciding the motion.
>
> MR. JACOBS: That is our intent, Your Honor; although Mr. Brakebill is here to answer any questions on the evidentiary objections, if you'd like.

(Hearing Transcript of May 31, 2007, at 12 (attached hereto as Appendix A).)

SCO did not assert at the May 31 hearing that Novell's objections were untimely or that SCO needed more time to reply. Rather, SCO addressed the substance of Novell's objections. (*Id.* at 25-27, 33; *see id.* at 37 (comments of Novell's counsel).) Similarly, at the June 4 hearing, SCO noted that Novell had filed evidentiary objections five days earlier, but did not argue that the objections should be disregarded. Instead, SCO addressed the merits of Novell's objections. (Hearing Transcript of June 4, 2007, at 51-52 (attached hereto as Appendix B).)

Despite its failure to object at the summary judgment hearings, SCO now contends that Novell's evidentiary objections should be disregarded because they were filed without leave of Court and without sufficient notice to SCO. (SCO's Opposition at 1.) This argument is without merit. Objections to evidence do not require leave of court, and Novell filed its objections in a timely manner under DUCivR 5-1(c). *See* DUCivR 5-1(c) (providing that "all documents pertaining to a court proceeding must be filed with the clerk a minimum of **two (2) business days** before the scheduled proceeding"). Novell submitted its May 15 Objections more than

2

fifteen days before the May 31 and June 4 hearings. Novell's May 29 Objections — which addressed evidence submitted by SCO on May 18 — were filed at least two business days before the hearings. Many of Novell's May 29 objections were identical or similar to Novell's prior objections of May 15. Further, both SCO and Novell addressed key objections, such as the parol evidence rule and lack of personal knowledge, in their summary judgment briefs.[1]

In sum, Novell's evidentiary objections are properly before the Court and should be decided in accordance with the arguments submitted by the parties before and at the summary judgment hearings.

## II.   SCO'S OPPOSITION IS UNTIMELY.

SCO's objection to the timeliness of Novell's objections is ironic, to say the least. SCO submitted its opposition to Novell's objections on June 18, 2007 – fourteen days after the June 4 hearing, and eighteen days after the May 31 hearing. It is also more than *one month* after Novell filed its May 15 Objections, and nearly *three weeks* after Novell filed its May 29 Objections.

At the summary judgment hearings, SCO did not request leave to file a supplemental opposition to Novell's objections. Accordingly, the Court properly took all motions under advisement at the conclusion of the hearings. (Appendix A, May 31 Transcript, at 115-16; Appendix B, June 4 Transcript, at 85.) SCO has advanced no reason for the Court to reopen the proceedings to allow further briefing.

---

[1] *See, e.g.*, Novell's Motion for Summary Judgment on SCO's First Claim for Slander of Title and Third Claim for Specific Performance, filed April 20, 2007, PACER No. 276, at 18-23; SCO's Opposition to Motion for Summary Judgment on SCO's First Claim for Slander of Title and Third Claim for Specific Performance, filed May 18, 2007, PACER No. 295, at 36-38, 40; Novell's Opposition to SCO's Motion for Partial Summary Judgment on SCO's First, Second, and Fifth Causes of Action, filed May 14, 2007, PACER No. 292, at 36-42, 44-46; SCO's Reply In Support of Summary Judgment Motion on First, Second, and Fifth Causes of Action, filed May 29, 2007, PACER No. 346, at 36-43.

### III. SCO'S OPPOSITION IS WITHOUT MERIT.

SCO's Opposition rehashes arguments that Novell has already addressed in its Evidentiary Objections. Novell will not repeat its prior arguments, other than to note that SCO's Opposition is without merit for the reasons stated previously.

SCO's only new argument relates to evidence that SCO failed to identify in response to discovery requests. Novell previously objected to evidence that SCO had either not produced at all, or that SCO had failed to identify in response to specific discovery requests. (Novell's May 29 Objections, at 8-9, 11-12, 33-37, 40-42, 44-45, 47, 49, 51-52.) Novell's interrogatories required SCO to "state all facts, evidence, and bases," including identification of "all witnesses," in support of its allegations that (1) Novell and SCO "shared the understanding that the APA intended to and did transfer the [UNIX] copyrights to Santa Cruz" and that Amendment No. 2 was simply meant to "further clarify the APA by reiterating the transfer of the copyrights"; and (2) "the parties' dealings and course of conduct evidenced their understanding that the APA had transferred the . . . copyrights." (Second Supplemental Declaration of Kenneth Brakebill, filed May 25, 2007, PACER No. 340, Exhibit 10, at Interrogatory Nos. 9 and 10.)

SCO's summary judgment opposition included declarations regarding the meaning of the APA from three witnesses (Troy Keller, Sandeep Gupta, and Jay Petersen), whom SCO had not identified as having knowledge on that subject in its interrogatory responses. (Novell's May 29 Objections, at 40, 47, 51-52.) SCO also cited documents on this subject that either had not been produced at all (*id.* at 40), or that SCO had produced but failed to identify in its interrogatory responses as documents supporting its position (*id.* at 11-12, 33-37, 41-42, 44-45, 49).

SCO does not deny that it failed to identify this evidence in response to Novell's discovery requests. SCO nonetheless contends that it should be allowed to rely on this evidence

4

because (1) it was "otherwise . . . made known" to Novell when SCO relied on it in its summary judgment papers; and (2) Novell has supposedly not made a showing of prejudice. (SCO's Opposition to Evidentiary Objections, at 11-12.)

Neither argument saves SCO's evidence from exclusion. SCO concedes that it never identified or produced certain witnesses and documents before the summary judgment briefing. SCO's inclusion of certain other documents among the many hundreds of thousands of documents produced in this litigation does not excuse SCO's failure to identify those documents in response to interrogatories requesting SCO to identify the specific documents that support its position. *See Petroleum Ins. Agency, Inc. v. Hartford Accident & Indem. Co.*, 106 F.R.D. 59, 64 (D. Mass. 1985) ("Plaintiffs' argument that they should be excused because they produced a great volume of documentation during discovery is totally without merit. It is precisely because there was so much documentation in the case that the defendants sought to have the plaintiffs specify, in answer to interrogatories . . . , what particular documents were going to be introduced in support of the [plaintiffs'] claims").

In addition, SCO's belated production of witness statements and documents with its summary judgment papers was clearly prejudicial. Because fact discovery has already closed, Novell did not have an opportunity to depose the new SCO witnesses or to ask questions about the documents that SCO has newly identified as relevant to its arguments. *See Stubl v. T.A. Sys., Inc.*, 984 F. Supp. 1075, 1095 (E.D. Mich. 1997) (excluding affidavit presented on summary judgment where evidence was previously withheld in discovery); *Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F. Supp. 2d 1045, 1061-63 (D. Minn. 1999) (excluding evidence presented on summary judgment where party's interrogatory responses did not identify such

5

evidence).[2]  SCO has not met its burden of showing that its discovery failures were harmless. *See* Fed. R. Civ. P. 37(c) (providing that the evidence shall be excluded "unless such failure is harmless"); *Tolerico v. Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002) (nonproducing party shoulders the burden of proving that failure to produce was harmless).

## CONCLUSION

For the reasons stated herein and in Novell's May 15 and May 29 Objections, Novell requests that the Court sustain Novell's objections and exclude SCO's improper evidence.

DATED:  July 3, 2007

                        ANDERSON & KARRENBERG

                   By:  */s/ Heather M. Sneddon*

                        Thomas R. Karrenberg
                        John P. Mullen
                        Heather M. Sneddon

                        -and-

                        MORRISON & FOERSTER LLP
                        Michael A. Jacobs (pro hac vice)
                        Kenneth W. Brakebill (pro hac vice)
                        Grant L. Kim (pro hac vice)

                        **Attorneys for Defendant and**
                        **Counterclaim-Plaintiff Novell, Inc.**

---

[2] SCO suggests that Novell could have sought discovery concerning the new evidence under Federal Rule of Civil Procedure 56(f).  But that procedure is available only to those opposing summary judgment, not to the moving party.  SCO also relies on two cases, neither of which is applicable.  *See Westefer v. Snyder*, 422 F.3d 570, 584 (7th Cir. 2005) (no discovery violation where plaintiffs' delay in amending their interrogatory responses was caused by the defendants' own "delay in producing the relevant documents"); *Prins v. International Tel. & Tel Corp.*, 757 F. Supp. 87, 94 (D.D.C. 1991) (no discovery violation found because plaintiff supplemented his earlier discovery at the earliest available opportunity).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of July, 2007, I caused a true and correct copy of the foregoing **RESPONSE TO SCO'S OPPOSITION TO NOVELL'S EVIDENTIARY OBJECTIONS TO SCO'S EXHIBITS SUBMITTED IN CONNECTION WITH SUMMARY JUDGMENT MOTIONS** to be served to the following:

*Via CM/ECF:*

> Brent O. Hatch
> Mark F. James
> HATCH JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
>
> Stuart H. Singer
> William T. Dzurilla
> Sashi Bach Boruchow
> BOIES, SCHILLER & FLEXNER LLP
> 401 East Las Olas Blvd., Suite 1200
> Fort Lauderdale, Florida 33301
>
> David Boies
> Edward J. Normand
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504
>
> Devan V. Padmanabhan
> John J. Brogan
> DORSEY & WHITNEY, LLP
> 50 South Sixth Street, Suite 1500
> Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

> Stephen Neal Zack
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

/s/ Heather M. Sneddon

7