# APPENDIX B

Dockets.Justia.com

```
 1
 2                IN THE UNITED STATES DISTRICT COURT
 3
 4         FOR THE DISTRICT OF UTAH, CENTRAL DIVISION
 5
 6                                    _____
                                             )
 7  THE SCO GROUP, INC.                      )
                                             )
 8                                           )
       Plaintiff/Counterclaim-Defendant,     )
 9                                           )
                                             )
10        vs.                                )  Case No.
                                             )  2:04-CV-139 DAK
11                                           )
    NOVELL, INC.,                            )
12                                           )
                                             )
13    Defendant/Counterclaim-Plaintiff.      )
                                             )
14
15
16
17            BEFORE THE HONORABLE DALE A. KIMBALL
18                   DATE:  JUNE 4, 2007
19            REPORTER'S TRANSCTIPT OF PROCEEDINGS
20                       MOTION HEARING
21                         VOLUME II
22
23
24
25                       Reporter:  REBECCA JANKE, CSR, RMR
```

1

1  any inconsistency, is a firm and solid plain language
2  basis on which the Court should grant summary judgment
3  that we received the copyrights.
4            I will discuss at the end of my argument the
5  Section 204 copyright transfer issue.
6                     But if one turned to the extrinsic evidence,
7  again, the extrinsic evidence fully supports our
8  position.  Now, it is well established that extrinsic
9  evidence is admissible to give effect to the intent of
10 the parties, and we submit that, as we have before, at
11 tab 10 in our book, what Novell has done in response is
12 raise a whole series of evidentiary objections, mainly
13 in a 60-page set of objections filed after their reply
14 brief on Tuesday of last week.
15           The short answer to those is, first of all,
16 it's silly to suggest that there would be separate
17 evidence of intent regarding, for example, the Bill of
18 Sale.  You look at the transaction as a whole and what is
19 the intent of that deal.  At tab 11 we cite California
20 Civil Code, which makes clear that particular clauses of
21 a contract are subordinate to its general intent.  At tab
22 12, we briefly deal with the litany of objections which
23 are being raised to this and other of the extrinsic
24 evidence.  The Court doesn't need to reach it if it
25 agrees with our plain language interpretation.

1       But clearly what the people who put the deal
2 together at the time believed they were transferring is
3 relevant evidence.  As we will see, those witnesses had
4 personal knowledge of the transaction.  It's not hearsay
5 when a Novell witness makes that statement about what was
6 said.  And this doesn't turn on issues of expert opinion.
7 And, to the extent we use any depositions from the IBM
8 case, those certainly stand equal to declarations which
9 we can also use on summary judgment.
10      If we turn to tab 14, we have a list of the
11 individuals, and it gives a little bit about the
12 foundation on which they testified from personal
13 knowledge.  And if we turn to tab 15, I'd like to go over
14 some of that in a little more detail, and, again,
15 starting with the Novell witnesses.
16      Your Honor, I've litigated a lot of cases over
17 the past 20 years, and I'm sure Your Honor has litigated
18 many cases.  I can't think of a case where -- you have
19 cases where maybe you get one witness on the other side
20 who agrees with your position, and you're fortunate to
21 get that.  I can't think of a case where virtually every
22 witness, with the exception of a couple of lawyers we
23 will talk about in a moment, but every businessman
24 involved in the transaction in structuring the deal, from
25 the Novell side, agrees with our position, starting with

52

```
 1 the SVRX revenues.  But we hope we don't need to get
 2 there.
 3           Thank you very much, Your Honor.
 4           THE COURT:  Thank you, Mr. Jacobs.
 5           Thank you both.
 6           I will take these motions under advisement.  I
 7 appreciate your efficient arguments and your brilliant
 8 briefs.  We will be in recess.
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25      (Whereupon the proceedings were concluded.)
```

```
 1
 2                    REPORTER'S CERTIFICATE
 3 STATE OF UTAH           )
 4                         ) ss.
 5 COUNTY OF SALT LAKE     )
 6
 7          I, REBECCA JANKE, do hereby certify that I am a
 8 Certified Court Reporter for the State of Utah;
 9          That as such Reporter I attended the hearing of
10 the foregoing matter on June 4, 2007, and thereat
11 reported in Stenotype all of the testimony and
12 proceedings had, and caused said notes to be transcribed
13 into typewriting, and the foregoing pages numbered 1
14 through 85 constitute a full, true and correct record of
15 the proceedings transcribed.
16          That I am not of kin to any of the parties and
17 have no interets in the outcome of the matter;
18          And hereby set my hand and seal this 11th day
19 of June, 2007.
20
21
22
23
24                              _____
25                              REBECCA JANKE, CSR, RPR, RMR
```

86