IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **THE SCO GROUP, INC.,** | |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| **NOVELL, INC.,** | Civil Case No. 2:04CV139DAK |
| Defendant. | |

This case is set for a twenty-one day jury trial to begin on September 17, 2007, at 8:30 a.m. In order to expedite the conduct of the trial in this case, counsel are instructed as follows:

**A. Joint Statement**

In light of the court's Memorandum Decision and Order on the parties' pending motions for summary judgment, the court orders the parties to submit a joint statement identifying the remaining claims in the case that are proceeding to trial and the anticipated length of the trial. The court expects that the length of the trial will be substantially shorter. This statement must be filed by **Friday, August 17, 2007**.

**B. Motions in Limine**

All motions in limine must be filed by **August 24, 2007**. Memoranda in opposition to any motions in limine must be filed no later than **August 31, 2007**. Reply memoranda, if necessary, must be filed by **September 4, 2007.** The court will notify the parties if a hearing will

be held on the motions.

**C.. Proposed Voir Dire, Jury Instructions, and Special Verdict Form**

    1. *Proposed Voir Dire*

The parties must submit any proposed voir dire no later than **September 10, 2007**.

    2. *Special Verdict Form*

The parties must submit a proposed special verdict form no later than **September 10, 2007**. In addition to filing the special verdict form electronically, the parties must email a copy of the special verdict form to utdecf_kimball@utd.uscourt.gov in Word Perfect format. Any objection the parties have to the other party's proposed special verdict form shall be filed by **September 13, 2007.**

    3. *Jury Instructions*

    *(a) stock instructions*

Upon request, the court will provide the parties with its stock jury instructions for civil cases. The court will give its stock instructions applicable to this case unless both parties agree to modify them and provide convincing arguments for such changes. The parties shall not submit stock instructions that deal with the same subject matter as the court's stock instructions. When submitting their instructions, the parties shall indicate in a list to the court which of the court's stock instructions should be given. The parties need not resubmit the court's stock instructions.

*(b) additional instructions*

All additional jury instructions must be submitted according to the following procedure:

1. The parties shall serve upon the opposing party their proposed jury instructions by **August 20, 2007**. The parties must then meet and confer to agree on a single set of instructions. The parties are required to *jointly submit one set of stipulated final instructions.*

2. If the parties cannot agree upon a complete set of final instructions, they may submit separately those instructions upon which they cannot agree. However, the parties are expected to agree upon the majority of the substantive instructions for the case.

3. The stipulated instructions and each party's supplemental instructions must be electronically filed with the court by **August 29, 2007**. In addition to electronically filing the jury instructions, the parties shall also email a copy of the instructions, *without* citation to authority, to utdecf_kimball@utd.uscourts.gov in Word Perfect format.

4. No later than **September 5, 2007**, each party must file its objections to the supplemental instructions proposed by the other party. All such objections must recite the proposed disputed instruction in its entirety and specifically highlight the objectionable language in the proposed instruction. The objection must contain citations to authority and a concise argument explaining why the instruction is improper. If applicable, the objecting party should submit an

alternative instruction addressing the subject or principle of law.

5.  No later than **September 12, 2006**, each party may file a reply to the opposing party's objections.

### D.  Trial Exhibits

Pursuant to Local Rule 83-5, each party is required to pre-mark all exhibits intended to be introduced during trial and prepare an exhibit list for the court's use at trial.  Exhibit labels (stickers) are available at the Intake Desk in the Clerk's Office.  The standard exhibit list form is available on the Court's website (www.utd.uscourts.gov).  Plaintiffs should list their exhibits by consecutive numbers and defendants should list their exhibits by consecutive letters, unless authorized by the Court to use a different system.

Do **NOT** file the exhibit list or the exhibits.  The exhibit list is to be provided to the Courtroom Deputy Clerk on the first morning of trial; the exhibits are to remain in the custody of counsel until admitted as evidence by the Court.

### E.  Pretrial Disclosures, Pretrial Order, and Attorneys' Conference

This Trial Order does not affect the parties' pre-trial requirements under the Federal Rules of Civil Procedure.  The parties shall submit their pretrial order to the court no later than **September 7, 2007**.  The form of the pretrial order shall conform generally to the approved form in Appendix IV to the district court's Local Rules of Practice.  The parties shall also still hold their pre-trial attorneys' conference before the date for submitting the pre-trial order to discuss settlement, a proposed pretrial order, exhibit lists, jury instructions, and other matters that will aid in an expeditious and productive trial.  The pretrial order submitted by the parties shall

identify the date counsel for the parties' held their attorneys' conference and the counsel present for the conference.

**F.  Settlement**

In the event that a settlement is reached between the parties, the court should be notified as soon as possible.

DATED this 10th day of August, 2007.

_____
DALE A. KIMBALL
United States District Judge