**MORRISON & FOERSTER LLP**
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

**ANDERSON & KARRENBERG**
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone:  (801) 534-1700
Facsimile:  (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>       Plaintiff & Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>       Defendant & Counterclaim-Plaintiff. | **JOINT STATEMENT**<br><br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Defendant and Counterclaim-Plaintiff Novell, Inc. ("Novell"), by and through its counsel, and Plaintiff and Counterclaim-Defendant The SCO Group, Inc. ("SCO"), by and through its counsel, hereby submit the following statement in response to the Court's August 10, 2007 Memorandum Decision and Order, Docket No. 378, directing the parties "to submit a joint statement identifying the remaining claims in the case that are proceeding to trial and the anticipated length of trial."

The parties propose that the Court's August 10, 2007 Memorandum Decision and Order, Docket No. 377, has had the following effect on trial:

**SCO Claims for Relief[1]**

**1 - Slander of Title:** The parties agree this claim is dismissed in its entirety.

**2 - Breach of the APA and TLA:** The parties agree this claim is dismissed to the extent it concerns the UNIX and UnixWare copyrights the Court has held were retained by Novell, and to the extent it concerns Novell's waiver of claims asserted against IBM and Sequent. The parties agree that the Court did not dismiss any alleged portion of the claim concerning technology other than the UNIX and UnixWare copyrights the Court has held were retained by Novell. The parties disagree as to whether SCO has pled or can pursue such a claim, but agree that any such portion is stayed by the Court's August 21, 2006 Order pending resolution of the SuSE arbitration. No aspect of this claim will be tried during the September 2007 trial.

**3 - Alternative Breach-of-Contract Claim Seeking Specific Performance:** The parties agree this claim is dismissed in its entirety.

**4 - Copyright Infringement:** The parties agree that this claim is stayed by the Court's August 21, 2006 Order pending resolution of the SuSE arbitration.

**5 - Unfair Competition:** The parties agree this claim is dismissed to the extent it concerns the UNIX and UnixWare copyrights the Court has held were retained by Novell, and to

---

[1] Second Amended Complaint, Docket No. 96. SCO reserves the right to file a motion for clarification and/or reconsideration of the Order. Novell reserves the right to oppose any such motions.

2

the extent it concerns Novell's waiver of claims asserted against IBM (including Sequent). The parties agree that the Court did not dismiss any alleged portion of the claim concerning technology other than the UNIX and UnixWare copyrights the Court has held were retained by Novell. The parties disagree as to whether SCO has pled or can pursue such a claim, but agree that any such portion is stayed by the Court's August 21, 2006 Order pending resolution of the SuSE arbitration. No aspect of this claim will be tried during the September 2007 trial.

**Novell Claims for Relief**[2]

**1 - Slander of Title:** The parties agree that Novell shall dismiss this claim without prejudice to renewing it should there be any subsequent adjudication or trial of copyright ownership-related issues. The parties will incorporate this agreement into the proposed final judgment.

**2 - Breach of Contract - §§ 1.2(b) and 1.2(f) of the Asset Purchase Agreement:** Novell presently intends to pursue this claim at trial. SCO reserves the right to argue this Count is resolved by the Court's ruling.

**3 - Breach of Contract - §§ 1.2(b) and 4.16(a) of the Asset Purchase Agreement:** The parties agree that the Court's Order finds SCO liable for breach of the APA as to the Sun and Microsoft licenses, leaving only the proper apportionment of the Sun and Microsoft royalties for trial. SCO reserves the right to argue by motion that to the extent SCO licensed SVRX only incidentally to a UnixWare license in the Sun and Microsoft licenses (or any other licenses), SCO did not breach the APA and Novell is not entitled to any apportionment of the Sun and Microsoft royalties (or royalties for any other licenses). Novell believes that such an argument is foreclosed by the Court's Order. The trial will also address whether SCO breached the APA by

---

[2] Amended Counterclaims, Docket No. 142. SCO also reserves the right to challenge by in limine and other affirmative motions Novell's intent to litigate certain of its counterclaims (as noted below). Novell reserves the right to oppose any such motion and to bring in limine and other affirmative motions with respect to its claims.

3

failing to remit SVRX Royalties from SCO's remaining SCOsource licenses and the amount of those royalties that should be apportioned to Novell.[3]

**4 - Declaratory Relief - Rights and Duties Under § 4.16(b) of the Asset Purchase Agreement, § B of Amendment No. 2:** The parties agree that the Court's Order establishes that Novell is entitled to direct SCO to waive claims against IBM, Sequent, and other SVRX licensees; that Novell is entitled to waive such claims on SCO's behalf; and that SCO is obligated to recognize such a waiver. At trial, Novell will seek a declaration that SCO was also obligated to seek Novell's approval prior to entering into new SVRX licenses or amendments to SVRX licenses and that SCO therefore had no authority to enter into the Microsoft, Sun, and other SCOsource licenses. SCO reserves the right to argue by motion that to the extent SCO licensed SVRX only incidentally to UnixWare in the Sun and Microsoft licenses (or any other licenses), SCO was not obligated to seek Novell's approval prior to entering into any such licenses. Novell believes that such an argument is foreclosed by the Court's Order.

**5 - Declaratory Relief - Rights and Obligations Under APA's Covenant of Good Faith and Fair Dealing:** Novell intends to pursue this claim at trial. SCO reserves the right to argue this Count is moot in light of the Court's ruling.

**6 - Constructive Trust/Restitution/Unjust Enrichment:** Novell contends that the Court's Order resolves any question as to SCO's liability for unjust enrichment as to the Sun and Microsoft licenses, leaving only the proper apportionment of the Sun and Microsoft royalties for trial. SCO reserves the right to argue by motion that to the extent SCO licensed SVRX only incidentally to UnixWare in the Sun and Microsoft licenses (or any other licenses), SCO did not breach the APA and Novell is not entitled to any apportionment of the Sun and Microsoft

---

[3] Novell also contended that SCO breached the APA by failing to remit certain miscellaneous SVRX Royalties over the history of SCO's administration of SVRX licenses. As these royalties constitute only a small portion of the recovery sought and as seeking these royalties would add considerably to the complexity of the trial, Novell does not intend to pursue, under any claim, the royalties reflected on Exhibits 6, 7, and 8 of Terry Musika's Supplemental Expert Report on Damages or the associated prejudgment interest.

4

royalties (or royalties for any other licenses). Novell believes that such an argument is foreclosed by the Court's Order. The trial will also address whether SCO unjustly enriched itself by retaining SVRX Royalties from SCO's remaining SCOsource licenses and the amount of those royalties that should be apportioned to Novell.

**7 - Breach of Fiduciary Duty:** Novell contends that the Court's Order resolves any question as to SCO's liability for its breach of fiduciary duties as to the Sun and Microsoft licenses, leaving only the proper apportionment of the Sun and Microsoft royalties for trial. SCO reserves the right to argue by motion that to the extent SCO licensed SVRX only incidentally to UnixWare in the Sun and Microsoft licenses (or any other licenses), SCO did not breach the APA and Novell is not entitled to any apportionment of the Sun and Microsoft royalties (or royalties for any other licenses). Novell believes that such an argument is foreclosed by the Court's Order. The trial will also address: whether SCO breached its fiduciary duties by retaining SVRX Royalties from SCO's remaining SCOsource licenses; the amount of those royalties that should be apportioned to Novell; whether SCO breached its fiduciary duty by failing to comply with the audit provisions of the APA; and whether that breach is a further reason why any questions as to royalty apportionment should be decided against SCO. SCO reserves the right to argue that these issues are moot by the Court's ruling, that the only issues to be tried should be the apportionment of royalties between SVRX royalties and non-SVRX royalties, including whether the SVRX aspect of licenses are incidental to SCO's licensing of UnixWare such that no royalties are due at all.

**8 - Conversion:** Novell contends that the Court's Order resolves any question as to SCO's liability for its conversion of Sun and Microsoft license royalties, leaving only the proper apportionment of the Sun and Microsoft royalties for trial. SCO reserves the right to argue by motion that to the extent SCO licensed SVRX only incidentally to Novell in the Sun and Microsoft licenses (or any other licenses), SCO did not breach the APA and Novell is not

entitled to any apportionment of the Sun and Microsoft royalties (or royalties for any other licenses). Novell believes that such an argument is foreclosed by the Court's Order. The trial will also address whether SCO converted SVRX Royalties from SCO's remaining SCOsource licenses and the amount of those royalties that should be apportioned to Novell.

**9 - Accounting:** The parties agree that the Court's Order moots this claim. No aspect of this claim will be tried during the parties' September 2007 trial.

Further, the parties have agreed that Novell will not pursue punitive damages under any claim, without prejudice to seeking such relief should there be any subsequent adjudication or trial in this action or any enlargement of the issues for this trial beyond that contemplated by this report. The parties will incorporate this agreement into the proposed final judgment.

**Trial Length**

The parties agree that the trial will be considerably shorter than the three weeks presently reserved. The parties continue to meet and confer as to whether the trial will proceed before the bench, a jury, or both. As a general matter, Novell believes that the disputes remaining for trial would be appropriate to try to the Court, while SCO requested a jury trial and contends that a jury trial is appropriate. The parties will report the results of this meet and confer, along with a more precise estimated trial length, by August 24, 2007.

DATED:   August 17, 2007

ANDERSON & KARRENBERG

_/s/ Heather M. Sneddon_
Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
**Attorneys for Novell, Inc.**

DATED: August 17, 2007

                              BOIES, SCHILLER & FLEXNER LLP

                              */s/ Edward J. Normand*
                              *(Signed by filing attorney with permission from*
                              *Edward J. Normand)*
                              Edward J. Normand
                              **Attorneys for The SCO Group, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August, 2007, I caused a true and correct copy of the foregoing **JOINT STATEMENT** to be served to the following:

*Via CM/ECF:*

> Brent O. Hatch
> Mark F. James
> HATCH JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah  84101
>
> Stuart H. Singer
> William T. Dzurilla
> Sashi Bach Boruchow
> BOIES, SCHILLER & FLEXNER LLP
> 401 East Las Olas Blvd., Suite 1200
> Fort Lauderdale, Florida  33301
>
> David Boies
> Edward J. Normand
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York  10504
>
> Devan V. Padmanabhan
> John J. Brogan
> DORSEY & WHITNEY, LLP
> 50 South Sixth Street, Suite 1500
> Minneapolis, Minnesota  55401

*Via U.S. Mail, postage prepaid:*

> Stephen Neal Zack
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida  33131

/s/ Heather M. Sneddon