MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **MEMORANDUM IN SUPPORT OF NOVELL'S MOTION TO STRIKE SCO'S JURY DEMAND**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

## BACKGROUND

In the wake of the Court's August 10 Memorandum Decision and Order, the parties have narrowed the issues for trial to just three:

- Are additional SCOsource licenses, like the Sun and Microsoft licenses, "SVRX Licenses" within the meaning of the APA?

- What proportion of the payments retained by SCO from the Sun, Microsoft and additional SCOsource licenses must be restored to Novell?

- Did SCO have authority under the APA to enter into the Sun, Microsoft, and additional SCOsource licenses?

The only remedies Novell seeks at this point — restitution and declaratory relief — are inherently equitable.[1]  Accordingly, they are for the Court to decide, and no right to a jury trial attaches.

Novell and SCO have conferred regarding this dispute but have been unable to reach agreement.  Novell therefore seeks a determination that the remaining claims are to be tried to the Court.

## ARGUMENT

**I.  THE REMAINING CLAIMS SEEK ONLY EQUITABLE REMEDIES THAT SHOULD BE DECIDED BY THE COURT.**

Under Federal law, a party is not entitled to a jury trial in an equitable action.[2]  *Manning v. United States*, 146 F.3d 808, 811-12 (10th Cir. 1998) ("Actions at law entitle the parties to a

---

[1] As a formal matter, the parties have agreed that only Novell's Third, Fourth, Sixth, Seventh, and Eighth Claims remain for trial.  (Amended Complaint, Docket No. 142; Joint Statement, Docket No. 379; Supplemental Joint Statement, Docket No. 383.)  Novell has sought to obtain SCO's consent to also dismiss its Third Claim, but SCO will not agree.  Novell therefore also moves, by separate motion filed herewith, to dismiss its Third Claim under the same conditions as it has its First, Second, and Fifth claims.  Even if that motion is denied, however, and Novell's Third Claim remains, Novell contends (as discussed below) that the restitutionary remedy it seeks is fundamentally equitable and that therefore SCO has no right to a jury on this claim.

[2] Federal law controls whether SCO has a Seventh Amendment right to a jury in this matter.  Where a court exercises diversity jurisdiction, federal law also controls underlying questions as to whether a particular remedy is equitable or legal.  *Simler v. Conner*, 372 U.S.

(Footnote continues on next page.)

jury, but equitable cases do not."). The Supreme Court directs courts to resolve questions as to the nature of an action through a two-part inquiry. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). First, courts compare the action to "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* Second, courts "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* "The second inquiry is the more important in our analysis." *Id.; see also id.* at 569 (Seventh Amendment right "depends on the nature of the issue to be tried rather than the character of the overall action").

Here, the nature of the issues to be tried and the remedies sought by Novell are equitable. SCO therefore has no Seventh Amendment right to a jury.

### A. Novell's Restitution, Breach of Fiduciary Duty, and Conversion Claims Are Equitable Because They Seek Equitable Remedies.

"Restitution" and "breach of fiduciary duty" are historically equitable; "conversion" is historically legal.[3] More important than the names a plaintiff employs to characterize his claims,

---

(Footnote continued from previous page.)

221, 222 (1963) ("In diversity cases, . . . the substantive dimension of the claim asserted finds its source in state law, but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law."). Here, the Court is exercising supplemental jurisdiction, not diversity jurisdiction, and while we have not located controlling Supreme Court or Tenth Circuit law, we see no reason why the rule should differ. *Cf. Christopherson v. Humphrey*, 366 F.2d 323, 325 (10th Cir. 1966) (noting that "[t]he right to a jury trial in federal courts is a matter of federal law in diversity as well as other actions," citing *Simler*).

California cases are also cited as additional support. *See Mile High Indus. v. Cohen*, 222 F.3d 845, 856 n.9 (10th Cir. 2000) (holding that Federal law controlled equitable/legal characterization, citing *Simler*, but relying on Wyoming cases "as additional, supplemental authority."). Because Novell's claims arise from rights and relationships established by the APA, the APA's California choice-of-law provision applies. (Order at 43 n.4, 89.)

[3] *See, e.g., Pereira v. Farace*, 413 F.3d 330, 338 (2d Cir. 2005) ("[T]he general rule is that actions for breach of fiduciary duty, historically speaking, are almost uniformly actions in equity — carrying with them no right to trial by jury." (internal citation and quotation marks omitted)); *Crews v. Central States, Se. & Sw. Areas Pension Fund*, 788 F.2d 332, 338 (6th Cir. 1986) ("Historically, an action for restitution seeks an equitable remedy for which there is no Seventh Amendment right to a jury trial."); *Whitehead v. Shattuck*, 138 U.S. 146, 151 (1891) (noting difficulty of establishing "any general rule which would determine, in all cases, what

(Footnote continues on next page.)

however, is the *remedy* the plaintiff seeks under those claims. *Tull v. United States*, 481 U.S. 412, 421 (1987) ("We need not rest our conclusion on what has been called an 'abstruse historical' search for the nearest 18th-century analog. We reiterate our previously expressed view that characterizing the relief sought is 'more important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial."); *Benach v. County of Los Angeles*, 149 Cal. App. 4th 836, 845 (2007) (the "label attached to a complaint or cause of action does not control").

Classic "legal" damages remedies compensate a *plaintiff* for *its injuries* — *e.g.*, lost profits, expenses incurred as a consequence of the harm and the like. By contrast, "equitable" remedies, whether phrased as restitution, unjust enrichment, disgorgement, accounting, constructive trust, etc., require a defendant to turn over to the plaintiff the *benefits* the *defendant* gained unjustly, regardless of whether the defendant caused any harm to the plaintiff.

Fundamentally, Novell's Sixth, Seventh, and Eighth Claims, as narrowed for trial, each seek the same equitable remedy — the restitution of SVRX Royalties wrongfully retained by SCO. Novell's Sixth Claim seeks "restitution of all monies constituting SCO's unjust enrichment" and imposition of a "constructive trust on revenues SCO unjustly received." (Am. Compl. ¶¶ 135-36, Docket No. 142.) Novell's Seventh Claim likewise seeks the imposition of a constructive trust. (*Id.* ¶ 142.) The Eighth Claim also seeks a constructive trust, as well as "a writ of replevin, ordering the immediate return of the wrongfully withheld royalties."[4] (*Id.*

---

(Footnote continued from previous page.)

should be deemed a suit in equity as distinguished from an action at law," but finding conversion claim historically legal).

[4] The Seventh and Eighth Claims also seek special damages for, *e.g.*, Novell's "costs associated with making repeated requests for information necessary to confirm SCO's compliance with its contractual obligations to administer [the] SVRX licensing program." (*Id.* ¶¶ 141, 148.) As Novell informed SCO during the meet and confer on the parties' *in limine* motions, Novell will not seek these damages at trial. Novell has also dropped any claim for punitive damages.

¶¶ 149-150.) These claims do not seek the classic form of legal "damages" — compensation for harm done to Novell — and therefore do not entitle SCO to a jury trial.

This doctrine is well-settled. In the course of analyzing whether a claim seeking restitution entitled the defendants to a jury, Judge Friendly observed:

> [T]he court must analyze the nature of the claim for a money judgment. If that claim was triable to a jury, it must still be so tried although it was asserted in a suit where the basic relief sought was equitable. The name which the complaint affixes to the money claim is not controlling, and if the money claim is triable to a jury it must be tried first.
>
> On the other hand, not all money claims are triable to a jury. A historic equitable remedy was the grant of restitution by which defendant is made to disgorge ill-gotten gains or to restore the status quo, or to accomplish both objectives. And when restitution is sought in the form and in the situations allowed in equity prior to the rules or authorized by valid statutes there is no right to jury trial.

*SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 95 (2d Cir. 1978); *see also Crews*, 788 F.2d at 338 ("[A]n action for restitution seeks an equitable remedy for which there is no Seventh Amendment right to a jury trial."); *see generally Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002) ("[F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.").[5]

Indeed, even classically "legal" claims do not give rise to any right to a jury where the remedy sought is equitable. In *C & K Eng'g Contractors v. Amber Steel Co.*, 23 Cal. 3d 1, 9 (1978), the court considered whether a claim "seek[ing] recovery of damages for breach of

---

[5] *See also Kim v. Yi*, 139 Cal. App. 4th 543, 546, 549-50 (2006) (action for apportionment of settlement proceeds; held that apportionment of monies held in trust is "consistently characterized as equitable in nature"; no right to jury trial); *Getty v. Getty*, 187 Cal. App. 3d 1159, 1176 (1986) (where defendant alleged to breach fiduciary duties by stealing funds that should have been held in trust, court held that remedies sought were "equitable in nature"; no right to a jury); *Van De Kamp v. Bank of Am.*, 204 Cal. App. 3d 819, 864 (1988) (holding that, "where the fiduciary becomes liable for various sums of money and plaintiffs do not know what money is due them," the claim is equitable even though it seeks "damages," and therefore affirming grant of motion to vacate jury trial in favor of bench); *Johansen v. Pelton*, 8 Cal. App. 3d 625, 633 (1970) (restitution is an equitable remedy).

4

contract" sounded in equity or law. After acknowledging that such a claim was typically "an action at law in which a right to jury trial ordinarily would exist," the court held that because the underlying remedy sought — enforcement of a promise through estoppel — was equitable, the plaintiff had no right to a jury. *Id.* at 9, 11 ("the legal or equitable nature of a cause of action ordinarily is determined by the mode of relief to be afforded"); *see also Klein v. Shell Oil Co.*, 386 F.2d 659, 664 (8th Cir. 1967) (no right to jury trial where "despite the ingenious efforts of plaintiffs to label and characterize their claim as one for legal relief, the conclusion is inescapable that the remedy they sought was purely equitable in nature"); *In re Friedberg*, 131 B.R. 6, 12 (S.D.N.Y. 1991) (breach of contract action was "wholly equitable" and did not trigger right to jury trial where it effectively sought specific performance of clause requiring return of deposit); *De Guere v. Universal City Studios, Inc.*, 56 Cal. App. 4th 482, 507-08 (1997) (holding that where breach of contract action was at its base an action seeking accounting of monies improperly withheld, claim was equitable and defendant had no right to jury)).

In sum, because Novell's Sixth, Seventh, and Eighth Claims all seek the equitable remedy of restitution, SCO is not entitled to a jury trial on these claims under Federal or California law.

### B. Novell's Declaratory Relief Claim is Equitable Because It Seeks an Equitable Remedy.

In its Fourth Claim, Novell seeks a declaration that "SCO had no authority to enter into the Sun and Microsoft SVRX Licenses, as well as the Intellectual Property Licenses with Linux end users and UNIX vendors." (Am. Compl. ¶ 123.) While a contract-based claim for declaratory relief can be either equitable or legal, depending on the nature of the remedy sought, here the relief Novell seeks is purely equitable.

The Tenth Circuit has held that "[t]he Declaratory Judgment Act does not create a right to a jury trial, but merely preserves the right where one already exists. Declaratory relief may be legal or equitable depending on the basic nature of the underlying issues. . . . [T]he nature of the remedy that the plaintiff seeks in a contract action determines whether [a party] is entitled to a

5

jury trial." *Fischer Imaging Corp. v. Gen. Elec. Co.,* 187 F.3d 1165, 1168-69 (10th Cir. 1999). In *Fischer*, the Tenth Circuit held that a declaratory judgment action seeking a determination of a reasonable price for medical devices under the parties' purchase agreement was an action at law because, absent a declaratory action, the suit would be one for damages in which a reasonable price was a factual issue determined by the jury. *Id*. at 1171-74. "The issue in the present case, the reasonable price of goods, is a question of fact, not one of law[,]" the court reasoned, as distinguished from a claim "requir[ing] a judge to construe a contract." *Id.* at 1173.

Where, as here, a declaratory judgment claim seeks construction of a contract and no relief akin to damages, it is an equitable claim that does not implicate the Seventh Amendment right to a jury trial. *See Manning,* 146 F.3d at 813 (holding no right to jury where declaratory action sought no money, just declaratory relief); *Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1189 (3d Cir. 1979) (defendant had no right to jury trial in declaratory judgment action that sought determination that option contract was valid and that involved "no claim for damages or any other legal remedy"); *Medtronic, Inc. v. Benda*, 689 F.2d 645 (7th Cir. 1982) (adopting trial court's determination that defendant had no right to jury trial in declaratory judgment action that sought determination that contract provision was valid and that did not seek damages); *Burlington N. R.R. Co. v. Nebraska Public Power Dist.*, 931 F. Supp. 1470, 1483 (D. Neb. 1996) (defendant counterclaimant had no right to a jury trial of its declaratory judgment claims requiring "construction of various provisions of a very complex contract" and not seeking damages).

Indeed, construction of a contract, such as Novell seeks, was not the province of the jury at the time the Seventh Amendment was adopted. *Burlington*, 931 F. Supp. at 1484. Drawing on the Supreme Court's decision in *Markman v. Westview Instruments, Inc*., 517 U.S. 370 (1996), the *Burlington* court reasoned:

> As the Supreme Court has unanimously stated, "we . . . know that . . . during this period judges, not juries, ordinarily construed written documents." In fact "it was generally the practice of judges in the late 18th century 'to keep the construction of writings out of the jury's hands and reserve it for themselves,' a 'safeguard'

6

> designed to prevent a jury from 'constru[ing] or refin[ing] it at pleasure.'
>
> . . .
>
> As *Markman* makes clear, this type of "plenary interpretation of written instruments" was simply not given to juries at the time the Seventh Amendment was adopted, and for good reason. Juries lacked the training to properly supply "the meaning of documentary terms." Even a cursory review of the interpretative principles which govern cases like this makes clear why juries in 1791 (and today) lacked the training.
>
> In conclusion, as Justice Souter has observed, the interpretative function is better left to judges because the "construction of written instruments is one of those things that judges often do and are likely to do better than jurors unburdened by training in exegesis [interpretation]." *Consequently, it is not necessary (or proper) for "the jury [to] shoulder [the] responsibility" of construction of the contract in this case in order to "preserve the 'substance of the common-law right of trial by jury.'* "

931 F. Supp. at 1483-84 (internal citations omitted) (italics added).

Similarly, in an action for declaratory judgment governed by California law, "there is no right to a trial by jury where the gist of the action is for the enforcement of a right cognizable only in equity." *Fowler v. Ross*, 142 Cal. App. 3d 472, 478 (1983). Moreover, under California law,

> It is well established that a true action for declaratory relief is equitable: An action for declaratory relief is an equitable proceeding and the powers of a court are as broad and extensive as those exercised by such court in any ordinary proceeding in equity. *It is elementary that questions relating to the formation of a contract, its validity, its construction and effect, excuses for nonperformance, and termination are proper subjects for declaratory relief.*

*Caira v. Offner*, 126 Cal. App. 4th 12, 24 (2005) (italics added) (affirming trial court's determination that action to quiet title was equitable and jury verdict was therefore advisory), citing *Fowler*, 142 Cal. App. 3d at 478. In *Fowler*, the court held defendants had no right to a jury trial of a claim for declaratory relief concerning the interpretation of a real estate contract. 142 Cal. App. 3d 472. "Unlike an action at law which ordinarily seeks damages," the court reasoned, "the plaintiffs here sought only a declaration of their rights and duties under the

7

contract." *Id*. at 478. "This is purely equitable in nature and that is the only relief the court provided." *Id*.

To be sure, as under federal law, in some instances a contract-based claim for declaratory relief is legal in nature. "[A] declaratory action to identify rights is distinct from a coercive action to enforce rights." *Caira*, 126 Cal. App. 4th at 24. Thus, "[w]here an action for declaratory relief is in effect used as a substitute for an action at law for *breach of contract*," a party is entitled to a jury trial. *Id.* at 25 (italics in original). "That is because *a suit to recover damages for breach of contract* is an action at law in which a right to a jury trial ordinarily exists." *Id.* at 15 (italics added).

Here, by contrast, Novell is not using its claim for declaratory judgment as a proxy for a legal claim by which it can recover damages from SCO. Instead, Novell's claim seeks no damages and instead concerns only "the construction and effect" of contract language — namely, whether the APA authorized SCO to enter into the Sun and Microsoft licenses without Novell's explicit approval. *See Caira*, 126 Cal. App. 4th at 24; *Nwosu v. Uba*, 122 Cal. App. 4th 1229, 1241 (2004) (claim for declaratory relief seeking judicial determination of rights under agreement to transfer property was equitable claim that did not entitle plaintiff to jury trial); *Culbertson v. Cizek*, 225 Cal. App. 2d 451, 465 (1964) (claim for declaratory relief seeking construction of contract was equitable; "the court in a declaratory relief action may properly determine questions as to rights and duties arising out of an existing contract"); *Evans v. Citizens Nat'l Trust & Savings Bank of Riverside*, 29 Cal. App. 2d 133, 143 (1938) (in action for declaratory relief to determine contractual rights to manufacture and sell machines, trial court in its decree "was exercising its jurisdiction to completely dispose of an equitable matter submitted to it.").

In sum, because Novell's Fourth Claim seeks only declaratory relief entailing the construction of a contract and no damages or damages-like remedy, SCO is not entitled to a jury trial on this claim under Federal or California law.

## CONCLUSION

For the reasons stated above, Novell requests that the Court strike SCO's request for a jury and proceed instead with a bench trial.

DATED:   August 24, 2007

        ANDERSON & KARRENBERG

        By:   */s/ Heather M. Sneddon*

        Thomas R. Karrenberg
        John P. Mullen
        Heather M. Sneddon

        -and-

        MORRISON & FOERSTER LLP
        Michael A. Jacobs, *pro hac vice*
        Eric M. Acker, *pro hac vice*
        Kenneth W. Brakebill, *pro hac vice*
        Marc J. Pernick, *pro hac vice*
        David E. Melaugh, *pro hac vice*

        Attorneys for Defendant and
        Counterclaim-Plaintiff Novell, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August, 2007, I caused a true and correct copy of the MEMORANDUM IN SUPPORT OF NOVELL'S MOTION TO STRIKE SCO'S JURY DEMAND to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

          */s/ Heather M. Sneddon*