MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **MEMORANDUM IN SUPPORT OF NOVELL'S MOTION TO VOLUNTARILY DISMISS ITS THIRD CLAIM FOR RELIEF**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

**BACKGROUND**

In the wake of the Court's August 10 Memorandum Decision and Order, the parties have met and conferred and have considerably narrowed the issues for trial. The parties have agreed that Novell shall dismiss its First, Second, and Fifth Claims, as well as any claim for punitive damages, subject only to a right to renew such claims should there be any subsequent adjudication or trial in this action or any enlargement of the issues for trial beyond that contemplated by the August 17, 2007 Joint Statement. Novell has sought SCO's consent to also dismiss Novell's Third Claim, for breach of contract, under the same terms.

SCO will not consent, necessitating this motion seeking leave to dismiss the claim pursuant to Federal Rule of Civil Procedure 41(a)(2). Voluntary dismissal is appropriate here. The Court's August 10 Order has given Novell the bulk of the relief Novell sought under this Claim, interpreting the APA in most respects in the fashion advocated by Novell. What remains of the Third Claim is essentially duplicative of the remaining claims, and seeks the same equitable relief as those claims. Dismissing the Third Claim will further streamline this matter.

**ARGUMENT**

**I.     VOLUNTARY DISMISSAL UNDER RULE 41 IS APPROPRIATE.**

Federal Rule of Civil Procedure 41(a)(2) grants the Court authority to dismiss claims, at the request of the claimant, "upon such terms and conditions as the court deems proper." Dismissal of Novell's Third Claim is appropriate here.

The Court's August 10 Order, though it concerns motions on other claims, resolves many of the issues arising under Novell's Third Claim. In light of the Court's Order and in light of the considerably narrowed scope of trial, Novell's Third Claim is simply duplicative. As explained in Novell's Motion to Strike SCO's Jury Demand, filed herewith, the issues and remedies remaining for trial are fundamentally equitable, and arise under Novell's Fourth, Sixth, Seventh, Eighth Claims for Relief. Novell can obtain the only remedies it now seeks by way of these other remaining claims. Leaving the breach claim will only serve to complicate matters.

"Absent 'legal prejudice' to the defendant, the district court normally should grant [a Rule 41 voluntary] dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

> The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.

*Id.* Here, although the stage of litigation is considerably advanced, SCO has not engaged in any "effort or expense" that will go to waste with dismissal of this claim. Dismissal will serve the goal of simplifying this matter, making it more appropriate for a streamlined bench trial. And even if the Court does not grant Novell's Motion to Strike SCO's Jury Demand, dismissal of this claim will reduce the number and complexity of claims that go to the jury, eliminating the need for separate jury instructions.

## II. NOVELL DOES NOT SEEK A GENERAL DISMISSAL WITHOUT PREJUDICE, ONLY A NARROW RIGHT TO RENEW THE CLAIM.

Though the Court is authorized to dismiss claims without prejudice under Rule 41 (and that is in fact the default), Novell seeks only considerably more narrow rights here. Pursuant to the terms of the dismissal described in the proposed order filed herewith, Novell shall only have the right to renew its Third Claim should there be any subsequent adjudication or trial in this action or any enlargement of the issues for trial beyond that contemplated by the parties' August 17, 2007 Joint Statement. Absent such a subsequent adjudication or enlargement, Novell would have no right to renew this Claim.

## CONCLUSION

For the reasons stated above, Novell requests that the Court permit Novell to dismiss its Third Claim for Relief under the terms detailed in the accompanying proposed order.

DATED:   August 24, 2007

                        ANDERSON & KARRENBERG

                        By: */s/ Heather M. Sneddon*_____

                            Thomas R. Karrenberg
                            John P. Mullen
                            Heather M. Sneddon

                            -and-

                            MORRISON & FOERSTER LLP
                            Michael A. Jacobs, *pro hac vice*
                            Eric M. Acker, *pro hac vice*
                            Kenneth W. Brakebill, *pro hac vice*
                            Marc J. Pernick, *pro hac vice*
                            David E. Melaugh, *pro hac vice*

                            Attorneys for Defendant and
                            Counterclaim-Plaintiff Novell, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August, 2007, I caused a true and correct copy of the MEMORANDUM IN SUPPORT OF NOVELL'S MOTION TO VOLUNTARILY DISMISS ITS THIRD CLAIM FOR RELIEF to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

/s/ Heather M. Sneddon