Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted Pro Hac Vice)
BOIES SCHILLER & FLEXNER LLP
Bank of America Tower, suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 south Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiff, The SCO Group, Inc.*

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| THE SCO GROUP, INC., a Delaware corporation,<br><br>      Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>      Defendant/Counterclaim-Plaintiff. | **SCO'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATED TO OTHER LITIGATION AND COMMENTARY THEREON**<br><br>Civil No. 2:04 CV-00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |
|---|---|

Plaintiff/Counterclaim-Defendant The SCO Group ("SCO") hereby moves the Court in limine for an order instructing Novell, Inc. ("Novell"), its representatives, and its witnesses to refrain from making any direct or indirect mention whatsoever at trial before the jury of litigation pending between SCO and IBM and any commentary on such litigation or on the instant litigation, without securing the prior permission of the Court. In support, SCO states as follows:

1.   Evidence of the existing dispute and claims between SCO and IBM, a non-party to this action, is not relevant under Rule 401 of the Federal Rules of Evidence. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835 (10th Cir. 1988).

2.   Given the Court's recent ruling on summary judgment, no aspect of the litigation with IBM relates to or touches upon the questions the jury must now address. Neither the history nor circumstances of the dispute with IBM, nor the nature of the claims, has any bearing on or relevance to the remaining issues for the jury to decide. While IBM and Novell's interactions may have been at issue in SCO's claims against Novell, those claims are no longer at issue in the forthcoming trial.

3.   Any probative value in such evidence would be substantially outweighed by the danger of unfair prejudice to SCO. The fact alone that a separate lawsuit is pending, in which SCO's rights or obligations arising from the operation of its Unix and UnixWare business is questioned, may improperly prejudice the jury, or cause the jury to scrutinize the credibility of SCO's evidence and witnesses for reasons unrelated to the dispute before them.

4. The risk of such prejudice is illustrated and heightened by the commentary that has followed the IBM dispute. The nature of the claims in the IBM dispute has led to highly polarized commentary in reaction to the lawsuit. One such example is the website Groklaw.com, on which a self-described former paralegal named Pamela Jones has published and continues to publish anti-SCO biased coverage of all pleadings, hearings, and events relating to SCO's pursuit of its claims against IBM, Novell, and other parties. There are other similar sites and commentary, and the Court should not allow Novell or its counsel to make any statements that might lead jurors to investigate such sources. (We do not suggest Novell's counsel will intentionally do so, but witnesses should be so instructed. We understand Novell may not oppose this part of the motion.)

Wherefore, SCO requests that the Court exercise its inherent power over the conduct of trials, and order Novell, its representatives, and its witnesses not to elicit testimony respecting the litigation pending between SCO and IBM or regarding the commentary on such litigation or on the instant litigation, and not to mention or refer to the above matters without securing the prior permission of the Court.

DATED this 24th day of August, 2007.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

2

3

DORSEY & WHITNEY LLP
Devan V. Padmanabhan


By:     /s/ Edward Normand

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 24th day of August, 2007 a true and correct copy of the foregoing **SCO'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATED TO OTHER LITIGATION AND COMMENTARY THEREON** was electronically filed with the Clerk of Court and delivered by CM/ECF to the following:

> Thomas R. Karrenberg
> John P. Mullen
> Heather M. Sneddon
> ANDERSON & KARRENBERG
> 700 Bank One Tower
> 50 West Broadway
> Salt Lake City, UT 84101
>
> Michael A. Jacobs
> Matthew I. Kreeger
> MORRISON & FOERSTER
> 425 Market Street
> San Francisco, CA 94105-2482

By:    /s/ Edward Normand

4