Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 south Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Stephen N. Zack (admitted Pro Hac Vice)
BOIES SCHILLER & FLEXNER LLP
Bank of America Tower, suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Attorneys for Plaintiff, The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| THE SCO GROUP, INC., a Delaware corporation,<br><br>      Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>      Defendant/Counterclaim-Plaintiff. | **SCO'S MOTION TO STRIKE EXHIBITS ON NOVELL'S REVISED EXHIBIT LIST NOT PREVIOUSLY DISCLOSED**<br><br>Civil No. 2:04 CV-00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |
|---|---|

Dockets.Justia.com

Plaintiff/Counterclaim-Defendant The SCO Group ("SCO") hereby moves the Court in limine for an order striking from Novell's First Amended and Second Amended Rule 26(a)(3)(C) Disclosures the documents not previously disclosed by Novell, and precluding Novell from using those documents at trial.

## BACKGROUND

On August 2, 2007, SCO and Novell exchanged and filed Rule 26(a)(3)(C) Disclosures, including lists of exhibits that each party expected to offer and may offer at trial. This exchange was pursuant to the Court's July 11, 2007 Order Re Pretrial Schedule, which required: "The parties shall file and serve their respective Rule 26(a)(3) Pretrial Disclosures by August 2, 2007."

On August 10, 2007, the Court issued its Memorandum Decision and Order, which substantially limited the claims to be tried in the upcoming trial and the issues to be decided by the jury. The Court's order, however, did not add any claims to the upcoming trial. On the same day, the Court issued an order revising certain pretrial deadlines, but maintaining the original trial date of September 17, 2007.

The Order did not provide for revised Rule 26(a)(3)(C) disclosures, and specifically stated: "This Trial Order does not affect the parties' pre-trial requirements under the Federal Rules of Civil Procedure." Nevertheless, in recognition of the fact that the Court's order had substantially narrowed the issues to be tried, the parties agreed to exchange revised Rule 26(a)(3) disclosures for the purpose of deleting documents and witnesses no longer required.

However, Novell has added 187 new documents to its August 23, 2007 submission "First Amended Novell FRCP 26(a)(3)(C) Disclosure: Exhibits That Novell Expects to or May Offer." In addition, several days later, Novell filed a Second Amended disclosure adding five additional

documents. These new documents were added by Novell three weeks after the Court's final deadline for disclosing documents to be used at trial, and just three weeks before trial. Novell has done this without requesting or receiving leave from the Court. Rather, Novell simply stated in its disclosure document: "Roughly three quarters of these exhibits are material that Novell only intends to use in the event SCO advances any new theory of SCOsource revenue apportionment." However, Novell does not indicate which of the nearly two hundred new documents this statement applies to, nor does Novell explain why these documents would be relevant or why they could not have been disclosed before. If Novell feels that SCO is advancing a "new" theory of apportionment, it should move for leave to supplement its list at that time and justify the additions – not unilaterally add documents based on the hypothetical possibility that a new theory is advanced.

SCO followed the rules and did not add documents or witnesses to its list.

SCO is prejudiced by having to deal with numerous new documents just weeks before trial. SCO's prejudice is further exacerbated by the fact that Novell identified few of these new documents in response to SCO's interrogatory requests. Interrogatory Number 9, in particular, asked Novell to "identify all facts, bases, and evidence in support of each of the counterclaims in Novell's Amended Counterclaims dated September 21, 2006."

## DISCUSSION

The proper remedy is to strike these new documents from Novell's exhibit list and preclude Novell from using them at trial. Rule 16(f) provides that, "If a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the

orders provided in Rule 37(b)(2)(B), (C), (D)." By introducing new documents weeks after the Court's deadline for completing Ruler 26 disclosures, Novell indisputably failed to obey the Court's scheduling order.

The appropriate sanction is set forth in Rule 37. Rule 37(b)(2)(B) permits an order prohibiting the disobedient party "from introducing designated matters in evidence." In other words, "Rule[] 37(b)(2) expressly permits the court to strike pleadings and prohibit the introduction of evidence not disclosed in a timely fashion." Giesting v. Storz Instrument Co., 171 F.R.D. 311 (D. Kan. 1997) (emphasis added). Thus, in Giesting v. Storz Instrument Co., 171 F.R.D. 311 (D. Kan. 1997), the court struck seventy additional exhibits from the defendant's supplemental final exhibit list because the defendant "neither sought nor received leave of court to file the list of seventy additional exhibits at a time well after the discovery deadline had ended." Id.

Under Rule 37, exclusion of the evidence from trial is appropriate unless Novell demonstrates that it had "substantial justification" for failing to comply with the Court's order requiring disclosure, or that its failure to do so was "harmless." Fed. R. Civ. P. 37(c); Saudi v. Valmet-Appleton, Inc., 219 F.R.D. 128, 132 (E.D. Wis. 2003) (excluding witnesses who were disclosed after court deadline for disclosure). Specifically, Rule 37(c) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Novell cannot demonstrate that its failure to disclose these additional documents by the Court's deadline was "substantially justified" or "harmless." Novell has identified nearly two

3

hundred new documents just three weeks before trial. While the Court's August 10, 2007 Order substantially narrowed the scope of the trial, it did not add any claims. Thus, the amended disclosures should have removed documents, not added new documents. Moreover, because Novell's belated disclosure was made just weeks before trial, it is not harmless to SCO. Rather, SCO is prejudiced in its ability to analyze and research this volume of new documents with such a short time before trial.

## CONCLUSION

Wherefore, SCO respectfully requests that the Court enter an Order striking from Novell's First and Second Amended Rule 26(a)(3)(C) Disclosures the documents not previously disclosed by Novell, and precluding Novell from using those documents at trial.

DATED this 24th day of August, 2007.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

DORSEY & WHITNEY LLP
Devan V. Padmanabhan

By:     /s/ Edward Normand

4

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 24th day of August, 2007 a true and correct copy of the foregoing **SCO'S MOTION TO STRIKE EXHIBITS ON NOVELL'S REVISED EXHIBIT LIST NOT PREVIOUSLY DISCLOSED** was electronically filed with the Clerk of Court and delivered by CM/ECF to the following:

> Thomas R. Karrenberg
> John P. Mullen
> Heather M. Sneddon
> ANDERSON & KARRENBERG
> 700 Bank One Tower
> 50 West Broadway
> Salt Lake City, UT 84101
>
> Michael A. Jacobs
> Matthew I. Kreeger
> MORRISON & FOERSTER
> 425 Market Street
> San Francisco, CA 94105-2482

By: ___/s/ Edward Normand___