MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>  Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>  Defendant and Counterclaim-Plaintiff. | **OPENING BRIEF IN SUPPORT OF NOVELL'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE SCO FROM CHALLENGING QUESTIONS ALREADY DECIDED AS A MATTER OF LAW**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

## RELIEF REQUESTED

Novell requests that this Court bar SCO from introducing evidence or argument that run contrary to the Court's Order.

## ARGUMENT

The Court's August 10, 2007 Memorandum Decision and Order ("Order") considerably limited the scope and nature of the trial. SCO should not be permitted to introduce evidence or argument that questions or challenges matters that the Court has already decided as a matter of law, as such evidence or argument is irrelevant and inconsistent with the law of the case.

For purposes of this motion, Novell regards the following as the Court's principal holdings:

<u>Copyright Ownership</u>

- "[T]he UNIX and UnixWare copyrights did not transfer under the APA or the agreements executed in connection with the APA's Closing." (Order at 57.)
- "Amendment No. 2 did not transfer the UNIX and UnixWare copyrights to SCO." (*Id.* at 61-62.)
- "Novell is the owner of the UNIX and UnixWare copyrights." (*Id.* at 62.)
- "SCO has not provided evidence that it required ownership of the copyrights to exercise its rights under the APA." (*Id.* at 62.)

<u>Fiduciary Duty</u>

- "The APA expressly created an agency relationship between the parties with respect to SVRX Royalties." (*Id.* at 89.)
- "[T]here is no support in the language and structure of the APA for SCO's interpretation of SVRX License to mean product supplements rather than the entire set of agreements relating to the licensing of SVRX code." (*Id.* at 86.)
- "[T]here is no limitation in the APA to 'then-existing' SVRX Licenses." (*Id.* at 93.)
- "SCO never attempted to validly convert Sun or Microsoft. Under Schedule 1.2(b), then, Sun and Microsoft would not be considered validly converted." (*Id.* at 95.)

1

- "[E]ven incidental licenses of SVRX are considered an SVRX License." (*Id.* at 95.)
- "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements." (*Id.* at 96.)
- "SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract . . . ." (*Id.* at 97.)
- "[A]llocation and accounting [of SVRX Royalties] is a part of SCO's duties under the APA . . . ." (*Id.* at 96.)
- "SCO breached its fiduciary duties to Novell by failing to account for and remit the appropriate SVRX Royalty payments to Novell for the SVRX portions of the 2003 Sun and Microsoft Agreements." (*Id.* at 96.)
- SCO has "a continuing duty to fulfill its contractual obligations." (*Id.* at 98.)

The appropriate path for SCO to challenge these holdings is an appeal after trial. Until then, the law of the case doctrine precludes SCO from contesting issues that have been decided as a matter of law. *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1553 (10th Cir. 1991) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983))). In addition, any evidence contrary to the above is by definition irrelevant, as no such issue is presented for decision to the fact finder.

SCO therefore should not be permitted to undermine this Court's Order by introducing contrary evidence or argument.[1]

---

[1] This relief is especially warranted given the scope of SCO's amended witness disclosures. Despite the considerably narrowed scope of trial, SCO still "may" call witnesses — such as Ed Chatlos, Rob Frankenberg, Kim Madsen, and Duff Thompson — who have had little or no involvement with SCO or Novell for years and whose only imaginable role in trial would be to reopen issues already decided against SCO.

## CONCLUSION

For the reasons stated above, Novell requests that this Court bar SCO from introducing evidence or argument that are contrary to the Court's Order.

DATED:   August 24, 2007

>ANDERSON & KARRENBERG
>
>By:   /s/ Heather M Sneddon
>
>Thomas R. Karrenberg
>John P. Mullen
>Heather M. Sneddon
>
>-and-
>
>MORRISON & FOERSTER LLP
>Michael A. Jacobs, *pro hac vice*
>Eric M. Acker, *pro hac vice*
>Kenneth W. Brakebill, *pro hac vice*
>Marc J. Pernick, *pro hac vice*
>David E. Melaugh, *pro hac vice*
>
>Attorneys for Defendant and
>Counterclaim-Plaintiff Novell, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August, 2007, I caused a true and correct copy of the **OPENING BRIEF IN SUPPORT OF NOVELL'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE SCO FROM CHALLENGING QUESTIONS ALREADY DECIDED AS A MATTER OF LAW** to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

/s/ Heather M. Sneddon