MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **OPENING BRIEF IN SUPPORT OF NOVELL'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE SCO FROM CONTESTING LICENSES CONVEYING SVRX RIGHTS ARE "SVRX LICENSES"**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

**RELIEF REQUESTED**

Novell requests that the Court bar SCO from contesting that licenses conveying SVRX rights are "SVRX Licenses" according to the terms of the Asset Purchase Agreement.

**BACKGROUND**

This Court has held that, as a matter of law, the term "SVRX Licenses" in the Asset Purchase Agreement ("APA") refers to "all licenses relating to the software releases listed in Item VI" of Schedule 1.1(a) and in Amendment 1's Attachment A list of Auxiliary Products. (Order at 78, 95 ("even incidental licenses of SVRX are considered an SVRX License.").)

At trial, Novell intends to introduce SCO's SCOsource licenses with Sun and Microsoft and seek royalties SCO has improperly withheld from those licenses. Novell also intends to introduce SCOsource licenses SCO has entered into with approximately 22 other companies, each under standardized terms. Based on SCO's contribution to the parties' August 17 Joint Statement, statements made during meet and confer, and its draft jury instructions, SCO appears to believe that whether the Sun and Microsoft SCOsource licenses are SVRX Licenses is still a matter open for debate at trial. In addition, Novell has sought SCO's stipulation that, because the remaining SCOsource licenses each convey SVRX rights on their face, they, too, are SVRX Licenses. SCO has refused to provide such consent, necessitating this *in limine* motion to preclude SCO from relitigating whether licenses that convey SVRX rights are SVRX Licenses.

**I.  THE COURT HAS HELD THAT ANY LICENSE CONVEYING SVRX RIGHTS IS AN "SVRX LICENSE."**

In its August 10 Order, the Court adopted Novell's interpretation of the meaning of "SVRX License" in the APA. (Order at 86.) The Court held:

- SCO has a fiduciary duty to account for, report, and remit all "SVRX Royalties" from "SVRX Licenses" (Order at 95-96);

- "[T]he only possible interpretation of the APA [is] that SVRX Licenses mean all contracts relating to the list of SVRX products provided in Item (VI) of Schedule 1.1(a)" and the Auxiliary Products listed in Amendment 1 (Order at 34, 77, 91); and

1

- "[E]ven incidental licenses of SVRX are considered an SVRX License." (Order at 95).

The Court therefore made it clear that any license conveying SVRX rights is an "SVRX License."

## II. SCO'S SCOSOURCE LICENSES CONVEY SVRX RIGHTS AND ARE THEREFORE SVRX LICENSES.

### A. The Sun and Microsoft SCOsource Licenses are SVRX Licenses.

The Court is familiar with the Sun and Microsoft SCOsource licenses. Considering these licenses in detail in the context of the parties' motions for summary judgment, the Court has ruled that:

- "The 2003 Sun Agreement re-licenses the SVRX technology licensed in the 1994 Sun Agreement and licenses additional SVRX technology to Sun." (Order at 41.)

- "Under the [2003 Microsoft] Agreement, Microsoft received various rights to UNIX System V technology. SCO agreed to deliver to Microsoft this UNIX System V software in both binary and source form, which includes the same versions of Unix System V software that are expressly referenced as SVRX Licenses in the APA." (Order at 41.)

- SCO's argument that the Sun and Microsoft SCOsource licenses were not SVRX Licenses because they were "new" licenses rendered "express terms [of the APA] meaningless" and was therefore rejected "as a matter of law." (Order at 93.)

- SCO's argument that the Sun and Microsoft SCOsource licenses were not SVRX Licenses because they allegedly license SVRX only "incidentally" was also rejected because "even incidental licenses of SVRX are considered an SVRX License." (Order at 95.)

There can therefore be no dispute that the Sun and Microsoft SCOsource licenses are SVRX Licenses and that the Court so held as a matter of law.

2

### B. Novell Intends to Show That Because the Remaining SCOsource Licenses Convey SVRX Rights They Are Also SVRX Licenses.

It is just as clear that SCO's remaining SCOsource license are SVRX Licenses. These licenses were each entered into under standardized terms. Taking the SCOsource license with Everyone's Internet as an example: the license grants, with certain limitations, the "right and license to use . . . SCO IP." (Declaration of David E. Melaugh, filed herewith ("Melaugh Decl.") at Ex. 1 at § 2.1.) The definition of "SCO IP" makes clear that the license conveys SVRX rights:

> **"SCO IP" means the SCO UNIX®-based Code** alleged by SCO to be included, embodied, or otherwise utilized in the Operating System.
>
> . . .
>
> "UNIX-based Code" means any Code or Method that: (i) in its literal or non-literal expression, structure, format, use, functionality or adaptation (ii) is based on, developed in, derived from or is similar to (iii) any Code contained in or Method devised or developed in (iv) **UNIX System V** or UnixWare®, or (v) any modification or derivative work based on or licensed under **UNIX System V** or UnixWare.

(*Id.* at § 1.7, 1.10 (emphasis added).)[1]

It is not surprising that the Sun, Microsoft, and other SCOsource licenses each convey significant SVRX rights — SCO itself repeatedly characterized the SCOsource campaign as primarily concerning such rights. (*Id.*, Ex. 2 (SCO August 5, 2003 Press Release; Ex. 3 (SCO July 31, 2004 10Q at 40).) Indeed, the Everyone's Internet license arose from SCO's explicit threats to bring a copyright infringement suit over the purported misuse of "the UNIX System V code base." (Melaugh Decl. at Ex. 4.) Even today, SCO characterizes the SCOsource program

---

[1] Novell provides this language as exemplary only. Novell does not seek, by this motion, a finding that SCO's 22 other SCOsource licenses are SVRX Licenses. Novell will introduce evidence at trial showing that these licenses convey SVRX rights in substantially the manner quoted above. Once that has been established, Novell seeks to preclude, by this motion, any argument that such licenses are not SVRX Licenses.

as stemming from SCO's claim that "UNIX System V IP [is] in Linux." (*See* SCO Intellectual Property Protection FAQ, available at *http://www.sco.com/scosource/ipprotectionfaq.html*.)[2]

### III. SCO SHOULD BE PRECLUDED ARGUING FROM THAT LICENSES CONVEYING SVRX RIGHTS ARE NOT SVRX LICENSES.

Federal Rules of Evidence 401 and 402 afford the Court broad discretion to exclude irrelevant evidence. Here, evidence and argument from SCO seeking to question what has already been decided as a matter of law is by definition irrelevant. In addition, the law of the case doctrine precludes SCO from contesting matters that have been decided as a matter of law. *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1553 (10th Cir. 1991) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983))). Therefore, evidence and argument seeking to establish that licenses conveying SVRX rights are not SVRX Licenses should be excluded.

### CONCLUSION

For the reasons stated above, Novell requests that the Court bar SCO from contesting that licenses conveying SVRX rights are "SVRX Licenses" according to the terms of the Asset Purchase Agreement.

(*signature page follows*)

---

[2] The Court's own summary of the SCOsource program is therefore accurate: "[I]n January 2003, SCO launched its SCOsource initiative, which was an effort to obtain license fees from Linux users based on claims to Unix System V intellectual property." (Order at 29.)

4

DATED: August 24, 2007

        ANDERSON & KARRENBERG

        By:   */s/ Heather M. Sneddon*

        Thomas R. Karrenberg
        John P. Mullen
        Heather M. Sneddon

        -and-

        MORRISON & FOERSTER LLP
        Michael A. Jacobs, *pro hac vice*
        Eric M. Acker, *pro hac vice*
        Kenneth W. Brakebill, *pro hac vice*
        Marc J. Pernick, *pro hac vice*
        David E. Melaugh, *pro hac vice*

        Attorneys for Defendant and
        Counterclaim-Plaintiff Novell, Inc.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August, 2007, I caused a true and correct copy of the **OPENING BRIEF IN SUPPORT OF NOVELL'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE SCO FROM CONTESTING LICENSES CONVEYING SVRX RIGHTS ARE "SVRX LICENSES"** to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

/s/ Heather M. Sneddon