MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant and Counterclaim-Plaintiff. | **OPENING BRIEF IN SUPPORT OF NOVELL'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE SCO FROM INTRODUCING NEW EVIDENCE OR ARGUMENT REGARDING APPORTIONMENT OF SCOSOURCE REVENUE**<br><br>*[REDACTED pursuant to the August 2, 2006 Stipulated Protective Order]*<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

## RELIEF REQUESTED

Novell requests that this Court bar SCO from introducing new evidence or argument — including through expert testimony — regarding an apportionment of SCOsource revenue.

## BACKGROUND

The Court's August 10, 2007 Memorandum Decision and Order ("Order") holds that SCO has a continuing fiduciary duty to provide Novell with an allocation of the Sun and Microsoft SCOsource royalties. For years, Novell has requested such information — in audits, letters, and, most recently, explicit interrogatory requests. Throughout, SCO has provided only one "allocation" of SCOsource revenues: Novell 0%, SCO 100%. SCO's experts, moreover, never opined as to any allocation model at all. SCO should thus not be permitted now to vary from its singular disclosure. To allow SCO to surprise Novell with a new, undisclosed allocation — whether through fact witnesses or its one designated expert — would reward SCO for its years of stonewalling and its breach of fiduciary duties.

To be clear, Novell does *not* seek to preclude, by this motion, SCO from advancing again its stark "Novell 0%, SCO 100%" allocation — Novell agrees that SCO has provided fair notice of its intent to advance such an argument through, for example, its interrogatory responses. Instead, this *in limine* motion seeks to prevent SCO from surprising Novell at trial with evidence or argument supporting any other division of the SCOsource revenues.

I. **NOVELL'S INTERROGATORIES ASKED SCO TO APPORTION SCOSOURCE REVENUE; SCO SAID IT COULD NOT DO SO.**

Novell repeatedly asked SCO to apportion its SCOsource revenue. At each opportunity, SCO answered that it was *not possible* to do so. In Interrogatory No. 7, Novell directed SCO to identify licenses of UNIX or UnixWare from which SCO retained revenues. (Declaration of David E. Melaugh in Support of Novell's Motions In Limine, filed herewith ("Melaugh Decl.") at Ex. 5 (Novell, Inc.'s Second Set of Interrogatories to the SCO Group, Inc.) at 4.) SCO identified, *inter alia*, the SCOsource licenses. (*Id.* at Exs. 6 (SCO's Supplemental Responses and Objections to Novell's Second and Third Sets of Interrogatories) at 14 & 7 (Exs. C & C-1

1

thereto).) Novell also directed SCO to identify, on a license by license basis, the amount of revenue attributable to each of the rights conveyed under the responsive licenses — *i.e.*, to apportion the revenue. SCO responded that "SCO does not maintain, and it would be unduly burdensome for SCO to produce, that information." (*Id.* at 13.)

In addition, in Interrogatory No. 11, Novell asked a similar question — Novell directed SCO to identify (i) any amendment to an SVRX License SCO entered into that was incidentally involved in an effort to license UnixWare, and (ii) any license to SVRX source code. SCO again identified the SCOsource licenses. Novell directed SCO to apportion revenue from the licenses between the rights conveyed in the licenses, and SCO again said that it could not do so. (*Id.* at 27.)

Because SCO refused to disclose any apportionment of SCOsource revenue in response to Novell's interrogatories, it is precluded from introducing it now. Federal Rule of Civil Procedure 37(c)(1) states, "A party that without substantial justification fails to disclose information required by Rule 26(a) [written interrogatories] or 26(e)(1) [supplemental responses] shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." *See also Orjias v. Stevenson*, 31 F.3d 995 (10th Cir. 1994) (upholding trial court's preclusion of testimony that was not disclosed in party's response to interrogatory on same subject). The failure here is anything but harmless — without preclusion, SCO will be able to surprise Novell with a new and undisclosed apportionment.

## II. SCO WAS UNDER A FIDUCIARY OBLIGATION TO PROVIDE THIS APPORTIONMENT IN A TIMELY MANNER.

In the August 10 Order, the Court held that the Sun and Microsoft SCOsource licenses are SVRX Licenses as to which SCO has a fiduciary duty to account for and report SVRX Royalties. (Order at 95-96.) Where any allocation or accounting needs to be made, the Court held that this, too, is part of SCO's fiduciary duties to Novell. (*Id.* at 96; *see also Rosenfeld*,

2

*Meyer & Susman v. Cohen*, 191 Cal. App. 3d 1035, 1051 (1987) (placing burden on fiduciary to show commingled funds were fiduciary's, not principal's.)

The Court held that SCO's failure to provide such an allocation was a continuing breach of its fiduciary duties. (Order at 95-96, 98, 101.) SCO should be prevented from taking advantage of this continuing breach by surprising Novell at trial with an undisclosed allocation of SCOsource revenues.

### A. Despite a Fiduciary Duty to Do So, SCO Consistently Refused to Provide Information Concerning the SCOsource Licenses.

SCO entered into the Sun and Microsoft licenses in early 2003. SCO did not disclose the licenses to Novell. On July 11, 2003, pursuant to its rights under the APA, Novell initiated an audit of SCO's compliance with its SVRX Royalty obligations. (Melaugh Decl. at Ex. 8.) During the course of this audit, Novell requested information concerning SCO's SCOsource licenses, but SCO refused. Novell requested such information again by letters dated November 21, 2003, December 29, 2003, and February 4, 2004. (*Id.* at Exs. 9, 10 & 11.) On February 5, 2004, SCO refused to provide any information, under the blanket claim — now rejected as a matter of law — that the Sun and Microsoft SCOsource contracts were not SVRX Licenses. (*Id.* at Ex. 12.) On March 1, 2004, Novell again requested SCOsource licensing information, pointing out that a blank, publicly available SCOsource license *explicitly* licensed Unix System V, making it *by definition* an SVRX License. (*Id.* at Ex. 13.) When no response came, Novell wrote again, on April 2, then again on November 17. (*Id.* at Exs. 14 & 15.) SCO never responded.

### B. SCO Should Not Be Permitted To Profit From Its Continuing Breach of Fiduciary Duty By Surprising Novell With An Apportionment Now.

The Court has held that SCO's concerted and continuing effort to withhold any allocation of the SCOsource revenue is a breach of fiduciary duty. To prevent SCO from profiting from its malfeasance, SCO should be precluded from surprising Novell at trial with such an allocation.[1]

---

[1] In addition, Novell will argue that, as a legal matter, any doubts as to the proper apportionment should be resolved against SCO. *See, e.g., Rosenfeld,* 191 Cal. App. 3d at 1051-
(Footnote continues on next page.)

3

### III. THE COURT SHOULD PRECLUDE SCO FROM PROVIDING ANY EXPERT TESTIMONY ON APPORTIONMENT.

In its Second Amended Rule 26(a)(3) disclosures, SCO listed Dr. Thomas Cargill as a witness whom SCO "may call" at trial. (Docket No. 381.) Novell does not know the subject matter on which SCO contemplates that Dr. Cargill might testify. But, to the extent SCO seeks to offer Dr. Cargill's testimony on any apportionment issue in the upcoming trial, the Court should preclude such testimony.

In his report in this case, Dr. Cargill

**REDACTED**

But Dr. Cargill never once opines on any aspect of the Microsoft, Sun, or other SCOsource licenses, on the relative values that SVRX or UnixWare contribute to those licenses, on how one would apportion between SVRX and UnixWare in those licenses, or on any damage-

---

(Footnote continued from previous page.)

52 ("where a fiduciary has a legal duty to allocate receipts between those in which its beneficiary has some interest and those in which the beneficiary has none, and is fully and singularly capable of making that allocation but fails to do so, a court is justified in calling upon the fiduciary to bear the burden of differentiation at trial"); *Kennard v. Glick*, 183 Cal. App. 2d 246, 250-51 (1960) ("an agent who fails to keep an account raises thereby a suspicion of infidelity or neglect, creates a presumption against himself, and brings upon himself the burden of accounting to the utmost for all that has come into his hands; and in such case every doubt will be resolved against the agent, and in favor of the principal"); *see also Leigh v. Engle*, 727 F.2d 113, 138-39 (7th Cir. 1984) ("the burden is on the defendants who are found to have breached their fiduciary duties to show which profits are attributable to their own investments apart from their control of the Reliable Trust assets . . . . [W]hile the district court may be able to make only a rough approximation, it should resolve doubts in favor of the plaintiffs").

related issue whatsoever. Given Dr. Cargill's failure to discuss any apportionment issues in his expert report, the Court should not allow him to testify on apportionment at trial. *See* Fed. R. Civ. P. 26(a)(2)(B); *B.H. v. Gold Fields Mining Corp.*, No. 04-CV-0564-CVE-PJC, 2007 U.S. Dist. LEXIS 4612, at *17-*20 (N.D. Okla. January 22, 2007) (excluding expert testimony under Tenth Circuit precedent; "Plaintiffs should have sought to supplement Cravens' report if he intended to offer a more specific opinion on causation"); *Osterhouse v. Grover*, No. 3:04-CV-93 MJR, 2006 U.S. Dist. LEXIS 50282, at *6-*9 (S.D. Ill. July 20, 2006) ("any opinion that any of the plaintiffs' experts would express at trial is limited to only those opinions found in their respective expert report"); *Paradigm Sales, Inc. v. Weber Marking Systems, Inc.*, 880 F. Supp. 1247, 1255-56 (N.D. Ind. 1995) ("If Mr. Harmon was meant to state an opinion on hypothetical claim analysis or any opinion based on hypothetical claim analysis, it should have been included in his Rule 26(a)(2) report. It was not.").[2]

## CONCLUSION

For the reasons stated above, Novell requests that this Court bar SCO from introducing evidence or testimony regarding an apportionment of SCOsource revenue.

*(signature page follows)*

---

[2] SCO had every opportunity to provide expert testimony on apportionment. SCO elected not to submit *any* expert report in rebuttal to Mr. Terry Musika's opening report in support of Novell's damages claims.

DATED: August 24, 2007

ANDERSON & KARRENBERG

By: /s/ *Heather M. Sneddon*

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon

-and-

MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*

Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August, 2007, I caused a true and correct copy of the **OPENING BRIEF IN SUPPORT OF NOVELL'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE SCO FROM INTRODUCING NEW EVIDENCE OR ARGUMENT REGARDING APPORTIONMENT OF SCOSOURCE REVENUE *[REDACTED pursuant to the August 2, 2006 Stipulated Protective Order]* to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

/s/ Heather M. Sneddon