# EXHIBIT 4

Dockets.Justia.com



December 19, 2003

Randall Williams
CTO
EVERYONES INTERNET
2600 southwest Freeway suite 500
Houston,, TX 77098

Re:  The SCO Group, Inc. ("SCO")

Unix Licensee,

     In May 2003, SCO warned about enterprise use of the Linux operating system in violation of its intellectual property rights in UNIX technology. Without exhausting or explaining all potential claims, this letter addresses one specific area in which certain versions of Linux violate SCO's rights in UNIX.

     In this letter we are identifying a portion of our copyright protected code that has been incorporated into Linux without our authorization. Also, our copyright management information has been removed from these files. These facts support our position that the use of the Linux operating system in a commercial setting violates our rights under the United States Copyright Act, including the Digital Millennium Copyright Act. We are notifying you of these facts so you can take steps to discontinue these violations. We believe these violations are serious, and we will take appropriate actions to protect our rights. No one may use our copyrighted code except as authorized by us. The details of our position are set forth below. Once you have reviewed our position, we will be happy to further discuss your options and work with you to remedy this problem.

     Certain copyrighted application binary interfaces ("ABI Code") have been copied verbatim from the UNIX System V code base and contributed to Linux for distribution under the General Public License ("GPL") without proper authorization and without copyright attribution. While some *application programming interfaces ("API Code")* have been made available over the years through POSIX and other open standards, the UNIX System V *ABI Code* has only been made available under copyright restrictions. AT&T made these binary interfaces available in order to support application development to System V-based operating systems and to assist System V licensees in the development process. *The System V ABIs were never intended or authorized for unrestricted use or distribution under the GPL in Linux.* As the copyright holder, SCO has never granted such permission. Nevertheless, many of the ABIs contained in Linux, and improperly distributed under the GPL, are direct copies of UNIX System V copyrighted software code.

     Any part of any Linux file that includes the copyrighted binary interface code must be removed. Files in Linux version 2.4.21 and other versions that incorporate the copyrighted binary interfaces include:

EVI-0000033

355 South 520 West, Lindon, Utah 84042 U.S.A.   phone 801.765.4999   fax 801.765.1313   www.SCO.com

| | |
|---|---|
| include/asm-alpha/errno.h | include/asm-alpha/ioctl.h |
| include/asm-arm/errno.h | include/asm-alpha/ioctls.h |
| include/asm-cris/errno.h | include/asm-arm/ioctl.h |
| include/asm-i386/errno.h | include/asm-cris/ioctl.h |
| include/asm-ia64/errno.h | include/asm-i386/ioctl.h |
| include/asm-m68k/errno.h | include/asm-ia64/ioctl.h |
| include/asm-mips/errno.h | include/asm-m68k/ioctl.h |
| include/asm-mips64/errno.h | include/asm-mips/ioctl.h |
| include/asm-parisc/errno.h | include/asm-mips64/ioctl.h |
| include/asm-ppc/errno.h | include/asm-mips64/ioctls.h |
| include/asm-ppc64/errno.h | include/asm-parisc/ioctl.h |
| include/asm-s390/errno.h | include/asm-parisc/ioctls.h |
| include/asm-s390x/errno.h | include/asm-ppc/ioctl.h |
| include/asm-sh/errno.h | include/asm-ppc/ioctls.h |
| include/asm-sparc/errno.h | include/asm-ppc64/ioctl.h |
| include/asm-sparc64/errno.h | include/asm-ppc64/ioctls.h |
| include/asm-x86_64/errno.h | include/asm-s390/ioctl.h |
| include/asm-alpha/signal.h | include/asm-s390x/ioctl.h |
| include/asm-arm/signal.h | include/asm-sh/ioctl.h |
| include/asm-cris/signal.h | include/asm-sh/ioctls.h |
| include/asm-i386/signal.h | include/asm-sparc/ioctl.h |
| include/asm-ia64/signal.h | include/asm-sparc/ioctls.h |
| include/asm-m68k/signal.h | include/asm-sparc64/ioctl.h |
| include/asm-mips/signal.h | include/asm-sparc64/ioctls.h |
| include/asm-mips64/signal.h | include/asm-x86_64/ioctl.h |
| include/asm-parisc/signal.h | include/linux/ipc.h |
| include/asm-ppc/signal.h | include/linux/acct.h |
| include/asm-ppc64/signal.h | include/asm-sparc/a.out.h |
| include/asm-s390/signal.h | include/linux/a.out.h |
| include/asm-s390x/signal.h | arch/mips/boot/ccoff.h |
| include/asm-sh/signal.h | include/asm-sparc/bsderrno.h |
| include/asm-sparc/signal.h | include/asm-sparc/solerrno.h |
| include/asm-sparc64/signal.h | include/asm-sparc64/bsderrno.h |
| include/asm-x86_64/signal.h | include/asm-sparc64/solerrno.h |
| include/linux/stat.h | |
| include/linux/ctype.h | |
| lib/ctype.c | |

The code identified above was also part of a settlement agreement entered between the University of California at Berkeley and Berkeley Systems Development, Inc. (collectively "BSDI") regarding alleged violations by BSDI of USL's rights in UNIX System V technology. The settlement agreement between USL and BSDI addressed conditions upon which BSDI could continue to distribute its version of UNIX, BSD Lite 4.4, or any successor versions. One condition was that BSD retain USL copyrights in 91

-2-

EVI-0000034

files (the "UNIX Derived Files"). A complete listing of the UNIX Derived Files is attached. The ABI Code identified above are part of the UNIX Derived Files and, as such, must carry USL / SCO copyright notices and may not be used in any GPL distribution, inasmuch as the affirmative consent of the copyright holder has not been obtained, and will not be obtained, for such a distribution under the GPL.

Use in Linux of any of ABI Code or other UNIX Derived Files code identified above constitutes a violation of the United States Copyright Act. Also, distribution of copyrighted code identified above as part of a source or binary distribution of Linux, with copyright management information deleted or altered, violates the Digital Millennium Copyright Act ("DMCA") codified by Congress at 17 U.S.C. §1202. DMCA liability extends to those who have reasonable grounds to know that a distribution (or re-distribution as required by the GPL) of the altered code or copyright information will induce, enable, facilitate, or conceal an infringement of any right under the DMCA. In addition, neither SCO nor any predecessor in interest has ever placed an affirmative notice in Linux that the copyrighted code in question could be used or distributed under the GPL. As a result, any distribution of Linux by a software vendor or a re-distribution of Linux by an end user that contains any of the identified System V code violates SCO's rights under the DMCA, insofar as the distributor knows of these violations.

As stated above, SCO's review is ongoing and will involve additional disclosures of code misappropriation. Certain UNIX code, methods and concepts, which we also claim are being used improperly in Linux, will be produced in the pending litigation between SCO and IBM under a confidentiality order.

Thank you for your attention to these matters.

Sincerely,

THE SCO GROUP, INC.

By: _____
Ryan E. Tibbitts
General Counsel

- 3 -

EVI-0000035

# EXHIBIT 5

MORRISON & FOERSTER LLP
Michael A. Jacobs (*pro hac vice*)
Kenneth W. Brakebill (*pro hac vice*)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>     Plaintiff & Counter-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>     Defendant & Counter-Plaintiff. | **NOVELL, INC.'S SECOND SET OF INTERROGATORIES TO THE SCO GROUP, INC.**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

TO THE SCO GROUP, INC. AND ITS COUNSEL OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant and Counter-Plaintiff Novell, Inc. ("Novell") hereby requests that Plaintiff and Counter-Defendant The SCO Group, Inc. ("SCO") respond to the following interrogatories within thirty (30) days after the service of this request.

1

**DEFINITIONS**

As used herein, the following terms have the following meanings:

1.    "SCO" means Plaintiff and Counter-Defendant The SCO Group, Inc. and (i) its present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors and successors in interest, and any parent, subsidiary, and affiliated entities; (ii) any other person or entity acting on its behalf or on whose behalf it acted or has acted; (iii) any other person or entity otherwise subject to its control, or which controls or controlled it, or with which it was or is under common control; and (iv) any person or entity otherwise in the corporate family of The SCO Group, Inc., including any predecessor or successor in interest or any parent, subsidiary, or affiliated entity, no matter how far removed from The SCO Group, Inc.

2.    "You" and "your" refers to SCO, as defined immediately above.

3.    "APA" means the Asset Purchase Agreement By and Between The Santa Cruz Operation, Inc. and Novell, Inc., dated as of September 19, 1995, and any amendments and schedules thereto.

4.    "Second Amended Complaint" and "SAC" refer to SCO's Second Amended Complaint, filed February 3, 2006, in The SCO Group, Inc. v. Novell, Inc., Case No. 04-CV-0139, United States District Court for the District of Utah.

5.    "TLA" means the Technology License Agreement By and Between The Santa Cruz Operation, Inc., dated as of December 6, 1995, and any amendments and schedules thereto.

6.    "Identify" and "Identification" shall mean:  (a) When used in the context of a document, it shall mean to provide the type of document (*e.g.*, a letter, report, inter-office memorandum), the document's date, author, addressee(s), signatory(ies) and/or other identifying information (e.g. the title or heading of the document), and those who received copies, and whether SCO is in possession of the document, or the original, master or copy, and if not in possession, the name and address of the custodian; (b) When used in connection with interrogatories about individuals, it shall mean to state: (i) the individual's full name; (ii) whether such individual is a current or former employee or agent of SCO; (iii) if the individual is or was

2

employed by SCO at any time, the period of time so employed, that individual's title or occupation during such time, and the individual's areas of business responsibility during this time; (iv) if the individual is a former employee or agent, to the extent known, the present or last known business address and phone number, the dates of employment at that address, the individual's present or last known title or occupation, and present or last known employer, and the individual's present or last known home address and phone number and dates of residence at that address.

7.    "Concerning" or "concerns" means, without limitation: comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

8.    "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

9.    All nouns, whether single or plural herein, should be construed in both the singular and plural form.

### INTERROGATORIES

INTERROGATORY NO. 4:

Please identify with specificity each and every copyright you contend Novell has transferred to SCO (by the "Title" of such copyright on the U.S. Copyright Office Form and the registration number), the date of transfer, and the writing effecting such transfer, if you contend there is such a writing.

INTERROGATORY NO. 5:

For each copyright identified in response to Interrogatory No. 4, please state all facts, evidence, and bases in support of SCO's contention, if any, that the copyright is "required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies" and who, when and how SCO so informed Novell (if at all), including but not limited to all witnesses whom SCO believes have knowledge of the facts and bases in support of this

contention, the subject matter of their knowledge, and all documents that SCO believes support this contention.

INTERROGATORY NO. 6:

Please state all facts, evidence, and bases in support of SCO's contention in Paragraph 80 of its Second Amended Complaint that "it was widely known in the software industry (including by IBM) that SCO owned and freely exercised its copyrights in UNIX and UnixWare," including but not limited to the identification of all individuals, persons, or entities in the software industry with such knowledge, the subject matter of their knowledge, the basis of your belief that these individuals, persons, or entities have or had such knowledge, and all documents that SCO believes support its contention.

INTERROGATORY NO. 7:

Please identify with specificity the royalties, fees, and other amounts received by SCO since September 19, 1995 from licensees of UNIX and/or UnixWare, for which SCO contends it is entitled to retain 100% and is not required to pass through to Novell pursuant to § 1.2(e)(i)-(iv) of the APA (set forth in Paragraph E. of Amendment No. 1), including but not limited to, for each agreement for which SCO contends it is entitled to retain 100% of monies paid to SCO by licensees of UNIX and/or UnixWare, the date of the agreement, the parties thereto, the amount of the revenues received by SCO and the dates of receipt, the particular UNIX and/or UnixWare rights that were licensed (*e.g.*, source, binary or other rights), the amount of revenue attributable to each of these licensed rights, SCO's bases for its contention that it is entitled to 100% of these revenues, all witnesses whom SCO believes have knowledge of these facts, the subject matter of their knowledge, and information sufficient to locate the subject agreements and revenue amounts in SCO's document production (*e.g.*, the Bates range or filename).

INTERROGATORY NO. 8:

Please state all facts, evidence, and bases in support of SCO's contention in Paragraphs 40-41 of its Second Amended Complaint that the "sole intent" of the license-back provision of the APA and the TLA was to permit Novell "the right to distribute trivial portions of the UNIX source code embedded in Netware," including but not limited to all witnesses whom SCO

4

believes have knowledge of the facts and bases in support of this contention, the subject matter of their knowledge, and all documents that SCO believes support this contention.

INTERROGATORY NO. 9:

Please state all facts, evidence, and bases in support of SCO's allegations in Paragraphs 32 and 74 of its Second Amended Complaint that, at the time of the APA closing date and at the time of the execution of Amendment No. 2 thereto, Novell and SCO "shared the understanding that the APA intended to and did transfer the [UNIX] copyrights to Santa Cruz" and that Amendment No. 2 was simply meant to "further clarify the APA by reiterating the transfer of the copyrights," including but not limited to the identification of all witnesses whom SCO believes have knowledge of such facts and bases (including the alleged "executives of both parties who negotiated and closed the transaction"), the subject matter of their knowledge, and all documents that SCO believes support these allegations.

INTERROGATORY NO. 10:

Please state all facts, evidence, and bases in support of SCO's contention in Paragraph 72 of its Second Amended Complaint that "the parties' dealings and course of conduct evidenced their understanding that the APA had transferred the . . . copyrights," including but not limited to identification of the specific dealings between the parties (including the dates and locations thereof), the precise course of conduct (including the party undertaking the conduct and the dates and locations thereof), identification of all witnesses whom SCO believes have knowledge of such facts and bases, the subject matter of their knowledge, and all documents that SCO believes support these allegations.

INTERROGATORY NO. 11:

Please identify with specificity all instances since September 19, 1995 for which SCO has entered into amendments of contracts relating to UNIX System V technology that (i) are incidentally involved through SCO's rights to sell and license UnixWare software or the Merged Product (as defined by the APA's Operating Agreement) or future versions of the Merged Product or (ii) to allow a licensee of Unix System V technology to use the source code of the relevant SVRX product(s) on additional CPU's or to receive an additional distribution, from

5

SCO, of such source code. For each instance, please include the dates of the amendment and the prior contract, the parties to the amendment and the prior contracts, the amount of any revenues received by SCO from the amendment and the dates of receipt, the particular UNIX and/or UnixWare rights that were licensed, the amount of revenue attributable to each of these licensed rights (*e.g.*, source, binary or other rights), SCO's bases for its contention that the amendment falls within (i) and/or (ii) above, all witnesses whom SCO believes have knowledge of these facts, the subject matter of their knowledge, all documents that SCO believes support its contention, and information sufficient to locate these amendments and revenue amounts in SCO's document production (*e.g.*, the Bates range or filename).

INTERROGATORY NO. 12:

Please identify with specificity all instances since September 19, 1995 for which SCO has entered into new licenses relating to UNIX System V technology that are incidentally involved through SCO's rights to sell and license UnixWare software or the Merged Product (as defined by the APA's Operating Agreement) or future versions of the Merged Product. For each instance, please include the dates of the new license, the parties to that license, the amount of any revenues received by SCO from the new license and the dates of receipt, the particular UNIX and/or UnixWare rights that were licensed, the amount of revenue attributable to each of these licensed rights (*e.g.*, source, binary or other rights), SCO's bases for its contention that the new license is incidentally involved through SCO's rights to sell and license UnixWare software or the Merged Product (as defined by the APA's Operating Agreement) or future versions of the Merged Product, all witnesses whom SCO believes have knowledge of these facts, the subject matter of their knowledge, all documents that SCO believes support its contention, and information sufficient to locate these new licenses and revenue amounts in SCO's document production (*e.g.*, the Bates range or filename).

INTERROGATORY NO. 13:

Please identify with specificity all licenses granting rights to UNIX and/or UnixWare that Novell transferred to SCO pursuant to the APA, including but not limited to the identification of the parties to each license, the title (or other identifying information) and execution date of that

# EXHIBIT 6

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone:  (914) 749-8200
Facsimile:  (914) 749-8300

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile:  (612) 340-2868

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022

Attorneys for Plaintiff, The SCO Group, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO NOVELL'S SECOND AND THIRD SETS OF INTERROGATORIES**<br><br>Civil No.: 2:04CV00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Utah, Plaintiff, The SCO Group, Inc. ("SCO"), hereby supplements its responses and objections to Defendant Novell, Inc.'s ("Novell") Second and Third Sets of Interrogatories, as follows:

## GENERAL OBJECTIONS

SCO here incorporates by reference its General Objections set forth in its Responses and Objections to Novell's Second and Third Sets of Interrogatories. SCO's supplemental responses to these interrogatories are made to the best of its present knowledge, information, and belief. SCO reserves the right to further amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 4:

Please identify with specificity each and every copyright you contend Novell has transferred to SCO (by the "Title" of such copyright on the U.S. Copyright Office Form and the registration number), the date of transfer, and the writing effecting such transfer, if you contend there is such a writing.

RESPONSE TO INTERROGATORY NO. 4:

SCO specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. SCO responds to this interrogatory only with respect to copyrights Novell transferred to Santa Cruz under the APA. SCO further specifically objects to this request to the extent it suggests that SCO's copyrights in UNIX and UnixWare are limited

to copyrights it has registered with the United States Copyright Office.  Subject to, as limited by,

and without waiving the foregoing general and specific objections, SCO responds as follows.

On September 19, 1995, pursuant to the Asset Purchase Agreement ("APA") between

Novell and Santa Cruz signed on that date, Novell transferred to Santa Cruz all the copyrights in

UNIX and UnixWare.  The first provision of the APA, Recital A as amended, defined the

business that Novell transferred to Santa Cruz:

> Seller is engaged in the business of developing a line of software
> products currently known as UNIX and UnixWare, the sale of binary
> and source code licenses to various versions of UNIX and
> UnixWare, the support of such products and the sale of other
> products ("Auxiliary Products") which are directly related to UNIX
> and UnixWare (collectively, the "Business").

Section 1.1(a) of the APA described the assets pertaining to the transferred Business as:

> [A]ll of Seller's right, title, and interest in and to the assets and
> properties of Seller relating to the Business (collectively the
> "Assets") identified on Schedule 1.1(a) hereto.

Schedule 1.1(a), in turn, identified  "All rights and ownership of UNIX, UnixWare and Auxiliary

Products," including source code, as part of the transferred assets and properties.

The copyrights transferred under the APA include all common law copyrights in UNIX

and UnixWare, the copyrights identified by title and registration number in Attachment E to the

APA, the copyrights identified by title and registration number in Exhibit A to SCO's Second

Amended Complaint (except for the copyright in UnixWare 7.1.3, a product which had not been

developed as of the date of the APA), and the following two copyrights:

| Title | Registration No. |
|---|---|
| UNIX System V Release 4.2MP | TX-5-972-097 |
| Operating System Utility Programs | TXu-301-868 |

Through Section A of Amendment No. 2 to the APA, which Novell and Santa Cruz executed on October 16, 1996, the parties clarified that Novell had transferred, and Santa Cruz acquired, all the copyrights in UNIX and UnixWare under the APA.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO supplements its response to Interrogatory No. 4 as follows. The copyrights that Novell transferred to Santa Cruz under the APA also include all copyrights in and to the Auxiliary Products identified in Attachment A to Amendment No. 1 to the APA, and all copyrights in the manuals, marketing materials, and other documentation required for the installation, maintenance, and sale UNIX, UnixWare, and Auxiliary Products. Amendment No. 2 also clarified that the copyrights identified in this supplemental response were also transferred to Santa Cruz under the APA. The APA Bill of Sale, signed on December 6, 1995, effectuated the transfer of UNIX, UnixWare, and Auxiliary Products copyrights intended by the APA.

INTERROGATORY NO. 5:

For each copyright identified in response to Interrogatory No. 4, please state all facts, evidence, and bases in support of SCO's contention, if any, that the copyright is "required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies" and who, when and how SCO so informed Novell (if at all), including but not limited to all witnesses whom SCO believes have knowledge of the facts and bases in support of this contention, the subject matter of their knowledge, and all documents that SCO believes support this contention.

RESPONSE TO INTERROGATORY NO. 5:

SCO specifically objects to this interrogatory to the extent it suggests that the APA did not transfer the UNIX or UnixWare copyrights to Santa Cruz. SCO further specifically objects to this interrogatory to the extent it suggests that Amendment No. 2 to the APA, without more, failed to clarify that the APA transferred those copyrights to Santa Cruz. SCO further specifically objects to this interrogatory to the extent it suggests that the APA as amended by Amendment No. 2 did not also effectuate the transfer of the UNIX or UnixWare copyrights to Santa Cruz. SCO further specifically objects to this interrogatory to the extent it suggests that the quoted language required SCO to identify, beyond the language itself, the copyrights that Novell intended to transfer, and Santa Cruz to acquire, under the APA. SCO further specifically objects to this interrogatory to the extent it suggests that SCO (including Santa Cruz) had or has any obligation to identify the transferred copyrights beyond the language from the APA or Amendment No. 2 quoted above. SCO further specifically objects to this interrogatory on the grounds that it is premature in that fact discovery ends on February 1, 2007, Novell has produced new documents as recently as December 22, 2006, and the parties have not taken any depositions to date in this case. SCO further specifically objects to this interrogatory to the extent it seeks information in Novell's, and not SCO's, possession, custody, or control. Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO responds as follows.

SCO contends that all the copyrights in UNIX and UnixWare are "required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies." Both the language of the APA and extrinsic evidence support this contention.

4

Novell and Santa Cruz intended for the APA to transfer all of the UNIX and UnixWare business to Santa Cruz. Section 1.3(a)(i) of the APA states: "It is the intent of parties hereto that all of the Business and all of Seller's backlog, if any, relating to the Business be transferred to Buyer." The first provision of the APA, Recital A as amended, defined the business that Novell transferred to Santa Cruz:

> Seller is engaged in the business of developing a line of software products currently known as UNIX and UnixWare, the sale of binary and source code licenses to various versions of UNIX and UnixWare, the support of such products and the sale of other products ("Auxiliary Products") which are directly related to UNIX and UnixWare (collectively, the "Business").

Section 1.1(a) of the APA described the assets pertaining to the transferred Business as:

> [A]ll of Seller's right, title, and interest in and to the assets and properties of Seller relating to the Business (collectively the "Assets") identified on Schedule 1.1(a) hereto.

Schedule 1.1(a), in turn, identified seven categories of "assets and properties of Seller relating to the Business" transferred to Santa Cruz. For example, Item I identified "All rights and ownership of UNIX, UnixWare and Auxiliary Products," including the source code.

These APA provisions make clear that Santa Cruz acquired the UNIX and UnixWare business, including the UNIX and UnixWare technologies (which are also identified in Schedule 1.1(a) of the APA), and the right to develop and license UNIX and UnixWare products based on those technologies. The copyrights "required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies" thus comprise all the copyrights in UNIX and UnixWare. Without those copyrights, SCO would not have acquired or been able to operate the

5

transferred Business, as that term is defined by the APA. This language from Amendment No. 2 thus reflects Novell's intent to transfer the copyrights to Santa Cruz under the APA.

The extrinsic evidence in support of SCO's contention includes the relevant portion of the following declarations and deposition transcripts that SCO has provided to Novell from the IBM Litigation or this litigation: The declaration of Jean Acheson, dated December 11, 2006; the declaration of Lawrence Bouffard, dated November 8, 2006; the declaration of William Broderick, dated December 11, 2006; the declarations of Edward Chatlos, dated November 1, 2004 and December 11, 2006; the declaration of John Maciaszek, dated December 11, 2006; the declaration of Alok Mohan dated November 9, 2006; the declaration of Kim Madsen, dated December 11, 2006; the declaration of R. Duff Thompson, dated November 9, 2006; the declarations of Jim Wilt, dated November 23, 2004 and December 11, 2006; the declaration of Doug Michels dated November 9, 2006; the transcripts of the depositions of William Broderick, dated May 11, 2004, November 30, 2005, and March 10, 2006; the transcript of the deposition of Edward Chatlos, dated February 15, 2006; the transcript of the deposition of John Maciaszek, dated December 5, 2005; the transcript of the deposition of Steven Sabbath, dated January 19, 2006; the transcript of the deposition of Darl McBride dated December 2, 2005; and the transcript of the deposition of Chris Sontag dated December 21, 2005. The foregoing list of names and SCO's Rule 26 Disclosure identify the witnesses who SCO has confirmed have knowledge of facts supporting SCO's contention and of the general subject matter of the transfer of the UNIX and UnixWare copyrights from Novell to Santa Cruz.

The documents that support that same contention include the APA, the APA's Operating Agreement, the APA Bill of Sale, the foregoing declarations and transcripts, and the following

6

documents identified here by beginning Bates number: Recall 0007097, 1710141078,
SCO1579298, NOV000015787, Recall0005691, SCO1228502, SCO1298058, SCO1299938,
NOV000001944, Recall 0005386, NOV000016011, NOV000008813, SCO1234265,
SCO1290675, SCO1298086, SCO1298084, SCO1298082, SCO1296213, SCO1501628,
SCO1501630, SCO1501631, NOV000004707, SCO1641437, and SCO1268486.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5</u>:

Subject to, as limited by, and without waiving the foregoing general and specific
objections,[1] SCO supplements its response to Interrogatory No. 5 as follows.

SCO further refers Novell to the following documents, which also set forth facts,
evidence, and bases for SCO's contention:

- SCO's Memorandum in Support of its Motion for Partial Summary Judgment on its First, Second, and Fifth Causes of Action and for Summary Judgment on Novell's First Counterclaim, dated April 9, 2007, including the exhibits thereto;

- SCO's Reply Memorandum in Support of its Motion for Partial Summary Judgment on its First, Second, and Fifth Causes of Action and for Summary Judgment on Novell's First Counterclaim, dated May 29, 2007, including the exhibits thereto;

- SCO's Memorandum in Opposition to Novell's Motion for Summary Judgment on SCO's First Claim for Slander of Title and Third Claim for Specific Performance, dated May 18, 2007, including the exhibits thereto;

- The transcript of SCO's oral argument before the Court on June 4, 2007, and the materials SCO submitted to the Court with that argument;

- The Report and Declaration of Thomas A. Cargill dated May 29, 2007; the exhibits thereto; and the materials cited or identified in the Report and Declaration and its exhibits, except Exhibit B;

---

[1]     In its supplemental responses herein, SCO relies on its objection that an Interrogatory is premature to the extent that Novell has failed to produce responsive documents or information that SCO has requested and is entitled to receive, and to the extent that the noticed deposition of Sun Microsystems, which has not yet been taken, reveals any additional responsive information.

- The Report and Declaration of G. Gervaise Davis III dated May 29, 2007; the exhibits thereto; and the documents cited or identified in the Report and Declaration and Exhibit B thereto; and

- The documents identified in Exhibit 1 hereto.

SCO also believes that the persons with knowledge of facts and bases in support of SCO's contention and of the general subject matter of the transfer of copyrights under the APA also include Robert Frankenberg, Ty Mattingly, Burt Levine, and Troy Keller. SCO also believes that such persons may include Steve Liu, Scott Lester, Jeff Higgins, and others involved in the transfer of the UNIX assets from Santa Cruz to Caldera.

INTERROGATORY NO. 6:

Please state all facts, evidence, and bases in support of SCO's contention in Paragraph 80 of its Second Amended Complaint that "it was widely known in the software industry (including by IBM) that SCO owned and freely exercised its copyrights in UNIX and UnixWare," including but not limited to the identification of all individuals, persons, or entities in the software industry with such knowledge, the subject matter of their knowledge, the basis of your belief that these individuals, persons, or entities have or had such knowledge, and all documents that SCO believes support its contention.

RESPONSE TO INTERROGATORY NO. 6:

SCO specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. SCO further specifically objects to this interrogatory on the grounds that it is premature in that fact discovery ends on February 1, 2007, Novell has produced new documents as recently as December 22, 2006, and the parties have not taken any

8

depositions to date in this case. Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO responds as follows.

SCO refers Novell to Paragraphs 72-82 of SCO's Second Amended Complaint; Part V of the Facts Section of SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Contract Claims, dated November 11, 2006; collectively the declarations and deposition transcripts identified in SCO's response Interrogatory No. 5 herein; and collectively the UNIX and UnixWare licenses that SCO granted to Novell and numerous third parties after the date of the APA.

The persons with knowledge that SCO owned and freely exercised the UNIX copyrights include the witnesses identified in response to Interrogatory No. 5, as well as Ron Smith and Craig Schneider who were IBM employees in 1997. Entities with such knowledge include Novell, IBM, and the other third parties who have licensed UNIX or UnixWare products from Santa Cruz or SCO.

The documents supporting SCO's contention include the UNIX and UnixWare license agreements that Santa Cruz or SCO executed after the date of the APA and that SCO has produced to Novell; the Santa Cruz or SCO copyright notices on the numerous source and binary products distributed after that date; the document quoted in Paragraph 173 of the Facts Section of SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Contract Claims, dated November 11, 2006; and the following documents identified here by beginning Bates number: Recall 0007097, 1710141078, SCO1579298, NOV000015787, Recall0005691, SCO1228502, SCO1298058, SCO1299938, NOV000001944, Recall 0005386, NOV000016011, NOV000008813, SCO1234265, SCO1290675, SCO1298086, SCO1298084, SCO1298082,

9

SCO1296213, SCO1501628, SCO1501630, SCO1501631, NOV000004707, SCO1641437, and SCO1268486.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6</u>:

Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO supplements its response to Interrogatory No. 6 as follows.

SCO refers Novell to the following documents, which also set forth facts, evidence, and bases for SCO's contention:

- SCO's Memorandum in Support of its Motion for Partial Summary Judgment on its First, Second, and Fifth Causes of Action and for Summary Judgment on Novell's First Counterclaim, dated April 9, 2007, including the exhibits thereto;

- SCO's Reply Memorandum in Support of its Motion for Partial Summary Judgment on its First, Second, and Fifth Causes of Action and for Summary Judgment on Novell's First Counterclaim, dated May 29, 2007, including the exhibits thereto;

- SCO's Memorandum in Opposition to Novell's Motion for Summary Judgment on SCO's First Claim for Slander of Title and Third Claim for Specific Performance, dated May 18, 2007, including the exhibits thereto;

- The transcript of SCO's oral argument before the Court on June 4, 2007, and the materials SCO submitted to the Court with that argument;

- The Report and Declaration of Thomas A. Cargill dated May 29, 2007; the exhibits thereto; and the materials cited or identified in the Report and Declaration and its exhibits, except Exhibit B;

- The Report and Declaration of G. Gervaise Davis III dated May 29, 2007; the exhibits thereto; and the documents cited or identified in the Report and Declaration and Exhibit B thereto;

- Santa Cruz and SCO copyright notices on UNIX and UnixWare documentation distributed with UNIX and UnixWare products after the APA; and

- The documents identified in Exhibit 1 hereto.

The persons and entities with knowledge of the facts and bases in support of SCO's contention also include the persons identified in SCO's response and supplemental response to Interrogatory No. 5, and persons and entities involved in the transactions or communications reflected in the documents identified in the response and supplemental response to this Interrogatory.

INTERROGATORY NO. 7:

Please identify with specificity the royalties, fees, and other amounts received by SCO since September 19, 1995 from licensees of UNIX and/or UnixWare, for which SCO contends it is entitled to retain 100% and is not required to pass through to Novell pursuant to § 1.2(e)(i)-(iv) of the APA (set forth in Paragraph E. of Amendment No. 1), including but not limited to, for each agreement for which SCO contends it is entitled to retain 100% of monies paid to SCO by licensees of UNIX and/or UnixWare, the date of the agreement, the parties thereto, the amount of the revenues received by SCO and the dates of receipt, the particular UNIX and/or UnixWare rights that were licensed (*e.g.*, source, binary or other rights), the amount of revenue attributable to each of these licensed rights, SCO's bases for its contention that it is entitled to 100% of these revenues, all witnesses whom SCO believes have knowledge of these facts, the subject matter of their knowledge, and information sufficient to locate the subject agreements and revenue amounts in SCO's document production (*e.g.*, the Bates range or filename).

RESPONSE TO INTERROGATORY NO. 7:

SCO specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. SCO further specifically objects to this interrogatory

to the extent its syntax and grammar make it unintelligible. SCO further specifically objects to this interrogatory on the grounds it assumes incorrectly that SCO has or maintains all the requested information. SCO further specifically objects to this request on the grounds it assumes incorrectly that SCO acquired the requested information from Santa Cruz. SCO further specifically objects to this interrogatory on the grounds that it is duplicative of at least one other Novell interrogatory in this case.

SCO further specifically objects to this request to the extent it suggests that § 1.2(e)(i)-(iv) of the APA set forth all the categories of payments fully belonging to SCO rather than merely clarifying that, notwithstanding Novell's limited right to receive 95% of the SVRX binary royalty stream in place on the date of the APA, SCO could keep 100% of the payments identified in that Section from amounts SCO received under the SVRX product licenses transferred to Santa Cruz under the APA or from new SVRX product licenses that affected the binary royalty stream. SCO further specifically objects on the grounds it suggests that § 1.2(e)(i)-(iv) applied to amounts paid by licensees under any UnixWare license. SCO further specifically objects to this interrogatory on the grounds that it is premature in that fact discovery ends on February 1, 2007, Novell has produced new documents as recently as December 22, 2006, and the parties have not taken any depositions to date in this case. SCO further specifically objects to this request to the extent it seeks information that is properly the subject of expert discovery. Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO responds as follows.

In Exhibits A-C hereto, SCO identifies, by licensee and product, quarterly invoicing and revenue data corresponding to the licensing of source code for SVRX operating systems, source

12

code for UnixWare operating systems, and binary rights for UnixWare operating systems. For fiscal years 1996-98, the Exhibits identify invoicing data only, and do not include any adjustments that may have been made for accruals, deferral, or amortized transactions. For the time subsequent to fiscal year 1998, the Exhibits identify revenue data. In addition, Exhibit C identifies revenue data corresponding to SCOsource agreements, which include the 2003 agreements licensing UnixWare to Sun and Microsoft and that are the subject of Novell's pending motion for summary judgment or preliminary injunction.

To the extent Novell seeks information tying the foregoing data to "each agreement," SCO does not maintain, and it would be unduly burdensome for SCO to produce, that information. It would be no more difficult for Novell to produce that information from the Exhibits A-C and the product agreements that SCO has produced to Novell. The Exhibits contain sufficient information for Novell to identify, with no greater burden than would be imposed on SCO, the subject agreements.

The bases for SCO's contention that it is entitled to keep 100% of the amounts identified in § 1.2(e)(i)-(iv) of the APA and the amounts reflected Exhibits A-C include those bases set forth in SCO's Memorandum in Opposition to Novell's Motion for Partial Summary Judgment or Preliminary Injunction and in Support of SCO's Cross Motion for Summary Judgment or Partial Summary Judgment, dated December 12, 2006, including the exhibits thereto.

The relevant portions of the following declarations and transcripts support the referenced contention: The declaration of Jean Acheson, dated December 11, 2006; the declaration of Lawrence Bouffard, dated November 8, 2006; the declaration of William Broderick, dated December 11, 2006; the declarations of Edward Chatlos, dated November 1, 2004 and December

11, 2006; the declaration of John Maciaszek, dated December 11, 2006; the declaration of Kim

Madsen, dated December 11, 2006; the declaration of Darl McBride, dated November 10, 2006;

the declaration of Doug Michels, dated November 9, 2006; the declaration of Christopher

Sontag, dated November 4, 2006; the declaration of R. Duff Thompson, dated November 9,

2006; the declarations of Jim Wilt, dated November 23, 2004 and December 11, 2006; the

transcripts of the depositions of William Broderick, dated May 11, 2004, November 30, 2005

and March 10, 2006; the transcript of the deposition of Edward Chatlos, dated February 15,

2006; the transcript of the deposition of Steven Sabbath, dated January 19, 2006.

SCO believes that foregoing names identify witnesses who have knowledge of the facts

in support of SCO's contention.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:

Subject to, as limited by, and without waiving the foregoing general and specific

objections, SCO supplements its response to Interrogatory No. 7 as follows.

SCO further refers Novell to the updated versions of Exhibits A and B, and the new

Exhibit C-1, all of which were previously provided to Novell and are attached hereto along with

Exhibit C. As explained in SCO's letter to Novell of May 26, 2007, Exhibits A and B were

updated in response to minor questions that arose during Novell's 30(b)(6) deposition of Jean

Acheson, and Exhibit C-1 updates Exhibit C.

SCO further refers Novell to the following documents, which also set forth bases for

SCO's contention:

- SCO's Reply Memorandum in Support of its Cross Motion for Summary Judgment or
  Partial Summary Judgment on Novell's Third, Sixth, Seventh, Eighth and Ninth
  Counterclaims dated, January 31, 2007, including the exhibits thereto;

14

- SCO's Memorandum in Opposition to Novell's Motion for Partial Summary Judgment on its Fourth Counterclaim for Relief and in support of SCO's Cross Motion for Partial Summary Judgment, dated January 17, 2007, including exhibits thereto;

- SCO's Reply Memorandum in Support of its Cross Motion for Partial Summary Judgment on Novell's Fourth Counterclaim, dated March 16, 2007, including the exhibits thereto; and

- The transcript of SCO's oral argument before the Court on January 23, 2007, and the materials SCO submitted to the Court with that argument;

- The transcript of SCO's oral argument before the Court on June 4, 2007, and the materials SCO submitted to the Court with that argument;

- The Report and Declaration of Thomas A. Cargill dated May 29, 2007; the exhibits thereto; and the materials cited or identified in the Report and Declaration and its exhibits, except Exhibit B;

- The Report and Declaration of G. Gervaise Davis III dated May 29, 2007; the exhibits thereto; and the documents cited or identified in the Report and Declaration and Exhibit B thereto; and

- The documents identified in Exhibit 2 hereto.

SCO believes that the persons with knowledge of facts in support of SCO's contention also include Robert Frankenberg, Ty Mattingly, Burt Levine, Terry Dulin, and Alok Mohan.

INTERROGATORY NO. 8:

Please state all facts, evidence, and bases in support of SCO's contention in Paragraphs 40-41 of its Second Amended Complaint that the "sole intent" of the license-back provision of the APA and the TLA was to permit Novell "the right to distribute trivial portions of the UNIX source code embedded in Netware," including but not limited to all witnesses whom SCO believes have knowledge of the facts and bases in support of this contention, the subject matter of their knowledge, and all documents that SCO believes support this contention.

15

RESPONSE TO INTERROGATORY NO. 8:

SCO specifically objects to this interrogatory on the grounds that it is premature in that fact discovery ends on February 1, 2007, Novell has produced new documents as recently as December 22, 2006, and the parties have not taken any depositions to date in this case. SCO further specifically objects to this request to the extent it seeks information that is properly the subject of expert discovery. Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO responds as follows.

SCO relies on the plain language of the TLA, particularly Section II.A.(2). SCO believes that the following witnesses have knowledge of facts supporting that specific contention and of the general subject matter of the rights and obligations under the TLA: Ed Chatlos, Steven Sabbath, Jim Wilt, Kim Madsen, Duff Thompson, Robert Frankenberg, and Alok Mohan. SCO also believes that the other witnesses identified in its response to Interrogatory No. 5 herein may have that same knowledge.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:

Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO supplements its response to Interrogatory No. 8 as follows.

SCO also relies on the plain language of the APA, particularly Section 1.6, Section 6.3(c), and Schedule 6.3(a). SCO further refers Novell to the following documents, which also set forth facts, evidence, and bases in support of SCO's contention:

- SCO's Memorandum in Support of its Motion for Partial Summary Judgment on its First, Second, and Fifth Causes of Action and for Summary Judgment on Novell's First Counterclaim, dated April 9, 2007, including the exhibits thereto;

16

- SCO's Reply Memorandum in Support of its Motion for Partial Summary Judgment on its First, Second, and Fifth Causes of Action and for Summary Judgment on Novell's First Counterclaim, dated May 29, 2007, including the exhibits thereto;

- SCO's Memorandum in Opposition to Novell's Motion for Summary Judgment on SCO's First Claim for Slander of Title and Third Claim for Specific Performance, dated May 18, 2007, including the exhibits thereto;

- SCO's Memorandum in Opposition to Novell's Motion for Partial Summary Judgment on SCO's Non-Compete Claim in its Second Claim for Breach of Contract and its Fifth Claim for Unfair Competition, dated May 18, 2007, including the exhibits thereto;

- The transcript of SCO's oral argument before the Court on May 31, 2007, and the materials SCO submitted to the Court with that argument;

- The transcript of SCO's oral argument before the Court on June 4, 2007, and the materials SCO submitted to the Court with that argument;

- The Report and Declaration of Thomas A. Cargill dated May 29, 2007; the exhibits thereto; and the materials cited or identified in the Report and Declaration and its exhibits, except Exhibit B;

- The Report and Declaration of G. Gervaise Davis III dated May 29, 2007; the exhibits thereto; and the documents cited or identified in the Report and Declaration and Exhibit B thereto; and

- The documents identified in Exhibit 1 hereto.

SCO also believes that the persons who have knowledge of facts and bases supporting SCO's contention and of the general subject matter of the rights and obligations under the TLA and APA also include the persons identified in SCO's response and supplemental response to Interrogatory No. 5.

INTERROGATORY NO. 9:

Please state all facts, evidence, and bases in support of SCO's allegations in Paragraphs 32 and 74 of its Second Amended Complaint that, at the time of the APA closing date and at the time of the execution of Amendment No. 2 thereto, Novell and SCO "shared the understanding

17

that the APA intended to and did transfer the [UNIX] copyrights to Santa Cruz" and that

Amendment No. 2 was simply meant to "further clarify the APA by reiterating the transfer of the

copyrights," including but not limited to the identification of all witnesses whom SCO believes

have knowledge of such facts and bases (including the alleged "executives of both parties who

negotiated and closed the transaction"), the subject matter of their knowledge, and all documents

that SCO believes support these allegations.

<u>RESPONSE TO INTERROGATORY NO. 9:</u>

SCO specifically objects to this interrogatory on the grounds that it is premature in that

fact discovery ends on February 1, 2007, Novell has produced new documents as recently as

December 22, 2006, and the parties have not taken any depositions to date in this case. SCO

further specifically objects to this interrogatory to the extent it seeks information in Novell's, and

not SCO's, possession, custody, or control. Subject to and without waiving the foregoing

general and specific objections, SCO responds as follows.

The language of the APA and Amendment No. 2 support the referenced allegations. For

example, the first provision of the APA, Recital A, defined the business that Novell transferred

to Santa Cruz:

> Seller is engaged in the business of developing a line of software
> products currently known as UNIX and UnixWare, the sale of binary
> and source code licenses to various versions of UNIX and
> UnixWare, the support of such products and the sale of other
> products ("Auxiliary Products") which are directly related to UNIX
> and UnixWare (collectively, the "Business").

Section 1.1(a) of the APA described the assets pertaining to the transferred Business as:

> [A]ll of Seller's right, title, and interest in and to the assets and
> properties of Seller relating to the Business (collectively the
> "Assets") identified on Schedule 1.1(a) hereto.

Schedule 1.1(a), in turn, identified "All rights and ownership of UNIX, UnixWare and Auxiliary Products," including source code, as part of the transferred assets and properties. Paragraph A of Amendment No. 2 clarified any language in the excluded asset schedule of the APA that contradicted the foregoing provisions of the APA. That paragraph made clear that the copyrights "required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies" were not intended to be and were not a part of the assets excluded from Novell's transfer to Santa Cruz of the "Business" or "All rights and ownership" of UNIX and UnixWare. As explained in response to Interrogatory No. 5 above, the copyrights so "required" included all the copyrights in UNIX and UnixWare.

The extrinsic evidence in support of SCO's contention includes the relevant portions of the following declarations and deposition transcripts that SCO has provided to Novell from the IBM Litigation or this litigation: The declaration of Lawrence Bouffard, dated November 8, 2006; the declaration of William Broderick, dated December 11, 2006; the declaration of John Maciaszek, dated December 11, 2006; the declaration of Kim Madsen, dated December 11, 2006; the declaration of R. Duff Thompson, dated November 9, 2006; the declarations of Jim Wilt, dated November 23, 2004 and December 11, 2006; the declaration of Alok Mohan dated November 9. 2006; the transcript of the deposition of Edward Chatlos, dated February 15, 2006; the declaration of Doug Michels dated November 9, 2006; the transcript of the deposition of Darl McBride, dated December 2, 2005; the transcripts of the depositions of William Broderick, dated May 11, 2004, November 30, 2005, and March 10, 2006; the transcript of the deposition of John Maciaszek, dated December 5, 2005; the transcript of the deposition of Steven Sabbath, dated

January 19, 2006; and the transcript of the deposition of Christopher Sontag, dated December 21, 2005.

The foregoing list of names and SCO's Rule 26 Disclosure identify the witnesses who SCO has confirmed have knowledge of facts supporting the foregoing allegation and of the general subject matter of the transfer of the UNIX and UnixWare copyrights from Novell to Santa Cruz. SCO also believes that Ty Mattingly, Robert Frankenberg, and Geoff Seabrook may have some of that knowledge. The executives who negotiated and closed the transaction include Jim Wilt, Steven Sabbath, and Edward Chatlos. The executives responsible for overseeing the negotiations and the transaction included Duff Thompson.

The documents that support the referenced allegations include the foregoing declarations and transcripts, and the following documents identified by beginning Bates numbers: Recall 0007097, 1710141078, SCO1579298, NOV000015787, Recall0005691, SCO1228502, SCO1298058, SCO1299938, NOV000001944, Recall 0005386, NOV000016011, NOV000008813, SCO1234265, SCO1290675, SCO1298086, SCO1298084, SCO1298082, SCO1296213, SCO1501628, SCO1501630, SCO1501631, NOV000004707, SCO1641437, and SCO1268486.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9</u>:

Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO supplements its response to Interrogatory No. 9 as follows.

SCO refers Novell to the following documents, which also set forth facts, evidence, and bases for SCO's contention:

- SCO's Memorandum in Support of its Motion for Partial Summary Judgment on its First, Second, and Fifth Causes of Action and for Summary Judgment on Novell's First Counterclaim, dated April 9, 2007, including the exhibits thereto;

- SCO's Reply Memorandum in Support of its Motion for Partial Summary Judgment on its First, Second, and Fifth Causes of Action and for Summary Judgment on Novell's First Counterclaim, dated May 29, 2007, including the exhibits thereto;

- SCO's Memorandum in Opposition to Novell's Motion for Summary Judgment on SCO's First Claim for Slander of Title and Third Claim for Specific Performance, dated May 18, 2007, including the exhibits thereto;

- The transcript of SCO's oral argument before the Court on June 4, 2007, and the materials SCO submitted to the Court with that argument;

- The Report and Declaration of Thomas A. Cargill dated May 29, 2007; the exhibits thereto; and the materials cited or identified in the Report and Declaration and its exhibits, except Exhibit B;

- The Report and Declaration of G. Gervaise Davis III dated May 29, 2007; the exhibits thereto; and the documents cited or identified in the Report and Declaration and Exhibit B thereto; and

- The documents identified in Exhibit 1 hereto.

SCO also believes that the persons with knowledge of facts and bases in support of SCO's allegations also include the persons identified in SCO's response and supplemental response to Interrogatory No. 5.

INTERROGATORY NO. 10:

Please state all facts, evidence, and bases in support of SCO's contention in Paragraph 72 of its Second Amended Complaint that "the parties' dealings and course of conduct evidenced their understanding that the APA had transferred the...copyrights," including but not limited to identification of the specific dealings between the parties (including the dates and locations thereof), the precise course of conduct (including the party undertaking the conduct and the dates

21

and locations thereof), identification of all witnesses whom SCO believes have knowledge of such facts and bases, the subject matter of their knowledge, and all documents that SCO believes support these allegations.

RESPONSE TO INTERROGATORY NO. 10:

SCO specifically objects to this interrogatory to the extent it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. SCO further specifically objects to this interrogatory on the grounds that it is premature in that fact discovery ends on February 1, 2007, Novell has produced new documents as recently as December 22, 2006, and the parties have not taken any depositions to date in this case. Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO responds as follows.

SCO refers Novell to Paragraphs 72-82 of SCO's Second Amended Complaint, which set forth specific examples of the referenced dealings and conduct. In addition, SCO identifies the following additional examples it has discovered to date:

- The parties' issuance of a joint press release on the date of the APA, stating that SCO had acquired the UNIX and UnixWare business from Novell, including the "UNIX intellectual property."

- Santa Cruz's statements in its 10-Q of December 31, 1996, stating that it had acquired that "core intellectual property."

- Between approximately April and October 1996, Santa Cruz's objections to Novell's attempt to grant IBM a buyout and expanded source code rights through a purported amendment of its UNIX license agreements, and Novell's response to those

22

objections, culminating in Amendment No. X, as set forth in detail in Paragraphs 53-
71 of SCO's Second Amended Complaint.

- Novell's communications with SCO between approximately October 2002 and June
  2003, during which Novell acknowledged that the APA had transferred the copyrights
  to Santa Cruz. These communications are described in detail in Paragraphs 65-77 of
  SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on
  SCO's Interference Claims, dated November 11, 2006. SCO believes that at least the
  following witnesses have knowledge of these facts: Jack Messman, Greg Jones,
  Joseph LaSala, Darl McBride, and Christopher Sontag.

- Novell's public statement on June 6, 2003, acknowledging that Amendment No. 2
  "appears to support SCO's claim that ownership of certain copyrights for UNIX did
  transfer to SCO in 1996." SCO believes that at least Jack Messman and Joseph
  LaSala have knowledge of the facts pertaining to the preparation and issuance of this
  public statement.

Unless specified otherwise above, SCO believes that the witnesses identified in SCO's response
to Interrogatory No. 5 herein have knowledge of the facts pertaining to one or more of the
foregoing examples.

    The documents supporting the referenced contention include the TLA; Amendment No.
X; the agreement between Novell and IBM dated April 26, 1996, purporting to amend IBM's
UNIX license agreements; the declaration of Chris Sontag dated November 4, 2006; the
declaration of Darl McBride dated November 11, 2006; Exhibit 1694 to the Jack Messman
Deposition of April 14, 2006, in the IBM Litigation; and the following documents here identified

by beginning Bates number: Recall 0007097, 1710141078, SCO1579298, NOV000015787,

Recall0005691, SCO1228502, SCO1298058, SCO1299938, NOV000001944, Recall 0005386,

NOV000016011, NOV000008813, SCO1234265, SCO1290675, SCO1298086, SCO1298084,

SCO1298082, SCO1296213, SCO1501628, SCO1501630, SCO1501631, NOV000004707,

SCO1641437, and SCO1268486.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10</u>:

      Subject to, as limited by, and without waiving the foregoing general and specific

objections, SCO supplements its response to Interrogatory No. 10 as follows.

      SCO refers Novell to the following documents, which also set forth facts, evidence, and

bases for SCO's contention:

- SCO's Memorandum in Support of its Motion for Partial Summary Judgment on its First, Second, and Fifth Causes of Action and for Summary Judgment on Novell's First Counterclaim, dated April 9, 2007, including the exhibits thereto;

- SCO's Reply Memorandum in Support of its Motion for Partial Summary Judgment on its First, Second, and Fifth Causes of Action and for Summary Judgment on Novell's First Counterclaim, dated May 29, 2007, including the exhibits thereto;

- SCO's Memorandum in Opposition to Novell's Motion for Summary Judgment on SCO's First Claim for Slander of Title and Third Claim for Specific Performance, dated May 18, 2007, including the exhibits thereto;

- The transcript of SCO's oral argument before the Court on June 4, 2007, and the materials SCO submitted to the Court with that argument;

- The Report and Declaration of Thomas A. Cargill dated May 29, 2007; the exhibits thereto; and the materials cited or identified in the Report and Declaration and its exhibits, except Exhibit B;

- The Report and Declaration of G. Gervaise Davis III dated May 29, 2007; the exhibits thereto; and the documents cited or identified in the Report and Declaration and Exhibit B thereto; and

- The documents identified Exhibit 1 hereto.

SCO also believes that the persons with knowledge of the facts and bases in support of SCO's allegations also include the persons identified in SCO's response and supplemental response to Interrogatory No. 5.

INTERROGATORY NO. 11:

Please identify with specificity all instances since September 19, 1995 for which SCO has entered into amendments of contracts relating to UNIX System V technology that (i) are incidentally involved through SCO's rights to sell and license UnixWare software or the Merged Product (as defined by the APA's Operating Agreement) or future versions of the Merged Product or (ii) to allow a licensee of Unix System V technology to use the source code of the relevant SVRX product(s) on additional CPU's or to receive an additional distribution, from SCO, of such source code. For each instance, please include the dates of the amendment and the prior contract, the parties to the amendment and the prior contracts, the amount of any revenues received by SCO from the amendment and the dates of receipt, the particular UNIX and/or UnixWare rights that were licensed, the amount of revenue attributable to each of these licensed rights (*e.g.*, source, binary or other rights), SCO's bases for its contention that the amendment falls within (i) and/or (ii) above, all witnesses whom SCO believes have knowledge of these facts, the subject matter of their knowledge, all documents that SCO believes support its contention, and information sufficient to locate these amendments and revenue amounts in SCO's document production (*e.g.*, the Bates range or filename).

25

RESPONSE TO INTERROGATORY NO. 11:

SCO specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. SCO further specifically objects to this interrogatory on the grounds it assumes incorrectly that SCO has or maintains all the requested information. SCO further specifically objects to this request on the grounds it assumes incorrectly that SCO acquired the requested information from Santa Cruz. SCO further specifically objects to this interrogatory on the grounds that it is duplicative of at least one other Novell interrogatory in this case. SCO further specifically objects to this interrogatory on the grounds that it is premature in that fact discovery ends on February 1, 2007, Novell has produced new documents as recently as December 22, 2006, and the parties have not taken any depositions to date in this case. SCO further specifically objects to this request to the extent it seeks information that is properly the subject of expert discovery. Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO responds as follows.

In Exhibits A-C hereto, SCO identifies, by licensee and product, quarterly invoicing and revenue data corresponding to the licensing of source code for SVRX operating systems (category (ii) of this interrogatory). For fiscal years 1996-98, the Exhibits identify invoicing data only, and do not include any adjustments that may have been made for accruals, deferral, or amortized transactions. For the time subsequent to fiscal year 1998, the Exhibits identify revenue data. In addition, Exhibit C specifically identifies revenue data corresponding to SCOsource agreements, which include the 2003 agreements licensing UnixWare to Sun Microsystems and Microsoft.

To the extent Novell seeks information tying the foregoing SVRX data to any "amendment" or "prior contract" or the specific "rights that were licensed" therein, SCO does not maintain, and it would be unduly burdensome for SCO to produce, that information. It would be no more difficult for Novell to produce that information from the attached Exhibits and the product agreements that SCO has produced to Novell. Exhibits A-C contain sufficient information for Novell to identify, with no greater burden than would be imposed on SCO, the subject SVRX amendments and prior contracts, if any.

SCO here identifies its agreement with Sun Microsystems dated February 25, 2003, as an agreement that amends a prior contract and falls under that Category (i) of the interrogatory. That agreement amends and restates the agreement between Sun Microsystems and Novell dated January 1, 1994. Exhibit C identifies the revenues corresponding to that agreement.

The bases for SCO's contention that the 2003 Sun agreement falls within Category (i) include those set forth in SCO's Memorandum in Opposition to Novell's Motion for Partial Summary Judgment or Preliminary Injunction and in Support of SCO's Cross Motion for Summary Judgment or Partial Summary Judgment, dated December 12, 2006, including the exhibits thereto. The bases for SCO's contention that the product licenses corresponding to the SVRX source revenue reflected in Exhibits A-C fall within Category (ii) is found in the SVRX product licenses themselves that license additional distributions or CPUs.

The witnesses who SCO believes have knowledge of facts supporting the foregoing categorization include Christopher Sontag, John Maciaszek, William Broderick, Jean Acheson, and William Murphy. SCO believes that the witnesses identified in SCO's response to Interrogatory No. 5 above may also have knowledge of such facts.

27

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11</u>:

Subject to, as limited by, and without waiving the foregoing general and specific

objections, SCO supplements its response to Interrogatory No. 11 as follows.

SCO further refers Novell to the updated versions of Exhibits A and B, and the new

Exhibit C-1, all of which were previously provided to Novell and are attached hereto along with

Exhibit C. As explained in SCO's letter to Novell of May 26, 2007, Exhibits A and B were

updated in response to minor questions that arose during Novell's 30(b)(6) deposition of Jean

Acheson, and Exhibit C-1 updates Exhibit C.

SCO also further refers Novell to the following documents, which also set forth bases for

SCO's contentions:

- SCO's Reply Memorandum in Support of its Cross Motion for Summary Judgment or
  Partial Summary Judgment on Novell's Third, Sixth, Seventh, Eighth and Ninth
  Counterclaims dated, January 31, 2007, including the exhibits thereto;

- SCO's Memorandum in Opposition to Novell's Motion for Partial Summary Judgment
  on its Fourth Counterclaim for Relief and in support of SCO's Cross Motion for Partial
  Summary Judgment, dated January 17, 2007, including exhibits thereto;

- SCO's Reply Memorandum in Support of its Cross Motion for Partial Summary
  Judgment on Novell's Fourth Counterclaim, dated March 16, 2007, including the exhibits
  thereto; and

- The transcript of SCO's oral argument before the Court on January 23, 2007, and the
  materials SCO submitted to the Court with that argument; and

- The transcript of SCO's oral argument before the Court on June 4, 2007, and the
  materials SCO submitted to the Court with that argument;

- The Report and Declaration of Thomas A. Cargill dated May 29, 2007; the exhibits
  thereto; and the materials cited or identified in the Report and Declaration and its
  exhibits, except Exhibit B;

28

- The Report and Declaration of G. Gervaise Davis III dated May 29, 2007; the exhibits thereto; and the documents cited or identified in the Report and Declaration and Exhibit B thereto; and

- The documents identified in Exhibit 2 hereto.

SCO also believes that the persons with knowledge of facts in support of SCO's contention also include those identified in SCO's response and supplemental response to Interrogatory No. 7.

INTERROGATORY NO. 12:

Please identify with specificity all instances since September 19, 1995 for which SCO has entered into new licenses relating to UNIX System V technology that are incidentally involved through SCO's rights to sell and license UnixWare software or the Merged Product (as defined by the APA's Operating Agreement) or future versions of the Merged Product. For each instance, please include the dates of the new license, the parties to that license, the amount of any revenues received by SCO from the new license and the dates of receipt, the particular UNIX and/or UnixWare rights that were licensed, the amount of revenue attributable to each of these licensed rights (e.g., source, binary or other rights), SCO's bases for its contention that the new license is incidentally involved through SCO's rights to sell and license UnixWare software or the Merged Product (as defined by the APA's Operating Agreement) or future versions of the Merged Product, all witnesses whom SCO believes have knowledge of these facts, the subject matter of their knowledge, all documents that SCO believes support its contention, and information sufficient to locate these new licenses and revenue amounts in SCO's document production (e.g., the Bates range or filename).

29

RESPONSE TO INTERROGATORY NO. 12:

SCO specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. SCO further specifically objects to this request to the extent it characterizes the "new licenses" it requests as new licenses for UNIX System V, instead of new licenses for UnixWare. SCO further specifically objects to this interrogatory on the grounds it assumes incorrectly that SCO has or maintains all the requested information. SCO further specifically objects to this request on the grounds it assumes incorrectly that SCO acquired the requested information from Santa Cruz. SCO further specifically objects to this interrogatory on the grounds that it is duplicative of at least one other Novell interrogatory. SCO further specifically objects to this interrogatory on the grounds that it is premature in that fact discovery ends on February 1, 2007, Novell has produced new documents as recently as December 22, 2006, and the parties have not taken any depositions to date in this case. SCO further specifically objects to this request to the extent it seeks information that is properly the subject of expert discovery. Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO responds as follows.

Exhibit D hereto identifies agreements whereby SCO licensed UNIX System V as an incidental part of licensing UnixWare products, consistent with the necessary practice in licensing UnixWare of SCO's predecessors including Novell. SCO also here identifies the 2003 Microsoft Agreement as a new agreement that licensed UNIX System V as an incidental part of licensing UnixWare. The bases for the referenced contention include those set forth in SCO's Memorandum in Opposition to Novell's Motion for Partial Summary Judgment or Preliminary

30

Injunction and in Support of SCO's Cross Motion for Summary Judgment or Partial Summary

Judgment, dated December 12, 2006, including the exhibits thereto.

The witnesses who SCO believes have knowledge of facts supporting this contention

include Christopher Sontag, John Maciaszek, William Broderick, and Jean Acheson. SCO

believes that the witnesses identified in SCO's response to Interrogatory No. 5 above may also

have knowledge of such facts.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:</u>

SCO also further refers Novell to the following documents, which also set forth bases for

SCO's contentions:

- SCO's Reply Memorandum in Support of its Cross Motion for Summary Judgment or Partial Summary Judgment on Novell's Third, Sixth, Seventh, Eighth and Ninth Counterclaims dated, January 31, 2007, including the exhibits thereto;

- SCO's Memorandum in Opposition to Novell's Motion for Partial Summary Judgment on its Fourth Counterclaim for Relief and in support of SCO's Cross Motion for Partial Summary Judgment, dated January 17, 2007, including exhibits thereto;

- SCO's Reply Memorandum in Support of its Cross Motion for Partial Summary Judgment on Novell's Fourth Counterclaim, dated March 16, 2007, including the exhibits thereto; and

- The transcript of SCO's oral argument before the Court on January 23, 2007, and the materials SCO submitted to the Court with that argument;

- The transcript of SCO's oral argument before the Court on June 4, 2007, and the materials SCO submitted to the Court with that argument;

- The Report and Declaration of Thomas A. Cargill dated May 29, 2007; the exhibits thereto; and the materials cited or identified in the Report and Declaration and its exhibits, except Exhibit B;

- The Report and Declaration of G. Gervaise Davis III dated May 29, 2007; the exhibits thereto; and the documents cited or identified in the Report and Declaration and Exhibit B thereto; and

31

- The documents identified in Exhibit 2 hereto.

SCO also believes that the persons with knowledge of facts in support of SCO's contention also include those identified in SCO's response and supplemental response to Interrogatory No. 7.

INTERROGATORY NO. 13:

Please identify with specificity all licenses granting rights to UNIX and/or UnixWare that Novell transferred to SCO pursuant to the APA, including but not limited to the identification of the parties to each license, the title (or other identifying information) and execution date of that license, the particular UNIX and/or UnixWare rights that were licensed, the amount of revenue received by SCO since September 19, 1995 for each of these licenses and the dates of receipt, the amount of such revenue attributable to each licensed right (*e.g.*, source, binary or other rights), the amount of this revenue retained by SCO, the amount of such revenue paid by SCO to Novell, the revenue formula or expected future revenues under each license, SCO's bases for its contention that it is entitled to keep the revenue that it retained, all witnesses whom SCO believes have knowledge of these facts, the subject matter of their knowledge, and information sufficient to locate these licenses and revenue amounts in SCO's document production (*e.g.*, the Bates range or filename).

RESPONSE TO INTERROGATORY NO. 13:

SCO specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. SCO further specifically objects to this interrogatory to the extent it seeks information in Novell's, and not SCO's, possession, custody, or control.

SCO further specifically objects to this interrogatory on the grounds it assumes incorrectly that SCO has or maintains all the requested information. SCO further specifically objects to this interrogatory to the extent it seeks information that SCO has previously provided to Novell in the course of SCO's compliance with its reporting obligations under the APA. SCO further specifically objects to this interrogatory to the extent it is duplicative of at least one other Novell interrogatory in this case. SCO further specifically objects to this request on the grounds it assumes incorrectly that SCO acquired the requested information from Santa Cruz. SCO further specifically objects to this request on the grounds that it assumes incorrectly that SCO has calculated or maintained "the revenue formula or expected future revenues under each license."

SCO further specifically objects to this interrogatory on the grounds that it is premature in that fact discovery ends on February 1, 2007, Novell has produced new documents as recently as December 22, 2006, and the parties have not taken any depositions to date in this case. SCO further specifically objects to this request to the extent it seeks information that is properly the subject of expert discovery. Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO responds as follows.

In Exhibits A-C hereto, SCO identifies, by licensee and product, quarterly invoicing and revenue data corresponding to the licensing of source code for SVRX operating systems, source code for UnixWare operating systems, and binary rights for UnixWare operating systems. For fiscal years 1996-98, these Exhibits identify invoicing data only, and do not include any adjustments that may have been made for accruals, deferral, or amortized transactions. For the time subsequent to fiscal year 1998, the Exhibits identify revenue data.

To the extent Novell seeks information tying the foregoing data to any particular agreement "granting rights to UNIX and/or UnixWare that Novell transferred to SCO pursuant to the APA," SCO does not maintain, and it would be unduly burdensome for SCO to produce, that information. It would be no more difficult for Novell to produce that information from the attached Exhibits and the product supplements and other agreements that SCO has produced to Novell. The Exhibits contain sufficient information for Novell to identify, with no greater burden than would be imposed on SCO, the subject supplements and agreements, which also contain the identifying information requested in the interrogatory.

The bases for SCO's contention that it is entitled to retain the payments reflected in the foregoing data and any other amounts SCO has received from the licensing of UNIX or UnixWare with the exception of 95% of the SVRX binary royalty stream in place on the date of the APA include those bases set forth in SCO's Memorandum in Opposition to Novell's Motion for Partial Summary Judgment or Preliminary Injunction and in Support of SCO's Cross Motion for Summary Judgment or Partial Summary Judgment, dated December 12, 2006, including the exhibits thereto.

The witnesses who SCO believes have knowledge of facts in support of the foregoing contention include those identified in response to Interrogatory No. 5 above.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:

Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO supplements its response to Interrogatory No. 13 as follows.

SCO further refers Novell to the updated versions of Exhibits A and B, and the new Exhibit C-1, all of which were previously provided to Novell and are attached hereto along with

34

Exhibit C. As explained in SCO's letter to Novell of May 26, 2007, Exhibits A and B were

updated in response to minor questions that arose during Novell's 30(b)(6) deposition of Jean

Acheson, and Exhibit C-1 updates Exhibit C.

SCO also further refers Novell to the following documents, which also set forth bases for

SCO's contention:

- SCO's Reply Memorandum in Support of its Cross Motion for Summary Judgment or
  Partial Summary Judgment on Novell's Third, Sixth, Seventh, Eighth and Ninth
  Counterclaims dated, January 31, 2007, including the exhibits thereto;

- SCO's Memorandum in Opposition to Novell's Motion for Partial Summary Judgment
  on its Fourth Counterclaim for Relief and in support of SCO's Cross Motion for Partial
  Summary Judgment, dated January 17, 2007, including exhibits thereto;

- SCO's Reply Memorandum in Support of its Cross Motion for Partial Summary
  Judgment on Novell's Fourth Counterclaim, dated March 16, 2007, including the exhibits
  thereto; and

- The transcript of SCO's oral argument before the Court on January 23, 2007, and the
  materials SCO submitted to the Court with that argument;

- The transcript of SCO's oral argument before the Court on June 4, 2007, and the
  materials SCO submitted to the Court with that argument;

- The Report and Declaration of Thomas A. Cargill dated May 29, 2007; the exhibits
  thereto; and the materials cited or identified in the Report and Declaration and its
  exhibits, except Exhibit B;

- The Report and Declaration of G. Gervaise Davis III dated May 29, 2007; the exhibits
  thereto; and the documents cited or identified in the Report and Declaration and Exhibit
  B thereto; and

- The documents identified in Exhibit 2 hereto.

SCO also believes that the persons with knowledge of facts in support of SCO's

contention also include those identified in the response and supplemental response to

Interrogatory No. 7, above.

35

INTERROGATORY NO. 14:

Please describe what activities, if any, SCO undertook after September 19, 1995 to market, sell, promote or complete the Merged Product (as defined in the APA's Operating Agreement), including whether SCO ever completed and/or released the Merged Product (and the approximate date thereof), whether SCO ever ceased to pursue the completion of the Merged Product (and the approximate date thereof), and all witnesses whom SCO believes have knowledge of SCO's activities and decision-making concerning the Merged Product.

RESPONSE TO INTERROGATORY NO. 14:

SCO specifically objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO responds that Santa Cruz completed the Merged Product and released it as UnixWare 7.0 on March 10, 1998.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:

Subject to, as limited by, and without waiving the foregoing general and specific objections, SCO supplements its response to Interrogatory No. 14 as follows. SCO refers to the relevant deposition testimony in this case of John Maciaszek, Jim Wilt, Alok Mohan, Kim Madsen, Doug Michels, and William Broderick. SCO believes that the persons with knowledge of Santa Cruz's activities and decision-making concerning the Merged Product include those deponents.

36

INTERROGATORY NO. 15:

Identify all facts, bases, and evidence in support of SCO's claims for damages in its Second Amended Complaint, including but not limited to identification of the amount, the corresponding Claim for Relief for which SCO is claiming said amount, the factual justification for such amount (including how Novell caused such damage), all documents that SCO contends support the bases for its damages claims, and all persons with knowledge of the related facts.

RESPONSE TO INTERROGATORY NO. 15:

SCO specifically objects to this request on the grounds that the information it seeks is properly the subject of expert discovery.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:

On April 6, 2007, SCO served its Responses to Novell, Inc.'s Interrogatory No. 15. Subject to, as limited by, and without waiving the general and specific objections referenced therein, SCO supplements its responses to Interrogatory No. 15 as follows.

SCO further refers Novell to the following documents, which also set forth facts, bases, and evidence in support of SCO's claims for damages in its Second Amended Complaint:

- SCO's Response in Opposition to Novell's Motion for Summary Judgment on SCO's First Claim for Slander of Title Based on Failure to Establish Special Damages, dated May 18, 2007, and the exhibits thereto;

- The Report and Declaration of Christine A. Botosan dated May 23, 2007; the exhibits and appendices thereto; and the documents cited or identified in the Report, exhibits, and appendices, except for the documents identified in Exhibit 15;

- The Expert Report and Declaration of Gary Pisano dated May 25, 2007; the exhibits thereto; and the documents cited or identified in the Report and Declaration and Exhibit B thereto; and

37

- The Declaration and Expert Report of Paul T. Moxley dated 29, 2007; the exhibits thereto; and the documents cited or identified in the Declaration and Report and Exhibits A and B thereto.

The persons with knowledge of the facts related to SCO's claims for damages also include those witnesses whose depositions are cited or referenced in the foregoing Memorandum and Reports, including the exhibits and/or appendices thereto.

DATED this 12th day of July, 2007.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

DORSEY & WHITNEY LLP
Devan V. Padmanabhan

*Counsel for The SCO Group, Inc.*

By: *Edward Normand* (rs)

38

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing was served on Defendant/Counterclaim-Plaintiff, Novell, Inc., on this 12th day of July, 2007, via email and U.S. Mail to the following:

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

Michael A. Jacobs
Matthew I. Kreeger
Kenneth W. Brakebill
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482