Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 south Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Stephen N. Zack (admitted Pro Hac Vice)
BOIES SCHILLER & FLEXNER LLP
Bank of America Tower, suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Attorneys for Plaintiff, The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S MOTION TO EXCLUDE TESTIMONY OF TERRY L. MUSIKA**<br><br>**FILED IN REDACTED FORM [ORIGINALLY FILED UNDER SEAL]**<br><br>Civil No. 2:04 CV-00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |

Dockets.Justia.com

of the revenue from these agreements in his calculation of the revenue to which Novell is entitled.

For instance, Mr. Musika included all revenue received from Microsoft in his calculation of the revenue to which he claims Novell is entitled. However, Section 2 of the Microsoft Agreement provided a **REDACTED**

**REDACTED** As set forth in Section 1(a), these rights were valued by Microsoft and SCO at **REDACTED** Mr. Musika did not even consider the rights granted in these provisions. Without any analysis or supportive findings beyond an instruction from counsel, Mr. Musika simply included the entire **REDACTED** in his calculation of the revenue to which Novell is entitled.

Section 3 of the Microsoft Agreement provides Microsoft with an option to purchase a UnixWare license. As set forth in Section 1(b), Microsoft purchased that option for **REDACTED** Microsoft later exercised that option for **REDACTED** the amount set forth in Section 3.5. This option and license are only for UnixWare and its components, and have no relation to SVRX, but Mr. Musika did not even consider the provision. Without any analysis or supportive findings beyond an instruction from counsel, Mr. Musika simply included the entire **REDACTED** in his calculation of the revenue to which Novell is entitled.

Mr. Musika similarly included all revenue received from Sun in his calculation of the revenue to which Novell is entitled. However, Mr. Musika does not address or examine the **REDACTED** granted in Section 10 of the Sun agreement, the **REDACTED** granted in Section 12, or the **REDACTED** granted in Section 13. Nor does he explain why

any of the revenue from those rights would be attributable to SVRX. Rather, his inclusion of all the revenue from Sun is based only on an instruction from counsel that Novell is entitled to all the revenue.

Mr. Musika also performs no analysis on the other SCOsource agreements that would justify or support the inclusion of all revenue rather than a portion, if any, attributable to SVRX.

In summary, the conclusion to which Mr. Musika intends to testify -- that Novell is entitled to all revenue from all SCOsource agreements -- would have required an allocation analysis in order to have any basis in fact and in order to provide any assistance to the jury. But Mr. Musika performs no such analysis and does not even evaluate the rights granted in the agreements. The conclusion is simply based on the instruction of Novell counsel to include everything. By accepting this instruction, Mr. Musika assumes without analysis the precise issue the jury must decide: <u>What portion of the revenue from those agreements is attributable to SVRX, if any?</u> His simple addition of those amounts will not assist the jury in reaching the ultimate conclusion on what, if anything, Novell is owed. The jurors can do the arithmetic themselves, once they determine what portion of the revenue, if any, is attributable to SVRX.

Moreover, Mr. Musika does not even purport to be qualified to perform such an allocation (if he had done one). Mr. Musika is an accountant. His qualifications do not include any experience or training in valuing the components of a technology license.

Accordingly, Mr. Musika's testimony would be highly misleading to the jury.

## DISCUSSION

Rule 702 of the Federal Rules of Evidence "imposes upon the trial judge an important 'gate-keeping' function with regard to the admissibility of expert opinions. <u>See generally</u>,

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993); Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 970 (10th Cir.2001). Novell, as the proponent of Mr. Musika's testimony, has the burden of establishing its admissibility. See, e.g., Ralston, 275 F.3d at 970; North v. Ford Motor Co., No. 2:00-CV-958 TS, 2007 WL 200954, at *3 (D. Utah January 23, 2007) (Ex. A); CRST Van Expedited, Inc. v. J.B. Hunt Transport, Inc., No. CIV-04-0651-F, 2006 WL 2054646, at *2 (W.D. Okla. July 24, 2006) (Ex. B). Novell cannot carry this burden as to Mr. Musika.

Before offering Mr. Musika's testimony, Novell must demonstrate that Mr. Musika is "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Civ. P. 702; see, e.g., Ralston, 275 F.3d at 968. While Mr. Musika may have been qualified to add up the numbers Novell counsel instructed him to add (as almost any lay person would have been), he is not qualified to offer any opinion on the allocation of revenue attributable to the SVRX technology. Mr. Musika is a CPA; none of the qualifications set forth in his report suggest that he would be qualified to perform any analysis of the value of technology components in such agreements. Because Mr. Musika purports to offer an opinion on the revenue to which Novell is entitled, this is a fatal flaw in his qualifications.

Second, if the Court were to determine that Mr. Musika is qualified, Novell must demonstrate that his testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue," and that "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Civ. P. 702. Because Mr. Musika simply assumes, based on an instruction from counsel, the ultimate question the jury

must resolve, his testimony will not help the jury understand or determine a fact in issue, and actually misleads the jury.

Mr. Musika's testimony also fails the reliability requirement in Rule 702. Factors in evaluating reliability prong of test for admissibility of proffered expert testimony include: (1) whether a theory has been or can be tested or falsified, (2) whether the theory or technique has been subject to peer review and publication, (3) whether there are known or potential rates of error with regard to specific techniques, and (4) whether the theory or approach has "general acceptance." Daubert, 509 U.S. at 593-94, 113 S. Ct. 2786; Norris v. Baxter Healthcare Corp., 397 F.3d 878, 884 (10th Cir. 2005). Because Mr. Musika employs no "theory or technique" other than following the instruction of counsel to include all revenue from the agreements, notwithstanding the non-SVRX portions of the agreements, these criteria for reliability are plainly not satisfied.

Furthermore, because Mr. Musika conducts no analysis or evaluation of what portion of the revenue from the agreements are attributable to SVRX, his testimony is not based on sufficient facts or data, and he has not applied any principles or methods reliably to the facts of the case, as required by Rule 702. By submitting expert testimony that simply tallies all the revenue from the SCOsource contracts, Novell is trying to add the stamp of expert approval to its claimed damages, when no expert analysis was actually performed. This presents a substantial risk that the jury will accept his underlying assumptions without any basis. As such, his testimony is also more prejudicial than probative under Rule 401.

Accordingly, his testimony should be excluded. See, e.g., North v. Ford Motor Co., No. 2:00-CV-958 TS, 2007 WL 200954, at *4-5 (D. Utah January 23, 2007); (holding that plaintiff

did not meet burden of showing that expert's opinions were reliable and that the conclusion did not follow from the incomplete information the expert examined, where the expert provided no independent diagnosis; relied on incomplete information; and failed to include such information as a complete medical and psychological history, pre-existing conditions, and post-accident events).

## CONCLUSION

Wherefore, SCO respectfully requests that this Court exclude the testimony of Terry L. Musika.

DATED this 24th day of August, 2007.

> HATCH, JAMES & DODGE, P.C.
> Brent O. Hatch
> Mark F. James
>
> BOIES, SCHILLER & FLEXNER LLP
> David Boies
> Robert Silver
> Stuart H. Singer
> Stephen N. Zack
> Edward Normand
>
> DORSEY & WHITNEY LLP
> Devan V. Padmanabhan
>
> By: /s/ Mark F. James

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 27th day of August, 2007 a true and correct copy of the foregoing **SCO'S MOTION IN LIMINE REGARDING APPORTIONMENT OF 2003 MICROSOFT AND SUN AGREEMENTS,** in redacted form, was served via CM/ECF to the following:

>Thomas R. Karrenberg
>John P. Mullen
>Heather M. Sneddon
>ANDERSON & KARRENBERG
>700 Bank One Tower
>50 West Broadway
>Salt Lake City, UT 84101
>
>Michael A. Jacobs
>Matthew I. Kreeger
>MORRISON & FOERSTER
>425 Market Street
>San Francisco, CA 94105-2482

By: /s/ Edward Normand