Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone:  (801) 363-6363
Facsimile:   (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone:  (914) 749-8200
Facsimile:   (914) 749-8300

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Plaintiff, The SCO Group, Inc.*

_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, <br><br> Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> NOVELL, INC., a Delaware corporation, <br><br> Defendant/Counterclaim-Plaintiff. | **[PROPOSED] ORDER GRANTING SCO'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** <br><br> **Civil No.:  2:04CV00139** <br><br> Judge Dale A. Kimball <br> Magistrate Brooke C. Wells |

Based on the submissions of the parties, such argument as was presented at hearing, and good cause appearing therefore,

IT IS HEREBY ORDERED that SCO's Motion For Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) is GRANTED.  The court enters final judgment pursuant to Rule 54(b) on (1) SCO's First Claim for Relief, for Slander of Title; (2) that portion of SCO's Second Claim for Relief alleging that Novell breached the covenant of good faith and fair dealing in its exercise of asserted rights under Section 4.16(b) of the Asset Purchase Agreement ("APA"); (3) SCO's Third Claim for Relief, seeking specific performance; and (4) that portion of Novell's Fourth Claim for Relief relating to Novell's request for a declaration of rights and duties under Section 4.16(b) of the APA.

DATED this ____ day of _____, 2007.

BY THE COURT

_____
Dale A. Kimball
United States District Court Judge