Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Attorneys for Plaintiff, The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, <br><br> Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> NOVELL, INC., a Delaware corporation, <br><br> Defendant/Counterclaim-Plaintiff. | **SCO'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** <br><br> **Civil No.:  2:04CV00139** <br><br> Judge Dale A. Kimball <br> Magistrate Brooke C. Wells |

Dockets.Justia.com

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), respectfully submits this Memorandum in Support of SCO's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b).

## ARGUMENT

SCO respectfully requests that the Court enter final judgment under Rule 54(b) with respect to those claims which are fully and completely resolved by the Court's granting of summary judgment motions in its Order dated August 10, 2007 (the "Order"). The questions under Rule 54(b) are whether the Court has made "a decision upon a cognizable claim for relief" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action," and whether there is any "just cause for delay" of an appeal from the decision. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980); accord McKibben v. Chubb, 840 F.2d 1525, 1528-29 (10th Cir. 1988). With respect to certain of SCO's claims and Novell's counterclaims, the Order satisfies each requirement.

The Order finally and fully resolves the following: (1) SCO's First Claim for Relief, for Slander of Title; (2) that portion of SCO's Second Claim for Relief alleging that Novell breached the covenant of good faith and fair dealing in its exercise of asserted rights under Section 4.16(b) of the Asset Purchase Agreement ("APA"); (3) SCO's Third Claim for Relief, seeking specific performance; and (4) that portion of Novell's Fourth Claim for Relief relating to Novell's request for a declaration of rights and duties under Section 4.16(b) of the APA. In granting summary judgment on those claims, the Court has reached an ultimate disposition that Novell owns the UNIX and UnixWare copyrights that it owned as of the date of the APA, and that Novell has the

1

right to direct SCO to waive its breach-of-contract claims against International Business Machines Corporation ("IBM").

SCO submits that there is no just cause for delay in SCO's appeal from the Court's disposition of the foregoing claims and issues. This inquiry turns on "the hardship or injustice that might be inflicted on a litigant because of the delay." United Bank of Pueblo v. Hartford Acc. & Indem. Co., 529 F.2d 490, 492 (10th Cir. 1976). The party invoking Rule 54(b) need not show that "harsh or unusual circumstances" merit the entry of final judgment; instead, "the proper standard against which a district court's exercise of discretion in granting a Rule 54(b) certification is to be judged is the interest of sound judicial administration." Curtiss-Wright, 446 U.S. at 9. In applying this "balancing test," the Court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. at 8; accord McKibben, 840 F.2d at 1528.

The claims on which SCO seeks entry of final judgment are separable from the others remaining to be adjudicated. Neither the approaching trial nor the stayed claims in this matter concern the question of the ownership of the UNIX or UnixWare copyrights or the scope of Novell's rights under Section 4.16(b) of the APA. See, e.g., McKibben, 840 F.2d at 1529 (entry of Rule 54(b) judgment is appropriate where appeal presents factually and legally distinct issues); Bd. of Country Comm'rs of Kane County v. Dep't of the Interior of the U.S., No. 2:06-CV-209-TC, 2007 WL 2156613, at *1 (D. Utah July 26, 2007) (Ex. A.) (same). Accordingly, in any subsequent appeals, the Tenth Circuit would not have to address this Court's resolution of

those issues. Where no risk of redundant appeals is presented, entry of final judgment under Rule 54(b) is appropriate. See, e.g., Shelter v. Mut. Ins. Co. v. Clark, No. CIV-06-753-F, 2007 WL 2177804, at *2 (W.D. Okla. July 27, 2007) (Ex. B.) (entry of Rule 54(b) judgment is appropriate where there is no risk of redundant, piecemeal appeals); DirecTV, Inc. v. Turner, Civ. A. No. 03-2287-CM, 2007 WL 1747479, at *1 (D. Kan. June 18, 2007) (Ex. C) (same).

In addition, the appeal will resolve issues central to the operation of SCO's business and its financial status – including Novell's authority to direct SCO to make decisions affecting its contractual rights in the operation of its business, and its assertion of those rights against IBM. It is especially appropriate for the way to be clear for an expeditious appeal of these issues since they impact the SCO v. IBM case and other pending litigation pending involving SCO's intellectual property right.[1] SCO respectfully submits that an appeal from the Court's disposition of the foregoing claims involves substantial issues.

One such substantial issue is the determination that in selling the UNIX business to Santa Cruz, Novell did not transfer UNIX and UnixWare copyrights, notwithstanding the testimony of the Novell and Santa Cruz executives that such a transfer was intended. This issue includes important subsidiary questions, including:

- Whether the language the parties expressly removed from the Excluded Assets Schedule of the APA and that therefore no longer exists can be the basis for precluding the introduction of extrinsic evidence of the parties' understanding;

- Whether the only reasonable reading of Paragraph A of Amendment No. 2 to the APA is that the amendment clarifies that Santa Cruz obtained an "implied

---

[1] SCO in involved in pending, stayed litigation against Red Hat and AutoZone in which SCO's asserted ownership of all UNIX and UnixWare copyrights is a central issue.

3

license" to the UNIX and UnixWare under the "Asset Purchase Agreement," where record evidence shows Santa Cruz held no such view or understanding, and where there is no explanation in the record for why an "implied" license would have the needed the parties' clarification or confirmation.

- Whether it was error to find that Novell only granted SCO an "implied" license to the UNIX and UnixWare copyrights notwithstanding the transfer of all rights of ownership to the UNIX and UnixWare source code, where the term "license" is not mentioned in the APA.

- Whether the Court properly considered the extrinsic evidence from numerous witnesses from Novell and SCO who agree with SCO's interpretation of the APA, the TLA, and Amendment No. 2.

A second important and substantial issue for appeal is the determination that Novell had the right to waive action taken by SCO to enforce intellectual property rights pursuant to a software development contract that was not expressly referenced as an SVRX License and which was transferred to Santa Cruz in a different part of the included asset schedule. This includes important subsidiary questions, including:

- Whether the Order accounts for the substantial record evidence in SCO's favor that nearly a dozen witnesses from both companies agree that Novell's waiver rights were solely to protect the stream of royalties Novell retained under existing binary SVRX licenses.

- Whether Novell's right to exercise certain rights in its "sole discretion" under Section 4.16(b) of the APA is a contractual right that invests Novell with "discretionary power" under California law.

Issues such as the foregoing present distinct grounds for the parties to present and have resolved by the appellate court without undue complication.

The Order thus bears directly and in important respects on the scope of SCO's pending claims in the other litigations. In addition to the foregoing precedent, the courts have repeatedly entered Rule 54(b) judgment where doing so would avoid the possibility of redundant, multiple trials in the event of a remand on appeal. See, e.g., Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005) (citing cases); United Bank of Pueblo, 529 F.2d at 492-93; McLean v. Badger Equip. Co., 868 F. Supp. 258, 263 (E.D. Wis. 1994); Polycast Tech. Corp. v. Uniroyal, Inc., 792 F. Supp. 244, 277-78 (S.D.N.Y. 1992). With respect to SCO v. IBM, for example, if SCO were to prevail on appeal, the scope of the litigation and issues therein would be significantly broader. It would be inefficient and wasteful of substantial private and judicial resources for the Court and parties to pursue that litigation in a significantly limited scope if, following an appeal, the proper scope of the litigation were revised and broadened. Where the parties and Court otherwise need to turn back to the pending motions and prospective trial in that case in the next several weeks, an immediate appeal is the most sensible and efficient course. See, e.g., United Bank of Pueblo, 529 F.2d at 492-93 (entering Rule 54(b) judgment in the interests of avoiding potentially redundant expenditure of resources in third-party litigation if there were a reversal on appeal). The same logic applies SCO's other pending litigations.

## CONCLUSION

SCO submits that for these reasons, the entry of final judgment pursuant to Rule 54(b) is appropriate so SCO can take an immediate appeal.

DATED this 29th day of August, 2007.

> HATCH, JAMES & DODGE, P.C.
> Brent O. Hatch
> Mark F. James
>
> BOIES, SCHILLER & FLEXNER LLP
> David Boies
> Robert Silver
> Stuart H. Singer
> Stephen N. Zack
> Edward Normand
>
> DORSEY & WHITNEY LLP
> Devan V. Padmanabhan
>
> *Counsel for The SCO Group, Inc.*
>
> By:  __/s/ Edward Normand_____

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of **SCO'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** was served on this 29th day of August, 2007, via CM/ECF to the following:

>   Thomas R. Karrenberg
>   John P. Mullen
>   Heather M. Sneddon
>   ANDERSON & KARRENBERG
>   700 Bank One Tower
>   50 West Broadway
>   Salt Lake City, UT 84101
>
>   Michael A. Jacobs
>   Matthew I. Kreeger
>   Kenneth W. Brakebill
>   David E. Melaugh
>   MORRISON & FOERSTER
>   425 Market Street
>   San Francisco, CA 94105-2482

                                                       /s/ Edward Normand