**SCO v. Novell, Case No. 2:04CV00139**          *Exhibit 1: Agreed Upon Instructions*

## JURY INSTRUCTION NO. __

Now that you have heard the evidence and the argument, it is my duty to give you the instructions of the Court concerning the law applicable to this case. It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

**Nor** are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the law as I instruct you and the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts; it is your function as jurors.

Justice through trial by jury depends upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors, and to arrive at a verdict by applying the same rules of law, as given in these instructions. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the circumstances.

1/17

Dockets.Justia.com

**SCO v. Novell, Case No. 2:04CV00139**                    *Exhibit 1: Agreed Upon Instructions*

## JURY INSTRUCTION NO. __

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, all facts that may have been admitted or stipulated, and the applicable presumptions that will be stated in these instructions.

Statements and arguments of counsel are not evidence in this case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as conclusively proved.

During the course of trial, it often becomes the duty of counsel to make objections. You should not consider or be influenced by the fact that objections have been made. Any evidence to which an objection was made and sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside of this courtroom is not evidence and must be entirely disregarded. You are to consider only the evidence in this case. However, in your consideration of the evidence, you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw from the facts that you find have been proved, such reasonable inferences as seem justified in light of your experience. An inference is a deduction or conclusion that reason and common sense would lead you to draw from facts that are established by the evidence in the case.

**SCO v. Novell, Case No. 2:04CV00139**                    *Exhibit 1: Agreed Upon Instructions*

### JURY INSTRUCTION NO. __

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence, such as the testimony of an eye witness. The other is indirect or circumstantial evidence, which is proof of a chain of circumstances pointing to the existence or non-existence of certain facts.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**SCO v. Novell, Case No. 2:04CV00139**          *Exhibit 1: Agreed Upon Instructions*

## JURY INSTRUCTION NO. __

You are the exclusive judges of the credibility of the witnesses and the weight of the evidence.  You may believe or disbelieve all or any part of any witness' testimony.  In judging the weight of the testimony and the credibility of the witnesses you have a right to take into consideration their bias, their interest in the result of the suit, their relationship to any of the parties in the case, or any probable motive or lack thereof to testify fairly, if any is shown.  You may consider the witnesses' deportment upon the witness stand, the reasonableness of their statements, their apparent frankness or candor, or the want of it, their opportunity to know, their ability to understand, their capacity to remember, and the extent to which their testimony has been either supported or contradicted by other credible evidence in the case.  You should consider these matters together with all of the other facts and circumstances that you may believe have a bearing on the truthfulness or accuracy of the witnesses' statements.

## JURY INSTRUCTION NO. __

Inconsistencies or discrepancies in the testimony of a witness or between the testimonies of different witnesses may or may not be cause to discredit the testimony of a witness.  Two persons may see or hear the same event differently or reach different conclusions from the same facts.  In weighing the effect of an inconsistency, consider the importance of the matter to which it pertains and whether the inconsistency may have resulted from innocent error, lapse of memory, or intentional falsehood.  If there are apparent discrepancies in the evidence, you may be able to reconcile them, or you may have to decide which of two or more conflicting versions of the facts you will accept.

**SCO v. Novell, Case No. 2:04CV00139**              *Exhibit 1: Agreed Upon Instructions*

### JURY INSTRUCTION NO. __

If you believe any witness has willfully testified falsely as to any material matter, you

may disregard the entire testimony of such witness, except as it may have been corroborated by

other credible evidence.

### JURY INSTRUCTION NO. __

The rules of evidence ordinarily do not permit the opinion of a witness to be received as evidence.  An exception to this rule exists in the case of expert witnesses.  A person who, by education, study, and experience, has become an expert in any art, science, or profession, and who is called as a witness, may give his or her opinion as to any such matter in which he or she is versed and which is material to the case.

You are not bound, however, by such an opinion. You should judge expert opinion testimony just as you judge any other testimony.  Give it the weight to which you deem it entitled, whether that be great or slight, and you may reject it, if in your judgment the reasons given for it are unsound.

**SCO v. Novell, Case No. 2:04CV00139**          *Exhibit 1: Agreed Upon Instructions*

### JURY INSTRUCTION NO. __

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection that should control during your deliberations.

**You will be given a set of the exhibits that were admitted in the trial in the jury room.**

**SCO v. Novell, Case No. 2:04CV00139**                    *Exhibit 1: Agreed Upon Instructions*

### JURY INSTRUCTION NO. __

In this trial, certain testimony has been read to you by way of deposition.  A deposition is testimony taken under oath before trial and preserved in one form or another.  It is entitled to the same consideration as if the witness had personally appeared.

**SCO v. Novell, Case No. 2:04CV00139**                *Exhibit 1: Agreed Upon Instructions*

## JURY INSTRUCTION NO. __

 In this case, Novell has the burden of proving its claims against SCO by a preponderance of the evidence.

 By a preponderance of the evidence, as that term is used in these instructions, is meant that evidence, which to your minds, is of the greater weight. The evidence preponderates to the side which, to your minds, seems to be the most convincing and satisfactory. The preponderance of the evidence is not alone determined by the number of witnesses, nor the amount of testimony or documentary evidence, but rather the convincing character of the testimony and other evidence, and the inferences reasonably to be drawn therefrom, weighed by the impartial minds of the jury. This rule does not require proof to an absolute certainty, nor does it require proof beyond a reasonable doubt which is the standard applied in criminal cases. A party has succeeded in carrying the burden of proof by a preponderance of the evidence on an issue of fact if, after consideration of all the evidence in the case, the evidence favoring his or her side of the issue is more convincing to you than not.

### JURY INSTRUCTION NO. __

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age.

It would be equally improper for you to allow any feelings you might have about the nature of the **claims** against **SCO** to influence you in any way.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**SCO and Novell** are corporations. A corporation is entitled to the same treatment as a private individual. You must consider and decide this case as a case between persons of equal rights, equal worth, and equal standing. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

### JURY INSTRUCTION NO. __

It is your duty, as jurors, to consult with one another and to deliberate with a view of reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges–judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**SCO v. Novell, Case No. 2:04CV00139**          *Exhibit 1: Agreed Upon Instructions*

## JURY INSTRUCTION NO. __

When you retire to deliberate, you should first select one of your number to serve as

foreperson to preside over your deliberations and be your spokesperson here in Court.

## JURY INSTRUCTION NO. __

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a Court Security Officer, signed by your foreperson, or by one or more members of the jury.  No member of the jury should attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case, other than in writing or orally here in open Court.

You will note from the oath about to be taken by the Court Security Officer that he, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands numerically or otherwise, until you have reached a unanimous verdict.

This case is being submitted to you by a Special Verdict, which asks you to answer certain questions.  When you have answered all the questions required to be answered, please have your foreperson sign the Special Verdict form and advise the Court Security Officer that such has been done.  You will then be returned to the courtroom, where the Special Verdict will be read.

**SCO v. Novell, Case No. 2:04CV00139**                    *Exhibit 1: Agreed Upon Instructions*

### JURY INSTRUCTION NO. __

In this case you may not include in any award to **Novell**, any sum for the purpose of

punishing **SCO**, or to make an example of them for the public good or to prevent other incidents.

## JURY INSTRUCTION NO. __

The law forbids you to decide any issue in this case by resorting to chance. If you decide that a party is entitled to recover, you may then determine the amount of damages to be awarded. It would be unlawful for you to agree in advance to take the independent estimate of each juror, then total the estimates, draw an average from the total, and to make the average the amount of your award. Each of you may express your own independent judgment as to what the amount should be. It is your duty to thoughtfully consider the amounts suggested, test them in the light of the law and the evidence and, after due consideration, determine, which, if any, of such individual estimates is proper.

## JURY INSTRUCTION NO. __

The fact that I have instructed you concerning damages is not to be taken as an indication that I either believe or do not believe that **Novell** is entitled to recover such damages. The instructions in reference to damages are given as a guide in case you find from **the** preponderance of the evidence that **Novell** is entitled to recover. However, if you determine that there should be no recovery, then you will entirely disregard the instructions given you upon the matter of damages.

| NOVELL | SCO |
|---|---|
| **A1 BREACH OF FIDUCIARY DUTY**<br><br>Novell alleges that SCO breached fiduciary duties to Novell related to SCO's obligations with regard to SVRX Royalties. In general, a fiduciary duty is an obligation to act in the best interests of another. Thus, partners have fiduciary duties to each other, a trustee has a fiduciary duty to the beneficiaries of the trust, and an agent has fiduciary duties to its principal.<br><br>I have already found that SCO owed Novell fiduciary duties because the APA made SCO Novell's agent for collecting SVRX Royalties. As a fiduciary, SCO was required to act with utmost good faith and to put Novell's interest above its own on all matters involving SVRX Royalties. SCO was required to handle the SVRX Royalties with due care, to account for SVRX Royalties to Novell, and to keep Novell fully informed as to all matters pertinent to Novell's interest in the SVRX Royalties. Novell does not need to establish that SCO breached a contract to show that SCO breached its fiduciary duties to Novell.<br><br>I have already found that SCO breached fiduciary duties to Novell by failing to account for and remit the appropriate SVRX Royalty payments to Novell for the 2003 Sun and Microsoft Agreements.<br><br>Novell alleges that, in addition to the Sun and Microsoft agreements, SCO breached a fiduciary duty by failing to account for and remit other SVRX Royalties due under the APA, and by failing to permit Novell to audit its records as required by the APA. Novell's claims relate to what SCO called "SCOsource agreements" other than Sun and Microsoft.<br><br>To prevail on its breach of fiduciary duty claim as to these SCOsource agreements, Novell must prove that SCO breached one or more of its fiduciary duties by failing to account for and remit SVRX Royalties from these SCOsource agreements or by failing to permit Novell to audit its SCOsource agreements. I have already found that SCO owed Novell the fiduciary duties set forth above regardless of whether SVRX rights were included in a license for other types of software, such as UnixWare. You must therefore determine whether these SCOsource licenses include SVRX rights.<br><br>**Authority:**<br><br>• "The APA expressly created an agency relationship between the parties with respect to SVRX Royalties." (Order at 89); "it is undisputed that the 2003 Sun and Microsoft Agreements have some SVRX component," "even incidental licenses of SVRX are considered an SVRX License" (93, 95); "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements" (96); "As a matter of law, the court concludes that SCO breached its fiduciary duties to Novell by failing to account for and remit the appropriate SVRX Royalty payments to Novell for the SVRX portions of the 2003 Sun and Microsoft Agreements," "SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust." (96, 97)<br><br>• *Roberts v. Lomanto*, 112 Cal. App. 4th 1553, 1562 (2005)<br><br>• *Committee on Children's Television v. General Foods Corp.*, 35 Cal. 3d 197, 221 (1983) (fiduciary obligation where one knowingly undertakes to act on behalf and for the benefit of another or enters into a relationship that imposes that undertaking as a matter of law; fiduciary must give priority to the best interest of the beneficiary) | **S3 BREACH OF FIDUCIARY DUTY**<br><br>Novell's Seventh Claim for Relief alleges a breach of fiduciary duty. An agent owes what is known as a fiduciary duty to its principal. A fiduciary duty imposes on an agent a duty to act with the utmost good faith in the best interests of its principal. In order to prove its claim for breach of fiduciary duty, it is Novell's burden to prove, by the preponderance of the evidence, all of the following elements:<br><br>1. That SCO was Novell's agent in collecting payments from its SCOsource Agreements;<br><br>2. That SCO knowingly acted against Novell's interests in connection with the SCOsource payments;<br><br>3. That Novell did not give informed consent to Novell's conduct;<br><br>4. That Novell was harmed by SCO's conduct.<br><br>In this case, the parties dispute whether SCO was acting as Novell's agent in collecting payments from the SCOsource Agreements.<br><br>You must determine what payments SCO was supposed to collect for Novell as Novell's agent under the APA, and what payments it was entitled to collect for itself. Section 4.16 of the APA provided that SCO was to collect for Novell only royalties SCO received from SVRX Licenses. You must therefore determine whether Novell has proven that the SCOsource Agreements constituted SVRX Licenses as to which Novell retained the rights to royalties. You must then determine whether Novell has proven by the preponderance of the evidence that SCO was Novell's agent in collecting payments from the SCOsource Agreements, or whether SCO was properly collecting those payments for itself.<br><br>If you determine that Novell has not proven by the preponderance of the evidence that SCO was acting as Novell's agent in collecting payments from the SCOsource Agreements, then you must find that SCO is not liable for breach of fiduciary duty. If you determine that Novell has proven by the preponderance of the evidence that SCO was acting as Novell's agent in collecting payments from the SCOsource Agreements, then you should find that SCO is liable for breach of fiduciary duty.<br><br>**Authority:**<br><br>• CACI 100<br><br>• CACI 4102<br><br>• *Sequoia Vacuum Systems v. Stransky*, 229 Cal. App. 2d 281, 288 (1964) ("The determination of the particular factual circumstances and the application of the ethical standards of fairness and good faith required of a fiduciary in a given situation are for the trier of facts.") |

| NOVELL | SCO |
|---|---|
| <ul><li>*Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 977 (Cal. 1997) ("An agency relationship is a fiduciary one, obliging the agent to act in the interest of the principal")</li><li>*Oakland Raiders v. National Football League*, 131 Cal. App. 4th 621, 631 (2005) (principal-agent relationship gives rise to fiduciary duty as a matter of law; describing scope of fiduciary duty of agent);</li><li>*Michelson v Hamada*, 29 Cal. App. 4th 1566 (1994) (contract whereby one physician agreed to handle patient billing and collections for another created an agency relationship)</li><li>*Heckmann v. Ahmanson*, 168 Cal. App. 2d 119, 136 (1985) (duty of loyalty prevents agent from profiting at expense of principle)</li><li>*Heurat v. Superior Court*, 241 Cal. App. 2d 330, 334 (1966) ("The existence of the fiduciary relation modifies all agency agreements and creates rules which do not apply to contracts in which one party is not an agent for the other." Thus, tort action against agent "is not based upon the theory that the agent has failed to perform his promise but upon the theory that the agent has improperly dealt with the affairs of the principal. In such case, however, the question of whether or not the agent has improperly managed the principal's affairs depends upon the interpretation of his agreement with the principal. (See Rest. 2d Agency, § 376, com. a.)")</li><li>*Fischer v. Machado*, 50 Cal. App. 4th 1069, 1072 (1996) (citing *Heurat*);</li><li>Motion Hearing January 23, 2007 at 40:16-23 (admission that relationship was fiduciary one with respect to SVRX licenses); Motion Hearing June 4, 2007 at 35:24-36:3 (same).</li></ul> | |

| NOVELL | SCO |
|---|---|
| **A2 CONVERSION**<br><br>Conversion is the wrongful taking of property owned by another in violation of the owner's rights. I have already found that SCO is liable for conversion of SVRX Royalties under the Sun and Microsoft Agreements because it breached its fiduciary duties to Novell by failing to account for those royalties and remit appropriate portions to Novell. Novell claims that SCO is also liable for conversion by failing to account for and remit other SVRX Royalties due under the APA. Again, this claim relates to SCO's "SCOsource" agreements.<br><br>To prove its conversion claim, Novell must establish only that SCO collected some amount of money based on the SCOsource agreements that relates to SVRX. It is undisputed that SCO had a duty to remit such amounts to Novell.<br><br>It does not matter whether SCO knowingly or intentionally kept royalties owed to Novell for purposes of this claim.<br><br>**Authority:**<br><br>• "it is undisputed that the 2003 Sun and Microsoft Agreements have some SVRX component," "even incidental licenses of SVRX are considered an SVRX License" (Order at 93, 95); "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements" (96); "To the extent that SCO has failed to pass through the appropriate amount of SVRX Royalties under the 2003 Sun and Microsoft Agreements to which Novell was entitled, Novell is also entitled to summary judgment on its Eight Claim for Relief for conversion," "SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust." (96, 97)<br><br>• *Haigler v. Donnelly*, 18 Cal. 2d 674, 681 (1941) ("A broker or agent is ordinarily liable for converting the funds of his principal when he refuses to account for them upon proper demand. While it is true that money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved it is not necessary that each coin or bill be earmarked. When an agent is required to turn over to his principal a definite sum received by him on his principal's account, the remedy of conversion is proper" (citations omitted).)<br><br>• *Fischer v. Machado*, 50 Cal App. 4th 1069, 1072 (1996) (same)<br><br>• *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998) ("The foundation of [a conversion] action rests neither in the knowledge nor the intent of the defendant. Instead the tort consists in the breach of an absolute duty; the act of conversion itself is tortuous. Therefore, questions of the defendants good faith, lack of knowledge, and motive are ordinarily immaterial"). | **S2 CONVERSION**<br><br>Novell's Eighth Claim for Relief alleges that SCO converted Novell's property by failing to remit royalties purportedly owed to Novell.<br><br>In order to prove its claim for conversion, it is Novell's burden to prove, by the preponderance of the evidence, all of the following elements:<br><br>1. That Novell had a right to possess payments from the SCOsource Agreements;<br><br>2. That SCO intentionally took possession of those payments from the SCOsource Agreements for a significant period of time;<br><br>3. That Novell did not consent;<br><br>4. That Novell was harmed; and<br><br>5. SCO's conduct was a substantial factor in causing Novell's harm.<br><br>In this case, the parties dispute whether Novell had a right to possess payments from the SCOsource Agreements. You must therefore determine what payments Novell was entitled to possess under the APA, and what payments SCO was entitled to keep for itself. Section 4.16 of the APA provided that Novell was entitled to possess only royalties that SCO received from SVRX Licenses. You must determine whether Novell has proven that the payments from the SCOsource Agreements constituted payments that Novell was entitled to possess under this provision of the APA.<br><br>If you determine that Novell has not proven by the preponderance of the evidence that the payments from the SCOsource Agreements were payments that Novell was entitled to possess under the APA, then you must find that SCO is not liable for conversion. If you determine that Novell has proven by the preponderance of the evidence that the payments from the SCOsource Agreements were payments that Novell was entitled to possess under the APA, then you should find that SCO is liable for conversion.<br><br>**Authority:**<br><br>• CACI 2000<br><br>• *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998) ("Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. Conversion is a strict liability tort.")<br><br>• *Moore v. Regents of the University of California*, 51 Cal. 3d 120, 136 (1990) ("'To establish a conversion, plaintiff must establish an actual interference with his ownership or right of possession. … Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion.'") |

| NOVELL | SCO |
|---|---|
| (Novell has moved to voluntarily dismiss this claim. In the event the Court does not grant that motion, Novell submits this proposed instruction.) **BREACH OF CONTRACT** A party breaches its contractual obligations to another party when it fails to do something that the contract between them required it to do. Here, Novell alleges that SCO breached its contractual obligations under the APA when SCO failed to pay to Novell the SVRX Royalties to which Novell was entitled. I have already found that SCO was contractually obligated to pass through to Novell the SVRX Royalties that SCO collected under any of the SVRX Licenses into which it entered. I have also specifically found that SCO breached this obligation when it failed to remit to Novell the SVRX Royalty payments from the 2003 Sun and Microsoft Agreements. Novell alleges that, in addition to the Sun and Microsoft agreements, SCO breached its obligations under the APA by failing to remit other SVRX Royalties to Novell. Once again, this claim relates to SCO's "SCOsource" agreements. To prevail on its breach of contract claim as to the SCOsource agreements, Novell must prove only that SCO collected some amount of money based on the SCOsource agreements that relates to SVRX. It is undisputed that SCO had an obligation under the APA to remit such amounts to Novell. It does not matter whether SCO knowingly or intentionally kept royalties owed to Novell for purposes of this claim. **Authority:** <ul><li>CACI 303</li><li>"The APA expressly created an agency relationship between the parties with respect to SVRX Royalties." (Order at 89); "it is undisputed that the 2003 Sun and Microsoft Agreements have some SVRX component," "even incidental licenses of SVRX are *considered* an SVRX License" (93, 95); "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements" (96); "As a matter of law, the court concludes that SCO breached its fiduciary duties to Novell by failing to account for and remit the appropriate SVRX Royalty payments to Novell for the SVRX portions of the 2003 Sun and Microsoft Agreements," "SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust." (96, 97)</li></ul> | **S1 BREACH OF CONTRACT** Novell's Third Count for Relief alleges that SCO breached the APA by failing to remit royalties purportedly owed to Novell. A failure to perform a contract is a breach. In order to prove its claim for breach of contract, it is Novell's burden to prove, by the preponderance of the evidence, all of the following elements: 1. The existence of a contract between Novell and SCO; 2. Novell's performance; 3. SCO's unjustified failure to do something that the contract required it to do; and 4. Damages to Novell caused by the breach. In this case, the parties dispute whether SCO was required to remit to Novell the payments it received from the SCOsource Agreements. You must therefore determine what payments SCO was required to remit to Novell under the APA, and what payments it was entitled to keep for itself. Section 4.16 of the APA provided that SCO had to remit to Novell only royalties that SCO received from SVRX Licenses. You must determine whether the SCOsource Agreements constituted SVRX Licenses upon which Novell retained royalty rights. If you determine that Novell has not proven by the preponderance of the evidence that the SCOsource Agreements were SVRX Licenses upon which Novell retained royalty rights, then you must find that SCO did not breach the contract. If you determine that Novell has proven by the preponderance of the evidence that the SCOsource Agreements were SVRX Licenses upon which Novell retained royalty rights, then you should that SCO is liable for breach of contract. **Authority:** <ul><li>BAJI 10.85</li><li>*Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal. App. 3d 887, 913 (1971) ("A complaint for breach of contract must include the following: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff therefrom.")</li></ul> |

| NOVELL | SCO |
|---|---|
| **A3 MONETARY RECOVERY FOR SCO'S UNJUST ENRICHMENT** | **S4 UNJUST ENRICHMENT** |

**A3 MONETARY RECOVERY FOR SCO'S UNJUST ENRICHMENT**

You must decide how much compensation Novell is entitled to based on liability I have already found as well as based on any additional liability you determine. Novell need not establish that its business was damaged by SCO's actions. Rather, Novell is entitled to restitution on the basis that SCO received money that is rightfully Novell's, and that SCO would be unjustly enriched if it were allowed to keep that money.

To decide the amount of SCO's unjust enrichment to be awarded to Novell, you must do the following:

First, as noted, I have already decided that SCO is liable for breach of fiduciary duty and conversion on account of the Sun and Microsoft agreements. Here, your task is only to properly apportion the money SCO received from Sun and Microsoft between the amounts attributable to SVRX and the amounts attributable to non-SVRX software. Because SCO was Novell's fiduciary, the burden is on SCO to establish the portion of the money it received from Sun and Microsoft that is not attributable to SVRX. If you find that SCO handled the funds in a way that makes apportioning the amount due Novell difficult, then you should resolve any doubt in favor of Novell, up to and including awarding all of the funds to Novell.

Second, if you find in connection with the other SCOsource agreements that SCO breached its fiduciary duties to Novell with respect to SVRX Royalties, or is liable for conversion for such royalties, then you must similarly apportion the amounts SCO received between SVRX Royalties and non-SVRX Royalties. Again, if you find that SCO handled these funds in a way that makes apportioning the amount due Novell difficult, then you should resolve any doubt in favor of Novell, up to and including awarding all of the funds to Novell.

**Authority:**

- "it is undisputed that the 2003 Sun and Microsoft Agreements have some SVRX component," "even incidental licenses of SVRX are considered an SVRX License" (Order at 93, 95); "SCO was required to account for and pass through to the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements" (96); "To the extent that SCO has failed to pass through the appropriate amount of SVRX Royalties under the 2003 Sun and Microsoft Agreements to which Novell was entitled, Novell is also entitled to summary judgment on its Eight Claim for Relief for conversion," "SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust." (96, 97)

- *Rosenfeld, Meyer & Susman v. Cohen*, 191 Cal. App. 3d 1035, 1051-52 (1987) ("where a fiduciary has a legal duty to allocate receipts between those in which its beneficiary has some interest and those in which the beneficiary has none, and is fully and singularly capable of making that allocation but fails to do so, a court is justified in calling upon the fiduciary to bear the burden of differentiation at trial")

- *Kennard v. Glick*, 183 Cal. App. 2d 246, 250-51 (1960) ("an agent who fails to keep an account raises thereby a suspicion of infidelity or neglect, creates a presumption against himself, and brings upon himself the burden of accounting to the utmost for all that has come into his hands; and in such case every doubt will be resolved against the agent, and in favor of the principal")

- *Leigh v. Engle*, 727 F.2d 113, 138-39 (7th Cir. 1984) ("the burden is on the defendants who are found to have breached their fiduciary duties to show which profits are attributable to their own investments apart from their control of the Reliable Trust assets . . . . [W]hile the district court may be able to make only a

**S4 UNJUST ENRICHMENT**

Novell's Sixth Claim for Relief alleges that SCO was unjustly enriched by failing to remit royalties purportedly owed to Novell .

In order to prove its claim for unjust enrichment, it is Novell's burden to prove, by the preponderance of the evidence, all of the following elements:

1. That SCO received a benefit; and

2. That SCO retained the benefit at the expense of Novell.

A "benefit" means something of value. In this case, the parties dispute whether the payments SCO received from the SCOsource Agreements were retained at the expense of Novell.

You must therefore determine what payments Novell was entitled to possess under the APA, and what payments SCO was entitled to retain for itself. Section 4.16 of the APA provided that Novell was entitled to possess only royalties from SVRX Licenses that licensed the SVRX code. You must determine whether Novell has proven that the payments from the SCOsource Agreements constituted payments that Novell was entitled to possess under this provision of the APA.

If you determine that Novell has not proven by the preponderance of the evidence that the payments from the SCOsource Agreements were payments that Novell was entitled to possess under the APA, then you must find that SCO is not liable for unjust enrichment. If you determine that Novell has proven by the preponderance of the evidence that the payments from the SCOsource Agreements were payments that Novell was entitled to possess under the APA, then you may find that SCO is liable for unjust enrichment.

**Authority:**

- *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)
- *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1662 (1992)

| NOVELL | SCO |
|---|---|
| rough approximation, it should resolve doubts in favor of the plaintiffs") | |

| NOVELL | SCO |
|---|---|
| **A4 INTEREST ON MONETARY RECOVERY**<br><br>If you award to Novell a monetary recovery based upon SCO's unjust enrichment from its breach of a fiduciary duty, you may award simple interest on Novell's recovery at the rate of 7% from the date the money should have been paid.<br><br>If you award to Novell a monetary recovery based upon SCO's conversion of Novell's royalties, you must award simple interest on Novell's recovery at the rate of 7% from the date the money should have been paid.<br><br>[*Novell has moved to voluntarily dismiss its breach of contract claim. In the event the Court does not grant that motion, Novell submits this proposed addition to this instruction.*]<br><br>If you award to Novell a monetary recovery based upon SCO's unjust enrichment from its breach of contract, you must award simple interest on Novell's recovery at the rate of 10% from the date the money should have been paid.<br><br>**Authority:**<br><br>• Cal. Const. art. XV, § 1<br>• Cal. Civ. Code §§ 3288, 3336<br>• *Stan Lee Trading, Inc. v. Holtz*, 649 F. Supp. 577, 582-83 (C.D. Cal. 1986)<br>• *Michelson v. Hamada*, 29 Cal. App. 4th 1566, 1585-89 (1994)<br>• *Beverly Fin. Co. v. Am. Casualty Co. of Reading, Pa.*, 273 Cal. App. 2d 259, 264-65 (1969). | |

| NOVELL | SCO |
|---|---|
| **A5 DECLARATION THAT SCO LACKED AUTHORITY TO ENTER INTO SVRX AGREEMENTS**<br><br>Novell seeks a determination that SCO did not have the authority under the APA to enter into the Sun, Microsoft, and other "SCOsource" agreements.<br><br>The APA states that SCO shall not, and shall not have the authority to, amend, modify or waive any right under or assign any SVRX License without the prior written consent of Novell. It also states that, notwithstanding this prohibition, SCO shall have the right to enter into amendments of the SVRX Licenses "(i) as may be incidentally involved through its rights to sell and license UnixWare software." It goes on to state that SCO shall not, and shall have no right, to enter into new SVRX Licenses except in the situation specified in (i) of the preceding sentence or as otherwise approved in writing in advance by Seller on a case by case basis.<br><br>Under these provisions, the issue for you to decide is whether the Sun agreement, the Microsoft agreement, and SCO's other "SCOsource" agreements were "incidental" to the licensing of UnixWare.<br><br>"Incidental" means being likely to ensue as a minor consequence or occurring without intention or calculation.<br><br>I have already found that SCO had a fiduciary duty as Novell's agent with regard to SVRX licenses. SCO thus had fiduciary duties to Novell to put Novell's interest above its own and ensure that any new SVRX license or any amendment, modification, or waiver of an SVRX license would not harm Novell's interest.<br><br>If, as SCO contends, the Sun agreement, the Microsoft agreement, and SCO's other "SCOsource" agreements were merely incidental to UnixWare licensing, then SCO had the authority to enter into these agreements as long as doing so would not conflict with its duties as a fiduciary of Novell to protect Novell's interest in the SVRX licenses. If, on the other hand, the SVRX licensing was more than incidental, then SCO lacked the authority to enter into these agreements. Because SCO owed Novell fiduciary duties as to SVRX Licenses, any doubt should be resolved against SCO.<br><br>**Authority:**<br><br>• "it is undisputed that the 2003 Sun and Microsoft Agreements have some SVRX component," "even incidental licenses of SVRX are considered an SVRX License" (Order at 93, 95); "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements" (96); "To the extent that SCO has failed to pass through the appropriate amount of SVRX Royalties under the 2003 Sun and Microsoft Agreements to which Novell was entitled, Novell is also entitled to summary judgment on its Eight Claim for Relief for conversion," "SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust." (96, 97)<br><br>• 28 U.S.C. § 2201<br><br>• Merriam-Webster's Collegiate Dictionary 587 (10th ed. 1998) (defining "incidental" as above) | **S9 DECLARATION THAT SCO LACKED AUTHORITY TO ENTER INTO SUN, MICROSOFT, AND SCOSOURCE AGREEMENTS**<br><br>Novell's Fourth Claim for Relief seeks a declaratory judgment that SCO had no authority to enter into the Microsoft, Sun, and SCOsource Agreements because it was obligated to seek Novell's approval prior to entering into those Agreements. A declaratory judgment is a declaration that a party was or is required to do something under the terms of a contract.<br><br>Section 4.16 of the APA provides that SCO shall not enter into an SVRX License without the prior written consent of Novell.<br><br>Amendment No. 1 to the APA provides that SCO shall have the right to enter into amendments of the SVRX Licenses without Novell's consent as may be incidentally involved through its rights to sell and license UnixWare software.<br><br>In order to prove its claim for declaratory judgment, it is Novell's burden to prove, by the preponderance of the evidence, that SCO did not have the authority to enter into the Sun and Microsoft and/or the SCOsource Agreements without Novell's prior approval. Novell must therefore prove both of the following:<br><br>(1) that the Sun and Microsoft Agreements and/or the SCOsource Agreement were SVRX Licenses that required Novell's prior approval; and<br><br>(2) that the Sun and Microsoft Agreements and/or the SCOsource Agreements were not UnixWare Licenses that contained an incidental SVRX license, which does not require Novell's approval.<br><br>In this case, the parties dispute whether the Sun and Microsoft Agreements and/or the SCOsource Agreements were SVRX Licenses or whether they were UnixWare licenses that contained an incidental SVRX license.<br><br>If you determine that Novell has not proven by the preponderance of the evidence both that the Sun and Microsoft Agreements and/or the SCOsource Agreements (1) were SVRX Licenses that required Novell's approval and (2) were not UnixWare Licenses that contained an incidental SVRX license that does not require Novell's approval, then you must find that Novell is not entitled to its requested declaratory judgment. If you determine that Novell has proven by the preponderance of the evidence both that the Sun and Microsoft Agreements and/or the SCOsource Agreements (1) were SVRX Licenses that required Novell's approval and (2) were not UnixWare Licenses that contained an incidental SVRX license that does not require Novell's approval, then you should find that Novell is entitled to its requested declaratory judgment.<br><br>**Authority:**<br><br>• 28 U.S.C. § 2201<br><br>• *Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal. App. 3d 887, 913 (1971) ("A complaint for breach of contract must include the following: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff therefrom.") |

| NOVELL | SCO |
|---|---|
| **A6 DECLARATION THAT THE SUN AGREEMENT WAS A BREACH OF § B OF AMENDMENT 2**<br><br>Novell seeks a determination that SCO breached the APA, as amended by Section B of Amendment 2, when it entered into the Sun Agreement.<br><br>Section B of Amendment 2 of the APA was signed approximately thirteen months after the APA and amended section 4.16 of the agreement. Amendment 2 provides that if either party becomes aware of "any potential transaction with an SVRX licensee which concerns a buy-out of any such licensee's royalty obligation" that party is to inform the other. Amendment 2 further requires SCO to involve Novell in any negotiations with such licensees and requires mutual consent by SCO and Novell to any proposals made to such licensees.<br><br>Under these provisions, the issue for you to decide is whether the 2003 agreement between Sun and SCO amending and restating the 1994 license between Novell and Sun is a transaction "which concerns a buyout" of Sun's royalty obligation.<br><br>I have already found that SCO had a fiduciary duty as Novell's agent with regard to SVRX licenses. SCO thus had fiduciary duties to Novell to put Novell's interest above its own and ensure that any amendment of an SVRX license would not harm Novell's interest. It is also undisputed that SCO did not inform Novell of the negotiations that lead to the 2003 Sun agreement and did not seek or obtain Novell's consent to enter into that agreement.<br><br>If you find that the 2003 Sun agreement "concerns a buyout" of Sun's royalty obligation, then SCO was required to involve Novell in the negotiations for that agreement and obtain Novell's consent. If, on the other hand, you find that the 2003 Sun agreement did not "concern a buyout," SCO was entitled to go forward so long as it met the other conditions of section 4.16 of the APA as outlined in the previous instruction. Because SCO was Novell's fiduciary with respect to the SVRX licenses, you should resolve doubts in favor of Novell.<br><br>**Authority:**<br><br>• "it is undisputed that the 2003 Sun and Microsoft Agreements have some SVRX component," "even incidental licenses of SVRX are considered an SVRX License" (Order at 93, 95); "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements" (96); "To the extent that SCO has failed to pass through the appropriate amount of SVRX Royalties under the 2003 Sun and Microsoft Agreements to which Novell was entitled, Novell is also entitled to summary judgment on its Eight Claim for Relief for conversion," "SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust." (96, 97)<br><br>• 28 U.S.C. § 2201 | **S9 DECLARATION THAT SCO BREACHED THE APA BY ENTERING INTO THE 2003 SUN AGREEMENT**<br><br>Novell's Fourth Claim for Relief also seeks a declaratory judgment that SCO breached the APA by entering into the 2003 Sun Agreement without Novell's prior approval.<br><br>Section B of Amendment No. 2 to the APA provides that the parties must follow certain procedures for their joint management of any potential transaction with an SVRX licensee which concerns a buy-out of any such licensee's royalty obligations.<br><br>Amendment No. 1 to the APA provides that SCO shall have the right to enter into amendments of the SVRX Licenses without Novell's consent as may be incidentally involved through its rights to sell and license UnixWare software.<br><br>In order to prove its claim for declaratory judgment, it is Novell's burden to prove, by the preponderance of the evidence, that SCO did not have the authority to enter into the Sun Agreement without Novell's prior approval. Novell must therefore prove that the Sun Agreement was itself a buy-out of Sun's SVRX royalty obligations, and not a UnixWare License that relates to a prior 1994 agreement in which Sun's buy-out was granted.<br><br>In this case, the parties dispute whether the Sun Agreement constituted a buy-out of Sun's SVRX royalty obligations or whether it was a UnixWare Agreement that related to a prior 1994 agreement in which Sun's buy-out was granted.<br><br>If you determine that Novell has not proven by the preponderance of the evidence both that the Sun Agreement was itself a buy-out of Sun's SVRX royalty obligations and not an agreement that related to a prior agreement in which such a buy-out was granted, then you must find that Novell is not entitled to its requested declaratory judgment. If you determine that Novell has proven by the preponderance of the evidence that the Sun Agreement was itself a buy-out of Sun's SVRX royalty obligations and not an agreement that related to a prior agreement in which such a buy-out was granted, then you should find that Novell is entitled to its requested declaratory judgment.<br><br>**Authority:**<br><br>• 28 U.S.C. § 2201<br><br>• *Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal. App. 3d 887, 913 (1971) ("A complaint for breach of contract must include the following: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff therefrom.") |

| NOVELL | SCO |
|---|---|
| Novell contends that this SCO instruction is duplicative of the unjust enrichment instruction and that no separate instruction is necessary. | **S5 APPORTIONMENT**<br><br>Novell's Third, Sixth, Seventh, and Eighth claims seek payments that SCO received under the 2003 Sun and Microsoft Agreements. It is your responsibility to determine what portion, if any, of the payments SCO received under the 2003 Sun and Microsoft Agreements Novell is entitled to.<br><br>In deciding what portion, if any, of the Sun and Microsoft Agreements Novell is entitled to, you can consider only payments that Novell has proven with reasonable certainty SCO received for an SVRX License. You must not include in your calculation any other payments SCO received under the Sun and Microsoft Agreements, for any other purpose, including:<br><br>(a) Payments, if any, made for the licensing of SCO's UnixWare product;<br><br>(b) Payments, if any, made for the licensing of an additional copy of the source code to the SVRX products that Sun bought out in 1994; or<br><br>(c) Payments, if any, made for any options and releases unrelated to the licensing of SVRX technology.<br><br>If you decide that no portion of the payments SCO received under the Sun and Microsoft Agreements was received for an SVRX License, then you must decide that Novell is not entitled to any payments. If you decide that only a portion of the payments SCO received from the Sun and Microsoft Agreements constituted a payment under an SVRX License, then you must determine what portion of those payments constituted a payment under an SVRX License that Novell is entitled to receive.<br><br>**Authority:**<br>• *Bardis v. Oates*, 14 Cal. Rptr. 3d 89, 100-01 (Cal. App. 3d 2004) (breach of fiduciary duty apportionment submitted to jury)<br>• *Moreno v. Greenwood Auto Center*, 110 Cal. Rptr. 2d 177, 183-84 (Cal. App. 2d 2001) (conversion apportionment submitted to jury)<br>• *Fields v. Maestro's Ristorante of San Ramon, Inc.*, No. C97-05176, 2005 WL 1206852 at * 5 (Cal. App. 3d May 20, 2005) (unjust enrichment apportionment submitted to jury) |

| NOVELL | SCO |
|---|---|
| Novell contends that this SCO instruction is duplicative of the unjust enrichment instruction and that no separate instruction is necessary. | **S6 DAMAGES**<br><br>Novell has alleged that, as a result of SCO's conduct, it has incurred damages. Under the law, it is Novell's duty to establish, by the preponderance of the evidence, all of the facts necessary to establish that it incurred damages as a result of SCO's conduct.<br><br>In considering whether Novell has proven that it has suffered damages, you must determine whether Novell has met its duty to establish, by the preponderance of the evidence, that it is entitled to any of the payments SCO received under the 2003 Sun and Microsoft Agreements and/or the SCOsource Agreements.<br><br>You must therefore determine whether Novell has proven what portion of the money SCO received from the Sun and Microsoft Agreements and/or the SCOsource Agreements was paid for as an SVRX License as to which Novell retained royalty rights under the APA. You must not consider any payments made to SCO under the Agreements for any other purpose,<br><br>including:<br><br>(a) Payments, if any, made for the licensing of SCO's UnixWare product;<br><br>(b) Payments, if any, made for the licensing of an additional copy of the source code to the SVRX products that Sun bought out in 1994; or<br><br>(c) Payments, if any, made for any options and releases unrelated to the licensing of SVRX technology.<br><br>If you determine that Novell has not established by the preponderance of the evidence that a portion of the payments SCO received from the Sun and Microsoft Agreements and/or the SCOsource Agreements was paid for the licensing of the SVRX code, then Novell cannot recover damages. If you determine that Novell has proven by the preponderance of the evidence that a portion of the payments SCO received from the 2003 Sun and Microsoft Agreements and/or the SCOsource Agreements was paid for the licensing of the SVRX code, you should award Novell damages in that amount.<br><br>**Authority:**<br><br>• BAJI 2.6 (Burden of Proof and Preponderance of Evidence)<br><br>• *Rose v. Chrysler Motors Corp.*, 212 Cal. App. 2d 755, 763 (1963)<br><br>• *Zaidman v. Vencor Intern., Inc.*, 2001 WL 1243936, *3 (Cal. App. 4 Dist. 2001) (holding that "irrelevant evidence will not support a judgment" and damages evidence was irrelevant insofar as it concerned damages not covered by the agreement) |

| NOVELL | SCO |
|---|---|
| Novell contends that this SCO instruction is duplicative of the unjust enrichment instruction and declaratory judgment instructions and that no separate instruction is necessary. | **S7 INCIDENTAL SVRX LICENSE**<br><br>The APA sets forth different rules for payments that SCO receives from SVRX Licenses that it enters into (as explained in Section 4.16) and for payments that SCO receives from UnixWare Licenses that it enters into (as explained in Schedule 1.2(b)). The parties dispute which of these royalty provisions applies to the 2003 Sun and Microsoft Agreements and/or the SCOsource Agreements which you have received in evidence. The parties agree that which provision applies depends on whether the portion of SVRX code licensed in each agreement was "incidental" to the UnixWare license.<br><br>With regard to each agreement, then, you must decide whether that agreement was an SVRX License, or a UnixWare License that licensed SVRX code incidentally.<br><br>If you determine that Novell has not proven by the preponderance of the evidence that the SVRX portion, if any, of the Sun and Microsoft Agreements and/or the SCOsource Agreements was not incidental (or was more than incidental) to the UnixWare license being provided, you must then find that SCO was not obligated to remit to Novell any royalties from the 2003 Sun and Microsoft Agreements and/or the SCOsource Agreements. If you determine that Novell has proven that the SVRX portion, if any, of the Sun and Microsoft Agreements and/or the SCOsource Agreements was not incidental to the UnixWare license being provided, you must then determine the amount of royalties SCO was obligated to remit to Novell from the Sun and Microsoft Agreements or the SCOsource Agreements.<br><br>**Authority:**<br><br>• BAJI 2.6 (Burden of Proof and Preponderance of Evidence)<br><br>• *Rose v. Chrysler Motors Corp.*, 212 Cal. App. 2d 755, 763 (1963)<br><br>• *Zaidman v. Vencor Intern., Inc.*, 2001 WL 1243936, *3 (Cal. App. 4 Dist. 2001) (holding that "irrelevant evidence will not support a judgment" and damages evidence was irrelevant insofar as it concerned damages not covered by the agreement) |

| NOVELL | SCO |
|---|---|
| Novell contends that this SCO instruction is duplicative of the unjust enrichment instruction and that no separate instruction is necessary. | **S8 AMOUNT OF DAMAGES**<br><br>Novell also bears the burden of proving by the preponderance of the evidence the amount of damages it suffered with reasonable certainty.<br><br>In considering the amount of damages, you must determine whether the payments SCO received from the 2003 Sun and Microsoft Agreements and/or the SCOsource Agreements constitute payments that Novell was entitled to under the APA. If you determine that a portion of the payments SCO received from the Sun and Microsoft Agreements and/or the SCOsource Agreements was for the licensing of the SVRX code as enumerated in Section 4.16 of the APA, you must determine what portion of the payments from the Sun and Microsoft Agreements and/or the SCOsource Agreements Novell has proven was paid for licensing the SVRX code.<br><br>In your calculation, you can only include payments that Novell has proven with reasonable certainty were paid for the licensing of the SVRX code. You must not include in your calculation any other payments SCO received under the Sun and Microsoft Agreements and/or the SCOsource Agreements, for any other purpose, including:<br><br>(d) Payments, if any, made for the licensing of SCO's UnixWare product;<br><br>(e) Payments, if any, made for the licensing of an additional copy of the source code to the SVRX products that Sun bought out in 1994; or<br><br>(f) Payments, if any, made for any options and releases unrelated to the licensing of SVRX technology.<br><br>**Authority:**<br><br>• *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001) (holding that plaintiff bears the burden of proving the amount of damages in a breach of contract action)<br><br>• *Carpenter Foundation v. Oakes*, 26 Cal. App. 3d 784, 799-800 (1972) (holding that in an action sounding in tort, the plaintiff has the burden of proving he or she has suffered damage and must also prove the amount of damages with reasonable certainty)<br><br>• *Sequoia Vacuum Systems v. Stransky*, 229 Cal. App. 2d 281, 288 (1964) ("The determination of the particular factual circumstances and the application of the ethical standards of fairness and good faith required of a fiduciary in a given situation are for the trier of facts.")<br><br>• *Zaidman v. Vencor Intern., Inc.*, 2001 WL 1243936, *3 (Cal. App. 4 Dist. 2001) (holding that "irrelevant evidence will not support a judgment" and damages evidence was irrelevant insofar as it concerned damages not covered by the agreement) |

| NOVELL | SCO |
|---|---|
| Novell contends this stock instruction is not necessary in light of the explicit, substantive instructions given above. | G11<br><br>Damages must be reasonable. You are not permitted to award speculative damages, which means compensation for a detriment which, although possible, is remote, or conjectural. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Novell has actually suffered or which it is reasonably likely to suffer in the near future.<br><br>In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a Plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.<br><br>**Authority:**<br>• Stock instructions |