Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted Pro Hac Vice)
BOIES SCHILLER & FLEXNER LLP
Bank of America Tower, suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 south Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiff, The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S MEMORANDUM IN OPPOSITION TO NOVELL'S MOTION TO VOLUNTARILY DISMISS ITS THIRD CLAIM FOR RELIEF**<br><br>Civil No. 2:04 CV-00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), hereby submits its Memorandum in Opposition to Novell's Motion to Voluntarily Dismiss Its Third Claim for Relief, or grant the motion with the additional conditions set forth herein.

## BACKGROUND

Novell's sole purpose for requesting a voluntary dismissal of its third claim is to facilitate its motion to strike SCO's demand for a jury trial. Novell states (at 2): "Dismissal will serve the goal of simplifying this matter, making it more appropriate for a streamlined bench trial." SCO has a Constitutional right to a jury trial on Novell's claims. Therefore, if voluntary dismissal of this claim enables Novell to circumvent SCO's Constitutional right to a trial by jury, it inflicts plain legal prejudice on SCO, and should not be permitted.[1] Courts have routinely rejected voluntary dismissals where they are motivated by tactical maneuvers that would deny the other party its legal rights, and where they try to obtain through indirection what the party cannot obtain directly. Furthermore, the timing of Novell's motion – just three weeks before the jury trial on its claims is scheduled to begin – exacerbates this prejudice, because SCO has proceeded in this litigation for over two years under the expectation that it was entitled to a jury trial on Novell's claims.

Moreover, Novell has proposed conditions on the dismissal that would potentially permit Novell to revive its third claim for relief in any subsequent trial in this matter – including the subsequent trial on the bifurcated issue of Novell's breach of the TLA. Novell's proposed order

---

[1] As set forth in SCO's Opposition to Novell's Motion to Strike SCO's Demand for a Jury Trial, SCO maintains that, even if the third claim is dismissed, SCO is still entitled to a jury trial. However, it is clear that if the third claim is not dismissed, SCO is entitled to a trial by jury, and Novell has conceded that voluntary dismissal makes a bench trial "more appropriate." Thus, SCO opposes this motion to the extent the Court concludes that, without the third claim for relief, SCO has no constitutional right to a jury trial.

states that the dismissal is conditional on "Novell having the right to renew such claim only in the event there is <u>any subsequent adjudication or trial in this action</u> or any enlargement of the issues for trial beyond that contemplated by the August 17, 2007 Joint Statement."  (Emphasis added.) The upcoming trial on bifurcated issues would constitute a "subsequent adjudication or trial in this action," and thus, Novell would potentially be permitted to revive its claim in that subsequent trial.  This would defeat the purpose of the bifurcation, would be highly prejudicial to SCO, and would waste judicial resources.  Consequently, Novell's motion should be denied on the grounds that it would inflict plain legal prejudice on SCO and waste judicial resources.

Alternatively, if Novell's voluntary dismissal is permitted, conditions should be imposed that would cure SCO's prejudice – namely, the conditions should recognize and retain SCO's ongoing Constitutional right to a trial by jury on Novell's claims, and foreclose Novell from reviving its third claim in a subsequent trial on bifurcated issues.  SCO would have no objection to dismissal under these conditions.

## ARGUMENT

I.  **BY INTERFERING WITH SCO'S CONSTITUTIONAL RIGHT TO A JURY TRIAL, NOVELL'S VOLUNTARY DISMISSAL WOULD INFLICT PLAIN LEGAL PREJUDICE ON SCO.**

Federal Rule of Civil Procedure 41(a)(2) provides that, absent stipulation of the parties as set forth in Rule 41(a)(1), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  It is well established that a voluntary dismissal should not be granted where it would inflict legal prejudice on the defendant, or in this case, the counterclaim defendant.  <u>See, e.g.</u>, <u>Brown v. Baeke</u>, 413 F.3d 1121 (10th Cir. 2005); <u>Ledbetter v. City of Topeka, Kansas</u>, 61 Fed.Appx. 574 (10th Cir.

2003). In Brown v. Baeke, the Tenth Circuit reiterated that Federal Rule of Civil Procedure 41(a)(2) is "designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Brown, 413 F.3d at 1123.

SCO would suffer such prejudice if Novell's voluntary dismissal were permitted. Novell has argued that it should be permitted to dismiss its third claim in order to make the action "more appropriate" for a streamlined bench trial. Thus, the dismissal, if granted without curative conditions that retain SCO's right to a jury trial, would unfairly prejudice SCO by denying its right to a jury trial on the eve of the commencement of the scheduled jury trial – after SCO has litigated the case for over two years with the expectation that Novell's claims would be tried before a jury. This constitutes prejudice that precludes Novell's proposed dismissal.

The Tenth Circuit has explained that "prejudice" is a function of "practical factors" including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." Id.; see also, Ledbetter v. City of Topeka, Kansas, 61 Fed.Appx. 574 (10th Cir. 2003) (affirming denial of motion for voluntary dismissal without prejudice, which was "filed more than a year and a half into the litigation and after discovery, motions, and a pretrial order," because of "prejudice to the opposing party, including the expense and effort in preparing for trial, excessive delay and insufficient explanation therefor, the stage of the litigation, and other factors"). Novell's excessive delay in seeking this dismissal – over two years after the commencement of its counterclaims, and just three weeks before the commencement of the jury trial on its claims – inflicts prejudice on SCO. SCO conducted this litigation, including substantial discovery and multiple depositions, with the expectation that the

3

claims would be tried before a jury because of the legal relief sought by Novell. Novell's attempt to circumvent that right to a jury trial through a tactical dismissal shortly before the jury trial should not be sanctioned.

Furthermore, even apart from the timing of the request, the dismissal would prejudice SCO in so far as it improperly circumvents SCO's Constitutional right to a jury trial. The above factors articulated by the Tenth Circuit for determining prejudice are neither exhaustive nor conclusive. Indeed, the Tenth Circuit has instructed that "the court should be sensitive to other considerations unique to the circumstances of each case." Brown, 413 F.3d. at 1123. If Novell's voluntary dismissal would deprive SCO of its constitutional right to a trial by jury – as Novell suggests (at 2) in its motion – that is a unique factor that should be considered, and a prejudice that should be avoided.

Through its motion, Novell is manipulating Rule 41(a) in order to obtain a right to a bench trial (and to circumvent SCO's legitimate right to a trial by jury) that it would not otherwise have had. This tactical use of Rule 41 should not be sanctioned. Indeed, several courts have rejected plaintiffs' efforts to use Rule 41(a) to frustrate the rules surrounding jury trials. This issue most commonly arises where a plaintiff inadvertently fails to request a jury trial, and having waived its right, seeks a voluntary dismissal in order to assert that right in a subsequently filed action. See, e.g., Russ v. Standard Ins. Co., 120 F.3d 988 (9th Cir. 1997) (holding that district court could not grant claimant's motion to dismiss without prejudice so as to permit her to refile claims and make timely jury demand); Evans v. Bankers Life Co., 27 F.R.D. 489 (E.D.N.Y. 1961) (same). In Russ v. Standard Insurance Company, the Ninth Circuit persuasively explained that the general discretion granted the courts under Rule 41 does not

extend to frustration of the specific purpose of rules governing jury trial demands. Russ, 120 F.3d at 988. Similarly, in Evans v. Bankers Life Company, the court observed: "Plaintiff's alternative request for a voluntary dismissal of the complaint is admittedly an effort to obtain by indirection that which the Court has hereby denied directly. As such, it cannot be granted." Evans, 27 F.R.D. at 490.

The issue facing this Court is the inverse: Novell's attempt to use the discretion granted under Rule 41 to frustrate SCO's legitimate and timely demand for a trial by jury, and to obtain by indirection what Novell cannot obtain directly. Because the right to a trial by jury is guaranteed by the Constitution and SCO has not waived that right, the considerations expressed in the cases discussed above are even more compelling here than the inverse scenario in which a plaintiff tries to use a voluntary dismissal to avoid its prior clear waiver of the right.[2]

The Tenth Circuit has repeatedly recognized that plain legal prejudice would result in an array of contexts in which the plaintiff has endeavored to use the dismissal for tactical gain at the expense of the other party – as Novell has here. See, e.g., County of Santa Fe, N.M. v. Public Service Co. of New Mexico, 311 F.3d 1031, 1048-49 (10th Cir. 2002) (noting that list of factors to be considered is by no means exclusive, and holding that district court abused its discretion by granting a motion for voluntary dismissal with prejudice where it would be impossible for the intervenors to obtain the relief that they sought under their writ of mandamus cause of action); Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354 (10th Cir. 1996) (affirming district court's

---

[2] Notably, at least one court has permitted a plaintiff to withdraw a claim (where no waiver issue existed) where it was the only way in which the plaintiff could obtain a jury trial. See In re Empire Coal Sales Corp, 45 F. Supp. 974, 976 (D.C.N.Y. 1942) (holding that Referee did not abuse his discretion in permitting claimant to withdraw its claim upon concluding: "If claimant is not permitted to withdraw its claim it will be deprived of a trial by jury, which is a more substantial right than the trustee's right to have a summary determination of the single issue of preference.").

denial of motion to dismiss claims without prejudice where motion was filed, without explanation, "a few days before its response to the summary judgment motion was due"); <u>Cook v. Rocky Mountain Bank Note Co.</u>, 974 F.2d 147, 148 (10th Cir. 1992) ("A plaintiff cannot be allowed to undermine the requirements of Rule 54(b) by seeking voluntarily dismissal of her remaining claims and then appealing the claim that was dismissed with prejudice."); <u>U.S. v. Wyoming Nat. Bank of Casper</u>, 505 F.2d 1064 (10th Cir. 1974) (affirming denial of voluntary dismissal of claim against impleaded party, where party was "needed to protect the rights of all of the parties and to accomplish expeditious determination of the litigation"); see also <u>Elbaor v. Tripath Imaging, Inc.</u>, 279 F.3d 314, 318-19 (5th Cir. 2002) (finding that defendant would suffer "plain legal prejudice" from an unconditional dismissal because such a dismissal "would potentially strip [defendant] of a viable statute of limitations defense").

Accordingly, Novell should not be permitted to use Rule 41(a) to obtain a bench trial on its claims and avoid SCO's timely demand for a jury trial, when it cannot obtain that result directly.

## II. BY PERMITTING NOVELL TO REVIVE ITS CLAIM IN A SUBSEQUENT TRIAL IN THIS MATTER, THE CONDITIONS PROPOSED BY NOVELL WOULD INFLICT PLAIN LEGAL PREJUDICE ON SCO.

Novell's proposed order states that the dismissal is conditional on "Novell having the right to renew such claim only in the event there is <u>any subsequent adjudication or trial in this action</u> or any enlargement of the issues for trial beyond that contemplated by the August 17, 2007 Joint Statement." (Emphasis added.) This condition would arguably permit Novell to revive its third claim for relief in the subsequent trial on the bifurcated issues – namely, Novell's breach of the TLA. However, Novell's third claim for relief has no relation with the bifurcated issues and

6

would defeat the purpose of the bifurcation. Moreover, most of the issues related to the third claim would have already been determined in this trial. Thus, voluntary dismissal under these conditions is nonsensical. Novell's motion should be denied on the grounds that it would inflict plain legal prejudice on SCO and waste judicial resources.

### III. IF NOVELL'S MOTION IS GRANTED, CONDITIONS SHOULD BE IMPOSED ON THE DISMISSAL THAT WOULD PROTECT SCO'S LEGAL RIGHTS.

SCO would have no objection to a voluntary dismissal of Novell's third claim that protects SCO's legal rights, and avoids the prejudice set forth above. First, the voluntary dismissal should be conditional on SCO continuing to have a right to a trial by jury. Second, the voluntary dismissal should preclude Novell from trying to raise its third claim in a subsequent trial on the bifurcated issues. This latter condition would prevent Novell's attempt to get "two bites at the apple" – to re-litigate any issues already decided in this action. For instance, if the dismissal is granted, the conditions should state: "SCO shall continue to have a right to a trial by jury irrespective of this dismissal. Novell shall not have the right to renew such claim unless, in a subsequent trial, its Fourth, Sixth, Seventh, and Eighth Claims are retried, or there is any enlargement of the issues for trial beyond that contemplated by the August 17, 2007 Joint Statement."

## **CONCLUSION**

Wherefore, SCO requests that the Court deny Novell's Motion to Voluntarily Dismiss Its Third Claim for Relief, or grant the motion with the additional conditions set forth herein.

DATED this 31st day of August, 2007.

        HATCH, JAMES & DODGE, P.C.
        Brent O. Hatch
        Mark F. James

        BOIES, SCHILLER & FLEXNER LLP
        David Boies
        Robert Silver
        Stuart H. Singer
        Stephen N. Zack
        Edward Normand

        DORSEY & WHITNEY LLP
        Devan V. Padmanabhan

        By:    /s/ Edward Normand

# CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 31st day of August, 2007 a true and correct copy of the foregoing **SCO'S OPPOSITION TO NOVELL'S MOTION TO VOLUNTARILY DISMISS ITS THIRD CLAIM FOR RELIEF** was electronically filed with the Clerk of Court and delivered by CM/ECF to the following:

> Thomas R. Karrenberg
> John P. Mullen
> Heather M. Sneddon
> ANDERSON & KARRENBERG
> 700 Bank One Tower
> 50 West Broadway
> Salt Lake City, UT 84101
>
> Michael A. Jacobs
> Matthew I. Kreeger
> MORRISON & FOERSTER
> 425 Market Street
> San Francisco, CA 94105-2482

By:    /s/ Edward Normand