Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

Stephen N. Zack (admitted Pro Hac Vice)
BOIES SCHILLER & FLEXNER LLP
Bank of America Tower, suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 south Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiff, The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>　　　　Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>　　　　Defendant/Counterclaim-Plaintiff. | **SCO'S MEMORANDUM IN OPPOSITION TO NOVELL'S MOTION IN LIMINE NO. 1 TO PRECLUDE SCO FROM CHALLENGING QUESTIONS ALREADY DECIDED AS A MATTER OF LAW**<br><br>Civil No. 2:04 CV-00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), respectfully submits this Memorandum in Opposition to Novell's Motion in Limine No. 1 to Preclude SCO from Challenging Questions Already Decided as a Matter of Law.

As set forth in SCO's other oppositions to Novell's motions in limine, SCO intends to argue at trial that the SVRX components of the SCOsource agreements, if any, are incidental to the other rights granted in the agreements, that their value is de minimis, and therefore that Novell's damages are de minimis. SCO's position does not challenge any aspect of the Court's Order. Accordingly, Novell's motion should be denied as moot.

In addition, Novell's motion should be denied because it does not identify any specific evidence or argument that should be excluded at trial. See, e.g., U.S. v. Cline, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) ("[T]he motion in limine gives a court the chance 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' . . . Indeed, a court should refrain from the undue speculation inherent in making evidentiary rulings before hearing the factual context at trial."); Smith v. Board of County Com'rs of County of Lyon, No. 01-4018-SAC, 2003 WL 21293565, at *1 (D. Kan. May 27, 2003) (Ex. A.) (noting that the purpose of a motion in limine is to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.").

Novell contends (at note 1) that SCO included witnesses on its revised Rule 26 witness list – Ed Chatlos, Rob Frankenberg, Kim Madsen, and Duff Thompson – whose "only imaginable role at trial would be to reopen issues already decided against SCO." Novell

overlooks that SCO identified these witnesses in its supplemental response to Novell's Interrogatory Nos. 7 and 11 (attached as an Exhibit 6 to the 8/24/2007 Melaugh Declaration). Those interrogatories relate to the nature of the rights in the agreements. If SCO calls these witnesses, it will be to offer testimony relevant to this issue. If Novell had met and conferred with SCO prior to the filing of this motion, Novell would have learned as much. Novell should have done so. See, e.g., Smith, 2003 WL 21293565, at *1, n1 ("[O]rdinarily motions of this type are not filed unless the matter is contested. Filing a motion in the first instance, rather than fulfilling one's duty to communicate with opposing counsel, increases both burden on the court and the expense to the clients."). The lack of a real controversy over any specific evidence or arguments is alone sufficient justification for denying Novell's motion.

     Novell's motion (at 1-2) also purports to characterize the "principal holdings" of the Order through fourteen short excerpts – often not even complete sentences from the Order – that are taken out of context. The Court's Order, in its entirety, bears on the scope of the trial. A motion in limine is not the proper vehicle to summarize and reframe the issues presented in the Court's 100-page Order, particularly when the motion presents no real controversy between the parties about any actual evidence or arguments. Cf. Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc., 652 F. Supp. 1400, 1401 (D. Md. 1987) ("The motion in limine is, in my opinion, not a device to narrow or fix the issues to be tried."); Western Reserve Life Assurance Company of Ohio v. Bratton, No. C-04-81-LRR, 2006 WL 1419270, at *1 (N.D. Iowa May 19, 2006) (Ex. B.) (holding that motions in limine should be used "only to resolve limited evidentiary issues" – "not ask the court to determine substantive or factual issues").

2

Wherefore, SCO respectfully requests that this Court deny Novell's Motion in Limine No. 1 to Preclude SCO from Challenging Questions Already Decided as a Matter of Law. Alternatively, if the Court grants this motion, SCO respectfully requests that the order apply equally to both parties, and that Novell also be precluded from challenging at trial any issues decided as a matter of law in the Court's Order.

DATED this 31st day of August, 2007.

>
> HATCH, JAMES & DODGE, P.C.
> Brent O. Hatch
> Mark F. James
>
> BOIES, SCHILLER & FLEXNER LLP
> David Boies
> Robert Silver
> Stuart H. Singer
> Stephen N. Zack
> Edward Normand
>
> DORSEY & WHITNEY LLP
> Devan V. Padmanabhan
>
>
> By:         /s/ Edward Normand

3

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 31st day of August, 2007 a true and correct copy of the foregoing **SCO'S MEMORANDUM IN OPPOSITION TO NOVELL'S MOTION IN LIMINE NO. 1 TO PRECLUDE SCO FROM CHALLENGING QUESTIONS ALREADY DECIDED AS A MATTER OF LAW**, was electronically filed with the Clerk of Court and delivered by CM/ECF to the following:

>
> Thomas R. Karrenberg
> John P. Mullen
> Heather M. Sneddon
> ANDERSON & KARRENBERG
> 700 Bank One Tower
> 50 West Broadway
> Salt Lake City, UT 84101
>
> Michael A. Jacobs
> Matthew I. Kreeger
> MORRISON & FOERSTER
> 425 Market Street
> San Francisco, CA 94105-2482

By:     /s/ Edward Normand

4