# EXHIBIT A



Slip Copy                                                                                                                                                   Page 1
Slip Copy, 2007 WL 752170 (D.Utah)

**(Cite as: Slip Copy)**

Williams v. Tim Dahle Imports, Inc.
D.Utah,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Utah,Central Division.
Chris WILLIAMS, Plaintiff,
v.
TIM DAHLE IMPORTS, INC., a Utah corporation et al., Defendants.
No. 2:03CV46 DAK.

March 7, 2007.

Kara L. Barton, Barton Law Office LLC, Salt Lake City, UT, Diana Obray, Magna, UT, for Plaintiff.
Shawn McGarry, Nan T. Bassett, Kipp & Christian, Salt Lake City, UT, for Defendants.

**MEMORANDUM DECISION AND ORDER ON DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

DALE A. KIMBALL, United States District Judge.
**\*1** This matter is before the court on Defendant Tim Dahle Imports, Inc., dba Tim Dahle Nissan's (" TDN" ) Renewed Motion for Summary Judgment. On May 5, 2006, this court issued an Order granting in part and denying in part Defendant's motion. The court dismissed Plaintiff's claim for gender discrimination under Title VII, which was based on TDN's termination of her employment and/or TDN's failure to promote her. The court also dismissed Plaintiff's claim under the Title VII and the EPA regarding the alleged pay disparity between Plaintiff and Mr. Benns.

The court stated, however, that " to the extent Plaintiff has asserted a claim under Title VII and/or the EPA based on the alleged salary disparity between Plaintiff and other allegedly similarly situated managers, it is unclear whether Defendant has moved for summary judgment on such claims, and, in any event, the merits of such claims have not been adequately briefed by either party."

Defendant's counsel subsequently renewed the motion for summary judgment. The court has determined that oral argument would not assist the court in deciding this motion. The court has considered carefully the memoranda and other materials submitted by the parties. Now being fully advised, the court renders the following Memorandum Decision and Order.

**STANDARD OF REVIEW**

Summary judgment is appropriate only " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56c; *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the factual record, the court construes all facts and make reasonable inferences in the light most favorable to the non-moving party. *See* Byers v. City of Albuquerque, 150 F.3d 1271, 1274 (10th Cir.1998).

**DISCUSSION**

The facts of this case have been set forth in the court's previous Order and will not be repeated here. As stated in this court's Order dated May 5, 2006, to establish a prima facie case under the Equal Pay Act, Plaintiff must show (1) that she was performing work that was " substantially equal" to that of male coworkers, with " equality" being measured on the basis of the skills, duties, supervision, effort, and responsibilities of the jobs; (2) the conditions where work was performed were basically the same; and (3) male employees were paid more. 29 U.S.C. § 206(d)(1); *Sandoval v. City of Boulder,* 388 F.3d 1312 (10th Cir.2004). Exceptions to equal pay are made when payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex. 29 U.S.C. § 206(d)(1).

The Tenth Circuit does " not construe the ' equal work' requirement of the EPA broadly," and it has stated that " failure to furnish equal pay for ' comparable work' or ' like jobs' is not actionable. *Id. at 1327* (quoting *Sprague v. Thorn Americas, Inc.,* 129 F.3d 1355, 1364 (10th Cir.1997)). Rather, " the jobs must be substantially equal in terms of skill, effort, responsibility, and working conditions." *Id.* at 1327-28. Once a plaintiff has established that an

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

employer paid unequal wages for jobs performed under similar working conditions that required essentially equal skills, effort, and responsibility, the burden of persuasion then shifts to the defendant, requiring that the employer prove that one of the four specific exceptions justifies the wage disparity. *See Tidwell v. Fort Howard Corp.,* 989 F.2d 406, 409 (10th Cir.1993); *Sinclair v. Automobile Club of Okla., Inc.,* 733 F.2d 726, 728 (10th Cir.1984).

***2** In this case, Plaintiff contends that she was not paid as much as other male managers. The court finds, however, that Plaintiff still has not established a prima facie case under the EPA. Plaintiff has not offered any evidence to demonstrate that she and the other male managers worked under similar working conditions or that the same effort was required. By contrast, Defendant, in its previous motion for summary judgment, set forth evidence that Plaintiff actually made more than every male manager in any management position at either of the two Nissan locations-with the exception of Mr. Benns. Plaintiff has failed to create a genuine dispute regarding this evidence and has also failed to set forth any evidence to create a genuine disputed fact pertaining to the similarity of the working conditions or the amount of effort required by the various individuals at issue.

Plaintiff's evidence demonstrates only that different managers have different pay plans with different guaranteed salaries, different commission rates, and different other incentives. As in the first summary judgment motion, Plaintiff, has failed to link this evidence to the elements of an EPA claim.[FN1]

> FN1. Plaintiff has done nothing to establish that her work was " substantially equal" to that of her male coworkers, with " equality" being measured on the basis of the skills, duties, supervision, effort, and responsibilities of the jobs. Moreover, while Plaintiff argues that she held the equivalent of three or four positions (and appears to claim that she should have been paid the salary and commissions of three or four people), she has not claimed that these additional titles required her to work harder or to work longer hours than other managers. She has provided the court with no basis whatsoever on which to evaluate the alleged inequity between Plaintiff's pay plan and the pay plans of similarly situated male managers.

Regarding her purported Title VII claim, Plaintiff has also failed to create a genuine issue of material fact.[FN2] While the plaintiff if an EPA case " need not prove that the employer acted with discriminatory intent," under Title VII, " the plaintiff always bears the burden of proving that the employer intentionally paid her less than a similarly situated male employee." *Mickelson v. New York Life Insur. Co.,* 460 F.3d 1304, 1310-11 (10th Cir.2006). Plaintiff " must make a prima facie showing of discrimination consist [ing] of evidence that a female employee ' occupies a job similar to that of higher paid males.' " *Id.* (citation omitted). The " burden is on the plaintiff to show she is similarly situated to the employee with whom she is comparing herself." *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 532 (10th Cir.1994).

> FN2. As noted in the court's Order dated May 5, 2007, it was unclear whether Plaintiff had actually pleaded a Title VII pay discrimination claim based on the alleged pay disparity between Plaintiff and other managers, but Defendant's briefing on its first motion for summary judgment suggested that Defendant had construed Plaintiff's Complaint as asserting such a claim. The court noted in its Order that " [b]ecause of the confusing nature of both parties' handling of this evidence concerning the alleged compensation disparity between Plaintiff and other allegedly similarly situated managers, the court declines to rule at this time on any possible claim (either under the EPA or Title VII) arising out of this evidence. Order dated May 5, 2006 at 10. The court granted leave for Defendant to file a renewed motion.
> Defendant later filed a renewed motion for summary judgment, but mistakenly failed to move for summary judgment on the Title VII claim-until it filed its reply brief. *See Def.'s Reply Mem. in Supp. of Def.'s Renewed Mot. for Summ. J. at 2-3.* Plaintiff did not seek leave to file a sur-reply to address the Title VII claim. The court has assumed, for purposes of this motion, that Plaintiff had asserted such a Title VII claim in her Complaint and that the evidence set forth in both rounds of Plaintiff's briefing on the summary judgment motion constitutes the evidence supporting both an EPA claim

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 3
Slip Copy, 2007 WL 752170 (D.Utah)
**(Cite as: Slip Copy)**

> and a Title VII claim.
> While the burdens are different for an EPA claim and a Title VII pay disparity claim, the underlying evidence needed to establish a prima facie case under either claim are quite similar. In this case, because Plaintiff has failed to marshal the necessary evidence under to establish an EPA claim, the court has also found that Plaintiff has also failed to marshal the necessary evidence to establish a Title VII pay disparity claim.

As stated above with regard to Plaintiffs EPA claim, Plaintiff has failed to create a genuine dispute regarding whether she is similarly situated to the male managers against whom she is comparing herself. She has also failed to create a genuine dispute regarding whether her comparators are actually paid at a higher rate. *See Sprague v. Thorn Americas, Inc.,* 129 F.3d 1355, 1363 (10th Cir.1997). Thus, Plaintiffs Title VII pay discrimination claim also fails.

## CONCLUSION

For the foregoing reasons and good cause appearing, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [docket # 40] is GRANTED. Plaintiffs claims for unequal pay under the Equal Pay Act and Title VII are DISMISSED with prejudice. Both parties are to bear their own costs.

D.Utah,2007.
Williams v. Tim Dahle Imports, Inc.
Slip Copy, 2007 WL 752170 (D.Utah)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

**Westlaw.**

Not Reported in F.Supp.2d                                          Page 1
Not Reported in F.Supp.2d, 2006 WL 456256 (D.Utah)
**(Cite as: Not Reported in F.Supp.2d)**

McReynolds v. Wynn
D.Utah,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Utah, Central Division.
A. MCREYNOLDS, Plaintiff,
v.
Kenneth F. WYNN, Director, Utah Department of Alcoholic Beverage Control et al., Defendants.
**No. 2:05CV122 DAK.**

Feb. 23, 2006.

Brian M. Barnard, James L. Harris, Jr., Utah Legal Clinic, Salt Lake City, UT, for Plaintiff.
Thomas D. Roberts, William F. Hanson, Utah Attorney General's Office, Salt Lake City, UT, for Defendants.

MEMORANDUM DECISION AND ORDER
KIMBALL, J.
**\*1** This matter is before the court on (1) Defendant Kevin Hansen's (" Mr. Hansen" or " Defendant" ) Motion for Judgment on the Pleadings; (2) Plaintiff A. McReynolds' (" Mr. McReynolds" or " Plaintiff" ) Motion for Partial Summary Judgment; (3) Mr. McReynolds' Motion to Strike Jury Demand; and (4) Mr. Hansen's Motion to Strike Supplement to Plaintiff's Statement of Facts. A hearing on all the motions was held on November 28, 2005. At the hearing, Mr. Hansen was represented by William F. Hanson. Kenneth F. Wynn, Larry V. Lunt, Ted D. Lewis, Nicholas E. Hales, Frank W. Budd, and Marry Ann Mantes were represented by Thom D. Roberts, and Mr. McReynolds was represented by Brian M. Barnard. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to the motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

I. FACTS ASSUMED TO BE TRUE

On February 7, 2005, S. Diener (" Mr.Diener" ), who was over the age of 21, entered a state liquor store in Salt Lake City with Mr. McReynolds, age 21. Mr. McReynolds and Mr. Diener came to the liquor store in the same vehicle, walked into the store together, and walked around the interior of the liquor store together. After Mr. McReynolds selected a bottle of liquor, he took it off the shelf and proceeded to a check-out stand, at which Mr. Hansen was the cashier. Mr. McReynolds and Mr. Diener walked up to the check-out stand together, and Mr. Diener stood next to Mr. McReynolds. Mr. Diener had never touched any bottle of liquor while in the store, including the bottle that Mr. McReynolds had selected. Mr. Diener, however, was not carrying any identification. Accordingly, Mr. Hansen did not permit Mr. McReynolds to purchase the alcohol because his companion, Mr. Diener, did not have proof of his age. Mr. Hansen refused to sell the alcohol based on the written practice and rule of the Defendants.

Mr. McReynolds claims that he was denied a state-created right to purchase alcohol and that he was branded a criminal when Mr. Hansen wrongly surmised that Mr. McReynolds was purchasing alcohol for an illegal purpose, *i.e.,* for a minor. Specifically, Mr. McReynolds claims that he was deprived of a liberty interest without due process of law and that he was stigmatized, embarrassed, and subjected to disdain.

Accordingly, Mr. McReynolds seeks a partial summary judgment on liability. On the other hand, Mr. Hansen seeks dismissal of the claims against him.

II. STANDARDS OF REVIEW

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a motion to dismiss under Rule 12(b)(6) *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 n. 2 (10th Cir.2002), *cert. Denied,* 537 U.S. 1066, 123 S.Ct. 623, 154 L.Ed.2d 555 (2002). In reviewing a defendant's motion, the court assumes the veracity of the " well-pleaded factual allegations" in the complaint and draws all reasonable inferences in plaintiff's favor. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). The issue is not whether plaintiff ultimately will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 2
Not Reported in F.Supp.2d, 2006 WL 456256 (D.Utah)
**(Cite as: Not Reported in F.Supp.2d)**

L.Ed.2d 1 (2002). Thus, the court may dismiss a case only if it appears beyond a doubt that plaintiff can prove no set of facts in support of his theory of recovery that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

**\*2** In addition, summary judgment is appropriate only " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing the factual record, we construe all facts and make reasonable inferences in the light most favorable to the non-moving party. *See* Byers v. City of Albuquerque, 150 F.3d 1271, 1274 (10th Cir.1998).

Where the moving party bears the burden of proof on an issue, that party cannot prevail on summary judgment " unless the evidence that he provides on that issue is conclusive." Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35 (1st Cir.1998). *See also* Equal Employment Opportunity Comm'n v. Union Independiente De La Autoridad De Acueductor Y Alcantarillados De Puerto Rico, 279 F.3d 49, 55 (1st Cir.2002) (same); Calderone v. United States, 799 F.2d 254, 258 (6th Cir.1986) (explaining that if a summary judgment movant has the burden of proof, " his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." ) (citation and emphasis omitted); Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir.1986) (" [I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." ).

### III. DISCUSSION

Mr. Hansen claims that Mr. McReynolds had no liberty or property interest in the purchase of liquor from the State of Utah in the company of a person without proof of age, and thus Mr. McReynolds' claims against him should be dismissed. For the reasons set forth below, the court finds that there is no federal or state liberty or property interest in the purchase of alcohol while in the company of a person who has no proof of age. Moreover, even if a liberty or property interest existed, no process was due because the change in status was minimal. In any event, the court finds that Mr. Hansen is qualifiedly immune from suit. For these reasons, the court grants Mr. Hansen's Motion for Judgment on the Pleadings and denies Plaintiff's Motion for Partial Summary Judgment. In addition, the court finds that Mr. McReynolds' Motion to Strike Jury Demand is moot and that Mr. Hansen's Motion to Strike Supplement to Plaintiff's Statement of Facts is denied.

A. No Liberty or Property Interest Exists, and Even if Such an Interest Existed, No Process Was Due

Liberty and property interests attain constitutional status by virtue of the fact that they have been initially recognized and protected by state law. *See* Paul v. Davis, 424 U.S. 693, 710, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). The Utah Alcoholic Beverage Control Act (" UABCA" ) and its rules and polices do not create or define a liberty or property interest in the purchase of liquor by any person, including Plaintiff, in the company of a person without proof of age.

**\*3** Utah State policy requires the Utah Alcoholic Beverage Control Commission to " [p]romote the reduction of ... consumption of alcoholic beverages by minors, Utah Code Ann. § 32A-1-104(4)(b), who are defined as any person under the age of twenty-one years." Utah Code Ann. § 32A-1-105(29). " Liquor may not be sold, delivered, or furnished to any ... minor," Utah Code Ann. § 32A-2-103(5), and a minor may not lawfully purchase any alcoholic beverage or product. Utah Code Ann. § 32A-12-209(1)(a). Moreover, proof of age must be presented at the request of a liquor store clerk before alcoholic beverages or products may be purchased. The Administrative Rules of the Utah Department of Alcoholic Beverage Control also allow a liquor store clerk to refuse service to anyone he or she has reason to believe is purchasing or attempting to purchase liquor in violation of Utah law. Ut. Admin. R 81-2-6.

The court finds that there is no liberty or property interest created by Utah law to purchase alcohol in the company of an individual without proof of age. Moreover, even in Mr. Reynolds did have a liberty or property interest, Mr. Hansen did not significantly alter or remove that interest. Rather, the alteration of any liberty or property interest was quite minimal and temporary. " Whether any procedural protections are

Not Reported in F.Supp.2d                                                                                                          Page 3
Not Reported in F.Supp.2d, 2006 WL 456256 (D.Utah)
**(Cite as: Not Reported in F.Supp.2d)**

due depends on the extent to which an individual will be ' condemned to suffer grievous loss.' ' *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (citation omitted). In this situation, many options remained available to Mr. McReynolds if he still sought to purchase liquor. He could have visited another liquor store, leaving his companion in the car or elsewhere. He could have asked his companion to retrieve his identification and then could have returned to the same location. He presumably could have returned to the same location later that day, without his companion. Plaintiff cannot be said to have suffered a " grievous loss," and thus, no due process was required.

Mr. McReynolds has failed to cite any case in which a court has found a liberty or property interest in the purchase of alcohol in the company of an individual without proof of age. Indeed, he has not cited any authority for the proposition that individuals have a liberty or property interest in the purchase of alcohol. Although Plaintiff relies heavily on *Wisconsin v. Constineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), that reliance is misplaced. In *Constineau,* the plaintiff challenged the constitutionality of a Wisconsin statute pursuant to which the chief of police had posted-without notice to the plaintiff-the plaintiff's name in all retail liquor outlets in Hartford, Wisconsin as one to whom liquor could not be sold. All gifts or sales of liquor to the plaintiff were forbidden for one year.

The Court determined that " the only issue present here is whether the label or characterization given a person by ' posting,' though a mark of serious illness to some, is to others such a stigma or badge of disgrace that procedural due process requires notice and an opportunity to be heard." *Id.* at 436. The Court found that " the private interest is such that those requirements of procedural due process must be met." *Id.* The Court found that she was entitled to, at least, notice of intent to post her name and an opportunity to present her side of the story before the government could take such drastic action against her. *Id.* at 509. Additionally, it noted that " the right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society." *Id.* (internal quotations and citation omitted). Thus, " [w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Id.* at 437. Because the plaintiff was not afforded a chance to defend herself, and because the Act at issue did not contain any provision for notice and hearing, the Court found the Act unconstitutional on its face. *Id.* at 437, 439.

***4** Contrary to Plaintiff's assertion, the Court in *Constineau* did not find a liberty or property interest in the right to purchase alcohol. The focus of *Constineau* was on the potential damage to the plaintiff's reputation without affording her an opportunity to defend herself. Unlike the plaintiff in *Constineau,* whose name was posted citywide as a drunkard who was precluded from purchasing alcohol for an entire year, Mr. McReynolds was merely denied-on one occasion, in one liquor store-the opportunity to purchase alcohol while he was with an individual who did not have any proof of his age. This minimal and temporary change in status is hardly comparable to the change in status imposed on the plaintiff in *Constineau.*[FN1] Thus, the court is not persuaded by *Constineau* or any of the other cases relied upon by Plaintiff that he had a liberty or property interest in purchasing alcohol under the circumstances at issue here. Moreover, it is clear that even if there were some liberty or property interest, Plaintiff's status was minimally altered and thus no process was due.

> [FN1.] Although not relevant to the court's determination of Mr. Hansen's Motion for Judgment on the Pleadings, the court notes that Mr. McReynolds relies on other unpersuasive arguments or observations. For example, Mr. McReynolds argues that he was not permitted to purchase alcohol in the company of a person without proof of age, yet a parent may bring his or her child into the liquor store, and an adult is allowed to bring an underage spouse into a liquor store " without the assumption being made that an illegal purchase is about to occur." While these minors may lawfully enter the liquor store, Plaintiff has cited no statute, rule, or policy that, in these circumstances, there will be no assumption that an illegal purchase is about to occur. The ability of these minors to *enter* a liquor store with their parent or spouse has nothing to do with the situation presented in this case. Plaintiff has provided no evidence that the sale of alcohol would be made in the presence of a minor spouse or child-without proof of age

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                        Page 4
Not Reported in F.Supp.2d, 2006 WL 456256 (D.Utah)

**(Cite as: Not Reported in F.Supp.2d)**

or relationship-if the clerk had reason to question the relationship between the adult and the minor and thus had a reasonable belief that the adult was purchasing alcohol for an unrelated minor.

B. Mr. Hansen Is Entitled to Qualified Immunity 052 No cent-Y cent-R found.

Additionally, even if Mr. McReynolds had a liberty or property interest in the purchase of liquor in the company of a person without proof of age, Mr. Hansen is qualifiedly immune from suit. Public employees sued in their individual capacities are entitled to qualified immunity unless their conduct violated clearly established constitutional rights. Once a defendant invokes a qualified immunity defense, " the plaintiff bears the burden of satisfying a strict two-part test." *Camfield v. City of Okl.,* 248 F.2d 1214, 1225 (10th Cir.2001). " First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue."  *Id.* at 1225-26 (internal quotations and citations omitted); *see also* Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) ; *Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir.2001). Even if the contours of a plaintiff's constitutional rights were clearly defined at the time of the acts giving rise to the alleged violation, the defendant is entitled to qualified immunity if it was objectively reasonable for him or her to believe that his or her actions did not violate those rights. *Malley v. Briggs,* 475 U.S. 335, 344-45, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Thus, state actors are entitled to qualified immunity if their actions are objectively reasonable when " assessed in light of the legal rules that were ' clearly established' at the time [the actions were] taken ." *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Accordingly, even if Mr. Hansen deprived Mr. McReynolds of a liberty or property interest-which the court has already found he did not-Mr. McReynolds has failed to demonstrate that such a right was clearly established at the time of the incident in question. A right is clearly established " if the Supreme Court or Tenth Circuit case law exists on point or if the ' clearly established weight of authority from other circuits' found a constitutional violation from similar actions." *Peterson v. Jensen,* 371 F.3d 1199, 1202 (10th Cir.2004) (citation omitted). Plaintiff has not set forth any case law at all in which a court has found a constitutional violation stemming from a refusal to sell liquor to a person in the company of a person without proof of age. Moreover, Plaintiff has not found any case law creating such a liberty or property interest. Thus, the right at issue-if it exists at all-was certainly not clearly established.

C. Plaintiff's Motion for Partial Summary Judgment

**\*5** Having already found that there is no state or federal liberty of property interest in the purchase of alcohol in the company of an individual without proof of age and that therefore no process is due in this situation, Mr. McReynolds' Motion for Partial Summary Judgment is necessarily denied.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that (1) Mr. McReynolds' Motion for Partial Summary Judgment is DENIED; (2) Defendant Mr. Hansen's Motion for Judgment on the Pleadings is GRANTED; (3) Mr. McReynolds' Motion to Strike Jury Demand is MOOT; and (4) Mr. Hansen's Motion to Strike Supplement to Plaintiff's Statement of Facts is DENIED. This case is now closed. Each party to bear his/its own costs.

DATED this 22nd day of February, 2006.

D.Utah,2006.
McReynolds v. Wynn
Not Reported in F.Supp.2d, 2006 WL 456256 (D.Utah)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.