Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted Pro Hac Vice)
BOIES SCHILLER & FLEXNER LLP
Bank of America Tower, suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 south Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiff, The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S MEMORANDUM IN OPPOSITION TO NOVELL'S MOTION IN LIMINE NO. 2 TO PRECLUDE SCO FROM CONTESTING LICENSES CONVEYING SVRX RIGHTS ARE "SVRX LICENSES"**<br><br>Civil No. 2:04 CV-00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), respectfully submits this Memorandum in Opposition to Novell's Motion in Limine No. 2 to Preclude SCO from Contesting Licenses Conveying SVRX Rights are "SVRX Licenses."

## BACKGROUND

Novell seeks to obtain through a motion in limine what it did not and could not obtain through summary judgment. Novell asks this Court to preclude SCO from contesting that the 2003 Sun and Microsoft Agreements and the other SCOsource Agreements are "SVRX Licenses" – and in seeking this directive, Novell makes no reference to the various components of these agreements or to an apportionment of what parts of the agreements are attributable to SVRX. Novell thus goes far beyond the holding of the Court's August 10, 2007 Memorandum Decision and Order (the "Order"). In the Order, the Court held that Sun and Microsoft Agreements had "SVRX components" and that those components were "SVRX Licenses." The Court did not determine that each agreement in its entirety was an "SVRX License." The Court also made no finding as to which parts of these agreements are SVRX Licenses or the apportionment of value that is attributable to those parts. In fact, the Court (at 98) reserved that precise issue – what portion of these agreements is attributable to the SVRX components (or to an "SVRX License") – for the fact-finder at trial.

As to the other SCOsource agreements, the Court did not address whether these agreements contained any SVRX components, for these agreements were not the subject of any summary judgment motion. SCO maintains that these other SCOsource agreements do not contain any SVRX components. That is a question of fact, however, and a motion in limine is not the vehicle to resolve whether those other agreements constitute "SVRX Licenses."

Finally, the relief Novell seeks is impermissibly vague in that it is not clear what evidence or argument would be precluded. As such, the motion would not streamline any evidentiary issues for trial, and therefore does not serve the purpose of a motion in limine.

## ARGUMENT

**I.   SCO SHOULD NOT BE PRECLUDED FROM CONTESTING THAT THE SUN AND MICROSOFT AGREEMENTS, BEYOND THEIR SVRX COMPONENTS, ARE "SVRX LICENSES."**

In the Order, the Court held (at 93) that "the 2003 Sun and Microsoft Agreements have some SVRX component." SCO will not dispute at trial that the Sun and Microsoft Agreements have an SVRX component and that this SVRX component constitutes an "SVRX License" – although SCO contends it is an incidental portion of the larger agreement and its value is de minimis. Notwithstanding Novell's apparent suggestion to the contrary, however, SCO should not be precluded from disputing that the Sun and Microsoft Agreements, beyond their specific SVRX components, are "SVRX Licenses." Novell's suggestion goes far beyond the Court's holding. Indeed, one purpose of the trial is to determine what portion of the Sun and Microsoft Agreements are attributable to SVRX, or, in other words, what components of the Agreements are "SVRX Licenses" and what their value is. Any order precluding SCO from contesting that the 2003 Sun and Microsoft Agreements, more broadly, are "SVRX Licenses" thus mischaracterizes the Court's August 10 Order.

As set forth in SCO's Motion in Limine Regarding Apportionment of the 2003 Microsoft and Sun Agreements (DE # 406), and SCO's Motion to Exclude the Testimony of Terry Musika (DE # 405), the Microsoft and Sun Agreements have substantial components that have no relation whatsoever to SVRX. It is only Section 4 of each Agreement that includes any SVRX

2

components at all, and SCO contends that these components are incidental to the UnixWare licenses and to the other rights that were also granted in the Agreements. As such, although Novell has repeatedly argued for a different result, the Agreements cannot be categorized in their entirety as "SVRX Licenses." Accordingly, SCO should not be precluded from contesting that the Sun and Microsoft Agreements, beyond their SVRX components, are "SVRX Licenses."

## II.   SCO SHOULD NOT BE PRECLUDED FROM CONTESTING THAT THE OTHER SCOSOURCE AGREEMENTS ARE "SVRX LICENSES."

Novell's position as to the other SCOsource agreements, such as the Everyone's Internet (EV1) agreement cited by Novell, is equally problematic. The other SCOsource agreements were never the subject of any summary judgment motion before this Court, and the Order does not address these agreements. Thus, the Court has never examined the agreements for this purpose and has never concluded that these agreements have "some SVRX component," as it did for the Sun and Microsoft Agreements. These agreements are markedly different than the Sun and Microsoft Agreements, so that the findings regarding those Agreements do not necessarily mean that the other SCOsource agreements have SVRX components. This is a question of fact for the trier of fact.

The central feature of the other SCOsource agreements is the covenant not to sue and the waiver of claims by SCO for the companies' internal Linux usage. The EV1 Agreement cited by Novell, for instance, provides in Section 3.0 that "SCO shall not bring any legal action alleging infringement of the SCO IP by Licensee . . . ." (08/24/2007 Melaugh Dec. Ex. 1.) This covenant applies only to claims that SCO could bring against EV1; it has no bearing on any rights held by Novell. Indeed, if Novell wanted to sue EV1 for infringement of its SVRX copyrights through its use of Linux, this SCOsource agreement would be no bar. The fact that the definition of

3

"SCO IP" includes SVRX does not change this. This provision simply states that SCO cannot sue for EV1's use of SCO intellectual property in Linux.

Similarly, the "whereas" clause in the front of the agreement reinforces that the primary purpose of the agreement is for the customer to avoid litigation over SCO's intellectual property. It states: "WHEREAS, SCO has alleged and asserted claims that the SCO IP is infringed by the Linux operating system and SCO is involved in litigation and may be involved in future litigation asserting its rights against one or more companies." (Id.) Likewise, SCO's press release on its SCOsource program is clear that the purpose of the SCOsource agreement is for "customers [to] avoid infringement of SCO's intellectual property rights." (08/24/2007 Melaugh Dec. Ex. 2 (emphasis added).) This further reinforces that the central feature of the agreement is the avoidance of litigation with SCO.

The same EV1 SCOsource agreement also contains a "grant of rights" that permits EV1 to use the "SCO IP" in conjunction with the Linux software it already possesses. This provision achieves the same result as the covenant not to sue: SCO cannot sue EV1 for its use of the intellectual property that SCO contends exists in Linux because SCO gave EV1 a right to use it. This provision does not provide any SVRX binary or source code to EV1 or give the company any rights whatsoever to distribute SVRX. The same is true for all of these agreements. None of the agreements, and none of their components, constitute "SVRX Licenses."

The foregoing analysis is, at bottom, a question of fact that was not brought in the summary judgment motions, and thus, could not now be precluded through the vehicle of a motion in limine. The decision in Western Reserve Life Assurance Company of Ohio v. Bratton,

4

No. C-04-81-LRR, 2006 WL 1419270 (N.D. Iowa May 19, 2006) (Ex. A.), is instructive. The court held:

> A motion in limine should be used by the parties to seek to exclude limited and specific items of evidence which the moving party expects the other party to introduce at trial and which the moving party believes are inadmissible under a certain Federal Rule of Evidence. The parties should not ask the court to determine substantive or factual issues in a motion in limine, but rather, the parties should seek only to resolve limited evidentiary issues.

Id. at * 1.  Similarly, in Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc., 652 F. Supp. 1400 (D. Md. 1987), the court cautioned:

> The office of a motion in limine (which is, by the way, not a creature of either the Federal Rules of Evidence or the Federal Rules of Civil Procedure) is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial. *See* Graham, *Handbook of Federal Evidence* § 103.8 (2d ed. 1986) at 31 n. 5.  The motion in limine is, in my opinion, *not* a device to narrow or fix the issues to be tried.  The Federal Rules of Civil Procedure provide at least three motions designed to narrow or fix the issues for trial-motions to dismiss, for judgment on the pleadings, and for summary judgment-and motions in limine are not among them.  This Court, in the interests of orderly pretrial proceedings, routinely fixes deadlines for filing such dispositive motions.  This Judge has noticed an increasing tendency for last-minute summary judgment motions (often, like this one, supported by evidentiary material as per Fed. R. Civ. P. 56(e)) to sneak up in limine clothing shortly before trial, after the deadline for orderly filing of summary judgment motions has passed. It is a practice strongly to be discouraged.

Id. at 1401.  While not required, the Banque Hypothecaire court did consider the motion in limine request under the more appropriate Rule 56 standard (as Novell's request would have to be considered, if it were to be considered at all), and concluded that questions of fact precluded the relief requested in the motion in limine.  Similarly, factual issues preclude the relief

5

requested in Novell's motion.  Whether the other SCOsource agreements contain any SVRX components, and what portion of the agreements are attributable to SVRX, is a question of fact for trial.

### III.  NOVELL'S MOTION SHOULD NOT BE GRANTED BECAUSE IT IS IMPERMISSIBLY VAGUE.

The directive Novell requests is impermissibly vague.  The proposed order states that the Court grants "Novell's Motion in Limine to bar SCO from contesting licenses conveying SVRX rights are 'SVRX licenses.'"  Novell does not state in the motion or in the proposed order what this means – such as what evidence, if any, this would preclude SCO from presenting, or what statements could or could not be made about these agreements.  Novell's motion would not clarify any evidentiary issues for trial, and is fatally flawed for this reason alone.  In United States v. Cline, 188 F. Supp. 2d 1287 (D. Kan. 2002), for example, the court held:

> As a procedural matter, the movant should identify the particular evidence at issue and articulate with specificity the arguments supporting the position that the particular evidence is inadmissible on any relevant ground.  <u>A court is well within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity.</u>

Id. at 1292 (emphasis added).  Novell has failed to meet the foregoing standard, and the Court should exercise its discretion to deny the Motion on that additional, independent basis.

## CONCLUSION

Wherefore, SCO respectfully requests that this Court deny Novell's Motion in Limine No. 2 to Preclude SCO from Contesting Licenses Conveying SVRX Rights are "SVRX Licenses."

DATED this 31st day of August, 2007.

                                            HATCH, JAMES & DODGE, P.C.
                                            Brent O. Hatch
                                            Mark F. James

                                            BOIES, SCHILLER & FLEXNER LLP
                                            David Boies
                                            Robert Silver
                                            Stuart H. Singer
                                            Stephen N. Zack
                                            Edward Normand

                                            DORSEY & WHITNEY LLP
                                            Devan V. Padmanabhan


                                            By: _____/s/ Edward Normand_____

**CERTIFICATE OF SERVICE**

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 31st day of August, 2007 a true and correct copy of the foregoing **SCO'S MEMORANDUM IN OPPOSITION TO NOVELL'S MOTION IN LIMINE NO. 2 TO PRECLUDE SCO FROM CONTESTING LICENSES CONVEYING SVRX RIGHTS ARE "SVRX LICENSES"** was electronically filed with the Clerk of Court and delivered by CM/ECF to the following:

>Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

>Michael A. Jacobs
Matthew I. Kreeger
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482

By: _____/s/ Edward Normand_____

8