# EXHIBIT A

Dockets.Justia.com

Westlaw

Not Reported in F.Supp.2d                                                                                         Page 1
Not Reported in F.Supp.2d, 2006 WL 1419270 (N.D.Iowa)
**(Cite as: Not Reported in F.Supp.2d)**

H
Western Reserve Life Assur. Co. of Ohio v. Bratton
N.D.Iowa,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. Iowa,Cedar Rapids Division.
WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO, Plaintiff/Counterclaim Defendant,
v.
G. Randall BRATTON, Gary G. Bratton, Bratton Financial Services Corporation and Bratton International, Inc., Defendants/Counterclaim Plaintiffs.
No. C-04-81-LRR.

May 19, 2006.

Amy L. Reasner, Wilford H. Stone, Jason M. Craig, Lynch, Dallas, PC, Cedar Rapids, IA, for Plaintiff/Counterclaim Defendant.
Bruce S. Kramer, Jason Gregory Wolfkill, Kramer, Horne, Wells & Sheng, PLC, Howard B. Manis, Borod & Kramer, PC, Memphis, TN, Stephen R. Eckley, Belin, Lamson, McCormick, Zumbach & Flynn, PC, Des Moines, IA, for Defendants/Counterclaim Plaintiffs.

**ORDER REGARDING WRL'S MOTION IN LIMINE**
LINDA R. READE, District Judge.

*TABLE OF CONTENTS*

| | | | |
|---|---|---|---|
| I. INTRODUCTION | | | 2 |
| II. PROCEDURAL BACKGROUND | | | 2 |
| III. TIMELINESS | | | 3 |
| IV. MERITS OF THE MOTION IN LIMINE | | | 3 |
| | A. Uncontested Issues | | 4 |
| | B. Contested Issues | | 4 |
| | | 1. Equitable estoppel | 5 |
| | | 2. Information not revealed in discovery | 6 |
| | | 3. | 7 |

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 2
Not Reported in F.Supp.2d, 2006 WL 1419270 (N.D.Iowa)
**(Cite as: Not Reported in F.Supp.2d)**

|  | Relevancy |  |
|---|---|---|
|  | 4. Limiting future damages | 8 |
| V. CONCLUSION |  | 10 |

### I. INTRODUCTION

*1 The matters before the court are the Motion in Limine (docket no. 119) and the Motion to Strike Defendants' Resistance to Plaintiff's Motion in Limine (" Motion to Strike" ) (docket no. 123) filed by Western Reserve Life Assurance Company of Ohio (" WRL" ).FN1

> FN1. The Motion in Limine was a joint motion by WRL and AEGON USA, Inc. The court only refers to WRL because the counterclaims against AEGON USA, Inc. were dismissed by the court in a May 10, 2006 summary judgment order (docket no. 133).

### II. PROCEDURAL BACKGROUND

On June 26, 2004, WRL filed a Complaint for Declaratory Judgment against G. Randall Bratton, Gary G. Bratton, Bratton Financial Services Corporation and Bratton International, Inc. (collectively referred to as " the Brattons" ). The parties then filed numerous pleadings and motions which are not relevant here and, on April 14, 2005, the Brattons filed an Amended Answer, Counterclaims/Third-Party Complaint and Jury Demand (" Answer" ). The Brattons' counterclaims which survived summary judgment include claims for breach of contract, quantum meruit, unjust enrichment and promissory estoppel.

On April 21, 2006, WRL filed the instant Motion in Limine. On May 3, 2006, the Brattons filed their Resistance to the Motion in Limine (" Resistance" ) (docket no. 121). On May 4, 2006, WRL filed the instant Motion to Strike. On May 18, 2006, the parties waived a jury trial.FN2

> FN2. Given the jury waiver, several of the issues raised in the Motion in Limine are now moot.

### III. TIMELINESS

In its Motion to Strike, WRL argues that the Brattons filed their Resistance six days after it was due. WRL correctly notes that the February 15, 2005 Trial Scheduling Order requires that motions in limine be filed at least fourteen days prior to the final pretrial conference and that resistances be filed within one week after service of the motion. *See* docket no. 59 at Section XII. Because the Final Pretrial Conference was scheduled for May 5, 2006, the motions in limine were due by April 21, 2006, and the resistances to such motions were due no later than April 28, 2006. The Brattons' Resistance is, therefore, untimely.

WRL asks that the Resistance be stricken because WRL did not have time to prepare a reply prior to the May 5, 2006 Final Pretrial Conference. WRL claims it is prejudiced for this reason. The court finds that WRL has not been prejudiced by the Brattons' untimely Resistance, because the Motion in Limine was neither discussed nor resolved at the Final Pretrial Conference. In fact, despite being informed by Chief Magistrate Judge John A. Jarvey that the court would resolve the motions in limine at a later time, WRL still did not file a reply to the Resistance. Now, the five-day reply period has expired. *See* LR 7.1(g). Therefore, the court finds WRL has not been prejudiced by the Brattons' failure to abide by the court's deadlines and the court declines to strike the Resistance because it is untimely.

### IV. MERITS OF THE MOTION IN LIMINE

As an initial matter, the court notes that many of the issues raised by WRL in its Motion in Limine are not the appropriate subject matter of such a motion. This includes several of the uncontested issues listed in Subsection IV(A) below. A motion in limine should be used by the parties to seek to exclude limited and specific items of evidence which the moving party expects the other party to introduce at trial and which the moving party believes are inadmissible under a certain Federal Rule of Evidence. The parties should not ask the court to determine substantive or factual issues in a motion in limine, but rather, the parties should seek only to resolve limited evidentiary issues.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 3

Not Reported in F.Supp.2d, 2006 WL 1419270 (N.D.Iowa)
**(Cite as: Not Reported in F.Supp.2d)**

*A. Uncontested Issues*

**\*2** Due to the Brattons' concessions, the court hereby orders [FN3] that the following matters shall not be raised at trial through reference by the attorneys, through the introduction of evidence or through witness testimony:

> FN3. In ruling on the Motion in Limine, the court assumes that the offering party is able to comply with the other Federal Rules of Evidence for admissibility of evidence. The rulings in this order go to the specific evidentiary issues raised by the parties.

(1) Prior settlement offers and conduct or statements made during settlement negotiations (WRL's Motion in Limine ¶ 1);
(2) WRL's and AEGON's financial or corporate status (WRL's Motion in Limine ¶ 6);
(3) The Brattons' Expert Witness Testimony (WRL's Motion in Limine ¶ 7);
(4) Disposition of Pretrial Motions (WRL's Motion in Limine ¶ 8); and
(5) Comments on the Assertion of Privilege (WRL's Motion in Limine ¶ 9). The issues raised in paragraphs 10, 11 and 12 of the Motion in Limine shall be denied as moot, given the jury waiver.

*B. Contested Issues*

The Brattons contest the following issues raised by WRL in its Motion in Limine:
(1) Equitable estoppel (WRL's Motion in Limine ¶ 2);
(2) Information not revealed in discovery (WRL's Motion in Limine ¶ 3);
(3) Relevance (WRL's Motion in Limine ¶ 4); and
(4) Limiting future damages (WRL's Motion in Limine ¶ 5).

*1. Equitable estoppel*

WRL first argues that the Brattons should be equitably estopped from seeking recovery of the expenses they allegedly paid in marketing WRL fixed life insurance products and in recruiting agents and agencies to sell those products. They argue that the Brattons should be prohibited from offering any evidence regarding their claimed marketing expenses for 2002, 2003 and 2004. The Brattons respond that equitable estoppel is an affirmative defense which is not the appropriate subject matter of a motion in limine. The Brattons further argue that WRL waived the affirmative defense by failing to raise it in its answer to the counterclaims.

The court agrees that equitable estoppel is a waivable affirmative defense. *See* Fed.R.Civ.P. 8(c) (listing "estoppel" as one of several affirmative defenses); *see also* Markey v. Carney, 705 N.W.2d 13, 21 (Iowa 2005) ("Equitable estoppel is a common-law affirmative defense preventing one party who has made certain representations from taking unfair advantage of another when the party making the representations changes its position to the prejudice of the party who relied upon the representations." (citations omitted)). WRL did not raise this affirmative defense in its answer *(see* Reply to Defendants' Counterclaims at docket no. 84) and, therefore, waived it. *See* Jacobs Mfg. Co. v. Sam Brown Co., 19 F.3d 1259, 1266 (8th Cir.1994) (explaining that, "[b]ecause [the defendant] failed to plead the affirmative defense of estoppel, [the defendant] waived it ."); *see also* Bissett v. Burlington N. R.R. Co., 969 F.2d 727, 731 (8th Cir.1992) (determining that failure to plead an affirmative defense results in waiver of the defense and its exclusion from the case); 28 Am.Jur.2d *Estoppel and Waiver* § 162 (2005) ("Whether at law or in equity, the affirmative defense of estoppel generally cannot be proved under a general denial or an objection to the evidence, but must be pleaded affirmatively or the defense is waived." (citations omitted)).

**\*3** The court shall deny WRL's Motion in Limine regarding equitable estoppel, because equitable estoppel is an affirmative defense that WRL waived.

*2. Information not revealed in discovery*

Next, WRL seeks to exclude any evidence that was not revealed in discovery. Specifically, WRL seeks to exclude Defendants' Exhibits B, C, D, T, U, V and W. WRL argues that these items of evidence should be excluded from evidence because they were "not identified in [the Brattons'] responses to WRL/AEGON's discovery to the Brattons, or [they were] not properly supplemented by the Brattons...." In response, the Brattons assert that Defendants' Exhibits C, D, U, V and W were produced in discovery in a response to a request for documents dated July 28, 2005, and Defendants' Exhibit T was produced in response to a January 4, 2006 request. The Brattons further assert that Defendants' Exhibit B was provided to WRL on April 26, 2004, during pre-litigation discussions between the parties.

The court finds that WRL had access to Defendants' Exhibits B, C and D by at least September 6, 2005, as

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 4

Not Reported in F.Supp.2d, 2006 WL 1419270 (N.D.Iowa)

**(Cite as: Not Reported in F.Supp.2d)**

evidenced by the fact that WRL's attorneys questioned Gary G. Bratton about these exhibits (then marked as Deposition Exhibits 14.5, 14.6 and 14.7) during his deposition on September 6, 2005, and September 7, 2005. Therefore, these three exhibits shall not be excluded from evidence due to the Brattons' alleged failure to disclose them during discovery.

Moreover, the court finds that WRL had access to Defendants' Exhibits T, U, V and W well in advance of the trial date. The Brattons' filed their Resistance on May 3, 2006, and then WRL filed its Motion to Strike on May 4, 2006. WRL did not make any substantive objections or otherwise respond to the Brattons' assertion that these documents were produced in response to WRL's discovery requests. The court shall take the Brattons at their word that the documents were produced.[FN4] The court finds that the Brattons produced these exhibits during discovery and that, even if they were not disclosed in a timely fashion, WRL has suffered no prejudice. Defendants' Exhibits T, U, V and W shall not be excluded due to an untimely disclosure.

> FN4. The court notes that counsel for WRL provided the court with copies of Defendants' Exhibits T, U, V and W at the Final Pretrial Conference on May 5, 2006. These four exhibits are not voluminous-they consist of a total of only eighty-five pages.

WRL's Motion in Limine shall be denied as to paragraph 3.

### 3. Relevancy

WRL seeks to exclude Defendants' Exhibits B, C and D on relevancy grounds. WRL argues that expenses incurred by the Brattons prior to November 1, 2002, when Randall G. Bratton signed his appointment agreement, and expenses incurred after March 18, 2004, when the appointment agreements were terminated, are not relevant expenses. The Brattons respond that these three exhibits only contain information regarding expenses the Brattons incurred during the time period they worked with WRL, that is: from November 2002 through March 18, 2004. They argue that Gary G. Bratton so testified in his deposition.

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. In order to prevail on their counterclaims, the Brattons will have to prove they incurred damages or suffered a detriment. *See, e.g., Wagner Enters., Inc. v. John Deere Shared Servs., Inc.,* 397 F.Supp.2d 1097, 1104-05 (N.D.Iowa 2005) (applying Iowa's breach of contract law and noting that the plaintiff must prove that he or she has suffered damages as a result of defendant's breach); *Kolkman v. Roth,* 656 N. W.2d 148, 152 (Iowa 2003) (examining a promissory estoppel claim and noting that an element of the claim is that the " promisee acted to his or her substantial detriment in reasonable reliance on the promise" ); *Iowa Waste Sys., Inc. v. Buchanan County,* 617 N.W.2d 23, 28-29 (Iowa 2000) (explaining that the plaintiff must prove it suffered a detriment as an element of unjust enrichment). The court finds that the evidence contained in Defendants' Exhibits B, C and D-namely, the expenses the Brattons incurred as a result of its relationship with WRL-is relevant because it makes it more probable that the Brattons suffered damages, a detriment or a substantial detriment due to WRL's actions.

**\*4** Given the deposition testimony and Federal Rule of Evidence 401, the court finds that Defendants' Exhibits B, C and D are relevant and shall not be excluded on relevancy grounds. Paragraph 4 of WRL's Motion in Limine shall be denied.

### 4. Limiting future damages

WRL argues that Defendants' Exhibit A and related testimony regarding future damages should be prohibited at trial because they are speculative. They argue that the Brattons' attempt to project millions of dollars in lost income over the next twenty years is far too speculative to be admissible. WRL further argues that, if such evidence is allowed, the dollar amounts should be reduced to present value and must be reduced by the expenses the Brattons incurred in obtaining the commissions. The Brattons respond that a ruling on this issue should be deferred until the time of trial and that it is not properly posed in a motion in limine. They argue that it is a substantive issue, not an evidentiary one. The Brattons also argue that Defendants' Exhibit A merely provides information regarding the *amount* of future losses, not the existence of them, so the exhibit should not be excluded based on the cases cited by WRL.

Because the Brattons allege that WRL breached an oral contract, they are entitled to prove damages which " place [them] in the position [they] would have occupied if the contract had been performed." *Flom v. Stahly,* 569 N.W.2d 135, 142 (Iowa 1997). Such damages may include lost future profits based upon lost commissions. "

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                       Page 5
Not Reported in F.Supp.2d, 2006 WL 1419270 (N.D.Iowa)
**(Cite as: Not Reported in F.Supp.2d)**

Lost profits are recoverable under Iowa law, provided: (1) there is proof that some loss occurred, (2) that such loss flowed directly from the agreement breached and was foreseeable, and (3) there is proof of a rational basis from which the amount can be inferred or approximated." *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc.,* 519 F.2d 634, 639-40 (8th Cir.1975). The lost profits cannot be " based on conjecture and speculation." *Yost v. City of Council Bluffs,* 471 N.W.2d 836, 840 (Iowa 1991). Moreover, " [i]t is well established ... that ' while recovery will be denied if it is speculative and uncertain whether damage has been sustained, recovery will not be denied merely because the amount of damages is difficult to ascertain.' " *Smith v. Smithway Motor Xpress, Inc.,* 464 N.W.2d 682, 688 (Iowa 1990) (discussing future damages of a terminated at-will employee) (citing *Robinson v. Perpetual Servs. Corp.,* 412 N.W.2d 562 (Iowa 1987)).

The court finds that Defendants' Exhibit A and the expected foundation testimony will take the determination about future lost commissions out of the realm of speculation. If the testimony proceeds as the Brattons expect, the court will be able to find a rational basis from which the amount of the future commission loss can be approximated. *See Lakota Girl Scout Council,* 519 F.2d at 639-40. WRL's attorneys will have the opportunity to make objections and cross-examine the Brattons' witnesses to highlight how WRL believes the testimony and exhibit are speculative. The court, as the fact-finder, will then be able to weigh the evidence.

**\*5** Accordingly, paragraph 5 of WRL's Motion in Limine shall be denied.

### V. CONCLUSION

For the foregoing reasons, it is **HEREBY ORDERED:**
(1) WRL's Motion in Limine (docket no. 119) is **DENIED IN PART** and **GRANTED IN PART;**
(2) WRL's Motion to Strike Resistance to Motion in Limine (docket no. 123) is **DENIED;** and
(3) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses of this order on this Motion in Limine.

IT IS SO ORDERED.

N.D.Iowa,2006.
Western Reserve Life Assur. Co. of Ohio v. Bratton
Not Reported in F.Supp.2d, 2006 WL 1419270 (N.D.Iowa)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.