**MORRISON & FOERSTER LLP**
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

**ANDERSON & KARRENBERG**
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant and Counterclaim-Plaintiff. | **NOVELL'S OPPOSITION TO SCO'S MOTION *IN LIMINE* TO STRIKE EXHIBITS ON NOVELL'S REVISED EXHIBIT LIST NOT PREVIOUSLY DISCLOSED**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Dockets.Justia.com

## BACKGROUND

SCO has moved *in limine* to strike from Novell's First and Seconded Amended Rule 26 Pretrial Disclosures all documents that were not previously disclosed on Novell's original Pretrial Disclosures. Novell opposes SCO's motion on the grounds that its supplemental disclosure is both substantially justified and harmless. Fed. R. Civ. P. 37(c)(1) (exclusion inappropriate where disclosure is justified *or* harmless).

On August 2, 2007, SCO and Novell exchanged and filed Rule 26 Pretrial Disclosures. As a result of this Court's Memorandum Decision and Order ("Order"), dated August 10, 2007, the parties agreed to file amended Rule 26 disclosures. On the agreed upon date, August 22, 2007, Novell filed its First Amended Rule 26 Pretrial Disclosures, including documents not previously disclosed on its original exhibit list. The following day, Novell filed a Second Amended Rule 26 Pretrial Disclosures exhibit list including five new documents.[1]

## ARGUMENT

I.  **NOVELL'S DISCLOSURE OF SUPPLEMENTAL EXHIBITS IS HARMLESS.**

It is inappropriate to exclude material under Rule 37 where its inclusion would be harmless. Courts examine four factors when weighing harmlessness: 1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Here, none of these factors weigh in favor of excluding Novell's supplemental documents.

---

[1] SCO incorrectly asserts that Novell filed its Second Amended Rule 26 Pretrial Disclosures "several days later" when, in fact, Novell filed it on August 23, 2007.

1

### A.    The Supplemental Material Poses No Prejudice to SCO.

#### 1.    The Majority of the Supplemental Material Will Be Used Only if SCO Advances a New Theory of Apportionment.

A primary issue left for trial is the apportionment of the revenue withheld by SCO from various SCOsource licenses. (Order at 98.) As highlighted by Novell's Motion *In Limine* No. 3 to Preclude SCO From Introducing New Evidence or Argument Regarding Apportionment of SCOsource Revenue (Docket No. 395), SCO did not disclose to Novell any apportionment other than "SCO 100%/Novell 0%." In the event that the Court denies Novell's motion *in limine* and SCO is permitted to advance new theories at trial, Novell may need to rely on the supplemental material to support its rebuttal.

This material accounts for 138 of the 187 supplemental exhibits, or approximately 74%.[2] Of these 138 exhibits:

- 134 exhibits are monthly royalty reports SCO prepared and sent to Novell over the course of SCO's administration of the SVRX Licenses;
- Two exhibits are SCO charts collecting information from those monthly reports; and
- Two exhibits are SCO expert reports from *SCO v. IBM.*

As stated in Novell's First Amended Rule 26 Pretrial Disclosures, Novell will use these only in the event SCO advances a new, previously undisclosed theory of apportionment.

Under such circumstances, Novell will be substantially justified in using these documents and no prejudice will accrue to SCO. It would be unfair to allow SCO to advance a new theory of apportionment, but not allow Novell an opportunity to rebut it with additional evidence. *See Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994) ("[N]otwithstanding Rule 37(c), the district court may be found to have abused its discretion if exclusion of testimony results in

---

[2] Attachment A provides a chart detailing the supplemental exhibits at issue in this motion.

fundamental unfairness in the trial of the case."). If SCO does not introduce a new theory of apportionment, Novell will not use these documents. Thus, there will be no issue under Rule 26(a) and, of course, Rule 37 will not apply.

### 2. The Remaining Supplemental Material Is Not Prejudicial to SCO.

The character of the remaining 49 supplemental documents confirms their inclusion poses no prejudice to SCO. This material is *all* documents produced in this litigation (often years ago, often by SCO), as evidenced by their production numbers, or publicly available press.[3] Of the remaining documents:

- Nine exhibits are SCO 10Q or 10K filings (2 of which are on SCO's own list);
- Nine exhibits are Terry Musika's supplemental expert report and that report's attachments, submitted on July 31, 2007. This report was necessitated by SCO's late disclosure of revenue material sought by Novell in discovery;
- 10 exhibits are draft term sheets exchanged between SCO and Microsoft during the 2003 license negotiations or emails transferring from SCO to Microsoft the licensed source code;
- One exhibit is an article concerning the Microsoft agreement forwarded to Darl McBride from Michael Anderer;
- Three exhibits are drafts of the Sun SCOsource license or SCO emails regarding the license;
- Four exhibits represent press coverage of the Sun SCOsource license;
- Three exhibits are SVRX licenses entered into by SCO;
- Two exhibits are SCO-Novell correspondence from the 1998 audit;

---

[3] *Cf. Design Strategies, Inc. v. Davis*, 228 F.R.D. 210, 212 (S.D.N.Y. 2005) (refusing to preclude witness where party was familiar with anticipated testimony and had nine days until trial to prepare).

- One exhibit is a SCOsource license;
- One exhibit is a release executed between SCO and HP;
- One exhibit is transcript of a SCO earnings call;
- One exhibit is a summary of Novell-Sun agreements that appeared on SCO's own, original exhibit list in this litigation;
- Two exhibits are an IBM expert report from *SCO v. IBM* and that expert's deposition transcript; and
- Two exhibits are SCO's own expert reports in this litigation.

By the start of trial, SCO will have had 24 days to review these 49 documents. The Federal Rules require disclosure 30 days before trial. Given the small amount of material, its nature, its availability to (and often production by) SCO, and the mere six day delay at issue, there can be no genuine prejudice. And, of course, at this stage the Court need only decide *in limine* whether to exclude all of the supplemental exhibits as a group; at trial, the Court can consider all evidentiary objections as the documents are moved into evidence.

**B.     The Lack of Prejudice Moots Any Need for a Cure.**

The lack of prejudice here moots any need for a cure. In any event, the only "cure" suggested by SCO is exclusion, which is unwarranted here.

**C.     The Supplemental Material Poses No Risk of Trial Disruption.**

SCO does not articulate any way in which the supplemental disclosure will disrupt trial, and, given that we are still weeks from trial, Novell does not see any potential for such disruption.

**D.     Novell Is Acting in Good Faith.**

Novell's disclosure of new documents is a response to the considerable change in the scope and nature of the anticipated trial brought about by the Court's August 10 Order, and not an attempt to surprise or prejudice SCO. Novell disclosed the new documents as soon after the

4

filing of the Joint Statement as possible and more than three weeks before the start of trial. Novell clearly noted the supplemental documents on its exhibit list. In addition, as noted above, Novell will use most of the new documents only if SCO advances a new theory of apportionment. Instead of waiting to see whether SCO would, in fact, advance an undisclosed apportionment theory, Novell promptly disclosed the material it would use to rebut such a theory. If there is any disruption in the trial, the fault will be SCO's, not Novell's.

II.   **NOVELL'S SUPPLEMENT IS SUBSTANTIALLY JUSTIFIED.**

The Court has broad discretion in determining whether a technical departure from Rule 26(a) is substantially justified. *Woodworker's*, 170 F.3d at 993. Here, the Court's Order warranted supplemental disclosures. Before the Court's Order, Novell's understanding of the likely scope and focus of trial was on the very issues that the Court decided. Novell's original exhibit list reflected that view.

The Court's Order considerably narrowed the issues for trial, finding that there was a dispute of fact only as to the portion of the Microsoft and Sun SCOsource licenses that "related to" SVRX. With that fact dispute in mind, Novell revisited the material produced in the case as well as the relevant public press coverage and added a limited set of material directed to that issue. (Novell also excised hundreds of exhibits that were no longer relevant given the narrowed trial.) Novell made this supplement under a reasonable belief that the Court's Order warranted a reexamination of the evidence to be put on at trial.[4]

---

[4] In addition, Rule 26(a)(3)(C) does not require disclosure of documents to be used solely for impeachment. Thus, even if the Court grants SCO's motion, any precluded documents should remain available to Novell for impeachment purposes.

5

## CONCLUSION

Novell's supplemental disclosure is both substantially justified and harmless. For these reasons, Novell requests that the Court deny SCO's Motion *in Limine* to Strike Exhibits on Novell's Revised Exhibit List Not Previously Disclosed.

DATED:   August 31, 2007

            ANDERSON & KARRENBERG


      By: _____*/s/ Heather M. Sneddon*_____

          Thomas R. Karrenberg
          John P. Mullen
          Heather M. Sneddon

          -and-

          MORRISON & FOERSTER LLP
          Michael A. Jacobs, *pro hac vice*
          Eric M. Acker, *pro hac vice*
          Kenneth W. Brakebill, *pro hac vice*
          Marc J. Pernick, *pro hac vice*
          David E. Melaugh, *pro hac vice*

          **Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of August, 2007, I caused a true and correct copy of **NOVELL'S OPPOSITION TO SCO'S MOTION *IN LIMINE* TO STRIKE EXHIBITS ON NOVELL'S REVISED EXHIBIT LIST NOT PREVIOUSLY DISCLOSED** to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

/s/ Heather M. Sneddon