Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

Stephen N. Zack (admitted Pro Hac Vice)
BOIES SCHILLER & FLEXNER LLP
Bank of America Tower, suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 south Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiff, The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>       Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>       Defendant/Counterclaim-Plaintiff. | **SCO'S MEMORANDUM IN OPPOSITION TO NOVELL'S MOTION IN LIMINE NO. 3 TO PRECLUDE SCO FROM INTRODUCING NEW EVIDENCE OR ARGUMENT REGARDING APPORTIONMENT OF SCOSOURCE REVENUE**<br><br>Civil No. 2:04 CV-00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), submits its Memorandum in Opposition to Novell's Motion in Limine No. 3 to Preclude SCO from Introducing New Evidence or Argument Regarding Apportionment of SCOsource Revenue.

## PRELIMINARY STATEMENT

A motion in limine should be directed at obtaining a ruling in advance of trial regarding a specific evidentiary issue, and the requested order should convey a directive that can be understood and communicated with clarity to witnesses. See, e.g., United States v. Cline, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) ("[T]he motion in limine gives a court the chance 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' . . . Indeed, a court should refrain from the undue speculation inherent in making evidentiary rulings before hearing the factual context at trial."); Smith v. Bd. of County Comm'rs of County of Lyon, No. 01-4018-SAC, 2003 WL 21293565, at *1, (D. Kan. May 27, 2003) (Ex. A.) (noting that the purpose of a motion in limine is to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial").

This is not such a motion. It does not specify what particular evidence or argument it seeks to exclude. Rather, it is a transparent attempt to handcuff SCO in presenting its defense to Novell's claims that some portion of the revenue from the Microsoft and Sun Agreements and other SCOSource Agreements – which Novell has never articulated or allocated itself in any fashion – should be treated as "SVRX License" revenues.

The Court's summary judgment decision – which SCO disagrees with but recognizes it must respect for purposes of this trial – is that the 2003 Microsoft and Sun Agreements contain an SVRX component that should be treated as an SVRX License, and that the revenue attributable to that component, if any, belongs to Novell. There has not yet been any determination as to that allocation. It is open to the jury – or to this Court, if the matter is tried without a jury – to make that determination, and the portion may be as little as a nominal, de minimis amount, essentially equivalent to an allocation of zero to Novell.

It has been SCO's position throughout the case, and will be at trial, that only a nominal, de minimis or zero apportionment is appropriate, and that it is not possible to ascertain any other meaningful allocation. To be sure, Novell has not advanced any allocation or apportionment. Its expert witness, Terry Musika, conducted no apportionment; rather, he simply posits that 100% of the monies should go to Novell on the basis of assumptions that he was instructed to make by Novell's counsel. However, it is clear that large sections of the Sun and Microsoft Agreements do not relate at all to the components that the Court has ruled may be attributable to Novell. For example, both agreements license aspects of SCO's Openserver Product – a product in which Novell has never had any interest and to which Novell has no claim. SCO's UnixWare is also a primary product in both licenses, and Novell has no claim to that revenue. These are only a couple of examples that show Novell's assumptions leading to an allocation of one hundred percent to be in error. SCO, like any defendant, should be permitted to offer evidence and argument against Novell's position.

If the purpose of Novell's motion in limine is to preclude SCO from advancing a particular numerical apportionment through its witnesses or argument of counsel, any such order

should properly be limited to setting forth a particular numerical apportionment per se, but should not otherwise limit how SCO may present its case and cross-examine Novell on its case. Moreover, any such order should be even-handed and also preclude Novell from advocating a numerical apportionment other than the 100% Novell/0% SCO apportionment that its sole disclosed expert has set forth in his report.  To the extent Novell seeks to argue for some other apportionment – not previously disclosed – SCO should have the ability to contest it through all of the evidence SCO has properly identified, through cross examination and through argument. SCO's arguments on the element of damages certainly would not raise any unduly prejudicial subject matter, and it is well established that counsel is otherwise permitted to make any argument supported by the evidence in the record and the reasonable inferences therefrom.  See, e.g., Jones v. Lincoln Elec. Co., 188 F.3d 709, 729-31 (7th Cir. 1999); Cochenour v. Cameron Sav. and Loan, 160 F.3d 1187, 1190-91 (8th Cir. 1998); Harris v. Steelweld Equip. Co., 869 F.2d 396, 404-06 (8th Cir. 1989).

## ARGUMENT

**I.  THE ALLOCATION THEORY THAT SCO INTENDS TO PRESENT AT TRIAL IS CONSISTENT WITH ITS PRIOR BRIEFING AND DISCOVERY.**

The theory of allocation that SCO intends to present at trial is consistent with its position throughout this litigation, and will be proven through the witnesses and documents disclosed in SCO's Rule 26 pretrial disclosures.  Novell argues (at 1-2) that it requested SCO to allocate the rights granted in the SCOsource agreements in its Interrogatory Nos. 7 and 11, and implies (for the first time in this litigation) that SCO's response was insufficient.  However, SCO properly lodged objections to the breadth and burden of these interrogatories, which Novell never challenged.  SCO also offered a response to these interrogatories, and Novell never before

3

questioned the sufficiency of that response and never moved to compel any further response. (See 08/24/2007 Melaugh Dec. Ex. 6.) In SCO's response, SCO identified seventeen witnesses with information responsive to these interrogatories, as well as, for many of them, relevant declarations and depositions given by those witnesses. (Id.) SCO further identified three memoranda, the transcripts from two hearings, two expert reports, and documents identified in an exhibit in which SCO's position was further explicated. (Id.) If Novell thought this response was inadequate, it could have moved to compel. Novell did not do so.

At trial SCO intends to support its argument that the SVRX components of the Sun and Microsoft Agreements are incidental, and their value de minimis, through witnesses and documents that have been disclosed in SCO's Rule 26 pretrial disclosures. It is Novell who has identified nearly two hundred new documents in supplemental disclosures, just three weeks before trial. As such., if any party should be precluded from introducing new evidence or argument it should be Novell.

Novell asserts (at 1) that "[t]hroughout, SCO has provided only one 'allocation' of SCOsource revenues: Novell 0%, SCO%." SCO disagrees with this characterization. SCO has consistently contended that the SVRX components are incidental and that their value is de minimis. SCO does not intend at trial to identify a specific number that should correspond with that de minimis amount. That is for the trier of fact to decide. The trier of fact may decide the number is zero, or something a little more than zero, or some other number. Contrary to Novell's contention, SCO has never taken the position that under an allocation analysis, the amount attributable to SVRX components must be either zero or 100%, and SCO should not be required to take such a position at trial. Rather, SCO has argued in the past that the amount

4

should be zero based on provisions in the agreements between Novell and SCO, the understanding of Novell and SCO, and other evidence. In short, SCO contends that the evidence at trial will show, even given the Court's ruling, that the revenue from the agreements attributable to Novell is somewhere between zero and de minimis, and the trier of fact should be allowed to determine what that number is.

It is Novell that has provided – in reverse – the identical "allocation" it claims SCO has made. Novell's expert Terry Musika, acting on the instruction of Novell counsel, added up all the SCOsource revenues and attributed it all to Novell. He performed no allocation of the value of the SVRX components of the agreements.[1] He did not take into account the substantial portions of those agreements to which Novell has no claim: OpenServer, Unixware, releases, options, drivers and so forth. This was not for lack of information. Novell had ample information to perform an allocation that ties to the components of the agreements. In the August 10 Order, when the Court denied Novell's request for an accounting, the Court held (at 98-99):

> The Court assumes that, through discovery in this action, Novell has actually obtained the information it needs to demonstrate its damages with respect to the SVRX Royalties it is due under the 2003 Sun and Microsoft Agreements. The imposition of an accounting usually arises where "the facts are peculiarly within the knowledge of one of the parties." In this case, Novell acknowledges that it received copies of the 2003 Sun and Microsoft Agreement[s] during discovery. It is also apparent that Novell has received relevant financial records and documentation from SCO because it is aware of how SCO accounted for the payments under the 2003 Sun and Microsoft Agreements. Because Novell has the information that it would otherwise obtain through

---

[1] The inherent flaws in this testimony, and its prejudicial nature, is at issue in SCO's Motion to Exclude Testimony of Terry Musika (DE # 403).

5

>an accounting, the court denies Novell's Ninth Claim for Relief for an accounting.

(Internal citation omitted.)  This is, of course, correct.  Novell is in no worse position than SCO to argue about what amount of revenue is attributable to an SVRX License.

It is, and has always been, SCO's position that 100% of the revenue, or something very close to that, belongs to SCO.  Novell would have been in no different position with respect to this issue had SCO's position been communicated even earlier.  In fact, contrary to Novell's implication that SCO never responded, SCO did respond to Novell's request on February 5, 2005 (before Novell's counterclaims had even been made), and communicated SCO's belief that SCO was entitled to retain the full amount of the royalties.  (See 08/24/2007 Melaugh Dec. Ex. 12.)  This assertion is consistent with SCO and Novell's treatment of UnixWare licenses that Novell itself entered into and transferred to SCO that included the incidental licensing of SVRX, which licenses Novell knew about and never challenged.  (Acheson Dep. Tr. (3/20/07) at 264-66, 285-88.) (Ex. 1.)

## II.  SCO SHOULD NOT BE PRECLUDED FROM PRESENTING EXPERT TESTIMONY SCO PROPERLY DISCLOSED.

Novell also takes issue with SCO's inclusion of its expert, Dr. Thomas Cargill, on its Rule 26 pretrial witness list.  SCO timely disclosed the testimony of Dr. Cargill in compliance with the expert witness schedule set by this Court, and further disclosed Dr. Cargill on its Rule 26 pretrial witness list.  SCO also identified Dr. Cargill as a witness with knowledge in its supplemental response to Novell's Interrogatory Nos. 7 and 11, which relate to allocation of the rights in the SCOsource agreements.  (08/24/2007 Melaugh Dec. Ex. 6 at 15 and 28, respectively.)  Novell nevertheless elected not to depose Dr. Cargill.  SCO does not intend to

submit any testimony from Dr. Cargill other than what it has already disclosed. Because Dr. Cargill's testimony, as expressed in his report, will show that UnixWare was based on and contains SVRX code, it reinforces SCO's position that there was no independent value from the SVRX licenses that would support a separate royalty for the SVRX components of anything beyond a nominal sum. Novell has no basis for excluding the testimony of Dr. Cargill.

## CONCLUSION

Wherefore, SCO respectfully requests that this Court deny Novell's Motion in Limine No. 3 to Preclude SCO from Introducing New Evidence or Argument Regarding Apportionment of SCOsource Revenue. Alternatively, if Novell's motion is granted, Novell should also be precluded from introducing any new evidence or argument regarding an apportionment of SCOsource revenue.

DATED this 31st day of August, 2007.

> HATCH, JAMES & DODGE, P.C.
> Brent O. Hatch
> Mark F. James
>
> BOIES, SCHILLER & FLEXNER LLP
> David Boies
> Robert Silver
> Stuart H. Singer
> Stephen N. Zack
> Edward Normand
>
> DORSEY & WHITNEY LLP
> Devan V. Padmanabhan
>
> By:  /s/ Edward Normand

7

**CERTIFICATE OF SERVICE**

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 31st day of August, 2007 a true and correct copy of the foregoing **SCO'S MEMORANDUM IN OPPOSITION TO NOVELL'S MOTION IN LIMINE NO. 3 TO PRECLUDE SCO FROM INTRODUCING NEW EVIDENCE OR ARGUMENT REGARDING APPORTIONMENT OF SCOSOURCE REVENUE**, was electronically filed with the Clerk of Court and delivered by CM/ECF to the following:

> Thomas R. Karrenberg
> John P. Mullen
> Heather M. Sneddon
> ANDERSON & KARRENBERG
> 700 Bank One Tower
> 50 West Broadway
> Salt Lake City, UT 84101
>
> Michael A. Jacobs
> Matthew I. Kreeger
> MORRISON & FOERSTER
> 425 Market Street
> San Francisco, CA 94105-2482

By:   /s/ Edward Normand