# EXHIBIT A

Dockets.Justia.com

Westlaw.

Not Reported in F.Supp.2d                                                                                                   Page 1
Not Reported in F.Supp.2d, 2003 WL 21293565 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

Smith v. Board of County Com'rs of County of Lyon
D.Kan.,2003.
Only the Westlaw citation is currently available.
United States District Court,D. Kansas.
Timothy A. SMITH, Plaintiff,
v.
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF LYON and Clifford Hacker, GAry Eichorn, Sheriff, Defendants.
**No. 01-4018-SAC.**

May 27, 2003.

Michael C. Helbert, Law Offices of Michael C. Helbert, Laura L. Miser, Law Offices of Michael C. Helbert, Emporia, KS Emporia, KS, for Plaintiff.
Jana V. Richards, Sanders Conkright & Warren LLP, Overland Park, KS, for Board of County Commissioners, Lyon County, KS.

MEMORANDUM AND ORDER
SAM A. CROW, U.S. District Senior Judge.
**\*1** This case comes before the court on motions in limine filed by both parties.[FN1]

> FN1. The court notes that ordinarily motions of this type are not filed unless the matter is contested. Filing a motion in the first instance, rather than fulfilling one's duty to communicate with opposing counsel, increases both burden on the court and the expense to the clients. The court encourages the movants not to file motions in the future unless they believe, after reasonable communication with the opposing counsel, that the matter is in fact disputed.

**GOVERNING STANDARDS**

The motion in limine is a creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence. *Deghand v. Wal-Mart Stores, Inc.,* 980 F.Supp. 1176, 1179 (D.Kan.1997). Such motions do " aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir.1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.,* 652 F.Supp. 1400, 1401 (D.Md.1987)). They also may save the parties time, effort and costs of preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.,* 932 F.Supp. 220, 222 (N.D.Ill.1996). At the same time, it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir .1975), *cert. denied,* 423 U.S. 987, 96 S.Ct. 395, 46 L.Ed.2d 303 (1975); *Hunter v. Blair,* 120 F.R.D. 667 (S.D.Ohio 1987).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Plair v. E.J. Brach & Sons, Inc.,* 864 F.Supp. 67, 69 (N.D.Ill.1994). The court may deny a motion in limine when it " lacks the necessary specificity with respect to the evidence to be excluded." *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F.Supp. 276, 287 (S.D.N.Y.1996). At trial, the court may alter its limine ruling based on developments at trial or its sound judicial discretion. *Luce v. United States,* 469 U.S. 38, 41 (1984). " Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398, 1401 (N.D.Ill.1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair v. E.J. Brach & Sons, Inc.,* 864 F.Supp. at 69. A ruling in limine does not " relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial." *Thweatt v. Ontko,* 814 F.2d 1466, 1470 (10th Cir.1987) (internal quotation omitted).

**DEFENDANT'S MOTION IN LIMINE**

**1. ACA Standards-Plaintiff's Exh. 15**

Defendant asks the court to exclude plaintiff's exhibit 15, which is a voluminous exhibit identified as the " Standards for Adult Local Detention Facilities, ACA, 3rd Edition." The court understands that ACA means American Correctional Association, and that the exhibit is a manual of standards produced by the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 2
Not Reported in F.Supp.2d, 2003 WL 21293565 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

ACA, a voluntary association. Defendant alleges that its jail did not belong to this association, and never sought to be accredited under its auspices. Instead, defendant claims to be governed solely by the standards and guidelines of the Kansas Department of Corrections,[FN2] making any reference to the ACA standards irrelevant and misleading to the jury.

> FN2. Defendant makes no citation, however, to any DOC guideline or standard, and has not included the Kansas DOC Advisory Jail Standards and Procedures, or any other DOC standard in its exhibits.

**\*2** Plaintiff responds that the head jailer, Anstey, will testify that the jail used the ACA guidelines and standards regarding medical needs, that Sheriff Hacker will testify that he had received training in how to operate a correctional facility from the ACA, and that the jail and the Lyon County Sheriff's Office was an unaccredited member of the ACA which paid dues and received ACA publications. (Dk.97). From this plaintiff contends that the jail used the ACA standards as its own standards.

From these assertions, the court understands that neither party intends to call an expert witness to establish the standard of care for the jail regarding any of plaintiff's negligence claims. In the absence of expert testimony, the parties apparently intend to establish the standard of care by lay testimony, supported by the ACA or DOC standards. The common practice is for an expert to testify as to the impact of ACA or other standards. *See e.g.,* Finklestein v. District of Columbia, 593 A.2d 591, 593 (D.C.1991) (expert testified that the standards promulgated by the ACA are not mandatory, but are used as the basis for a voluntary accreditation program around the country.) For the reasons set forth below, the parties' attempts to establish a standard of care by the proffered testimony of lay persons with reference to the ACA's standards appears to be quite problematic.

ACA standards set forth goals, often go beyond case law and the statutes of many jurisdictions, and do not establish constitutional minimums. Vazquez v. Carver, 1987 WL 14847 \*21 (E.D.Pa.1987). As the Supreme Court has stated regarding the ACA and other jail standards, " while the recommendations of these various groups may be instructive ..., they simply do not establish the constitutional minima; rather they establish goals recommended by the organization in question." Bell v. Wolfish, 441 U.S. 520, 543 n. 27 (1979). See Valentine v. Englehardt, 474 F.Supp. 294, 302 (D.N.J.1979). Governmental action does not have to be the best alternative for it to be reasonable. *See* Vance v. Bradley, 440 U.S. 93 (1979); Dandridge v. Williams, 397 U.S. 471, 485 (1970).

The parties disagree as to whether the jail was or was not a member of the ACA. Nonetheless, the court does not find membership in the voluntary association to be controlling as to the standard of care. Even assuming, *arguendo,* that defendant was a member of the ACA, this fact would not mean that each standard set forth in plaintiff's Exh. 15 establishes the duty of care for a reasonable person in defendant's position. Plaintiff proffers no testimony that mere membership in the ACA constitutes adoption of its standards or that this defendant otherwise adopted all ACA standards as its own, or that the standards establish the duty of care for the entire jail industry. Plaintiff fails to specify any particular standard relating to medical care which defendant adopted or otherwise agreed would govern its conduct.

**\*3** The court will take defendant's motion under advisement.

The court additionally recalls its discussion of the ACA standards in its summary judgment order. There, defendants alleged that plaintiff's claim that defendants failed to comply with national standards of care for inmates in adult correctional facilities failed to state a claim upon which relief can be granted. At that time, plaintiff responded that it did not make any separate claim based upon defendants' failure to comply with national standards of care, and that any evidence of non-compliance with national standards of care was merely " an allegation for the jury to consider when determining if actions taken by Sheriff Hacker ... were reasonable." (Dk. 57, 11th unnumbered page).

Plaintiff is bound by this assertion, and will not be permitted to present to the jury any claim that defendant was negligent in failing to comply with national standards for the care of inmates in adult correctional facilities. No other negligence claim regarding failure to comply with standards is included in the pretrial order or shall be permitted at trial.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                             Page 3
Not Reported in F.Supp.2d, 2003 WL 21293565 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

### 2. Defendant's charges for housing inmates from out of county

Defendant's second motion in limine asks the court to exclude testimony regarding money received by the jail for housing inmates from other counties and how that money was budgeted or used by the county. Defendant alleges that such testimony is irrelevant, but has neither produced the deposition containing the challenged testimony, nor cited the court to a page reference at which it appears.

Plaintiff responds that the budget issue is relevant to show that defendant operated the jail for a profit, that defendant had sufficient funds to provide appropriate medical staff, and that defendant put profits before people and was thus deliberately indifferent to their needs.

The court finds that whether the jail operated at a profit or had sufficient funds to hire medical staff in house, rather than by other means permitted by Kansas statutes, is irrelevant to any issue in this case. Similarly, Sheriff Hacker's decisions, or those of anyone else, about how and where to allocate funds plays no part in this case. The pretrial order includes no allegation that defendant was negligent in failing to have medical professionals on staff or in its budget allocations. Further, the budget/financial issues are irrelevant to the only 8th Amendment issue in this case: whether defendant was deliberately indifferent to the known serious medical needs of this plaintiff.

This motion is granted.

### PLAINTIFF'S MOTION IN LIMINE

Plaintiff's motion in limine consists of eleven separate sections, some of which contain multiple subparts.

### 1. Prior accidents

Plaintiff asks the court to exclude " any evidence or reference to any prior motor vehicle accidents on the part of plaintiff." No reason for exclusion is stated, thus this motion is denied.

### 2. Evidence of prior unrelated injuries or medical treatment

*4 Plaintiff seeks to exclude evidence of plaintiff's prior physical health and injuries not symptomatic at the time of the injury indicated in plaintiff's petition. No reason for exclusion is stated, thus this motion is denied.

### 3. Prior rulings concerning plaintiff

Plaintiff seeks to exclude evidence of the comments, findings or rulings made by this or any other court concerning plaintiff or any of the claims in this case. This motion is granted as uncontested.

### 4. Alcohol use

Plaintiff seeks to exclude evidence that plaintiff used alcohol prior to or after the date of his injury, as irrelevant.

Defendant responds that " Dr. Lynn Curtis, plaintiff's expert, has acknowledged that neurologic symptoms can develop in someone who has undergone long-term substance abuse." Defendant further asserts that plaintiff has undergone long-term substance abuse, making such testimony relevant to plaintiff's current symptoms, in support of defendant's theory that at least some of plaintiff's current symptoms were not caused by his injury in the jail kitchen or subsequent medical care and treatment.

The court will take this motion under advisement.

### 5. Dismissal of plaintiff's claims

Plaintiff seeks to exclude reference to the fact that this court granted summary judgment on some of plaintiff's constitutional claims. This motion is granted as uncontested.

### 6. Divorce/Marital problems

Plaintiff seeks to exclude evidence of the fact that he is divorced, and any reference to the number of marriages he has had, alleging that it is " unrelated" to his claims. From this the court assumes that plaintiff objects to relevance. This motion is granted as uncontested.

### 7. Collateral source payments

Plaintiff seeks to exclude reference to the fact that he received payments from various sources, including Social Security, invoking the collateral source rule. The collateral source rule provides " that benefits

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:04-cv-00139-DAK-BCW     Document 424-3     Filed 08/31/2007     Page 5 of 6

Not Reported in F.Supp.2d                                                Page 4
Not Reported in F.Supp.2d, 2003 WL 21293565 (D.Kan.)
(Cite as: Not Reported in F.Supp.2d)

received by the plaintiff from a source wholly independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer."

Gregory v. Carey, 246 Kan. 504, 507 (1990) (citing Farley v.. Engelken, 241 Kan. 663, 665-66 (1987)). Thus, an injured party is entitled to recover full compensatory damages from a tortfeasor regardless of the payment of any portion of those damages by a source independent of the tortfeasor. Wendtling v. Medical Anesthesia Servs., 237 Kan., 503, 515(1985). In addition, the collateral source rule " precludes admission of evidence of benefits paid by a collateral source." *Id.*

However, collateral source benefits are limited to those paid " for expenses incurred or reasonably certain to be incurred as a result of the occurrence upon which the personal injury action is based." K.S.A. § 60-3801. Defendant asserts that plaintiff's social security claim predates the incident in this case, rendering any payments he received from social security not " collateral sources." Accordingly, the court finds that evidence of payments to plaintiff before May of 1999,[FN3] or otherwise shown to be unrelated to payments to plaintiff as a result of the occurrence upon which this suit is based, is not barred by the collateral source rule. Defendant concedes that social security documents generated after 1999 " may" involve collateral source issues. Social security or other documents which reflect payments to plaintiff for expenses incurred or reasonably certain to be incurred as a result of the occurrence upon which this suit is based, shall not be admitted.

> FN3. This is the earliest date plaintiff's injury is alleged to have occurred.

*5 Because the parties have not specified which documents in this voluminous exhibit may fall within this prohibition, the court cannot make a more specific ruling at this time, but expects the parties to remove those documents which fall within this ruling from the exhibit prior to trial so that the trial will not be delayed.

### 8. Defendant's Exh. 46

Plaintiff seeks to exclude admission of defendant's exhibit 46, plaintiff's social security file, claiming it is irrelevant, and would violate the collateral source rule. To the extent exhibit 46 contains evidence of payments made by collateral sources relative to plaintiff's injuries alleged in this case, it is governed by the court's ruling above barring admission of such evidence.

Plaintiff alleges that numerous matters included in this voluminous file are irrelevant, including plaintiff's prior physical condition and administrative decisions relative thereto, plaintiff's divorce and child support issues, convictions of other crimes, and other allegedly unrelated matters.

In response, defendant alleges only that the file contains unspecified documents showing that plaintiff claimed to be totally " disabled" and unable to work. Defendant offers no date for the court to determine whether defendant's representation of disability predated May of 1999. If so, it would be relevant to claims including plaintiff's claim of lost future income.

The court lacks sufficient evidence to rule upon this motion as it relates to plaintiff's representations of disability, so will take the motion under advisement. The court grants the motion as unopposed as to all documents unrelated to plaintiff's claim of disability, including those relating to plaintiff's divorce and child support issues and convictions of other crimes, which have not been shown to be admissible under the federal rules.

### 9. Defendant's Exh. 47

Plaintiff seeks to exclude admission of defendant's exhibit 47, plaintiff's deposition and deposition exhibits, claiming it contains irrelevant and cumulative evidence including plaintiff's marital history, criminal history, incarceration history, previous car accidents, tax return history, etc. In response, defendant has indicated its intent not to use plaintiff's deposition for purposes other than impeachment. The court thus grants this motion as uncontested and will, of course, permit use of the deposition for purposes of impeachment.

### 10. Various exhibits

Plaintiff seeks to exclude a host of exhibits listed by defendant, for the stated reason that they are irrelevant " due to the dates of injuries indicated ..." or " the injuries or conditions indicated do not relate to the injuries alleged by plaintiff." They are

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:04-cv-00139-DAK-BCW   Document 424-3   Filed 08/31/2007   Page 6 of 6

Not Reported in F.Supp.2d                                                                                                          Page 5
Not Reported in F.Supp.2d, 2003 WL 21293565 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

defendant's exhibits 1, 2, 3, 7, 8, 11, 14, 15, 16, 22, 27, 28, 29, 30, 35, 36, and 40.

In response, defendant agrees that D-40 is " probably not relevant." Plaintiff's motion is therefore granted as to that exhibit. As to all other challenged exhibits, defendant has detailed for the court in its response why each such document is relevant to the case. Based upon defendant's response, the court finds that plaintiff has not sustained its burden to show that the documents should be excluded, thus plaintiff's motion is denied as to defendant's exhibits 1, 2, 3, 7, 8, 11, 14, 15, 16, 22, 27, 28, 29, 30, 35, and 36.

### 11. Workers' compensation

*6 Plaintiff seeks to exclude " two documents pertaining to worker's compensation." [FN4]

> FN4. The court notes the exclusive remedy provision of Kansas law which provides that no employer shall be liable for any injury for which compensation is recoverable under the workers compensation act, Kan. Stat. Ann. § 44-501(b). The court shall ask the parties at the status conference to state their positions whether plaintiff's negligence claims are barred by this statute.

Plaintiff alleges solely that the documents do not provide the jury with any information which will help them in making their deliberations. Plaintiff has not identified which two documents he is challenging, thus plaintiff's motion could be denied for lack of the requisite specificity.

Defendant responds that the two documents at issue are D-42 and D-24. Defendant agrees not to offer D-42 (a letter from plaintiff's attorney Helbert to the Lyon County Sheriff's Office dated September 27, 1999).

Defendant states that D-24 is a " Lyon County Employee's Accident Report," which is not part of plaintiff's worker's compensation file, but is part of defendant's jail file, and it contains no reference to worker's compensation. Defendant adequately shows the court the relevance of the document, in that it states the date of the incident as June 2, 1999, contradicting plaintiff's claims of a May incident and delayed medical treatment. Accordingly, plaintiff's motion is granted as to D-42 and denied as to D-24.

The parties shall not refer to any evidence as to which the court has granted a motion in limine during voir dire, opening statements, or otherwise and shall approach the bench before offering any evidence the court has taken under advisement.

IT IS THEREFORE ORDERED that plaintiff's motion in limine (Dk.94) is granted in part and denied in part in accordance with the terms of this memorandum.

IT IS FURTHER ORDERED that defendant's motion in limine (Dk.91) is granted in part and denied in part in accordance with the terms of this memorandum.

D.Kan.,2003.
Smith v. Board of County Com'rs of County of Lyon
Not Reported in F.Supp.2d, 2003 WL 21293565 (D.Kan.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.