Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

Stephen N. Zack (admitted Pro Hac Vice)
BOIES SCHILLER & FLEXNER LLP
Bank of America Tower, suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 south Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiff, The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>       Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>       Defendant/Counterclaim-Plaintiff. | **SCO'S OPPOSITION TO NOVELL'S MOTION TO STRIKE JURY DEMAND**<br><br>Civil No. 2:04 CV-00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |

Three weeks before jury selection is due to begin in this case, Novell has moved to strike SCO's demand for a jury trial. Novell's late attempt to deny SCO its Seventh Amendment right to a jury trial should be denied for the reasons set forth below.

## BACKGROUND

Novell's remaining claims include its Third (Breach of Contract); Fourth (Declaratory Judgment); Sixth (Constructive Trust/Restitution/Unjust Enrichment); Seventh (Breach of Fiduciary Duty); and Eighth (Conversion). In name, these claims assert different causes of action, but the relief sought is the same in each: damages resulting from SCO's alleged failure to remit royalties to Novell, as required by the APA.[1] In its Amended Counterclaims, Novell alleges that SCO breached the APA by failing to remit all royalties owed to Novell and that "SCO's breaches of §§ 1.2(b) & 4.16(a) of the APA have caused Novell damage in an amount to be later proven." Id. ¶ 112 (Third Claim for Relief). In its Sixth Claim for Relief, Novell seeks restitution of all monies constituting SCO's unjust enrichment, which is the result of SCO's alleged failure to pay Novell royalties due under the APA. Id. ¶ 135. Novell's Seventh and Eighth Claims both allege that by failing to remit royalties that Novell was entitled to under the APA, SCO has caused damage to Novell in an amount to be later proven. Id. ¶¶ 142, 147.[2]

As a result of the Court's August 10, 2007 Order, the scope of the trial has been limited to determining what portion, if any, of the payments from the Microsoft, Sun, and SCOsource agreements are attributable to SVRX components under the terms of the APA; thus, this is

---

[1] Novell's Fourth Claim for declaratory judgment that SCO's conduct breached the APA does not seek monetary damages, but presents independent grounds for a right to a jury trial, as enumerated in Section III, below.

[2] As an alternative basis for relief, Novell seeks an order imposing a constructive trust in the Seventh Claim. ¶ 143.

1

essentially a trial to determine the measure of damages. Novell acknowledged as much and reaffirmed its intention to pursue damages, in an amount to be determined at trial, in the Joint Statement to the Court that the parties filed on August 17, 2007. Novell's pursuit of damages is further highlighted by its proposed jury instructions, wherein Novell has advanced one instruction on damages "for those injuries that the Plaintiff has actually suffered"[3] and another for "Monetary Recovery for SCO's Unjust Enrichment."[4] Notwithstanding its clear intent to recover monetary damages from SCO at trial, Novell now attempts to characterize its requested relief as equitable in hopes of depriving SCO of its Seventh Amendment right to a jury trial.

## ARGUMENT

In its motion, Novell labels (at 2-5) the relief it seeks as "restitution" and contends that because restitution is historically an equitable remedy, the Court's analysis should end there. As Novell (at 2) admits, however, SCO's Seventh Amendment right "depends on the nature of the issue to be tried rather than the character of the overall action." Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990). The nature of the issue at the center of Novell's action is a breach of contract. Novell seeks to impose personal liability on SCO for a contractual obligation (under the APA) to pay money, and under Supreme Court precedent, this is an action at law that triggers SCO's Seventh Amendment right to a jury trial.

The Seventh Amendment guarantees a party's right to a jury trial to decide issues that were triable to a jury at common law. See U.S. Const. Amend. VII; Ross v. Bernhard, 396 U.S. 531, 539, 542-43, 90 S. Ct. 733 (1970). Courts apply a two-step inquiry to determine if the right

---

[3]   Jury Instruction No. NOV-B12.

[4]   Jury Instruction No. NOV-A3 ("You must decide how much compensation Novell is entitled to based on liability I have already found as well as based on any additional liability you determine.")

to a jury trial attaches to a particular action. The first asks whether the cause of action, or in the case of statutory causes of action, an analogous cause of action, was tried at law in 1791. The second is to examine the nature of the actual remedy sought. <u>Granfinanciera, S.A. v. Norberg</u>, 492 U.S. 33, 41, 109 S. Ct. 2782 (1989).

Novell's common law claims of breach of contract and conversion are without dispute actions at law. With the noted exception, Novell's remaining claims, regardless of the name Novell has attached to them, similarly seek recoveries for damages stemming from SCO's alleged breach of contract. Novell's pursuit of damages at trial for SCO's alleged breach of the APA requires application of legal, not equitable principles, and therefore triggers SCO's right to a jury trial. Accordingly, SCO's Seventh Amendment right to a jury trial attaches to the entire present dispute, and Novell's motion should be denied.

I. **NOVELL'S BREACH OF CONTRACT CLAIM SEEKS LEGAL DAMAGES AND TRIGGERS SCO'S RIGHT TO A JURY TRIAL**

Novell's implicit recognition that its Third Claim for Relief (Breach of Contract) seeks a legal remedy and triggers SCO's right to a jury trial is clear both from Novell's attendant Motion to Voluntarily Dismiss that claim, and from its failure to address the claim in the present motion to strike.[5] This is historically a legal action as to which SCO is entitled a jury trial.

For the reasons fully set forth in SCO's Opposition to Novell's Motion to Voluntarily Dismiss, Novell's attempt to circumvent SCO's Seventh Amendment right by conditionally dismissing its breach of contract claim should be denied. Provided that the breach of contract

---

[5] Novell asserts in its first footnote that whether or not its Third Claim for Relief is dismissed, the result of the analysis would be the same. No further argument is presented regarding this Claim. Novell should be precluded from raising any such argument for the first time in its reply; in the event that it does so, SCO requests an opportunity to respond before the entry of an Order on this Motion.

claim remains at dispute, no further inquiry is necessary to determine SCO's entitlement to a jury trial: as long as any legal issue remains involved, the jury rights it creates control. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 501, 79 S. Ct. 948, 951 (1959); see also DePinto v. Provident Security Life Ins. Co., 323 F.2d 826, 836 (9th Cir. 1963) (reviewing for Seventh Amendment injury requires determination of whether *any* of the claims asserted against appellant were of a legal nature). Novell's attempt to dismiss its breach of contract claim is a thinly-veiled attempt to obfuscate the nature of this action and deny SCO its right to a jury trial. However, even if Novell is permitted to dismiss its breach of contract claim, the nature of the dispute remains intrinsically legal, not equitable, as explained below.

## II. NOVELL'S CLAIMS FOR CONVERSION, RESTITUTION, AND FIDUCIARY DUTY SEEK LEGAL RELIEF

Each of Novell's remaining claims also independently triggers SCO's Seventh Amendment right to a jury trial under the Supreme Court's two-prong inquiry.

Novell admits in passing (at 2) that "conversion is historically legal," but ignores the legal import of the historic nature of a claim for conversion as an action at law. Novell glosses over the first part of the Supreme Court's test for determining a party's right to a jury trial, instead asking the Court to consider only remedy it seeks. Even analyzing the remedy Novell seeks, however, Novell's argument fails.

Novell contends (at 2-5) that its Sixth, Seventh, and Eighth Claims for Relief do not trigger SCO's right to a jury trial because they all seeks the "equitable" relief of restitution. Novell's argument ignores the fact that it could not establish any right to such restitution, nor the bases for its claims of conversion, unjust enrichment or breach of fiduciary duty, without establishing a predicate breach of contract. The bases for Novell's foregoing claims are the

4

terms of the APA. That is, if the Court had determined that SCO had complied with the terms of the APA, Novell's foregoing claims would not have survived. Novell's motion thus rests on the unfounded assumption that restitution and breach of fiduciary duty are claims that sound in equity alone. In fact, all three claims seek monetary damages flowing from SCO's alleged breach of the APA, irrespective of how Novell captions its claims.

    A.    Restitution

Novell's argument overlooks the fact that restitution is an equitable remedy available in quasi-contract, or available where legal remedies would be incalculable or insufficient to compensate a plaintiff in a breach of contract action. Without dispute, the parties' liabilities are governed by an express contract, and as such, this is not an action in quasi-contract. Nor has Novell made any attempt to show that the legal remedies available in breach of contract would be incalculable or insufficient. Novell's demand for "restitution" is a mischaracterization of the relief it seeks, and one which the Supreme Court instructs courts to look beyond. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 476-77, 82 S. Ct. 894 (1962); see also Robine v. Ryan, 310 F.2d 797 (2d. Cir. 1962) (granting petition for mandamus on demand for jury trial; despite plaintiff's demand for injunctive relief, allegation of breach of confidential relationship, and wrongful appropriation of information divulged in that relationship, sought legal relief and entitled plaintiff to a jury trial).

The Supreme Court has observed that restitution is not solely an equitable form of relief, and that an action, by any name, which involves a contractual obligation to pay past due sums is "quintessentially an action at law." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S. Ct. 708 (2002). In Great West, the question before the Court related to whether

ERISA authorized an insurance company to sue its insured for recovery of monies paid by third parties. While Great-West did not address a Seventh Amendment dispute, the Court's analysis turned on whether the remedy sought by the insurance company was in fact equitable restitution, as the plaintiff averred, or whether it actually constituted a legal remedy.

In holding that the action for restitution was one at law, the Court rooted its decision in facts analogous to those implicated by Novell's claims. Plaintiff Great-West had made payments to cover defendant Knudson's medical bills arising from a car accident. The defendants then sued the third parties who had caused her injuries, and the defendants prevailed in the suit. Great-West attempted to invoke a reimbursement provision of the insurance plan, which provided that Great-West could recover any payment for benefits paid that the beneficiary recovered from a third party. Id. at 207. Great-West sued for injunctive and declaratory relief under § 502(a)(3) of ERISA to enforce the reimbursement provision by requiring defendants to pay the amount of third-party proceeds to which it was entitled under the contract. Id. at 208. In order to determine Great-West's ability to pursue this action via ERISA's equitable authority, the Court had to determine whether the relief sought was in fact equitable. The Supreme Court affirmed the lower court's decision that it was not.

The Supreme Court's analysis in Great-West applies with equal force to this dispute and compels the determination that Novell's claim constitutes an action at law. The relief Novell is demanding from SCO is the recovery of payments by third parties (Sun, Microsoft, and other SCOsource licensees), to which Novell is purportedly entitled pursuant to a contract (the APA). Irrespective of which theory Novell elects to pursue at this point, its remedy is a "claim for money due and owing under a contract," which is "quintessentially an action at law." Id. at 210.

      B.      <u>Breach of Fiduciary Duty</u>

The Supreme Court's holding in <u>Great-West</u> compels the same conclusion regarding Novell's claim for breach of fiduciary duty. The Second Circuit applied <u>Great-West</u>'s holding in determining that, while claims for breach of fiduciary duty were historically actions in equity, if the nature of relief sought is for compensatory or legal damages, the right to a jury trial attaches. <u>Pereira v. Farace</u>, 413 F.3d 330, 339-41 (2d Cir. 2005).

Notwithstanding the historical treatment of this claim as equitable, courts should look beyond the relationship between the parties, and examine the conduct underlying the claim for breach. <u>See</u>, <u>e.g.</u>, <u>DePinto v. Provident Sec. Life Ins. Co.</u>, 323 F.2d 826 (9th Cir. 1963) <u>cert. denied</u>, 376 U.S. 950, 84 S. Ct. 965, 968, 969, 11 L.Ed.2d 969, 970 (1964).

> Having in mind the necessity of scrutinizing, with utmost care, any seeming curtailment of the right to jury trial, we hold that where a claim of breach of fiduciary duty is predicated upon underlying conduct, such as negligence, which is actionable in a direct suit at common law, the issue of whether there has been such a breach is, subject to appropriate instructions, a jury question.

<u>DePinto</u>, 323 F.2d at 837 (holding that defendant's right to jury trial had been violated by court's imposition of damages in amount above that determined by jury in breach of fiduciary duty action); <u>accord</u> <u>In re Lands End Leasing, Inc.</u>, 193 B.R. 426, 433-34 (D.N.J. 1996) (finding right to jury trial attached to fiduciary duty claim); <u>Pagemill Asset Management v. Credit Suisse First Boston Corp.</u>, No. 98 Civ. 6907 (MBM), 2001WL863552 (S.D.N.Y. July 20, 2001) (Ex. A) (applying <u>DePinto</u> and holding that right to jury trial attached to breach of fiduciary duty claim predicated upon an alleged breach of indenture, a legal claim). <u>DePinto</u> not only instructs that a claim for breach of fiduciary duty may arise in law, but highlights that the issue of damages must fall to the jury in order to preserve the Seventh Amendment right to a jury trial. The predicate

7

act underlying Novell's claim is breach of contract, a legal claim.  As such, the right to a jury trial likewise attaches to Novell's breach of fiduciary duty claim, and SCO is entitled to a jury determination of the damages, if any, flowing from this breach.

### III. NOVELL'S CLAIM FOR DECLARATORY JUDGMENT INDEPENDENTLY TRIGGERS SCO'S RIGHT TO A JURY TRIAL

In arguing that SCO is not entitled to a jury trial on Novell's Fourth Claim for Relief, Novell mischaracterizes both that claim and the controlling law.

First, Novell mischaracterizes the scope and nature of its claim.  Novell states (at 5) that the claim "seeks a declaration that 'SCO had no authority to enter into the Sun and Microsoft Licenses, as well as the Intellectual Property Licenses with Linux end users and UNIX vendors.'"  In truth, the claim also seeks, in the first instance, a declaration that "Under Section 4.16(b) of the APA, SCO was obligated to seek Novell's prior approval to enter into new SVRX licenses or amendments to SVRX licenses, including SCO's agreements with Sun, Microsoft and other licensees of SCO's Intellectual Property Licenses." (Am. Counterclaims ¶ 121.) Moreover, Novell's request is predicated on the allegations that "SCO did not perform its corresponding duties under § 4.16(b) and substantially and materially breached § 4.16(b)" by purporting to enter into new SVRX licenses or amendments of SVRX Licenses "without Novell's prior approval."  (Id. ¶ 120) (emphasis added.)  Novell acknowledged as much in the Joint Statement to the Court of August 17, 2007, stating that, at trial, "Novell will seek a declaration that SCO was also obligated to seek Novell's prior approval to entering into new SVRX licenses or amendments to other SCOsource licenses."  Novell thus seeks much more than an abstract declaration of rights under the APA that would guide and govern prospective conduct by the parties; Novell seeks a declaration that SCO actually breached § 4.16(b) by

8

entering into SCOsource agreements without Novell's prior approval.

Second, Novell mischaracterizes the Tenth Circuit's holding in Fischer Imaging Corp. v. General Electric Co., 187 F.3d 1165 (10th Cir. 1999). In Monroe Property, LLC v. Bachelor Gulch Resort, LLC, 374 F. Supp. 2d 914 (D. Colo. 2005), the court set forth the appropriate analysis, under which SCO clearly has the right to a trial by jury on Novell's declaratory judgment claim for breach of contract:

> The appropriate analysis for deciding the question is set forth in Fischer Imaging Corp. v. General Elec. Co., 187 F.3d 1165, 1169-71 (10th Cir. 1999). In Fischer, the Tenth Circuit reversed the striking of plaintiff's jury demand in a declaratory judgment action because the action, without the procedural vehicle of declaratory relief, would have sounded in contract. A litigant is not deprived of a jury trial merely because an action in which it is a party is one for declaratory judgment. 9 Wright & Miller, Federal Practice and Procedure Civ. 2d § 2313 (applied in Fischer). Although the origin of the declaratory judgment procedure rests largely in equity, the remedy itself is neither legal nor equitable. Id. Thus, to determine whether there is a right to jury trial in a declaratory judgment action, *it is necessary to determine in what kind of an action the issue would have come to the court if there were no declaratory judgment procedure.* Id.

Id. at 923-24 (emphasis added); accord Hockerson-Halberstadt, Inc. v. Saucony, Inc., No. Civ. A. 91-1720, 2005 WL 1432376, at *7 (E.D. La. May 27, 2005) (citing authority)(Ex. B).

In this case, absent the declaratory judgment procedure, the only claim Novell could have brought would have been breach of contract of the prior-approval provision of the APA. See, e.g., Monroe, 374 F. Supp. at 924; Saucony, 2005 WL 1432376, at *7. Put another way, if the Court had determined that SCO had complied with that provision, Novell's Fourth Claim for Relief would be moot. Novell cannot avoid the rights afforded to SCO on a breach-of-contract claim by simply rephrasing its request for a declaratory judgment that SCO had "no authority" to enter into the Sun and Microsoft Agreements. The assertion of a lack of authority is the same as asserting that SCO breached the APA by exceeding its rights thereunder. Accordingly, for these

9

reasons alone, SCO is entitled to a jury trial.

## CONCLUSION

Wherefore, SCO prays that this Court will deny Novell's Motion to Strike SCO's Jury Demand, which is contrary to law and prejudicial to SCO's Seventh Amendment right to a jury trial.

DATED this 31st day of August, 2007.

        HATCH, JAMES & DODGE, P.C.
        Brent O. Hatch
        Mark F. James

        BOIES, SCHILLER & FLEXNER LLP
        David Boies
        Robert Silver
        Stuart H. Singer
        Stephen N. Zack
        Edward Normand

        DORSEY & WHITNEY LLP
        Devan V. Padmanabhan

By:  /s/ Edward Normand

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 31st day of August, 2007, a true and correct copy of the foregoing **SCO'S OPPOSITION TO NOVELL'S MOTION TO STRIKE JURY DEMAND** was electronically filed with the Clerk of Court and delivered by CM/ECF to the following:

>Thomas R. Karrenberg
>John P. Mullen
>Heather M. Sneddon
>ANDERSON & KARRENBERG
>700 Bank One Tower
>50 West Broadway
>Salt Lake City, UT 84101
>
>Michael A. Jacobs
>Matthew I. Kreeger
>MORRISON & FOERSTER
>425 Market Street
>San Francisco, CA 94105-2482

By: _____/s/ Edward Normand_____

11