MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant and Counterclaim-Plaintiff. | **NOVELL'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3 TO PRECLUDE SCO FROM INTRODUCING NEW EVIDENCE OR ARGUMENT REGARDING APPORTIONMENT OF SCOSOURCE REVENUE**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

dockets.Justia.com

## INTRODUCTION

SCO concedes the bulk of this motion, agreeing that the only theory it will advance at trial is that Novell is entitled to nothing. With that agreement in place, the question then becomes the manner in which SCO is permitted to support such an argument. SCO's *in limine* briefing presents theories of apportionment that SCO was under obligations — both fiduciary and discovery-based — to disclose long ago. It should therefore be precluded from surprising Novell with such evidence and argument now.

## ARGUMENT

**I.   SCO ESSENTIALLY CONCEDES THIS MOTION AND SHOULD NOT BE PERMITTED TO ADVANCE AN UNDISCLOSED APPORTIONMENT THEORY.**

The parties appear to be in agreement: at trial, the only apportionment SCO will advance is that Novell is entitled to "only a nominal, de minimis or zero apportionment" of the SCOsource revenue. (Opp. at 2.) That concession is the bulk of the remedy Novell sought by way of this motion *in limine*. There thus would appear to be no barrier at least to the entry of an order confining SCO to such an apportionment. SCO also agreed that it will confine Dr. Cargill's testimony to the very narrow matter addressed in his expert report — *i.e.*, "that UnixWare was based on and contains SVRX code." (Opp. at 6-7.) Novell does not object to such testimony *in limine*, and there would also therefore appear to be no bar to the entry of an order so confining Dr. Cargill's testimony.

The question then becomes: how will SCO support a "zero apportionment"? To date, SCO has advanced only one argument in this regard — that, examining each SCOsource license as a whole, SVRX is licensed only incidentally and therefore Novell is not entitled to any revenue from such licenses. As Novell made clear in its motion, Novell does not propose to bar SCO from advancing such an argument at trial. (Mot. at 1.)

1

In the motion *in limine* briefing, however, SCO has advanced a different, so far undisclosed argument. In its Motion *In Limine* Regarding Apportionment of 2003 Microsoft and Sun Agreements, Docket No. 408, SCO attempts to parse the rights conveyed by those licenses and attribute portions of the license revenue to specific license rights. That is *precisely* what Novell Interrogatory Nos. 7 and 11 asked SCO to do, and *precisely* what SCO claimed was either "unduly burdensome" or not possible given that SCO "does not maintain" information that would allow it to make such an apportionment. (Decl. of David E. Melaugh in Support of Novell's Motions *In Limine*, Docket No. 407 ("Melaugh Decl."), Ex. 6.)

In its Opposition, SCO recites a litany of briefing, declarations, and depositions it referenced in response to these interrogatories. (Opp. at 4.) But SCO never contends that any of that material actually disclosed an apportionment of SCOsource revenue among specific license rights. Instead, SCO claims that Novell's interrogatories cannot bar evidence now because Novell never challenged SCO's objections or responses. That ignores the point. Novell *still* does not challenge SCO's objections or responses; Novell merely asks the Court to hold SCO to them. What was "unduly burdensome" or "not possible" for SCO to provide in December 2006 cannot become easy to do now that it is expedient for SCO in September 2007.

Novell's Motion also makes clear that Novell sought an apportionment of the SCOsource revenue in no fewer than seven letters. (Mot. at 3.) SCO suggests that it responded to such inquiries. (Opp. at 6, citing Melaugh Decl. Ex. 12.) The letter to which SCO refers does not contain any apportionment of revenue among the SCOsource license rights, however, and the Court has accordingly held that SCO's refusal to provide such an apportionment was a continuing breach of fiduciary duty. (Order at 96.) Novell's Motion makes clear that this breach of fiduciary duty is an added reason to prevent SCO from surprising Novell with new arguments now. (Mot. at 3.) SCO makes no substantive response to this argument.

II.  **SCO OFFERS NO BASIS UPON WHICH TO LIMIT NOVELL'S CASE.**

At various points in its Opposition, SCO suggests that the Court should restrict Novell's ability to advance apportionment theories. (Opp. at 5-6, 7.) Unlike Novell, SCO does not cite to interrogatories or other disclosure obligations that might confine Novell's evidence or argument. Nor does SCO cite any law of the case that might have this effect. More importantly, it is *not Novell's burden* to provide an apportionment of the SCOsource revenue. The Court has held that it was (and is) SCO's fiduciary duty to do so (Order at 96, 98), and case law confirms that SCO bears such a burden, with any doubts decided against SCO. *See* Novell's Opposition to SCO's Motion *In Limine* Regarding Apportionment of Microsoft and Sun SCOsource Licenses, Docket No. 433, at 3-5 (citing cases).

## CONCLUSION

For the reasons stated above, Novell requests that this Court bar SCO from introducing evidence or testimony regarding any undisclosed apportionment of SCOsource revenue.

DATED:   September 4, 2007

ANDERSON & KARRENBERG

By: _____/s/ Heather M. Sneddon_____

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon

-and-

MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of September, 2007, I caused a true and correct copy of **NOVELL'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3 TO PRECLUDE SCO FROM INTRODUCING NEW EVIDENCE OR ARGUMENT REGARDING APPORTIONMENT OF SCOSOURCE REVENUE** to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

　　　　　　　　　　　　　　　　　　*/s/ Heather M. Sneddon*