**MORRISON & FOERSTER LLP**
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

**ANDERSON & KARRENBERG**
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **NOVELL'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO PRECLUDE SCO FROM CHALLENGING QUESTIONS ALREADY DECIDED AS A MATTER OF LAW**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

INTRODUCTION

The Court's August 10, 2007 Memorandum Decision and Order ("Order") considerably limited the scope and nature of the trial. Aiming to confine the trial to the issues the Order left open, Novell requested in its Motion *in Limine* No. 1 that the Court preclude SCO from "introduc[ing] evidence or argument that questions or challenges" the Order's holdings. (Mot. at 1.) In fact, it now appears as if SCO does intend to challenge the Order at trial, so the motion anticipated a live dispute.

SCO's Opposition to Novell's motion otherwise boils down to two contentions: that Novell's motion is insufficiently specific as to the relief sought, and that Novell is attempting to impermissibly alter the scope of issues for trial through an evidentiary motion. Both of these contentions are untenable.

ARGUMENT

I.  SCO IS ATTEMPTING TO UNDERMINE THE LAW OF THE CASE, AND SHOULD BE PRECLUDED FROM DOING SO.

SCO does not challenge the central bases of Novell's motion: that under the law of the case doctrine, issues that have been decided as a matter of law may not be contested, and that evidence contrary to such issues is by definition irrelevant and should be excluded. (Mot. at 2.) Indeed, SCO represents that its position "does not challenge any aspect of the Court's Order." (SCO's Opp. to Novell's Motion *in Limine* No. 1, Docket No. 418 ("MIL 1 Opp."), at 1.)

SCO's Opposition to Novell's Motion *in Limine* No. 2 shows the opposite. SCO intends to argue that the "Sun and Microsoft Agreements, beyond their specific SVRX components, are [not] 'SVRX Licenses.'" (SCO's Opp. to Novell's Motion *in Limine* No. 2, Docket No. 421 ("MIL 2 Opp."), at 2.) SCO also intends to argue that the other SCOsource licenses are not SVRX Licenses (MIL 2 Opp. at 3), even though they may contain "incidental" SVRX rights (MIL 1 Opp. at 1).

In the Order, however, the Court held, "[I]t is undisputed that the 2003 Sun and Microsoft Agreements have some SVRX component." (Order at 93.) "[E]ven incidental licenses of SVRX are considered an SVRX License." (Order at 95.) Thus, the Sun and Microsoft licenses, as well as any other SCOsource licenses with even incidental SVRX grants, are SVRX Licenses. SCO nonetheless plans to argue to the contrary.

If the Order is to have meaning at trial, we cannot be rehashing issues that already have been decided. SCO's evidence and argument on this and on any other points that have already been decided should be barred.

II.   **NOVELL'S MOTION IS SUFFICIENTLY SPECIFIC AS TO THE EVIDENCE AND ARGUMENT THAT SHOULD BE EXCLUDED AT TRIAL.**

SCO complains that Novell's motion fails to specify any "specific evidence or argument." (MIL 1 Opp. at 1.) Motions *in limine* routinely address issues and categories rather than laundry lists of evidence. Novell's enumeration of the principal holdings of the Order and the joint determination of the issues remaining for trial provide more than enough specificity. (Mot. at 1-2.) SCO fails to show any specific ambiguity or unfairness resulting from the level of specificity in Novell's motion.

This Court faced a similar motion in *Allan v. Springville City*, Case No. 2:00CV887K. After the dismissal of one of the plaintiff's claims, the defendant moved as follows:

> [T]he Court should exclude any alleged evidence used to support plaintiff's equal protection claim, including but not limited to whether a policy or custom of Springville City was or was not the cause of any alleged constitutional violation. The Court has already determined that there was no such policy or custom.

(Memo. in Support of Defendant's Motion *In Limine* to Exclude Evidence Related to Claims Previously Dismissed by the Court, Case No. 2:00-CV-887-K, Docket No. 69 (attached as Exhibit 1), at 4.) As to that topic, this was all the specificity the movant provided. The Court nevertheless granted the motion. 2003 U.S. Dist. LEXIS 27190, *9-*11 (D. Utah May 16, 2003)

2

(attached as Exhibit 2). The Tenth Circuit upheld the exclusion of that evidence on appeal. *Allan v. Springville City*, 388 F.3d 1331, 1334-35 (10th Cir. 2004).

SCO's case law is readily distinguishable. In *United States v. Cline*, 188 F. Supp. 2d 1287 (D. Kan. 2002), for example, the court denied a motion to exclude any evidence of "prior drug use" for lacking particularity but granted a motion to exclude evidence of a prior conviction. Novell's motion seeks preclusion with the same particularity as that allowed by the *Cline* court and by this Court in *Allan* — preclude SCO from challenging the Court's Order.

### III. NOVELL'S MOTION DOES NOT SEEK TO ALTER THE LANDSCAPE OF ISSUES FOR TRIAL.

SCO also characterizes Novell's motion *in limine* as an improper attempt to "summarize and reframe the issues presented in the Court's 100-page Order." (MIL 1 Opp. at 2.) Of course, the Order itself dramatically reshaped the landscape for trial. The only legitimate question is whether Novell in some way mischaracterized the Order or would unfairly apply it to the trial. Of course, some "summary" is necessary to avoid reprinting the entire Order. That does not mean Novell is attempting to alter the Court's holdings, and SCO points to no specific inaccuracy or unfairness in Novell's distillation.

SCO's case law does not save its argument. SCO's cases stand for the proposition that motions *in limine* should not be used as mechanisms for resolving substantive or factual issues. *Banque Hypothecaire du Canton de Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987); *W. Reserve Life Assurance Co. of Ohio v. Bratton*, No. C-04-81-LRR, 2006 WL 1419270, at *1 (N.D. Iowa May 19, 2006) (attached as Exhibit 3). But SCO cannot point to any substantive or factual determination that Novell is seeking through its motion. Novell's motion seeks only to "resolve limited evidentiary issues," *W. Reserve*, 2006 WL 1419270, at *1, by excluding evidence and argument whose only purpose could be to challenge the law of the case.

In the end, we doubt SCO disputes the essence of Novell's motion. We would be surprised if SCO thinks the Court would, for example, allow SCO to challenge at trial the

3

Court's findings on copyright ownership or its conclusion that Novell had the right to waive SCO's claims against IBM. And, of course, as SCO suggests (MIL 1 Opp. at 3), Novell has no intention of introducing evidence or argument that is contrary to the Order.

## CONCLUSION

For the above reasons, Novell requests that SCO be precluded from introducing evidence or argument that run contrary to the Court's Order.

DATED:   September 4, 2007

                ANDERSON & KARRENBERG


By:   */s/ Heather M. Sneddon*

      Thomas R. Karrenberg
      John P. Mullen
      Heather M. Sneddon

      -and-

      MORRISON & FOERSTER LLP
      Michael A. Jacobs, *pro hac vice*
      Eric M. Acker, *pro hac vice*
      Kenneth W. Brakebill, *pro hac vice*
      Marc J. Pernick, *pro hac vice*
      David E. Melaugh, *pro hac vice*

      **Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of September, 2007, I caused a true and correct copy of **NOVELL'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO PRECLUDE SCO FROM CHALLENGING QUESTIONS ALREADY DECIDED AS A MATTER OF LAW** to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

/s/ Heather M. Sneddon