

STANLEY J. PRESTON (A4119)
CAMILLE N. JOHNSON (A5494)
JUDITH D. WOLFERTS (A7023)
MARALYN M. REGER (A8468)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendant J. Douglas Bird
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
Fax No.: (801) 363-0400

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DELIA ALLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>J. DOUGLAS BIRD, in his capacity as the former Springville City Recorder,<br><br>    Defendant. | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO CLAIMS PREVIOUSLY DISMISSED BY THE COURT**<br><br>Case No. 2:00-CV-887-K<br><br>Judge Dale A. Kimball<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant J. Douglas Bird ("defendant" or "Mr. Bird") respectfully submits this

Memorandum In Support of his Motion In Limine To Exclude Evidence Related to Claims

Previously Dismissed by the Court.

## BACKGROUND

On April 1, 2002, this Court issued an Order granting in part defendants' Motion for

Summary Judgment. The Order dismissed all claims of plaintiff Delia Allen ("Ms. Allen"),



except for a constitutional procedural due process claim against Mr. Bird. The claims dismissed include the following: (1) equal protection, including allegations of disparate treatment, (2) racial discrimination and sexual harassment under Title VII, including allegations of disparate treatment, (3) racial discrimination, sexual harassment, and wrongful termination under 42 U.S.C. § 1983, including allegations of disparate treatment, and (4) intentional infliction of emotional distress.[1] Accordingly, the sole defendant remaining in this action is Mr. Bird, and the sole remaining claim against Mr. Bird is that he violated Ms. Allen's constitutional right to procedural due process by sending her a letter on June 23, 1997, which she alleges terminated her part-time employment with Springville City.

## ARGUMENT

Since the Court has dismissed all claims except a constitutional procedural due process claim against Mr. Bird, it should also exclude all evidence, if any, which relates to the dismissed claims because plaintiff cannot establish a causal nexus between those claims and the procedural due process claim. Any such evidence should also be excluded because it is: (1) not relevant to the procedural due process claim pursuant to Federal Rule of Evidence 401 and therefore is inadmissible under Federal Rule of Civil Procedure 402, and (2) even if it were relevant, it is inadmissible under Federal Rule of Evidence 403 because any limited probative value such

---

[1] Plaintiff's claims under ERISA, the Utah Antidiscrimination Act, and the Public Employees' Noncontributory Retirement Act have been dismissed. *See* Order, p. 11. All evidence related to those claims should also be excluded, based on the same reasons discussed above.

evidence might have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and considerations of undue delay and waste of time.

A procedural due process claim related to employment involves three issues: (1) whether the employee has a protected property interest,[2] (2) if so, what process is due under the United States Constitution, and (3) was the plaintiff deprived of the property interest without the constitutional procedural protections which are due. *See Kingsford v. Salt Lake City Sch. Dist.*, 247 F.3d 1123, 1128 (10th Cir. 2001) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541-45 (1985)).[3] Accordingly, any evidence that is related to the dismissed claims, and is not related to or does not have a causal nexus to the procedural due process claim, is irrelevant and inadmissible. Even if such evidence were not irrelevant, it is inadmissible under Rule 403 for the reasons stated above. This includes but is not limited to the following evidence relied on by plaintiff as support for her dismissed claims, some of which is referred to in the Court's April 1, 2002 Order.

First, the Court should exclude any alleged evidence related to plaintiff's pregnancy claim, including but not limited to: (a) a co-worker's allegedly asking plaintiff if she was having twins or triplets, (b) an alleged statement to plaintiff that "My hell, you're fat," (c) an alleged statement to plaintiff that she "waddled like a pregnant woman was supposed to," (d) an alleged statement to "[c]lear the way, here comes big mama," and (e) any other such alleged statements

---

[2]Defendant does not dispute that plaintiff had a property interest in her job, so this element is not at issue, and any evidence related thereto should be excluded.

[3]Plaintiff agrees that this is the test which is to be applied in a procedural due process claim. *See* Pl.'s Mem. Opp. SJ Motion, p. 12.

3

regarding Ms. Allen's appearance or demeanor during pregnancy, or evidence or testimony that she was terminated because she was pregnant.

Second, all alleged evidence regarding alleged sexual harassment should be excluded, including but not limited to: (a) allegations of verbal comments or physical contact, (b) that Hal Burrows touched plaintiff's back or placed his hand on her behind on one occasion when she was falling, (c) that Mr. Bird dressed in a Scrooge costume in December 1995 and plaintiff was encouraged to sit on his lap to have a photograph taken, and (d) any other statements or actions which plaintiff might have relied on to show sexual harassment.

Third, all evidence related to plaintiff's claim for discrimination based on race/national origin (Hispanic) should be excluded, including but not limited to allegations that: (a) plaintiff was asked to translate for "two of her kind," and (b) evidence regarding racial insults or slurs.

Fourth, the Court should exclude any alleged evidence used to support plaintiff's equal protection claim, including but not limited to whether a policy or custom of Springville City was or was not the cause of any alleged constitutional violation. The Court has already determined that there was no such policy or custom. *See* Order, p. 5.

Fifth, the Court should exclude any alleged evidence that suggests or implies that "similarly situated individuals" were treated differently than plaintiff based on gender, race, or pregnancy. Evidence of "similarly situated" persons is not relevant to a procedural due process claim, since the issue there is **whether** a plaintiff's constitutional due process rights to procedure were violated, and not **why** they were violated. The Court has already found that plaintiff's constitutional rights were not violated **because** of gender, pregnancy, or race/national origin.

Sixth, any alleged evidence related to disparate treatment due to alleged sex or race/national origin should be excluded. This includes but is not limited to alleged evidence that: (a) two other employees (including Connie Park) were given unpaid leave, and (b) plaintiff was treated differently than any allegedly similarly situated person. Since defendant concedes that plaintiff had a property interest in employment, plaintiff's procedural due process claim is concerned solely with whether Mr. Bird derived **plaintiff of her** alleged rights by failing to provide her with the procedural process due under the United States Constitution. Whether other employees allegedly received unpaid leave is irrelevant to this claim. Further, plaintiff's previously dismissed disparate impact claim was related solely to her Title VII and § 1983 claims for discrimination based on gender and race/national origin, and to her equal protection claim, and these claims have been dismissed. *See* Order, pp. 4-5, 6, 10-11; Pl.'s Mem. Opp. SJ Mot., pp. 7-10, 20-21.

Seventh, the Court should exclude all evidence as to whether there was or was not an alleged practice at Springville City to grant unpaid leave to accommodate employees' needs. This has noting to do with whether defendant deprived plaintiff of a constitutional right to procedural due process. The Court furthermore has dismissed all claims against Springville City, and has also found that plaintiff "has not alleged or put forth any evidence to establish that a policy or custom of the City was the cause of the alleged constitutional violations." *See* Order, p. 5; *see also* Pl.'s Mem. Opp. SJ Mot. SJ, p. 5 (contending that defendants violated Title VII by, in part, refusing to grant plaintiff's request for unpaid leave, when other employees' requests were granted).

5

## CONCLUSION

Based on the foregoing, defendant asks the Court to grant this Motion, and exclude all evidence referenced in the foregoing.

DATED this 2nd day of May, 2003.

SNOW, CHRISTENSEN & MARTINEAU

By _____
Stanley J. Preston
Camille N. Johnson
Judith D. Wolferts
Maralyn M. Reger
Attorneys for Defendant J. Douglas Bird

N:\13607\369\Pleadings-FederalCase\mem supp mot limine dismissed claims.wpd

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO CLAIMS PREVIOUSLY DISMISSED BY THE COURT** was served via facsimile on the 2nd day of May, 2003, on the following:

Gordon Duval
DUVAL, HAWS & FREI
947 South 500 East, Suite 230
American Fork, UT  84003

Cheryl Hunter