LEXSEE 2003 U.S. DIST. LEXIS 27190

**DELIA ROSALES ALLAN, Plaintiff, v. SPRINGVILLE CITY, et al., Defendants.**

Case No. 2:00CV887K

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

*2003 U.S. Dist. LEXIS 27190*

May 16, 2003, Decided
May 16, 2003, Filed

**SUBSEQUENT HISTORY:** Affirmed by, Motion denied by *Allan v. Springville City, 388 F.3d 1331, 2004 U.S. App. LEXIS 23363 (10th Cir. Utah, 2004)*

**COUNSEL: [*1]** For Deilia Allan, Plaintiff: Gordon W. Duval, DUVAL HAWS MOODY & FREI, AMERICAN FORK, UT.

For Springville City, a Utah municipal corporation, Hal Borrows, individually and in his capacity as the former Springville City Planning and Zoning Administrator, Defendants: Stanley J. Preston, Camille N. Johnson, Maralyn M. Reger, SNOW CHRISTENSEN & MARTINEAU, SALT LAKE CITY, UT.

For J. Douglas Bird, individually and in his capacity as the former Springville City Recorder, Defendant: Stanley J. Preston, Camille N. Johnson, Judith D. Wolferts, Maralyn M. Reger, SNOW CHRISTENSEN & MARTINEAU, SALT LAKE CITY, UT.

**JUDGES:** DALE A. KIMBALL, United States District Judge.

**OPINION BY:** DALE A. KIMBALL

**OPINION**

**MEMORANDUM DECISION AND ORDER**

This matter is before the court on Defendant J. Douglas Bird's Motion in Limine to Exclude Evidence Related to Dismissed Claims, Motion in Limine to Exclude Evidence of Health of Plaintiff and Child, and Motion in Limine to Exclude Evidence Relating to Front Pay. The court held a hearing on the motion on May 15, 2003. Plaintiff was represented by Gordon Duval, and Defendants were represented by Stanley J. Preston and Camille N. Johnson. Having fully considered the **[*2]** motion, memoranda, and exhibits submitted by the parties and the facts and law relevant to this motion, the court enters the following Order.

**I. Defendant's Motion in Limine to Exclude Evidence Related to Dismissed Claims**

Defendant seeks to exclude all evidence related to the claims dismissed in this court's prior summary judgment order. The sole remaining claim is a violation of procedural due process against Douglas Bird. The parties agree that a procedural due process claim related to employment involves three issues: 1) whether the employee has a protected property interest (undisputed); 2) what process is due the employee, and 3) was the employee deprived of the property interest without the constitutional procedural protections which were due. *Kingsford v. Salt Lake City Sch. Dist., 247 F.3d 1123, 1128 (10th Cir. 2001).*

Defendant seeks to exclude seven different categories of evidence: 1) statements made regarding plaintiff's pregnancy; 2) allegations regarding sexual harassment; 3) allegations regarding racial/national origin discrimination; 4) evidence related to equal protection claim, including policies/customs of City; 5) evidence implying **[*3]** that similarly situated individuals were treated differently; 6) evidence related to disparate treatment due to sex or race; and 7) evidence as to whether there was an alleged practice to grant unpaid leave to accommodate employees' needs.

Plaintiff argues that some of this evidence is relevant to constructive resignation and damages. As an initial matter, at the hearing on these motions, the parties raised the issue of whether the remaining due process claim was asserted against Defendant in his official and/or individual capacity and, thus, whether punitive damages could be asserted against Defendant. Defendant claims that his actions with respect to the procedural due process claim

could only subject him to a suit brought against him in his official capacity.

An individual city official may be liable under *section 1983* "when the defendant was in a position of responsibility, knew or should have known of the misconduct, and yet failed to act to prevent future harm." *McClelland v. Facteau, 610 F.2d 693, 697 (10th Cir.1979)*. In *Miller v. City of Mission. Kansas, 705 F.2d 368, 377 (10th Cir. 1983)*, where a discharged assistant police chief brought **[*4]** an action against a city, mayor, and members of the city council, the Tenth Circuit upheld a jury determination that individual council members were liable for punitive damages based on a denial of due process rights in connection with the deprivation of a property interest.

In *Prebble v. Brodrick, 535 F.2d 605, 611 (10th Cir. 1976)* the Tenth Circuit implied that university trustees could be subject to individual liability if they took action in an alleged improper termination of a tenured professor. The court stated "[t]he record is clear that the Trustees took no action, and inaction in these circumstances would not subject them to liability under *Section 1983*. Hence the directed verdict for the Trustees in their individual capacities was proper." *Id.* The court then went on to state that the Trustees were immune in their official capacities. *Id.*

Also, in *Bertot v. School Dist. No. 1, 522 F.2d 1171, 1184-85 (10th Cir. 1975)*, the Tenth Circuit essentially recognized that a school board member could be sued in his or her individual capacity for teacher employment matters when it discussed the application of qualified immunity. Qualified **[*5]** immunity is only relevant when an individual is named in his or her individual capacity. *See Hulen v. Yates, 322 F.3d 1229, 1235 n.2 (10th Cir. 2003)* ("Qualified immunity, of course, only insulates defendants sued under *§ 1983* in their individual capacities.").

The Fifth Circuit has recognized that "[t]he performance of official duties creates two potential liabilities, individual-capacity liability for the person and official-capacity liability for the municipality." *Turner v. Houma Muni Fire & Police Civil Serv. Bd., 229 F.3d 478 (5th Cir. 2000)*. In addition, in *Dwyer v. Regan, 777 F.2d 825 (2d Cir. 1985)*, the court allowed a plaintiff to amend his due process cause of action against the head of the state retirement systems where plaintiff was formerly employed. In distinguishing his claim for backpay, which would necessarily need to be paid by the state treasury and brought in an official capacity suit, the court explained:

> The complaint asserts claims against Regan in both his official and his individual capacities, and while we are aware of no theory that could render Regan individually liable for Dwyer's backpay, **[*6]** such is not the case with respect to the claim for [compensatory and punitive] damages. While Regan had no duty in his individual capacity to pay Dwyer's salary, he did have a duty not to deny Dwyer his federally protected right to due process. Thus, if Dwyer can establish that he requested and was denied a pretermination hearing into his claim that the announced elimination of his position was a sham, there is no *Eleventh Amendment* impediment to his recovering damages for that denial from Regan.

*Id. at 836-837*. In this case, Plaintiff's Complaint names Defendant in his official and individual capacities. It is also undisputed that it was Defendant Bird that dealt with Plaintiff regarding her leave and sent the letter to Plaintiff when she did not show up for work. Although Defendant's actions were taken in his official capacity, there is support under the case law that he may be liable for a procedural due process violation in both his individual and official capacity.

"[A] jury may be permitted to assess punitive damages in an action under *§ 1983* when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless **[*7]** or callous indifference to the federally protected rights of others." *Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983)*. However, because the purpose of punitive damages is to punish or deter constitutional violations, the evidence relevant to punitive damages necessarily must be connected to the constitutional deprivation at issue. Therefore, general ill will toward someone is not relevant. Only evidence demonstrating that there was an evil motive or intent to deprive Plaintiff of due process rights is relevant. The court, therefore, will allow evidence that goes to the establishment of punitive damages against Defendant.[1] However, such evidence must be close in time to Plaintiff's separation of employment and related to leave and separation of employment issues. With these matters and limitations in mind, the court will address each of the individual categories of evidence Defendant seeks to exclude.

---

1  The court is not determining at this time whether there is sufficient evidence in this regard for the jury to be instructed that punitive damages are available, only that Plaintiff may submit evidence and attempt to establish the availability of punitive damages at trial.

2003 U.S. Dist. LEXIS 27190, *

**[*8]** 1) Statements made regarding plaintiff's pregnancy.

The court previously ruled that the statements identified in the summary judgment motions were not sufficient under the standard requiring remarks to create a workplace permeated with discriminatory intimidation, ridicule, and insult. Even though Plaintiff claims that she was constructively discharged or not given due process, these comments are not relevant unless they were made by Defendant around the time that she was seeking leave and they relate to the issues of her leave or separation of employment.

Comments by other employees are not relevant and not admissible. One alleged comment by Doug Bird in 1993, "clear the way, here comes big mama," was in relation to her 1993 pregnancy when she received FMLA leave and it is too remote in time to be relevant to the remaining procedural due process claim. Therefore, Defendant's motion in limine is granted with respect to this category except as to statements made by Defendant at or near the time of Plaintiff's separation from employment that are specifically related to her constructive leave and/or separation of employment.

2) Allegations regarding sexual harassment

The court's **[*9]** prior Order found that these statements or incidents were isolated and sporadic, did not meet dogged pattern requirement for a continuing violation, and were time barred. These are not related to the procedural due process claim and are too remote in time to be relevant. Therefore, Defendant's motion in limine is granted with respect to this category.

3) Allegations regarding racial/national origin discrimination

The court's prior Order found that these statements or incidents were isolated and sporadic, did not meet dogged pattern requirement for a continuing violation, and were time barred. These are not related to the procedural due process claim and are too remote in time to be relevant. Therefore, Defendant's motion in limine is granted with respect to this category.

4) Evidence related to equal protection claim, including policies/customs of City

The court's prior Order found that Plaintiff did not allege or establish that a policy or custom of the City was the cause of the unconstitutional actions. Therefore, Plaintiff's claims against the City for equal protection and due process were dismissed.

The parties agree the City's written policies and procedures create a property **[*10]** interest in Plaintiff's employment position with the City. The parties, however, dispute whether the policies are relevant to whether due process was provided. Defendant argues that the policies and procedures are not relevant because the standard for due process is separate from the procedural steps provided for in the City's policies and procedures. In *Hennigh v. City of Shawnee, 155 F.3d 1249, 1256 (10th Cir. 1998)*, the court stated that "the Constitution does not require that each individual receive the procedural guarantees provided for by the instrument which bestows a property interest." *Id.* (citing *Hicks v. City of Watonga, 942 F.2d 737, 746 & n. 4 (10th Cir.1991))*. "The *Due Process Clause of the United States Constitution* entitles each citizen to notice and an opportunity to be heard prior to the deprivation of a fundamental right." *Id.* (citing *Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)* (A "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of **[*11]** the story.")).

The Tenth Circuit also recognized that "[i]n Hicks, the plaintiff's argument that he had a constitutionally protected property interest in certain city personnel procedures proved unavailing. This court stated that '[a] failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the *Due Process Clause*.'" *Id.* (quoting *Hicks, 942 F.2d at 746 n. 4* (citations omitted)). "Alleged violations of due process in the deprivation of a protectable interest are to be measured against a federal standard of what process is due and that standard is not defined by state-created procedures, even when those state-created procedures exceed the amount of process otherwise guaranteed by the Constitution." *Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir.1990)*. The Constitution's due process requirements are defined by the Constitution and do not vary from state to state based on a particular state's procedural rules. *See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)* **[*12]** ("[O]nce it is determined that the *Due Process Clause* applies, 'the question remains what process is due.' The answer to that question is not to be found in the [state] statute." (citation omitted)). "If state law grants more procedural rights than the Constitution would otherwise require," as Springville City's employment manual allegedly does, "failure to abide by that law is not a federal due process issue." *Riccio, 907 F.2d at 1469*.

Therefore, if Plaintiff was entitled to due process because the jury finds that she was terminated, then whether Plaintiff was afforded due process is a question of whether she was given notice and an opportunity to be heard prior to her termination. Constitutional standards,

Case 2:04-cv-00139-DAK-BCW   Document 436-3   Filed 09/04/2007   Page 4 of 5

Page 4
2003 U.S. Dist. LEXIS 27190, *

rather than the specific policies and procedures of the City, are relevant. To the extent that the City's policies provide procedures in addition to due process requirements, they are not relevant. [2] Therefore, Defendant's motion in limine is granted with respect to this claim.

> 2   To the extent that the City has policies and procedures regarding the requirements for FMLA leave and other leave available for maternity leave purposes those provisions are relevant and do not appear to be a matter of dispute in Defendant's motion.

**[*13]** 5) Evidence implying that similarly situated individuals were treated differently

This court found in its prior Order that Plaintiff failed to identify similarly situated individuals who were treated differently. She made no showing at summary judgment that there were similarly situated people. In addition, it would not be relevant to whether she constructively resigned or received due process. Therefore, Defendant's motion in limine is granted with respect to this category.

6) Evidence related to disparate treatment due to sex or race

Plaintiff's disparate impact claim was related solely to Title VII and *Section 1983* claims for gender and race discrimination and equal protection, which were all dismissed. Plaintiff failed to identify similarly situated individuals who were treated differently. She made no showing at summary judgment that she received disparate treatment. In addition, it would not be relevant to whether she constructively resigned or received the due process. Therefore, Defendant's motion in limine is granted with respect to this category.

7) Evidence as to whether there was an alleged practice to grant unpaid leave to accommodate employees' needs

Whether there **[*14]** is a City-wide practice is irrelevant because the City is not a party anymore and the court specifically found in the prior Order that Plaintiff had not alleged or established that a policy or custom of the City was a cause of the alleged constitutional violations. Whether Defendant allowed unpaid leave is also irrelevant because there is no equal protection or disparate treatment claim left. Therefore, these issues are irrelevant to the remaining claim for procedural due process. Accordingly, Defendant's motion in limine is granted as to this category of evidence except as to procedures in the policies that are required by due process.

**II. Defendant's Motion to Exclude Evidence of Health of Plaintiff and Child**

Defendant requests the Court to exclude evidence of Plaintiff's health and the health of her unborn child because Plaintiff failed to produce evidence of such damages in discovery, there is no causal nexus between her or her child's health and the alleged violation of due process, and her child is not a party to the action and his health is not relevant.

In discovery, Plaintiff mentioned increased medical costs in response to an interrogatory but did not provide **[*15]** Defendant with any documentation or calculation for damages related to increased medical costs in her damages calculation. Plaintiff has not designated a witness to testify as to the causal nexus between defendant's alleged conduct and the health of her or her child. However, her primary care physician wrote a letter and was deposed. He testified that Plaintiff had great concerns about her job and was depressed and he testified that at the first part of June 1997, she had "nonstress" tests done because she complained that her baby was not moving well. It was June 4, 1997, that Plaintiff was told she did not qualify for FMLA leave. The court concludes that the primary care physician's testimony is enough to establish a nexus for the nonstress tests. Defendant's arguments that such tests are routine and the results were favorable and that Plaintiff's physician was only responding based on information provided by Plaintiff are the type of arguments that can be raised in cross examination.

However, Plaintiff has provided no evidence that there is a nexus between her alleged procedural due process deprivation and a gall bladder operation three years after her employment ended. In addition, **[*16]** Plaintiff's child is not named in the action and his health is not relevant. Therefore, Defendant's motion in limine is denied in part and granted in part as explained above.

**III. Defendant's Motion to Exclude Evidence Relating to Front Pay**

Defendant seeks to exclude evidence relating to front pay because (1) the calculation is speculative and inadequate as a matter of law and (2) front pay is an equitable issue reserved to the court.

The court concludes that Plaintiff does not need an expert to address these issues. To the extent that Plaintiff's calculation are speculative as to raises she would have received, fails to account for early mortality, disability, or other work-life expectancy factors, and does not contain a method for discounting the award to net present value, Defendant can raise or establish such on cross-examination. At present, Plaintiff has provided enough support that it can be brought in at trial, subject to other potential evidentiary and foundational objections.

Case 2:04-cv-00139-DAK-BCW   Document 436-3   Filed 09/04/2007   Page 5 of 5

Page 5
2003 U.S. Dist. LEXIS 27190, *

The parties agree that the issue of front pay is equitable and for the court to determine. The parties, however, disagree over whether any of the evidence should go before the jury. Plaintiff **[*17]** cites a Seventh Circuit case, *Fortino v. Quasar Co., 950 F.2d 389, 398 (7th Cir. 1991)*, that holds that "both entitlement to and amount of front pay are equitable issues to be decided by the judge rather than legal issues and hence for the jury. An equity judge can always submit an issue to a jury for advice, but he is not bound by the advisory verdict." The court can see no prejudice to Defendant from this information going to the jury. Therefore the court will allow the jury to give an advisory opinion on the issues. Accordingly, Defendants motion in limine is denied.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion in Limine to Exclude Evidence Related to Dismissed Claims is GRANTED IN PART AND DENIED IN PART as set forth above, Defendant's Motion in Limine to Exclude Evidence of Health of Plaintiff and Child is GRANTED IN PART AND DENIED IN PART as set forth above, and Defendant's Motion in Limine to Exclude Evidence Relating to Front Pay is DENIED.

DATED this 16th day of May, 2003.

BY THE COURT:

DALE A. KIMBALL

United States District Judge