MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant and Counterclaim-Plaintiff. | **NOVELL'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 2 TO PRECLUDE SCO FROM CONTESTING LICENSES CONVEYING SVRX RIGHTS ARE "SVRX LICENSES"**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

INTRODUCTION

SCO's Opposition makes clear that SCO intends to advance a nonsensical argument designed to undermine this Court's August 10 Memorandum Decision and Order — namely, that the same license can, at the same time, be both "an SVRX License" and "not an SVRX License." Because such a position conflicts with the Court's Order and therefore runs afoul of the law of the case, the Court should bar SCO from introducing evidence or argument in support of such a claim.

ARGUMENT

I.  SCO DOES NOT EXPLAIN HOW TO DIVIDE A SINGLE LICENSE INTO AN "SVRX LICENSE" AND SOMETHING THAT IS NOT AN SVRX LICENSE.

SCO's Opposition presents the very argument Novell seeks to preclude by this motion. SCO explains that it will not contest that the *portions* of the Sun and Microsoft SCOsource agreements that license SVRX are "SVRX Licenses." (Opp. at 2.) SCO intends, instead, to argue that this does not mean that those licenses themselves are not SVRX Licenses — *i.e.*, that the same license can at the same time be an SVRX License and not an SVRX License. (*Id.*) Such an argument is nonsensical and inconsistent with the APA and the law of the case. It should therefore be barred.

  A.  The Sun and Microsoft SCOsource Agreements are SVRX Licenses.

The Court's Order is clear. In its motions for summary judgment, Novell argued that the wording of APA Section 4.16 and Schedule 1.1(a) "plainly means that the term 'SVRX Licenses' under the APA includes all contracts relating to the UNIX System V releases listed in Item VI." (Order at 77; *see also id.* at 79 ("Novell contends . . . that the natural meaning of SVRX License includes any license to the listed SVRX releases.").) SCO presented a contrary view. (*Id.* at 80-86.) The Court rejected SCO's arguments, holding instead that "SVRX

1

License" refers to "the entire set of agreements relating to the licensing of SVRX code." (*Id.* at 86.)[1]

Novell argued that "the 2003 Sun and Microsoft Agreements are SVRX Licenses because they license the same UNIX System V technology listed in Item VI of Schedule 1.1(a) to the APA." (*Id.* at 90.) SCO contended that those licenses were not SVRX Licenses because they were not "binary licenses in existence at the time of the APA" and because they purportedly licensed SVRX only incidentally. (*Id.*) Again, the Court rejected SCO's arguments as a matter of law. (*Id.* at 93 ("there is no limitation in the APA to 'then-existing' SVRX Licenses"), 95 ("even incidental licenses of SVRX are considered an SVRX License").)

That means that, as a matter of law, the Sun and Microsoft SCOsource licenses *are SVRX Licenses*, and SCO should be precluded from arguing otherwise or presenting contrary evidence at trial. To allow SCO to do so would only serve to confuse the factfinder and undermine what has already been resolved as a matter of law.[2]

### B. Any Other License that Conveys SVRX Rights is an SVRX License.

SCO's Opposition also makes clear that it intends to argue, in the context of its other SCOsource licenses, that even if a license indisputably "relates to" the UNIX System V releases listed in the APA, it is nevertheless possible for it not to be an SVRX License. (Opp. at 3-6.) In its motion, Novell cited an exemplary SCOsource license with Everyone's Internet that provides, on its face, the "right and license to use" "UNIX System V." (Decl. of David E. Melaugh in Support of Novell's Motions *In Limine* Nos. 1-3, Docket No. 407, Ex. 1 at §§ 1.7, 2.1, 1.10.)

---

[1] *See also id.* at 88 (holding that the IBM and Sequent contracts are SVRX Licenses because "[t]he IBM and Sequent Licenses are contracts that license the UNIX System V software that is listed in Item VI of Schedule 1.1(a) of the APA").

[2] Indeed, what SCO's opposition here really seeks is reconsideration. It bears a striking resemblance to the very arguments that SCO presents in its supposed "motion for reconsideration," Docket No. 420, which Novell intends to oppose.

SCO's argument that SCOsource licenses such as the Everyone's Internet licenses are not SVRX Licenses is, again, nonsensical.

SCO contends that because the "central feature of the [other SCOsource] agreement[s] is the avoidance of litigation with SCO," the agreements are not SVRX Licenses. (Opp. at 3-4.) This contention fails for two reasons. First, as noted above, the Court's Order holds that licenses granting SVRX rights are SVRX Licenses. It does not hold that licenses granting SVRX rights are SVRX Licenses *unless they are primarily litigation-avoidance agreements*. Second, any license to intellectual property is ultimately a litigation-avoidance agreement — indeed, a license is fundamentally an affirmative defense to a claim of infringement. *See, e.g., Evolution, Inc. v. Prime Rate Premium Fin. Corp.*, No. 03-2315-KHV, 2004 U.S. Dist. LEXIS 25017, at *15 (D. Kan. Aug. 13, 2004) ("The existence of a license, exclusive or non-exclusive, creates an affirmative defense to a claim of copyright infringement.") (attached as Exhibit 1). Under SCO's logic, any license granting rights to copyrights could always be instead characterized as a "litigation-avoidance agreement."

SCO also claims that because it did not deliver SVRX software concomitant with these other SCOsource agreements, they were not SVRX Licenses. This argument, too, is a red herring. Intellectual property is intangible. A license to use a copyright conveys rights whether a copy of the work is appended to the contract or not, and, again, nowhere in the Court's Order did it limit SVRX Licenses to those that convey physical instantiations of the licensed SVRX rights.

For these reasons, the Court should bar SCO from advancing its challenge to the Court's holding that any license conveying SVRX rights is an SVRX License.

II.  **NOVELL'S MOTION *IN LIMINE* SEEKS TO EXCLUDE IRRELEVANT EVIDENCE, NOT TO RESOLVE A QUESTION OF FACT.**

SCO characterizes Novell's motion as an improper attempt to resolve "a question of fact" through a motion *in limine*. (Opp. at 4.) SCO's argument mischaracterizes Novell's request.

3

Novell does not seek a ruling of fact. Though Novell believes and will argue at trial that the SCOsource licenses other than the Sun and Microsoft licenses are indeed SVRX Licenses, Novell is not seeking such a ruling now. Novell merely seeks a ruling that prevents SCO from undermining the Court's holding that *if* a license grants SVRX rights, it is an SVRX License. (Mot. at 1-2). Any argument to the contrary by SCO is contrary to the law of the case and therefore irrelevant. *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1553 (10th Cir. 1991). The factual issue of whether these SCOsource licenses grant SVRX rights will remain for trial.

SCO's case law does not save its argument. SCO's cases stand for the proposition that motions *in limine* should not be used as mechanisms for resolving substantive or factual issues. *Banque Hypothecaire du Canton de Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987); *W. Reserve Life Assurance Co. of Ohio v. Bratton*, No. C-04-81-LRR, 2006 WL 1419270, at *1 (N.D. Iowa May 19, 2006) (attached as Exhibit 2). But SCO cannot point to any substantive or factual determination that Novell is seeking through its motion. Novell's motion seeks only to "resolve limited evidentiary issues," *W. Reserve*, 2006 WL 1419270, at *1, by excluding argument whose only purpose could be to challenge the law of the case.

### III. THE EVIDENCE NOVELL SEEKS TO EXCLUDE IS SUFFICIENTLY PARTICULAR.

SCO attempts to characterize Novell's motion as "impermissibly vague." (Opp. at 6). To the contrary, Novell's motion specifically addresses evidence concerning one, narrow issue already decided by the Court as a matter of law. In the case SCO cites, *United States v. Cline*, 188 F. Supp. 2d 1287 (D. Kan. 2002), the court denied a motion to exclude any evidence of "prior drug use" for lacking particularity but granted a motion to exclude evidence of a prior conviction. Novell's motion seeks preclusion with the same particularity as that allowed by the *Cline* court — bar SCO from contesting that a grant of SVRX rights constitutes an SVRX License.

4

## CONCLUSION

For the reasons stated above, Novell requests that the Court bar SCO from contesting that licenses conveying SVRX rights are "SVRX Licenses."

DATED:   September 4, 2007

                ANDERSON & KARRENBERG

                By: _____/s/ Heather M. Sneddon_____

                Thomas R. Karrenberg
                John P. Mullen
                Heather M. Sneddon

                -and-

                MORRISON & FOERSTER LLP
                Michael A. Jacobs, *pro hac vice*
                Eric M. Acker, *pro hac vice*
                Kenneth W. Brakebill, *pro hac vice*
                Marc J. Pernick, *pro hac vice*
                David E. Melaugh, *pro hac vice*

                **Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of September, 2007, I caused a true and correct copy of **NOVELL'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 2 TO PRECLUDE SCO FROM CONTESTING LICENSES CONVEYING SVRX RIGHTS ARE "SVRX LICENSES"** to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

/s/ Heather M. Sneddon