MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant and Counterclaim-Plaintiff. | **NOVELL'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE SCO'S JURY DEMAND**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

INTRODUCTION

SCO may want a jury trial, but that doesn't mean it gets one. The issue is whether, properly analyzed pursuant to well-settled case law, Novell's claims for relief are legal or equitable in nature. SCO's opposition depends on shifting the focus away from the relief that Novell is actually seeking. Properly viewed, Novell's claims are equitable in nature, and SCO has no right to trial by jury.

ARGUMENT

I. **NOVELL'S CLAIMS FOR RESTITUTION, FIDUCIARY DUTY, CONVERSION, AND BREACH OF CONTRACT SEEK ONLY EQUITABLE RELIEF AND ARE THEREFORE EQUITABLE.**

Novell's motion made clear that Novell's monetary claims each seek equitable relief — return of revenue wrongfully withheld by Novell's fiduciary. Precedent cited by Novell, and also by SCO in its opposition, makes clear that in such circumstances there is no right to a jury trial.

A. **Novell's Restitution and Fiduciary Duty Claims Do Not Create Any Right to a Jury.**

SCO does not dispute that restitution and breach of fiduciary duty are historically equitable claims. (Mot. 2 n.3.) And SCO does not dispute that, when determining the nature of a claim, the most important consideration is the remedy the claim seeks. (Mot at 2-3.) Instead, SCO argues that such claims can *sometimes* give rise to a right to a jury, particularly in circumstances where the claims arise out of a breach of contract. (Opp. at 4-5.) As discussed in detail below, the cases SCO cites do not support a jury trial here.

SCO relies principally on *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002). (Opp. at 5-7.) Notwithstanding its extended discussion of the case, SCO makes no effort to apply *Great-West* to the circumstances of this litigation. SCO merely asserts that because *Great-West* holds that "an action, by any name, which involves a contractual obligation to pay past due sums is 'quintessentially an action at law,'" it must be true that this is such an action and

1

that therefore SCO has a right to a jury trial. (Opp. at 5.) But *Great-West* itself notes that where an action does not seek "to impose personal liability on the defendant, *but to restore to the plaintiff particular funds or property in the defendant's possession*," the action is equitable. *Great-West*, 534 U.S. at 214 (emphasis added). SCO engages in no analysis of the nature of the parties' relationship here, the relief actually sought, or the effect of the Court's Order on this question. Examination of these points makes clear that the remedy sought at trial on these claims is equitable even under SCO's principal authority.

As the Court has held, the APA transferred to SCO only legal title to the SVRX Licenses, preserving equitable title with Novell. (Order at 4.) SCO became Novell's fiduciary, with an obligation to collect SVRX Royalties in trust for Novell and to promptly remit to Novell 100% of that revenue. (*Id.* at 90, 96.) The Court has held that SCO violated that trust by keeping to itself, in secret, SVRX Royalties from the Sun and Microsoft SCOsource licenses. (*Id.* at 96, 97.) Indeed, the Court has characterized the withheld revenue as a "*res*" over which Novell has successfully established an entitlement to a constructive trust, the only remaining question being the precise amount of the *res*. (*Id.* at 97.) Novell's claims for restitution, fiduciary duty, conversion, and breach of contract each seek only the return of that *res*.

That a contract established the relationship between SCO and Novell is beside the point. Almost *every* commercial fiduciary relationship is established by contract, and if that were enough, there would be a right to a jury trial on virtually every commercial breach of fiduciary duty claim. Many of the cases cited in Novell's Motion arise from a contractual relationship, but the claims in those cases nevertheless did not give rise to a right to a jury.[1] *Van De Kamp*, for

---

[1] *See, e.g., Crews v. Cent. States, Se. & Sw. Areas Pension Fund*, 788 F.2d 332, 333 (6th Cir. 1986) (involving payments made into pension fund under contract); *Klein v. Shell Oil Co.*, 386 F.2d 659, 661 (8th Cir. 1967) (breach of agreement to build driveway); *Van De Kamp v. Bank of Am.*, 204 Cal. App. 3d 819, 831, 851 (1988) (involving management of investment accounts under contract); *In re Friedberg*, 131 B.R. 6, 12 (S.D.N.Y. 1991) (breach of contract claim seeking return of deposit); *C & K Eng'g Contractors v. Amber Steel Co.*, 23 Cal. 3d 1, 9

(Footnote continues on next page.)

example, challenged a bank's practice of investing certain funds it held in trust under contract and retaining the proceeds. The court held that because there, as here, the claim was that the "fiduciary [was] liable for various sums of money and plaintiffs do not know what money is due them," the relief sought was equitable. *Van De Kamp*, 204 Cal. App. 3d at 864.

Comparison of this litigation with *Robine v. Ryan*, 310 F.2d 797 (2d Cir. 1962), cited by SCO, neatly illustrates the divide between law and equity and why this case falls plainly on the equity side of that division. (Opp. at 5.) In *Robine*, the plaintiff sought money for *damage done to him* by the defendants' misappropriation of his invention, *not* the return of money the defendants gained unjustly. *Robine*, 310 F.2d at 798. The same is true of *all* of SCO's cases:

- *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476 (1962), involved a suit for damages stemming from the defendant's use of a trademark without payment of license fees.
- In *Pereira v. Farace*, 413 F.3d 330, 341 (2d Cir. 2005), "the Trustee [sought] only to recover funds attributable to [the company's] loss, not the director's unjust gain."
- As SCO acknowledges, *DePinto v. Provident Sec. Life Ins. Co.*, 323 F.2d 826 (9th Cir. 1963), involved the imposition of damages in amount "*above that*" stemming from a breach of fiduciary duty. (Opp. at 7 (describing *DePinto* holding, emphasis added).)
- *Pagemill Asset Mgmt. v. Credit Suisse First Boston Corp.*, No. 98 Civ. 6907 (MBM), 2001 U.S. Dist. LEXIS 10803 (S.D.N.Y. July 27, 2001) (attached as Exhibit 1), concerned allegations that the defendant redeemed bonds held by the plaintiff too early, damaging the plaintiff. *See Pagemill Asset Mgmt. v. Credit Suisse First Boston*

---

(Footnote continued from previous page.)
(1978) (action for breach of contract); *Getty v. Getty*, 187 Cal. App. 3d 1159, 1177 (1986) (involving trust contract).

3

*Corp*, No. 98 Civ. 6907 (MBM), 2000 U.S. Dist. LEXIS 3941, *9 (S.D.N.Y. Mar. 29, 2000) (earlier decision, explaining claims) (attached as Exhibit 2).

- *In re Lands End Leasing, Inc.*, 193 B.R. 426 (D.N.J. 1996), presents precisely the opposite circumstances as those here. There, the Court granted summary judgment on the equitable claims, ordering an accounting, and left alive the claims that sought "compensatory and punitive damages for alleged fraudulent conduct." *Id.* at 429-30.

These cases stand in stark contrast with the cases Novell cited, in which plaintiffs (like Novell) sought the return of benefits *the defendants* gained unjustly. SCO's cases thus only serve to illustrate why the claims remaining in this case are equitable.

B.  **Novell's Conversion and Breach of Contract Claims Do Not Create Any Right to a Jury.**

Novell's motion cited several cases in which courts found that disputes involving historically legal claims, such as breach of contract, did not give rise to a jury trial because the plaintiff sought only equitable relief.[2] (Mot. at 4-5, citing, *e.g.*, *In re Friedberg*, 131 B.R. at 12 (no right to jury on breach of contract claim where relief sought was equitable) and *C & K Eng'g*, 23 Cal. 3d at 9 (same).)[3]

---

[2] As discussed in Novell's Motion to Voluntarily Dismiss Its Third Claim for Relief and its reply in support of that motion, it is appropriate to dismiss Novell's now duplicative claim for breach of contract under the same terms as Novell has dismissed — with SCO's consent — its other claims.

[3] *See also In re: Robin Hood, Inc.*, 192 B.R. 124 (W.D.N.C. 1995) ("Notwithstanding the superficial resemblance of Appellants' claim to an action for common law [breach of contract], their claim is fundamentally equitable in nature, comparable to an action for breach of trust seeking to compel the trustee to redress the breach." (brackets in original, quoting *In re Hutchinson*, 5 F.3d 750, 757 (4th Cir. 1993))).

SCO did not address any of these cases.[4]  Instead, SCO rests on the historically legal nature of breach of contract and conversion and argues that "no further inquiry is necessary." (Opp. at 3-4.)  But the cases SCO cites do not say that — they stand instead for the principle that there need only be one claim grounding a right to a jury for a litigant to have such a right.  SCO therefore has not confronted the circumstances in which even historically legal claims seek only equitable relief.  The presence of historically legal claims, standing alone, does not entitle SCO to a jury, and does not require denial of Novell's motion.

For this reason, Novell's motion does not depend on the Court granting Novell's Motion to Voluntarily Dismiss Its Third Claim for Relief.  In the current configuration of the case, that claim is subsumed in Novell's other claims, and, if tried, would not change the nature of the relief sought.  The presence of that claim would not alter the conclusion that Novell's claims for relief are fundamentally equitable and that SCO is not entitled to a jury trial.

II.  **NOVELL'S CLAIM FOR DECLARATORY RELIEF IS ANALOGOUS TO NON-DECLARATORY CLAIMS SEEKING EQUITABLE RELIEF AND IS THEREFORE EQUITABLE.**

SCO insists that Novell "mischaracterizes the scope and nature of its claim" for declaratory relief, and argues that the scope of Novell's declaratory relief claim encompasses legal claims.  (Opp. at 8.)  Though SCO is correct that Novell's Amended Complaint set broader contours for this claim — as complaints often do — it is entirely within Novell's rights to seek only a narrowed form of declaratory relief.  Novell seeks just what it said it seeks in its motion — a declaration that "SCO had no authority to enter into the Sun and Microsoft Licenses, as well as the Intellectual Property Licenses with Linux end users and UNIX vendors." (Mot. at 5; *see also* Joint Statement, Docket No. 379, at 4 (characterizing relief sought in same way).)  Any

---

[4] SCO claims, in a footnote, that no argument was presented as to whether breach of contract claims seeking only equitable relief are equitable.  (Opp. at 3 n.5.)  SCO apparently overlooked the contract cases Novell cited and the associated portions of Novell's motion.

concern that Novell might seek to broaden its request for declaratory relief at trial can be addressed by making the grant of this motion conditional on an express limitation on Novell's declaratory judgment request.

SCO further asserts that, because the closest analog to Novell's declaratory claim is a breach of contract claim, this claim is not equitable. (Opp. at 9.) In making this argument, SCO asserts that "Novell mischaracterizes the Tenth Circuit's holding in *Fischer Imaging Corp. v. Gen. Elec. Co.*, 187 F.3d 1165 (10th Cir. 1999)." (Opp. at 9.) Relying on direct quotation, Novell cited *Fischer* for the principle that courts look to the remedy sought when evaluating whether a declaratory relief claim is equitable or legal. (Mot. at 5-6.) SCO's cited case, *Monroe Prop., LLC v. Bachelor Gulch Resort, LLC*, 374 F. Supp. 2d 914 (D. Colo. 2005), does not question that principle. Indeed, the principle that courts should closely examine the remedy sought is an established part of Supreme Court precedent. *See, e.g., Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

Even were the Court to adopt SCO's approach and search for analogous claims, a traditional breach of contract action in which the plaintiff seeks damages is not the right analogy. Novell seeks no damages under its declaratory claim, only an interpretation of the parties' contract rights. The closest analogs to Novell's declaratory claim are claims for specific performance enforcing the APA's approval requirement or for an injunction preventing SCO from entering into new SVRX Licenses without Novell's approval. Both would be equitable. *See, e.g., Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir. 1979) ("An action for specific performance without a claim for damages is purely equitable and historically has always been tried to the court."); *SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 95 (2d Cir. 1978) ("In 1791, when the Seventh Amendment became effective, injunctions, both in England and in this country, were the business of courts of equity, not of courts of common law.").

6

SCO suggests that the claim must be legal because, unlike a claim for specific performance, the declaratory relief Novell seeks is not entirely prospective. (Mot. at 8-9.) For purposes of determining the equitable or legal nature of the claim, that is irrelevant. The important point is that Novell does not seek legal damages from SCO for injuries to Novell on account of SCO exceeding its authority in entering into the licenses. There will be no quantification, for example, of Novell's lost sales or lost profits arising from SCO's actions. That is why this claim is equitable in nature.

And even if the prospective/retrospective distinction were relevant, SCO's analogy to breach of contract is still inapt. Viewed retrospectively, the closest analog to Novell's request for a declaration that SCO lacked authority is a claim for rescission. A rescission claim lies when an agent exceeds its authority in entering into a contract. *See, e.g., Gordon v. Beck,* 196 Cal. 768 (1925) (principals can rescind sale based on fraud of agent). Rescission is equitable. *Phillips v. Kaplus*, 764 F.2d 807, 812 (11th Cir. 1985) ("federal law is clear that an action for rescission is equitable, triable by the court without a jury").

No matter how it is analyzed, Novell's request for a declaration is equitable, and does not give rise to a jury trial by right.

## CONCLUSION

For the reasons stated above, Novell requests that the Court strike SCO's request for a jury and proceed instead with a bench trial.

DATED:   September 4, 2007

ANDERSON & KARRENBERG

By: _____/s/ Heather M. Sneddon_____
   Thomas R. Karrenberg
   John P. Mullen
   Heather M. Sneddon

   -and-

   MORRISON & FOERSTER LLP
   Michael A. Jacobs, *pro hac vice*
   Eric M. Acker, *pro hac vice*
   Kenneth W. Brakebill, *pro hac vice*
   Marc J. Pernick, *pro hac vice*
   David E. Melaugh, *pro hac vice*

   **Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of September, 2007, I caused a true and correct copy of **NOVELL'S REPLY IN SUPPORT ITS MOTION TO STRIKE SCO'S JURY DEMAND** to be served to the following:

*Via CM/ECF:*

>Brent O. Hatch
>Mark F. James
>HATCH JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101

>Stuart H. Singer
>William T. Dzurilla
>Sashi Bach Boruchow
>BOIES, SCHILLER & FLEXNER LLP
>401 East Las Olas Blvd., Suite 1200
>Fort Lauderdale, Florida 33301

>David Boies
>Edward J. Normand
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, New York 10504

>Devan V. Padmanabhan
>John J. Brogan
>DORSEY & WHITNEY, LLP
>50 South Sixth Street, Suite 1500
>Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

>Stephen Neal Zack
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

/s/ Heather M. Sneddon