MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant and Counterclaim-Plaintiff. | **NOVELL'S REPLY IN SUPPORT OF ITS MOTION TO VOLUNTARILY DISMISS ITS THIRD CLAIM FOR RELIEF**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Dockets.Justia.com

INTRODUCTION

Ever since the Court's August 10, 2007 Memorandum Decision and Order ("Order"), Novell has endeavored by all means practical to simplify this case and reduce the number of issues that need to be tried. As part of that effort, Novell secured SCO's agreement to dismiss Novell's First, Second, and Fifth Claims, as well as its claim for punitive damages, subject to conditions on which the parties agreed. SCO balked, however, at Novell's attempt to dismiss its Third Claim, for breach of contract, subject to the same terms.

SCO now opposes Novell's Motion to Voluntarily Dismiss Its Third Claim for Relief on the grounds that dismissing this claim would jeopardize SCO's supposed right to a jury trial, frustrate SCO's apparent "expectation" that this case would ultimately be heard by a jury, and permit Novell to revive the claim in a hypothetical future proceeding. None of these arguments justifies overlooking the efficiencies that a dismissal would provide, and SCO has not cited any case that denied a motion to dismiss in similar circumstances. The Court should not compel Novell to try a claim that seeks equitable relief to which Novell is already entitled through other claims and that Novell thus does not need or desire to prosecute.

ARGUMENT

I. SCO CANNOT SHOW THAT DIMISSAL WILL CAUSE IT PREJUDICE.

The parties agree that, "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant [a Rule 41 voluntary] dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). Notwithstanding SCO's complaint that it is being denied a jury trial, SCO has made no proper showing of prejudice.

A. SCO Has No Constitutional Right to a Jury in the First Place.

The premise of SCO's opposition is that Novell's motion is a "tactical maneuver that would deny" SCO its "Constitutional right to a trial by jury." (Opp. at 1.) This premise is wrong. As discussed in greater detail in Novell's reply in support of its Motion to Strike SCO's

1

Jury Demand, SCO has no right to a jury trial on Novell's remaining claims, *including on the breach of contract claim that is at issue on this motion.*

Whether a particular claim triggers the Seventh Amendment right to a jury trial turns primarily on the *remedy* the plaintiff seeks. *Tull v. United States*, 481 U.S. 412, 421 (1987). Under its breach of contract claim, the remedy Novell would seek is the same as the remedy Novell seeks under its unjust enrichment, breach of fiduciary duty and conversion claims — restitution of revenue wrongfully withheld by SCO, a fiduciary. Whatever the label of the claim for which restitution is sought, this remedy is an equitable one. *See Crews v. Central States, Se. & Sw. Areas Pension Fund*, 788 F.2d 332, 338 (6th Cir. 1986) ("[A]n action for restitution seeks an equitable remedy for which there is no Seventh Amendment right to a jury trial."). Accordingly, SCO has no Seventh Amendment right to a jury trial on Novell's breach of contract claim. *See, e.g., In re Friedberg*, 131 B.R. 6, 12 (S.D.N.Y. 1991) (no right to jury on breach of contract claim where relief sought it equitable); *C & K Eng'g Contractors v. Amber Steel Co.*, 23 Cal. 3d 1, 9 (1978) (same). The presence or absence of Novell's breach of contract claim will not affect the decision whether this case gets tried to the Court or to a jury.

SCO makes much of Novell's assertion in its moving papers that "[d]ismissal will serve the goal of simplifying this matter, making it more appropriate for a streamlined bench trial" (Opp. at 1, 3, 4), and claims that Novell's request to voluntarily dismiss its breach of contract claim is designed "to facilitate its motion to strike SCO's demand for a jury trial." (*Id.* at 1.) But SCO's attempt at "gotcha" is a diversion. As explained above, SCO has no right to a jury trial on this claim to begin with. Moreover, allowing Novell to dismiss its breach of contract cause of action will streamline the upcoming trial whether or not the Court grants Novell's Motion to Strike. Even if this matter is heard by a jury, dismissing Novell's claim will result in fewer jury instructions, less complex special verdict forms, and fewer facts to present. Despite SCO's selective quotations, this is precisely what Novell argued in its opening brief. (Mot. at 2.)

### B. SCO Cannot Establish Any Other Prejudice.

SCO maintains that the prejudice it would suffer is especially acute because it has "proceeded in this litigation for over two years under the expectation that it was entitled to a jury trial," and because, "just three weeks before the" trial is to begin, Novell seeks to dismiss its contract cause of action. (Opp. at 1.) These claims fare no better.

First, it strains credulity to believe that SCO "proceeded in this litigation under" any "expectation" as to whether Novell's Third Claim would be tried before the bench or the jury. What SCO likely expected (or at least hoped for) was that its slander of title claim and copyright ownership allegations would be tried to a jury. The Court's recent summary judgment rulings — not Novell's Motion for Voluntary Dismissal — are what have changed the scope, character, and length of the upcoming trial.

Second, SCO offers no explanation whatsoever for how it will be prejudiced if its vague "expectation" of proceeding before a jury is not fulfilled. SCO has not, for instance, cited to any deposition or other discovery that it would not have conducted if it knew this case was going to be tried to the bench. If Novell had never brought its Third Claim, the parties would have prepared in the same way, taken the same depositions, and filed a series of motions for summary judgment. Aside from its phantom right to a jury trial, SCO cannot identify any other form of prejudice that dismissing Novell's claim would cause.

Finally, the timing of Novell's request is of no import. That Novell filed this Motion "just three weeks" before trial (Opp. at 1) is simply a function of the summary judgment briefing schedule and the nature and effect of the Court's Order. Novell did not plead its Third Claim for Relief and then move to dismiss it for the purpose of duping SCO a few weeks before trial.

## II. THE COURT SHOULD GRANT THIS MOTION EVEN IF DISMISSAL WOULD ALTER THE BENCH/JURY ANALYSIS.

Granting this motion would be appropriate even if, contrary to precedent, SCO were correct that the dismissal of Novell's breach of contract claim would affect the merits of Novell's

3

Motion to Strike SCO's Jury Demand. SCO has cited no case denying a motion to dismiss because dismissal would make the case less appropriate for trial to a jury. Nor has Novell located such a case. Instead, SCO relies on cases standing for a different principle: that parties cannot remedy their own failure to seek a jury trial by dismissing their case and then re-filing it with a new jury demand. (Opp. at 4, citing *Russ v. Standard Ins. Co.*, 120 F.3d 988 (9th Cir. 1997), *Evans v. Bankers Life Co.*, 27 F.R.D. 489 (E.D.N.Y. 1961).).

But that is not what Novell is attempting, and the rationales underlying SCO's cases do not apply here. The decisions to deny motions for voluntary dismissal in *Russ* and *Evans* were based on the fact that the plaintiff's ability to proceed before a jury was *already foreclosed by another Federal Rule*. *See Russ*, 120 F.3d at 989-90 (under Ninth Circuit interpretation of Rule 38, the plaintiff could no longer seek a jury); *Evans*, 27 F.R.D. at 490 (version of Rule 81(c) then in effect required jury demand in removed cases within ten days of removal). Thus, to allow plaintiff to dismiss and re-file with a jury demand would have directly contravened a Federal Rule. That is not the case here, where granting dismissal would not give Novell something that another Rule forbids.

The other cases SCO string-cites address unique scenarios of even less relevance. (Opp. at 5-6.) In *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318-19 (5th Cir. 2002), the court denied voluntary dismissal because of the prospect that the plaintiff would re-file its claim in a jurisdiction with a longer statute of limitations. In *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354 (10th Cir. 1996), the court would not allow a party to dismiss its claim to avoid an adverse decision on a pending summary judgment motion. *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir. 1992), turned on appellate jurisdiction, not on Rule 41. The *Cook* court rejected a plaintiff's attempt to subvert Rule 54(b) and 28 U.S.C. § 1291 by voluntarily dismissing its remaining claims and then trying to appeal a claim that had been dismissed with prejudice. *United States v. Wyo. Nat'l Bank of Casper*, 505 F.2d 1064, 1067

(10th Cir. 1974), was a multi-defendant case in which the defendant seeking dismissal was "needed to protect the rights of all of the parties and to accomplish expeditious determination of the litigation." And in *County of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1048-49 (10th Cir. 2002), the intervenors sought to have plaintiff prosecute a claim against the defendants. Allowing plaintiff to dismiss that very claim with prejudice would have barred plaintiff's claim against the defendants in the future, and eviscerated the intervenors' ability ever to obtain the relief they sought.

At bottom, SCO contends that Novell must proceed on a claim Novell does not wish to pursue and that seeks a remedy that is duplicative of Novell's other remaining claims, all so that SCO can present its defense to a jury. But there is no authority for the proposition that a plaintiff must maintain a claim it would prefer to drop just so its adversary might theoretically have a better chance of procuring the jury trial it seeks.

### III. SCO'S CONCERNS ABOUT ITS SUPPOSED TLA CLAIM ARE A RED HERRING.

SCO also maintains that this motion should be denied because it would permit Novell a second "bite at the apple" during the trial of SCO's purported TLA claims. (Opp. at 7.) But SCO's supposedly surviving TLA claims are hypothetical at best. SCO has *never* articulated any theory of liability under *post-APA* UNIX-related copyrights. SCO has had the opportunity to do so in its complaints, in opposition to Novell and IBM's motions for summary judgment, in its expert reports, in its extensive public commentary on this case, in the post-Order statements in this case and in *SCO v. IBM*, and, of course, in its opposition to this motion *in limine*. The prejudice SCO will supposedly suffer when prosecuting this entirely hypothetical claim should therefore be entitled to no weight.

In any event, SCO has already consented to the dismissal of Novell's First, Second, and Fifth Claims for Relief under precisely the same conditions as Novell seeks in this motion. SCO does not explain, because it cannot, why it would be prejudiced by the potential renewal of one

of Novell's claims (the Third) but not by Novell's other three claims (the First, Second and Fifth).

The bottom line is that Novell has no intention of renewing this claim in the fashion SCO apparently fears. Novell would therefore (with one modification highlighted by italics below) consent to one of the revised conditions proposed by SCO. Novell will agree that it "shall not have the right to renew such claim unless, in a subsequent trial, its Fourth, Sixth, Seventh, *or* Eighth Claims are retried, or there is any enlargement of the issues for trial beyond that contemplated by the August 17, 2007 Joint Statement." (Opp. at 7 (proposing condition).) The reason for Novell's modification is that Novell might deem it appropriate to renew its breach of contract claim if, for example, the grant of summary judgment on one or more of Novell's Fourth, Sixth, Seventh, or Eighth Claims is reversed on appeal. SCO recognizes that this is a reasonable position, but proposes that Novell be allowed to renew its breach of contract claim only if *all* of those claims are retried. That does not make sense. Novell's modification makes clear that Novell may renew this claim if any one of the Fourth, Sixth, Seventh, or Eighth Claims gets retried.

Of course, Novell does not consent to SCO's first proposed condition — that Novell agree to a jury trial. (Opp. at 7.)

## CONCLUSION

For the reasons stated above, Novell requests that the Court permit Novell to dismiss its Third Claim for Relief.

DATED:   September 4, 2007

        ANDERSON & KARRENBERG

By: _____/s/ Heather M. Sneddon_____

    Thomas R. Karrenberg
    John P. Mullen
    Heather M. Sneddon

    -and-

    MORRISON & FOERSTER LLP
    Michael A. Jacobs, *pro hac vice*
    Eric M. Acker, *pro hac vice*
    Kenneth W. Brakebill, *pro hac vice*
    Marc J. Pernick, *pro hac vice*
    David E. Melaugh, *pro hac vice*

    **Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of September, 2007, I caused a true and correct copy of the **NOVELL'S REPLY IN SUPPORT OF ITS MOTION TO VOLUNTARILY DISMISS ITS THIRD CLAIM FOR RELIEF** to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

　　　　　　　　　　　*/s/ Heather M. Sneddon*