Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted Pro Hac Vice)
BOIES SCHILLER & FLEXNER LLP
Bank of America Tower, suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 south Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiff, The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>      Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>      Defendant/Counterclaim-Plaintiff. | **SCO'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF TERRY L. MUSIKA**<br><br>Civil No. 2:04 CV-00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), respectfully submits its Reply Memorandum in Further Support of Its Motion to Exclude Testimony of Terry L. Musika.

## INTRODUCTION

Novell fails to defend Mr. Musika's flawed assumption that Novell is entitled to all SCOsource revenue, or to explain how his testimony can be reliable or helpful when it rests on this assumption. Rather, Novell argues that any problems with Mr. Musika's underlying assumption go to the weight of his testimony rather than its admissibility. To the contrary, experts are excluded when flaws in their assumptions render their analysis unreliable or prejudicial, or if it adds nothing that will assist the trier of fact in reaching the ultimate conclusion. Mr. Musika's testimony should be excluded on this basis.

SCO also disagrees with Novell's unsupported assertion that SCO has the burden of proof on Novell's asserted damage. In addition, any shift in the burden of proof would not entitle Novell to offer unreliable or prejudicial expert testimony. Novell does not dispute that it has the burden of establishing the admissibility of Mr. Musika's testimony. Novell has not carried this burden and has not established that Mr. Musika's testimony is admissible.

Instead, Novell has raised <u>for the first time</u> the possibility that Mr. Musika will offer additional testimony that has never before been disclosed to SCO. Novell states (at 2): "To the extent that Mr. Musika opines on apportionment in rebuttal, he is also qualified on that subject matter." Mr. Musika has never before disclosed to SCO any opinion on apportionment. SCO showed in its opening memorandum, and Novell acknowledges, that his two reports were mere mathematical calculations of all revenue from the SCOsource agreements, and did not include

any apportionment analysis. The admission of undisclosed expert testimony would be highly prejudicial to SCO, and reinforces the need for Mr. Musika's testimony to be excluded.

**ARGUMENT**

**I.    THE FLAWS IN MR. MUSIKA'S ASSUMPTION, IGNORED BY NOVELL, RENDER HIS TESTIMONY UNRELIABLE AND INADMISSIBLE.**

Novell concedes (at 5) that Mr. Musika has assumed, based on instruction from counsel and without any apportionment analysis, that "100% of the SCOsource revenues are SVRX Royalties." While Novell is only entitled to the "appropriate portion [of the agreements] relating to the license of SVRX products" (Order at 101), Mr. Musika makes no effort to determine the "appropriate portion," and instead assumes that 100% of the revenue from agreements is for the licensing of SVRX products. This unsupported assumption renders his testimony unreliable and inadmissible.

Rather than trying to explain or bolster the appropriateness of Mr. Musika's assumption (except in passing at note 3), Novell argues (at 5) that "[a]ttacks on the validity of an expert's assumptions go to the weight of the expert's testimony." However, it is well-established that, where an expert's underlying assumptions are unsupported or contradicted by evidence, the resulting opinion is unreliable, and should be excluded – not merely questioned on cross-examination to undermine its weight. Before admitting an expert's testimony, "the expert's underlying assumptions must be evaluated for accuracy." Israel v. Spring Indus., Inc., No. 98 CV 5106(ENV)(RML), 2006 WL 3196956, at *12-13 (E.D.N.Y. Nov. 3, 2006) (Ex. A).

The decision in Amorgianos v. National Railroad Passenger Corp., 137 F. Supp. 2d 147 (E.D.N.Y. 2001), is persuasive. That court examined various problems with an expert's calculations and determined that some of the problems went "to his opinion's weight and thus

2

are properly tested on cross-examination," but that other problems went "to its reliability and, hence, its admissibility." Id. at 172.  The court explained that, where errors were "either approximately quantifiable or likely negligible," such errors were "amenable to probing on cross-examination or through the presentation of contrary evidence and only go to the weight of his opinion." Id. at 172-74.  In contrast, the court explained that a problem in the expert's assumption went "directly to its reliability," and thus rendered the opinion inadmissible.  Not unlike Mr. Musika's assumption that every dollar of SCOsource revenue should be included in Novell's damages, the expert in Amorgianos assumed that "every single molecule" of a paint chemical was released during the process he was analyzing.  The court noted that, while this assumption simplified the expert's calculations, the assumption contravened the evidence and lacked any analytical support. Id. at 274.  As such, the court concluded that the expert's opinion was unreliable and could not be admitted into evidence.[1]  The same is true here.

The decision First Savings Bank, F.S.B. v. U.S. Bancorp, 117 F. Supp. 2d 1078 (D. Kan. 2000), is also analogous.  The court excluded expert testimony where the expert "based his opinion on an assumption of the very fact that his report is intended to prove" and "improperly attributed all of plaintiff's losses to the defendants' allegedly illegal acts, despite the presence of significant other factors." Id. at 1083.  The court explained that the fact that the expert's "estimates are based – without any evidentiary or even statistical support – on an assumption that defendants caused all declines suffered by plaintiff . . . infects his basic methodology." Id. at 1084.  Furthermore, the court observed that the expert's failure to consider any other factors "makes his testimony inherently unreliable and purely speculative." Id. at 1085.  Accordingly,

---

[1] In this case the plaintiffs were given leave to supplement the expert report where it was possible to cure; in contrast, here no cure is practicable or feasible.

the court concluded that the testimony should be excluded because it would not assist the jury in determining the amount of actual damages. The court also reasoned – as discussed further below – that, under Rule 403, "its minimal probative value would be substantially outweighed by the unfair prejudice and the confusion to the jury that would result from the authoritative rendering of such substantial damage estimates by a purported economic expert." Id. at 1085-86. Likewise, Mr. Musika's failure to support his assumption "infects his basic methodology" and renders his analysis unreliable and prejudicial. Id. at 1084.

Similarly, in Israel v. Spring Industries, Inc., a damages expert was excluded where the expert assumed without independent analysis that the plaintiff's entire loss of earning capacity and all of his health care costs were due to the challenged conduct rather than pre-existing medical conditions. Id. at *13. The court explained: "An expert may incorporate assumptions into his or her opinion, but those assumptions must be ones that a reasonable juror could find correct based on admissible evidence." Id. Because the expert failed to base his opinion on assumptions a reasonable juror could find correct based on admissible evidence, the court found that his testimony was unreliable and inadmissible. Like the expert in Israel, Mr. Musika assumed without independent analysis that every dollar of the SCOsource revenue should go to Novell, though no analysis and no admissible evidence supports that conclusion. As such, his testimony is unreliable and inadmissible. The decision in Otis v. Doctor's Associates, Inc., No. 94 C 4227, 1998 WL 673595 (N.D. Ill. Sept. 14, 1998) (Ex. B), is similar. In that decision, the court excluded the plaintiff's expert where he failed to show that the methodology his expert used "is anything more than an exercise in arithmetic based on inherently unreliable values." Id. at *4.

4

The two cases cited by Novell (at 5-6) are not to the contrary. In <u>United States v. Cavely</u>, 318 F.3d 987 (10th Cir. 2003), the defendant contended the prosecution's expert's "estimates were based on certain assumptions, and that the reliability of his estimates depended upon the validity of his assumptions." <u>Id.</u> at 997. The court concluded that the assumptions went to the weight of the evidence and not its admissibility. Unlike the testimony of Mr. Musika, and the substantial case law cited above, there was no indication in this case that the defendant had argued, or that the court found, that the underlying assumptions were flawed, misleading, or unsupported, or that they rendered the expert analysis unreliable. As such, it is not inconsistent with the case law discussed above, and does not justify the admission of Mr. Musika's testimony.

In <u>Talmage v. Harris</u>, 354 F. Supp. 2d 860 (W.D. Wis. 2005), the defendant sought to exclude the plaintiff's expert on the grounds that the plaintiff had offered "insufficient proof that those damages were caused by defendants' alleged negligence." <u>Id.</u> at 867. This prompted the court's comment, referenced by Novell (at 6), that the motion should have been brought as a motion for summary judgment. Here SCO is challenging not Novell's proof, but the unreliability and prejudicial nature of Mr. Musika's testimony. SCO brings an appropriate motion in limine.

## II.    NOVELL'S ARGUMENTS IN OPPOSITION REINFORCE THE MISLEADING AND PREJUDICIAL NATURE OF MR. MUSIKA'S TESTIMONY.

Mr. Musika's testimony should also be excluded because the risk of prejudice from his opinion substantially outweighs the minimal to nonexistent probative value of his basic mathematical calculations. If Mr. Musika presents his 100% tally of all SCOsource revenue to the jury, Mr. Musika will place a stamp of expert approval on Novell's damages figure when he never conducted any apportionment analysis to support the number presented. Novell does not address this argument, but rather falls back (at 3-5) on the purported "helpfulness" of Mr.

Musika's mathematical calculations in that he adds "45 separate payments to SCO" from "24 different entities." In reality, this arithmetic is basic and, as a matter of addition, is not challenged. As such, its probative value is nonexistent. Novell also posits that Novell's testimony would be helpful because he calculates prejudgment interest. However, if a party is entitled to such interest, courts regularly calculate and award such interest after trial. Novell could offer Mr. Musika's calculation of interest at that time, if appropriate. In any event, Mr. Musika's calculation of prejudgment interest on 100% of the SCOsource revenue is prejudicial where his analysis does not even support that Novell is entitled to that revenue.

Novell's response confirms Novell's intent to use Mr. Musika's testimony for a prejudicial purpose, rather than for the arithmetic he performs. Novell states (at 2) that Mr. Musika "tallies the sum by which SCO has been unjustly enriched through its approximately 24 SCOsource licenses." Mr. Musika <u>does not</u> tally any such sum. He would have had to have performed an apportionment of the revenue from the agreements attributable to SVRX licenses to offer such an opinion. Novell concedes that all Mr. Musika does is arithmetic – not apportionment – yet still insists in its response that he tallies SCO's "unjust enrichment." This singular statement highlights the risk of prejudice inherent in Mr. Musika's testimony.

There is a risk that the jury (bolstered by Novell's arguments) will conclude that Mr. Musika calculated SCO's unjust enrichment, or Novell's damages, when all he did was add up numbers on the instruction of counsel. Therefore, his testimony should be excluded under Rules 401 and 403. The court in <u>First Savings Bank</u>, 117 F. Supp. at 1085-86, held that "minimal probative value" of testimony from expert who employed an unsupported assumption "would be substantially outweighed by the unfair prejudice and the confusion to the jury that would result <u>from the authoritative rendering of such substantial damage estimates by a purported economic</u>

expert." Id. (emphasis added). Similarly, the Seventh Circuit has cautioned parties seeking damages should not present "simplistic extrapolation and childish arithmetic with the appearance of authority by hiring a professor to mouth damages theories that make a joke of the concept of expert knowledge." Schiller & Schmidt, Inc. v. Nordisco Corp., 969 F.2d 410, 415 (7th Cir. 1992) (quoted in First Savings Bank, supra). Mr. Musika's unsupported mathematical calculations present the same risk.

The decision in Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp. 2d 1022 (D. Kan. 2006), is also persuasive on this point. The court excluded the plaintiff's expert's opinion was unreliable based on flaws in his assumptions where the expert had assumed that all lost profits were attributable to defendants without considering any other factors. The court observed that, while the opinion "may be mathematically accurate," the expert did not show that it was "sound or reliable, or generally accepted in the field of economics." Accordingly, the court concluded that "[a]ny probative value of his opinion on damages is substantially outweighed by the danger of misleading the jury and unfair prejudice resulting from his unsupported assumptions and failure to consider other circumstances." Id. at 1031.

### III. NOVELL HAS NOT MET ITS BURDEN AS THE PROPONENT OF MR. MUSIKA'S TESTIMONY.

In its opening brief, SCO submitted that Novell, as the proponent of Mr. Musika's testimony, has the burden of establishing its admissibility. See, e.g., Ralston, 275 F.3d at 970; North v. Ford Motor Co., No. 2:00-CV-958 TS, 2007 WL 200954, at *3 (D. Utah Jan. 23, 2007) (SCO Mem., Ex. A); CRST Van Expedited, Inc. v. J.B. Hunt Transport, Inc., No. CIV-04-0651-F, 2006 WL 2054646, at *2 (W.D. Okla. July 24, 2006) (SCO Mem., Ex. B). Novell has not disputed this.

Novell failed to carry its burden.  As set forth above, Novell failed to demonstrate that "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  Fed. R. Civ. P. 702.  In particular, Novell has failed to satisfy the reliability requirement in Rule 702, for Novell has not offered any evidence or argument that Mr. Musika did anything to support his assumption that 100% of the SCOsource revenue goes to Novell.  Finally, Novell has not demonstrated that Mr. Musika's testimony is more probative than prejudicial under Rules 401 and 403.

Rather, Novell has posited that SCO has the burden of proof on Novell's damages claims.  SCO disagrees.  However the dispute is resolved, Novell cannot present unreliable or prejudicial expert testimony to the jury.  Novell must still prove that Mr. Musika's testimony is reliable and more probative than prejudicial.  Novell has not done so.  In fact, Novell has reinforced the prejudicial nature of Mr. Musika's testimony by claiming that he has tallied SCO's "unjust enrichment" when he did no such thing.

### IV.   MR. MUSIKA SHOULD NOT BE PERMITTED TO OFFER ANY TESTIMONY ON ALLOCATION NOT PREVIOUSLY DISCLOSED.

In its opposition, Novell argues – for the first time in this litigation – that Mr. Musika might submit at trial an opinion on the allocation of the SCOsource agreements.  Mr. Musika has never offered any such opinion in any discovery response or any expert report.  It would be unjustified and highly prejudicial to SCO for Novell to introduce a new expert opinion on allocation for the first time at trial.  See, e.g., Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 894-95 (10th Cir. 2006) (holding that district court properly excluded expert testimony based on insurer's failure to disclose expert within time constraints of scheduling order, even where the

8

disclosure was made more than ninety days before trial); <u>Kern River Gas Transmission Co. v. 6.17 Acres of Land, More or Less, in Salt Lake County, Utah</u>, 156 Fed. Appx. 96, 102-3 (10th Cir. 2005) (holding that district court properly excluded expert testimony where the other party "would have had no pre-trial opportunity to learn the substance of the expert's direct examination testimony" and exclusion properly avoided that prejudice); <u>Gutierrez v. Hackett</u>, 131 Fed. Appx. 621 (10th Cir. 2005) (holding that exclusion of plaintiff's expert witness was not abuse of discretion where plaintiff's failure to timely disclose the expert's report was prejudicial); <u>Jacobsen v. Deseret Book Co</u>., 287 F.3d 936, 954-55 (10th Cir. 2002) (reversing order admitting expert testimony where testimony had not been fully disclosed).

Novell's offer of undisclosed expert testimony would not be justified. Novell's sole basis for offering this new expert testimony is its recurrent speculation about SCO introducing evidence of a new apportionment model at trial. Novell's argument in this regard is disingenuous. While Novell accuses SCO of introducing a new theory of apportionment, it is Novell – not SCO – who identified well over 100 new proposed trial exhibits in its amended Rule 26 pretrial disclosures. Now it is Novell, not SCO, who is implying that its expert will offer undisclosed testimony on apportionment at trial. SCO is not offering undisclosed expert testimony on apportionment at trial, and Novell should not be permitted to do so.

In addition, Novell implies (at 1) that SCO has somehow been derelict in its discovery responses on allocation, and that this would justify its submission of undisclosed expert testimony. However (as discussed in SCO's Reply In Further Support of Its Motion in Limine Regarding Apportionment of the Microsoft and Sun Agreements), Novell never complained about SCO's discovery responses on allocation, and never filed any motion to compel. The Tenth Circuit has instructed that a court should "'not excuse non-compliance with Rule 26 by

9

one party for the reason that the other party may not have fully complied' with discovery requests." Jacobsen, 287 F.3d at 954-55. As in Jacobsen, if Novell thought SCO "had unfairly avoided discovery [its] recourse was a motion to compel." Id. at 954. Novell did not file any such motion to compel, and thus, cannot now justify its own introduction of previously undisclosed expert opinions on the basis of speculation that SCO violated discovery rules.

SCO submits that the possibility that Mr. Musika may try, at some time in the future, to opine on allocation where he failed to do any such analysis previously supports SCO's motion for exclusion. If anything, this reinforces the unreliable, unhelpful and prejudicial nature of his testimony as disclosed.

## CONCLUSION

Wherefore, SCO respectfully requests that this Court exclude the testimony of Terry L. Musika.

DATED this 4th day of September, 2007.

        HATCH, JAMES & DODGE, P.C.
        Brent O. Hatch
        Mark F. James

        BOIES, SCHILLER & FLEXNER LLP
        David Boies
        Robert Silver
        Stuart H. Singer
        Stephen N. Zack
        Edward Normand

        DORSEY & WHITNEY LLP
        Devan V. Padmanabhan

By:     /s/ Edward Normand

**CERTIFICATE OF SERVICE**

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 4th day of September, 2007 a true and correct copy of the foregoing **SCO'S REPLY MEMORANDUM IN FURTHER SUPPORT OF SCO'S MOTION TO EXCLUDE TESTIMONY OF TERRY L. MUSIKA** was electronically filed with the Clerk of Court and delivered by CM/ECF to the following:

>Thomas R. Karrenberg
>John P. Mullen
>Heather M. Sneddon
>ANDERSON & KARRENBERG
>700 Bank One Tower
>50 West Broadway
>Salt Lake City, UT 84101
>
>Michael A. Jacobs
>Matthew I. Kreeger
>MORRISON & FOERSTER
>425 Market Street
>San Francisco, CA 94105-2482

By: _____/s/ Edward Normand_____