Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

Stephen N. Zack (admitted Pro Hac Vice)
BOIES SCHILLER & FLEXNER LLP
Bank of America Tower, suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 south Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiff, The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>　　　　Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>　　　　Defendant/Counterclaim-Plaintiff. | **SCO'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATED TO OTHER LITIGATION AND COMMENTARY THEREON**<br><br>Civil No. 2:04 CV-00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |

Dockets.Justia.com

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), respectfully submits its Reply Memorandum in support of its Motion In Limine to Exclude All Evidence Related to Other Litigation and Commentary Thereon.

**ARGUMENT**

Novell's Opposition fails to address any of SCO's bases for moving to preclude reference to the SCO v. IBM litigation. While Novell acknowledges that the IBM litigation should not "play a significant role" in the trial, it has advanced no basis for that litigation to play any role in the trial. Raising three potential scenarios, Novell fails to explain why reference to the IBM litigation would be necessary or relevant under any scenario, or to explain why such references would not be unduly prejudicial.

Novell contends that it may seek to use statements made or taken in the context of the IBM litigation. Even if such statements were offered and introduced at this trial, foundation could be laid for their admission without reference to the IBM case. Witness and counsel alike could refer to "another proceeding," if there is any need to differentiate the circumstances under which the statement was made from the present litigation. Novell has advanced no reason why the jury would need to understand that the statement was generated in the IBM case. Lacking any need for the evidence, Novell should be precluded from interjecting prejudicial references to the IBM litigation before this jury.

The same is true for the exhibits Novell intends to admit. To the extent that SCO's financial records would be relevant or admissible at trial, the purpose for which Novell might offer those records would not necessarily reach all statements contained in those records. Novell has not proffered what relevance statements relating to the IBM litigation would have on any

matter to be tried in this action.  Absent a showing of need for the admission of these statements within the financial records, the exhibits should be redacted to remove reference to irrelevant and prejudicial information.

Finally, Novell suggests that specific reference to the IBM matter may be a proper basis for cross-examination and impeachment of SCO witnesses, in the event that any witness attempts to minimize the importance of the Sun SCOsource license.  Novell has not set forth how "SCO's argument," or its expert analysis of damages arising from the IBM litigation, would be proper cross-examination material for any particular witness who expresses an opinion regarding the significance of these provisions.  Nor has Novell demonstrated how such opinion would be material, so as to warrant the introduction of extrinsic evidence for impeachment.  See, e.g., Fisher v. Champion, 943 F.2d 57, 1991 WL 166402, at *2 (10th Cir. Aug. 28, 1991) (Ex. A) (approving trial court's exclusion of extrinsic evidence offered for impeachment pertaining to a collateral matter).  Until and unless Novell makes such a showing, Novell, its representatives and witnesses should be precluded from referencing the IBM litigation before the jury.

Novell asserts that it does not intend to elicit testimony or introduce evidence concerning the commentary on the IBM litigation; accordingly, the Court should so Order the parties to direct their representatives and witnesses to refrain from any such reference.  Novell nevertheless implies that it intends to introduce news articles that would contradict that Order, on the asserted basis that such articles also contain admissions by SCO executives.  In light of the narrowed issues for trial, no such articles or admissions would be relevant; accordingly, Novell's only purpose in seeking their admission would be to improperly prejudice SCO.  In the event that the Court permits admission of such statements by SCO executives contained in news articles,

2

gratuitous information regarding the IBM litigation can and should be redacted therefrom. Novell should be directed to alert the Court outside the presence of the jury in the event that it seeks to admit any such article, in order to afford the Court the opportunity to determine the admissibility of the article, as well as the propriety of redacting any unnecessary reference to irrelevant matters, and particularly the IBM litigation, prior to its admission.

## CONCLUSION

Wherefore, SCO requests that the Court exercise its inherent power over the conduct of trials, and order Novell, its representatives, and its witnesses not to elicit testimony respecting the litigation pending between SCO and IBM or regarding the commentary on such litigation or on the instant litigation, and not to mention or refer to the above matters without securing the prior permission of the Court.

DATED this 4th day of September, 2007.

> HATCH, JAMES & DODGE, P.C.
> Brent O. Hatch
> Mark F. James
>
> BOIES, SCHILLER & FLEXNER LLP
> David Boies
> Robert Silver
> Stuart H. Singer
> Stephen N. Zack
> Edward Normand
>
> DORSEY & WHITNEY LLP
> Devan V. Padmanabhan
>
> By:      /s/ Edward Normand

3

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 4th day of September, 2007 a true and correct copy of the foregoing **SCO'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATED TO OTHER LITIGATION AND COMMENTARY THEREON** was electronically filed with the Clerk of Court and delivered by CM/ECF mail to the following.

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

Michael A. Jacobs
Matthew I. Kreeger
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482


By:      /s/ Edward Normand