# EXHIBIT A

Dockets.Justia.com

Westlaw.

943 F.2d 57    Page 1

943 F.2d 57, 1991 WL 166402 (C.A.10 (Okla.))

**(Cite as: 943 F.2d 57)**

Fisher v. Champion
C.A.10(Okl.),1991.
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Tenth Circuit.
Florence FISHER, Jr., Petitioner-Appellant,
v.
Ron CHAMPION, Warden, Respondent-Appellee.
No. 91-5014.

Aug. 28, 1991.

N.D.Okl., No. 90-C-303-B).
N.D.Okl.

AFFIRMED.

Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.[FN*]

ORDER AND JUDGMENT[FN**]

BALDOCK, Circuit Judge.

*1 Petitioner-appellant Florence Fisher, Jr. appeals from the denial of his habeas corpus petition, 28 U.S.C. § 2254. In a jury trial he was convicted of first degree murder and sentenced to life imprisonment. See Okla.Stat.Ann. tit. 21, § 701.7(A) (West 1983 & 1991 Cum.Supp.). On direct appeal, he raised a single state law issue concerning an evidentiary ruling limiting the testimony of witness Carol Townsend. Fisher v. State, 761 P.2d 900 (Okla.Crim.App.1988). He then sought postconviction relief raising several federal constitutional claims including: (1) the evidentiary issue rejected on direct appeal (as implicating fundamental fairness), (2) sufficiency of the evidence to convict, (3) an improper jury instruction shifting the burden of proof, (4) ineffective assistance of trial counsel, and (5) ineffective assistance of appellate counsel. I R. doc. 3, exhibits. The state district court rejected the ineffective assistance of counsel claims on the merits and rejected all other claims as procedurally barred because they could have been raised at trial and on direct appeal, but were not.

Fisher v. State, No. CRF-84-3763, unpub. order (Tulsa County D.Ct. Dec. 20, 1989). See also Okla.Stat.Ann. tit. 22, § 1086 (West 1986); Jones v. State, 704 P.2d 1138, 1139-40 (Okla.Crim.App.1985). The Oklahoma Court of Criminal Appeals affirmed finding, inter alia, that those issues which could have been raised on direct appeal were waived. Fisher v. State, No. PC-90-79, unpub. order (Okla.Crim.App. Jan. 29, 1990). The Court of Criminal Appeals affirmed the state district court's resolution of the ineffective assistance of counsel claim.

In his federal habeas petition, petitioner reasserted his five claims. I R. doc. 1. The State conceded that petitioner had exhausted his state remedies and answered the petition on the merits. Neither the district court nor the State considered whether rejection of the defaulted claims rested upon adequate and independent state grounds. See Coleman v. Thompson, 111 S.Ct. 2546, 2553-57(1991); Coleman v. Saffle, 869 F.2d 1377, 1382-84 (10th Cir.1989), cert. denied, 110 S.Ct. 1835 (1990). Assuming, without deciding, that we have the power to decide the defaulted claims, we reject them. We also find no merit to petitioner's ineffective assistance counsel claims. Accordingly, we affirm.

In October 1984, petitioner fatally shot Ford Byrd while visiting his (petitioner's) former wife, Stella Fisher. According to petitioner, the purpose of the visit was to resolve child visitation problems. Petitioner testified that upon his arrival, his former wife was conversing with Byrd on the front porch. Petitioner ushered his former wife into the house to discuss the matter. He further testified that he shot Byrd in self-defense when Byrd burst into the house, shouted and ignored petitioner's warning not to approach him.

Stella Fisher told a different story. She indicated that no child visitation problems existed, and that petitioner had not visited his son in several months. She indicated that petitioner parked across the street from her house, walked through her yard and, without provocation or words, shot Byrd while two to three feet away from him. No apparent reason motivated the shooting.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

\*2 Petitioner sought to impeach the testimony of Stella Fisher by offering the testimony of his girlfriend, Carol Townsend. Had she been allowed, Townsend would have testified that the contact between petitioner, Stella Fisher, and their son was more recent and frequent than Stella Fisher indicated. Petitioner also sought to introduce state court records concerning his divorce to prove animosity on the part of his former wife. The state district court excluded the Townsend testimony and the documentary evidence as evidence pertaining to collateral matters. The Oklahoma Court of Criminal Appeals held that the proffered testimony was offered for impeachment and that the district court properly excluded the testimony as extrinsic evidence pertaining to a collateral matter. *Fisher*, 761 P.2d at 901.

A federal habeas court does not review state court evidentiary rulings for error; rather, our review is limited to whether the evidentiary ruling affects the fundamental fairness of the trial so as to deny due process of law. *Lisenba v. California*, 314 U.S. 219, 228 (1941); *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir.1988); *Brinlee v. Crisp*, 608 F.2d 839, 851 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980). Here, the state district judge excluded the evidence in accordance with the bar on extrinsic evidence used solely to impeach a witness. Okla.Stat.Ann. tit. 12, § 2608(B) (West 1980); *Woods v. State*, 657 P.2d 180, 182 (Okla.Crim.App.1982). The Oklahoma Court of Criminal Appeals rejected the notion that the testimonial evidence was indicative of bias. *Fisher*, 761 P.2d at 901. At best, the sole purpose of the Townsend testimony was to undermine the credibility of Stella Fisher by suggesting that she lied concerning the frequency of petitioner's visits. *See* 2 D. Louisell & C. Mueller, *Federal Evidence* § 129 (1985) (discussing exclusion of collateral evidence). This, however, was not the issue on which this case turned, rather the main issue before the jury was whether petitioner shot the victim in self defense. As for the state divorce records, the state district court sustained an objection to their admissibility because the records simply did not reveal any inconsistency in Stella Fisher's testimony. Although petitioner claims the records would have shown animosity between himself and Stella Fisher, the state district court was well within the mark to exclude these records as truly collateral given that the jury was aware of the divorce. The state court evidentiary rulings on these points in no way rendered the trial fundamentally unfair.[FN]

Petitioner next argues that the evidence was insufficient to support his conviction, specifically, that the State did not prove malice aforethought and thus violated his fourteenth amendment right to due process. The district court rejected this claim on two independent grounds: (1) a challenge to the sufficiency of the evidence does not implicate a federal constitutional right and is not cognizable in federal habeas proceedings, citing *Sinclair v. Turner*, 447 F.2d 1158, 1161 (10th Cir.1971), cert. denied, 405 U.S. 1048 (1972), (2) sufficient circumstantial evidence indicates that the petitioner acted with malice. The district court's first ground is erroneous. In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court, on federal habeas review, held that due process of law under the United States Constitution requires that sufficient evidence support a conviction. *Id.* at 318-19. *See also Sanders/Miller v. Logan*, 710 F.2d 645, 656 (10th Cir.1983) (granting habeas relief based on insufficient evidence to support Oklahoma conviction for first degree murder). The constitutional standard " is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 319 (emphasis in original).

\*3 In Oklahoma, malice is defined as " that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof." 21 Okla.Stat.Ann. tit. 21, § 701.7(A); *Henderson v. State*, 661 P.2d 68, 69 (Okla.Crim.App.1983). " [M]alice aforethought requires nothing more than a deliberate intention to take the life of another without justification." *Huckaby v. State*, 804 P.2d 447, 452 (Okla.Crim.App.1990). The fact of killing may provide an inference of a design to kill. *Koonce v. State*, 696 P.2d 501, 505 (Okla.Crim.App.1985), overruled on other grounds, *Jones v. State*, 772 P.2d 922, 924-25 (Okla.Crim.App.1989). " A design to effect death sufficient to constitute murder may be formed instantly before committing the act by which it is carried into execution." Okla.Stat.Ann. tit. 21, § 703. Thus, premeditation does not require that the perpetrator know or harbor ill will toward the victim. *Huckaby*, 804 P.2d at 452. Finally, malice aforethought may be proven by circumstantial evidence. *Barr v. State*, 763 P.2d 1184, 1186 (1988).

Applying these principles to the instant case, a rational jury could conclude that petitioner acted with

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

premeditation. See *Curtis v. State,* 762 P.2d 981, 983 (Okla.Crim.App.1988). Petitioner argues that because he had five or six rounds left in his pistol and immediately summoned help, he could not have formed a design to effect death. We disagree. Viewing the evidence in the light most favorable to the prosecution, a rational jury could have found beyond a reasonable doubt that the defendant shot his unknown and unarmed victim from a distance of two or three feet with a .38 caliber pistol for no apparent reason, other than the victim's visit to his former wife. The jury was entitled to weigh the inferences from these facts and could have concluded beyond a reasonable doubt that petitioner acted with malice aforethought.

Petitioner's next contention is that jury instruction number seven[FN2] violates due process because it allowed the jury to presume intent and consider other crimes. The district court rejected this claim on two independent grounds: (1) a challenge to a jury instruction is outside the scope of habeas relief, citing *Ortiz v. Baker,* 411 F.2d 263, 264 (10th Cir.1969), and (2) the jury instruction was correct. Again, the first ground is erroneous. A federal habeas court may review a jury instruction in the context of the entire charge, but only for constitutional error which undermines the fundamental fairness of the trial. *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977); *Cupp v. Naughten,* 414 U.S. 141, 146-47 (1973); *Linebarger v. Oklahoma,* 404 F.2d 1092, 1095 (10th Cir.1968) (cited in *Ortiz v. Baker,* 411 F.2d at 264), cert. denied, 394 U.S. 938 (1969).

Without question, the jury may be instructed that it may consider circumstantial evidence of intent. See *Holland v. United States,* 348 U.S. 121, 140 (1954). Petitioner argues that when jurors are instructed that intent is usually proven by circumstantial evidence, they may reference other trials in which intent was proven circumstantially and then presume intent solely based on circumstantial evidence. He argues that the instruction is contrary to *Sandstrom v. Montana,* 442 U.S. 510 (1979).

*4 We do not agree. Petitioner's reading of the instruction is not supported by its plain language. The instruction merely indicates, without reference to other cases, how intent is usually proven. Moreover, the instruction tells the jury that it must decide intent " by the evidence presented in *this* case." Unlike the instruction in *Sandstrom v. Montana,* this instruction does not establish a presumption or shift the burden of proof. See *id.,* 442 U.S. at 517. It does not bar consideration of direct evidence; rather, it requires that intent " be determined ... from all the facts and circumstances as shown by the evidence." Finally, the jury was instructed that the State had the burden to prove the defendant's guilt on each element of the offense beyond a reasonable doubt. R. instr. no. 2, 4 & 23.

Petitioner finally argues that he received ineffective assistance of counsel at trial and on appeal. To prevail on an ineffective assistance claim, petitioner must demonstrate (1) deficient performance and (2) prejudice. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The first element requires a showing that " the identified acts and omissions were outside the range of professionally competent assistance." *Id.* at 690. Prejudice means a reasonable probability that the outcome would have been materially different but for counsel's alleged errors. See *Id.* at 694-95; *United States v. Miller,* 907 F.2d 994, 997 (10th Cir.1990); *United States v. Rivera,* 900 F.2d 1462, 1472 (10th Cir.1990) (en banc).

Our review of counsel's performance is highly deferential, and from the perspective of the circumstances confronting the defense at the time of trial and appeal. *Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986). Petitioner suggests that counsel should have (1) made a better proffer concerning witness Townsend's testimony, (2) argued that Oklahoma's limitation on extrinsic evidence for impeachment is unconstitutional under *Washington v. Texas,* (3) moved for a continuance so an additional investigative report could have been incorporated into the defense strategy, (4) raised more than a single issue on appeal, instead of abandoning the other issues contained in the motion for a new trial, including a challenge to the sufficiency of the evidence.

We are unable to find any prejudice from the alleged errors. Rejected on the merits are petitioner's arguments concerning the testimony of witness Townsend, the applicability of *Washington v. Texas* and the sufficiency of the evidence to support his conviction. Accordingly, these issues cannot support prejudice. Concerning the denial of a continuance, the claimed prejudice is a lack of evidence to impeach Stella Fisher's testimony concerning the location of the victim's car. See Appellant's Brief at 26. In the unlikely event that such extrinsic impeachment evidence would have been admitted, it

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

is not the type of material evidence which could have made a difference in the outcome. Finally, counsel's failure to raise every argument contained in the motion for new trial is not per se prejudicial; the strategic choice of counsel to narrow arguments to those having a realistic probability of success does not constitute ineffectiveness. See *Evitts v. Lucey,* 469 U.S. 387, 394 (1985). Having determined that petitioner has not demonstrated prejudice due to counsel's alleged errors, the performance element of the test need not be addressed. *Strickland v. Washington,* 466 U.S. at 697.

*5 AFFIRMED.

FN* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

FN** This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.

FN1. Petitioner relies upon *Washington v. Texas,* 388 U.S. 14 (1967), for the proposition that witness Townsend should have been allowed to testify concerning petitioner's frequency of contact with Stella Fisher and his son. In *Washington v. Texas,* the Supreme Court determined that an accused has a sixth amendment right to compulsory process to put on " a witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and mateiral to the defense." *Id.* at 23. This holding in no way describes the proffered testimony of witness Townsend. The proffer establishes that she would have testified to collateral matters concerning impeachment; she did not personally observe the incident in question.

FN2. Instruction provided:

You are instructed that an intent to commit the crime charged in the information is an essential element of the offense with which the defendant is charge[d].

In this connection, you are instructed that the intent with which an act is done is a mental state of mind of the accused. Direct and positive proof of intent is not necessary, but the same may be, and usually is, proved by circumstantial evidence. If you find that an act was done, the intent by which it was done is to be determined by you from all of the facts and circumstances as shown by the evidence presented in this case.

I R. doc. 5 at 4 n. 2.

C.A.10(Okl.),1991.
Fisher v. Champion
943 F.2d 57, 1991 WL 166402 (C.A.10 (Okla.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.