Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 south Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Stephen N. Zack (admitted Pro Hac Vice)
BOIES SCHILLER & FLEXNER LLP
Bank of America Tower, suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Attorneys for Plaintiff, The SCO Group, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>      Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>      Defendant/Counterclaim-Plaintiff. | **SCO'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO STRIKE EXHIBITS ON NOVELL'S REVISED EXHIBIT LIST NOT PREVIOUSLY DISCLOSED**<br><br>Civil No. 2:04 CV-00139<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |

Dockets.Justia.com

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), respectfully submits

its Reply Memorandum in Further Support of its Motion to Strike Exhibits on Novell's Revised

Exhibit List Not Previously Disclosed.

## **INTRODUCTION**

Novell concedes that its disclosure of well over one hundred new documents in its

revised Rule 26(a) disclosures was untimely.  Nevertheless, Novell contends (at 1) that the Court

should permit Novell to use documents not properly disclosed because the untimely disclosure

was both substantially justified and harmless under Rule 37(c)(1).  In fact, Novell's untimely

disclosure of 187 new documents is neither substantially justified nor harmless, and these

documents should be stricken from Novell's exhibit list.

## **ARGUMENT**

I.     **NOVELL'S UNTIMELY DISCLOSURE OF WELL OVER ONE HUNDRED NEW
DOCUMENTS PREJUDICES SCO, CANNOT BE CURED, AND WILL DISRUPT
THE TRIAL.**

SCO agrees that courts examine four factors when weighing harmlessness of a late

pretrial disclosure:  (1) the prejudice or surprise to the party against whom the testimony is

offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such

testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.  SCO

submits that these factors all mitigate heavily in favor of exclusion of the untimely documents.

Novell contends (at 2) that SCO would not be prejudiced as to 138 of the documents

because, "[i]n the event that the Court denies Novell's motion in limine and SCO is permitted to

advance new theories at trial, Novell may need to rely on the supplemental material in support of

its rebuttal."  However, this argument overlooks that SCO has not, and does not intend to, offer

what Novell characterizes as "new theories." Novell's unsupported speculation on this point does not justify its belated inclusion of 138 new documents on its exhibit list, or address the prejudice that would be inflicted on SCO by the late disclosure.

Novell contends (at 3) that SCO would not be prejudiced as to the 49 new documents it intends to introduce irrespective of whether it thinks SCO has offered "new theories," because this material was all produced in this litigation, "often years ago, often by SCO." However, if a party could belatedly disclose any document just because it was part of the production set, the Rule 26 disclosure deadline would serve no purpose. The very point of this rule is to narrow the scope of documents as to which the parties must prepare for trial. Due to the breadth of Novell's requests, SCO produced well over 100,000 documents to Novell. Novell's argument that SCO is not prejudiced because it produced years ago some of the documents Novell has now belatedly disclosed for use at trial ignores the purpose of Rule 26, and the fact that Novell's belated disclosures have substantially cut into SCO's trial preparation time. Notably, Novell intends to introduce these 49 documents at trial irrespective of whether SCO offers "new theories." Thus, the prejudice from these 49 documents would be suffered by SCO irrespective of what evidence SCO presents, and should not be sanctioned.

Novell incorrectly asserts (at 4) that SCO was not prejudiced because its delay was only "six days" under the Federal Rules requirement that disclosure must cover 30 days before trial. To the contrary, Rule 26 states: "Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial." (Emphasis added.) The parties were "otherwise directed by the court." The Court's July 11, 2007 Order Re Pretrial Schedule required that the parties serve their Rule 26(a)(3) Pretrial Disclosures by August 2, 2007. In compliance with this

directive, the parties did exchange their Rule 26 disclosures on August 2.  The untimeliness of Novell's later disclosure must be measured from this Court-imposed deadline, not from 30 days before trial.  See, Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 894-95 (10th Cir. 2006) (holding that district court properly excluded expert testimony based on insurer's failure to disclose expert within time constraints of scheduling order, even where the disclosure was made more than ninety days before trial as provided by federal rules, because rule indicated that disclosure should be made as provided by the court).  Accordingly, Novell's new documents were disclosed exactly three weeks late, and just three weeks before trial – working a significant prejudice on SCO.

Novell also suggests (at 4) that SCO would not be prejudiced by its untimely disclosure because of the "small amount of material."  However, nearly 200 documents disclosed three weeks before trial in such a complex case is not a "small amount of material."  Indeed, in Giesting v. Storz Instrument Company, 171 F.R.D. 311 (D. Kan. 1997), the court struck just seventy additional exhibits from the defendant's supplemental final exhibit list because the defendant "neither sought nor received leave of court to file the list of seventy additional exhibits at a time well after the discovery deadline had ended."  Id.  Novell has unilaterally added more than double that number of documents, and this addition is not a "small amount of material."

Because Novell ignores the prejudice to SCO from its late disclosure, Novell has not proposed any way to cure that prejudice.  Now less than two weeks before trial, the prejudice cannot be cured.  As such, Novell's belated disclosures, if not stricken, would require that the trial be delayed to give SCO adequate time to review and prepare for Novell's new exhibits.

Accordingly, the "disruption of trial" criteria also mitigates in favor of striking the belated documents.

Lastly, Novell's contention (at 4) that it acted in good faith is immaterial to the analysis where SCO would be prejudiced by the inclusion of the late-disclosed material. In <u>Jacobsen v. Deseret Book Co</u>., 287 F.3d 936, 954-55 (10th Cir. 2002), the court analyzed the same criteria in the context of a motion to preclude untimely expert testimony, and held that the late-disclosing party's "good faith alone would not be enough to overcome the other factors." <u>Id.</u> at 954-55.

Accordingly, Novell has not demonstrated that the admission of these documents would be "harmless." As such, they should be stricken from Novell's exhibit list.

## II. NOVELL'S UNTIMELY DISCLOSURE OF 189 DOCUMENTS WAS NOT SUBSTANTIALLY JUSTIFIED.

Novell next contends that its late-disclosed documents should be admitted at trial because its tardiness is "substantially justified." Novell submits (at 2) that "the Court's Order warranted supplemental disclosures." While Novell concedes that the "Court's Order considerably narrowed the issues for trial," Novell does not explain how an order that only "<u>narrowed</u> the issues for trial" could possibly justify <u>expansion</u> of the exhibit list. Rather, Novell states that, after the Order, it "revisited the material produced in the case as well as the relevant public press coverage" and that this led to the discovery of additional documents. While any plaintiff may benefit from a re-examination of public and produced documents, the purpose of Rule 26 is for the parties to put each other on notice of what documents they will be using at trial. The period after the Rule 26 disclosure deadline is not the time for "revisiting" produced and public material in search of supporting documents. The fact that the scope of the trial was narrowed by a court order does not change this.

Novell should have identified by August 2 all documents that it wanted to use in support of its counterclaims, and Novell has offered no explanation for why it could not have disclosed these documents by that deadline. Even Novell's (unsupported) speculation about SCO "new theories" does not justify the addition, or explain why the new documents could not have been identified earlier. SCO has not advanced any new theories; Novell has hypothesized that SCO "might" advance new theories at trial. As such, Novell's new documents are not responsive to any particular new argument advanced by SCO. They are just documents that Novell thinks "might" help its case on rebuttal "if" SCO advances a "new theory." Accordingly, Novell could have identified these documents just as easily by the Court-imposed deadline. The 49 documents that are not contingent on "new theories" are even less justified.

The only late documents for which Novell even tries to offer a specific justification are Terry Musika's supplemental expert report and that report's attachments, totaling nine documents. Novell sent this expert report to SCO on July 31, 2007 (after the expert disclosure deadline), but it was not included on Novell's Rule 26 disclosure on August 2. Novell contends (at 3) that its belated identification of this supplemental report and its exhibits was justified because of a "late disclosure" by SCO. However, Novell offers no explanation for why – if its expert prepared the supplemental report and exhibits by <u>July 31</u> – it could not have included that report on its Rule 26 disclosures on <u>August 2</u>, or why Novell waited three weeks to disclose to SCO that Novell was intending to use this new expert material at trial when the expert report and exhibits were already complete at the time of the Court-imposed deadline.

In summary, Novell has offered no substantial justification for any of its late disclosed documents. Furthermore, as discussed above, if Novell were permitted to use its late disclosed

documents, SCO would be substantially prejudiced, no cure exists, and the trial would be disrupted.

<u>**CONCLUSION**</u>

Wherefore, SCO respectfully requests that the Court enter an Order striking from Novell's First and Second Amended Rule 26(a)(3)(C) Disclosures the documents not previously disclosed by Novell, and precluding Novell from using those documents at trial. In the alternative, if the Court were to grant Novell leave to add these exhibits, SCO respectfully submits that the trial should be continued to allow SCO proper time to respond, including to list additional exhibits related to those selected by Novell.

DATED this 4th day of September, 2007.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

DORSEY & WHITNEY LLP
Devan V. Padmanabhan

By: _____/s/ Edward Normand_____

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that on this 4th day of September, 2007 a true and correct copy of the foregoing **SCO'S REPLY MEMORANDUM IN FURTHER SUPPORT OF SCO'S MOTION TO STRIKE EXHIBITS ON NOVELL'S REVISED EXHIBIT LIST NOT PREVIOUSLY DISCLOSED** was electronically filed with the Clerk of Court and delivered by CM/ECF to the following:

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

Michael A. Jacobs
Matthew I. Kreeger
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482

By: _____ /s/ Edward Normand _____