MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **NOVELL'S OPPOSITION TO SCO'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

## INTRODUCTION

SCO's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) fails on every possible ground. Because such motions are disfavored, SCO faces an uphill climb. SCO barely starts up that hill before running into the strong policy barrier against piecemeal appeals. With trial only a few weeks away, this motion is premature, and should be rejected.

## ARGUMENT

### I.    RULE 54(b) MOTIONS ARE DISFAVORED, AND THE EQUITIES DO NOT COMPEL THE GRANT OF SUCH A MOTION HERE.

SCO fails entirely to grapple with the fact that Rule 54(b) motions are disfavored. "Plainly, sound judicial administration does not require that Rule 54 (b) requests be granted routinely." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

> In its critical role as a Rule 54(b) 'dispatcher' . . . the district court is to consider the *strong judicial policy disfavoring piecemeal appellate review* . . . by carefully comparing the dismissed and the unadjudicated claims for indications of substantial overlap — to ensure that the appellate court is not confronted in successive appeals with common issues of law or fact, to the detriment of judicial efficiency.

*Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 487 (1st Cir. 1993) (citations omitted, emphasis added); *see also Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (denying motion because claims were intertwined, noting "trial courts should be reluctant to enter Rule 54(b) orders"). Where, as here, the grant of a Rule 54(b) motion would create overlapping, piecemeal appeals, the motion must be denied to avoid unduly taxing the federal appellate courts and to prevent prejudice to the non-moving party.

### A.    Granting SCO's Motion Would Create Piecemeal Appeals.

SCO claims that the upcoming trial will not concern "the scope of Novell's rights under Section 4.16(b) of the APA." (Mot. at 2.) That is an odd claim to make given that at trial Novell

seeks a declaration that, *under Section 4.16(b)*, SCO was without authority to enter into the Sun, Microsoft, and other SCOsource licenses.  (Am. Compl., Docket No. 142, ¶ 121.)

In the event Novell obtains such a declaration and SCO appeals, Novell would be placed in the position of appealing, in one matter, whether under Section 4.16(b) SCO had the authority to terminate IBM's SVRX license and, in another matter, whether under that same Section SCO had the authority to enter into new SVRX licenses with Sun and Microsoft without Novell's approval.  That is the very *definition* of a piecemeal appeal and is therefore reason alone to deny SCO's motion.  *See, e.g., Deer Crest Assocs., LLC v. Deer Crest Resort Group, LLC*, No. 2:04-CV-220 TS, 2006 U.S. Dist. LEXIS 42085, at *7 (D. Utah June 6, 2006) (denying motion to avoid "a piecemeal appeal") (attached as Exhibit 1); *Minn. Mining & Mfg. Co. v. Research Med. Co.*, 691 F. Supp. 1305 (D. Utah 1988) (same).

**B.**    **The Minor Acceleration of SCO's Partial Appeal Does Not Justify Creating Piecemeal Appeals.**

Even with the expedited briefing requested by the Court, by the time briefing on this motion is complete, trial will be only 10 days away.  Trial is expected to last four to five days.  Assuming there is post-trial briefing and motion practice, this Rule 54 motion would accelerate SCO's appeal by *at most* one to two months.  SCO cannot possibly hope to complete an appeal in time for it to have any effect on *this* case.

In *J.W. v. Utah*, No. 2:05CV00968DAK, 2007 U.S. Dist. LEXIS 24641, at *1 (D. Utah Mar. 21, 2007) (attached as Exhibit 2), this Court — noting "the strong policy against piecemeal appeals" — denied a Rule 54(b) motion because granting the motion would not have made a difference.  This Court denied the motion on the ground that "discovery will be completed on the remaining claims long before an appeal would be decided," and that therefore the grant of the motion would have little practical effect on the scope or nature of the case.  *Id.* at *5; *see also Sowsonicut v. Roosevelt City*, No. 2:03-CV-676, 2006 U.S. Dist. LEXIS 26355, at *9 (D. Utah

Apr. 4, 2006) (denying Rule 54 motion because it "would not facilitate or simplify Plaintiffs'
remaining claim" and would create piecemeal appeals) (attached as Exhibit 3).

SCO also cites its other litigation with, for example, IBM. That litigation is prepared to
go to trial in early 2008, however, and so SCO cannot hope to complete its appeal in time for that
trial either. The law is clear that, where a partial appeal would have no practical effect, the
strong bias against piecemeal appeals dictates denial of the motion. In any event, it was SCO's
choice to bring these two distinct lawsuits. SCO cites no case in which a court granted a Rule 54
motion to advantage the movant in other litigation.

## II.    SCO CANNOT OBTAIN FINAL JUDGMENT AS TO "PORTIONS" OF CLAIMS.

SCO explicitly requests that the Court grant final judgment as to "portions" of its Second
Claim for Relief and of Novell's Fourth Claim for Relief. SCO does not acknowledge that
Rule 54(b) motions can be granted only as to distinct claims and therefore makes no effort to
explain why "portions" of these claims even qualify for Rule 54(b) relief. *See, e.g., Jordan v.
Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) ("For purposes of Rule 54(b), a claim comprises all
factually or legally connected elements of a case, but there is no bright-line rule to distinguish
multiple claims, which may be appealed separately, from multiple legal grounds in a single
claim, which may not.") (citation omitted); *Monument Mgmt. Ltd. P'ship I v. City of Pearl,
Miss.*, 952 F.2d 883, 885 (5th Cir. 1992) (Rule 54(b) certification "of one claim among multiple
claims . . . must dispose of that claim *entirely*.") (italics in original); *Minn. Mining*, 691 F. Supp.
at 1308 (even *claims* so closely related as to "fall afoul of the rule against splitting claims" do not
qualify as 'separate claims' under Rule 54(b)). That is reason enough to deny SCO's motion as
to these claims.

Even had SCO faced this threshold issue, it would have been unable to show that certain
"portions" of its Second Claim and Novell's Fourth Claim are "individual claims" subject to
Rule 54(b) relief. *See Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1444 (7th

Cir. 1988) (For judgment to be entered pursuant to Rule 54(b), "it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'") (citing *Curtiss-Wright*, 446 U.S. at 7).  Indeed, SCO itself does not characterize the Court's summary judgment rulings as having "ultimately disposed" of either of these claims.

For example, Novell's Fourth Claim for Relief addresses three closely-related issues. "The cross motions on Novell's Fourth Counterclaim seek a declaration from the court on (1) whether Section 4.16(b) of the APA authorizes Novell to direct SCO to waive its purported claims for breaches of SVRX licenses with IBM and Sequent, (2) whether Section 4.16(b) of the APA authorizes Novell to take action on SCO's behalf when SCO refuses to waive the claims, and (3) whether the IBM and Sequent Sublicensing Agreements are 'SVRX Licenses' under the APA."  (August 10, 2006 Memorandum Decision and Order, Docket No. 377 ("Order"), at 76.)

In seeking entry of final judgment on a "portion" of this claim, SCO itself posits that the Court's Order "reached an ultimate disposition" on only one of three issues presented:  "that Novell has the right to direct SCO to waive its breach-of-contract claims against [IBM.]"  (Mot. at 1-2; *see* Order at 88 ("[T]he court grants partial summary judgment to Novell on its Fourth Claim for Relief and declares that it was and is entitled, at its sole discretion, to direct SCO to waive its purported claims against IBM and Sequent, and SCO is obligated to recognize Novell's waiver of SCO's claims against IBM and Sequent.").)

Here again, this conceded "portion" of Novell's Fourth Claim is not an individual "claim" subject to final judgment under Rule 54(b).  *See Ind. Harbor Belt*, 860 F.2d 1441 (entry of summary judgment on strict liability count in toxic tort was not a "final judgment" under Rule 54(b) where claim was only partially adjudicated because closely-related negligence count remained unresolved).  Novell's rights and obligations vis-à-vis the IBM and Sequent licenses are intertwined with the question of whether those licenses are SVRX licenses under the Agreements.  Because SCO does not even argue that the Court "entirely" disposed of Novell's

4

Fourth Claim for Relief on summary judgment, the portion of the claim for which SCO seeks final judgment is unripe for appeal. *See Monument Mgmt.*, 952 F.2d at 885; *Ind. Harbor Belt*, 860 F.2d 1441.

For this independent reason, it is inappropriate to grant SCO's motion to enter final judgment as to portions of SCO's Second Claim for Relief and Novell's Fourth Claim for Relief, and this provides an added reason why the Court should deny SCO's motion as a whole.[1]

## CONCLUSION

For the reasons stated above, Novell requests that the Court deny SCO's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b).

DATED:   September 5, 2007

ANDERSON & KARRENBERG

By:  _____/s/ Heather M. Sneddon_____

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon

-and-

MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*

**Attorneys for Defendant and
Counterclaim-Plaintiff Novell, Inc.**

---

[1] SCO devotes the last two pages of its brief to the supposed questions on appeal. (Mot. at 3-4.) Novell does not see the relevance of this material, and SCO does not explain how it bolsters its argument for a piecemeal appeal now.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September, 2007, I caused a true and correct copy of **NOVELL'S OPPOSITION TO SCO'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

_____ */s/ Heather M. Sneddon* _____