LEXSEE 2007 US DIST LEXIS 24641

**J.W. and M.R.W. individually and as parents, guardians and next friends of A.W. f/d/a/ A.M., a minor child, and M.W. f/k/a K.C., a minor child, Plaintiffs, vs. STATE OF UTAH; UTAH STATE DEPARTMENT OF HUMAN SERVICES; ROBIN ARNOLD-WILLIAMS, individually and in her former capacity as Executive Director of Utah State Department of Human Services; LISA-MICHELLE CHURCH, in her capacity as executive director of Utah State Department of Human Services; DIVISION OF CHILD AND FAMILY SERVICES; RICHARD ANDERSON, individually and in his capacity as Director of the Division of Child and Family Services; CAROLYN HANSEN, individually and in her official capacity; KOLYN TACY, individually and in her official capacity; and LAURIE ZUMBRUNNEN, individually and in her official capacity; and DOES I-XX, in their individual and official capacities, Defendants.**

Case No. 2:05CV00968DAK

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

*2007 U.S. Dist. LEXIS 24641*

**March 21, 2007, Decided**

**PRIOR HISTORY:** *J.W. v. Utah*, 2006 U.S. Dist. LEXIS 21302 (D. Utah, Apr. 18, 2006)

**COUNSEL:** [*1] For J.W., individually and as parents, guardians and next friends of A. W. f/k/a A.M. a minor child and M. W. f/k/a K. C. a minor child, M.R.W., individually and as parents, guardians and next friends of A. W. f/k/a A.M., a minor child, and M. W. f/k/a K.C., a minor child, Plaintiffs: Jeffrey D Eisenberg, LEAD ATTORNEY, EISENBERG GILCHRIST & MORTON, SALT LAKE CITY, UT; Steven B. Millard, LEAD ATTORNEY, BRAYTON PURCELL & GEAGAN, SALT LAKE CITY, UT.

For State of Utah, Utah State Department of Human Services, Division of Child and Family Services, Carolyn Hansen, individually and in her official capacity, Kolyn Tacy, individually and in her official capacity, Laurie Zumbrunnen, individually and in her official capacity, Defendants: Barry G. Lawrence, LEAD ATTORNEY, UTAH ATTORNEY GENERAL'S OFFICE (160-6-140856), LITIGATION UNIT, SALT LAKE CITY, UT; Peggy E. Stone, LEAD ATTORNEY, UTAH ATTORNEY GENERAL'S OFFICE (160-6-140856), LITIGATION UNIT, SALT LAKE CITY, UT.

**JUDGES:** DALE A. KIMBALL, United States District Judge.

**OPINION BY:** DALE A. KIMBALL

**OPINION**

**MEMORANDUM DECISION AND ORDER**

This matter is before the court on the Plaintiffs' *Rule 54(b)* Motion for Final Judgment as to Plaintiffs' Negligence [*2] Claims and Plaintiffs' Motion to Amend the Memorandum Decision Granting Defendants' Motion to Dismiss Plaintiffs' Negligence Claims. The court has determined that a hearing would not aid the court in its determination of these motions. The court has carefully considered the law and facts relating to the motions. Now being fully advised, the court renders the following Order.

**DISCUSSION**

**A. *Rule 54(b)* Motion for Final Judgment**

This court's April 18, 2006 Memorandum Decision and Order (the April 18th Order) dismissed all of Plaintiffs' negligence claims in this matter. Plaintiffs request an entry of final judgment pursuant to *Rule 54(b)* as to these claims for purposes of appeal.

*Rule 54(b)* allows a court to "direct the entry of a final judgment as to one or more but fewer than all claims

Case 2:04-cv-00139-DAK-BCW   Document 448-3   Filed 09/05/2007   Page 2 of 3

Page 2
2007 U.S. Dist. LEXIS 24641, *

or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." *Fed. R. Civ. P. 54(b)*.

The first step in certification under *Rule 54(b)* is the court's determination that the judgment is final. *See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980)* "[The judgment] must be a **[*3]** 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436, 76 S. Ct. 895, 100 L. Ed. 1297 (1956))*; *see also Old Republic Ins. Co. v. Durango Air Serv., 283 F.3d 1222, 1225 (10th Cir. 2002)*. Then, there must be no just cause for delay. *See Curtiss-Wright, 466 U.S. at 8*. The Tenth Circuit characterized this determination as a balancing test, weighing "*Rule 54(b)*'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." *United Bank of Pueblo v. Hartford Accident & Indent. Co., 529 F.2d 490, 492 (10th Cir. 1976)*(citation omitted).

In this case, the court's dismissal of Plaintiffs' negligence claims is a final judgment, satisfying the first part of the test. Thus, the issue before the court is whether there should be any just reason for delay of entry of final judgment in light of the strong policy against piecemeal appeals. *See Curtiss-Wright, 466 U.S. at 8*. **[*4]** To aid in this inquiry, the Supreme Court directed district courts to exercise discretion "in the interest of sound judicial administration" to determine when each final decision in a multiple claims action is ready for appeal. *See Curtiss-Wright, 466 U.S. at 8* (quoting *Sears, Roebuck & Co., 351 U.S. at 437*).

Plaintiffs argue that the court should certify its April 18th Order on Plaintiffs' negligence claims because the discovery process for those claims will be identical to the remaining civil rights and contract claims, and a jury will be weighing the same evidence for all of the claims. Defendants argue that the remaining claims depend upon different facts than the negligence claims and discovery will proceed during pendency of the appeal. Moreover, Defendants argue that it is unlikely that an appeal would be completed before the completion of discovery on the remaining claims.

Plaintiffs argue that they will appeal the April 18th Order and seek certification of the this court's interpretation of *Wagner v. Dep't of Human Servs., 2005 UT 54, 122 P.3d 599 (Utah 2005)*, from the Utah Supreme Court, claiming this court erred in its interpretation **[*5]** of the law. Defendants argue that Plaintiffs' request for clarification from the Utah Supreme Court is an insufficient basis for this court to enter final judgment on Plaintiffs' negligence claims. The Tenth Circuit "generally will not certify questions to a state supreme court when the requesting party seeks certification only having received an adverse decision from the district court." *Massengale v. Oklahoma Bd. of Med. Exam'rs in Optometry, 30 F.3d 1325, 1331 (10th Cir. 1994)*.

Based on the parties January 30, 2007, Amended Attorney Planning Meeting Report and Scheduling Order [Docket No. 56] discovery is due to be completed by June 29, 2007. The court believes that discovery may depend upon different facts than the negligence claims and discovery may proceed during pendency of the appeal. However, the court finds it more likely that fact discovery will be completed on the remaining claims long before an appeal would be decided. Therefore, "in the interest of sound judicial administration" and in this court's discretion to determine when each final decision in a multiple claims action is ready for appeal, Plaintiff's *Rule 54(b)* Motion is DENIED. *See Curtiss-Wright, 466 U.S. at 8* **[*6]** (quoting *Sears, Roebuck & Co., 351 U.S. at 437*).

**B. Motion to Amend the Memorandum Decision Granting Defendants' Motion to Dismiss Plaintiffs' Negligence Claims**

Plaintiffs also request that the court amend its April 18th Order to allow Plaintiffs' negligence claims to proceed pursuant to *Rules 59(a)* and *60(b)(6) of the Federal Rules of Civil Procedure*. *Rule 60(b)(6)* allows a court to relieve a party from a "final judgment order or proceeding" for several enumerated reasons, i.e., mistake, excusable neglect, newly discovered evidence, or satisfaction of judgment. *See Fed. R. Civ. P. 60(b)(6)*. However, Plaintiffs ask the court to rely on *Rule 60(b)(6)*'s catchall provision allowing relief from a final order for "any other reason justifying relief from the operation of the judgment." [1] In support of their request, Plaintiffs claim the court erred in concluding, based on the allegations of the Amended Complaint, that Plaintiffs' claims arose out of assaults and/or batteries, and thus were barred under Section 63-30-10(2) of the Utah Governmental Immunity Act. [2] Defendants argue that the court properly referred to the Amended Complaint's repeated references **[*7]** to physical and sexual abuse, applied binding Utah Supreme Court precedent, and concluded that, Plaintiffs' claims were barred. *See* April 18th Order; *see also Wagner v. Dept. of Human Serv's, 2005 UT 54, 122 P.3d 599*.

1  *Rule 59(a)* is inapplicable because Plaintiffs are not requesting a new trial.

Case 2:04-cv-00139-DAK-BCW  Document 448-3  Filed 09/05/2007  Page 3 of 3

Page 3
2007 U.S. Dist. LEXIS 24641, *

2  It is of note that the April 18th Order reflects more than a single issue necessitating dismissal of Plaintiffs' negligence claims.

Defendants aptly note that Plaintiffs Motion to Amend appears to be a motion for reconsideration. "When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute 'should be dealt with in the normal appellate process, not on a motion for reargument under [*Rule 59(e)*].'" *Caprin v. Simon Transp. Services, 2001 U.S. Dist. LEXIS 25680, 2001 WL 740535 (D. Utah 2001)*(quoting *NL Indus., Inc. v. Commercial Union Ins. Cos., 938 F.Supp. 248, 249-50 (D.N.J. 1996))*. Plaintiffs have failed to show sufficient reason to [*8] justify amending the judgment under *Rule 59*. Accordingly, Plaintiffs' motion to amend the decision is DENIED.

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that Plaintiffs' *Rule 54(b)* Motion for Final Judgment as to Plaintiffs' Negligence Claims is DENIED and Plaintiffs' Motion to Amend the Decision Dismissing Plaintiffs' Negligence Claims is DENIED.

DATED this 21th day of March, 2007.

BY THE COURT:

DALE A. KIMBALL

United States District Judge