LEXSEE 2006 U.S. DIST. LEXIS 26355

## TRENT SOWSONICUT, et al., Plaintiffs v. ROOSEVELT CITY, et al., Defendants

### Case No. 2:03-CV-676

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

*2006 U.S. Dist. LEXIS 26355*

**April 4, 2006, Decided**
**April 5, 2006, Filed**

**COUNSEL:** [*1] For Trent Sowsonicut, by and through his parent Linda Reed, Plaintiff: Brett C. Painter, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Nathalie A. Bleuze, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Wade R. Budge, SNELL & WILMER (UT), SALT LAKE CITY, UT; Thomas P. Johnson, DAVIS GRAHAM & STUBBS LLP, DENVER, CO

For Angelo Checora, Jr., by and through his parent Amenda Checora, Plaintiff: Brett C. Painter, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Nathalie A. Bleuze, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Wade R. Budge, SNELL & WILMER (UT), SALT LAKE CITY, UT; Thomas P. Johnson, DAVIS GRAHAM & STUBBS LLP, DENVER, CO

For Angelyn Caren, by and through her parents Margie and Richard Whiteplume, Plaintiff: Brett C. Painter, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Nathalie A. Bleuze, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Wade R. Budge, SNELL & WILMER (UT), SALT LAKE CITY, UT; Thomas P. Johnson, DAVIS GRAHAM & STUBBS LLP, DENVER, CO

For Wendellena Navanick, by and through her parent Cheron K. Navanick, Plaintiff: Brett C. Painter, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Nathalie A. Bleuze, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Wade R. Budge, SNELL & WILMER (UT), SALT LAKE CITY, UT; Thomas P. [*2] Johnson, DAVIS GRAHAM & STUBBS LLP, DENVER, CO

For Daysha Sowsonicut, by and through her parent Linda Reed, Plaintiff: Brett C. Painter, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Nathalie A. Bleuze, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Wade R. Budge, SNELL & WILMER (UT), SALT LAKE CITY, UT; Thomas P. Johnson, DAVIS GRAHAM & STUBBS LLP, DENVER, CO

For Samantha Ankerpont, by and through her parent Angel Kane, Plaintiff: Brett C. Painter, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Nathalie A. Bleuze, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Wade R. Budge, SNELL & WILMER (UT), SALT LAKE CITY, UT; Thomas P. Johnson, DAVIS GRAHAM & STUBBS LLP, DENVER, CO

For Cheryl Gardner, by and through her parent April Gardner, Plaintiff: Brett C. Painter, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Nathalie A. Bleuze, DAVIS GRAHAM & STUBBS LLP, DENVER, CO; Wade R. Budge, SNELL & WILMER (UT), SALT LAKE CITY, UT; Thomas P. Johnson, DAVIS GRAHAM & STUBBS LLP, DENVER, CO

For Roosevelt Cty, Defendant: Meb W. Anderson, STIRBA & ASSOCIATES, SALT LAKE CITY, UT; Peter Stirba, STIRBA & ASSOCIATES, SALT LAKE CITY, UT; Gary R. Guelker, JENSON STAVROS & GUELKER, SALT LAKE CITY, UT

For Roosevelt Police [*3] Department, Defendant: Meb W. Anderson, STIRBA & ASSOCIATES, SALT LAKE CITY, UT; Peter Stirba, STIRBA & ASSOCIATES, SALT LAKE CITY, UT; Gary R. Guelker, JENSON STAVROS & GUELKER, SALT LAKE CITY, UT

For Steve Hooley, Defendant: Meb W. Anderson, STIRBA & ASSOCIATES, SALT LAKE CITY, UT; Peter Stirba, STIRBA & ASSOCIATES, SALT LAKE CITY, UT; Gary R. Guelker, JENSON STAVROS & GUELKER, SALT LAKE CITY, UT

Case 2:04-cv-00139-DAK-BCW   Document 448-4   Filed 09/05/2007   Page 2 of 3

Page 2
2006 U.S. Dist. LEXIS 26355, *

For Henry McKenna, Defendant: Meb W. Anderson, STIRBA & ASSOCIATES, SALT LAKE CITY, UT; Peter Stirba, STIRBA & ASSOCIATES, SALT LAKE CITY, UT; Gary R. Guelker, JENSON STAVROS & GUELKER, SALT LAKE CITY, UT

For Lance Williamson, Defendant: Meb W. Anderson, STIRBA & ASSOCIATES, SALT LAKE CITY, UT; Peter Stirba, STIRBA & ASSOCIATES, SALT LAKE CITY, UT; Gary R. Guelker, JENSON STAVROS & GUELKER, SALT LAKE CITY, UT

**JUDGES:** Dee Benson, United States District Judge

**OPINION BY:** Dee Benson

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' motion for entry of a final judgment, pursuant to *Federal Rule of Civil Procedure 54(b)*, on claims dismissed by the Court's order granting Defendants' motion for partial summary judgment. In its order, **[*4]** the Court dismissed all but one of Plaintiffs' *42 U.S.C. section 1983* claims against the City of Roosevelt, the Roosevelt City Police Department ("RCPD"), and three individual RCPD officers. The Court dismissed the claims of Cheryl Gardner, Daysha Sowsonicut, Wendellena Navanick, Samantha Ankerpont, Angelo Checora, and Angelyn Caren. The lone remaining claim is Trent Sowsonicut's *section 1983* claim against RCPD Officer Henry McKenna for his alleged use of excessive force. The Court, having considered the parties' briefs and relevant law, DENIES Plaintiffs' motion.

The Court, under *rule 54(b)*, has discretion to enter a final judgment as to the claims dismissed by its previous order granting partial summary judgment in favor of Defendants. *See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980)*("It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claim action is ready for appeal."). *Rule 54(b)* provides:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry **[*5]** of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

*Fed. R. Civ. P. 54(b)*. "The purpose of *rule 54(b)* is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Okla. Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001)*(citation omitted). *Rule 54(b)* is also intended to preserve "the historic federal policy against piecemeal appeals." *Id.* The rule, therefore, "attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Id.* Trial courts, however, "should be reluctant to enter *rule 54(b)* orders," and the "power which this rule confers upon the trial judge should be used only in the infrequent harsh case **[*6]** as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule." *Gas-A-Car, Inc. v. Am. Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973)*(quotations and citation omitted). *Rule 54(b)* "is not intended to provide a mechanism for splitting multiple claims into separate lawsuits." *Jordan v. Pugh, 425 F.3d 820, 830 (10th Cir. 2005)*.

Certification under *rule 54(b)* is appropriate only when the Court strictly adheres to the rule's requirements and establishes the following prerequisites: (1) the case involves either multiple claims for relief or multiple parties, (2) at least one claim or the rights and liabilities of at least one party must be finally decided, and (3) the Court finds that there is no just reason for delaying an appeal. *See Jordan, 425 F.3d at 826*. "While the exact definition of 'claim' for purposes of *rule 54(b)* is unsettled, a 'claim' is generally understood to include all factually or legally connected elements of a case." *Bruner, 259 F.3d at 1242*. And an order is considered "final" if it **[*7]** is "'an ultimate disposition of an individual claim entered in the course of a multiple claim action.'" *Id.* (citation omitted).

Even assuming that Trent's excessive force claim is separable from those claims dismissed by the Court's grant of partial summary judgment and that the Court's order constitutes a final decision, *rule 54(b)* nonetheless requires the Court to make an express determination that there is no just reason for delay. *See id.; see also Curtiss-Wright Corp., 446 U.S. at 8* ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.").

For several reasons, the Court finds that there is just reason for the delay of Plaintiffs' appeal until the Court

reaches a final decision with regard to Plaintiffs' remaining claim. First, there is factual overlap between the events surrounding Trent and Cheryl's dismissed claims and Trent's remaining excessive force claim. Trent's claim that Officer McKenna used excessive force in effectuating his arrest arises from the same encounter in which Trent and Cheryl unsuccessfully claimed that they were illegally searched **[*8]** and seized. Were the Court to grant Plaintiffs' request for an immediate appeal of their dismissed claims, judicial efficiency would be hindered, as the appellate court may need to familiarize itself with the facts of this case more than once. *See Bruner, 259 F.3d at 1241*; *see also* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 2656 (2005)(stating that the close relationship between the fact patterns supporting claims "means that the policy against piecemeal review with the attendant risk of repeated inquiry into the same basic facts should take precedence over the desirability of permitting an immediate appeal upon termination of a separable unit of the case").

Second, Trent's remaining claim presents a legal issue similar to Angelo's dismissed claim. Both claims assert that RCPD officers used excessive force, during separate encounters, in arresting Trent and Angelo. In determining whether separate appeals will be redundant, the Court should consider whether the separate claims "involve common legal issues." *Jordan, 425 F.3d at 827*.

Furthermore, the Court finds that the equities involved do not merit **[*9]** an immediate appeal. Defendant McKenna would unnecessarily be required to simultaneously defend himself on appeal and before this Court.

Finally, the Court "also must take into account the possible impact of an immediate appeal on the remaining trial proceedings." 10 Wright & Miller, *Federal Practice and Procedure* § 2656. The Court should consider "whether the appeal will have the undesirable effect of delaying the trial of the unadjudicated matter[] without gaining any offsetting advantage in terms of the simplification and facilitation of that trial." *Id.* The Court determines that certification of Plaintiffs' dismissed claims would not facilitate or simplify Plaintiffs' remaining claim. *See Curtiss-Wright Corp., 446 U.S. at 8* ("[A] district court must take into account judicial administrative interests as wells as the equities involved.").

For the reasons stated above, Plaintiffs' motion is DENIED.

IT IS SO ORDERED.

DATED this 4th day of April, 2006.

Dee Benson

United States District Judge