MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant and Counterclaim-Plaintiff Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, <br><br>     Plaintiff and Counterclaim-Defendant, <br><br> vs. <br><br> NOVELL, INC., a Delaware corporation, <br><br>     Defendant and Counterclaim-Plaintiff. | **NOVELL'S OBJECTIONS TO SCO'S SUPPLEMENTAL JURY INSTRUCTIONS** <br><br><br> Case No. 2:04CV00139 <br><br> Judge Dale A. Kimball |

## INTRODUCTION

Two problems permeate SCO's proposed supplemental jury instructions, and inform Novell's objections.

First, SCO's instructions largely reflect SCO's effort to relitigate issues this Court disposed of at the summary judgment stage. As such, they are inherently improper. *See Echo Acceptance Corp. v Household Retail Servs.*, 267 F.3d 1068 (10th Cir. 2001) (trial court properly denied defendant opportunity to present argument, evidence or jury instruction on defenses rejected as matter of law on summary judgment). In *Echo*, the Tenth Circuit rejected a similar attempt by a defendant, HRSI, whose statute of frauds defense was determined by the trial court to be inapplicable as a matter of law. In addition to barring HRSI from "press[ing] its statute of frauds argument to the jury[,]" the Tenth Circuit held that the trial court properly rejected HRSI's proposed instruction on another theory of defense foreclosed on summary judgment, despite HRSI's "attempt[] to resurrect that theory at trial." *Id.* at 1079, 1087. Accordingly, where SCO seeks to "resurrect" an issue definitively addressed in this Court's August 10, 2007 Memorandum Decision and Order ("Order"), Novell objects that the proposed instruction must be rejected.

Second, and closely related, SCO's jury instructions seek to confuse or mislead the jury about what the Court has already determined. Again, as such, they must be rejected. *Dillard & Sons Constr., Inc. v. Burnup & Sims Comtec, Inc.*, 51 F.3d 910, 915 (10th Cir. 1995) (instructions "may not serve to mislead the jury in any way"); *Baer Bros. Land & Cattle Co. v. Palmer*, 158 F.2d 278, 280 (10th Cir. 1946) ("purpose [of jury instructions] is to plainly guide the jury to a solution of issues often difficult and involved, and to prevent the jury's being confused or misled"). This Court's determination of certain issues not only circumscribes the issues that are left for the jury to determine but is highly pertinent to the jury's ability to understand the issues and assess the evidence. Failing to instruct the jury fully and accurately on what the Court has already found in this case carries a risk that the jury will reach inconsistent

conclusions and should not be sanctioned.  *See, e.g., Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004) (trial court has duty to instruct the jury specifically on its pretrial claim construction rulings to insure that jury is not "left free to apply its own reading of disputed terms" that have already been determined).  Accordingly, where SCO seeks to ignore or obscure an issue addressed in the Court's August 10, 2007 Order, Novell objects that the proposed instruction must be rejected.

In accordance with the Court's Pretrial Order, Novell has reproduced SCO's proposed instruction in full and has underlined objectionable portions, with annotations explaining the objections below the instruction.  Where applicable, Novell has proffered an alternative instruction.

Novell's objections to these instructions are advanced without prejudice to Novell's motion to strike SCO's jury demand on the grounds that the claims remaining for trial call for equitable relief.

**SCO'S PROPOSED INSTRUCTION — BREACH OF CONTRACT**

Novell's Third Count for Relief alleges that SCO breached the APA by failing to remit royalties purportedly owed to Novell.

A failure to perform a contract is a breach. **[1]**[1] In order to prove its claim for breach of contract, it is Novell's burden to prove, by the preponderance of the evidence, all of the following elements:

1.     The existence of a contract between Novell and SCO;

2.     Novell's performance;

3.     SCO's unjustified failure to do something that the contract required it to do; and

4.     Damages to Novell caused by the breach.

**[2]** In this case, the parties dispute whether SCO was required to remit to Novell the payments it received from the SCOsource Agreements.

**[3]** You must therefore determine what payments SCO was required to remit to Novell under the APA, and what payments it was entitled to keep for itself. Section 4.16 of the APA provided that SCO had to remit to Novell only royalties that SCO received from SVRX Licenses. You must determine whether the SCOsource Agreements constituted SVRX Licenses upon which Novell retained royalty rights.

**[4]** If you determine that Novell has not proven by the preponderance of the evidence that the SCOsource Agreements were SVRX Licenses upon which Novell retained royalty rights, then you must find that SCO did not breach the contract. If you determine that Novell has proven by the preponderance of the evidence that the SCOsource Agreements were SVRX Licenses upon which Novell retained royalty rights, then you should that SCO is liable for breach of contract.

---

[1] Bracketed numbers are keyed to the specific line objections below.

## NOVELL'S OBJECTIONS TO PROPOSED INSTRUCTION

*Introduction*

Novell objects to SCO's proposed breach of contract instruction on the grounds that no jury instruction is necessary because Novell should be permitted voluntarily to withdraw this claim on the grounds that it is duplicative on Novell's other claims and will simply waste judicial resources and jurors time to try it. (*See* Novell's Motion to Voluntarily Dismiss Its Third Claim for Relief, filed August 24, 2007, Docket No. 388.)

Novell further objects to SCO's proposed breach of contract instruction on the grounds that it suggests that the jury will determine issues that have already been decided in this case as a matter of law. For example, SCO's proposed instruction suggests that it is still an open issue whether Novell had a contract with SCO and whether Novell performed under that agreement. At this point, however, the APA's ability to bind the parties and Novell's performance under it are not at issue. This Court's August 10, 2007 Order established as a matter of law that the APA "expressly created an agency relationship between the parties with respect to SVRX Royalties" and that SCO breached its fiduciary duty to Novell under the APA. (Order at 89, 96.) SCO's proposed instruction further suggests that the jury will determine what payments SCO was obligated to make to Novell under the agreements. To the contrary, the Court has established as a matter of law that "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX potions of [the] Agreements." (Order at 96.) Accordingly, the only issue for the jury to determine is whether royalties collected under the SCOsource licenses are also SVRX Royalties.

SCO's proposed instruction does not inform the jury that the Court has already determined that SCO was Novell's agent with respect to collecting SVRX Royalties, or that the Court has already determined that SCO was required to account for and pass through SVRX Royalties. Indeed, SCO's proposed instruction leaves open the possibility that the jury could

find that SCOsource licenses are SVRX licenses within the meaning of the APA and *still* find that SCO was not required to convey the royalties collected under those licenses to Novell. The instruction thus permits the jury potentially to ignore the law of the case, and must be rejected.

   *Specific Line Objections*

   **[1]** Novell objects to the portion of SCO's proposed breach of contract instruction that lays out the elements of a breach of contract case, including the necessity of finding that contract exists and that the plaintiff has performed. It is not clear why SCO has proposed an instruction from the "BAJI" set of instructions which have been replaced in California by the "CACI" instructions, cited elsewhere by both Novell and SCO. *See* William E. Wegner et al., Cal. Prac. Guide: Civ. Trials & Evid. 14:58 (Judge Eli Chernow (Ret.) ed.) ("Use of the Judicial Council instructions [*e.g.*, CACI] is *strongly encouraged*" and "recommended"; "judges are likely to stick to Judicial Council instructions wherever possible") (emphasis in original) (citing CRC 855(e)). As the CACI instructions note, however, "In many cases, some of the elements [of a breach of contract claim] may not be contested. In those cases, users should delete the issues that are uncontested so the jury can focus on the contested issues." Annotation to CACI 303 ("Breach of Contract – Essential Factual Elements"). Here, there is no dispute that the contract existed and there has never been any dispute that Novell is entitled to enforce it. This Court has already determined, as a matter of law, that the APA required SCO to account for and remit SVRX Royalties to Novell, and has rejected, as a matter of law, that the term SVRX Royalties has the narrow meaning SCO ascribed to it. Accordingly, the only legitimately contested issue for trial is whether the SCOsource licenses included SVRX Royalties. Suggesting otherwise will confuse and mislead the jury regarding the scope of its decision and as such is improper.

   **[2]** Novell objects to the portion of SCO's proposed breach of contract instruction stating that in this case "the parties dispute whether SCO was required to remit to Novell the payments it received from the SCOsource Agreements." This Court has already determined, as a matter of

law, that the APA required SCO to account for and remit SVRX Royalties to Novell, and has rejected, as a matter of law, that the term SVRX Royalties has the narrow meaning SCO ascribed to it. Accordingly, the only issue for trial is whether the SCOsource licenses included SVRX Royalties. Suggesting otherwise will confuse and mislead the jury regarding the scope of its decision and as such is improper.

[3] Novell objects to the portion of the proposed instruction stating that the jury's job is to "determine what payments SCO was required to remit to Novell under the APA, and what payments it was entitled to keep for itself." This Court has already determined that SCO was required under the APA to account for and remit SVRX Royalties, and has rejected SCO's effort to narrow that obligation to existing binary agreements. Moreover, this Court has already determined that the Sun and Microsoft agreements included royalty payments SCO was required to remit to Novell under the APA. Suggesting to the jury that it has unfettered discretion to determine what payments SCO was required to remit to Novell under the APA is error that must be avoided.

[4] Novell objects to the portion of this instruction suggesting that the jury will determine whether or not SCO is "liable for breach of contract." This Court has already established as a matter of law that SCO is liable for breach of contract for failing to account for SVRX Royalties in the Sun and Microsoft agreements. (Order at 96 ("the court concludes SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portion of the 2003 Sun and Microsoft Agreements"); 97 ("SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust.").) Accordingly, SCO is "liable for breach of contract" in this case whatever the jury's findings on the SCOsource licenses, and it is misleading to instruct otherwise.

***Objection Based on Inadequacy of Instruction***

Novell objects to SCO's proposed jury instruction on the grounds that it fails to instruct the jury that the Court has already determined the following issues, each of which is pertinent to the jury's consideration of this claim:

- "The APA expressly created an agency relationship between the parties with respect to SVRX Royalties." (Order at 89);

- "The use of the defined term SVRX License in [Amendment No. 1 of the APA] demonstrates that even incidental licenses of SVRX are considered an SVRX License." (95);

- "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements." (96);

- "To the extent that SCO has failed to pass through the appropriate amount of SVRX Royalties under the 2003 Sun and Microsoft Agreements to which Novell was entitled, Novell is also entitled to summary judgment on its [claim] for conversion." (96);

- "SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust." (97);

- "Furthermore, the court concludes, as a matter of law, that the only reasonable interpretation of the term 'SVRX License' in the APA is all licenses related to the SVRX products listed in Item VI of Schedule 1.1(a) to the APA." (100);

- "[T]he court concludes, as a matter of law, that the only reasonable interpretation of all SVRX licenses include no temporal restriction of SVRX Licenses existing at the time of the APA." (100-01);

- "[T]he court also notes that SCO has a continuing contractual obligation to comply with the accounting and reporting requirements set forth in the APA." (101).

**NOVELL'S ALTERNATIVE BREACH OF CONTRACT INSTRUCTION[2]**

A party breaches its contractual obligations to another party when it fails to do something that the contract between them required it to do.  Here, Novell alleges that SCO breached its contractual obligations under the APA when SCO failed to pay to Novell the SVRX Royalties to which Novell was entitled.

You are instructed that SCO was contractually obligated to pass through to Novell the SVRX Royalties that SCO collected under any of the SVRX Licenses into which it entered.  You are further instructed that SCO breached this obligation when it failed to remit to Novell the SVRX Royalty payments from the 2003 Sun and Microsoft agreements.  Therefore, you need not determine this issue.

Novell alleges that, in addition to the Sun and Microsoft agreements, SCO breached its obligations under the APA by failing to remit other SVRX Royalties to Novell.  Once again, this claim relates to SCO's "SCOsource" agreements.  To prevail on its breach of contract claim as to the SCOsource agreements, Novell must prove only that SCO collected some amount of money based on the SCOsource agreements that relates to SVRX.  It is undisputed that SCO had an obligation under the APA to remit such amounts to Novell.  It does not matter whether SCO knowingly or intentionally kept royalties owed to Novell for purposes of this claim.

---

[2] In the event the Court does not grant Novell's motion to voluntarily dismiss this claim, Novell submits this proposed instruction.

## SCO'S PROPOSED INSTRUCTION — CONVERSION

Novell's Eighth Claim for Relief alleges that SCO converted Novell's property by failing to remit royalties purportedly owed to Novell.

In order to prove its claim for conversion, it is Novell's burden to prove, by the preponderance of the evidence, all of the following elements:

[1] 1.  That Novell had a right to possess payments from the SCOsource Agreements;

[2] 2.  That SCO intentionally took possession of those payments from the SCOsource Agreements for a significant period of time;

[3] 3.  That Novell did not consent;

[4] 4.  That Novell was harmed; and

[5] 5.  SCO's conduct was a substantial factor in causing Novell's harm.

[6] In this case, the parties dispute whether Novell had a right to possess payments from the SCOsource Agreements.

[7] You must therefore determine what payments Novell was entitled to possess under the APA, and what payments SCO was entitled to keep for itself. Section 4.16 of the APA provided that Novell was entitled to possess only royalties that SCO received from SVRX Licenses. You must determine whether Novell has proven that the payments from the SCOsource Agreements constituted payments that Novell was entitled to possess under this provision of the APA.

[8] If you determine that Novell has not proven by the preponderance of the evidence that the payments from the SCOsource Agreements were payments that Novell was entitled to possess under the APA, then you must find that SCO is not liable for conversion. If you determine that Novell has proven by the preponderance of the evidence that the payments from the SCOsource Agreements were payments that Novell was entitled to possess under the APA, then you should find that SCO is liable for conversion.

**NOVELL'S OBJECTIONS TO PROPOSED INSTRUCTION**

*Introduction*

SCO's proposed conversion instruction suggests that because the status of the SCOsource licenses remains to be tried, the parties must relitigate issues that have already been decided as a matter of law on summary judgment. In particular, SCO's proposed instruction suggests that it is still an open issue whether Novell was entitled to possession of SVRX Royalties collected by SCO. To the contrary, the Court's August 10, 2007 Order established as a matter of law that "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX potions of [the] agreements." (Order at 96.) Accordingly, the only issue for the jury to determine is whether royalties collected under the SCOsource licenses are also SVRX Royalties.

SCO's proposed instruction does not inform the jury that Court has already determined that SCO was Novell's agent with respect to collecting SVRX Royalties, or that the Court has already determined that SCO was required to account for and pass through SVRX Royalties. Indeed, SCO's proposed instruction leaves open the possibility that the jury could find that SCOsource licenses are SVRX Licenses within the meaning of the APA and *still* find that SCO was not required to convey the royalties collected under those licenses to Novell. The instruction thus permits the jury potentially to ignore the law of the case, and must be rejected.

*Specific Line Objections*:

**[1]** Novell objects to the portion of the instruction that states that it is Novell's burden to prove "[t]hat Novell had a right to possess payments from the SCOsource agreements[.]" Here, SCO characterizes the issue to be determined as a broad question of Novell's "right to possess" SCOsource payments, yet the only *remaining* issue is the narrow question of whether SCO collected some amount of money based on the SCOsource agreements that relates to SVRX. This Court has established as a matter of law that, if the SCOsource agreements include SVRX rights, SCO was Novell's agent in collecting SVRX-related payments from those agreements and duty-

bound to account for them and remit them to Novell.  (Order at 89, 96.)  Moreover, it is

established that SCO's failure to account for and remit SVRX-related payments from the

SCOsource agreements constitutes conversion.  (*Id.* at 96).  *See Haiger v. Donnelly*, 18 Cal. 2d

674, 681 (1941) ("A broker or agent is ordinarily liable for converting the funds of his principal

when he refuses to account for them upon proper demand."); *Fischer v. Machado*, 50 Cal. App.

4th 1069, 1072 (1996) (same).  Thus, the broad question of Novell's "right to possess"

SCOsource payments is not before the jury, and this instruction will only serve to confuse the

jury as to what remains to be decided.

   **[2]** Novell objects to the portion of the instruction stating that it is Novell's burden to

prove "[t]hat SCO intentionally took possession of those payments from the SCOsource

agreements for a significant period of time[.]"  This portion of the instruction misstates the law,

which attaches strict liability to the tort of conversion: "The foundation of [a conversion] action

rests neither in the knowledge nor the intent of the defendant.  Instead the tort consists in the

breach of an absolute duty; the act of conversion itself is tortious.  Therefore, questions of the

defendant's good faith, lack of knowledge, and motive are ordinarily immaterial." *Burlesci v.

Petersen*, 68 Cal. App. 4th 1062, 1066 (1998).

   **[3]**  Novell objects to the portion of the instruction stating that it is Novell's burden to

prove "[t]hat Novell did not consent[.]"  If the jury determines that SCO collected some amount

of money based on the SCOsource agreements that relates to SVRX, SCO was unquestionably

Novell's agent with respect to that money and unquestionably breached its duty to act in

Novell's interest.  (*See* Order at 89, 96.)  Such a breach of duty, this Court has held as a matter of

law, constitutes conversion.  (*Id.* at 89, 96.)  Moreover, SCO premised this action on the

contention that Novell's objections to the SCOsource program were tortious; it cannot now

advance the theory that Novell gave its "consent."  Nor has SCO offered any evidence that

Novell gave its consent to SCO's collection and retention of SVRX Royalties collected through

the SCOsource program.  It is error to give the jury an instruction on a defense for which there is no more than a scintilla of support.  *Farrell v. Klein Tools, Inc.*, 866 F.2d 1294, 1297 (10th Cir. 1989).

[4] Novell objects to the portion of the instruction stating that it is Novell's burden to prove "[t]hat Novell was harmed[.]"  If the jury determines that SCO collected some amount of money based on the SCOsource agreements that relates to SVRX, SCO was unquestionably Novell's agent with respect to that money and unquestionably breached its duty to remit it to Novell and there is no reasonable dispute about harm.  (*See* Order at 89, 96.)  *See Heckmann v. Ahmanson*, 168 Cal. App. 3d 119, 136 (1985) (duty of loyalty prevents agent from profiting at expense of principal).  Once the key issue of whether SCO collected SVRX-related payments under the SCOsource agreements is determined, therefore, the question of harm is not before the jury.  For this reason, SCO's proposed instruction is confusing and misleading.

[5]  Similarly, Novell objects to the portion of the instruction stating that it is Novell's burden to prove "SCO's conduct was a substantial factor in causing Novell's harm."  As noted above, if the jury determines that SCO collected and withheld SVRX-related payments from the SCOsource agreements, there is no question that SCO was the legal cause of the resulting harm. This question is not before the jury.

[6] Novell objects to the portion of the instruction stating that "the parties dispute whether Novell had a right to possess payments from the SCOsource agreements."  This statement is inaccurate.  As explained above, the only thing the parties dispute with respect to Novell's "right to possess" SCOsource payments is whether SCO collected some amount of money based on the SCOsource agreements that relates to SVRX.  If so, Novell's right to possess such payments is established as a matter of law.  In suggesting that the jury needs to re-decide this point, SCO's instruction is confusing and misleading.

**[7]** Novell objects to the portion of the instruction stating that if the jury determines Novell has not proven "that the payments from the SCOsource agreements were payments that Novell was entitled to possess under the APA, then you must find that SCO is not liable for conversion." Once again, SCO here attempts to obscure what remains a matter of dispute. The key question of whether SCO collected SVRX-related SCOsource payments is determinative on this point. SCO's attempts to suggest otherwise are confusing and misleading.

**[8]** Novell objects to the portion of the instruction suggesting that the jury will determine whether or not SCO is "liable for conversion." This Court has already established as a matter of law that SCO is liable for conversion of SVRX Royalties under the Sun and Microsoft agreements because it breached its fiduciary duties to Novell by failing to account for those royalties and remit appropriate portions to Novell. (Order at 96 ("To the extent that SCO has failed to pass through the appropriate amount of SVRX Royalties under the 2003 Sun and Microsoft Agreements to which Novell was entitled, Novell is also entitled to summary judgment on its Eighth Claim for Relief for conversion"); 97 ("SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust.").) Accordingly, SCO is "liable for conversion" in this case whatever the jury's findings on the SCOsource licenses, and it is misleading to instruct otherwise.

### Objection Based on Inadequacy of Instruction

Novell objects to SCO's proposed jury instruction on the grounds that it fails to instruct the jury that the Court has already determined the following issues, each of which is pertinent to the jury's consideration of this claim:

- "The APA expressly created an agency relationship between the parties with respect to SVRX Royalties." (Order at 89);

- "The use of the defined term SVRX License in [Amendment No. 1 of the APA] demonstrates that even incidental licenses of SVRX are considered an SVRX License." (95);

- "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements." (96);

- "To the extent that SCO has failed to pass through the appropriate amount of SVRX Royalties under the 2003 Sun and Microsoft Agreements to which Novell was entitled, Novell is also entitled to summary judgment on its [claim] for conversion." (96);

- "SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust." (97).

**NOVELL'S ALTERNATIVE CONVERSION INSTRUCTION**

Conversion is the wrongful taking of property owned by another in violation of the owner's rights.

You are instructed that SCO is liable for conversion of SVRX Royalties under the Sun and Microsoft agreements because it breached its fiduciary duties to Novell by failing to account for those royalties and remit appropriate portions to Novell. Therefore, you need not determine this issue.

Novell claims that SCO is also liable for conversion by failing to account for and remit other SVRX Royalties due under the APA. Again, this claim relates to SCO's "SCOsource" agreements. To prove its conversion claim, Novell must establish only that SCO collected some amount of money based on the SCOsource agreements that relates to SVRX. It is undisputed that SCO had a duty to remit such amounts to Novell. It does not matter whether SCO knowingly or intentionally kept royalties owed to Novell for purposes of this claim.

**SCO'S PROPOSED INSTRUCTION — BREACH OF FIDUCIARY DUTY**

Novell's Seventh Claim for Relief alleges a breach of fiduciary duty. An agent owes what is known as a fiduciary duty to its principal. A fiduciary duty imposes on an agent a duty to act with the utmost good faith in the best interests of its principal. In order to prove its claim for breach of fiduciary duty, it is Novell's burden to prove, by the preponderance of the evidence, all of the following elements:

[1] 1.   That SCO was Novell's agent in collecting payments from its SCOsource Agreements;

[2] 2.   That SCO knowingly acted against Novell's interests in connection with the SCOsource payment;

[3] 3.   That Novell did not give informed consent to Novell's [sic] conduct;

[4] 4.   That Novell was harmed by SCO's conduct.

[5] In this case, the parties dispute whether SCO was acting as Novell's agent in collecting payments from the SCOsource Agreements.

[6] You must determine what payments SCO was supposed to collect for Novell as Novell's agent under the APA, and what payments it was entitled to collect for itself. Section 4.16 of the APA provided that SCO was to collect for Novell only royalties SCO received from SVRX Licenses. You must therefore determine whether Novell has proven that the SCOsource Agreements constituted SVRX Licenses as to which Novell retained the rights to royalties. [7] You must then determine whether Novell has proven by the preponderance of the evidence that SCO was Novell's agent in collecting payments from the SCOsource Agreements, or whether SCO was properly collecting those payments for itself.

[8] If you determine that Novell has not proven by the preponderance of the evidence that SCO was acting as Novell's agent in collecting payments from the SCOsource Agreements, then you must find that SCO is not liable for breach of fiduciary duty.  If you determine that Novell has proven by the preponderance of the evidence that SCO was acting as Novell's agent in

14

collecting payments from the SCOsource Agreements, then you should find that SCO is liable for breach of fiduciary duty.

### NOVELL'S OBJECTIONS TO PROPOSED INSTRUCTION

*Introduction*

SCO's proposed jury instruction suggests that because the status of the SCOsource licenses remains to be tried, the parties must relitigate issues that have already been decided as a matter of law on summary judgment. In particular, SCO's proposed instruction suggests that it is still an open issue whether SCO was acting as Novell's agent in collecting royalty payments that Novell was entitled to under the APA, and whether this relationship gave rise to a fiduciary duty. To the contrary, the Court's August 10, 2007 Order established as a matter of law that "[t]he APA expressly created an agency relationship between the parties with respect to SVRX Royalties." (Order at 89.) As a result, "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX potions of [the] Agreements." (*Id.* at 96.) Accordingly, the only issue for the jury to determine is whether the SCOsource licenses are also SVRX licenses.

SCO's proposed instruction does not inform the jury that Court has already determined that SCO was Novell's agent with respect to collecting SVRX Royalties, or that the Court has already determined that SCO was required to account for and pass through SVRX Royalties, or that the Court has already determined that SCO's obligations extended to agreements like those with Microsoft and Sun. Indeed, SCO's proposed instruction leaves open the possibility that the jury could find that SCOsource licenses are SVRX Licenses within the meaning of the APA and *still* find that SCO was not Novell's agent with respect to those licenses. The instruction thus permits the jury potentially to ignore the law of the case, and must be rejected.

*Specific Line Objections*:

**[1]** Novell objects to the portion of the instruction stating that it is Novell's burden to prove "[t]hat SCO was Novell's agent in collecting payments from its SCOsource Agreements[.]" SCO characterizes the issue to be determined by the jury as a broad question of agency, yet the only *remaining* issue is the narrow question of whether the SCOsource

agreements include SVRX rights.  As Novell's agent with respect to SVRX Royalties from the Sun and Microsoft agreements, "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX potions of [the] Agreements."  (*Id.* at 96.) Based on these rulings, if the SCOsource agreements include SVRX rights, it is established that SCO was Novell's agent in collecting SVRX-related payments from those agreements.  (*See also* Motion Hearing, January 23, 2007, at 40:16-23 (admission that relationship was fiduciary one with respect to SVRX Licenses); Motion Hearing, June 4, 2007, at 35:24-36:3 (same).) The question of SCO's agency, as such, is not before the jury, and this instruction will only serve to confuse the jury as to what remains to be decided.

 **[2]**  Novell objects to the portion of the instruction stating that it is Novell's burden to prove "[t]hat SCO knowingly acted against Novell's interests in connection with the SCOsource payments[.]'  If the jury determines that the SCOsource agreements include SVRX rights, SCO was unquestionably Novell's agent with respect to those rights and required to act in Novell's interest.  (*See* Order at 89, 96.)  *See Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 977 (1997) ("An agency relationship is a fiduciary one, obliging the agent to act in the interest of the principal."); *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 221 (1983) (fiduciary must give priority to the best interest of the beneficiary).  It cannot be disputed that SCO did not account for or remit to Novell royalties from the SCOsource agreements any more than it did for the Sun and Microsoft agreements.  SCO's failing to perform its fiduciary obligations to Novell as spelled out in the APA must be construed as knowingly acting against Novell's interests. Once again, the only remaining question is whether the SCOsource agreements include SVRX.  Put another way, here the jury is not charged with making any determination about SCO's conduct, and SCO's proposed instruction will only serve to confuse and mislead the jurors.

**[3]** Novell objects to the portion of the instruction stating that it is Novell's burden to prove "[t]hat Novell did not give informed consent to [SCO's] conduct[.]"  If the jury determines that the SCOsource agreements include SVRX rights, SCO was unquestionably Novell's agent with respect to those rights and unquestionably breached its duty to act in Novell's interest.  (*See* Order at 89, 96.)  *See Engalla,* 15 Cal. 4th at 977; *Comm. on Children's Television*, 35 Cal. 3d at 221.  Assuming, *arguendo*, that SCO breached its duty, there is no evidence that Novell gave its "informed consent" to this breach.  On the contrary, all the evidence adduced in this litigation on this issue shows that Novell did not so consent.  Because no evidence supports SCO's position on this issue, this instruction is supported by insufficient evidence and therefore improper.  *Farrell*, 866 F.2d at 97 (there must be "more than a mere scintilla of evidence to support an instruction").

**[4]** Novell objects to the portion of the instruction stating that it is Novell's burden to prove "[t]hat Novell was harmed by SCO's conduct."  If the jury determines that the SCOsource agreements include SVRX rights, SCO was unquestionably Novell's agent with respect to those rights and unquestionably breached its duty to remit SVRX-related royalties obtained pursuant to the agreements to Novell.  (*See* Order at 89, 96.)  *See Engalla,* 15 Cal. 4th at 977 ("An agency relationship is a fiduciary one, obliging the agent to act in the interest of the principal."); *Comm. on Children's Television*, 35 Cal. 3d at 221 (fiduciary must give priority to the best interest of the beneficiary); *Heckmann*, 168 Cal. App. 3d at 136 (duty of loyalty prevents agent from profiting at expense of principal).  If the jury determines that SCOsource agreements include SVRX rights, then Novell was entitled to those royalties and there can be no question that SCO's conduct harmed Novell.  Once the key issue of whether the SCOsource agreements include SVRX rights is determined, therefore, the question of harm is not before the jury.  For this reason, SCO's proposed instruction is confusing and misleading.

**[5]** Novell objects to the portion of the instruction stating that "the parties dispute whether SCO was acting as Novell's agent in collecting payments from the SCOsource Agreements." This statement is inaccurate. As explained above, the only thing the parties dispute with respect to agency is whether the SCOsource agreements include SVRX rights. If so, SCO's agency relationship to Novell for the purpose of collecting payments from those agreements is established as a matter of law. In suggesting that the jury needs to re-decide this point, SCO's instruction is confusing and misleading.

**[6]** Novell objects to the portion of the instruction stating that the jury must determine whether Novell has proven "that SCO was Novell's agent in collecting payments from the SCOsource Agreements, or whether SCO was properly collecting those payments for itself." The broad question of SCO's agency is not before the jury, and SCO's repeated attempt to place it before the jury is confusing and misleading.

**[7]** Novell objects to the portion of the instruction stating that, if the jury determines that Novell has not proven "that SCO was acting as Novell's agent in collecting payments from the SCOsource Agreements, then you must find that SCO is not liable for breach of fiduciary duty." Once again, SCO here attempts to muddy the waters of what remains a matter of dispute. The question of whether the SCOsource agreements contain SVRX rights puts to rest, one way or the other, the broader question of SCO's agency for the purpose of accounting for and remitting SCOsource royalties to Novell. SCO's attempts to suggest otherwise are confusing and misleading.

**[8]** Novell objects to the portion of the instruction stating that if the jury finds that Novell has proven that SCO acted as Novell's agent for collection of royalties under the SCOsource agreements, then it should find that SCO is liable for breach of fiduciary duty. This Court has already established as a matter of law that "SCO breached its fiduciary duties to Novell by failing to account for and remit the appropriate SVRX Royalty payments to Novell for the SVRX

portions of the Sun and Microsoft Agreements."  (Order at 96; *see id.* at 97 ("SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust.").) Accordingly, SCO is "liable for breach of fiduciary duty" in this case whatever the jury's findings on the SCOsource licenses, and it is misleading to instruct otherwise.

### *Objection Based on Inadequacy of Instruction*

Novell objects to SCO's proposed jury instruction on the grounds that it fails to instruct the jury that the Court has already determined the following issues, each of which is pertinent to the jury's consideration of this claim:

- "The APA expressly created an agency relationship between the parties with respect to SVRX Royalties." (Order at 89);

- "The use of the defined term SVRX License in [Amendment No. 1 of the APA] demonstrates that even incidental licenses of SVRX are considered an SVRX License." (95);

- "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements." (96);

- "As a matter of law, the court concludes that SCO breached its fiduciary duties to Novell by failing to account for and remit the appropriate SVRX Royalty payments to Novell for the SVRX portions of the 2003 Sun and Microsoft Agreements."  (96);

- "SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust." (97).

**NOVELL'S ALTERNATIVE BREACH OF FIDUCIARY DUTY INSTRUCTION**

Novell alleges that SCO breached fiduciary duties to Novell related to SCO's obligations with regard to SVRX Royalties. In general, a fiduciary duty is an obligation to act in the best interests of another. Thus, partners have fiduciary duties to each other, a trustee has a fiduciary duty to the beneficiaries of the trust, and an agent has fiduciary duties to its principal.

You are instructed that SCO owed Novell fiduciary duties because the APA made SCO Novell's agent for collecting SVRX Royalties. As a fiduciary, SCO was required to act with utmost good faith and to put Novell's interest above its own on all matters involving SVRX Royalties. SCO was required to handle the SVRX Royalties with due care, to account for SVRX Royalties to Novell, and to keep Novell fully informed as to all matters pertinent to Novell's interest in the SVRX Royalties. Novell does not need to establish that SCO breached a contract to show that SCO breached its fiduciary duties to Novell.

You are further instructed that SCO breached its fiduciary duties to Novell by failing to account for and remit the appropriate SVRX Royalty payments to Novell for the 2003 Sun and Microsoft Agreements. Therefore, you need not determine this issue.

Novell alleges that, in addition to the Sun and Microsoft agreements, SCO breached a fiduciary duty by failing to account for and remit other SVRX Royalties due under the APA, and by failing to permit Novell to audit its records as required by the APA. Novell's claims relate to what SCO called "SCOsource agreements" other than Sun and Microsoft.

To prevail on its breach of fiduciary duty claim as to these SCOsource Agreements, Novell must prove that SCO breached one or more of its fiduciary duties by failing to account for and remit SVRX Royalties from these SCOsource Agreements or by failing to permit Novell to audit its SCOsource Agreements. You are instructed that SCO owed Novell the fiduciary duties set forth above regardless of whether SVRX rights were included in a license for other types of software, such as UnixWare. You must therefore determine whether these SCOsource licenses include SVRX rights.

## SCO'S PROPOSED INSTRUCTION — UNJUST ENRICHMENT

**[1]** Novell's Sixth Claim for Relief alleges that SCO was unjustly enriched by failing to remit royalties purportedly owed to Novell.

In order to prove its claim for unjust enrichment, **[2]** it is Novell's burden to prove, by the preponderance of the evidence, all of the following elements:

1. That SCO received a benefit; and

2. That SCO retained the benefit at the expense of Novell.

**[3]** A "benefit" means something of value. In this case, the parties dispute whether the payments SCO received from the SCOsource Agreements were retained at the expense of Novell.

**[4]** You must therefore determine what payments Novell was entitled to possess under the APA, and what payments SCO was entitled to retain for itself. Section 4.16 of the APA provided that Novell was entitled to possess only royalties from SVRX Licenses that licensed the SVRX code. You must determine whether Novell has proven that the payments from the SCOsource Agreements constituted payments that Novell was entitled to possess under this provision of the APA.

**[5]** If you determine that Novell has not proven by the preponderance of the evidence that the payments from the SCOsource Agreements were payments that Novell was entitled to possess under the APA, then you must find that SCO is not liable for unjust enrichment. If you determine that Novell has proven by the preponderance of the evidence that the payments from the SCOsource Agreements were payments that Novell was entitled to possess under the APA, then you may find that SCO is liable for unjust enrichment.

·

## NOVELL'S OBJECTIONS TO PROPOSED INSTRUCTION

*Introduction*

Novell objects to SCO's proposed instruction on the grounds that it fails to instruct the jury that the Court has already found that SCO failed to account for and remit royalties it collected under the Sun and Microsoft agreements and suggests that the only issue is whether failure to remit SCOsource licenses resulted in unjust enrichment. (Order at 96, 97, 100-101.) Rather, as a result of the Court's summary judgment order, the jury has two tasks: (1) to determine the amount by which SCO was unjustly enriched by collection of Sun and Microsoft royalties, and (2) to determine whether the SCOsource licenses included SVRX Royalties and if so, the amount by which SCO was unjustly enriched by collection of SCOsource Royalties. To the extent SCO's proposed instruction fails to provide the jury with this guidance on its tasks, it is improper and must be rejected. *Sulzer*, 358 F.3d at 1366.

*Specific Line Objections*

**[1]** Novell objects to the portion of the instruction that suggests that unjust enrichment is a separate cause of action. In fact, Novell's "claim" for unjust enrichment is pled as a measure of the amount of restitution to which Novell is entitled. *See* Novell's Amended Counterclaims ¶¶ 135, 173. Novell is not pursuing unjust enrichment as a separate claim but rather as a measure of recovery.

**[2]** Novell objects to the portion of the instruction that states the "elements" of unjust enrichment in terms of "benefits" received. The issue in this case addresses a very specific "benefit": SVRX Royalties to which Novell was due. There is no dispute that SCO failed to remit royalties for the Sun, Microsoft, and SCOsource licenses; the only issues are whether Novell is entitled to the latter, and how much Novell is entitled to for the first two. Failing to specify the "benefit" at issue would unduly confuse and mislead the jury regarding its task.

**[3]** Novell objects to the portion of the instruction that states that "the parties dispute whether the payments SCO received from the SCOsource agreements were retained at the

expense of Novell." The true issue in dispute is whether the SCOsource agreements gave rise to SVRX Royalties. There is otherwise no dispute that SCO retained the SCOsource payments; if the SCOsource agreements included SVRX Royalties, they fall within the Court's determination that Novell is entitled to them under the APA.

**[4]** Novell objects to the portion of the proposed instruction stating that the jury's job is to "determine what payments SCO was required to remit to Novell under the APA, and what payments it was entitled to keep for itself." This Court has already determined that SCO was required under the APA to account for and remit SVRX Royalties, and has rejected SCO's effort to narrow that obligation to existing binary agreements. Moreover, this Court has already determined that the Sun and Microsoft agreements included royalty payments SCO was required to remit to Novell under the APA. Suggesting to the jury that it has unfettered discretion to determine what payments SCO was required to remit to Novell under the APA is error that must be avoided.

**[5]** Novell objects to the portion of this instruction suggesting that the jury will determine whether or not SCO is "liable for unjust enrichment." This Court has already established as a matter of law that SCO was unjustly enriched by failing to account for SVRX Royalties in the Sun and Microsoft agreements. (Order at 96 ("[t]he court concludes SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portion of the 2003 Sun and Microsoft Agreements"); 97 ("SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust.").) Accordingly, SCO is "liable for unjust enrichment" in this case whatever the jury's findings on the SCOsource licenses, and it is misleading to instruct otherwise. *Dillard*, 51 F.3d at 915.

24

***Objection Based on Inadequacy of Instruction***

Novell objects to SCO's proposed jury instruction on the grounds that it fails to instruct the jury that the burden is on SCO, as Novell's fiduciary for purposes of collecting SVRX Royalties, to account for the amount of royalties it collected and the amount, if any, of apportionment. The instruction further fails to instruct that if apportionment or calculation of the amount is rendered difficult by SCO's failure to keep adequate records, all doubts should be resolved against SCO. *See Rosenfeld, Meyer & Susman v. Cohen,* 191 Cal. App. 3d 1035, 1051-52 (1987) ("where a fiduciary has a legal duty to allocate receipts between those in which its beneficiary has some interest and those in which the beneficiary has none, and is fully and singularly capable of making that allocation but fails to do so, a court is justified in calling upon the fiduciary to bear the burden of differentiation at trial"); *Kennard v. Glick,* 183 Cal. App. 2d 246, 250-51 (1960) ("[a]n agent who fails to keep an account raises thereby a suspicion of infidelity or neglect, creates a presumption against himself, and brings upon himself the burden of accounting to the utmost for all that has come into his hands; and in such case every doubt will be resolved against the agent, and in favor of the principal"); *Leigh v. Engle,* 727 F.2d 113, 138-39 (7th Cir. 1984) ("the burden is on the defendants who are found to have breached their fiduciary duties to show which profits are attributable to their own investments apart from their control of the Reliable Trust assets . . . . [W]hile the district court may be able to make only a rough approximation, it should resolve doubts in favor of the plaintiffs").

Novell further objects to SCO's proposed jury instruction on the grounds that it fails to instruct the jury that the Court has already determined the following issues, each of which is pertinent to the jury's consideration of this claim:

- "The APA expressly created an agency relationship between the parties with respect to SVRX Royalties." (Order at 89);

- "The use of the defined term SVRX License in [Amendment No. 1 of the APA] demonstrates that even incidental licenses of SVRX are considered an SVRX License."  (95);

- "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements."  (96);

- "To the extent that SCO has failed to pass through the appropriate amount of SVRX Royalties under the 2003 Sun and Microsoft Agreements to which Novell was entitled, Novell is also entitled to summary judgment on its [claim] for conversion."  (96);

- "SCO's conduct also amounts to a breach of fiduciary duty, conversion, unjust enrichment, and breach of express contract, all of which are sufficient 'wrongful conduct' to impose a constructive trust." (97);

- "Furthermore, the court concludes, as a matter of law, that the only reasonable interpretation of the term 'SVRX License' in the APA is all licenses related to the SVRX products listed in Item VI of Schedule 1.1(a) to the APA."  (100);

- "[T]he court concludes, as a matter of law, that the only reasonable interpretation of all SVRX licenses include no temporal restriction of SVRX Licenses existing at the time of the APA."  (100-01);

- "[T]he court also notes that SCO has a continuing contractual obligation to comply with the accounting an reporting requirements set forth in the APA."  (101).

## NOVELL'S ALTERNATIVE UNJUST ENRICHMENT INSTRUCTION

You must decide how much compensation Novell is entitled to based on liability I have already found as well as based on any additional liability you determine. Novell need not establish that its business was damaged by SCO's actions. Rather, Novell is entitled to restitution on the basis that SCO received money that is rightfully Novell's, and that SCO would be unjustly enriched if it were allowed to keep that money.

To decide the amount of SCO's unjust enrichment to be awarded to Novell, you must do the following:

First, as noted, you are instructed that SCO is liable for breach of fiduciary duty and conversion on account of the Sun and Microsoft agreements. Here, your task is only to properly apportion the money SCO received from Sun and Microsoft between the amounts attributable to SVRX and the amounts attributable to non-SVRX software. Because SCO was Novell's fiduciary, the burden is on SCO to establish the portion of the money it received from Sun and Microsoft that is not attributable to SVRX. If you find that SCO handled the funds in a way that makes apportioning the amount due Novell difficult, then you should resolve any doubt in favor of Novell, up to and including awarding all of the funds to Novell.

Second, if you find in connection with the other SCOsource agreements that SCO breached its fiduciary duties to Novell with respect to SVRX Royalties, or is liable for conversion for such royalties, then you must similarly apportion the amounts SCO received between SVRX Royalties and non-SVRX Royalties. Again, if you find that SCO handled these funds in a way that makes apportioning the amount due Novell difficult, then you should resolve any doubt in favor of Novell, up to and including awarding all of the funds to Novell.

**SCO'S PROPOSED INSTRUCTION — APPORTIONMENT**

Novell's Third, Sixth, Seventh, and Eighth claims seek payments that SCO received **[1]** under the 2003 Sun and Microsoft Agreements. It is your responsibility to determine what portion, if any, of the payments SCO received under the 2003 Sun and Microsoft Agreements Novell is entitled to.

**[2]** In deciding what portion, if any, of the Sun and Microsoft Agreements Novell is entitled to, you can consider only payments that Novell has proven with reasonable certainty SCO received for an SVRX License.  **[3]** You must not include in your calculation any other payments SCO received under the Sun and Microsoft Agreements, for any other purpose, including:

(a)    Payments, if any, made for the licensing of SCO's UnixWare product;

(b)    Payments, if any, made for the licensing of an additional copy of the source code to the SVRX products that Sun bought out in 1994; or

(c)    Payments, if any, made for any options and releases unrelated to the licensing of SVRX technology.

**[4]** If you decide that no portion of the payments SCO received under the Sun and Microsoft Agreements was received for an SVRX License, then you must decide that Novell is not entitled to any payments. If you decide that only a portion of the payments SCO received from the Sun and Microsoft Agreements constituted a payment under an SVRX License, then you must determine what portion of those payments constituted a payment under an SVRX License that Novell is entitled to receive.

## NOVELL'S OBJECTIONS TO PROPOSED INSTRUCTION

### Introduction

Novell objects to SCO's proposed instruction on apportionment on the grounds that it fails to acknowledge or encompass the Court's summary judgment rulings and their impact on the matters to be decided by the jury. In particular, the Court has already found that SCO was Novell's agent for purposes of accounting for and passing through SVRX Royalties, that SCO breached a fiduciary duty to Novell in failing to account for or pass through the appropriate SVRX Royalties under the 2003 Sun and Microsoft agreements, and that the allocation and accounting for SVRX Royalties is part of SCO's duties under the APA. (Order at 96.) SCO's fiduciary duty means that SCO bears the burden of establishing allocation, particularly because SCO's failure to account for the royalties in the first instance makes it difficult or impossible to do so now. *See Rosenfeld,* 191 Cal. App. 3d at 1051-52 ("where a fiduciary has a legal duty to allocate receipts between those in which its beneficiary has some interest and those in which the beneficiary has none, and is fully and singularly capable of making that allocation but fails to do so, a court is justified in calling upon the fiduciary to bear the burden of differentiation at trial"); *Kennard,* 183 Cal. App. 2d at 250-51("[a]n agent who fails to keep an account raises thereby a suspicion of infidelity or neglect, creates a presumption against himself, and brings upon himself the burden of accounting to the utmost for all that has come into his hands; and in such case every doubt will be resolved against the agent, and in favor of the principal"); *Leigh,* 727 F.2d at 138-39 ("the burden is on the defendants who are found to have breached their fiduciary duties to show which profits are attributable to their own investments apart from their control of the Reliable Trust assets . . . . [W]hile the district court may be able to make only a rough approximation, it should resolve doubts in favor of the plaintiffs").

Novell further objects to SCO's proposed instruction as incomplete insofar as it omits the jury's obligation to find and apportion royalties SCO retained for the SCOsource licenses if the jury finds that such licenses included SVRX Royalties. Finally, Novell objects that SCO's

instruction on apportionment is duplicative of its instruction on unjust enrichment and damages, and as such will unduly confuse and mislead the jury.

### *Specific Line Objections*

**[1]** Novell objects to the portion of the instruction that states that Novell is seeking royalties only under the 2003 Sun and Microsoft agreements on the grounds that it fails to encompass the issues to be decided in the case. Novell has claims for any SVRX Royalties obtained by SCO, but for purposes of trial has narrowed its claim to SVRX Royalties under the Sun, Microsoft *and* SCOsource agreements. To the extent the proposed instruction purports to narrow the case to Sun and Microsoft royalties, it is inaccurate.

**[2]** Novell objects to the portion of the instruction stating Novell's alleged burden on the grounds that it is inapposite and confusing. SCO's proposed instruction suggests that Novell has the burden of proving "to a reasonable certainty" that payments were received by SCO for an SVRX License. In fact, this Court has already ruled that SCO was Novell's fiduciary for purposes of accounting for and remitting SVRX Licenses. As a result, any difficulty in proving whether royalties collected by SCO are SVRX Royalties is chargeable to SCO. To the extent the instruction places the burden of apportionment on Novell, it is in error. *See Rosenfeld*, 191 Cal. App. 3d at 1051-52; *Kennard*, 183 Cal. App. 2d at 250-51; *Leigh*, 727 F.2d at 138-39.

**[3]** Novell objects to the portion of the instruction that places undue restrictions on the revenues that can be considered by the jury for purposes of apportioning royalties collected by SCO on the grounds that these limitations have no legal or evidentiary foundation, and on the grounds that they will confuse and mislead the jury. In particular, the second limitation tells the jury to exclude "payments, if any, made for the licensing of an additional copy of the source code to the SVRX products that Sun bought out in 1994." There is no legal basis for excluding this payment; to the contrary, the Court has already rejected SCO's effort to limit its royalty obligations to binary code. (Order at 83.) The third limitation, telling the jury to exclude

"payments, if any, made for any options and releases unrelated to the licensing of SVRX technology" is redundant; if the options and releases are unrelated to the licensing of SVRX technology, then there is no reason to think they would be included as SVRX Royalties. Finally, the first limitation, telling the jury to exclude "payments, if any, made for the licensing of SCO's UnixWare product" is objectionable here, to the extent that it fails to instruct the jury that the burden is on SCO to differentiate payments made from SCO's UnixWare product from royalties collected as SVRX Royalties. As the Court has already found, even licenses that purport to be for "UnixWare," like the Sun and Microsoft licenses, may have an SVRX component. (Order at 93.) Moreover, "even where a customer moves to a UnixWare product, SCO's SVRX Royalty obligations to Novell can continue unless there is no SVRX code or only an insignificant amount of SVRX code in the product" and "[i]t is undisputed that some of the original SVRX code is included in the Sun and Microsoft Agreements." (Order at 94.) Accordingly, any instruction that instructs the jury to exclude payments for UnixWare must also instruct the jury on the criteria for finding that no SVRX License is included.

[4] Novell objects to the portion of the instruction that purports to relitigate the issue of whether some portion of royalties collected from Sun and Microsoft are SVRX Royalties that must be remitted to Novell. The Court's August 10, 2007 Order has already determined as a matter of law (1) that the 2003 Sun and Microsoft agreements were subject to SCO's obligations to account for and remit SVRX Royalties under the APA, (2) that it is undisputed that the 2003 Sun and Microsoft agreements included some of the original SVRX code, (3) SCO breached a fiduciary duty in failing to account for and remit royalty payments due for the SVRX portions of the 2003 Sun and Microsoft agreements, (4) SCO is liable for conversion for failing to pass through the appropriate SVRX Royalty payments to Novell for the SVRX portions of the agreements. (Order at 94, 96.) It is no longer open to the jury to decide that "no portion of the

payments SCO received under the Sun and Microsoft agreements was received for an SVRX

License."

**SCO'S PROPOSED INSTRUCTION — DAMAGES**

Novell has alleged that, as a result of SCO's conduct, **[1]** it has incurred damages. Under the law, **[2]** it is Novell's duty to establish, by the preponderance of the evidence, all of the facts necessary to establish that it incurred damages as a result of SCO's conduct.

In considering whether Novell has proven that it has suffered damages, you must determine whether **[3]** Novell has met its duty to establish, by the preponderance of the evidence, that it is entitled to any of the payments SCO received under the 2003 Sun and Microsoft Agreements and/or the SCOsource Agreements.

You must therefore determine **[4]** whether Novell has proven what portion of the money SCO received from the Sun and Microsoft Agreements and/or the SCOsource Agreements was paid for as an SVRX License as to which Novell retained royalty rights under the APA. **[5]** You must not consider any payments made to SCO under the Agreements for any other purpose, including:

(a)      Payments, if any, made for the licensing of SCO's UnixWare product;

(b)      Payments, if any, made for the licensing of an additional copy of the source code to the SVRX products that Sun bought out in 1994; or

(c)      Payments, if any, made for any options and releases unrelated to the licensing of SVRX technology.

**[6]** If you determine that Novell has not established by the preponderance of the evidence that a portion of the payments SCO received from the Sun and Microsoft Agreements and/or the SCOsource Agreements was paid for the licensing of the SVRX code, then Novell cannot recover damages.  If you determine that Novell has proven by the preponderance of the evidence that a portion of the payments SCO received from the 2003 Sun and Microsoft Agreements and/or the SCOsource Agreements was paid for the licensing of the SVRX code, you should award Novell damages in that amount.

## NOVELL'S OBJECTIONS TO PROPOSED INSTRUCTION

### Introduction

Novell objects to SCO's proposed instruction on damages on the grounds that, as set forth in Novell's motion to strike SCO's jury trial demand, Novell is not seeking "damages" in this action, but rather restitution of SCO's unjust enrichment, or a constructive trust. Novell further objects to SCO's proposed instruction insofar as it fails to acknowledge or encompass the Court's summary judgment rulings and their impact on the matters to be decided by the jury. In particular, the Court has already found that SCO was Novell's agent for purposes of accounting for and passing through SVRX Royalties, that SCO breached a fiduciary duty to Novell in failing to account for or pass through the appropriate SVRX Royalties under the 2003 Sun and Microsoft agreements, and that the allocation and accounting for SVRX Royalties is part of SCO's duties under the APA. (Order at 96.) SCO's fiduciary duty means that SCO bears the burden of establishing what portion of the money SCO received was attributable to SVRX, particularly because SCO's failure to account for the royalties in the first instance make it difficult or impossible to do so now. *See Rosenfeld* 191 Cal. App. 3d at 1051-52 ("where a fiduciary has a legal duty to allocate receipts between those in which its beneficiary has some interest and those in which the beneficiary has none, and is fully and singularly capable of making that allocation but fails to do so, a court is justified in calling upon the fiduciary to bear the burden of differentiation at trial"); *Kennard,* 183 Cal. App. 2d at 250-51 ("[a]n agent who fails to keep an account raises thereby a suspicion of infidelity or neglect, creates a presumption against himself, and brings upon himself the burden of accounting to the utmost for all that has come into his hands; and in such case every doubt will be resolved against the agent, and in favor of the principal"); *Leigh,* 727 F.2d at 138-39 ("the burden is on the defendants who are found to have breached their fiduciary duties to show which profits are attributable to their own investments apart from their control of the Reliable Trust assets . . . . [W]hile the district court may be able to make only a rough approximation, it should resolve doubts in favor of the

plaintiffs"). Finally, Novell objects that SCO's instruction on damages is duplicative of its instruction on unjust enrichment and apportionment, and as such will unduly confuse and mislead the jury.

### Specific Line Objections

[1] Novell objects to the portion of the instruction that states that Novell has the burden of proving damages on the grounds that Novell is not seeking damages in this action, but rather equitable relief.

[2], [3] Novell objects to the portion of the instruction that states that "it is Novell's duty to establish, by the preponderance of the evidence, all of the facts necessary to establish that it incurred damages as a result of SCO's conduct" and to the similar portion referring to "whether Novell has met its duty to establish, by the preponderance of the evidence, that it is entitled to any of the payments SCO received." First, the use of the term "duty" here is improper as a description of the burden that Novell may have to present or prove facts. Second, and substantively, Novell objects on the grounds that the instruction on Novell's burden is inapposite and thus misleading. SCO's proposed instruction fails to account for the fact that this Court has already ruled that SCO was Novell's fiduciary for purposes of accounting for and remitting SVRX Licenses. As a result, any difficulty in proving whether royalties collected by SCO are SVRX Royalties is chargeable to SCO. To the extent the instruction places the burden of apportionment on Novell, it is in error. *See Rosenfeld,* 191 Cal. App. 3d at 1051-52; *Kennard,* 183 Cal. App. 2d at 250-51; *Leigh,* 727 F.2d at 138-39.

[3], [4], [6] Novell objects to the portion of the instruction that purports to relitigate the issue of whether some portion of royalties collected from Sun and Microsoft are SVRX Royalties that must be remitted to Novell. The Court's August 10, 2007 Order has already determined as a matter of law (1) that the 2003 Sun and Microsoft agreements were subject to SCO's obligations to account for and remit SVRX Royalties under the APA, (2) that it is undisputed that the 2003

Sun and Microsoft agreements included some of the original SVRX code, (3) SCO breached a fiduciary duty in failing to account for and remit royalty payments due for the SVRX portions of the 2003 Sun and Microsoft agreements, (4) SCO is liable for conversion for failing to pass through the appropriate SVRX Royalty payments to Novell for the SVRX portions of the agreements. (Order 94, 96.) It is no longer open to the jury to decide that no "portion of the payments SCO received from the Sun and Microsoft Agreements was paid for the licensing of the SVRX code."

[5] Novell objects to the portion of the instruction that places undue restrictions on the revenues that can be considered by the jury for purposes of apportioning royalties collected by SCO on the grounds that these limitations have no legal or evidentiary foundation, and on the grounds that they will confuse and mislead the jury. In particular, the second limitation tells the jury to exclude "payments, if any, made for the licensing of an additional copy of the source code to the SVRX products that Sun bought out in 1994." There is no legal basis for excluding this payment; to the contrary, the Court has already rejected SCO's effort to limit its royalty obligations to binary code. (Order at 83.) The third limitation, telling the jury to exclude "payments, if any, made for any options and releases unrelated to the licensing of SVRX technology" is redundant; if the options and releases are unrelated to the licensing of SVRX technology, then there is no reason to think they would be included as SVRX Royalties. Finally, the first limitation, telling the jury to exclude "payments, if any, made for the licensing of SCO's UnixWare product" is objectionable here, to the extent that it fails to instruct the jury that the burden is on SCO to differentiate payments made from SCO's UnixWare product from royalties collected as SVRX Royalties. As the Court has already found, even licenses that purport to be for "UnixWare," like the Sun and Microsoft licenses, may have an SVRX component. (Order at 93.) Moreover, "even where a customer moves to a UnixWare product, SCO's SVRX Royalty obligations to Novell can continue unless there is no SVRX code or only an insignificant amount

of SVRX code in the product" and "[i]t is undisputed that some of the original SVRX code is included in the Sun and Microsoft Agreements." (Order at 94.) Accordingly, any instruction that instructs the jury to exclude payments for UnixWare must also instruct the jury on the criteria for finding that no SVRX License is included.

**SCO'S PROPOSED INSTRUCTION — INCIDENTAL SVRX LICENSE**

The APA sets forth different rules for payments that SCO receives from SVRX Licenses that it enters into (as explained in Section 4.16) and for payments that SCO receives from UnixWare Licenses that it enters into (as explained in Schedule 1.2(b)). The parties dispute which of these royalty provisions applies to the 2003 Sun and Microsoft Agreements and/or the SCOsource Agreements which you have received in evidence. The parties agree that which provision applies depends on whether the portion of SVRX code licensed in each agreement was "incidental" to the UnixWare license.

With regard to each agreement, then, you must decide whether that agreement was an SVRX License, or a UnixWare License that licensed SVRX code incidentally.

If you determine that Novell has not proven by the preponderance of the evidence that the SVRX portion, if any, of the Sun and Microsoft Agreements and/or the SCOsource Agreements was not incidental (or was more than incidental) to the UnixWare license being provided, you must then find that SCO was not obligated to remit to Novell any royalties from the 2003 Sun and Microsoft Agreements and/or the SCOsource Agreements. If you determine that Novell has proven that the SVRX portion, if any, of the Sun and Microsoft Agreements and/or the SCOsource Agreements was not incidental to the UnixWare license being provided, you must then determine the amount of royalties SCO was obligated to remit to Novell from the Sun and Microsoft Agreements or the SCOsource Agreements.

## NOVELL'S OBJECTIONS TO PROPOSED INSTRUCTION[3]

Novell objects to SCO's proposed instruction on "incidental SVRX license" in its entirety on the grounds that it ignores the law of the case and offers a factually and legally erroneous interpretation of the APA, as well as a mistaken account of what the parties "agree" on and what they "dispute."

First, the Court specifically addressed this theory in the summary judgment ruling.  SCO argued, with respect to the Sun and Microsoft licenses, that "the 2003 Sun and Microsoft Agreements are licenses for UnixWare which license SVRX only incidentally."  (Order at 93.) The Court undertook an extensive review of Section 4.16, Section 1.2 and Schedule 1.2(b), as well as Amendment 1, and concluded that the "incidental" language was irrelevant to SCO's royalty obligations:  "Although [Amendment No. 1 ¶ J] allows SCO to enter into new SVRX Licenses and amendments of SVRX Licenses incidental to its license of UnixWare, nothing in the language releases SCO from the obligation to remit 'all royalties, fees, and other amounts due' under those SVRX licenses.  *The use of the defined term SVRX License in this section demonstrates that even incidental licenses of SVRX are considered an SVRX License.*"  (Order at 95.)  Accordingly, and directly contrary to the proposed instruction, the Court concluded that "SCO was required to account for and pass through to Novell the appropriate SVRX Royalties according to the SVRX portions of the 2003 Sun and Microsoft Agreements."  (Order at 96.) SCO may not resubmit this issue to the jury.

Second, and closely related, there is nothing in the APA and its amendment that supports SCO's argument that it is entitled to retain "incidental" SVRX Royalties.  To the contrary, Section 4.16(b) and its amendment, relied on by SCO, pertain to SCO's right to "amend, modify

_____

[3] It appears that this instruction is being proffered for use in the event that the Court grants SCO's motion for reconsideration or clarification, filed August 31, 2007.  Novell will brief its opposition to that motion separately, and reserves its rights to object to specific portions of this proposed instruction if it appears that the Court is inclined to let SCO proceed on this theory.

or waive any right under or assign any SVRX license." These provisions do not pertain to SCO's royalty obligations, much less to SCO's obligations to account for these revenues.

Third, the proposed instruction offers an erroneous account of what the parties "agree" and what they "dispute." Novell does not "agree" that "which [royalty] provision applies depends on whether the portion of SVRX code licensed in each agreement was 'incidental' to the UnixWare license."[4] To the contrary, Novell sought summary judgment on this point, arguing that SCO was required to account for and pass through SVRX Royalties associated with the Sun and Microsoft agreements, regardless of what proportion of those agreements related to SVRX code and what proportion related to UnixWare. (*See, e.g.,* Novell's Opposition to SCO's Cross-Motion for Summary Judgment on Novell's Third, Sixth, Seventh, Eighth and Ninth Claims for Relief, Docket No. 221, filed January 16, 2007, at pages 11-13.) Novell prevailed on summary judgment on this point. (Order at 93-96.) Novell has never indicated or suggested that it agreed with SCO's theory; to the contrary, Novell considers SCO's theory to be unsupported by the APA and its amendments.

---

[4] A determination whether the SCOsource agreements licensed SVRX "incidentally" to UnixWare is not significant here, but is key to Novell's claim seeking a declaration that SCO lacked authority to enter into the Sun, Microsoft and SCOsource Agreements. (*See* Novell's Objection to Proposed Instruction on Lack of Authority Declaration.) SCO has the legal authority to enter into licenses that license SVRX incidental to UnixWare. In such circumstances, it must nevertheless remit SVRX Royalties resulting from those licenses. "Incidental" is quite relevant to the first inquiry (legal authority to enter into a license) and irrelevant to the second (obligation to apportion revenue).

**SCO'S PROPOSED INSTRUCTION — AMOUNT OF DAMAGES**

Novell also bears the burden of proving by the preponderance of the evidence the amount of damages it suffered with reasonable certainty.

In considering the amount of damages, you must determine whether the payments SCO received from the 2003 Sun and Microsoft Agreements and/or the SCOsource Agreements constitute payments that Novell was entitled to under the APA. If you determine that a portion of the payments SCO received from the Sun and Microsoft Agreements and/or the SCOsource Agreements was for the licensing of the SVRX code as enumerated in Section 4.16 of the APA, you must determine what portion of the payments from the Sun and Microsoft Agreements and/or the SCOsource Agreements Novell has proven was paid for licensing the SVRX code.

In your calculation, you can only include payments that Novell has proven with reasonable certainty were paid for the licensing of the SVRX code. You must not include in your calculation any other payments SCO received under the Sun and Microsoft Agreements and/or the SCOsource Agreements, for any other purpose, including:

(d)     Payments, if any, made for the licensing of SCO's UnixWare product;

(e)     Payments, if any, made for the licensing of an additional copy of the source code to the SVRX products that Sun bought out in 1994; or

(f)     Payments, if any, made for any options and releases unrelated to the licensing of SVRX technology.

**NOVELL'S OBJECTIONS TO PROPOSED INSTRUCTION**

Novell objects to SCO's proposed jury instruction on "amount of damages" in its entirety on the grounds that the proposed instruction is entirely duplicative of SCO's proposed instructions on "damages," "apportionment," and "unjust enrichment."

Novell incorporates herein by reference its general and specific objections to SCO's Proposed Instructions on Damages, Apportionment and Unjust Enrichment.

### SCO'S PROPOSED INSTRUCTION — DECLARATION THAT SCO LACKED AUTHORITY TO ENTER INTO SUN, MICROSOFT, AND SCOSOURCE AGREEMENTS

Novell's Fourth Claim for Relief seeks a declaratory judgment that SCO had no authority to enter into the Microsoft, Sun, and SCOsource Agreements because it was obligated to seek Novell's approval prior to entering into those Agreements. A declaratory judgment is a declaration that a party was or is required to do something under the terms of a contract.

Section 4.16 of the APA provides that SCO shall not enter into an SVRX License without the prior written consent of Novell.

Amendment No. 1 to the APA provides that SCO shall have the right to enter into amendments of the SVRX Licenses without Novell's consent as may be <u>incidentally</u> involved through its rights to sell and license UnixWare software.

In order to prove its claim for declaratory judgment, it is Novell's burden to prove, by the preponderance of the evidence, that SCO did not have the authority to enter into the Sun and Microsoft and/or the SCOsource Agreements without Novell's prior approval. Novell must therefore prove both of the following:

**[1]** (1) <u>that the Sun and Microsoft Agreements</u> and/or the SCOsource Agreement <u>were SVRX Licenses</u> that required Novell's prior approval; and

(2) that the Sun and Microsoft Agreements and/or the SCOsource Agreements were not UnixWare Licenses that contained an incidental SVRX license, which does not require Novell's approval.

In this case, **[1]** <u>the parties dispute whether the Sun and Microsoft Agreements</u> and/or the SCOsource Agreements <u>were SVRX Licenses</u> or whether they were UnixWare licenses that contained an incidental SVRX license.

If you determine that Novell has not proven by the preponderance of the evidence **[1]** <u>both that the Sun and Microsoft Agreements</u> and/or the SCOsource Agreements <u>(1) were SVRX Licenses</u> that required Novell's approval and (2) were not UnixWare Licenses that contained an

incidental SVRX license that does not require Novell's approval, then you must find that Novell is not entitled to its requested declaratory judgment. If you determine that Novell has proven by the preponderance of the evidence **[1]** both that the Sun and Microsoft Agreements and/or the SCOsource Agreements (1) were SVRX Licenses that required Novell's approval and (2) were not UnixWare Licenses that contained an incidental SVRX license that does not require Novell's approval, then you should find that Novell is entitled to its requested declaratory judgment.

## NOVELL'S OBJECTION TO PROPOSED INSTRUCTION

*Introduction*

SCO's proposed jury instruction suggests that the parties must relitigate issues that have already been decided as a matter of law on summary judgment.  In particular, SCO's proposed instruction suggests it is still an open issue whether these agreements are SVRX Licenses.  To the contrary, the Court's August 10, 2007 Order established as a matter of law that "it is undisputed that the 2003 Sun and Microsoft Agreements have some SVRX component;" that "even incidental licenses of SVRX are considered an SVRX License"; and that "SVRX License" refers to "the entire set of agreements relating to the licensing of SVRX code."  Order at 93, 95, 86.  Based on the Sun and Microsoft agreements' classification as SVRX Licenses under the APA, this Court further determined as a matter of law that SCO was liable for breach of fiduciary duty, conversion, unjust enrichment and breach of contract.  *Id.* at 96-97. Thus, the question of whether the Sun and Microsoft agreements "are SVRX Licenses" subject to the provisions of the APA is not before the jury.

With respect to the Sun and Microsoft agreements, the only issue that remains to be tried in this claim is whether those SVRX Licenses were incidental to SCO's rights to sell and license UnixWare under section 4.16(b) and Amendment 1 of the APA.  If the jury determines these SVRX Licenses were more than "incidental" to SCO's UnixWare rights, Novell is entitled to its requested declaratory relief.  Yet SCO's proposed instruction does not help define the key term "incidental"  Nor does it inform the jury that the Court has already determined that Sun and Microsoft agreements are SVRX Licenses.  The instruction thus permits the jury potentially to ignore the law of the case, and must be rejected.

Finally, SCO's proposed instruction fails to instruct the jury regarding the legal effect of this Court's determination that SCO was Novell's agent and fiduciary in matters relating to SVRX Royalties.  As a result of that relationship, SCO was required to resolve doubts in favor of its obligation to inform Novell of transactions involving SVRX licenses.

**Specific Line Objections:**

**[1]** Novell objects to the portions of the instruction characterizing the issue of whether "the Sun and Microsoft Agreements . . . were SVRX Licenses" as a matter in dispute to be proved by Novell.  As explained above, this Court's August 10, 2007 Order makes clear that the Sun and Microsoft agreements are to be considered SVRX Licenses under the terms of the APA. (Order at 86, 93, 95-97.)  Thus, the question of whether the Sun and Microsoft agreements "are SVRX Licenses" is not before the jury. All the jury must determine regarding the Sun and Microsoft licenses for purposes of this claim is whether those agreements' undisputed licensing of SVRX was "incidental" to the licensing of UnixWare within the meaning of the APA.

**Objection Based on Inadequacy of Instruction**

Novell objects to SCO's proposed instruction on the grounds that it fails to provide any instruction to the jury on the construction of the contract term "incidental."  Indeed, SCO's proposed instruction provides no guidance whatsoever on this key disputed term.  *See Weicking v. Phoenix Mut. Life Ins. Co.*, 116 F.2d 90, 93 (7th Cir. 1940) (affirming trial court's instruction defining key term in insurance policy); *Kocher v. Creston Transfer Co.*, 166 F.2d 680, 685 (3d Cir. 1948) ("Lack of essential definition is reversible error"; reversing for new trial because instruction failed to define "enigmatic terms" and "left to the jury to speculate upon the circumstances" that would create agency).

Novell further objects to SCO's proposed instruction on the grounds that it fails to instruct the jury that SCO had a fiduciary duty as Novell's agent with respect to SVRX Licenses. As a result, SCO had an obligation to put Novell's interest above its own with respect to these licenses, and to assure that any new SVRX License or any amendment, modification or waiver of an SVRX License would not harm Novell's interest.  *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 977 (1997) ("An agency relationship is a fiduciary one, obliging the agent to act in the interest of the principal."); *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35

Cal. 3d 197, 221 (1983) (fiduciary must give priority to the best interest of the beneficiary).

SCO thus had a legal obligation to resolve doubts about whether a license was "incidental" or not in favor of Novell, and to keep Novell informed of its licensing activities.  Failure to inform the jury of this legal relationship and its effect on the parties' rights and obligations is erroneous and misleading.

**NOVELL'S ALTERNATIVE LACK OF AUTHORITY DECLARATION INSTRUCTION**

Novell seeks a determination that SCO did not have the authority under the APA to enter into the Sun, Microsoft, and other "SCOsource" agreements.

The APA states that SCO shall not, and shall not have the authority to, amend, modify or waive any right under or assign any SVRX License without the prior written consent of Novell. It also states that, notwithstanding this prohibition, SCO shall have the right to enter into amendments of the SVRX Licenses "(i) as may be incidentally involved through its rights to sell and license UnixWare software." It goes on to state that SCO shall not, and shall have no right to, enter into new SVRX Licenses except in the situation specified in (i) of the preceding sentence or as otherwise approved in writing in advance by Seller on a case by case basis.

Under these provisions, the issue for you to decide is whether the Sun agreement, the Microsoft agreement, and SCO's other "SCOsource" agreements were "incidental" to the licensing of UnixWare.

"Incidental" means being likely to ensue as a minor consequence or occurring without intention or calculation.

You are instructed that SCO had a fiduciary duty as Novell's agent with regard to SVRX licenses. SCO thus had fiduciary duties to Novell to put Novell's interest above its own and ensure that any new SVRX license or any amendment, modification, or waiver of an SVRX license would not harm Novell's interest.

If, as SCO contends, the Sun agreement, the Microsoft agreement, and SCO's other "SCOsource" agreements were merely incidental to UnixWare licensing, then SCO had the authority to enter into these agreements as long as doing so would not conflict with its duties as a fiduciary of Novell to protect Novell's interest in the SVRX licenses. If, on the other hand, the SVRX licensing was more than incidental, then SCO lacked the authority to enter into these agreements. Because SCO owed Novell fiduciary duties as to SVRX Licenses, any doubt should be resolved against SCO.

**SCO'S PROPOSED INSTRUCTION — DECLARATION THAT SCO BREACHED THE APA BY ENTERING INTO THE 2003 SUN AGREEMENT**

Novell's Fourth Claim for Relief also seeks a declaratory judgment that SCO breached the APA by entering into the 2003 Sun Agreement without Novell's prior approval.

Section B of Amendment No. 2 to the APA provides **[1]** that the parties must follow certain procedures for their joint management of any potential transaction with an SVRX licensee which concerns a buy-out of any such licensee's royalty obligations.

**[2]** Amendment No. 1 to the APA provides that SCO shall have the right to enter into amendments of the SVRX Licenses without Novell's consent as may be incidentally involved through its rights to sell and license UnixWare software.

In order to prove its claim for declaratory judgment, it is Novell's burden to prove, by the preponderance of the evidence, that SCO did not have the authority to enter into the Sun Agreement without Novell's prior approval. Novell must therefore prove that the Sun Agreement was itself a buy-out **[2, 3]** of Sun's SVRX Royalty obligations, and not a UnixWare License that relates to a prior 1994 agreement in which Sun's buy-out was granted.

In this case, the parties dispute whether the Sun Agreement constituted a buy-out **[2, 3]** of Sun's SVRX Royalty obligations or whether it was a UnixWare Agreement that related to a prior 1994 agreement in which Sun's buy-out was granted.

If you determine that Novell has not proven by the preponderance of the evidence both that the Sun Agreement was itself a buy-out **[2, 3]** of Sun's SVRX Royalty obligations and not an agreement that related to a prior agreement in which such a buy-out was granted, then you must find that Novell is not entitled to its requested declaratory judgment. If you determine that Novell has proven by the preponderance of the evidence that the Sun Agreement was itself a buy-out **[2, 3]** of Sun's SVRX Royalty obligations and not an agreement that related to a prior agreement in which such a buy-out was granted, then you should find that Novell is entitled to its requested declaratory judgment.

## NOVELL'S OBJECTIONS TO PROPOSED INSTRUCTION

*Introduction*

SCO's proposed jury instruction suggests that the parties must relitigate an issue that has already been decided as a matter of law on summary judgment, and avoids the central issue the jury must decide in relation to this claim. In particular, SCO's proposed instruction suggests it is still an open issue whether the 2003 agreement between Sun and SCO concerned Sun's SVRX Royalty obligation, or whether the Sun agreement was actually a UnixWare license. Yet, as discussed in Novell's general objection to SCO's jury instruction regarding the lack of the authority declaration, the Court's August 10, 2007 Order established as a matter of law that the Sun agreement is an SVRX License. (Order at 86, 93, 95-97.) Thus, the question of whether the Sun agreement involved SVRX Royalties is not before the jury.

At the same time, the proposed instruction barely mentions the contractual provisions governing the central issue underlying this claim: whether the 2003 Sun agreement "concerns a buyout" of an existing SVRX license. If it did, then SCO was obligated to inform Novell of the proposed buyout and to involve Novell in the negotiations. (*See* Amendment 2, ¶ B.) This claim thus turns on whether the Sun agreement "concerns a buyout" of an existing SVRX License, not on whether the agreement was an agreement for UnixWare. The latter issue is not before the jury; SCO's proposed instruction does not inform the jury that the Court has already determined that the Sun agreement is an SVRX License. The instruction thus permits the jury potentially to ignore the law of the case, and must be rejected.

Finally, SCO's proposed instruction fails to instruct the jury regarding the legal effect of this Court's determination that SCO was Novell's agent and fiduciary in matters relating to SVRX Royalties.

*Specific Line Objections:*

**[1]** Novell objects to the portion of the instruction summarizing the requirements of Section B of Amendment 2 and writing these off as "certain procedures." In fact, Section B of

Amendment 2 provides that if either party becomes aware of "any potential transaction with an SVRX licensee which concerns a buy-out of any such licensee's royalty obligation," that party is to inform the other. Amendment 2 further requires SCO to involve Novell in any negotiations with such licensees and requires mutual consent by SCO and Novell to any proposals made to such licensees. Because the jury is being asked to determine whether there was compliance with these provisions, it would be grossly misleading to fail to instruct the jury specifically on those provisions.

[2] Novell objects to the portions of the instruction invoking Amendment 1 and instructing the jury that its task is to determine whether the 2003 Sun agreement is "a UnixWare Agreement that related to a prior 1994 Agreement in which Sun's buy-out was granted." SCO's effort to recast this issue in terms of whether the Sun agreement is incidental to a UnixWare license under paragraph J of Amendment 1 to the APA misinforms the jury on the issue to be tried. This claim seeks a declaratory judgment that SCO was required to comply with the provisions of Amendment 2 of the APA. Amendment 2 specifically provided that it was being entered "notwithstanding the provisions of Article 4.16 Sections (b) and (c) of the Agreement" (which by then included Amendment 1). Moreover, Amendment 2 provided that its provisions applied to any "*potential* transaction *with an SVRX licensee*" which concerns a buy-out. On its face, this provision does not conflict with the issue of whether a transaction was "incidental" to a UnixWare license. SCO's effort to recast this dispute will confuse and mislead the jury.

[3] Novell objects to the portions of the instruction stating that Novell must prove that the Sun agreement concerned "Sun's SVRX Royalty obligations, and not a UnixWare License." As explained above, the Court's August 10 Order makes clear that the Sun agreement must be considered an SVRX License. Thus, the question of whether the Sun agreement concerned SVRX is not before the jury.

### Objection Based on Inadequacy of Instruction

Novell objects to SCO's proposed instruction on the grounds that it fails to specify the provisions of Amendment 2, the provision of the agreement that Novell is seeking declaratory judgment on. The jury cannot be expected to determine whether SCO has breached the agreement without an explanation of what the agreement requires.

Novell further objects to SCO's proposed instruction on the grounds that it fails to instruct the jury that SCO had a fiduciary duty as Novell's agent with respect to SVRX Licenses. As a result, SCO had an obligation to put Novell's interest above its own with respect to these licenses, and to assure that any new SVRX License or any amendment, modification or waiver of an SVRX License would not harm Novell's interest. *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 977 (1997) ("An agency relationship is a fiduciary one, obliging the agent to act in the interest of the principal."); *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 221 (1983) (fiduciary must give priority to the best interest of the beneficiary). SCO thus had a legal obligation to resolve doubts about whether a license was a "potential transaction with an SVRX licensee which concerns a buy-out" in favor of disclosure to Novell. Failure to instruct the jury on the effect of this legal relationship on the parties rights and obligations is erroneous and misleading.

**NOVELL'S ALTERNATIVE SUN DECLARATION INSTRUCTION**

Novell seeks a determination that SCO breached the APA, as amended by Section B of Amendment 2, when it entered into the Sun agreement.

Section B of Amendment 2 of the APA was signed approximately thirteen months after the APA and amended section 4.16 of the Agreement. Amendment 2 provides that if either party becomes aware of "any potential transaction with an SVRX licensee which concerns a buy-out of any such licensee's royalty obligation" that party is to inform the other. Amendment 2 further requires SCO to involve Novell in any negotiations with such licensees and requires mutual consent by SCO and Novell to any proposals made to such licensees.

Under these provisions, the issue for you to decide is whether the 2003 agreement between Sun and SCO amending and restating the 1994 license between Novell and Sun is a transaction "which concerns a buyout" of Sun's royalty obligation.

You are instructed that SCO had a fiduciary duty as Novell's agent with regard to SVRX Licenses. SCO thus had fiduciary duties to Novell to put Novell's interest above its own and ensure that any amendment of an SVRX License would not harm Novell's interest. It is also undisputed that SCO did not inform Novell of the negotiations that lead to the 2003 Sun Agreement and did not seek or obtain Novell's consent to enter into that Agreement.

If you find that the 2003 Sun agreement "concerns a buyout" of Sun's royalty obligation, then SCO was required to involve Novell in the negotiations for that agreement and obtain Novell's consent. If, on the other hand, you find that the 2003 Sun agreement did not "concern a buyout," SCO was entitled to go forward so long as it met the other conditions of section 4.16 of the APA as outlined in the previous instruction. Because SCO was Novell's fiduciary with respect to the SVRX licenses, you should resolve doubts in favor of Novell.

DATED:   September 5, 2007

ANDERSON & KARRENBERG

By: _____/s/ Heather M. Sneddon_____

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon

-and-

MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Eric M. Acker, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
Marc J. Pernick, *pro hac vice*
David E. Melaugh, *pro hac vice*

**Attorneys for Defendant and
Counterclaim-Plaintiff Novell, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September, 2007, I caused a true and correct copy of **NOVELL'S OBJECTIONS TO SCO'S SUPPLEMENTAL JURY INSTRUCTIONS** to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

David Boies
Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John J. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

_____*/s/ Heather M. Sneddon*_____