Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Attorneys for Plaintiff, The SCO Group, Inc.*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>a Delaware corporation,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>       vs.<br><br>NOVELL, INC.,<br><br>a Delaware corporation,<br><br>    Defendant/Counterclaim-Plaintiff. | **SCO'S OBJECTIONS TO NOVELL'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**<br><br>**Civil No.: 2:04CV00139**<br><br>Judge Dale A. Kimball<br>Magistrate Brooke C. Wells |

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), respectfully

submits its Objections to Novell's Proposed Supplemental Jury Instructions pursuant to

the Pretrial Order dated August 10, 2007.

1.     **Novell Proposed Jury Instruction: Breach of Fiduciary Duty**

Novell alleges that SCO breached fiduciary duties to Novell related to SCO's
obligations with regard to SVRX Royalties. In general, a fiduciary duty is an obligation
to act in the best interests of another. Thus, partners have fiduciary duties to each other, a
trustee has a fiduciary duty to the beneficiaries of the trust, and an agent has fiduciary
duties to its principal.

You are instructed that SCO owed Novell fiduciary duties because the APA made
SCO Novell's agent for collecting SVRX Royalties. As a fiduciary, SCO was required to
act with utmost good faith and to put Novell's interest above its own on all matters
involving SVRX Royalties. SCO was required to handle the SVRX Royalties with due
care, to account for SVRX Royalties to Novell, and to keep Novell fully informed as to
all matters pertinent to Novell's interest in the SVRX Royalties. Novell does not need to
establish that SCO breached a contract to show that SCO breached its fiduciary duties to
Novell.

You are further instructed that SCO breached its fiduciary duties to Novell by
failing to account for and remit the appropriate SVRX Royalty payments to Novell for
the 2003 Sun and Microsoft Agreements. Therefore, you need not determine this issue.

Novell alleges that, in addition to the Sun and Microsoft agreements, SCO
breached a fiduciary duty by failing to account for and remit other SVRX Royalties due
under the APA, and by failing to permit Novell to audit its records as required by the
APA. Novell's claims relate to what SCO called "SCOsource agreements" other than
Sun and Microsoft.

To prevail on its breach of fiduciary duty claim as to these SCOsource
agreements, Novell must prove that SCO breached one or more of its fiduciary duties by
failing to account for and remit SVRX Royalties from these SCOsource agreements or by
failing to permit Novell to audit its SCOsource agreements. You are instructed that SCO
owed Novell the fiduciary duties set forth above regardless of whether SVRX rights were
included in a license for other types of software, such as UnixWare. You must therefore
determine whether these SCOsource licenses include SVRX rights.


**SCO'S OBJECTIONS:**  Irrelevant, incomplete, confusing, prejudicial, and misleading.

The proposed instruction is not clearly understandable to the average juror.

Consistent with the California Rules of Court, jury instructions should be accurate, brief,

understandable, impartial, and free from argument. California Rules of Court Rule

2.1050(e).  The proposed instruction contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to decide liability.

SCO objects to including in the jury instruction the Court's findings regarding matters unrelated to the claim being submitted for the jury's deliberation.  ("You are further instructed that SCO breached its fiduciary duties to Novell by failing to account for and remit the appropriate SVRX Royalty payments to Novell for the 2003 Sun and Microsoft Agreements.  Therefore, you need not determine this issue.  Novell alleges that, in addition to the Sun and Microsoft agreements . . .")  The sole support Novell advances for this language is the Court's Order granting summary judgment in part.  The statement does not identify the elements of the claim or provide meaningful guidance for the jury's deliberation.

The sole remaining liability issue presented with respect to this claim is whether SCO breached its fiduciary duties by failing to remit to Novell the payments SCO received from the SCOsource Agreements.  The Court's prior ruling with respect to the Sun and Microsoft Agreements is separate from this question.  It is thus inapplicable.  Moreover, reference to that ruling is not proper, since "by virtue of their having been made by a judge," the Court's findings with respect to the Sun and Microsoft Agreements "would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice."  Nipper v. Snipes, 7 F.3d 415, 418 (4th Cir. 1993).  Lastly, Local Rule 51-1(a)(1) prohibits the repetition of any principle of law embraced in one instruction in any other instruction.  To the extent that the statement "SCO . . . breached its fiduciary duties to Novell" purports to state a legal principle, it is repetitious of Novell's Second Proposed

Jury Instruction (Conversion); Third (Breach of Contract); Fourth (Monetary Recovery for SCO's Unjust Enrichment); and Fifth (Interest on Monetary Recovery).

SCO also objects to this proposed instruction on the grounds that it misstates the scope of SCO's fiduciary duties. ("You are instructed that SCO owed Novell fiduciary duties because the APA made SCO Novell's agent for collecting SVRX Royalties.") SCO owed Novell a fiduciary duty only with respect to SVRX royalty payments. Accordingly, an instruction on breach of fiduciary duty must make clear to the jury that it must decide whether or not SCO owed Novell a fiduciary duty <u>with respect to the SCOsource payments at issue</u>, by deciding whether those payments rightfully belonged to SCO. Rafael Chodos, <u>The Law of Fiduciary Duties</u> (2000) at p. LIII) ("It is thus a three-place predicate: in any given case, we may ask whether A owes a fiduciary duty towards B <u>with respect to C</u>, but we must not ask simply, 'Does A owe B a fiduciary duty?' because such a question will inevitably mislead us." [emphasis added].

SCO also objects to the proposed instruction on the absence of a need to prove breach of contract. The proposed verbiage ("Novell does not need to establish that SCO breached a contract to show that SCO breached its fiduciary duties to Novell") is argument which should be reserved for that purpose and not included in the jury instructions. Furthermore, to the extent that SCO's fiduciary duty with respect to the payments at issue depends on the jury's application of the terms of the APA to the SCOsource Agreements, the proposed verbiage misstates the law regarding breach of fiduciary duty.

SCO also objects to the proposed instruction because it fails to set forth the elements of a claim for breach of fiduciary duty, which are set forth in SCO's proposed

instruction. Novell's proposed instruction also fails to state that Novell has the burden of proving its claim for breach of fiduciary duty.

The remaining portion of Novell's proposed instruction frames the wrong ultimate question for the jury. ("You must therefore determine whether these SCOsource licenses include SVRX rights.") SCO owes Novell a fiduciary duty with respect to <u>royalties</u> it collected for Novell. The issue here is whether any of the payments from the SCOsource Agreements were SVRX royalty payments due to Novell. This instruction mistakenly asks the jury to decide only "whether these SCOsource licenses include SVRX rights." The term "SVRX rights" does not appear in the APA, and whether a license includes SVRX rights is not dispositive of the liability question presented to the jury.

2.     <u>**Novell Proposed Jury Instruction: Conversion**</u>

Conversion is the wrongful taking of property owned by another in violation of the owner's rights.

You are instructed that SCO is liable for conversion of SVRX Royalties under the Sun and Microsoft Agreements because it breached its fiduciary duties to Novell by failing to account for those royalties and remit appropriate portions to Novell. Therefore, you need not determine this issue.

Novell claims that SCO is also liable for conversion by failing to account for and remit other SVRX Royalties due under the APA. Again, this claim relates to SCO's "SCOsource" agreements. To prove its conversion claim, Novell must establish only that SCO collected some amount of money based on the SCOsource agreements that relates to SVRX. It is undisputed that SCO had a duty to remit such amounts to Novell.

It does not matter whether SCO knowingly or intentionally kept royalties owed to Novell for purposes of this claim.

**SCO'S OBJECTIONS:** Irrelevant, incomplete, confusing, prejudicial, and misleading.

The proposed instruction is not clearly understandable to the average juror. Consistent with the California Rules of Court, jury instructions should be accurate, brief, understandable, impartial, and free from argument. Rule 2.1050(e) of the California Rules of Court. The proposed instruction contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to decide liability.

SCO objects to including in the jury instruction the Court's findings regarding matters unrelated to the claim being submitted for the jury's deliberation. ("You are instructed that SCO is liable for conversion of SVRX Royalties under the Sun and Microsoft Agreements because it breached its fiduciary duties to Novell by failing to account for those royalties and remit appropriate portions to Novell."). The sole support Novell advances for this language is the Court's Order granting summary judgment in part. The statement does not identify the elements of the claim or provide meaningful guidance for the jury's deliberation.

5

The sole remaining liability issue presented with respect to this claim is whether SCO is liable for conversion by retaining payments it received from the SCOsource Agreements.  The Court's prior ruling with respect to the Sun and Microsoft Agreements is entirely separate from this question.  It is thus inapplicable.  Moreover, reference to that ruling is not proper, since "by virtue of their having been made by a judge," the Court's findings with respect to the Sun and Microsoft Agreements "would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." Nipper v. Snipes, 7 F.3d 415, 418 (4th Cir. 1993).  Lastly, Local Rule 51-1(a)(1) prohibits the repetition of any principle of law embraced in one instruction in any other instruction.  To the extent that the statement "SCO… is liable for conversion" purports to state a legal principle, it is repetitious of Novell's First Proposed Jury Instruction (Breach of Fiduciary Duty); Third (Breach of Contract); Fourth (Monetary Recovery For SCO's Unjust Enrichment); and Fifth (Interest on Monetary Recovery).

SCO objects to Novell's proposed instruction on the basis that it misstates the elements of the claim of conversion.  ("Conversion is the wrongful taking of property owned by another in violation of the owner's rights.")  A case cited by both parties defines conversion as follows:

> Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are:  (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.

Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1066 (1998).

The only language in the proposed instruction that even purports to guide the jury's deliberation ("To prove its conversion claim, Novell must establish only that SCO

collected some amount of money based on the SCOsource agreements that relates to SVRX") is an incomplete and misleading statement of the law of conversion; SCO thus objects to the inclusion of this statement.

SCO objects to instructing the jury on the absence of specific intent. The proposed verbiage ("It does not matter whether SCO knowingly or intentionally kept royalties owed to Novell for purposes of this claim") is argument which should be reserved for that purpose and not included in the jury instructions.

By comparison, SCO's proposed jury instruction follows pattern California Civil Instruction 2100 (Conversion).

### 3. <u>Novell Proposed Jury Instruction: Breach of Contract</u>

A party breaches its contractual obligations to another party when it fails to do something that the contract between them required it to do. Here, Novell alleges that SCO breached its contractual obligations under the APA when SCO failed to pay to Novell the SVRX Royalties to which Novell was entitled.

You are instructed that SCO was contractually obligated to pass through to Novell the SVRX Royalties that SCO collected under any of the SVRX Licenses into which it entered. You are further instructed that SCO breached this obligation when it failed to remit to Novell the SVRX Royalty payments from the 2003 Sun and Microsoft Agreements. Therefore, you need not determine this issue.

Novell alleges that, in addition to the Sun and Microsoft agreements, SCO breached its obligations under the APA by failing to remit other SVRX Royalties to Novell. Once again, this claim relates to SCO's "SCOsource" agreements. To prevail on its breach of contract claim as to the SCOsource agreements, Novell must prove only that SCO collected some amount of money based on the SCOsource agreements that relates to SVRX. It is undisputed that SCO had an obligation under the APA to remit such amounts to Novell. It does not matter whether SCO knowingly or intentionally kept royalties owed to Novell for purposes of this claim.

**SCOS OBJECTIONS:** Irrelevant, incomplete, confusing, prejudicial, and misleading.

The proposed instruction is not clearly understandable to the average juror. Consistent with the California Rules of Court, jury instructions should be accurate, brief, understandable, impartial, and free from argument. California Rules of Court Rule 2.1050(e). The proposed instruction contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to decide liability.

SCO objects to including in the jury instruction the Court's findings regarding matters unrelated to the claim being submitted for the jury's deliberation. ("You are further instructed that SCO breached this obligation when it failed to remit to Novell the SVRX Royalty payments from the 2003 Sun and Microsoft Agreements. Therefore, you need not determine this issue. Novell alleges that, in addition to the Sun and Microsoft agreements . . . .") The sole support Novell advances for this language is the Court's

Order granting summary judgment in part. The statement does not identify the elements of the claim or provide meaningful guidance for the jury's deliberation.

The sole remaining liability issue presented with respect to this claim is whether SCO breached the APA by failing to remit to Novell the payments SCO received from the SCOsource Agreements. The Court's prior ruling with respect to the Sun and Microsoft Agreements is entirely separate from this question. It is thus inapplicable. Moreover, reference to that ruling is not proper, since "by virtue of their having been made by a judge," the Court's findings with respect to the Sun and Microsoft Agreements "would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." Nipper v. Snipes, 7 F.3d 415, 418 (4th Cir. 1993). Lastly, Local Rule 51-1(a)(1) prohibits the repetition of any principle of law embraced in one instruction in any other instruction. To the extent that the statement "SCO . . . breached its fiduciary duties to Novell" purports to state a legal principle, it is repetitious of Novell's First Proposed Jury Instruction (Breach of Fiduciary Duty); Second (Conversion); Fourth (Monetary Recovery for SCO's Unjust Enrichment); and Fifth (Interest on Monetary Recovery).

This proposed instruction also misstates the scope of SCO's obligations under the APA ("To prevail on its breach of contract claim as to the SCOsource agreements, Novell must prove only that SCO collected some amount of money based on the SCOsource agreements that relates to SVRX. It is undisputed that SCO had an obligation under the APA to remit such amounts to Novell."). The APA requires SCO to remit SVRX royalties to Novell. The issue here is whether any of the payments from the SCOsource Agreements were royalty payments and whether SCO wrongfully retained SVRX royalty payments due to Novell. The instruction that Novell must prove "only that SCO

collected some amount of money based on the SCOsource agreements that relates to SVRX" is incomplete, unclear, and misleading.  Novell fails properly to apply the legal elements of a breach of contract claim to the facts of this case.

SCO also objects to the proposed instruction because it fails to set forth the elements of a claim for breach of contract, which are set forth in SCO's proposed instruction.  Novell's proposed instruction also fails to state that Novell has the burden of proving its claim for breach of contract.

SCO objects to instructing the jury on the absence of specific intent.  The proposed verbiage ("It does not matter whether SCO knowingly or intentionally kept royalties owed to Novell for purposes of this claim") is argument which should be reserved for that purpose and not included in the jury instructions.

**4.      Novell Proposed Jury Instruction: Monetary Recovery for SCO's Unjust Enrichment**

You must decide how much compensation Novell is entitled to based on liability I have already found as well as based on any additional liability you determine.  Novell need not establish that its business was damaged by SCO's actions.  Rather, Novell is entitled to restitution on the basis that SCO received money that is rightfully Novell's, and that SCO would be unjustly enriched if it were allowed to keep that money.

To decide the amount of SCO's unjust enrichment to be awarded to Novell, you must do the following:

First, as noted, you are instructed that SCO is liable for breach of fiduciary duty and conversion on account of the Sun and Microsoft agreements.  Here, your task is only to properly apportion the money SCO received from Sun and Microsoft between the amounts attributable to SVRX and the amounts attributable to non-SVRX software.  Because SCO was Novell's fiduciary, the burden is on SCO to establish the portion of the money it received from Sun and Microsoft that is not attributable to SVRX.  If you find that SCO handled the funds in a way that makes apportioning the amount due Novell difficult, then you should resolve any doubt in favor of Novell, up to and including awarding all of the funds to Novell.

Second, if you find in connection with the other SCOsource agreements that SCO breached its fiduciary duties to Novell with respect to SVRX Royalties, or is liable for conversion for such royalties, then you must similarly apportion the amounts SCO received between SVRX Royalties and non-SVRX Royalties.  Again, if you find that SCO handled these funds in a way that makes apportioning the amount due Novell difficult, then you should resolve any doubt in favor of Novell, up to and including awarding all of the funds to Novell.

**SCO'S OBJECTIONS:**  Irrelevant, incomplete, confusing, prejudicial, and misleading.

The proposed instruction is not clearly understandable to the average juror.

Consistent with the California Rules of Court, jury instructions should be accurate, brief,

understandable, impartial, and free from argument.  Rule 2.1050(e) of the California

Rules of Court.  The proposed instruction contains unnecessary verbiage that is confusing

and not useful to the jury's understanding of the claim or the jury's application of the

elements to decide liability.

SCO objects to including in the jury instruction the Court's findings regarding

matters unrelated to the claim being submitted for the jury's deliberation.  ("First, as

noted, you are instructed that SCO is liable for breach of fiduciary duty and conversion

11

on account of the Sun and Microsoft agreements.")  The sole support Novell advances for such language is the Court's Order granting summary judgment in part.  The statement does not identify the elements of the claim or provide meaningful guidance for the jury's deliberation.

SCO objects to the proposed instruction because it fails to set forth the elements of a claim for unjust enrichment, which are set forth in SCO's proposed instruction. Novell's proposed instruction also fails to state that Novell has the burden of proving its claim for unjust enrichment.

SCO objects to the proposed instruction on the grounds it conflates the claim for unjust enrichment with other claims.  The Court's findings or jury's potential findings of liability on Novell's claims for breach of fiduciary duty and conversion are extrinsic and irrelevant to the elements of a claim for unjust enrichment.  References to such findings cannot properly be a part of an instruction on that claim.  Such references, which permeate this instruction, are also confusing, misleading, and prejudicial to SCO.

SCO objects to the proposed instruction on the grounds that it conflates liability with damages.  The existence and amount of damages are the subject of instructions distinct from those for liability.  SCO submitted proposed instructions concerning the existence and amount of damages related to Novell's claims, including its claim for unjust enrichment.  Novell did not submit competing instructions.

SCO objects to the proposed instruction on the grounds that it is confusing and misleading in that it conflates instructions concerning liability for unjust enrichment with instructions concerning damages and other claims.

SCO objects to the sentence "Rather, Novell is entitled to restitution on the basis that SCO received money that is rightfully Novell's, and that SCO would be unjustly enriched if it were allowed to keep the money" on the grounds that the sentence is prejudicial to SCO, unnecessary, confusing, and misleading.  The sentence fails to give instructions regarding, and instead assumes, liability for SCO.

In addition to its foregoing objections, SCO also objects to the sentence "Because SCO was Novell's fiduciary, the burden is on SCO to establish the portion of the money it received from Sun and Microsoft that is not attributable to SVRX" on the grounds that the instruction misstates the law.  The burden of proving an issue lies with the party for whom the existence or nonexistence of the disputed fact is essential.  Cal. Evidence Code Ann. § 500; Rosenfeld v. Cohen, 191 Cal. App. 3d 1035, 1051 (1987).  Novell's claims turn on the factual question of what portion of the payments from the Sun, Microsoft, and SCOsource Agreements constitute payments for an SVRX License within the meaning of the APA.  This is a matter of interpreting the meaning, purpose, and value of the Sun, Microsoft, and SCOsource Agreements on claims that Novell, as the plaintiff, has the burden of proof.  As the Court observed in its August 10 Order (at 98), "Novell has actually obtained the information it needs to demonstrate its damages" under its claims. Through this instruction, Novell improperly seeks to shift to SCO the burden to "demonstrate its damages."  Novell cites three cases as authority for this instruction, all of which concern defendants' "'mingling the plaintiffs' property with their own,'" Leigh v. Engle, 727 F.2d 113, 138 (7th Cir. 1984), and it is that mingling which created the difficulty in performing an allocation.  By contrast, here there is simply a problem of allocation – the issue of allocation would have been no different and no easier if all of the

funds from Microsoft, Sun and SCOsource Agreements were held in a separate segregated account. It would still be necessary to apportion those funds between SVRX Licenses and everything else. Unlike the defendants in the cases Novell cites, it was not wrongful or unlawful for SCO to enter into agreements that had an SVRX component that requires an allocation to now be performed.[1]

In addition to the foregoing objections regarding damages, SCO objects to the sentences instructing the jury to "resolve any doubt" in the apportionment of damages "in favor of Novell." There are at least three problems with the authority Novell cites for this proposition. First, <u>Leigh</u> speaks to a breach of fiduciary duty; thus the case cannot be the basis for instructing the jury in calculating the amount of unjust enrichment. Second, <u>Leigh</u> is factually distinguishable in that the defendant wrongfully mingled its property with the plaintiff's. Here, SCO had the right to enter into UnixWare licenses that incidentally licensed SVRX. Finally, <u>Leigh</u> is not controlling law.

Novell's proposed instruction also cannot be reconciled with Local Rule 51-1(a)(1), which prohibits the repetition of any principle of law embraced in one instruction in any other instruction. To the extent the statements that "any doubt" as to apportionment of payments from the Sun and Microsoft agreements should be resolved "in favor of Novell" even state a legal principle, they are repetitious of Novell's proposed instruction on its declaratory judgment claim ("Because SCO owed Novell fiduciary duties as to SVRX Licenses, any doubt should be resolved against SCO.").

---

[1] SCO opposed in detail Novell's request to shift the burden of proof on its claims in SCO's Reply Memorandum in Further Support of SCO's Motion In Limine Regarding Apportionment of 2003 Microsoft and Sun Agreements, at 2-5.

5.    <u>**Novell Proposed Jury Instruction: Interest on Monetary Recovery**</u>

If you award to Novell a monetary recovery based upon SCO's unjust enrichment from its breach of a fiduciary duty, you may award simple interest on Novell's recovery at the rate of 7% from the date the money should have been paid.

If you award to Novell a monetary recovery based upon SCO's conversion of Novell's royalties, you must award simple interest on Novell's recovery at the rate of 7% from the date the money should have been paid.

*[Novell has moved to voluntarily dismiss its breach of contract claim. In the event the Court does not grant that motion, Novell submits this proposed addition to this instruction.]*

If you award to Novell a monetary recovery based upon SCO's unjust enrichment from its breach of contract, you must award simple interest on Novell's recovery at the rate of 10% from the date the money should have been paid.

**SCO'S OBJECTIONS:**  Unnecessary, confusing, and misleading.

SCO objects to the submission of any instruction on the issue of prejudgment interest to the jury.  The question of what, if any, interest Novell is entitled to receive on a monetary judgment in this matter is not a jury question.  If Novell is entitled to such interest, the Court will calculate and award such interest after trial.

SCO objects to any instruction on the mandatory or non-discretionary imposition of prejudgment interest.  ("You must award simple interest on Novell's recovery at the rate of 7% from the date the money should have been paid. . . . you must award simple interest on Novell's recovery at the rate of 10% from the date the money should have been paid.")  Novell supports its instruction with citation to the California Constitution, which provides for non-discretionary imposition of interest accrued on debts.  No jury question is presented in a non-discretionary calculation of interest, and accordingly, to the extent that Novell is entitled to any such interest, the Court will calculate and award it. The same is true of Novell's asserted entitlement to 10% arising from the breach of contract claim.  California Civil Code § 3289 states that such an obligation "shall bear

interest" at a 10% rate.  No jury question arises from the imposition of interest that is non-discretionary; rather, it is awarded, if at all, by the Court.

SCO objects to the proposed instruction on the grounds it conflates the claim for unjust enrichment with other claims.  Local Rule 51-1(a)(1) requires that each instruction be limited to one subject.  Novell's proposed instruction addresses multiple schemes for interest calculation that is improper, contrary to law, and not clearly understandable to the average juror.

**6.      Novell Proposed Jury Instruction:  Declaration that SCO Lacked the Authority to Enter Into SVRX Agreements**

Novell seeks a determination that SCO did not have the authority under the APA to enter into the Sun, Microsoft, and other "SCOsource" agreements.

The APA states that SCO shall not, and shall not have the authority to, amend, modify or waive any right under or assign any SVRX License without the prior written consent of Novell.  It also states that, notwithstanding this prohibition, SCO shall have the right to enter into amendments of the SVRX Licenses "(I) as may be incidentally involved through its rights to sell and license UnixWare software."  It goes on to state that SCO shall not, and shall have no right to, enter into new SVRX Licenses except in the situation specified in (I) of the preceding sentence or as otherwise approved in writing in advance by Seller on a case by case basis.

Under these provisions, the issue for you to decide is whether the Sun agreement, the Microsoft agreement, and SCO's other "SCOsource" agreements were "incidental" to the licensing of UnixWare.

"Incidental" means being likely to ensue as a minor consequence or occurring without intention or calculation.

You are instructed that SCO had a fiduciary duty as Novell's agent with regard to SVRX licenses.  SCO thus had fiduciary duties to Novell to put Novell's interest above its own and ensure that any new SVRX license or any amendment, modification, or waiver of an SVRX license would not harm Novell's interest.

If, as SCO contends, the Sun agreement, the Microsoft agreement, and SCO's other "SCOsource" agreements were merely incidental to UnixWare licensing, then SCO had the authority to enter into these agreements as long as doing so would not conflict with its duties as a fiduciary of Novell to protect Novell's interest in the SVRX licenses.  If, on the other hand, the SVRX licensing was more than incidental, then SCO lacked the authority to enter into these agreements.  Because SCO owed Novell fiduciary duties as to SVRX Licenses, any doubt should be resolved against SCO.

**SCO'S OBJECTIONS:**  Irrelevant, incomplete, confusing, prejudicial, and misleading.

The proposed instruction is not clearly understandable to the average juror.

Consistent with the California Rules of Court, jury instructions should be accurate, brief,

understandable, impartial, and free from argument.  Rule 2.1050(e) of the California

Rules of Court.  The proposed instruction contains unnecessary verbiage that is confusing

and not useful to the jury's understanding of the claim or the jury's application of the

elements to decide liability.

SCO objects to including in the jury instruction the Court's findings regarding matters unrelated to the claim being submitted for the jury's deliberation. ("You are instructed that SCO had a fiduciary duty as Novell's agent with regard to SVRX licenses.") The sole support Novell advances for such language is the Court's Order granting summary judgment in part. The statement does not identify the elements of the claim or provide meaningful guidance for the jury's deliberation.

The proposed instruction also incorrectly limits the "the issue" for the jury to whether the agreements in question where "incidental" to the licensing of UnixWare. In fact, with respect to at least some of those agreements, the jury must also determine in the first instance whether they are SVRX Licenses subject any "prohibition" of Section 4.16 of the APA.

SCO objects to this instruction because it fails to state that Novell has the burden of proving its claim for a declaratory judgment.

SCO objects to the instruction on the grounds that its purported definition of the word "incidental" invades the province of the jury. To determine the meaning of the word in the APA and Amendment No. 1, the jury must consider the extrinsic evidence of the parties' intent offered at trial, not the paraphrased definition from a single source that Novell purposes by way of this instruction.

SCO objects to the sentence "You are instructed that SCO had a fiduciary duty as Novell's agent with regard to SVRX licenses" on the grounds that it is unnecessary and unduly prejudicial to SCO. The sentence sets forth information extraneous and irrelevant to the elements of the claim in question and therefore cannot guide the jury's deliberation.

SCO objects to the sentence "SCO thus had fiduciary duties to Novell to put Novell's interests above its own and ensure that. . ." on that grounds that it is unnecessary and unduly prejudicial to SCO. The sentence sets forth information extraneous and irrelevant to the elements of the claim in question and therefore cannot guide the jury's deliberation.

SCO objects to the sentence ending with the clause "as long as doing so would not conflict with its duties as a fiduciary of Novell to protect Novell's interest in the SVRX licenses" on the grounds that it is vague, ambiguous, unnecessary, confusing, and unduly prejudicial to SCO. Through the clause, the sentence sets forth information extraneous and irrelevant to the elements of a claim in question and therefore cannot guide the jury's deliberation. The sentence is prejudicial to SCO and confusing in that it fails to instruct the jury, without qualification, that Novell is not entitled to the requested declaratory judgment if the jury finds that the agreements were incidental to the licensing of UnixWare.

SCO objects to the instruction on the grounds that Novell offers no authority for the assertion that "because SCO owed Novell fiduciary duties as to SVRX Licenses, any doubt should be resolved against SCO." SCO also objects to this assertion on the grounds that it is unnecessary and unduly prejudicial to SCO. The assertion sets forth information extraneous and irrelevant to the claim in question and therefore cannot guide the jury's deliberation.

Novell's proposed instruction cannot be reconciled with Local Rule 51-1(a)(1), which prohibits the repetition of any principle of law embraced in one instruction in any other instruction. To the extent the sentence "because SCO owed Novell fiduciary duties

as to SVRX Licenses, any doubt should be resolved against SCO" even states a legal

principle, it is repetitious of statements in another Novell proposed instruction (Monetary

Recovery for SCO's Unjust Enrichment).

**7.    Novell Proposed Jury Instruction:  Declaration that the Sun Agreement Was a Breach of § B of Amendment No. 2**

Novell seeks a determination that SCO breached the APA, as amended by Section B of Amendment 2, when it entered into the Sun Agreement.

Section B of Amendment 2 of the APA was signed approximately thirteen months after the APA and amended section 4.16 of the agreement.  Amendment 2 provides that if either party becomes aware of "any potential transaction with an SVRX licensee which concerns a buy-out of any such licensee's royalty obligation" that party is to inform the other.  Amendment 2 further requires SCO to involve Novell in any negotiations with such licensees and requires mutual consent by SCO and Novell to any proposals made to such licensees.

Under these provisions, the issue for you to decide is whether the 2003 agreement between Sun and SCO amending and restating the 1994 license between Novell and Sun is a transaction "which concerns a buyout" of Sun's royalty obligation.

You are instructed that SCO had a fiduciary duty as Novell's agent with regard to SVRX licenses.  SCO thus had fiduciary duties to Novell to put Novell's interest above its own and ensure that any amendment of an SVRX license would not harm Novell's interest.  It is also undisputed that SCO did not inform Novell of the negotiations that lead to the 2003 Sun agreement and did not seek or obtain Novell's consent to enter into that agreement.

If you find that the 2003 Sun agreement "concerns a buyout" of Sun's royalty obligation, then SCO was required to involve Novell in the negotiations for that agreement and obtain Novell's consent.  If, on the other hand, you find that the 2003 Sun agreement did not "concern a buyout," SCO was entitled to go forward so long as it met the other conditions of section 4.16 of the APA as outlined in the previous instruction. Because SCO was Novell's fiduciary with respect to the SVRX licenses, you should resolve doubts in favor of Novell.

**SCO's OBJECTIONS:**  Irrelevant, incomplete, confusing, prejudicial, and misleading.

The proposed instruction is not clearly understandable to the average juror.

Consistent with the California Rules of Court, jury instructions should be accurate, brief,

understandable, impartial, and free from argument.  Rule 2.1050(e) of the California

Rules of Court.  The proposed instruction contains unnecessary verbiage that is confusing

and not useful to the jury's understanding of the claim or the jury's application of the

elements to decide liability.

SCO objects to including in the jury instruction the Court's findings regarding

matters unrelated to the claim being submitted for the jury's deliberation.  ("You are

instructed that SCO had a fiduciary duty as Novell's agent with regard to SVRX licenses.")  The sole support Novell advances for such language is the Court's Order granting summary judgment in part.  The statement does not identify the elements of the claim or provide meaningful guidance for the jury's deliberation.

SCO objects to this instruction because it misstates "the issue for [the jury] to decide" as "whether the 2003 agreement between Sun and SCO amending and restating the 1994 license between Novell and Sun is a transaction 'which concerns a buyout' of Sun's royalty obligations."  By quoting the phrase "which concerns a buyout" out of context, Novell improperly and unreasonably expands the scope of Section B of Amendment No. 2.  That provision sets forth procedures for the joint management of a potential transaction that itself grants a buyout, not for any transaction that amends a previous buyout.  Section B.4, for example, requires that the parties meet prior to "either party's unilateral determination as to the suitability of any potential buy-out transaction." Such language contemplates that Section B applies only to potential buyout transactions. In the alternative, if the Court were to determine that Amendment No. 2 is ambiguous, SCO objects on the grounds that Novell's proposed instruction invades the province of the jury by purporting to establish a definite meaning for Section B.

SCO objects to this instruction because it fails to state that Novell has the burden of proving its claim for a declaratory judgment of breach by SCO.

SCO objects to the sentence "Section B of Amendment No. 2 of the APA was signed approximately thirteen months after the APA and amended section 4.16 of the agreement" on the grounds that it is unnecessary and improper.  The sentence sets forth information extraneous and irrelevant to the elements of a claim for breach of

Amendment No. 2 and therefore cannot guide the jury's deliberation.  In addition, the sentence purports to establish facts that Novell must establish, if at all, at trial.

SCO objects to the clause "Amendment 2 further requires SCO to involve Novell in any negotiations with such licensees. . ." on the grounds that it may mislead the jury to the conclusion that requirements of Section B apply only to SCO.

SCO objects to the sentence "You are instructed that SCO had a fiduciary duty as Novell's agent with regard to SVRX licenses" on the grounds that it is unnecessary and unduly prejudicial to SCO.  The sentence sets forth information extraneous and irrelevant to the elements of a claim for breach of Amendment No. 2 and therefore cannot guide the jury's deliberation.

SCO objects to the sentence "SCO thus had fiduciary duties to Novell to put Novell's interests above its own and ensure that any amendment of an SVRX license would not harm Novell's interest" on that grounds that it is unnecessary and unduly prejudicial to SCO.  The sentence sets forth information extraneous and irrelevant to the elements of a claim for breach of Amendment No. 2 and therefore cannot guide the jury's deliberation.  SCO also objects to the same sentence on the grounds that it lacks authority and basis for the assertion that SCO's fiduciary duties required SCO "to put Novell's interest above its own and ensure that any amendment of an SVRX license would not harm Novell's interest."

SCO objects to the sentence "If, on the other hand, you find that the 2003 Sun Agreement did not 'concern a buyout,' SCO was entitled to go forward so long as it met the other conditions of section 4.16 of the APA as outlined in the previous instruction" on the grounds that it is vague, ambiguous, unnecessary, confusing, and unduly prejudicial

to SCO.  The sentence sets forth information extraneous and irrelevant to the elements of a claim for breach of Amendment No. 2 and therefore cannot guide the jury's deliberation.  The sentence is prejudicial to SCO and confusing in that it fails to instruct the jury to find that SCO did not breach Section B even when the jury finds that SCO complied with that provision; instead, the sentence cross references another instruction.

SCO objects to the instruction on the grounds that Novell cites no authority for the assertion that "Because SCO was Novell's fiduciary with respect to the SVRX licenses, you should resolve doubts in favor of Novell."  SCO also objects to this assertion on the grounds that it is unnecessary and unduly prejudicial to SCO.  The assertion sets forth information extraneous and irrelevant to the elements of a claim for breach of Section B of Amendment No. 2 and therefore cannot guide the jury's deliberation.

DATED this 5th day of September, 2007.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

DORSEY & WHITNEY LLP
Devan V. Padmanabhan


*Counsel for The SCO Group, Inc.*

By:  ___/s/ Edward Normand_____

24

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of **SCO'S OBJECTIONS TO NOVELL'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS** was served on this 5th day of September, 2007, via CM/ECF to the following:

> Thomas R. Karrenberg
> John P. Mullen
> Heather M. Sneddon
> ANDERSON & KARRENBERG
> 700 Bank One Tower
> 50 West Broadway
> Salt Lake City, UT 84101
>
> Michael A. Jacobs
> Matthew I. Kreeger
> Kenneth W. Brakebill
> David E. Melaugh
> MORRISON & FOERSTER
> 425 Market Street
> San Francisco, CA 94105-2482

/s/ Edward Normand