## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

**THE SCO GROUP, INC.,**

               **Plaintiff,**

**vs.**

**NOVELL, INC.,**

               **Defendant.**

**ORDER**

**Civil Case No.  2:04CV139DAK**

      This matter is before the court on several pretrial motions: (1) The SCO Group, Inc.'s

("SCO") Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b);

(2) Novell's Motion to Strike Jury Demand; (3) Novell's Motion to Voluntarily Dismiss Its Third

Claim for Relief; (4) SCO's Motion in Limine to Exclude All Evidence Related to Other

Litigation and Commentary Thereon; (5) Novell's Motion in Limine No. 1 to Preclude SCO from

Challenging Questions Already Decided as a Matter of Law; (6) Novell's Motion in Limine No.

2 to Preclude SCO from Contesting Licenses Conveying SVRX Rights are "SVRX Licenses";

(7) SCO's Amended Motion in Limine Regarding Apportionment of Microsoft and Sun

SCOsource Licenses; and (8) Novell's Motion in Limine No. 3 to Preclude SCO from

Introducing New Evidence or Argument Regarding Apportionment of SCOsource Revenue.  The

court concludes that a hearing would not aid the court in its determination of these motions.  The

court has carefully considered the law and facts relating to the motions.  Now being fully

Dockets.Justia.com

advised, the court renders the following Order.

## DISCUSSION

### I. SCO's Rule 54(b) Motion for Entry of Final Judgment

SCO requests that this court enter final judgment under Rule 54(b) of the Federal Rules

of Civil Procedure with respect to those claims which are fully and completely resolved by the

Court's August 10, 2007 Memorandum Decision and Order. SCO asserts that the Order resolves

the following: (1) SCO's First Claim for Relief for Slander of Title; (2) that portion of SCO's

Second Claim for Relief alleging that Novell breached the covenant of good faith and fair dealing

in its exercise of asserted rights under Section 4.16(b) of the Asset Purchase Agreement

("APA"); (3) SCO's Third Claim for Relief seeking specific performance; and (4) that portion of

Novell's Fourth Claim for Relief relating to Novell's request for a declaration of rights and duties

under Section 4.16(b) of the APA.

In a case involving multiple claims and counterclaims, Rule 54(b) allows a court to

"direct the entry of a final judgment as to one or more but fewer than all claims or parties only

upon an express determination that there is no just reason for delay and upon an express direction

for the entry of judgment." Fed. R. Civ. P. 54(b). An analysis of whether Rule 54(b)

certification is appropriate requires the court: (1) to determine that the order to be certified is a

final judgment; and (2) to find there is no just reason to delay appellate review of the order until

the conclusion of the entire case. *Id.* at 7-8; *see also Oklahoma Turnpike Auth. v. Bruner,* 259

F.3d 1236, 1242 (10th Cir. 2001); *McKibben v. Chubb,* 840 F.2d 1525, 1528 (10th Cir. 1988).

In making these determinations, the district court should act as a "dispatcher" weighing

Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from

delaying an appeal. *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265

(10th Cir. 2005). The court should consider "whether the claims under review [are] separable

from the others remaining to be adjudicated and whether the nature of the claims already

determined [are] such that no appellate court would have to decide the same issues more than

once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.,* 446

U.S. 1, 8 (1980).

The court has serious concerns over whether the policy considerations underlying Rule

54(b) would be met by allowing a Rule 54(b) certification in this case. SCO contends that

neither the approaching trial nor the stayed claims in this matter concern the question of the

ownership of the UNIX or UnixWare copyrights or the scope of Novell's rights under Section

4.16(b) of the APA. Novell, however, asserts that it seeks a declaration at trial that, under

Section 4.16(b), SCO was without authority to enter into the Sun, Microsoft, and other

SCOsource licenses.

The separability requirement must be satisfied in order for the judgment to be considered

"final." *Old Republic Ins. Co. v. Durango Air Serv., Inc.,* 283 F.3d 1222, 1225 (10th Cir. 2002);

*see also Oklahoma Turnpike Auth.,* 259 F.3d at 1243. "[The judgment] must be a 'judgment' in

the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense

that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims

action.'" *Curtiss-Wright Corp.,* 466 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey,* 351

U.S. 427, 436 (1956)); *see also Old Republic Ins.*, 283 F.3d at 1225. "For purposes of Rule

54(b), a claim comprises all factually or legally connected elements of a case, but there is no

bright-line rule to distinguish multiple claims, which may be appealed separately, from multiple

legal grounds in a single claim, which may not." *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir.

2005). "This distinction is based largely on practical concerns, particularly the question whether

a subsequent appeal of the claims before the district court will require the court of appeals to

revisit the same issues decided in the first appeal." *Id.*

In this case, SCO seeks certification of portions of its Second Claim for Relief and

portions of Novell's Fourth Claim for Relief. The court concludes that these portions of the

parties' claims for relief do not constitute individual claims for purposes of Rule 54(b).

Therefore, the finality requirement has not been met.[1]

With respect to the remaining claims SCO seeks to have certified, the issue before the

court is whether there should be any just reason for delay of entry of final judgment in light of the

strong policy against piecemeal appeals. *See Curtis-Wright*, 466 U.S. at 8. To aid in this inquiry,

the Supreme Court directed district courts to exercise discretion "in the interest of sound judicial

administration" to determine when each final decision in a multiple claims action is ready for

appeal. *See Curtis-Wright*, 466 U.S. at 8 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 437).

---

[1]        Even if this court were to conclude that the order on the claims SCO seeks to be certified was a final order for purposes of Rule 54(b), it is not conclusive for purposes of appellate jurisdiction. *See McKinney v. Gannett Co., Inc.,* 694 F.2d 1240, 1247 (10th Cir. 1982) (jurisdictional defect cannot be cured by Rule 54(b) certification) (citation omitted); *see also Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3rd Cir. 1990) (partial adjudication of single claim not appealable despite Rule 54(b) certification). If the order from which the appeal is taken is in fact interlocutory and does not adjudicate one or more but less than all claims in the action, Rule 54(b) does not permit an immediate appeal notwithstanding the trial court's decision to treat the order as final. *Buckley v. Fitzsimmons,* 919 F.2d 1230, 1237 (7th Cir. 1990), *modified on other grounds,* 952 F.2d 965 (7th Cir. 1992), *reversed on other grounds,* 113 S.Ct. 2606 (1993); *see* 10 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and Procedure: Civil 2d* § 2655, at 41 (1982); *see also United States v. Burnett,* 262 F.2d 55, 59 (9th Cir. 1958) (court's language calling a judgment final is not determinative if its own import was to dispose of only a portion of the damages issues presented by a single claim).

The court finds no compelling reason to separate these remaining claims for an immediate

appeal given that the remaining claims in the case will be ready for appeal in two to three

months.  Regardless of the outcome of the upcoming trial, there will undoubtedly be an appeal at

that time.  Thus, the first appeal would still be in the briefing stage when the second appeal was

initiated.  The risk of piecemeal appeals presented in this case is not outweighed by inequities

that could result from delaying an appeal.  The trial on the remaining portions of this case is set

to begin in only ten days.  A potential two to three month delay in bringing an appeal presents

little, if any, inequities.   For these reasons, the court concludes that the factors under Rule 54(b)

weigh in favor of denying SCO's Rule 54(b) Motion for Entry of Final Judgment.  Accordingly,

SCO's Motion for Entry of Final Judgment is denied.

## II.  Motion to Strike Jury Demand

Novell moves for this court to strike SCO's jury demand, arguing that the remaining

claims for trial seek only equitable remedies that should be decided by the court.  SCO opposes

this motion, claiming that several of the remaining claims are historically legal in nature and seek

legal damages.

The parties agree that the claims remaining for trial include Novell's Third Claim for

breach of contract, Fourth Claim for declaratory judgment, Sixth Claim for constructive

trust/restitution/unjust enrichment, Seventh Claim for breach of fiduciary duty, and Eighth Claim

for conversion.  Despite the number of claims for relief that remain, Novell states that in light of

the court's August 10, 2007 Memorandum Decision and Order and the court's directive to the

parties to identify the remaining claims for trial, the parties have narrowed the issues for trial to

three:  (1) Are additional SCOsource licenses, like the Sun and Microsoft licenses, "SVRX

Licenses" within the meaning of the APA?; (2) What proportion of the payments received and

retained by SCO from the Sun, Micorsoft and additional SCOsource licenses should have been

paid to Novell?; and (3) Did SCO have authority under the APA to enter into the Sun, Microsoft,

and additional SCOsource licenses?

Novell argues that SCO is not entitled to a jury trial on these claims because they are

inherently equitable claims that seek only equitable relief—restitution and declaratory relief.

Although Novell's Seventh and Eighth Claims for Relief also seek special damages for Novell's

costs in attempting to make SCO comply with the APA, Novell is not seeking those damages at

trial.  Novell has also dropped any claim for punitive damages.  SCO, however, contends that all

of Novell's claims seek damages resulting from its failure to remit royalties to Novell as required

by the APA.

The right to a jury trial under federal law depends on whether the nature of the action is at

law or in equity.  *Manning v. United States*, 146 F.3d 808, 811-12 (10th Cir. 1998).  The

Supreme Court requires courts to conduct a two-part inquiry to determine the nature of an action.

*Chauffeurs, Teamsters and Helpers, Local 391 v. Terry*, 494 U.S. 558, 565 (1990).  First, the

court should determine whether the action would have been brought in law or equity in 18th-

century England.  *Id.*  Next, the court should "examine the remedy sought and determine whether

it is legal or equitable in nature."  *Id.*

The right to a jury trial "depends on the nature of the issue to be tried rather than the

character of the overall action."  *Id.* at 565.  In that regard, "[t]he second inquiry is more

important in [the] analysis."  *Id.* at 565, 569.  The Supreme Court has recognized that a court

need not rest its "conclusion on what has been called an 'abstruse historical' search for the

nearest 18th-century analog." *Tull v. United States*, 481 U.S. 412, 421 (1987). Rather "the relief

sought is 'more important' than finding a precisely analogous common-law cause of action in

determining whether the Seventh Amendment guarantees a jury trial." *Id.*

The parties do not appear to dispute the historic legal and equitable nature of the

remaining claims. Novell admits that a breach of contract claim and conversion were historically

an action at law. And, SCO admits that restitution and breach of fiduciary duty are historically

equitable claims. The name a complaint affixes to the claims, however, is not controlling.

Consequently, both parties argue that the court should not be tied to the historic categorization of

the respective claims. Although Novell admits that its breach of contract and conversion claims

were historically actions at law, it asserts that the court must examine the remedy sought for

those claims to determine whether each of the claims is legal or equitable in nature. Similarly,

while SCO admits that restitution and breach of fiduciary duty are historically equitable claims, it

contends that these claims seek damages relating only to a breach of contract.

Legal damages compensate a plaintiff for its injuries such as lost profits, expenses

incurred as a consequence of the harm, etc. Equitable remedies such as restitution, unjust

enrichment, disgorgement, accounting, constructive trust, etc., require a defendant to turn over

the benefits the defendant gained unjustly. This court's August 10, 2007 Memorandum Decision

and Order found that SCO breached its fiduciary duty to Novell when it failed to remit royalties

to Novell for licenses indisputably containing SVRX technology. As a result, the court found

that Novell was entitled to a constructive trust for those amounts because Novell retained a 100%

equitable interest in royalties from SVRX Licenses. The only question of fact remaining for trial

is the proper amount of the constructive trust.

The fact that a contract established the fiduciary relationship does not convert the nature of the relief sought into traditional legal damages. In *C & K Engineering Contractors v. Amber Steel Co.*, 23 Cal. 3d 1, 9 (1978), the court acknowledged that a breach of contract claim was typically "an action at law in which a right to jury trial ordinarily would exist," but the underlying remedy sought was enforcement of a promise through estoppel, which was equitable. Because "the legal or equitable nature of a cause of action ordinarily is determined by the mode of relief to be afforded," the court concluded that the plaintiff had no right to a jury trial. *Id.* at 9, 11. In *In re Friedberg*, 131 B.R. 6, 12 (S.D.N.Y. 1991), the court found that there was no right to a jury trial on a breach of contract claim where the claim effectively sought specific performance of a clause requiring return of a deposit. Also, in *De Guere v. Universal City Studios, Inc.*, 56 Cal. App. 4th 482, 507-08 (1997), the court held that where the focus of a breach of contract claim was an accounting of monies improperly withheld, the claim was equitable and the defendant had no right to a jury trial. Furthermore, in *Van De Kamp v. Bank of America*, 204 Cal. App. 3d 819, 864 (1988), the court granted a motion to vacate a jury trial in favor of a bench trial "where the fiduciary [was] liable for various sums of money and plaintiffs [did] not know what money [was] due them." In that case, although the plaintiffs sought damages, the court found that the claim was equitable. *Id.*

What remains for trial is this case is similar to *Van De Kamp.* The court has already found that SCO is liable to Novell for its breach of fiduciary duty because it unjustly retains SVRX Royalties belonging to Novell. Therefore, the trial is necessary only to determine the proper amount. This case is also more analogous to an action for apportionment of monies held in trust than a breach of contract action. In *Kim v. Yi*, 139 Cal. App. 4th 543, 546, 549-50 (2006),

the court found that there was no right to a jury trial in an action for apportionment of settlement

proceeds because apportionment of monies held in trust is "consistently characterized as

equitable in nature."  In this case, the court has found that Novell has an equitable interest in the

SVRX Royalties and met the requirements for imposition of a constructive trust for the amount

of SVRX Royalties improperly in SCO's possession.

SCO relies heavily on *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204

(2002), in which the court observed that an action, by any name, which involves a contractual

obligation to pay past due sums is "quintessentially an action at law."  The *Great-West* Court

noted, however, that where an action does not seek "to impose personal liability on the

defendant, but to restore to the plaintiff particular funds or property in the defendant's

possession," the action is equitable.  *Id.* at 214.

"[N]ot all money claims are triable to a jury.  A historic equitable remedy was the grant of

restitution by which defendant is made to disgorge ill-gotten gains or to restore the status quo, or

to accomplish both objectives.  And when restitution is sought in the form and in the situations

allowed in equity prior to the rules or authorized by valid statutes there is no right to a jury trial."

*SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 95 (2d Cir. 1978).

Many of the cases cited by SCO are also distinguishable on the grounds that the plaintiff

sought traditional legal damages.  For example, in *Robine v. Ryan*, 310 F.2d 797, 798 (2d Cir.

1962), the plaintiffs sought damages caused by the defendant's misappropriation of plaintiffs'

invention, not a return of a *res* unjustly held.  And, in *Pereira v. Farace*, 413 F.3d 330, 341 (2d

Cir. 2005), the trustee sought funds attributable to the company's loss, "not the director's unjust

gain."  The court in *In re Lands End Leasing, Inc.*, 193 B.R. 426, 429-30 (D. N.J. 1996), granted

summary judgment on the equitable claims and allowed the claims for compensatory and

punitive damages based on alleged fraudulent conduct to proceed.

Therefore, the court concludes that Novell's breach of contract, breach of fiduciary duty,

constructive trust/restitution/unjust enrichment, and conversion claims are equitable in nature

given the nature of the relief sought under these claims and the limited issues remaining for trial.

Accordingly, none of these claims provide a right to a jury trial.

The parties separately address Novell's claim for declaratory relief. SCO alleges that

Novell's claim for declaratory relief actually seeks a declaration that SCO breached Section

4.16(b) by entering into SCOsource agreements without Novell's prior approval. Novell admits

that its Amended Counterclaims set broader contours for this claim, but asserts that it has the

right to seek only a narrow form of declaratory relief at trial. Novell asserts that at trial it seeks

only a declaration that SCO had no authority to enter into the Sun and Microsoft Licenses, as

well as the Intellectual Property Licenses with Linux end users and UNIX vendors. Novell

agrees to be bound by this limitation.

SCO further claims that it has a right to a jury trial on Novell's declaratory judgment

claim because, absent the procedural vehicle of declaratory relief, Novell's claim would have

sounded in contract. *See Fischer Imaging Corp. v. General Elec. Co.*, 187 F.3d 1165, 1169-71

(10th Cir. 1999). In *Monroe Property, LLC v. Bachelor Gulch Resort, LLC*, 374 F. Supp. 2d

914, 923-24 (D. Colo. 2005), the court recognized that "to determine whether there is a right to

jury trial in a declaratory judgment action, it is necessary to determine in what kind of an action

the issue would have come to the court if there were no declaratory judgment procedure."

SCO argues that, absent the declaratory judgment procedure, the only claim Novell could

have brought would have been a breach of contract of the prior-approval provision of the APA.

Novell contends that it could have brought claims for specific performance to enforce the APA's

approval requirement or rescission based on an agent exceeding its authority in entering into a

contract.  Novell also claims that it could have sought an injunction preventing SCO from

entering into new SVRX Licenses without Novell's approval.  All of these claims would be

equitable.

In any event, SCO's position ignores the significance of the remedy sought under the

claim.  Importantly, Novell does not seek legal damages from SCO for injuries to Novell on

account of SCO exceeding its authority in entering into the licenses.  Novell is not seeking a

determination of lost sales or lost profits arising from SCO's actions.  Novell seeks only an

interpretation of the parties' rights.

A declaratory judgment claim that seeks construction of a contract and no relief akin to

damages is an equitable claim.  *Manning v. United States*, 146 F.3d 808, 813 (10th Cir. 1998).  In

*Burlington N. R.R. Co v. Nebraska Public Power Dist.*, 931 F. Supp. 1470, 1484 (D. Neb. 1996),

the court concluded that there was no right to a jury trial on declaratory judgment claims

involving the construction of various contractual provisions.  The court reasoned that because

judges in the late 18th century generally kept the construction of writings out of the jury's hands

and the United States Supreme Court has recognized that this practice was for good reason, it is

"not necessary (or proper) for 'the jury [to] shoulder [the] responsibility" of construction of the

contract . . . in order to "preserve the 'substance of the common-law right of trial by jury.'"  *Id.*

(citations omitted).

The court concludes that because Novell's declaratory relief claim seeks only a

declaration of the rights and duties under Section 4.16(b), it is equitable in nature.  Novell's

claim is not a substitute for an action for breach of contract.  Accordingly, SCO is not entitled to

a jury trial based on this claim.  Therefore, the court grants Novell's Motion to Strike Jury

Demand and concludes that this matter should proceed as a bench trial.

### III.  Novell's Motion to Voluntarily Dismiss Its Third Claim for Relief

Novell seeks dismissal of its Third Claim for Relief for breach of contract on the grounds

that it is duplicative of its other remaining claims that seek the same relief.  Novell asserts that

the court's August 10, 2007 Order resolves many of the issues arising under Novell's Third

Claim for Relief even though it concerns motions relating to other claims.  SCO contends that

such dismissal is motivated by tactical maneuvers and aimed at preventing it from having a jury

trial.  Novell replies that even if the case is tried to a jury, a dismissal of its breach of contract

claim will streamline the trial by reducing the number of jury instructions and complexity of the

special verdict.

Rule 41(a)(2) of the Federal Rules of Civil Procedure grants the court the authority to

dismiss claims at the request of the claimant "upon such terms and conditions as the court deems

proper."  Fed. R. Civ. P. 41(a)(2).  "The rule is designed primarily to prevent voluntary

dismissals which unfairly affect the other side, and to permit the imposition of curative

conditions."  *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005).  "But, '[a]bsent "legal

prejudice" to the defendant, the district court normally should grant such a dismissal.'"  *Id.*

(quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).  Both parties agree that the

issue before the court is whether SCO will be prejudiced by Novell's dismissal of its Third Claim

for Relief.

The Tenth Circuit has explained that prejudice can result from "practical factors" such as "'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of the litigation." *Id.* at 1124. Because these factors are "neither exhaustive nor conclusive," the court "should be sensitive to other considerations unique to the circumstances of each case." *Id.* The court's ultimate goal is to consider the equities facing both parties in order "to insure substantial justice is accorded to both parties." *Id.*

The "practical factors" recognized by the Tenth Circuit weigh in favor of dismissing Novell's Third Claim for Relief. Because Novell's breach of contract claim is duplicative of its fiduciary duty and conversion claims, the parties have not gone to additional effort or expense in preparing separately for the breach of contract claim. In addition, Novell did not delay in bringing this motion. Although the motion is filed close to trial, it was filed as a result of and timely after this court's August 10, 2007 Order. The court's August 10, 2007 Order significantly altered the posture of the case and required the parties to examine the proper resolution of several claims that were not directly addressed but were affected by the Order. Therefore, the court finds no prejudice to SCO based on the timing of Novell's motion. Furthermore, Novell's explanation for dismissing a duplicative claim that seeks the same relief as other claims provides an adequate basis for dismissal. It is a benefit to both the parties and the court to streamline the approaching trial.

SCO's primary objection to Novell's motion is a consideration unique to the circumstances of this case–namely, whether the dismissal of this claim affects its constitutional right to a jury trial. SCO contends that Novell is manipulating Rule 41(a) in order to obtain a

bench trial that it would not otherwise have had.  Whereas, Novell claims that even if the breach

of contract claim is left in, SCO is not entitled to a jury trial.  In addition, Novell asserts that it

seeks dismissal of the claim even if the case is tried to a jury.

The court has already determined that Novell's breach of contract claim does not entitle

SCO to a jury demand because it seeks only equitable relief.  Even if the court had not so ruled,

the court would find that Novell is entitled to voluntarily dismiss its third counterclaim for

breach of contract.  There is no evidence that Novell has brought this motion for improper

tactical motives and SCO has not demonstrated prejudice.

SCO further asserts that Novell should be precluded from raising its Third Claim for

Relief in a subsequent trial on the bifurcated issues.  The claims remaining on those bifurcated

issues, however, are questionable and SCO has consented to dismissal of Novell's First, Second,

and Fifth claims for relief under the same conditions Novell seeks with respect to its Third

Claim.  The court finds no prejudice in allowing Novell to renew its claim under the same

conditions.

Therefore, the court grants Novell's Motion to Voluntarily Dismiss Its Third Claim for

Relief.  Novell's Third Claim for Relief is dismissed, with Novell having the right to renew such

claim only in there event that there is any subsequent adjudication or trial in this action that

retries its Fourth, Sixth, Seventh, or Eight Claims for Relief or there is any enlargement of the

issues for trial beyond that contemplated by the August 17, 2007 Joint Statement.

**IV.  SCO's Motion in Limine to Exclude All Evidence Related to Other Litigation**

SCO's motion seeking an order limiting evidence relating to its litigation with IBM is

moot given the court's ruling regarding SCO's right to a jury trial.  While a jury may have been

prejudiced by certain remarks, the court is not.  Given the issues remaining for trial, however, the court would expect such references to be quite limited and only in relation to matters of testimony and exhibits that may overlap.

### V.  Novell's Motion in Limine No.1

Novell's Motion in Limine No. 1 seeks to preclude SCO from challenging questions already decided as a matter of law in the court's August 10, 2007 Memorandum Decision and Order.  Novell summarizes several of the court's holdings and asks the court to prevent SCO from challenging such holdings at trial.  SCO opposes Novell's motion on the grounds that it is moot, improperly summarizes the court's order, and should apply to both parties equally.

There is no dispute that both parties are equally bound by the court's order.  There is also no dispute that the parties are bound by the entirety of the order.  There is, however, a dispute as to whether Novell's motion is moot.  Based on SCO's opposition to the motion, the real crux of Novell's motion appears to be preventing SCO from challenging the court's conclusions that SCO never "validly converted" Sun and Microsoft to UnixWare, that the APA's definition of SVRX Licenses appears to apply even to incidental licenses of SVRX, and that the Sun and Microsoft Agreements have some SVRX component.  The court's order found that the Sun and Microsoft licenses are SVRX Licenses, even if the SVRX component of those leases are only incidental.

SCO claims that it has no intention of introducing evidence contrary to the court's order. In that regard, Novell's motion could well be moot.  The court, however, cautions both parties that they are not to rehash issues that have already been decided.  The trial is to be entirely focused on facts relevant to the appropriate value of the SVRX component licensed in the Sun,

Microsoft, and other similar SVRX Licenses.  The court has already found that those amounts

constitute SVRX Royalties that should have been remitted to Novell.  To the extent that SCO is

continuing to argue positions contrary to the court's order, Novell's Motion in Limine No. 1 is

granted.

### VI.  Novell's Motion in Limine No. 2

Novell also seeks an order precluding SCO from contesting that licenses conveying

SVRX rights are SVRX Licenses according to the terms of the APA.  SCO argues that it will not

dispute at trial that the Sun and Microsoft Agreements have an SVRX component and that this

SVRX component constitutes an "SVRX License."  SCO does intend to argue, however, that the

SVRX component is an incidental portion of the larger agreement and its value is de minimis.

SCO is correct that one purpose of the trial is to determine what portions of the Sun and

Microsoft Agreements license SVRX technology and what value is attributable to those portions.

Therefore, SCO cannot be and is not precluded from arguing that the SVRX component is de

minimis.

SCO's attempt, however, at making a distinction between the license as a whole being an

SVRX License and only the SVRX component of the license being an SVRX License is contrary

to the court's finding that even an incidental license of SVRX is considered an SVRX License

under the APA's broad definition of SVRX License.  The court rejected SCO's arguments that

the Sun and Microsoft Agreements were not SVRX Licenses because they licensed SVRX only

incidentally.  SCO's distinction also appears to be irrelevant to the factual questions to be

determined at trial--what portion of the licenses are attributable to SVRX technology and what

value is attributable to that portion.  There is no relevance to evidence relating to legal

determinations already made by the court.  Disputes as to the court's interpretation of the contract should be left for appeal.

Novell's motion does not seek a ruling from the court that the other SCOsource licenses are in fact SVRX Licenses.  Novell acknowledges that it must establish such facts at trial. Accordingly, the court grants Novell's Motion in Limine No. 2 to the extent that it seeks to prevent SCO from challenging the legal conclusions in the court's prior order with respect to the definition of SVRX Licenses.

### VII.  SCO's Motion in Limine Re: Apportionment of Microsoft and Sun Licenses

SCO moves for an order instructing Novell to refrain from stating to the jury that Novell is entitled to all of the revenue associated with the April 30, 2003 agreement between SCO and Microsoft; that Novell is entitled to any revenue from the rights granted in any section of the Microsoft Agreement other than possibly Section 4; that Novell is entitled to all of the revenue associated with the February 25, 2003 agreement between SCO Sun Microsystems; or that Novell is entitled to revenue from the rights granted in any section of the Sun Agreement other than Section 4.  SCO asserts that such arguments would confuse the issues and be misleading to the jury.

The court's determination that the trial will be to the bench, rather than a jury, moots SCO's arguments with respect to confusion.  SCO's motion, however, also improperly asks the court to make rulings as a matter of law regarding factual disputes that are left for trial.  The trial is intended to address what portions of the agreements license SVRX technology and the royalties attributable to those portions that should have been treated as SVRX Royalties.  The parties can dispute at trial from which portions of the agreements Novell is entitled to SVRX

Royalties.

Furthermore, the parties dispute which party has the burden of proof in the apportionment determination.  Given that the case is proceeding as a bench trial, the parties can submit trial briefs regarding legal issues such as burdens of proof.  Therefore, SCO's motion in limine regarding apportionment of the Sun and Microsoft licenses is mooted in part and denied in part.

### VIII.  Novell's Motion in Limine No. 3

Novell's third motion in limine seeks to preclude SCO from introducing new evidence and argument regarding an apportionment of SCOsource revenue.  Novell asserts that SCO has repeatedly claimed that Novell in not entitled to any allocation from the Sun and Microsoft licenses, and SCO should not be allowed to enter evidence regarding any other division of the SCOsource revenues.

Novell's motion is untenable given the court's ruling that the Sun and Microsoft Agreements contain an SVRX component and that the revenue attributable to that component must be ascertained at trial.  SCO recognizes that it is bound by this ruling for purposes of the approaching trial.  While Novell is introducing evidence as to the appropriate allocation, SCO shall be permitted to offer evidence and argument against Novell's position–whether that includes a different allocation, such as de minimis, or an argument that no apportionment is appropriate.

SCO states that it does not intend to identify a specific number that should correspond with its positions that the value of the SVRX component is zero or de minimis.  The court finds that there is no basis for requiring SCO to take a position that the appropriate allocation is zero if the evidence that is introduced at trial suggests something different and SCO concludes that it is

more appropriate.

Novell also seeks to preclude SCO from presenting expert testimony from Dr. Thomas

Cargill.  SCO, however, asserts that it properly disclosed Dr. Cargill as an expert, and it does not

intend to submit any testimony from Dr. Cargill other than what it has already disclosed.

Accordingly, the court concludes that Novell has no basis for precluding Dr. Cargill's testimony.

Given SCO's representation regarding the scope of Dr. Cargill's testimony, the court finds that

no limitation is necessary.

Novell's reply takes issue with SCO's arguments in SCO's separate motion in limine

regarding apportionment because it parses the rights conveyed by the licenses and SCO did not

provide this type of an analysis in response to discovery requests.  While the court finds that SCO

should have provided such an analysis with respect to apportionment, especially in light of

SCO's fiduciary duties regarding the allocation of SVRX revenues, it finds no prejudice to

Novell if SCO is allowed to proceed with that type of analysis at trial.  Novell will have an

adequate opportunity to rebut such claims.  Accordingly, Novell's Motion in Limine No. 3

seeking to preclude SCO from introducing new evidence and argument regarding apportionment

of SCOsource Revenue is denied.

## IX.  Bench Trial Procedures & Other Matters

Both parties shall file trial briefs by the close of business on Friday, September 14, 2007.

On the morning of trial, Monday, September 17, 2007, the parties shall submit proposed finding

of fact and conclusions of law, and a proposed form of judgment.  The parties will be allowed to

supplement such materials at the close of trial if necessary.

The court notifies the parties that it will not hear argument at the Tuesday, September 11,

2007 hearing on SCO's Motion for Reconsideration or Clarification of the Court's August 10,

2007 Order.  As discussed in a telephone conference with the parties' counsel, the court requests

that Novell file its opposition to the motion at approximately the close of business on Monday,

September 10, 2007.  The court requests that SCO file a reply memorandum by Wednesday,

September 12, 2007.  The court will issue a ruling on the motion prior to trial.

## CONCLUSION

For the reasons stated above, SCO's Motion for Entry of Final Judgment Pursuant to

Federal Rule of Civil Procedure 54(b) is DENIED; Novell's Motion to Strike Jury Demand is

GRANTED; Novell's Motion to Voluntarily Dismiss Its Third Claim for Relief is GRANTED;

SCO's Motion in Limine to Exclude All Evidence Related to Other Litigation and Commentary

Thereon is MOOT; Novell's Motion in Limine No. 1 to Preclude SCO from Challenging

Questions Already Decided as a Matter of Law is GRANTED; Novell's Motion in Limine No. 2

to Preclude SCO from Contesting Licenses Conveying SVRX Rights are "SVRX Licenses" is

GRANTED; SCO's Amended Motion in Limine Regarding Apportionment of Microsoft and Sun

SCOsource Licenses is MOOT IN PART and DENIED IN PART; and Novell's Motion in

Limine No. 3 to Preclude SCO from Introducing New Evidence or Argument Regarding

Apportionment of SCOsource Revenue is DENIED.

DATED this 7th day of September, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge