# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **THE SCO GROUP, INC.,**<br><br>　　　　　　**Plaintiff,**<br><br>vs.<br><br>**NOVELL, INC.,**<br><br>　　　　　　**Defendant.** | **ORDER**<br><br>Civil Case No.  2:04CV139DAK |

　　　　This matter is before the court on The SCO Group, Inc.'s ("SCO") Motion for Reconsideration or Clarification of the Court's Order dated August 10, 2007.  The parties have fully briefed the motion, and the court concludes that a hearing would not significantly aid in its determination of the motion.  Having carefully considered the memoranda submitted by the parties and the facts and law relevant to the motion, the court enters the following order denying SCO's motion.

　　　　SCO seeks reconsideration of the court's determination that while the amended APA allowed SCO to enter into SVRX Licenses incidentally involved in its rights to sell and license UnixWare, such incidental licensing did not excuse SCO from paying royalties to Novell for the SVRX components in those licenses.   It is within the court's discretion to reconsider a previous order.  *Anderson v. Deer & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).

Rule 54(b) provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). In *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981), the Tenth Circuit explained that

> When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings. 1B Moore's Federal Practice P 0.404(1) at 402-03. The rule is one of expedition, designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided. *Roberts v. Cooper*, 61 U.S. (20 How.) 467, 481, 15 L.Ed. 969 (1858); *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967). Unlike res judicata, the rule is not an "inexorable command," but is to be applied with good sense. *Murtha*, 377 F.2d at 431-32 . . . . When a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal. *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.), *cert. denied*, 444 U.S. 856, 100 S. Ct. 116, 62 L. Ed. 2d 75 (1979) . . . . Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous. *See Fuhrman v. United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir.), *cert. denied*, 414 U.S. 859, 94 S. Ct. 71, 38 L.Ed.2d 110 (1973); *Murtha*, 377 F.2d at 431-32.

Although Rule 54(b) allows a court to revisit any order that rules on less than all of the claims in a case, a motion to reconsider is not appropriate when it merely restates the party's position taken in the initial motion. A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new

arguments, or supporting facts which were available at the time of the original motion.  Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed."  *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

SCO asserts that even though Novell argued that it was entitled to royalties if the licensing of SVRX was incidental, that was not Novell's central argument.  SCO also contends that the issue was not fully briefed because Novell did not argue that it was entitled to SVRX Royalties for incidental licenses of SVRX until its reply memorandum.  But SCO's assertions fail to recognize that it was SCO who raised the argument regarding incidental licensing of SVRX in its memorandum in opposition to Novell's motion for partial summary judgment on its Sixth, Seventh, Eighth and Ninth Claims for Relief.  SCO also filed a cross motion for summary judgment on these claims.  SCO asserted that it was not required to pay royalties to Novell under the Sun and Microsoft Agreements because those agreements are licenses for UnixWare that license SVRX only incidentally.  In making that argument, SCO had the opportunity to raise all of its arguments with respect to why the APA, as amended, did not require it to pay royalties for such incidental licenses.

SCO further claims that it presented evidence that the licensing of SVRX in the Sun and Microsoft Agreements was only incidental to a UnixWare license and that Novell was not entitled to a royalty for such incidental licenses of SVRX apart from whatever royalty Novell was entitled to receive pursuant to the APA's provisions regarding UnixWare royalties.  Despite the

evidence SCO presented, the court recognized that the parties disputed whether the SVRX component of the licenses was only incidental and found that there was a question of fact as to the portion of SVRX technology licensed in the Sun and Microsoft Agreements.

The court understood and analyzed both parties' positions, conducted its own analysis to interpret the applicable agreements, and explained the reasoning behind its conclusions in its August 10, 2007 Memorandum Decision and Order. SCO does not contend that any change in fact or law has occurred since the court's order. SCO merely disagrees with the court's order. SCO restates its previous arguments and asserts new arguments that were available to it at the time of the original briefing on this issue. These do not provide grounds for a motion to reconsider.

Even if the court were to consider SCO's newly asserted argument regarding the failure of the APA to specify any method for calculating SVRX Royalties in the case of an incidental license of SVRX, the court concludes that it does not impact its prior analysis of the issue. The APA made SCO Novell's administrative agent for purposes of passing through SVRX Royalties and royalties from SCO's future sale of UnixWare products.

It is clear that the royalty obligation with respect to the future sale of UnixWare products expired on December 31, 2002. Thus, such obligation expired before the Sun and Microsoft Agreements at issue. SCO's citation to Schedule 1.2(b) § (b)(i)(a) for the proposition that there was no obligation to pay royalties to Novell is unclear given that the obligation had expired and, in any event, the section relates to the amount of product that was required to be shipped or licensed in a year before the royalty obligation began.

The court continues to find that the only provision of Schedule 1.2(b) relevant to the

parties' dispute on this issue is § (f), which relates to whether an SVRX customer has been validly converted to UnixWare. While the APA terminated SCO's royalty obligations with respect to UnixWare, it provided for no termination of SCO's obligation with respect to SVRX Royalties. With respect to SVRX Royalties, SCO had a continuing obligation to pass those royalties through to Novell.

Section 4.16 allowed SCO to enter into new SVRX Licenses and amendments to existing SVRX Licenses incidental to its license of UnixWare, but nothing in Section 4.16 attempts to terminate Novell's right to SVRX Royalties to those SVRX Licenses. Although it is possible that the provisions of § (f) of Schedule 1.2(b) could terminate the SVRX Royalty obligation with respect to an existing SVRX customer, SCO makes no attempt to assert that it validly converted either Sun or Microsoft to UnixWare.

Section 1.2(f) of the amended APA provides that SCO is to provide Novell with a report detailing its receipt of SVRX Royalties and royalties from Royalty-Bearing Products as contemplated by Schedule 1.2(b), which is defined as UnixWare products and White Box. Such reports were to be separately broken down by revenue type, product, customer, etc. To the extent that SCO licensed SVRX technology incidental to UnixWare and such license had no value, Section 1.2(f) would still require SCO to notify Novell of its receipt of royalties and break it down by revenue type and product.

After negotiating new or amended SVRX Licenses with a customer, SCO would have had all the information necessary for allocating the value for the separate portions of the agreements. As Novell's fiduciary, SCO was obligated to account and remit the appropriate amount. The APA sets forth these requirements. The fact that the APA did not include a method

for calculating the value of the SVRX technology licensed does not change the court's conclusion that it was SCO's fiduciary obligation to carry out that function.  The APA plainly places that duty on SCO.

While a motion for reconsideration should be granted to correct manifest errors of law, *see Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997), neither SCO's arguments nor the court's review of its prior order convinces the court that the analysis in its prior order contains manifest errors of law.  SCO also states that insofar as it has misapprehended the court's ruling on this issue, its motion should be considered a request for clarification.  The briefing on this motion and other pretrial motions demonstrates that SCO has not misapprehended the court's ruling.  Therefore, no clarification is necessary.

For these reasons, SCO's Motion for Reconsideration or Clarification of the Court's Order dated August 10, 2007 is denied.

DATED this 14th day of September, 2007.

BY THE COURT:

DALE A. KIMBALL
United States District Judge