IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>        Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>        Defendant and Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING NOVELL'S RULE 60(b) MOTION FOR RELIEF FROM FINAL JUDGMENT<br><br><br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Novell's Rule 60(b) Motion for Relief from Final Judgment. Defendant asks this Court to set aside the Judgment as it relates to the Court's finding that Novell was not entitled to royalties from certain licenses because those licenses were not SVRX licenses. Defendant argues that this conclusion rested on the Court's prior conclusion that Plaintiff did not own the copyrights at issue. As that decision has now been reversed, Defendant argues that the decision relating to the royalties must also be reversed. Plaintiff argues that Defendant's Motion is barred by the mandate rule, is not permitted under Rule 60, and fails on the merits. The Court agrees that Defendant's Motion is barred by the mandate rule and, for the reasons discussed below, the Court will deny Defendant's Motion.

1

## I. BACKGROUND

As the Tenth Circuit stated:

> This case primarily involves a dispute between SCO and Novell regarding the scope of intellectual property in certain UNIX and UnixWare technology and other rights retained by Novell following the sale of part of its UNIX business to Santa Cruz, a predecessor corporate entity to SCO, in the mid-1990s.[1]

Both parties claim that they are the rightful owner the UNIX and UnixWare copyrights. Pursuant to the Tenth Circuit's decision, that issue will be for the jury to decide.

Defendant now seeks to set aside this Court's previous decision concerning Defendant's entitlement to certain royalties. Defendant argues that Judge Kimball's decision concerning those royalties was premised on the decision that it, not Plaintiff, was the owner of the copyrights at issue. Because that decision has now been reversed, Defendant seeks relief from Judge Kimball's decision on the issue of royalties.

Defendant did not raise this issue on appeal. The Tenth Circuit's mandate states:

> For the foregoing reasons, we AFFIRM the district court's judgment with regards to the royalties due Novell under the 2003 Sun-SCO Agreement, but REVERSE the district court's entry of summary judgment on (1) the ownership of the UNIX and UnixWare copyrights; (2) SCO's claim seeking specific performance; (3) the scope of Novell's rights under Section 4.16 of the APA; (4) the application of the covenant of good faith and fair dealing to Novell's rights under Section 4.16 of the APA. On these issues, we REMAND for trial.[2]

## II. DISCUSSION

The mandate rule is an "important corollary" to the law of the case doctrine.[3] "The mandate rule is a 'discretion-guiding rule' that 'generally requires trial court conformity with the

---

[1] *The SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1204 (10th Cir. 2009).

[2] *Id.* at 1227.

[3] *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001).

2

articulated appellate remand,' subject to certain recognized exceptions."[4] The mandate rule "provides that a district court must comply strictly with the mandate rendered by the reviewing court."[5] While "a district court is bound to follow the mandate, and the mandate 'controls all matters within its scope, . . . a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.'"[6] However, the mandate rule prevents a court from considering an argument that could have been, but was not, made on appeal.[7]

---

[4] *United States v. Hicks*, 146 F.3d 1198, 1200 (10th Cir. 1998) (quoting *United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir. 1996)).

[5] *Huffman*, 262 F.3d at 1132 (quotation marks and citation omitted).

[6] *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003) (quoting *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986)).

[7] *United States v. Webb*, 98 F.3d 585, 589 (10th Cir. 1996) (noting that because an issue was not appealed the district court's ruling became final and court did not err in declining to address it on remand); *see also Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (stating that "any issue that could have been but was not raised on appeal is waived and thus not remanded"); *United States v. Lee*, 358 F.3d 315, 324 (5th Cir. 2004) ("All other issues not arising out of [the appellate] court's ruling and not raised in the appeals court, *which could have been brought in the original appeal*, are not proper for reconsideration by the district court below."); *S. Atl. Ltd. P'ship of Tenn, LP v. Riese*, 356 F.3d 576, 584 (4th Cir. 2004) (stating that "the mandate rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived") (quotation marks and citation omitted); *United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002) ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded."); *United States v. Stanley*, 54 F.3d 103, 107 (2d Cir. 1995) (holding that mandate rule prevents district court from revisiting issue not raised in initial appeal); *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993) ("The black letter rule governing this point is that a legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date."); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987) ("Under law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity to do existed, become the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time."); 5 Am. Jur. 2d Appellate Review § 741 ("[A] court on remand may refuse to consider matters that could have been appealed, but were not.")

Here, the argument raised by Defendant in its Motion could have, and should have, been raised on appeal. Defendant could have easily argued to the Tenth Circuit that, if this Court's decision concerning the ownership of the copyrights was reversed, the decision concerning royalties should similarly be reversed. They did not. The Court cannot ignore Defendant's decision not to address this issue on appeal.

Further, the Court must take into consideration the limited nature of the mandate. As set forth above, that mandate is as follows:

> For the foregoing reasons, we AFFIRM the district court's judgment with regards to the royalties due Novell under the 2003 Sun-SCO Agreement, but REVERSE the district court's entry of summary judgment on (1) the ownership of the UNIX and UnixWare copyrights; (2) SCO's claim seeking specific performance; (3) the scope of Novell's rights under Section 4.16 of the APA; (4) the application of the covenant of good faith and fair dealing to Novell's rights under Section 4.16 of the APA. On these issues, we REMAND for trial.[8]

This is not a general mandate.[9] The mandate is very specific. The Tenth Circuit has remanded this matter to the Court for trial on those four specific issues identified in the mandate. Because of the specific nature of the mandate, the Court is not free to explore matters outside of it. Even if the Court could do so, the Court is not inclined to allow the parties to litigate this case anew.

"[A] district court may deviate from the mandate 'under exceptional circumstances, including (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) if blatant error

---

[8] *The SCO Group, Inc.* 578 F.3d at 1227.

[9] *Procter & Gamble Co.*, 317 F.3d at 1125 ("[W]hen the remand is general, however, the district court is free to decide anything not foreclosed by the mandate.") (quotation marks and citation omitted).

from the prior . . . decision would result in serious injustice if uncorrected.'"[10]  None of these circumstances are present here.

The Court further finds that those cases cited by Defendant are unconvincing in that they are dissimilar to the facts presented here and/or do not apply the mandate rule as adopted in the Tenth Circuit.

It is therefore

ORDERED that Novell's Rule 60(b) Motion for Relief from Final Judgment (Docket No. 608) is DENIED.  The hearing set for February 4, 2010, is STRICKEN.

DATED   January 28, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10] *Huffman*, 262 F.3d at 1133 (quoting *Webb*, 98 F.3d at 587).