IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENTS CONCERNING CLAIMS NOT INCLUDED IN SCO'S APPEAL OR THE TENTH CIRCUIT'S LIMITED MANDATE<br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Defendant's Motion in Limine No. 1. In that Motion, Defendant seeks to exclude evidence and argument concerning claims not included in Plaintiff's appeal or the Tenth Circuit's mandate. Specifically, Defendant seeks to preclude Plaintiff from presenting evidence and argument on its slander of title claim or the copyright ownership portions of its unfair competition and covenant of good faith claims. For the reasons discussed below, the Court will deny Defendant's Motion.

1

I. BACKGROUND

In order to fully understand Defendant's Motion, it is necessary to review this Court's August 10, 2007 Memorandum Decision and Order,[1] the Court's Final Judgment,[2] Plaintiff's brief on appeal,[3] and the Tenth Circuit's decision.[4]

In the Court's August 10, 2007 Memorandum Decision and Order, the Court recognized that a number of the parties' claims were dependent on the issue of copyright ownership. The format of the order emphasizes the importance of this issue. The Court began its "Discussion" section by first addressing the parties' "Cross Motions on Copyright Ownership."[5] The Court addressed the issue of copyright ownership with respect to the following motions:

> (1) SCO's motion for complete summary judgment on Novell's First Claim for slander of title on the basis that SCO purportedly owns the copyrights at issue; (2) SCO's motion for partial summary judgment on its slander of title claim, breach of contract claim, and unfair competition claim on the issue of whether SCO owns the UNIX and UnixWare copyrights; and (3) Novell's motion for summary judgment on SCO's slander of title and specific performance claims asserting that the plain language of the relevant contracts demonstrates that Novell owns the copyrights at issue.[6]

The Court concluded that Novell was the owner of the Unix and UnixWare copyrights.[7] The Court then stated:

---

[1] Docket No. 377.

[2] Docket No. 565.

[3] Docket No. 627, Ex. 3.

[4] *The SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201 (10th Cir. 2001).

[5] Docket No. 377, at 42.

[6] *Id*.

[7] *Id*. at 62.

This court's conclusion that Novell owns the UNIX and UnixWare copyrights impacts several of the claims asserted by both parties and several pending motions. Novell's motion on the copyright issue is brought with respect to SCO's First Claim for Relief for slander of title and Third Claim for Relief for specific performance. Novell is entitled to summary judgment on SCO's First Claim for Relief for slander of title because SCO cannot demonstrate that Novell's assertions of copyright ownership were false. In addition, Novell is entitled to summary judgment in its favor on SCO's Third Claim for Relief seeking an order directing Novell to specifically perform its alleged obligations under the APA by executing all documents needed to transfer ownership of the UNIX and UnixWare copyrights to SCO. Neither the original APA nor Amendment No. 2 entitle SCO to obtain ownership of the UNIX and UnixWare copyrights.[8]

The Court's Final Judgment stated, in pertinent part, as follows:

> 1. SCO's claims for Slander of Title (Count I) and Specific Performance (Count III) are dismissed pursuant to the Court's Memorandum Decision and Order dated August 10, 2007.
> 2. SCO's claims for Breach of Contract (Count II), Copyright Infringement (Count IV), and Unfair Competition (Count V) are dismissed pursuant to the Court's Memorandum Decision and Order dated August 10, 2007, insofar as these claims are based on ownership of pre-APA UNIX and UnixWare copyrights.[9]

In short, after finding that Defendant owned the copyrights, the Court entered judgment on a number of claims which turned on that issue. Upon entry of Final Judgment, Plaintiff then appealed this matter to the Tenth Circuit Court of Appeals. On appeal, Plaintiff discussed its slander of title claim and the Court's summary judgment ruling thereon.[10] Substantially tracking the format of the Court's August 10, 2007 Memorandum Decision and Order, Plaintiff focused on the ownership determination and set out the following issues on appeal:

---

[8]*Id*. at 62 (citation omitted).

[9]Docket No. 565, at 1.

[10]Docket No. 627, Ex. 3, at 4-5, 11.

(1) Did the district court err in concluding, as a matter of law, that Santa Cruz did not obtain the copyrights to the UNIX and UnixWare source code under the APA, but only an implied license?
(2) Did the district court err in concluding, as a matter of law, that if the APA did not itself transfer the copyrights, then SCO is not entitled to specific performance, requiring the transfer of the copyrights now?
(3) Did the district court err in concluding, as a matter of law, that Novell has the right under the APA to force SCO to waive legal claims against IBM for its breach of Software and Sublicensing Agreements that Novell had sold to Santa Cruz under the APA?
(4) Did the district court err in concluding that if Novell has the right under the APA to waive SCO's right against IBM, then Novell did not have to comply with the implied covenant of good faith and fair dealing in exercising that right?
(5) Did the district court err in concluding, as a matter of law, that Novell retained an interest in royalties from SCO's 2003 agreement with Sun Microsystems ("Sun") and other post-APA contracts related to SVRX technology.[11]

The Tenth Circuit similarly recognized this Court's summary judgment decision on the slander of title issue.[12] The Tenth Circuit summarized this Court's ruling as follows:

> Having found that SCO's assertions of copyright ownership were false, the court granted summary judgment to Novell on SCO's claims alleging slander of title and seeking specific performance of Novell's alleged duty to transfer ownership of the UNIX and UnixWare copyrights to SCO. The court also rejected SCO's claims against Novell for unfair competition under Utah common law or statutory law, or for breach of the implied covenant of good faith under California law.[13]

The Tenth Circuit set out the issues on appeal as follows:

> On appeal, SCO challenges various aspects of the decision below. It argues that the district court erred by concluding, as a matter of law, that (1) Santa Cruz did not obtain the UNIX and UnixWare copyrights from Novell, but instead acquired only an implied license; (2) SCO was not now entitled to specific performance-the transfer of any copyrights not transferred by the APA; (3) Novell has the right under the APA to force SCO to waive legal claims against IBM for its alleged breach of software and sublicensing agreements; (4) Novell did not have to comply with the implied covenant of good faith and fair dealing in exercising any

---

[11]*Id*. at 2.

[12]*The SCO Group, Inc.*, 578 F.3d at 1207.

[13]*Id*. (citations omitted).

4

waiver rights; (5) Novell retained an interest in royalties from SCO's 2003 agreement with Sun Microsystems and other post-APA contracts related to SVRX technology.[14]

In the same way that this Court's August 10, 2007 Memorandum Decision and Order and Plaintiff's brief on appeal did, the Tenth Circuit first addressed the copyright issue. The Tenth Circuit found that summary judgment on the issue of copyright ownership was inappropriate.[15] The Tenth Circuit then went on to state that

> [b]ecause we conclude summary judgment is inappropriate on the question of which party owns the UNIX and UnixWare copyrights, we must likewise reverse the district court's determination that Novell is entitled to summary judgment [on SCO's claim] seeking an order directing Novell to specifically perform its alleged obligations under the APA by executing all documents needed to transfer ownership of the UNIX and UnixWare copyrights to SCO.[16]

The Tenth Circuit concluded as follows:

For the foregoing reasons, we **AFFIRM** the district court's judgment with regards to the royalties due Novell under the 2003 Sun-SCO Agreement, but **REVERSE** the district court's entry of summary judgment on (1) the ownership of the UNIX and UnixWare copyrights; (2) SCO's claim seeking specific performance; (3) the scope of Novell's rights under Section 4.16 of the APA; (4) the application of the covenant of good faith and fair dealing to Novell's rights under Section 4.16 of the APA. On these issues, we **REMAND** for trial.[17]

II. THE PARTIES' ARGUMENTS

With this background in mind, the Court turns to Defendant's Motion. The Court must emphasize the limited application of this Order. Defendant argues that Plaintiff did not appeal and, therefore, the Tenth Circuit did not reverse the judgment on Plaintiff's slander of title claim

---

[14]*Id*. at 1208.

[15]*Id*. at 1219.

[16]*Id*.

[17]*Id*. at 1227.

5

or the copyright ownership portions of its unfair competition and covenant of good faith claims. Plaintiff argues that Defendant's Motion is not a proper motion in limine, incorrectly characterizes the Tenth Circuit's decision, and is inconsistent with Defendant's own statements regarding the Tenth Circuit's decision. Plaintiff also represents that it will not pursue its unfair competition claim as it relates to copyright ownership because there were independent grounds for dismissal of that claim that were not appealed.[18] Further, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is the subject of a separate motion in limine.[19] Thus, this Order relates only to Plaintiff's claim for slander of title.

As indicated, Defendant asserts that the Tenth Circuit remanded the copyright ownership issue for trial in connection with Plaintiff's claim for specific performance and not in connection with any other claim. Defendant argues that under the Tenth Circuit's mandate and this Court's Memorandum Decision and Order Denying Novell's Rule 60(b) Motion for Relief from Final Judgment,[20] Plaintiff should be precluded from presenting any evidence or argument on the slander of title, unfair competition, and good faith claims that were not included in Plaintiff's appeal or the mandate. The Court finds that Plaintiff's slander of title claim, as a claim that was resolved on summary judgment on the sole issue of copyright ownership, was appealed and reversed and is now before this Court for trial.

---

[18] Docket No. 669, at 2 n.2.

[19] Docket No. 631.

[20] Docket No. 620.

## III. DISCUSSION

The current Motion necessitates the Court revisit the mandate rule. The mandate rule is an "important corollary" to the law of the case doctrine.[21] "The mandate rule is a 'discretion-guiding rule' that 'generally requires trial court conformity with the articulated appellate remand,' subject to certain recognized exceptions."[22] The mandate rule "provides that a district court must comply strictly with the mandate rendered by the reviewing court."[23] While "a district court is bound to follow the mandate, and the mandate 'controls all matters within its scope, . . . a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.'"[24] Further, the Court may decide issues that were necessarily implied by the mandate.[25] However, the mandate rule prevents a court from considering an argument that could have been, but was not, made on appeal.[26]

As set forth above, this Court recognized that a number of claims in this case were dependent on the issue of copyright ownership. Because of this, in its August 10, 2007 Memorandum Decision and Order, the Court focused on that issue. Upon finding that Defendant

---

[21] *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001).

[22] *United States v. Hicks*, 146 F.3d 1198, 1200 (10th Cir. 1998) (quoting *United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir. 1996)).

[23] *Huffman*, 262 F.3d at 1132 (quotation marks and citation omitted).

[24] *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003) (quoting *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986)).

[25] *Id*. at 1132.

[26] *See, e.g., United States v. Webb*, 98 F.3d 585, 589 (10th Cir. 1996) (noting that because an issue was not appealed the district court's ruling became final and court did not err in declining to address it on remand).

was the owner of the copyrights, the Court entered summary judgment on a number of claims. The Court's determination on the copyright ownership issue was the *sole* basis for the Court's ruling on some of these claims, including Plaintiff's slander of title claim. Following this Court's lead, on appeal Plaintiff and the Tenth Circuit addressed the key issue of copyright ownership. This Court's decision on that issue was reversed. The Court finds that the decision of the Tenth Circuit necessarily reversed this Court's decision on those claims whose resolution turned on the sole issue of copyright ownership. While both Plaintiff's brief on appeal and the Tenth Circuit's mandate could have been clearer on this issue, the Court can reach no other conclusion.

As indicated, Defendant asserts that the Tenth Circuit remanded the copyright ownership issue for trial in connection with Plaintiff's claim for specific performance and not in connection with any other claim. This argument cannot be supported by the Tenth Circuit's decision. As set forth above, the Tenth Circuit found that summary judgment was inappropriate on the issue of copyright ownership. The court went on to state that

> [b]ecause we conclude summary judgment is inappropriate on the question of which party owns the UNIX and UnixWare copyrights, we must likewise reverse the district court's determination that Novell is entitled to summary judgment [on SCO's claim] seeking an order directing Novell to specifically perform its alleged obligations under the APA by executing all documents needed to transfer ownership of the UNIX and UnixWare copyrights to SCO.[27]

Further, the Tenth Circuit reversed and remanded the district court's entry of summary judgment on (1) the ownership of the UNIX and UnixWare copyrights; and (2) SCO's claim seeking specific performance.[28] Reading the mandate in the way espoused by Defendant would

---

[27] *The SCO Group, Inc.*, 578 F.3d at 1219.

[28] *Id.* at 1227.

8

essentially nullify part of the Tenth Circuit's decision.  The Court cannot accept such a reading.

Defendant also urges this Court to apply the same standard to these claims that it applied in its Memorandum Decision and Order Denying Novell's Rule 60(b) Motion for Relief from Final Judgment.  The Court declines to do so for one simple reason: Plaintiff appealed and prevailed, while Defendant did not.

IV.  CONCLUSION

It is therefore that

ORDERED that Defendant's Motion in Limine No. 1 to Exclude Evidence and Argument Concerning Claims not Included in SCO's Appeal or the Tenth Circuit's Limited Mandate (Docket No. 627) is DENIED.

DATED   February 18, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge