IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, Plaintiff/Counterclaim Defendant, vs. NOVELL, INC., a Delaware corporation, Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 7 TO DETERMINE THAT COMMON LAW PRIVILEGES APPLY TO ALLEGEDLY DEFAMATORY PUBLICATIONS<br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Defendant's Motion in Limine No. 7. In that Motion, Defendant seeks a ruling that: (1) its private correspondence to Plaintiff is not actionable because it is protected by the common law litigation privilege; and (2) its broader publications are not actionable unless Plaintiff can prove that Defendant acted solely out of malice or bad faith because they are the subject to the recipient's and rival claimant's privileges. Defendant's Motion is essentially one for partial summary judgment and, as such, is untimely. Considering the merits of the Motion, it will be denied.

1

I. DISCUSSION

A. ABSOLUTE PRIVILEGE

Defendant argues that its publication of its ownership claim in private pre-litigation correspondence to SCO, responding to SCO's demand letter, is protected by the litigation privilege.

"The general rule is that judges, jurors, witnesses, litigants, and counsel involved in a judicial proceeding have an absolute privilege against suits alleging defamation."[1] The Utah Supreme Court, following the Restatement (Second) of Torts, has set out the litigation privilege as follows:

> A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.[2]

The privilege "exists for the purpose of preserving both the integrity of the judicial proceeding and the associated quest for the ascertainment of truth that lies at its heart."[3]

In order for this privilege to apply, the following elements must be satisfied: (1) the statement must have been made during or in the course of a judicial proceeding; (2) the statement must have some reference to the subject matter of the proceeding; and (3) the statement must have been made by someone acting in the capacity of judge, juror, witness, litigant, or counsel.[4]

---

[1] *Krouse v. Bower*, 20 P.3d 895, 898 (Utah 2001).

[2] *Price v. Armour*, 949 P.2d 1251, 1256 (Utah 1997)(quoting Restatement (Second) of Torts § 587).

[3] *O'Connor v. Burningham*, 165 P.3d 1214, 1222 (Utah 2007).

[4] *Price*, 949 P.2d at 1256.

"The first element requires examination of whether the statement was made *during or in the course of* a judicial proceeding."[5] "The second element requires that the statement have some reference to the subject matter of the proceeding."[6] "The third and final element of the judicial proceeding privilege requires that the party claiming the privilege was acting in the capacity of judge, juror, witness, litigant, or counsel."[7]

The Utah Supreme Court has "indicated that the judicial proceeding privilege may be lost due to excessive publication."[8] "The excessive publication rule, in the context of judicial proceeding privilege cases, is to prevent abuse of the privilege by publication of defamatory statements to persons who have no connection to the judicial proceeding."[9] The issue of whether there has been excessive publication is a question of fact.[10]

The Court finds that the determination as to whether this privilege applies to Defendant's statements and whether it has been lost due to excessive publication are issues for the jury.

B.  CONDITIONAL PRIVILEGES

Defendant argues that its broader communications are protected by two additional conditional privileges: (1) the recipient's privilege; and (2) the rival claimant's privilege.

---

[5] *Id*.

[6] *Id*. at 1257.

[7] *Id*. at 1258.

[8] *Krouse*, 20 P.3d at 900.

[9] *Id*.

[10] *Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 58 (Utah 1991).

Defendant seeks an order that its communications are covered by both privileges. Defendant seeks a ruling that its public disclosures are covered by both privileges.

"Whether a publication is conditionally privileged is a question of law to be determined by the trial court, unless a genuine factual issue exists regarding whether the scope of the qualified privilege has been transcended or the defendant acted with malice."[11] Because there are factual issues concerning whether these privileges apply, whether the scope of these conditional privileges have been transcended, and whether Defendant acted with malice, the Court cannot rule that Defendant's statements are conditionally privileged.

C. EXCESSIVE PUBLICATION

Defendant also requests the Court rule that Plaintiff cannot show excessive publication, leaving malice as the only question for the jury. The Court declines to do so. As indicated, excessive publication is an issue for the jury.

## II. CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine No. 7 to Determine that Common Law Privileges Apply to Allegedly Defamatory Publications (Docket No. 633) is DENIED. Both parties may submit proposed jury instructions on these issues.

DATED February 22, 2010.

BY THE COURT:

TED STEWART
United States District Judge

---

[11] *Id.*