IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, Inc., a Delaware corporation,<br><br>  Plaintiff/Counterclaim Defendant,<br><br><br><br>vs.<br><br><br>NOVELL, INC., a Delaware corporation,<br><br>  Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION IN LIMINE NO. 1 TO PRECLUDE MISLEADING STATEMENTS OR EVIDENCE CONCERNING LANGUAGE IN THE APA REMOVED BY AMENDMENT NO. 2<br><br><br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Plaintiff's Motion in Limine No. 1. In that Motion, Plaintiff seeks to preclude misleading statements concerning language in the Asset Purchase Agreement ("APA") that was changed by Amendment No. 2. For the reasons discussed below, the Court will deny Plaintiff's Motion without prejudice.

The Asset Purchase Agreement ("APA") provides that all copyrights and trademarks, except for the trademarks UNIX and UnixWare, were excluded from the deal between Novell

1

and SCO.[1]  Less then a year later, the parties entered into Amendment No. 2, which amended the excluded assets portion of the APA.  Amendment No. 2 excluded all copyrights and trademarks, except for the copyrights and trademarks owned by Novell as of the date of the APA required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies.[2]

The Tenth Circuit held that "Amendment No. 2 must be considered together with the APA as a unified document."[3]  The court noted that "California law . . . dictates that we construe them together, following Amendment No. 2 wherever the language contradicts the APA."[4]

Plaintiff argues that Defendant should be precluded from making an argument to the jury concerning the excluded asset portion of the APA because that provision was replaced by Amendment No. 2.  While Plaintiff recognizes that it may be necessary to refer to the language of the APA that existed before Amendment No. 2 was adopted, Plaintiff argues that the parties should be clear that this is not the state of the contractual language that is to be considered by the jury.

It will be necessary for the parties to refer to both the APA and Amendment No. 2 to put this dispute into context for the jury.  As Defendant correctly states "[t]his story cannot be told without reference to the language of the APA itself—this includes both the original language of the APA and Amendment No. 2."[5]  Further, Defendant states that it and its witnesses will

---

[1] *The SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1205 (10th Cir. 2009).

[2] *Id*.

[3] *Id*. at 1211.

[4] *Id*.

[5] Docket No. 675 at 2.

acknowledge at trial that the APA has been amended. Based on these consideration, the Court must deny Plaintiff's blanket request as set forth in its Motion. However, Plaintiff is free, during trial, to make any objections it deems necessary on this issue.

It is therefore

ORDERED that Plaintiff's Motion in Limine No. 1 (Docket No. 643) is DENIED WITHOUT PREJUDICE.

DATED   February 22, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge