IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 2 TO PRECLUDE REFERENCE AND EVIDENCE CONCERNING REVERSED RULINGS<br><br><br>Case No. 2:04-CV-139 TS |

    This matter is before the Court on Plaintiff's Motion in Limine No. 2. In that Motion, Plaintiff seeks to preclude reference and evidence to the now-reversed summary judgment rulings regarding copyright ownership and contract waiver rights previously entered in this matter. Plaintiff argues that such evidence is irrelevant and would mislead the jury. Defendant argues that the fact that the Court made such rulings is relevant to its defenses of good faith and probable cause.

    Federal Rule of Evidence 402 provides that only relevant evidence is admissible. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that

1

is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[1]  Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[2]  Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Court agrees that the now-reversed rulings on summary judgment have little, if any, relevance to the issues before the jury.  While Defendant argues that the Court's prior rulings are relevant to support its defense, the real evidence on these issues is that which was presented to the Court on summary judgment not the summary judgment ruling itself.  Further, the Court finds that any relevance is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  The Court finds that Plaintiff would be prejudiced if the jury was informed that this Court once entered judgment against it on those very claims that the jury will be asked to decide.  Further, it is likely that the jury will be confused by such evidence.  Therefore, such evidence will be excluded.

It is therefore

ORDERED that Plaintiff's Motion in Limine No. 2 (Docket No. 645) is GRANTED.

---

[1] Fed.R.Evid. 401.

[2] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed.R.Evid. 401 advisory committee's note).

DATED   February 22, 2010.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge