IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 9 TO PRECLUDE SCO FROM CONTESTING THAT AGREEMENTS THAT POST-DATE THE APA MAY CONSTITUTE SVRX LICENSES<br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Defendant's Motion in Limine No. 9. In that Motion, Defendant seeks to preclude Plaintiff from presenting evidence or argument contesting that agreements post-dating the APA may constitute SVRX licenses. Plaintiff states that it does not intend to dispute at trial that it is possible for an agreement that post-dates that APA to constitute an SVRX license. However, Plaintiff argues that Defendant's Motion should be denied to the extent that Defendant seeks to argue that SCOsource licensing agreements entered into after the APA are SVRX licenses.

1

At the summary judgment stage, Plaintiff had argued that Defendant's interest in SVRX royalties was limited to SVRX licenses in existence at the time of the APA. This Court rejected that argument, finding that there was "no limitation in the APA to 'then-existing' SVRX Licenses."[1] This decision was affirmed by the Tenth Circuit on appeal, which "agree[d] with the district court that agreements that postdate the APA may constitute SVRX Licenses."[2]

Based on these rulings, the determination that agreements that postdate the APA may constitute SVRX Licenses is the law of the case and Plaintiff will be precluded from presenting evidence or arguing otherwise. Turning to the argument raised in Plaintiff's response, which seeks to preclude Defendant from arguing that SCOsource licensing agreements entered after the APA are SVRX licenses, the Court finds that this issue is not properly before it. This would have been an appropriate matter for a motion in limine, but neither party has raised it and the time for doing so has now passed. Therefore, the Court makes no ruling on this issue.

It is therefore

ORDERED that Defendant's Motion in Limine No. 9 (Docket No. 650) is GRANTED.

DATED   February 22, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] Docket No. 377, at 93.

[2] *The SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1277 (10th Cir. 2009).