IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant, | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE STATEMENTS MADE BY MICHAEL ANDERER AS AN INDEPENDENT CONTRACTOR FOR SCO |
| vs. | |
| NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim Plaintiff. | Case No. 2:04-CV-139 TS |

This matter is before the Court on Plaintiff's Motion in Limine No. 5. In that Motion, Plaintiff seeks an order to exclude statements from Michael Anderer. Plaintiff argues that Mr. Anderer worked as an independent contractor, not an agent, therefore his statements are not admissible under Fed.R.Evid. 801(d)(2)(D).[1] Defendant counters that it will not be offering Mr. Anderer's statements to prove the truth of the matter asserted and are, therefore, not hearsay.

---

[1] Fed.R.Evid. 801(d)(2)(D) provides that a statement is not hearsay if it is offered against a party and is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."

1

Defendant argues that Mr. Anderer's statements will be offered to show Darl McBride's state of mind when he contacted Defendant to request transfer of the UNIX copyrights. Defendant does not argue that Mr. Anderer was Plaintiff's agent. For the reasons discussed below, the Court will grant Plaintiff's motion in part and deny it in part.

## I.  DISCUSSION

In 2003, Plaintiff engaged Mr. Anderer as an outside consultant under an Independent Contractor Agreement with his firm S2 Strategic Consulting, LLC. His services were largely limited to acting as a liaison between Plaintiff and Microsoft concerning an SCOsource agreement.

At some point during this time, Mr. Anderer read the APA. Mr. Anderer emailed Darl McBride stating that the agreement "indicates Novell transferred substantially less than what was transferred to USL in the previous agreement."[2] Mr. Anderer noted that the APA excluded "all patents, copyrights and just about everything else."[3] Mr. Anderer stated to Mr. McBride: "We really need to be clear on what we can license. It may be a lot less than we think."[4] Mr. Anderer acknowledged that his position was based on his own reading of the APA and that he did not have access to Amendment No. 2.[5]

Subsequent to Mr. Anderer's email to Mr. McBride, Mr. McBride contacted Defendant seeking to amend the APA to give Plaintiff the copyrights to UNIX.

---

[2]Docket No. 679, Ex. A.

[3]*Id*.

[4]*Id*.

[5]Docket No. 649, Ex. 3 at 86-87, 91-92.

Plaintiff argues that Mr. Anderer was not an agent and, therefore, his statements are not admissible under Fed.R.Evid. 801(d)(2)(D).  Defendant does not dispute this argument and the Court considers it waived.  Therefore, to the extent that Defendant seeks to admit Mr. Anderer's statements as non-hearsay under Fed.R.Evid. 801(d)(2)(D), it will be precluded from doing so.

Defendant argues that the statements are not hearsay as they will not be offered for the truth of the matter asserted.  The Court is unable to rule on this argument outside of trial.  The Court notes that before any such statements can be admitted Defendant will have to show their relevance.  The Court finds that Mr. Anderer's statements concerning his reading and interpretation of the APA, as someone who was not involved in the negotiations or drafting of that document, are of little, if any, relevance as they will not help the trier of fact. With this framework in mind, the Court will determine the admissibility of any such statements at trial.

## II.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion in Limine No. 5 to Exclude Statements Made by Michael Anderer as an Independent Contractor for SCO (Docket No. 649) is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED   February 22, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge
