IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER TAKING UNDER ADVISEMENT PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE REFERENCE TO LITIGATION COMMENTARY<br><br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Plaintiff's Motion in Limine No. 4. In that Motion, Plaintiff seeks to exclude reference to various sources which have been providing publicly available commentary on this and other related litigation. Plaintiff argues that such evidence is irrelevant and unduly prejudicial. Defendant argues that this evidence is relevant to the issue of damages and that any potential prejudice can be prevented by instructing the jury not to investigate any external sources during trial.

Federal Rule of Evidence 402 provides that only relevant evidence is admissible. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that

1

is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[1]  Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[2]  Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Court agrees with Plaintiff's general premise that sources of commentary on this and related SCO litigation has little, if any, relevance to this case.  However, there may be some relevance as it relates to Defendant's argument that Plaintiff's SCOsource initiative failed for reasons other than Defendant's statements concerning copyright ownership.  As to Plaintiff's concern regarding any prejudice from possible jury investigation, the Court will instruct the jury that it is not to do any investigation whatsoever on anything that could relate to this trial.  Because of these considerations, the Court is unable to grant Plaintiff's broad request for exclusion.  Rather, the Court will rule on Plaintiff's objections to specific exhibits as they arise during trial.

It is therefore

ORDERED that Plaintiff's Motion in Limine No. 4 (Docket No. 647) is TAKEN UNDER ADVISEMENT.

---

[1] Fed.R.Evid. 401.

[2] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed.R.Evid. 401 advisory committee's note).

DATED   February 22, 2010.

                                           BY THE COURT:

                                           _____
                                           TED STEWART
                                           United States District Judge