IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>　　　Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>　　　Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTIONS IN LIMINE 12 TO 19<br><br><br><br>Case No. 2:04-CV-139 TS |

　　　This matter is before the Court on Defendant's Motions in Limine 12 to 19. The Court will discuss each Motion below.

I.  BACKGROUND

　　　In its Motions in Limine 12 to 19, Defendant seeks to exclude a number of witness from testifying on the copyright ownership provisions of the APA and Amendment No. 2 because they lack personal knowledge. In particular, Defendant argues that these particular witnesses were not involved in the drafting or negotiating of these documents and, therefore, lack personal knowledge to testify on them. Defendant also argues that testimony interpreting and contradicting the specific unambiguous terms of the APA should be excluded as improper parol evidence.

1

II.  DISCUSSION

To properly consider this issue, the Court must examine the Tenth Circuit's ruling as it relates to extrinsic evidence on these contracts.  As an initial matter, the Tenth Circuit had to determine whether to consider the APA and Amendment 2 separately or together.  After considering the relevant evidence and argument, the court held that "Amendment No. 2 must be considered together with the APA as a unified document."[1]  The court further stated that "to the extent that it is proper for us to read Amendment No. 2 as clarifying the APA, SCO's extrinsic evidence of the business negotiators' intent concerning the transaction ought to be admissible."[2]  The court found that "extrinsic evidence regarding the parties' intent [was] relevant to [its] interpretation of the combined instrument."[3]

Turning to the question of whether summary judgment should have been granted on the ownership issue, Novell had argued "that many of [SCO's] witnesses were involved in the business negotiations, as opposed to the actual drafting of the contract."[4]  The court noted, however, that "because we cannot exclude the possibility that Amendment No. 2 was designed to restore the language of the transaction to the parties' actual intent during the business negotiations over the deal, such testimony is not irrelevant."[5]  The court further noted that "SCO's extrinsic evidence extends not only to the business negotiations proceeding the contract,

---

[1] *The SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1211 (10th Cir. 2009).

[2] *Id*. at 1210-11.

[3] *Id*. at 1211.

[4] *Id*. at 1217.

[5] *Id*.

but also to the parties' understanding of the contract language itself."[6] The Tenth Circuit further held that course of performance "evidence may be used to interpret an ambiguous contractual provision."[7]

Under the Tenth Circuit's ruling, a number of types of testimony are relevant to a determination of the ownership issue, including: (1) testimony from those involved with the actual drafting of the APA and Amendment No. 2; (2) testimony from those involved with the business negotiations preceding the contract; (3) testimony concerning the parties' understanding of the contractual language; and (4) testimony concerning the parties course of performance.

As indicated, Defendant seeks to exclude these witnesses based on a lack of personal knowledge. Fed.R.Evid. 602 provides, in pertinent part:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.

Further, Fed.R.Evid. 701 states that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions . . . is limited to those opinions or inferences which are . . . helpful to . . . the determination of a fact in issue . . . ." Lay testimony offering a legal conclusion is inadmissible because it is not helpful to the trier of fact.[8] Similarly, "evidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible."[9] With this background in mind, the Court turns to Defendant's Motions.

---

[6]*Id*.

[7]*Id*.

[8]*See, e.g., United States v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009) ("We have held repeatedly that lay testimony offering a legal conclusion is inadmissible because it is not helpful to the jury, as required by Rule 701(b).").

[9]*Kostelecky v. NL Acme Tool*, 837 F.2d 828, 829 (8th Cir. 1988).

A.       WILLIAM BRODERICK

Defendant's Motion in Limine No. 12 seeks to exclude certain testimony from William Broderick. At the time the APA was negotiated, Mr. Broderick worked for Novell as a contracts manager and has continued in that capacity with SCO. Mr. Broderick was not involved with the negotiation or drafting of either the APA or Amendment No. 2. Mr. Broderick is of the opinion that the APA transferred the copyrights at issue in this case to Plaintiff's predecessor and that Amendment No. 2 reinforces this understanding. Mr. Broderick's deposition makes clear that his opinion is based on two things: (1) statements made by Novell during company-wide meetings; and (2) his own understanding of those agreements based on his reading of them.

The first basis for his opinion—statements made by Novell during company-wide meetings—are clearly relevant as to the parties' understanding of the contract language. As set out by the Tenth Circuit, this is relevant evidence concerning the issue of copyright ownership. Mr. Broderick was a participant in those company-wide meetings and, thus, has personal knowledge of what was discussed there. Therefore, Mr. Broderick can testify as to those statements, provided they are otherwise admissible. Mr. Broderick can also provide testimony as to the parties' course of performance.

Mr. Broderick's second basis for his opinion—his own opinion of the agreements based on his reading of them—is an issue for the jury to decide. The jury can determine itself how to read the APA and Amendment No. 2 and how those agreements should be reconciled. Mr. Broderick's statements concerning his own understanding, as someone who was not involved with the drafting or the negotiation of either document, is not helpful to the trier of fact as it merely tells the jury the conclusion it should reach and is essentially a legal conclusion. For these reasons, this testimony will be excluded.

Defendant also seeks to exclude parol evidence on the unambiguous terms of the APA. As indicated, the meaning of the APA and the amendments thereto, as they relate to copyright ownership, is in dispute and the Tenth Circuit has held that extrinsic evidence is relevant to the determination of the ownership issue. Therefore, some parol evidence will be relevant and admissible on these issues. That being said, the Court cannot rule on this issue in the abstract and must deny Defendant's blanket request.

B.     LAWRENCE BOUFFARD

Defendant's Motion in Limine No. 13 seeks to exclude certain testimony from Lawrence Bouffard. At the time the APA was negotiated, Mr. Bouffard worked in sales for Novell. Mr. Bouffard was not involved with the negotiation or drafting of the APA, however he was involved with the transition team.

It is the opinion of Mr. Bouffard that Santa Cruz, SCO's predecessor, had purchased Novell's UNIX business "lock, stock and barrel." Mr. Bouffard is of the opinion that it would not make sense for Novell to have sold Santa Cruz the UNIX business, but not the UNIX copyrights. Mr. Bouffard does not clearly state the basis for his opinions, but his opinions seem to be based on his own reading of the APA and his years of experience. To the extent that his opinions are based merely on his own reading of the APA and Amendment No. 2, that evidence will be excluded. Plaintiff has stated that it will not present any testimony from Mr. Bouffard in which he presently reads or interprets the language of the APA or Amendment No. 2. To the extent that Mr. Bouffard has testimony concerning one of the relevant types of evidence set forth above, he will not be excluded.

Defendant also seeks to exclude parol evidence on the unambiguous terms of the APA. For the same reasons discussed above, the Court must deny Defendant's blanket request.

C.    JEAN ACHESON

Defendant's Motion in Limine No. 14 seeks to exclude certain testimony from Jean Acheson. Around the time of the APA, Ms. Acheson was the revenue manager for Novell. Ms. Acheson was not involved in the negotiations or drafting of the APA or Amendment No. 2, but was involved in the transition team and attended transition meetings. Based on these meetings and discussions with others, it was Ms. Acheson's understanding that Novell had sold its UNIX business, including the intellectual property, to SCO, only retaining the right to certain royalties.

Ms. Acheson's understanding of the APA is based on statements made by Novell employees concerning that agreement. This is clearly relevant to the parties' understanding of the contract language. Ms. Acheson attended those meetings where the understanding of the APA was discussed and, thus, has personal knowledge. Therefore, she can testify as to those statements, provided they are otherwise admissible. Ms. Acheson may also testify as to the parties' course of performance. Ms. Acheson, however, does not appear to have any personal knowledge concerning Amendment No. 2 and cannot testify as to that issue.

Defendant also seeks to exclude parol evidence on the unambiguous terms of the APA. For the same reasons discussed above, the Court must deny Defendant's blanket request.

D.    ROBERT FRANKENBERG

Defendant's Motion in Limine No. 15 seeks to exclude certain testimony from Robert Frankenberg. Around the time of the APA, Mr. Frankenberg was the President and CEO of Novell. Mr. Frankenberg's deposition reveals that he has a personal knowledge of the parties' intent and understanding of the APA. Specifically, Mr. Frankenberg testified that the intent of the APA was to sell the whole UNIX business, including the copyrights. As Mr. Frankenberg has personal knowledge of the parties' intent and understanding, his testimony on that issue will

not be excluded on that ground. Further, Mr. Frankenberg may testify as to the parties' course of performance. However, Mr. Frankenberg has no such personal knowledge as it relates to Amendment No. 2. Rather, his testimony on Amendment No. 2 is based on his own reading of that agreement. That testimony is irrelevant, not based on personal knowledge, and will not help the trier of fact. Therefore, that testimony will be excluded.

Defendant also seeks to exclude parol evidence on the unambiguous terms of the APA. For the same reasons discussed above, the Court must deny Defendant's blanket request.

E.    R. DUFF THOMPSON

Defendant's Motion in Limine No. 16 seeks to exclude certain testimony from R. Duff Thompson. At the time the APA was drafted, Mr. Thompson was Senior Vice President of Business Development and Strategic Relations for Novell. Mr. Thompson was the Novell executive responsible for the sale of the UNIX business. Mr. Thompson's deposition reveals that he has a personal knowledge of the intent and understanding of the parties concerning the APA. Specifically, he testified that it was Novell's intent to sell the UNIX business, including the copyrights. This testimony is consistent with his Declaration. Therefore, the Court finds that he has personal knowledge and his testimony on that issue will not be excluded on that ground. However, Mr. Thompson has no such personal knowledge as it relates to Amendment No. 2. His testimony on Amendment No. 2 is irrelevant, not based on personal knowledge, and will not help the trier of fact. Therefore, that testimony must be excluded.

Defendant also seeks to exclude parol evidence on the unambiguous terms of the APA. For the same reasons discussed above, the Court must deny Defendant's blanket request.

F.  TY MATTINGLY

Defendant's Motion in Limine No. 17 seeks to exclude certain testimony from Ty Mattingly. At the time of the APA, Mr. Mattingly was working for R. Duff Thompson and was part of the "deal team." Mr. Mattingly was not involved in the crafting of the APA, but was involved in negotiations of the APA at a "high level." It is Mr. Mattingly's understanding that all of the UNIX business, including the copyrights, were sold to Santa Cruz. This understanding is based on his involvement in the negotiations of the APA at a "high level." Mr. Mattingly's testimony shows personal knowledge of the intent and understanding of the parties concerning the APA. Therefore, his testimony on that issue will not be excluded on that ground. Mr. Mattingly has no personal knowledge, however, concerning Amendment No. 2. Therefore, his testimony on Amendment No. 2 will be excluded.

Defendant also seeks to exclude parol evidence on the unambiguous terms of the APA. For the same reasons discussed above, the Court must deny Defendant's blanket request.

G.  DOUGLAS MICHELS

Defendant's Motion in Limine No. 18 seeks to exclude certain testimony from Douglas Michels. At the time of the APA, Mr. Michels worked for Santa Cruz as its Chief Technology Officer. Mr. Michels was not involved in the drafting of the APA, but was "very involved" with the initiation of the APA, "very involved" in the strategy behind it, "very involved" in the high level structure of the agreement, and involved in supervising those people that were negotiating the details of the agreement.[10] Mr. Michels' understanding of the transaction was that Santa Cruz was buying the UNIX business from Novell. Mr. Michels testified that it was the intent of the

---

[10] Docket No. 644, Ex. A at 9:11-16.

8

parties for Novell to sell the entire UNIX business and for Santa Cruz to buy it. In his Declaration, Mr. Michels states the entire UNIX business, including copyrights, was transferred to Santa Cruz. The Court finds that Mr. Michels' understanding of the APA is based on his personal knowledge and is relevant to the issue of the parties' intent and understanding of the APA. Therefore, it will not be excluded. However, Mr. Michels testified that he had no knowledge of Amendment No. 2. Therefore, testimony on Amendment No. 2 must be excluded because of a lack of personal knowledge.

Defendant also seeks to exclude parol evidence on the unambiguous terms of the APA. For the same reasons discussed above, the Court must deny Defendant's blanket request.

H. EDWARD CHATLOS, BURT LEVINE, AND KIM MADSEN

Defendant's Motion in Limine No. 19 seeks to exclude certain testimony from Edward Chatlos, Burt Levine, and Kim Madsen. Each of these individuals will be discussed below.

*1. Edward Chatlos*

Defendant seeks to preclude testimony from Mr. Chatlos concerning Amendment No. 2. Mr. Chatlos was not involved in the drafting Amendment No. 2 and had left Novell by that time. Mr. Chatlos speculates that Amendment No. 2 addresses the intent of the parties to transfer the copyrights. However, this speculation is not based on personal knowledge and would not help the trier of fact. Therefore, it will be excluded. This ruling does not preclude Mr. Chatlos from testifying concerning the APA.

*2. Burt Levine*

Defendant seeks to preclude testimony from Mr. Levine concerning Amendment No. 2. Mr. Levine was not involved in the negotiations or drafting of Amendment No. 2. However, Mr. Levine testified that Amendment No. 2 confirmed his understanding that the copyrights were

9

transferred to Santa Cruz.  It is unclear what Mr. Levine bases this understanding on, though it appears that it is just upon his reading of Amendment No. 2.  If this is the case, the Court finds that such testimony would not be helpful to the trier of fact and must be excluded.  This ruling does not preclude Mr. Levine from testifying concerning the APA.

    *3.    Kim Madsen*

Defendant seeks to preclude testimony from Ms. Madsen concerning Amendment No. 2.  During her deposition, Ms. Madsen could not recall any specific conversations concerning Amendment No. 2.  However, in her Declaration, she stated that her understanding, from negotiations and discussions, was that Amendment No. 2 was intended to confirm the parties' intent and agreement that Santa Cruz obtained ownership of the UNIX copyrights.  Such testimony is admissible.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine No. 12 to Exclude Certain Testimony from William Broderick for Lack of Personal Knowledge and Violation of Parol Evidence Rule (Docket No. 637) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Defendant's Motion in Limine No. 13 to Exclude Certain Testimony From Lawrence Bouffard for Lack of Personal Knowledge and Violation of Parol Evidence Rule (Docket No. 638) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Defendant's Defendant's Motion in Limine No. 14 to Exclude Certain Testimony from Jean Acheson for Lack of Personal Knowledge and Violation of Parol Evidence Rule (Docket No. 639) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Defendant's Motion in Limine No. 15 to Exclude Certain Testimony from Robert Frankenberg for Lack of Personal Knowledge and Violation of Parol Evidence Rule (Docket No. 640) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Defendant's Motion in Limine No. 16 to Exclude Certain Testimony from R. Duff Thompson for Lack of Personal Knowledge and Violation of Parol Evidence Rule (Docket No. 641) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Defendant's Motion in Limine No. 17 to Exclude Certain Testimony from Ty Mattingly for Lack of Personal Knowledge and Violation of Parol Evidence Rule (Docket No. 642) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Defendant's Motion in Limine No. 18 to Exclude Certain Testimony from Douglas Michels for Lack of Personal Knowledge and Violation of Parol Evidence Rule (Docket No. 644) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Defendant's Motion in Limine No. 19 to Exclude Certain Testimony from Edward Chatlos, Burt Levine, and Kim Madsen for Lack of Personal Knowledge (Docket No. 648) is GRANTED IN PART AND DENIED IN PART.

DATED   February 22, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge