IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br><br><br>vs.<br><br><br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER GRANTING NOVELL'S MOTION IN LIMINE NO. 4 TO PRECLUDE SCO FROM CONTESTING THAT NOVELL HAD AN OBJECTIVELY REASONABLE, GOOD FAITH BASIS FOR ITS STATEMENTS REGARDING COPYRIGHT OWNERSHIP<br><br><br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Defendant's Motion in Limine No. 4. In that Motion, Defendant essentially argues that the law of the case and the mandate rule precludes litigation of the copyright ownership portions of Plaintiff's claims for unfair competition and for breach of the implied duty of good faith and fair dealing. Plaintiff states that it will not pursue its claim for unfair competition as it relates to assertions of copyright ownership because there were independent grounds for dismissal of that claim that were not appealed. Plaintiff argues, however, that the Court's summary judgment ruling on the claim for breach of the implied

1

covenant was predicated on now-reversed rulings and should proceed to trial. Because Plaintiff has conceded the copyright ownership portion of its unfair competition claims, this Order is limited to the copyright ownership portion of its implied covenant of good faith and fair dealing claim.

I. BACKGROUND

As set forth more fully in the Court's Memorandum Decision and Order Denying Defendant's Motion in Limine No. 1,[1] the Court's prior summary judgment ruling on a number of issues was predicated on its finding that Defendant was the owner of the copyrights at issue. That determination has now been reversed.

The Court, however, made other rulings concerning the copyright ownership portions of Plaintiff's implied covenant of good faith and fair dealing claim. The Court stated:

> Even if the court had found that SCO owned the copyrights, Novell would still be entitled to summary judgment on the copyright ownership portions of SCO's claims of unfair competition and breach of the implied covenant of good faith and fair dealing. Novell's assertions that SCO does not own the UNIX and UnixWare copyrights do not state a claim for unfair competition under Utah common law or statutory law, and do not state a claim for breach of the implied covenant of good faith under California law.
> ***
> SCO's breach of contract claim alleges that Novell breached the covenant of good faith and fair dealing under the APA and TLA by numerous acts of bad faith, including making false and misleading statements denying SCO's ownership of the copyrights in UNIX and UnixWare. SCO has cited to no California case holding that the implied duty of good faith and fair dealing prohibits a party to a contract from making statements related to its understanding of the rights that are conferred or not conferred by the contract.
> A breach of the implied covenant requires objectively unreasonable conduct, regardless of the actor's motive. A comment to Section 205 of the Restatement Second of Contracts states that the implied covenants are violated by dishonest conduct such as conjuring up a pretended dispute, asserting an interpretation contrary to one's own understanding, or falsification of facts.

---

[1]Docket No. 674.

2

> Even if this court had ruled in SCO's favor on the copyright ownership issue, there is no evidence to demonstrate that Novell's position was contrary to its own understanding of the contractual language or objectively unreasonable given the history of the dispute between the parties.[2]

Plaintiff did not appeal this alternative ruling, either directly or indirectly, and it was mentioned only in passing by the Tenth Circuit.[3]

## II. DISCUSSION

The mandate rule is an "important corollary" to the law of the case doctrine.[4] "The mandate rule is a 'discretion-guiding rule' that 'generally requires trial court conformity with the articulated appellate remand,' subject to certain recognized exceptions."[5] The mandate rule "provides that a district court must comply strictly with the mandate rendered by the reviewing court."[6] While "a district court is bound to follow the mandate, and the mandate 'controls all matters within its scope, . . . a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.'"[7] Further, the Court may decide issues that

---

[2] Docket No. 377 at 64-65 (quotation marks and citations omitted).

[3] *The SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1207 (10th Cir. 2009).

[4] *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001).

[5] *United States v. Hicks*, 146 F.3d 1198, 1200 (10th Cir. 1998) (quoting *United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir. 1996)).

[6] *Huffman*, 262 F.3d at 1132 (quotation marks and citation omitted).

[7] *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003) (quoting *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986)).

were necessarily implied by the mandate.[8] However, the mandate rule prevents a court from considering an argument that could have been, but was not, made on appeal.[9]

Plaintiff argues that the Court's alternative ruling was premised on the Court's other rulings—that (1) the APA can and should be read independent of Amendment No. 2; (2) extrinsic evidence cannot be considered; and (3) the APA merely gives SCO an implied license—which have now been reversed. Therefore, the Court may revisit them because they are necessarily implied by the mandate. The Court disagrees.

The Court's alternative rulings were not predicated on those now-reversed rulings. Unlike the Court's decision concerning Plaintiff's slander of title claim, which was solely based on the Court's finding that Defendant owned the copyrights, there were alternative, independent bases for the Court's ruling on the copyright ownership portion of Plaintiff's implied covenant of good faith and fair dealing claim. As those alternative rulings were not appealed and, thus, not reversed, the Court is without authority to revisit them on remand. Therefore, the Court will preclude litigation of the copyright ownership portions of Plaintiff's claim for breach of the implied duty of good faith and fair dealing.

---

[8] *Id*. at 1132.

[9] *See, e.g., United States v. Webb*, 98 F.3d 585, 589 (10th Cir. 1996) (noting that because an issue was not appealed the district court's ruling became final and court did not err in declining to address it on remand).

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine No. 4 to Preclude SCO from Contesting that Novell had an Objectively Reasonable, Good Faith Basis for its Statements Regarding Copyright Ownership (Docket No. 631) is GRANTED.

DATED February 23, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge