IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff/Counterclaim Defendant,<br><br><br><br><br>    vs.<br><br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 8 TO PRECLUDE SCO FROM RELYING ON NOVELL'S APPLICATION FOR COPYRIGHT REGISTRATION<br><br><br><br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Defendant's Motion in Limine No. 8.  In that Motion, Defendant argues that its applications for copyright registration cannot support Plaintiff's slander of title claim because they are a privileged exercise of Defendant's First Amendment right to petition the Government.  Plaintiff opposes Defendant's Motion.  For the reasons discussed below, the Court will deny Defendant's Motion.

## I.  BACKGROUND

Defendant filed applications for copyright registration with respect to the copyrights at issue here.  Plaintiff alleges that Defendant slandered its title to those copyrights "by making false oaths of ownership to public officials."[1]

## II.  DISCUSSION

The Court would note, at the outset, that Defendant's Motion is essentially one for partial summary judgment, seeking a ruling that its applications for copyright registration are not actionable.  To the extent that Defendant's Motion seeks such relief, it is untimely.  Turning to the merits of Defendant's Motion, the Court finds that it must be denied.

The First Amendment states: "Congress shall make no law respecting . . . the right of the people . . . to petition the Government for a redress of grievances."[2]  "[T]he right to petition extends to all departments of the Government."[3]

Defendant has not provided, and the Court has not found, a case which holds that an application for copyright registration is conduct protected by the First Amendment right to petition government for the redress of grievances.  Such a ruling would seem to conflict with those cases where the recording of instruments claiming a property interest forms the basis of a slander of title action.[4]  Without authority to support its position, the Court must deny Defendant's Motion.

---

[1] Docket No. 96 at ¶ 91.

[2] U.S. Const. amend I.

[3] *Calif. Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972).

[4] *See Olsen v. Kidman*, 235 P.2d 510, 511 (Utah 1951).

2

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine No. 8 to Preclude SCO from Relying on

Novell's Applications for Copyright Registration (Docket No. 634) is DENIED.

DATED   February 23, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge