IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br><br><br>vs.<br><br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCE TO NOVELL'S MONETARY JUDGMENT AGAINST SCO AND DENYING DEFENDANT'S MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE OF SUBSTANTIAL PERFORMANCE<br><br><br><br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Plaintiff's Motion in Limine No. 3 and Defendant's Motion in Limine No. 11. In Plaintiff's Motion, Plaintiff seeks to exclude reference to Defendant's monetary judgment against Plaintiff. Plaintiff argues that such evidence is irrelevant and unduly prejudicial. In response and in Defendant's Motion in Limine No. 11, Defendant argues that such evidence is relevant because it goes to whether Plaintiff performed its own obligations under the contract it is attempting to enforce against Defendant.

1

II.  DISCUSSION

Federal Rule of Evidence 402 provides that only relevant evidence is admissible. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[1]  Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[2]  Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Defendant argues that evidence of the monetary judgment is relevant to whether Plaintiff substantially performed its obligation under the agreement.  Defendant cites to Cal. Civ. Code § 3392.  That provision states: "Specific performance cannot be enforced in favor of a party who has not fully and fairly performed all the conditions precedent on his part to the obligation of the other party . . . ."  Defendant argues that the monetary judgment establishes that Plaintiff breached the APA by entering into the agreement with Sun Microsystems.  It is difficult to see how Plaintiff's obligation to remit payments under the Sun agreement can be considered a condition precedent to Defendant transferring the UNIX and UnixWare copyrights.  Further, the Court disagrees with Defendant's argument that the Court has already found that Plaintiff did not substantially perform.  Rather, the Court found Plaintiff "liable for breach of fiduciary duty, conversion, and unjust enrichment from its failure to pass through to Novell certain revenues that

---

[1] Fed. R. Evid. 401.

[2] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

it received from its agreement with Sun."[3]  Therefore, the law of the case doctrine is not applicable here.

Based on the above, the Court agrees that the evidence of Defendant's monetary judgment is irrelevant to the issues before the jury.  Further, any relevance is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  The Court finds that Plaintiff would be prejudiced if the jury was informed that a substantial judgment has been entered against it and would likely be confused by such evidence.  Therefore, evidence of the monetary judgment will be excluded.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion in Limine No. 3 to Exclude Reference to Novell's Monetary Judgment Against SCO (Docket No. 646) is GRANTED.  It is further

ORDERED that Defendant's Motion in Limine No. 11 to Exclude Evidence of Substantial Performance (Docket No. 636) is DENIED.

DATED   February 23, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] *The SCO Group, Inc. v. Novell, Inc.*, 578 F.3d at 1226 (10th Cir. 2009).