IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>　　　Plaintiff/Counterclaim Defendant,<br><br><br><br>vs.<br><br><br><br>NOVELL, INC., a Delaware corporation,<br><br>　　　Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S *DAUBERT* MOTION TO DISQUALIFY G. GERVAISE DAVIS III<br><br><br><br><br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Defendant's *Daubert* Motion to Disqualify G. Gervaise Davis III. Defendant seeks to disqualify Mr. Davis from testifying as an expert witness on the grounds that (1) he does not have the qualifications required by Rule 702, and (2) his opinions are inadmissible because they will not assist the trier of fact. For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

The Asset Purchase Agreement ("APA") entered into by Novell and SCO's predecessor provided that all copyrights and trademarks, except for the trademarks UNIX and UnixWare,

were excluded from the deal between Novell and SCO.[1] Less then a year later, the parties entered into Amendment No. 2, which amended the excluded assets portion of the APA. Amendment No. 2 excluded all copyrights and trademarks, except for the copyrights and trademarks owned by Novell as of the date of the APA required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies.[2] The Tenth Circuit held that "Amendment No. 2 must be considered together with the APA as a unified document."[3] The court noted that "California law . . . dictates that we construe them together, following Amendment No. 2 wherever the language contradicts the APA."[4] The ultimate issue of fact for the jury to decide in this matter is which party owns the UNIX copyrights.[5]

Plaintiff has retained Mr. Davis to provide expert testimony in this matter. As set out in his expert report, Mr. Davis is an attorney who has practiced law for nearly 50 years, with an emphasis on intellectual property law. The question that Mr. Davis was asked to address is "whether the copyrights relating to the UNIX operating system would be required for SCO to exercise its various legal rights with respect to the acquisition of UNIX and UnixWare technologies."[6] Mr. Davis is of the opinion "that the UNIX and UnixWare copyrights were and

---

[1]*The SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1205 (10th Cir. 2009).

[2]*Id*.

[3]*Id*. at 1211.

[4]*Id*.

[5]*Id*. at 1219.

[6]Docket No. 660, Ex. A at 5.

are necessary for SCO to operate its software business and to exercise its rights and obligations under the APA with respect to the UNIX and UnixWare technologies."[7]

Mr. Davis reaches this conclusion based on the following analysis: (1) in order to exercise its rights with respect to its acquisition of the UNIX and UnixWare technologies, SCO either would have to own the UNIX and UnixWare copyrights or else have a license to use the copyrighted materials in those technologies; (2) an implied license is not a practical or viable means by which a licensee could operate an entire software business and that, in his experience, he has never come across such a license; (3) if SCO does not have a license, SCO's ownership of the UNIX and UnixWare copyrights is required for SCO to exercise its rights with respect to its acquisition of the UNIX and UnixWare technologies.

## II. DISCUSSION

As indicated, Defendant seeks to disqualify Mr. Davis from testifying as an expert witness on the grounds that (1) he does not have the qualifications required by Rule 702, and (2) his opinions are inadmissible because they will not assist the trier of fact.

Fed.R.Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

---

[7] *Id.* at 9.

The United States Supreme Court has stated that Fed.R.Evid. 702 requires district courts to act as gatekeepers in order to assure that all expert testimony is both reliable and relevant,[8] and has extended that gatekeeping role beyond scientific evidence to all expert testimony.[9] Expert testimony is to be admitted when the Court has determined that "the expert's proposed testimony is [specialized] knowledge, and . . . the evidence 'fits' the current issue and will assist the jury."[10]

Rule 704 provides that, generally, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."[11] "The Federal Rules, however, do not allow the admission of all such opinion evidence. The Rules do not, for example, allow an expert to offer testimony that merely tells the jury what result they should reach . . . ."[22] "Expert testimony of this type is often excluded on the grounds that it states a legal conclusion, usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law."[23] "When an expert merely states an opinion on an ultimate issue without adequately exploring the criteria upon which the opinion is based, the jury is provided with no independent means by which it can reach

---

[8]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)

[9]*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999); *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004).

[10]*Daubert*, 509 U.S. at 592.

[11]Fed.R.Evid. 704(a).

[22]*United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993).

[23]*Id*.

4

its own conclusion or give proper weight to the expert testimony."[24]  Such expert testimony does not assist the jury to understand the evidence or determine a fact in issue.

A.     QUALIFICATIONS

Defendant argues that Mr. Davis has substantial experience representing software companies as a lawyer, but not running them.  Therefore, Defendant argues that he is not qualified to opine regarding what is required to do so.

Mr. Davis' qualifications are comprehensively set out in his report.  Mr. Davis has been a practicing attorney for approximately 50 years.  For over 40 years he practiced in the area of technology and intellectual property.  During that time he devoted approximately 90% of his time representing computer software and hardware companies.  In his practice, Mr. Davis helped clients develop business strategies for protecting, acquiring, selling and licensing software of all types and complexities.  Based on this, Mr. Davis states that he has a detailed, accurate, and useful understanding of the role and critical importance of copyrights to a software business.  Because of his experience, Mr. Davis considers himself an expert in copyright, trade secrets, and trademarks as these issues relate to software, as well as the licensing issues involved with software.

During his career, Mr. Davis has represented many major companies, including: Sun Microsystems, Hewlett Packard, Atari, and Fujitsu.  On behalf of these clients and others, Mr. Davis has written and/or negotiated software licenses with Apple, Microsoft, IBM, Intel, Novell, and others.  Mr. Davis estimates that he has been involved with the negotiating or drafting of approximately 5,000 software license agreements.

---

[24]*Id*. at 188–89.

Mr. Davis is the author of one of the first books on software protection and licensing, which won several awards for excellence. Mr. Davis has written one hundred or more articles for law journals and legal publications. Additionally, Mr. Davis has been an Adjunct Professor at the Monterey School of Law and the Santa Clara University Law School.

The Court finds that, based on this extensive experience, Mr. Davis is more than qualified to testify as to whether the copyrights relating to the UNIX operating system would be required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies. Though it is true that Mr. Davis has never run a software company, the Court finds that Mr. Davis' experience, as set forth above, provides him with adequate knowledge to testify as to the issues he has been asked to opine upon.

B.   OPINIONS

Defendant next argues that Mr. Davis' opinions are inadmissible. Defendant first argues that Mr. Davis should not be permitted to testify as to whether a license existed because the existence of a license is an issue for the Court. Second, Defendant argues that Mr. Davis should not be permitted to testify that the copyrights were required because such opinion circumvents the jury's decision making.

Mr. Davis' opinion on whether or not a license existed is based on his experience and his knowledge of industry practice. Mr. Davis states that he has never seen an implied license in a transaction such as this. Mr. Davis' report provides the explanation for that statement and that explanation is not challenged by Defendant. The Court finds that testimony on this issue is both relevant and helpful to the trier of fact.

Defendant's more substantive argument is that Mr. Davis' testimony will circumvent the decision-making function of the jury by telling it how to decide the case. In support of its

6

argument, Defendant relies heavily on *Sprecht v. Jensen*.[25] *Sprecht* was a civil rights action where the relevant question was whether the defendant's conduct involved a search under the Fourth Amendment and whether the plaintiffs consented to that search.[26] At trial, an attorney was given a hypothetical of all the facts in evidence in that case and was asked if be believed a search took place and whether there was consent.[27] The attorney was allowed to testify "at length" and "concluded there had been no consent given, and illegal searches had occurred."[28]

After exploring the relevant principals, the Tenth Circuit concluded that "the expert in [that] case was improperly allowed to instruct the jury on how it should decide the case."[29]

> The expert's testimony painstakingly developed over an entire day the conclusion that defendants violated plaintiffs' constitutional rights. He told the jury that warrantless searches are unlawful, that defendants committed a warrantless search on plaintiffs' property, and that the only applicable exception to the warrant requirement, search by consent, should not vindicate the defendants because no authorized person voluntarily consented to allow a search of the premises. He also stated that the acts of the private individual could be imputed to the accompanying police officer to constitute sufficient "state action" for a § 1983 claim. By permitting the jury to hear this array of legal conclusions touching upon nearly every element of the plaintiffs' burden of proof under § 1983, the trial court allowed the expert to supplant both the court's duty to set forth the law and the jury's ability to apply this law to the evidence.[30]

---

[25] 853 F.2d 805 (10th Cir. 1988).

[26] *Id.* at 806.

[27] *Id.*

[28] *Id.* at 807.

[29] *Id.* at 808.

[30] *Id.*

The court emphasized:

> The line we draw here is narrow. We do not exclude all testimony regarding legal issues. We recognize that a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms.[31]

The court identified the following types of permissible expert testimony: (1) testimony that a certain weapon had to be registered with the Bureau of Alcohol, Tobacco and Firearms; (2) attorney expert testimony in securities law that a statement in a prospectus was standard language for the issuance of a new security; and (3) testimony regarding whether failure to report receipt of certain funds constituted income tax evasion.[32]

> These cases demonstrate that an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.[33]

Though a close question, the Court finds that Mr. Davis' testimony falls within the range of permissible testimony identified in *Sprecht* and does not impermissibly encroach on either the Court's role to instruct the jury on the law or the jury's role to apply that law to the facts of the case. Plaintiff has clearly stated that Mr. Davis will not opine on the ultimate issue of fact: who is the owner of the UNIX and UnixWare copyrights. Plaintiff also states that Mr. Davis will not tell the jury what the parties intended when they used the word "required" and will not tell the jury the law they must apply in considering whether the copyrights are "required." Further, Mr.

---

[31] *Id*. at 809.

[32] *Id*.

[33] *Id*. at 809-10.

Davis will not opine on the law the jury must apply in deciding whether the parties to the APA intended to acquire the copyrights. Nor would he opine on the governing principles of contract interpretation, the relevance of extrinsic evidence, the relevance of course of performance, or anything of that nature. Rather, Mr. Davis will testify as to whether, in his experience, ownership of the copyrights was necessary for SCO to operate its business. As such, he will not be telling the jury that the law does require ownership. Mr. Davis' testimony is based on his experience and knowledge, which necessarily includes his knowledge of the law. Such testimony is permissible and distinguishes this matter from *Sprecht*.

The Court cautions that Mr. Davis will not be able to testify as to what law is applicable in this case. That is the province of the Court. Further, Mr. Davis may not opine on the ultimate issue of who ultimately owns the copyrights at issue. Such testimony would impinge on the role of the jury. With the understanding that Mr. Davis will testify on the narrow issue as to whether, in his experience, ownership of the UNIX copyrights was necessary for SCO to operate its business, he will be allowed to testify.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's *Daubert* Motion to Disqualify G. Gervaise Davis III (Docket No. 659) is DENIED.

DATED March 2, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

9