IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER ON ALLOCATION OF ISSUES FOR BENCH AND JURY TRIAL<br><br><br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court for a determination of which issues are to be decided by the Court and which are to be decided by the jury. In the Pretrial Order, the parties agreed that Plaintiff's claim for specific performance should be resolved by the Court and that the parties' claims for slander of title should be tried to the jury, but disagreed as to whether Plaintiff's remaining claim for breach of the implied covenant of good faith and fair dealing and Defendant's claim for declaratory judgment should be tried to the Court or the jury.

The parties now agree that:

1. Plaintiff's slander of title claim against Defendant should be tried to the jury;

2. Defendant's slander of title claim against Plaintiff should be tried to the jury;

3. Plaintiff's remaining claim that Defendant breached the implied covenant of good faith and fair dealing should be tried to the Court;

4. The Court should declare Defendant's rights under § 4.16 of the APA;

5. Plaintiff's claim for specific performance should be tried to the Court; and

6. If Defendant's unclean hands defense is tried, it should be tried to the Court.[1]

In addition to the above, Defendant requests an advisory verdict from the jury on the following issues:

1. Whether the APA requires Defendant to transfer the UNIX copyrights to Plaintiff; and

2. Defendant's unclean hands defense.

Plaintiff opposes Defendant's request for an advisory verdict.

Fed.R.Civ.P. 39(c)(1) provides: "In an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury." The decision to use an advisory jury is within the Court's discretion.[2]

Exercising this discretion, the Court will deny Defendant's request for an advisory jury. As articulated by Plaintiff, this trial is already sufficiently complex. It would only become more complex if the jury was asked to decide a number of issues which the parties now agree are for the Court to resolve. The Court declines to place such a burden on the jury. Further, the jury's findings would be merely advisory and the Court would be required to make its own findings of

---

[1] Plaintiff argues that Defendant's affirmative defense of unclean hands should not be tried at all.

[2] *See Wright v. United States*, 80 F.R.D. 478, 479 (D. Mont. 1978).

fact and conclusions of law.[3] The Court finds that the use of an advisory jury in this circumstance would be an inefficient use of both the jury's and the Court's resources. Therefore, the Court will deny Defendant's request for an advisory jury. The Court will decide the issues concerning Defendant's affirmative defense of unclean hands in connection with the jury instructions.

    SO ORDERED.

    DATED   March 5, 2010.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge

---

[3] *See OCI Wyoming, L.P. v. PacifiCorp*, 479 F.3d 1199, 1206 (10th Cir. 2007).