IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF PRIOR FACTUAL FINDINGS<br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Defendant's Request for Judicial Notice of Prior Factual Findings. In that Request, Defendant asks that the Court take judicial notice of certain "factual findings" that were previously made by this Court and affirmed by the Tenth Circuit or not appealed. Defendant requests that the Court present these factual findings to the jury either by way of a jury instruction or by including them on a list of uncontroverted facts to be read at the outset of trial. Plaintiff opposes Defendant's Request. For the reasons discussed below, the Court will deny Defendant's request.

1

I.  BACKGROUND

Defendant requests the Court take judicial notice of the following "factual findings":

1. Agreements that postdate the APA may constitute SVRX Licenses.

2. Although Novell may have initially intended to sell the complete UNIX business, both parties agree that Santa Cruz was either unwilling or unable to commit sufficient financial resources to purchase the entire UNIX business outright.

3. If one were to interpret the contract based initially only on the APA itself—without regard to Amendment No. 2—its language unambiguously excludes the transfer of copyrights.

4. There is no evidence that Novell's public statements regarding copyright ownership were based on anything but its good faith interpretation of the contracts.

5. There is no evidence to demonstrate that Novell's position regarding copyright ownership was contrary to its own understanding of the contractual language or objectively unreasonable given the history of the dispute between the parties.

6. SCO breached its fiduciary duties to Novell by failing to account for and remit the appropriate SVRX Royalty payments to Novell for the SVRX portions of the 2003 Sun Agreement.

7. SCO was not authorized under the APA to amend, in the 2003 Sun Agreement, Sun's 1994 SVRX buyout agreement with Novell, and SCO needed to obtain Novell's approval before entering into the amendment.

Each of these statements are taken from the Tenth Circuit's decision or this Court's prior rulings in this case.

## II. DISCUSSION

Defendant's Request suffers from a number of flaws. First, Defendant brings its Request pursuant to Fed.R.Evid. 201. However, that Rule applies only to "facts." Most of Defendant's "factual findings" are actually legal conclusions. As a result, Rule 201 does not apply to them.

The second flaw with Defendant's request is that many of the "factual findings" apply to matters which are not at issue in this trial. For example, Defendant's "factual finding" No. 1 states that agreements that postdate the APA may constitute SVRX Licenses. What agreements may or may not constitute SVRX Licenses is not an issue in this trial. Additionally, "factual findings" Nos. 4 and 5 were made in relation to the copyright ownership portions of Plaintiff's unfair competition and breach of the implied covenant of good faith and fair dealing claims. Neither claim is at issue in this matter.[1] Thus, these "factual findings" are not relevant to the issues before the Court or the jury and would be misleading and confusing if read to the jury.

Third, the relevance of these findings is substantially outweighed by their prejudicial effect and their potential to confuse and mislead the jury under Fed.R.Evid. 403. For example, Defendant's "factual finding" No. 3 states that if one were to interpret the APA without regard to Amendment No. 2 its language unambiguously excludes the transfer of copyrights. However, the APA and Amendment No. 2 must be construed together, following Amendment No. 2 wherever the language contradicts the APA.[2] Defendant's "factual finding" No. 3 seems to contradict this and would be prejudicial, misleading, and confusing.

---

[1] *See* Docket No. 724.

[2] *The SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1211 (10th Cir. 2009).

3

Finally, the Court finds that the case law cited by Defendant in support of its request is inapposite. Defendant cites a number of cases indicating that the Court can take judicial notice of its own records. The Court agrees. However, Defendant has provided no case where a court merely reads portions of its prior orders or orders on appeal to the jury. This is what Defendant's Request asks of this Court. The Court declines Defendant's invitation to engage in this practice here. Plaintiff correctly states that "[p]ulling sentences out of a lengthy judicial opinion without the surrounding context elevates those snippets above other evidence the jury will hear, guarantees confusion, and creates prejudice."[3]

As was stated by the Court previously, the real evidence in this case is not the summary judgment ruling or the Tenth Circuit's decision, but the evidence used in making those decisions.[4] While Defendant complains that it will have to put on the underlying evidence to prove those facts again at trial, that is the nature of trial. For all of the reasons discussed above, the Court must deny Defendant's Request.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Request for Judicial Notice of Prior Factual Findings (Docket No. 729) is DENIED.

---

[3] Docket No. 758 at 9.

[4] *See* Docket No. 709.

4

DATED   March 5, 2010.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge