IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER LIMITING USE OF DEPOSITION TESTIMONY DURING OPENING STATEMENTS<br><br><br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on a letter sent to the Court by counsel for Plaintiff. In that letter, Plaintiff's counsel indicates that he intends to use videos and other demonstrative evidence in his opening statement. Plaintiff's counsel further indicates that Defendant has objected to the use of deposition testimony (either by video or otherwise) in opening statements. Plaintiff's counsel requests the Court's guidance on this issue prior to trial.

The Court will not permit either party to use portions of video depositions during opening statements. The Court believes that using video depositions during opening statements is akin to permitting a witness to testify during opening statements. The Court will not allow either practice.

1

The Court finds the reasoning in *Hynix Semiconductor Inc. v. Rambus Inc.*,[1] particularly instructive. That court addressed the same issue before this Court. The court noted that, "if unrestricted, a video deposition can be shown once in opening, again during trail (at least once), and in closing in the exact same form."[2] In rejecting the use of video depositions during opening statements, the *Hynix* court held that "[r]epeatedly showing the same few deposition segments seeks to exalt the relevance of those videotaped shreds of evidence over live testimony."[3] The Court agrees with this statement. Accordingly, neither party will be allowed to use video deposition testimony during opening statements.

Reading deposition testimony, however, does not raise the same concerns.[4] Therefore, the parties will be allowed to read portions of deposition testimony during openings.

As the parties have not sought the Court's guidance on the use of other types of demonstrative evidence during opening statements, the Court makes no ruling on them. The Court expects counsel to communicate with each other the demonstrative evidence they intend to use in their opening statements and either party may make appropriate objection to the same prior to opening statements being delivered to the jury.

SO ORDERED.

---

[1] 2008 WL 190990 (N.D. Cal. Jan 21, 2008).

[2] *Id*. at *1.

[3] *Id*.

[4] *See id*.

DATED   March 5, 2010.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge