IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR FURTHER RULING ON MOTION IN LIMINE NO. 4<br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Defendant's Motion for Further Ruling on its Motion in Limine No. 4. In its Motion in Limine No. 4, Defendant sought to preclude Plaintiff from contesting that Defendant had an objectively reasonable, good faith basis for its statements regarding copyright ownership. Defendant's Motion was based on the Court's summary judgment ruling wherein the Court held, in relation to Plaintiff's unfair competition and breach of the implied covenant of good faith and fair dealing claims, that Defendant had an objectively reasonable, good faith basis for its statements regarding copyright ownership. The Court granted Defendant's Motion in Limine No. 4 to the extent that it sought to preclude Plaintiff from pursuing the copyright ownership portion of its breach of the implied covenant of good faith and

fair dealing claims.[1] Defendant's current Motion seeks to clarify that Plaintiff should not be allowed to contest, as to any claim, that Defendant had an objectively reasonable, good faith basis for its statements regarding copyright ownership.

Defendant's Motion is simply an attempt to reargue a position that it has already lost. The Court has already ruled on this issue in denying Defendant's Request for Judicial Notice of Prior Factual Findings.[2] The current Motion essentially asks the Court to reconsider its prior ruling. The Court declines to do so.

Defendant's law of the case argument fairs no better. The cases cited by Defendant in support of its argument address the issue of collateral estoppel.

> Collateral estoppel will bar a claim if four elements are met: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[3]

Here, the first element is not met because the issue previously decided is not identical to the issue in the action in question. As indicated, the ruling upon which Defendant relies dealt with unfair competition and breach of the implied covenant of good faith and fair dealing, it did not concern Plaintiff's slander of title claim. Therefore, Defendant's collateral estoppel claim fails.

---

[1] Plaintiff is no longer pursuing its unfair competition claim.

[2] Docket No. 763.

[3] *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009).

It is therefore

ORDERED that Defendant's Motion for Further Ruling on Motion in Limine No. 4 (Docket No. 775) is DENIED.

DATED   March 8, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge