IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, Plaintiff/Counterclaim Defendant, vs. NOVELL, INC., a Delaware corporation, Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RULE 50(a) MOTION AT THE CLOSE OF PLAINTIFF'S CASE<br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Defendant's Rule 50(a) Motion at the Close of Plaintiff's Case. In that Motion, Defendant requests that the Court find as a matter of law that no reasonable jury could award Plaintiff punitive damages.[1] Because the Court finds that Plaintiff has presented sufficient evidence of punitive damages to allow the issue to go to the jury, Defendant's Motion must be denied.

---

[1] Defendant's Motion pertains only to Plaintiff's claim for punitive damages.

1

## I. RULE 50 STANDARD

Fed. R. Civ. P. 50(a) provides,

(1) If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[2] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court does "not make credibility determinations or weigh the evidence."[3] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[4]

A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[5]

## II. DISCUSSION

To support its claim for punitive damages, Plaintiff must prove, by clear and convincing evidence, that Defendant published a false statement knowing it was false or in reckless disregard

---

[2] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[3] *Id*.

[4] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

[5] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999).

of whether it was true or false, and that Defendant acted with personal malice.[6] Defendant argues that Plaintiff has not produced sufficient evidence on the issue of personal malice.

The following evidence supports a finding of personal malice. First, Defendant issued two of the allegedly slanderous statements on the same date that Plaintiff issued its earnings reports. While there is evidence that this was a mere coincidence, the jury could conclude otherwise and it is not the Court's role in considering a Rule 50 Motion to weigh the evidence.

Second, Jack Messman, the CEO of Novell at the time the allegedly slanderous statements were made, testified that the goal of issuing the press releases was to reach as broad an audience as possible. Drawing all inferences in favor of the non-moving party, as the Court must in considering a Rule 50 Motion, the Court finds that the jury could conclude that such a goal, when combined with the other evidence, exhibited personal malice.

Third, Maureen O'Gara testified that Chris Stone, the Vice Chairman of Novell, told her that the May 28, 2003 press release was timed to coincide with the release of Plaintiff's earnings statement and was intended to damage Plaintiff's stock price. Ms. O'Gara testified that Mr. Stone "chortled" when he made that statement. Defendant argues that Ms. O'Gara's testimony suffers from two fatal flaws: (1) it is uncorroborated; and (2) Ms. O'Gara could not recall the specific words of Mr. Stone. Both of these considerations go to the credibility of Ms. O'Gara and the weight to be given to her testimony. As set forth above, such considerations are inappropriate in a Rule 50 Motion.

---

[6]*See* Jury Instruction No. 38; Model Utah Jury Instruction 10.12.

Finally, the jury could conclude that Defendant's continued statements through 2003 and 2004 were meant to harm Plaintiff's business. There is ample testimony from which the jury could find that Defendant's statements had such an impact.

Defendant's arguments in this Motion essentially ask the Court to determine credibility, weigh the evidence, and draw inferences in favor of it, as the moving party. As set forth above, this is not appropriate in considering a Rule 50 Motion. For all of these reasons, the Court finds that Plaintiff has presented sufficient evidence by which the jury could find personal malice by clear and convincing evidence.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Rule 50(a) Motion at the Close of Plaintiff's Case (Docket No. 829) is DENIED.

DATED   March 25, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge