IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br><br><br> vs. <br><br><br><br> NOVELL, INC., <br><br> Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE TESTIMONY THAT IS INCONSISTENT WITH UNAMBIGUOUS CONTRACT LANGUAGE <br><br><br><br><br><br> Case No. 2:04-CV-139 TS |

This matter is before the Court on Defendant's Motion to Strike Testimony that is Inconsistent with Unambiguous Contract Language. Defendant requests the Court strike and instruct the jury to disregard parol testimony urging interpretations to which the language of the APA is not susceptible. Defendant's Motion will be denied.

Defendant's argument is based on the false premise that the Tenth Circuit ruled that the amended APA is ambiguous in only one respect—the contractual language of Amendment No. 2 concerning the transfer of copyrights—and that testimony concerning other terms not found to be ambiguous should now be stricken.

1

Defendant's argument reads too much, or too little, into the Tenth Circuit's opinion. The Tenth Circuit clearly stated that "we cannot exclude the possibility that Amendment No. 2 was designed to restore the language of the transaction to the parties' actual intent during the business negotiations over the deal . . . ."[1] Therefore, the Tenth Circuit held that testimony concerning the business negotiations over the deal is relevant.[2] The court held that such evidence "may be relevant to resolving ambiguity concerning the content of the original intent."[3] The court further pointed out that "SCO's extrinsic evidence extends not only to the business negotiations preceding the contract, but also to the parties' understanding of the contractual language itself."[4]

Thus, the evidence elicited by Plaintiff concerning the intent of the business negotiators as well as evidence of the parties' understanding of the APA has been held by the Tenth Circuit to be both relevant and admissible in this action. Therefore, testimony of this nature, when discussing particular provisions of the APA, will not be stricken.

It is therefore

ORDERED that Defendant's Motion to Strike Testimony that is Inconsistent with Unambiguous Contract Language (Docket No. 828) is DENIED.

---

[1] *The SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1217 (10th Cir. 2009).

[2] *Id*.

[3] *Id*. at 1210.

[4] *Id*. at 1217.

DATED   March 25, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge