IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RULE 50(a) MOTION AT THE CLOSE OF ALL EVIDENCE<br><br><br><br>Case No. 2:04-CV-139 TS |

This matter is before the Court on Defendant's Rule 50(a) Motion at the Close of all Evidence. For the reasons discussed below, the Motion will be denied.

I. RULE 50 STANDARD

Fed. R. Civ. P. 50(a) provides:

(1) If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

1

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court does "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3]

A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

## II. DISCUSSION

To prevail on its slander of title claim, Plaintiff must show: (1) there was a publication of a statement disparaging its title; (2) the statement was false; (3) the statement was made with constitutional malice; and (4) the statement caused special damages.

Defendant argues that it is entitled to judgment as a matter of law because: (1) Plaintiff has failed to present evidence of constitutional malice; (2) Defendant's statements were not objectively verifiable and were constitutionally protected opinions; (3) Defendant's statements were not reasonably susceptible to a disparaging meaning; (4) Defendant's statements were protected by various privileges; (5) Plaintiff has failed to present evidence that Defendant's statements were false; (6) Plaintiff has failed to present evidence of special damages; and (7) the Tenth Circuit's limited mandate bars Plaintiff's claim.

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.*

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999).

Defendant's Motion asks the Court to make credibility determinations, weigh the evidence, and draw all inferences in light of Defendant. Such considerations are not appropriate in a Rule 50 Motion. Defendant's Motion also essentially requests that the Court revisit a number of its prior rulings. The Court declines to do so.

Turning to the merits of the Motion, the Court finds that Plaintiff has presented sufficient evidence on each of the elements required for its slander of title claim. Therefore, this matter may proceed to the jury and Defendant's Motion will be denied.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Rule 50(a) Motion at the Close of all Evidence (Docket No. 833) is DENIED.

DATED  March 26, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge