IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED.R.CIV.P. 50<br><br>Case No. 2:04-CV-139 TS |

At the close of Defendant's evidence, Plaintiff made an oral Motion For Judgment as a Matter of Law pursuant to Fed.R.Civ.P. 50. The Court took that Motion under advisement and later orally granted that Motion. This Order memorializes that ruling.[1]

---

[1] Plaintiff has also filed a Rule 50(a) Motion at the Close of all Evidence. As a result of this Order, the Court need not address the arguments made in that Motion and that Motion is now moot.

1

## I. RULE 50 STANDARD

Fed. R. Civ. P. 50(a) provides:

(1) If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[2] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court does "not make credibility determinations or weigh the evidence."[3] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[4]

A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[5]

## II. DISCUSSION

"To prove slander of title, a claimant must prove that (1) there was a publication of a slanderous statement disparaging claimant's title, (2) the statement was false, (3) the statement was made with malice, and (4) the statement caused actual or special damages."[6]

---

[2] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[3] *Id.*

[4] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

[5] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999).

[6] *First Sec. Bank of Utah, N.A. v. Banberry Crossing*, 780 P.2d 1253, 1256-57 (Utah 1989).

Plaintiff argues that Defendant has failed to show constitutional malice and has failed to produce evidence of special damages. The Court agrees that Defendant has failed to produce evidence of special damages and will, therefore, grant Plaintiff's Motion.[7]

As stated, a slander of title action requires proof of actual or special damages, presumed or general damages are insufficient.[8]

> The special damage rule requires the plaintiff to establish pecuniary loss that has been realized or liquidated, as in the case of specific lost sales. This means that general, implied or presumed damages of the kind formerly available in cases of personal defamation are not sufficient as a ground for recovery in a disparagement claim.[9]

"Special damages are ordinarily proved in a slander of title action by evidence of a lost sale or the loss of some other pecuniary advantage. Absent a specific monetary loss flowing from a slander affecting the saleability or use of the property, there is no damage."[10] "It is not sufficient to show that the [property's] value has dropped on the market, as this is general damage, not a realized or liquidated loss."[11]

Here, the only evidence Defendant has introduced in support of its claim for special damages are costs that it incurred as a result of its own copyright registration filings. The Court finds that this type of cost is not the type of special damage required by Utah law. As set out above, Utah law narrowly defines special damages. Special damages are usually shown by a lost

---

[7] The Court finds that Defendant has presented sufficient evidence of constitutional malice to survive Plaintiff's Rule 50 Motion.

[8] *Id.* at 1257.

[9] *Id.* (quoting W. Keeton, *Prosser and Keeton on the Law of Torts*, at 971 (5th ed.1984)).

[10] *Bass v. Planned Mgmt. Servs., Inc.*, 761 P.2d 566, 568 (Utah 1988).

[11] *Valley Colour, Inc. v. Beuchert Builders, Inc.*, 944 P.2d 361, 364 (Utah 1997).

sale or the loss of some other economic advantage. The costs associated with the filing of copyright registrations do not fit within this narrow definition. The Court can find no binding authority which would extend Utah's special damages rule to such costs and Defendant has not provided the Court with such authority. As a result, Defendant has failed to present any evidence concerning any special damages that it has suffered as a result of Plaintiff's alleged slanderous statements. Without such evidence, Defendant may not prevail on its slander of title action against Plaintiff. Therefore, the Court will grant Plaintiff's Motion for Judgment as a Matter of Law on Defendant's slander of title claim.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Judgment as a Matter of Law is GRANTED. It is further

ORDERED that Plaintiff's Rule 50(a) Motion at the Close of all Evidence (Docket No. 835) is MOOT.

DATED   March 26, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge